BROOKS M. FOSTER, OSB No. 042873
Email: bfoster@northwestlaw.com
CHENOWETH LAW GROUP, P.C.
510 SW Fifth Avenue, Fifth Floor
Portland, OR  97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

JAMES R. DOLE, OSB No. 892272
Email: jdole@wlrlaw.com
WATKINSON LAIRD RUBENSTEIN, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282

Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust,<br><br>                                        Plaintiff,<br><br>    v.<br><br>MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP,<br><br>                                        Defendants. | Case No. 1:21-CV-00157-CL<br><br><br>**DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

## ANSWER

For their Answer to Plaintiff's Complaint, Defendants MARK WISNOVSKY, MICHAEL WISNOVSKY, and VALLEY VIEW WINERY, INC. (hereinafter, **WISNOVSKY DEFENDANTS**) admit deny and allege as follows:

1.

WISNOVSKY DEFENDANTS admit paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 20, 24, and 28.

2.

As to paragraph 1 of Plaintiff's Complaint, WISNOVSKY DEFENDANTS admit this is a diversity action brought by Joanne Couvrette and that Ann Wisnovsky is 88 years old, suffers from dementia, and is an elderly person as defined by ORS 124.005 *et seq*. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 1.

3.

As to paragraph 2 of Plaintiff's Complaint, WISNOVSKY DEFENDANTS admit that Mark Wisnovsky (**MARK**) and Michael Wisnovsky (**MICHAEL**) are two of Ann Wisnovsky's children. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 2.

4.

As to paragraph 3 of Plaintiff's Complaint, WISNOVSKY DEFENDANTS admit that Defendant Patrick Huycke (**HUYCKE**) represented Ann Wisnovsky as her personal attorney and that at one point in time represented Valley View Winery, Inc. (**VVW**). WISNOVSKY DEFENDANTS deny that HUYCKE represented VVW at any time during which Ann Wisnovsky owned less than a controlling interest in VVW. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 3.

DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY -
AND VALLEY VIEW WINERY'S ANSWER AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

5.

As to paragraph 14 of Plaintiff's Complaint, WISNOVSKY DEFENDANTS admit that Frank Wisnovsky, along with Ann Wisnovsky, purchased land and planted grape vines. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 14.

6.

As to paragraph 19 of Plaintiff's Complaint, WISNOVSKY DEFENDANTS admit that Ann Wisnovsky co-managed the winery, that she graduated from high school and had employment before the birth of her first child, and deny the remainder of the paragraph.

7.

As to paragraph 22 of Plaintiff's Complaint, WISNOVSKY DEFENDANTS admit that Ann Wisnovsky consulted HUYCKE regarding her estate planning but denies that Ann Wisnovsky always intended to treat her children equally.  WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 22.

8.

As to paragraph 23 of Plaintiff's Complaint, WISNOVSKY DEFENDANTS admit that over time Ann Wisnovsky gifted shares of VVW stock to MARK and MICHAEL. WISNOVSKY DEFENDANTS deny that MARK and MICHAEL took over complete management of VVW while Ann Wisnovsky continued to own the controlling interest in the corporation.  WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 23.

///

///

///

9.

As to paragraph 25 of Plaintiff's Complaint, WISNOVSKY DEFENDANTS admit that Mark Wisnovsky lived with Ann Wisnovsky during sporadic periods between September 2014 and June 2015.  WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 25.

10.

As to paragraph 27 of Plaintiff's Complaint, WISNOVSKY DEFENDANTS admit the existence of the "Agreement to Make Payments," the terms of which speak for themselves. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 27.

11.

As to paragraph 36 of Plaintiff's Complaint, the Leases speak for themselves. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 36.

12.

As to paragraph 42, WISNOVSKY DEFENDANTS admit the existence of the June 19, 2019, email, which speaks for itself. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 42.

13.

WISNOVSKY DEFENDANTS make no answer to paragraphs 59, 60, 61, 62, 63, 64, 65, 66, and 67 as they are not directed towards them.

14.

Except as specifically admitted, WISNOVSKY DEFENDANTS deny each and every other allegation in Plaintiff's Complaint.

///

\* \* \* \* \* \* \* \*

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

15.

PLAINTIFF failed to commence this action within the time allowed by statute.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

16.

PLAINTIFF failed to allege ultimate facts sufficient to constitute claims against WISNOVSKY DEFENDANTS.

### THIRD AFFIRMATIVE DEFENSE

### (Liability as the Result of Conduct of Others)

17.

In the event there is any liability in this matter, it is the result of the conduct of others.

\* \* \* \* \* \* \* \*

## COUNTERCLAIMS

### FIRST COUNTERCLAIM

### (Invalidity of Trust Amendments Procured by Undue Influence)

18.

WISNOVSKY DEFENDANTS reallege all of the foregoing paragraphs as if fully set forth.

///

///

DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY - AND VALLEY VIEW WINERY'S ANSWER AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS                    **Page 5 of 15**

19.

While she was generally aware of such matters previously, by 2016 PLAINTIFF had become aware of Ann Wisnovsky's specific decisions with respect to her estate planning and ongoing management and ownership of VVW. Her response was fury and she became determined to overturn the decisions and actions Ann Wisnovsky had made with and through her counsel, HUYCKE.

20.

At least in part, in response to PLAINTIFF's fury, Ann Wisnovsky, aided by her counsel HUYCKE, proposed a Redemption Agreement, whereby MARK and MICHAEL would have the right to purchase the interests of PLAINTIFF and Robert Wisnovsky (**ROBERT**) in Wisnovsky Lands LLC left to them upon Ann Wisnovsky's passing. The Redemption Agreement was executed and remains in full force.

21.

In July 2019 PLAINTIFF caused Ann Wisnovsky to travel to her residence in San Diego, California, ostensibly to visit on a temporary basis. Since then, PLAINTIFF has refused to permit Ann Wisnovsky to return to her home of nearly 50 years, which is adjacent to the VVW winery, and has sequestered her, interfering with Ann Wisnovsky's ability to communicate with family and friends. PLAINTIFF has prevented Ann Wisnovsky's ability to return to her home at the winery property by leasing Ann Wisnovsky's residence for the purpose of the production of marijuana.

22.

Prior to 2019, the Ann Wisnovsky Trust provided that upon Ann Wisnovsky's death or incapacity, George Wisnovsky, Ann's brother-in-law, would serve as successor trustee and that

MARK and MICHAEL would receive substantial distributions. On information and belief, without the benefit of independent professional advice and in secrecy, PLAINTIFF personally drafted and caused Ann Wisnovsky to execute the Fourth Amendment to the Ann Wisnovsky Trust, which purports to provide that PLAINTIFF would be "restored" as co-trustee of the trust, inasmuch as the Third Amendment had removed her authority. The Fourth Amendment further purports to alter the prior, dispositive terms of the trust to subsequently reduce or eliminate the interests of MARK and MICHAEL in the Trust and in her estate upon Ann Wisnovsky's passing. The Fourth Amendment is, therefore, the result of undue influence and was procured in violation of ORS 124.005 *et. seq.* and is, accordingly, invalid. On information and belief, PLAINTIFF caused attorney Gary Turner to prepare, purportedly on Ann Wisnovsky's behalf, a Fifth Amendment to the Trust, providing that any decision binding the Trust would be valid only upon the mutual consent of Ann Wisnovsky and PLAINTIFF. The Fifth Amendment and any subsequent amendments are, likewise, invalid because PLAINTIFF lacked authority and procured execution of any such purported instruments illegally. Accordingly, PLAINTIFF lacks authority to act as successor trustee or as the lawful representative of Wisnovsky Lands, LLC (**WL**) and lacks authority to bring this action.

## SECOND COUNTERCLAIM

### (Breach of Leases)

### 23.

WISNOVSKY DEFENDANTS reallege all of the foregoing paragraphs as if fully set forth.

### 24.

MARK and MICHAEL have materially participated in the Wisnovsky family farming and winery businesses since 1987, running it with their mother until her retirement in 2015. Today,

VVW remains in the business of, among other things, producing wine and growing fruit and other crops.   MARK and MICHAEL own all of the issued and outstanding shares of VVW.

25.

MARK and MICHAEL operate and are the controlling members of Third Generation Farms, LLC (**Third Generation**), which is in the business of growing and processing non-THC industrial hemp and other crops, and subleases land from VVW, as described below.

26.

The Vineyard Lease authorizes VVW to grow crops including industrial hemp, wine grapes, and other agricultural commodities for a certain price per acre depending on the crop. From May 2017 through February 1, 2020, VVW paid $1,000 per acre to grow industrial hemp. Rent was paid as well for the vineyard lands, other cropland, and as required by the Winery Lease. Pursuant to written instruction from Ann Wisnovsky, any Lease rent payments due could be offset, in part, by VVW paying the personal living expenses of Ann Wisnovsky.  Acknowledging that the Lease permitted such activities, in February 2020 PLAINTIFF advised that the correct Lease payment per acre for industrial hemp was $83.33.

27.

In August 2019 purporting to act on behalf of WL, PLAINTIFF advised MARK and MICHAEL that VVW owed rent for 35 acres of land farmed to industrial hemp.  VVW had paid rent for 24.3 acres of industrial hemp planted in June 2019, under a well-established methodology whereby VVW would pay only for that land where hemp was cultivated.  PLAINTIFF, on the other hand, calculated that VVW owed rent for 35 acres after ROBERT conducted a visual inspection of the land.  While VVW disputes that it owes rent for 35 acres, on or about February 20, 2020, it advised PLAINTIFF that the payments actually made for rent at $100 per acre for

industrial hemp grown since the 2017 crop on the leased property as well as the lease payments made by paying Ann Wisnovsky's personal expenses since 2016 have exceeded the rents for both leases by $71,589.88, and demanded a refund of the overpayment in that amount. As of the date of this filing, PLAINTIFF has failed and refused to refund the overpayment amount. Pursuant to the Lease, VVW began charging WL interest on the overpayment at the Lease rate of 12 percent per annum, beginning May 1, 2020, until paid.

28.

In early 2019 Third Generation and VVW prepared land for construction of a prefabricated building for the purpose of processing and storing grapes, cases of bottles and wine, storing wine, vineyard, and other agricultural equipment, and drying and processing hemp flower (the **PreFab Building**). As member and manager of WL, Ann Wisnovsky expressly authorized WISNOVSKY DEFENDANTS to construct the PreFab Building in June 2019 as well as several times verbally as early as 2017, when the need for the building was made clear. In reliance on that authorization, WISNOVSKY DEFENDANTS purchased the PreFab Building kit for approximately $55,000 and had it delivered to the building site. Third Generation and VVW were on schedule to dry and process hemp in 2019 and subsequent harvests in the PreFab Building.

29.

Despite the express grant of permission for WISNOVSKY DEFENDANTS to construct the PreFab Building, PLAINTIFF directed attorney Dick Thierolf in July 2019 to instruct the Jackson County, Oregon, Planning Department to refrain from issuing an agricultural building exemption to Defendants, which Jackson County requires for construction of a building of the same type and use as the PreFab Building. As a direct result of PLAINTIFF's actions, Third

Generation and VVW were unable to use the PreFab building, which has already been paid for, delivered, and remains in parts, unassembled, on the leased premises.

30.

PLAINTIFF has contended that WISNOVSKY DEFENDANTS do not have the right to occupy the Lease acreage where the PreFab Building will be constructed.  In particular, PLAINTIFF contends that the acreage where the PreFab Building will be constructed is excluded from the leased acreage described in Exhibit A to the Lease because it is on land that is one of "THE TWO PARCELS THAT HAVE BEEN OR MAY BE CREATED UNDER OREGON MEASURE 37 (ORS 197.352)" (the **Disputed Lease Acreage**), which PLAINTIFF contends is excluded from the leased premises, as defined by Exhibit A to the Lease.  This is despite the fact that the Disputed Lease Acreage is located within the land described in Exhibit A.

31.

PLAINTIFF's argument that the Disputed Lease Acreage is excluded from the leased acreage fails for several reasons.  Chief among them is the fact that WISNOVSKY DEFENDANTS have used and occupied the Disputed Lease Acreage along with the remainder of the leased premises since the Lease's inception in 2016.  PLAINTIFF's contention that the Disputed Lease Acreage is outside the acreage leased was not raised until March 26, 2020.  Second, PLAINTIFF categorically and expressly waived the right to dispute that the Disputed Lease Acreage is not subject to the Lease when on February 9, 2020, in a writing transmitted through counsel, she asserted that rent was due for all 35 acres described by Exhibit A, which necessarily includes the Disputed Lease Acreage area.  This assertion to the right to receive rents for the Disputed Lease Acreage was also made by PLAINTIFF in an email to previous VVW counsel, Dominic Campanella and Mark Weaver in August 2019.  Finally, PLAINTIFF's argument fails

because the Lease was executed in 2016, long after Measure 37 had been repealed.  No parcels within the Disputed Lease Acreage were created pursuant to Measure 37 prior to execution of the Lease, and none were created after, so the exclusion language regarding parcels that were created pursuant to Measure 37, or would be created pursuant to Measure 37, constitutes mere surplusage.

32.

As a direct result of PLAINTIFF's actions, which frustrated their efforts to erect the PreFab Building, the WISNOVSKY DEFENDANTS were forced to dry and process some of its 2019 hemp harvest at several third-party and temporary on-site facilities, at a cost of $170,000, or an amount to be proven with greater specificity at trial.  WISNOVSKY DEFENDANTS' damages are ongoing.  In addition to the damages described above, due to a lack of drying space in 2019, and inadequate drying quality by the remaining third-party facilities, hemp flower had to be purchased to fulfill existing contracts, resulting in consequential damages in the amount of $80,000, to be determined with greater specificity at trial.  If unable to erect the PreFab building, WISNOVSKY DEFENDANTS will also suffer damages in the amount of the wasted cost of its purchase price of $55,000 as well as additional costs to dry, process, and store the 2020 harvest.

**THIRD COUNTERCLAIM**

**(Breach of Lease)**

33.

WISNOVSKY DEFENDANTS reallege and incorporate paragraphs 1 through 32 by reference as though fully set forth.

34.

VVW has overpaid rent in the amount of $71,589.88.  Part of the overpayment was made in error and prior to PLAINTIFF clarifying the per/acre lease rate in February 2020.  The remaining

DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY - AND VALLEY VIEW WINERY'S ANSWER AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

overpayment of rent resulted from credit received from VVW's payment of Ann Wisnovsky's personal living expenses pursuant to the arrangement described in paragraph 27 above. Despite demand, PLAINTIFF has not returned the overpaid amount. VVW is entitled to a judgment against PLAINTIFF in that amount, along with interest at the Lease rate of 12 percent per annum from May 1, 2020, until paid.

35.

VVW has performed all of its obligations pursuant to the Lease, except as excused by PLAINTIFF's breach. Neither the Lease nor the sub-lease to Third Generation are in default.

36.

Pursuant to paragraph 16.2 of the Vineyard Lease, the WISNOVSKY DEFENDANTS are entitled to their reasonable costs, disbursements, and attorney fees.

## FOURTH COUNTERCLAIM

### (Breach of Lease)

37.

WISNOVSKY DEFENDANTS reallege and incorporate paragraphs 1 through 36 by reference as though fully set forth.

38.

VVW subleases the Leased premises to Third Generation, receiving the economic benefits and bearing the obligations in connection therewith. PLAINTIFF has breached the Lease and the Third Generation sublease by interfering with its right to construct the PreFab Building, all to the WISNOVSKY DEFENDANTS' economic damage in the amount of $55,000, and consequential damage in the amount of $170,000 for the cost of third-party drying services and related transport,

and $80,000 for the cost to purchase additional hemp flower as alleged herein, to be proven with greater specificity with trial.

39.

Pursuant to paragraph 16.2 of the Vineyard Lease, the WISNOVSKY DEFENDANTS are entitled to their reasonable costs, disbursements, and attorney fees.

<strong>FIFTH COUNTERCLAIM</strong>

<strong>(Declaratory Relief)</strong>

40.

WISNOVSKY DEFENDANTS reallege and incorporate paragraphs 1 through 39 by reference as though fully set forth.

41.

A controversy exists with respect to the scope of the leased acreage.  WISNOVSKY DEFENDANTS are entitled to a judgment declaring that all acreage described in Exhibit A to the Lease is included in the Lease and judgment declaring their right to construct and use the PreFab Building.  Pursuant to paragraph 16.2 of the Vineyard Lease, WISNOVSKY DEFENDANTS are entitled to their reasonable costs, disbursements, and attorney fees incurred in obtaining declaratory relief.

* * * * * * * * *

WHEREFORE, WISNOVSKY DEFENDANTS pray for judgment as follows:

A.     Dismissing Plaintiff's Complaint with prejudice;

B.     On their FIRST COUNTERCLAIM, WISNOVSKY DEFENDANTS are entitled to a judgment declaration the Fourth Amendment to the Ann Wisnovsky Trust is invalid, along with all subsequent amendments to the Trust.

C.    On their SECOND COUNTERCLAIM, WISNOVSKY DEFENDANTS are entitled to a judgment and money award against PLAINTIFF personally and in her capacity as purported Trustee of the Ann Wisnovsky Trust as follows:

    a.    In the amount of $71,589.88 in economic damages for overpaid rent, plus interest at the Lease rate of 12 percent per annum on that amount from May 1, 2020, until the date of entry of judgment;

    b.    For their reasonable costs, disbursements, and attorney fees incurred in enforcing the Lease, pursuant to paragraph 16.2 of the Lease;

D.    On their THIRD COUNTERCLAIM, WISNOVSKY DEFENDANTS are entitled to a judgment and money award against PLAINTIFF personally and in her capacity as purported Trustee of the Ann Wisnovsky Trust as follows:

    a.    In the amount of $55,000 in economic damages for the cost of PreFab Building;

    b.    In the amount of $170,000 in consequential damages for the cost of curing and processing the 2019 hemp harvest at alternative on-site and third-party facilities, plus an additional $80,000 in consequential damage resulting from the need to purchase hemp flower to fulfill existing contracts, all to be determined with greater specificity at trial;

    c.    For their reasonable costs, disbursements, and attorney fees incurred in enforcing the Lease, pursuant to paragraph 16.2 of the Vineyard Lease;

E.    On their FOURTH COUNTERCLAIM, WISNOVSKY DEFENDANTS are entitled to a judgment declaring that the real property that is subject to the Lease is all that property contained in the legal description attached to the Lease as Exhibit

A along with their reasonable costs, disbursements, and attorney fees incurred in enforcing the Lease, pursuant to paragraph 16.2 of the Lease.

F.    On their FIFTH COUNTERCLAIM, WISNOVSKY DEFENDANTS are entitled to a judgment:

    a.    Declaring that all acreage described in Exhibit A to the Lease is included in the Lease and judgment declaring their right to construct and use the PreFab Building; and

    b.    A money award as to their reasonable costs, disbursements, and attorney fees incurred in obtaining declaratory relief, pursuant to paragraph 16.2 of the Vineyard Lease.

G.    WISNOVSKY DEFENDANTS are entitled to post-judgment interest on any amounts awarded pursuant to the first and second claims for relief at the Lease rate of 12 percent per annum from the date of entry of judgment until paid;

H.    WISNOVSKY DEFENDANTS are entitled to interest on any costs, disbursements, and attorney fees awarded at the statutory rate of 9 percent per annum from the date of entry until paid; and

I.    Such other relief as is just.

DATED: April 13, 2021.

WATKINSON LAIRD RUBENSTEIN, P.C.


By: /s/ James R. Dole
    James R. Dole, OSB No. 892272
    541-484-2277
    Of Attorneys for Defendants
    Mark A. Wisnovsky, Michael J. Wisnovsky
    and Valley View Winery, Inc.