**Bonnie Richardson, OSB No. 983331**
Email: bonnie@richardsonwright.com
**Zachariah Allen, OSB No. 122729**
Email: zach@richardsonwright.com
Richardson Wright LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | | |
|---|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust, | ) ) ) | Case No. 1:21−cv−00157−CL |
| Plaintiff, | ) ) ) | PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' MARK A. |
| vs. | ) ) | WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW |
| MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP, | ) ) ) ) ) ) ) ) | WINERY'S COUNTERCLAIMS |
| Defendants. | ) | |

For her answer to Mark A. Wisnovsky, Michael J. Wisnovsky, and Valley View Winery's ("Defendants") Counterclaims, plaintiff Joanne Couvrette ("Plaintiff") admits and denies as follows:

///

///

///

///

Page 1 – PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

## COUNTERCLAIMS

## FIRST COUNTERCLAIM

## (Invalidity of Trust Amendments Procured by Undue Influence)

1.

Plaintiff admits she was aware of Ann Wisnovsky's estate plan to split her estate evenly between her children. Plaintiff denies the remaining allegations in paragraph 19.

2.

Plaintiff admits that Ann Wisnovsky executed a Redemption Agreement, but denies that the Agreement remains in effect. To the extent that paragraph 20 characterizes the terms of the Redemption Agreement, the contract speaks for itself and therefore no response is required. Plaintiff denies the remaining allegations in paragraph 20.

3.

Plaintiff admits that Ann Wisnovsky traveled to San Diego, California in July 2019 and has remained in California since that time. Plaintiff denies the remaining allegations in paragraph 21.

4.

In response to the first sentence of paragraph 22, the Ann Wisnovsky Trust document speaks for itself, and therefore no response is required. Plaintiff denies the remaining allegations in paragraph 22.

## SECOND COUNTERCLAIM

## (Breach of Leases)

5.

Paragraph 23 re-alleges paragraphs 1 through 26 of Defendants' answer, affirmative defenses, and counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–4, above, Plaintiff

Page 2 – PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

denies those allegations.

6.

Plaintiff admits that Mark and Michael Wisnovsky have participated in the winery business and that Valley View Winery remains in the business of producing wine and growing fruit. Plaintiff lacks sufficient knowledge and information to form a belief about the allegation that Mark and Michael Wisnovsky own all of the issued and outstanding shares of Valley View Winery, and therefore denies that allegation.  To the extent not specifically admitted here, Plaintiff denies the allegations of paragraph 24.

7.

Plaintiff lacks sufficient knowledge and information to admit or deny the allegations of paragraph 25, and therefore denies those allegations.

8.

To the extent that paragraph 26 characterizes the terms of the Vineyard Lease (the "Lease"), the contract speaks for itself and therefore no response is required. Plaintiff admits that she communicated, through counsel, with Defendants in February 2020 concerning outstanding rental payments. Except to the extent here specifically admitted, Plaintiff denies the remaining allegations in paragraph 26.

9.

Plaintiff admits that she communicated with Mark and Michael in August 2019 regarding unpaid rent. Plaintiff further admits that Mark and Michael demanded repayment of $71,589.88 on or around February 20, 2020 and that no payment has been made in response to this demand. Except to the extent here specifically admitted, Plaintiff denies the remaining allegations of paragraph 27.

10.

In response to paragraph 28, Plaintiff lacks sufficient knowledge to admit or deny the allegations and therefore denies the same.

Page 3 – PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

11.

Plaintiff denies paragraph 29, except that Plaintiff does not respond to allegations about her privileged and confidential attorney-client communications.

12.

Plaintiff denies the allegations in paragraph 30.

13.

Plaintiff denies the allegations in paragraph 31.

14.

Plaintiff denies that Defendants have been, or will be, damaged by any of her actions. Plaintiff lacks information or knowledge sufficient to form a belief about the remaining allegations of paragraph 32 and therefore denies those allegations.

## THIRD COUNTERCLAIM

### (Breach of Lease)

15.

Paragraph 33 re-alleges paragraphs 1 through 32 of Defendants' answer, affirmative defenses, and counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–14, above, Plaintiff denies those allegations.

16.

Plaintiff admits that no payment has been made to Defendants in response to their demand for $71,589.88. Plaintiff denies all remaining allegations in paragraph 34.

17.

Plaintiff denies the allegations of paragraphs 35–36.

///

///

Page 4 – PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

## FOURTH COUNTERCLAIM

### (Breach of Lease)

18.

Paragraph 37 re-alleges paragraphs 1 through 36 of Defendants' answer, affirmative defenses, and counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied, beyond what is provided in paragraphs 1–16, above, Plaintiff denies those allegations.

19.

Plaintiff lacks sufficient knowledge and information to admit or deny whether Valley View Winery subleases the Leased premises to Third Generation, receiving the economic benefits and bearing the obligations in connection therewith, and therefore denies the same. Plaintiff denies the remaining allegations in paragraph 38.

20.

To the extent that paragraph 39 characterizes the terms of the Vineyard Lease, the contract speaks for itself and therefore no response is required. Plaintiff denies the remaining allegations in paragraph 39.

## FIFTH COUNTERCLAIM

### (Declaratory Relief)

21.

Paragraph 40 re-alleges paragraphs 1 through 39 of Defendants' answer, affirmative defenses, and counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–19, above, Plaintiff denies those allegations.

22.

Plaintiff denies paragraph 41.

Page 5 – PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

## AFFIRMATIVE DEFENSES

23.

Without waiving the foregoing or assuming the burden of proof with respect to its affirmative defenses, Plaintiff alleges the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

24.

### (Failure to State A Claim)

Defendants' allegations fail to state a claim upon which relief can be granted.

25.

### (Failure to Mitigate)

Defendants failed to mitigate their damages, if any, including by refusing reasonable settlement opportunities.

26.

### (Lack of Acceptance)

Defendants' damages, if any, result from an unenforceable contract because Ann Wisnovsky did not accept modifications to the Lease, including the amendment that allegedly permits Defendants to offset Lease rental payments by paying her personal living expenses.

27.

### (Lack of Consideration)

Defendants' damages, if any, result from an unenforceable contract because the contract lacked consideration.

28.

### (Statute of Frauds)

Defendants' damages, if any, result from an unenforceable contract under the Statue of Frauds.

///

Page 6 – PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

29.

**(Waiver)**

Defendants have waived their right to pursue damages resulting from the alleged miscalculation of rental payments.

Having fully answered Defendants' counterclaims, and with respect to those counterclaims, Plaintiff prays for judgment in Plaintiff's favor on all such counterclaims, including attorney fees pursuant to Section 16.2 of the Lease, costs and disbursements incurred herein, and any and all other relief as the Court may deem just and proper.

DATED this 4th day of May, 2021.

RICHARDSON WRIGHT LLP

By: _s/ Zachariah Allen_
Bonnie M. Richardson, OSB No. 983331
bonnie@richardsonwright.com
Zachariah H. Allen, OSB No. 122729
zach@richardsonwright.com
Attorneys for Plaintiffs

Trial Attorney:  Bonnie Richardson

Page 7 – PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2021, I caused to be served a copy of the foregoing PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY'S COUNTERCLAIMS on the following person in the manner indicated below at the following address:

Bernard S. Moore
Frohnmayer Deatherage
2592 E. Barnett Rd.
Medford, OR 97504
moore@fdfirm.com
    *Attorney for Defendant Patrick Huycke*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St Ste B
Grants Pass OR  97526
jdole@wlrlaw.com
    *Attorney for Defendants Michael*
    *Wisnovsky and Mark Wisnovsky*

Gregory Lusby
Arnold Gallagher PC
800 Willamette St Ste 800
PO Box 1758
Eugene OR  97440
glusby@arnoldgallagher.com
    *Attorney Defendant Jarvis, Dreyer,*
    *Glatte & Larsen, LLP*

Brooks Foster
Bradley Crittenden
Chenoweth Law Group PC
510 SW 5th Avenue, 4th Floor
Portland, OR 97204
bfoster@chenowethlaw.com
bcrittenden@chenowethlaw.com
    *Attorney for Defendants Michael*
    *Wisnovsky and Mark Wisnovsky*

☒ by **CM/ECF**

☒ by **Electronic Mail**

☐ by **US Postal Service**

☐ by **Hand Delivery**

☐ by **Overnight Delivery**

By  *s/ Zachariah Allen*
Zachariah H. Allen, OSB No. 122729
zach@richardsonwright.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**