**Bonnie Richardson, OSB No. 983331**
Email: bonnie@richardsonwang.com
**Elizabeth Graves, OSB No. 193644**
Email: elizabeth@richardsonwang.com
Richardson Wang LLP
805 SW Broadway, Suite 470
Portland, Or 97205
Telephone: (503) 546-4637
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC, ) ) ) | Case No. 1:21-cv-00157-CL |
| ) | FIRST AMENDED COMPLAINT |
| Plaintiff, ) ) ) | (For Statutory Elder Abuse, Declaratory Relief, Unjust Enrichment, Professional Negligence, Breach of Fiduciary Duty,) |
| vs. ) ) | |
| MARK A. WISNOVSKY, an individual; ) MICHAEL J. WISNOVSKY, an individual; ) PATRICK HUYCKE, an individual; VALLEY ) VIEW WINERY, INC., an Oregon corporation; ) JARVIS, DREYER, GLATTE & LARSEN, ) LLP, an Oregon partnership, fka Huycke ) O'Connor Jarvis, LLP, ) ) | JURY TRIAL REQUESTED |
| Defendants. | |

COME NOW the plaintiffs, Joanne Couvrette, as trustee of the Ann M. Wisnovsky Trust,

and Wisnovsky Land, LLC, for their Complaint against defendants, alleging as follows:

**INTRODUCTION**

1.     This is a diversity action brought by Joanne Couvrette ("Couvrette"), as trustee of

the Ann M. Wisnovsky Trust (the "Trust") and on behalf of her mother, Ann M. Wisnovsky, and

Page 1 - COMPLAINT

Exhibit 1
Page 1 of 14

Wisnovsky Land, LLC.  Ann Wisnovsky ("Ann") is an incapacitated 89 year-old woman who suffers from dementia and is an elderly and vulnerable person pursuant to Oregon's Elderly Person and Persons with Disabilities Abuse Prevention Act, ORS 124.005 *et seq.*

2.      Defendants Mark and Michael Wisnovsky ("Mark" and "Michael"), Ann's sons, took advantage of Ann's vulnerability by duping her into unconscionable leases and contracts, in which Mark and Michael received enormous benefits to Ann's detriment.

3.      Defendant Patrick Huycke was supposed to represent Ann as her personal attorney, yet, at the same time, Huycke also served as attorney for Defendant Valley View Winery, Inc. ("Valley View"), a corporation controlled and purportedly owned by Mark and Michael.  Huycke had split loyalties and failed to protect and adequately inform his other client Ann, to whom he owed a duty of loyalty and care.

4.      Mark, Michael, and Huycke's concerted actions deprived Ann of her main source of income to fund care for herself into the future.

## PARTIES

5.      Plaintiff Joanne Couvrette is trustee for the Ann M. Wisnovsky Trust and has power of attorney for her mother, Ann Wisnovsky.  Joanne Couvrette and Ann Wisnovsky are individuals who are domiciled in the State of California.

6.      Plaintiff Wisnovsky Land, LLC is a limited liability company, organized under the law of the State of Oregon, whose sole member is Joanne Couvrette, as trustee of the Ann M. Wisnovsky Trust. Wisnovsky Land, LLC is a citizen of the State of California.

7.      Defendant Mark A. Wisnovsky is an individual who is domiciled in the State of Oregon and resides in Jackson County, Oregon.

8.      Defendant Michael J. Wisnovsky is an individual who is domiciled in the State of Oregon and resides in Jackson County, Oregon.

9.      Defendant Valley View Winery Inc. is incorporated under the laws of the State of Oregon with a principal place of business in Jackson County, Oregon.

Page 2 - COMPLAINT

RICHARDSON WANG LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4638

Exhibit 1
Page 2 of 14

10.    Defendant Patrick Huycke is an individual who is domiciled in the State of Oregon and resides in Jackson County, Oregon.  At all material times, Huycke was engaged in the practice of law in Oregon and an active member of the Oregon State Bar.

11.    Defendant Jarvis, Dreyer, Glatte & Larsen, LLP, fka Huycke O'Connor Jarvis LLP is a partnership under the laws of the State of Oregon with a principal place of business in Jackson County, Oregon. For the purposes of this complaint, Defendant Patrick Huycke and Defendant Jarvis, Dreyer, Glatte & Larsen, LLP, fka Huycke O'Connor Jarvis LLP will be collectively referred to as "Defendant Huycke" or "Huycke."

## JURISDICTION AND VENUE

12.    This Court has personal jurisdiction over Mark, Michael, and Huycke because they are domiciled in the State of Oregon, and over Valley View because it is a corporation incorporated under the laws of the State of Oregon with a principal place of business in Jackson County, Oregon.

13.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the plaintiffs and defendants and the amount in controversy exceeds the sum of $75,000.00.

14.    Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because the defendants reside, the events that gave rise to this action occurred, and the property that is the subject of this action is situated, in Jackson County, Oregon.

## FACTUAL ALLEGATIONS

### A.    The Wisnovsky Family Valley View Winery

15.    In 1972, Frank Wisnovsky ("Frank"), who was an engineer, bought approximately 76 acres of land and planted grape vines.

16.    The land comprised three tax lots: Tax Lot 200, Tax Lot 201, and Tax Lot 1800. Tax Lot 200 is 31.9 acres with a barn on it and is located at 1352 Upper Applegate Road.  Tax Lot 201 is comprised of 2.3 acres and has the family home on the lot.  Tax Lot 1800 is 43.5 acres with a rental house on it and is located at 1140 Upper Applegate Road.

Page 3 - COMPLAINT

RICHARDSON WANG LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4638

Exhibit 1
Page 3 of 14

17.     In 1980, Frank drowned during an engineering job.

18.     Frank had just started producing wine; he established the first modern vineyard and winery in the region in Jacksonville, Oregon, which he named Valley View Winery.

19.     Frank's wife, Ann, inherited his estate which included the land, the vineyards, and Valley View.

20.     After Frank died, Ann helped manage Valley View with the winemaker.  Ann had a high school education. She was a housewife who worked as a secretary before raising four children. For the winery, she primarily performed bookkeeping functions and handled the vendors. The winemaker ran the majority of the business.

21.     At the time of Frank's death, their eldest child, Joanne Couvrette, née Wisnovsky, was a junior in college. Their second child, Robert Wisnovsky, had just started college. After completing college, Robert helped manage Valley View for a few years. Mark and Michael, the two youngest children, began helping with management of Valley View in approximately 1988.

22.     Huycke began representing Ann in approximately 1999.  Huycke is an attorney licensed in Oregon since 1975 who, during the time at issue, was a senior partner at Huycke, O'Connor and Jarvis.

23.     Ann consulted Huycke during 2002 primarily regarding her estate planning.  Her intent was to treat equally all four of her children.

24.     In approximately 2005, relying upon Huycke, Ann gifted 49% of her stock in Valley View to Mark and Michael.  While Ann held the controlling share of 51% of Valley View, Mark and Michael took over complete management of Valley View.

**B.     Ann Creates Her Trust to Provide Equally to Her Children**

25.     On August 2, 2012, Huycke drafted, and Ann signed, the Ann. M. Wisnovsky Trust. Ann and her daughter Joanne were named as co-trustees.

///

///

Page 4 - COMPLAINT

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4638

Exhibit 1
Page 4 of 14

26.    In approximately Spring 2014, Mark, age 49, moved in with his mother Ann, who had previously been living alone, and lived with her for approximately 18 months. In 2015, Ann fractured her spine from a motor vehicle accident.

27.    While living with Ann, Mark convinced his mother to not only give him $50,000, but to gift to him and to his brother Michael the controlling shares of Valley View stock. Thereafter, on November 1, 2015, Ann purportedly gifted her remaining shares to Mark and Michael.  On information and belief, that transfer of shares was not valid.

28.    To equalize amongst the siblings that gift to Mark and Michael, that same day Ann entered into an "Agreement to Make Payments" with Mark, Michael, and Valley View. "As a condition to their receipt of the gifts," Valley View, Mark, and Michael "agreed to make payments to Joanne and [their other brother] Robert" through the Trust upon certain events. Specifically, if within five years following the effective date of the Agreement:

> a) Valley View sells or transfers assets, or any interests therein, out of the ordinary course of business; b) Mi[chael], Mark, and/or their successor in interest, sell stock of Valley View; and/or c) Valley View makes payments to Mark, Mi[chael], and/or their successors in interest that exceed the payments Mark and Mi[chael] would receive if they continued to receive their respective salaries at a level equal to the salaries paid them immediately prior to the Effective Date; and if the gross proceeds of any such sales, transfers, and payments, including the fair market value of any real or personal property received in such transactions, exceeds the sum of $750,000; then Valley View, Mark and Mi[chael] shall, jointly and severally, be responsible to make payment to the Wisnovsky Trust of a dollar amount equal to the amount of such gross proceeds in excess of $750,000.

29.    On March 30, 2016, Ann created Wisnovsky Land, LLC, with Ann, as trustee of the Trust, as the only member of the LLC.

**C.    Huycke Engages in a Practice of Conflict of Interest; Huycke and Mark and Michael Draft a Lease Detrimental to Ann**

30.    For years, Huycke would directly email and communicate with Mark and Michael without involving Ann.  Upon information and belief, Huycke represented Mark and Michael as their attorney.

Page 5 - COMPLAINT

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4638

Exhibit 1
Page 5 of 14

31.    Huycke assisted Mark and Michael with developing a business plan for Valley View.

32.    In approximately Spring 2016, Huycke drafted a Vineyard Lease and a Winery Lease (collectively "the Leases") for Mark and Michael's use of the land and the winery which housed Valley View.  Mark and Michael assisted Huycke with the preparation of the Leases.

33.    The effective date of the Leases was March 24, 2016.  Ann trusted her attorney Huycke and was led to believe the Leases were fair.  Ann relied on her attorney Huycke to protect her interests and to carry out her intent with her estate plan.  The Leases contain dozens of pages of legalese written by Ann's supposed attorney Huycke.  Unbeknownst to Ann, Huycke, Mark, and Michael worked together to create a series of agreements that deprived Ann of the economic benefits she needed for her care while enriching Mark and Michael.  In reliance on Huycke, Mark, and Michael's advice, Ann signed as Landlord on behalf of the Trust, and Mark and Michael signed as Tenants on behalf of Valley View.

34.    Huycke failed to advise Ann to obtain fair market value of the Lease payments and failed to include fair market value in the Leases.

35.    Huycke did not advise Ann to seek an independent appraisal of the land value, instead setting rental value by relying upon information provided by Mark and Michael, the parties on the other side of the transfer who would benefit from lower values.

36.    Huycke also did not advise Ann to seek an independent appraisal of the value of potential Measure 37/49 lots on the land.

37.    Both Leases' original term length "shall continue for ten years" and "Tenant shall have the option to renew this lease for 8 successive terms of 10 years each." The option to renew is automatic unless Tenant gives notice not to renew. There is no such option for Landlord unless the Tenant is "in default at the time each option is exercised or at the time the renew term is to commence."

///

Page 6 - COMPLAINT

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4638

Exhibit 1
Page 6 of 14

38.    Huycke never advised Ann of the ramifications of what amounts to be a 90-year lease far below fair market rent.

39.    Huycke, Mark and Michael devised a scheme in which they worked together to have the elderly and increasingly frail Ann give up control of her property and allow Mark and Michael to make significant profits off of her property—leaving Ann with a fraction of the value and no control.

40.    Ann went from owning a property appraised at $4.2 million that could have been her nest egg and helped provide her with funds for her care during her elderly years, to owning a property encumbered by a lease that made Ann's property worth nothing.

41.    In approximately Fall 2016, Huycke drafted addenda to the Vineyard Lease titled the "Addendum to and Assignment by Landlord Vineyard Lease" (the "First Addendum to the Vineyard Lease"), which assigned all of the interests and liabilities of the Ann M. Wisnovsky Trust under the Vineyard Lease to Wisnovsky Land, LLC. The effective date of the First Addendum to the Vineyard Lease was November 2, 2016. Ann relied on her attorney Huycke to protect her interests and to carry out her intent with her estate plan. In reliance on Huycke's advice, Ann signed as Landlord on behalf of the Trust and Assignee on behalf of Wisnovsky Land, LLC, and Mark and Michael signed as Tenants on behalf of Valley View.

42.    In approximately Fall 2016, Huycke drafted addenda to the Winery Lease titled the "Addendum to and Assignment by Landlord Winery Lease" (the "First Addendum to the Winery Lease"), which assigned all of the interests and liabilities of the Ann M. Wisnovsky Trust under the Winery Lease to Wisnovsky Land, LLC. The effective date of the First Addendum to the Winery Lease was November 2, 2016. Ann relied on her attorney Huycke to protect her interests and to carry out her intent with her estate plan. In reliance on Huycke's advice, Ann signed as Landlord on behalf of the Trust and Assignee on behalf of Wisnovsky Land, LLC, and Mark and Michael signed as Tenants on behalf of Valley View.

///

Page 7 - COMPLAINT

RICHARDSON WANG LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4638

Exhibit 1
Page 7 of 14

**D.    Ann Implements Safeguards, Discovers Huycke's Conflict of Interests**

43.    On May 22, 2019, Ann terminated her relationship with Huycke and requested her client file.  The Wisnovsky client file did not contain any documentation of Valley View ownership, despite the Trust's ownership interests in Valley View, and Trust stock transfer agreements, which were referenced elsewhere in the client file and were necessary for the 2015 transfer of the Trust's winery stock to Mark and Michael.

44.    Repeated attempts by Ann and, later, Joanne, her co-trustee, to obtain those documents from Huycke were unsuccessful. Huycke claimed those records—Trust records, including agreements to which the Trust was a party—were corporate records of Valley View and refused to provide them, revealing that his other clients, Mark and Michael, would need to agree.

45.    On June 19, 2019, in order to protect Ann, Joanne informed Mark via email that any future changes to the Lease or agreements binding on the Trust would require signatures of both Ann and Joanne.

46.    Immediately after Joanne's notice, Mark and Michael began stepping up their control and manipulation of Ann.  Mark applied for a building permit on Ann's property and claimed to be its owner/agent.  Mark took Ann to her primary doctor and inserted himself into her examination, causing the doctor to note: "I cannot help but feel that there may be an unspoken agenda on the part of her son."

47.    On November 13, 2019, Ann resigned as trustee of the Trust in order to allow Joanne to serve as the sole trustee and protector of Ann's property.

48.    In August 2020, a doctor diagnosed Ann with dementia and it was determined that Ann could no longer make independent legal, medical, and financial decisions.

## FIRST CLAIM FOR RELIEF

## (Elder Abuse – ORS 124.100 and ORS 124.110, Against Defendants Mark and Michael Wisnovsky)

49.    Plaintiff Couvrette realleges all of the paragraphs above as if fully set forth herein.

Page 8 - COMPLAINT

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4638

Exhibit 1
Page 8 of 14

50.    At all material times, Ann was a vulnerable person.

51.    Defendants Mark and Michael Wisnovsky and Valley View Winery (which was controlled by Mark and Michael) had greater power over Ann and knew with Ann's age and Ann's greater reliance on others that there was a substantial disparity in bargaining power, so much so that they denied Ann a meaningful choice when they entered into the one-sided Leases. Mark, Michael, and Valley View entered into those Leases with Ann and the Trust, the terms of which bore no reasonable relationship to the business risk involved, were so one sided as to be oppressive, were unreasonably favorable to Mark, Michael and Valley View, had no commercial need, placed restrictions making it difficult for Ann and the Trust to sell property, gave Mark, Michael and Valley View a windfall, and/or were substantively unfair to Ann and the Trust.  The Leases were and are unconscionable.  Defendants Mark and Michael Wisnovsky knowingly acted under circumstances in which a person should have known of their financial abuse, and wrongfully took or appropriated money, stock and/or property from Ann.

52.    Ann suffered financially by reason of financial abuse which defendants caused or permitted its agents to cause.

53.    As a result of defendants' financial abuse, Plaintiff Couvrette seeks damages of $4.2 million for economic damages. Plaintiff Couvrette is entitled to treble damages pursuant to ORS 124.100(2)(a) and (b). Plaintiff Couvrette is entitled to pre- and post-judgment interest on its economic damages at the statutory rate. Plaintiff Couvrette also seeks her reasonable attorney fees pursuant to ORS 124.100(2)(c).

54.    As a result of defendants' financial abuse, and pursuant to ORS 124.135, Plaintiff Couvrette seeks a declaration that the Leases and agreements that adversely harmed Ann's property are invalid and void and seeks the return of the controlling share of Valley View stock.

///

///

///

Page 9 - COMPLAINT

RICHARDSON WANG LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4638

Exhibit 1
Page 9 of 14

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief – Invalidity of Leases Procured by Undue Influence - Against

### Defendants Mark and Michael Wisnovsky and Valley View Winery)

55.     Plaintiffs Couvrette and Wisnovsky Land, LLC reallege all of the paragraphs above as if fully set forth herein.

56.     A controversy exists with respect to the validity or invalidity of the Leases. Plaintiffs contend the Leases are invalid and unenforceable as they were the result of undue influence and procured in violation ORS 124.005 *et. Seq.*

57.     Accordingly, Plaintiffs are entitled to a judgment declaring that the Leases are invalid and void.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment, Against Defendants Mark and Michael Wisnovsky and Valley View

### Winery)

58.     Plaintiffs Couvrette and Wisnovsky Land, LLC reallege all of the paragraphs above as if fully set forth herein.

59.     Defendants Mark and Michael Wisnovsky and Valley View knowingly received benefits, including sublease payments for leased lands; and under the circumstances as described above, it would be unjust to allow retention of the benefits by defendants.

60.     As a result of defendants' unjust enrichment, Plaintiffs have suffered damages as described above in an amount to be proven at trial, but not less than $4.2 million, plus pre- and-post judgment interest at the rate of 9% per annum.

## FOURTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty, Against Defendant Patrick Huycke and Defendant Jarvis,

### Dreyer, Glatte & Larsen, LLP)

61.     Plaintiff Couvrette realleges all of the paragraphs above as if fully set forth herein.

///

Page 10 - COMPLAINT

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4638

Exhibit 1
Page 10 of 14

62.    Huycke owed Ann in her personal capacity and in her capacity as Trustee, the fiduciary duties of loyalty, good faith, and fair disclosure and dealing.

63.    Huycke breached those duties by dividing his loyalties by representing all sides of the transactions: Ann, the Trust, Valley View, Mark, and Michael.

64.    As a result of Huycke's breach of duties, Plaintiff Couvrette incurred financial damages as described above, in the approximate amount of $4.2 million.

65.    As a result of Huycke's breach of duties, Huycke's services were of little or no value to Ann and the Trust. In addition to the above damages, the Court should order Huycke to pay back all legal fees incurred by Ann, derived from his breach of duties to her in an amount to be proven at trial, plus pre- and-post judgment interest at the statutory rate.

## FIFTH CLAIM FOR RELIEF

**(Professional Negligence, Against Defendant Patrick Huycke and Defendant Jarvis, Dreyer, Glatte & Larsen, LLP)**

66.    Plaintiff Couvrette realleges all of the paragraphs above as if fully set forth herein.

67.    As Ann's lawyer, Huycke had a duty to use the degree of care, skill, and diligence ordinarily used by attorneys practicing in the same or similar circumstances in the same or similar community.

68.    Huycke breached the standard of care he owed Ann in one or more of the following respects:

A.    Failing to fully disclose Huycke's divided loyalties and his communications and interests with Mark, Michael, and Valley View while he was simultaneously advising Ann on the contracts with Mark and Michael;

B.    Failing to advise Ann that the Vineyard Lease, Winery Lease, and related amendments and agreements had hidden terms that were not favorable to Ann or the Trust;

C.    Failing to advise and obtain objective, independent appraisals for land valuation before entering into contracts;

D.    Failing to advise Ann and the Trust of the negative and potentially negative consequences of entering into the contracts; and

Page 11 - COMPLAINT

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4638

Exhibit 1
Page 11 of 14

E.      Failing to properly maintain client file documents.

69.     As a result of Huycke's negligence, Plaintiff Couvrette incurred damages as described above in the approximate amount of $4.2 million, subject to revision at or before trial, plus pre- and post-judgment interest at the statutory rate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joanne Couvrette, as trustee of the Ann M. Wisnovsky Trust, prays for judgment in its favor and against defendants as follows:

A.      On Claim One, for money judgment in the amount of $12,600,000.00, or such other amount as may be proved at trial, along with an award of pre- and post-judgment interest;

for judgment or order directing Defendants Mark and Michael Wisnovsky to return the controlling share of stock for Valley View Winery;

for an award of plaintiff's reasonable attorney fees, costs, and disbursements pursuant to ORS 124.120 and 124.100(2)(c);

B.      On Claim Two, for judgment or order declaring that the Leases and contracts which unlawfully harmed Ann and/or the Ann Wisnovsky Trust are invalid and void;

C.      On Claim Three, for money judgment in the amount of $4,200,000.00, or such other amount as may be proved at trial, along with an award of pre- and post-judgment interest;

D.      On Claim Four, for money judgment in the amount of $4,200,000.00, or such other amount as may be proved at trial, along with an award of pre- and post-judgment interest;

for judgment or order denying Defendant Patrick Huycke and/or Defendant Jarvis, Dreyer, Glatte & Larsen, LLP any compensation or attorney fees for legal services provided to Ann Wisnovksy, and instructing the reimbursement of any fees previously

Page 12 - COMPLAINT

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4638

Exhibit 1
Page 12 of 14

received from either Ann Wisnovsky or the Trust, along with an award of pre- and post-judgment interest;

E.    On Claim Five, for money judgment in the amount of $4,200,000.00, or such other amount as may be proved at trial, along with an award of pre- and post-judgment interest;

for judgment or order denying Defendant Patrick Huycke and/or Defendant Jarvis, Dreyer, Glatte & Larsen, LLP any compensation or attorney fees for legal services provided to Ann Wisnovksy, and instructing the reimbursement of any fees previously received from either Ann Wisnovsky or the Trust, along with an award of pre- and post-judgment interest;

F.    Such other relief as the Court deems appropriate.

WHEREFORE, Plaintiff Wisnovsky Land, LLC, prays for judgment in its favor and against defendants as follows:

A.    On Claim Two, for judgment or order declaring that the Leases and contracts which unlawfully harmed Wisnovsky Land, LLC are invalid and void;

B.    On Claim Three, for money judgment in the amount of $4,200,000.00, or such other amount as may be proved at trial, along with an award of pre- and post-judgment interest;

C.    Such other relief as the Court deems appropriate.

DATED this _____ day of March, 2022.

RICHARDSON WANG LLP

By _____
Bonnie Richardson, OSB No. 983331
bonnie@richardsonwang.com
Elizabeth Graves, OSB No. 193644
elizabeth@richardsonwang.com
Attorneys for Plaintiffs
Trial Attorney:  Bonnie Richardson

Page 13 - COMPLAINT

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4638

Exhibit 1
Page 13 of 14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on ___, 2022, I caused to be served a copy of the foregoing FIRST AMENDED COMPLAINT on the following person in the manner indicated below at the following address:

Bernard S. Moore
Frohnmayer Deatherage
2592 E. Barnett Rd.
Medford, OR 97504
moore@fdfirm.com
 *Attorney for Defendant Patrick Huycke*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St Ste B
Grants Pass OR  97526
jdole@wlrlaw.com
 *Attorney for Defendants Michael*
 *Wisnovsky and Mark Wisnovsky*

Gregory Lusby
Arnold Gallagher PC
800 Willamette St Ste 800
PO Box 1758
Eugene OR  97440
glusby@arnoldgallagher.com
 *Attorney Defendant Jarvis, Dreyer,*
 *Glatte & Larsen, LLP*

Brooks Foster
Bradley Crittenden
Chenoweth Law Group PC
510 SW 5th Avenue, 4th Floor
Portland, OR 97204
bfoster@chenowethlaw.com
bcrittenden@chenowethlaw.com
 *Attorney for Defendants Michael*
 *Wisnovsky and Mark Wisnovsky*

☒ by **CM/ECF**

☒ by **Electronic Mail**

☐ by **US Postal Service**

☐ by **Hand Delivery**

☐ by **Overnight Delivery**

By _____
  Elizabeth A. Graves, OSB No. 193644
  elizabeth@richardsonwang.com
   Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 14 of 14