**Brooks M. Foster, OSB No. 042873**
Email: bfoster@northwestlaw.com
**Bradley T. Crittenden, OSB No. 173274**
Email: bcrittenden@chenowethlaw.com
Chenoweth Law Group, P.C.
510 SW Fifth Avenue, Fifth Floor
Portland, OR 97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

**James R. Dole, OSB No. 892272**
Email: jdole@wlrlaw.com
Watkinson Laird Rubenstein, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282
Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC<br><br>Plaintiffs,<br><br>v.<br><br>MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP,<br><br>Defendants. | Case No. 1:21-CV-00157-CL<br><br><br>**DEFENDANT VALLEY VIEW WINERY, INC.'S UNOPPOSED MOTION FOR ENTRY OF A STIPULATED PROTECTIVE ORDER** |

Page 1 - DEFENDANT VALLEY VIEW WINERY, INC.'S MOTION
FOR ENTRY OF A STIPULATED PROTECTIVE ORDER

**CHENOWETH LAW GROUP, PC**
**510 SW Fifth Avenue, 4th Floor**
Portland, **OR  97204**
**Telephone: (503) 221-7958**
**Facsimile: (503) 221-2182**
**Email: bfoster@chenowethlaw.com**
**bcrittenden@chenowethlaw.com**

## LR 7-1 CERTIFICATION

Pursuant to LR 7-1, counsel for Defendant Valley View Winery, Inc. ("Valley View") hereby certifies that Plaintiffs Joanne Couvrette and Wisnovsky Land, LLC, and Defendants Mark A. Wisnovsky, Michael J. Wisnovsky, Patrick Huycke ("Huycke"), and Jarvis, Dreyer, Glatte & Larsen LLP ("Jarvis") do not oppose this motion for entry of a stipulated protective order and have stipulated to the requested form of protective order.

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Pursuant to LR 26-4(a), Valley View moves the Court for entry of a protective order regarding discovery materials that are protected by the attorney-client privilege.  LR 26-4(a) states:

> "A party or person asserting there is good cause for the Court to make an order that would limit access to discovery materials not filed with the Court, or would authorize a party or person to file any materials with the Court restricted to case participants pursuant to a protective order, must show with respect to each particular material or category of materials that specific prejudice or harm will result if no order is granted. The showing must be sufficiently detailed to permit the Court in its good cause examination to identify specific factors supporting entry of the order sought. Where the order sought would authorize a party to file materials restricted to case participants pursuant to a protective order, the showing also must articulate why, as an alternative to filing under a protective order, the information sought to be protected could not be redacted. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the requirements of this rule. The showing must be made even if the other party stipulates to the entry of the order."

This motion shows the prejudice or harm that will result if the requested protective order is not granted and why redaction is not a viable alternative to filing materials restricted to case participants pursuant to the requested protective order.

**CHENOWETH LAW GROUP, PC**
**510 SW Fifth Avenue, 4th Floor**
Portland**, OR  97204**
**Telephone: (503) 221-7958**
**Facsimile: (503) 221-2182**
**Email: bfoster@chenowethlaw.com**
**bcrittenden@chenowethlaw.com**

Plaintiff Joanne Couvrette ("Couvrette"), as trustee of the Ann M. Wisnovsky Trust, maintains that her claims against Huycke and Jarvis for professional negligence and breach of fiduciary duty concern communications and documents that Huycke has withheld and identified in a privilege log as being protected by the attorney-client privilege held by Valley View.  According to Huycke's privilege log and interrogatory responses, many of the privileged documents were created at a time when Huycke and Jarvis were representing Ann Wisnovsky, whose interests Couvrette is asserting in this lawsuit.  Valley View is therefore willing to consent to production of these documents pursuant to the "common interest" exception to the attorney-client privilege provided by Or. Evid. Code § 503(4)(e).

Under this exception, if Huycke was representing both Valley View and Ann Wisnovsky when he and Jarvis created a document, the privilege does not apply to Ann Wisnovsky; yet the privilege still applies to other parties who were not represented by Huycke and Jarvis.  Valley View is therefore willing to consent to production of such documents pursuant to a protective order intended to maintain the privileged nature of the documents with respect to parties other than Ann Wisnovsky and Couvrette, who purports to act on behalf of Ann Wisnovsky.[1]

All of the parties to this lawsuit have stipulated to the form of protective order filed with this motion.  The stipulated protective order would allow parties to file materials with

---

[1]  To be clear, Valley View and Defendants Mark and Michael Wisnovsky dispute and do not concede Couvrette's assertion that she is lawfully acting on behalf of Ann Wisnovsky, which is a central issue in this lawsuit.  Valley View and Mark and Michael Wisnovsky do not see that issue as being appropriate for resolution in the context of a dispute over whether Couvrette should have access to the documents in question.  Valley View and Mark and Michael Wisnovsky are therefore willing to consent to production of the documents pursuant to the common interest exception and an appropriate protective order but do so without waiving or prejudicing in any way their position that Couvrette lacks lawful authority to act on behalf of Ann Wisnovsky.

Page 3 - DEFENDANT VALLEY VIEW WINERY, INC.'S MOTION
FOR ENTRY OF A STIPULATED PROTECTIVE ORDER

CHENOWETH LAW GROUP, PC
510 SW Fifth Avenue, 4th Floor
Portland, **OR  97204**
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: bfoster@chenowethlaw.com
bcrittenden@chenowethlaw.com

the Court that are restricted to case participants. Good cause exists to grant the stipulated protective order because, without entry of the protective order, the parties would be allowed to file with the court and disclose to third parties privileged materials to whom the common interest exception does not apply. Such disclosure of privileged materials would be prejudicial to the holder of the attorney-client privilege because once privileged materials are disclosed publicly or to a third party who does not share in the privilege that disclosure cannot be undone.

Redaction of the privileged material from any court filing is not a viable alternative because the privilege applies to entire documents, not just limited statements within them, and Couvrette asserts she needs the documents in question in order to prove her claims. Similarly, the Defendants are likely to need to file the privileged materials in support of their positions in this lawsuit. Redaction is therefore not an adequate alternative to being able to restrict filed materials to case participants pursuant to the requested protective order.

## CONCLUSION

For the foregoing reasons, Valley View requests the Court to grant this unopposed motion and enter the stipulated protective order filed herewith.

DATED: April 5, 2022

CHENOWETH LAW GROUP, PC

By: /s/ Brooks M. Foster____ _____
    Brooks M. Foster, OSB No. 042873
    bfoster@chenowethlaw.com
    Bradley T. Crittenden, OSB No. 173274
    bcrittenden@chenowethlaw.com

    Attorneys for Defendant Valley View
    Winery, Inc

Page 4 - DEFENDANT VALLEY VIEW WINERY, INC.'S MOTION
FOR ENTRY OF A STIPULATED PROTECTIVE ORDER

CHENOWETH LAW GROUP, PC
510 SW Fifth Avenue, 4th Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: bfoster@chenowethlaw.com
bcrittenden@chenowethlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2022, I caused to be served a copy of the foregoing **DEFENDANT VALLEY VIEW WINERY, INC.'S MOTION FOR ENTRY OF A STIPULATED PROTECTIVE ORDER** on the following person in the manner indicated below:

Ms. Bonnie Richardson,
Ms. Jovita Wang,
Ms. Elizabeth Graves
Richardson Wang, LLP
805 SW Broadway, Ste. 470
Portland, OR 97205
bonnie@richardsonwang.com
jovita@richardsonwang.com
elizabeth@richardsonwang.com
*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette and Wisnovsky Land LLC*

Mr. Gregory T. Lusby
Arnold Gallagher, PC
800 Willamette St. Ste. 800
PO Box 1758
Eugene, OR 97440
glusby@arnoldgallagher.com
*Attorney for Defendant Jarvis, Dreyer, Glatte & Larsen, LLP*

Bernard S. Moore
Frohnmayer Deatherage
2592 E. Barnett Rd.
Medford, OR 97504
moore@fdfirm.com
*Attorney for Defendant Patrick Huycke*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com
*Attorney for Defendant Mark Wisnovsky, Michael Wisnovsky and Valley View Winery*

by the following method(s):

 xx    by **emailing** a full, true and correct copy thereof to the parties at the email addresses shown above, which are the last-known email addresses of the parties, on the date set forth below.

 xx    by **e-service via CM/ECF** on the date set forth below.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for perjury.

By: */s/ Skylar Washabaugh*
Skylar Washabaugh, Paralegal

CERTIFICATE OF SERVICE

**CHENOWETH LAW GROUP, PC**
**510 SW Fifth Avenue, 4th Floor**
Portland**, OR  97204**
**Telephone: (503) 221-7958**
**Facsimile: (503) 221-2182**
**Email: bfoster@chenowethlaw.com**
**bcrittenden@chenowethlaw.com**