**Bonnie Richardson, OSB No. 983331**
Email: bonnie@richardsonwang.com
**Elizabeth Graves, OSB No. 193644**
Email: elizabeth@richardsonwang.com
Richardson Wang LLP
805 SW Broadway, Suite 470
Portland, Or 97205
Telephone: (503) 546-4637
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP, <br><br> Defendants. | Case No. 1:21−cv−00157−CL <br><br> PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS |

In reply to Defendants Mark A. Wisnovsky, Michael J. Wisnovsky, and Valley View Winery, Inc.'s (collectively "Defendants") answer, affirmative defenses, and counterclaims, Plaintiffs Joanne Couvrette ("Plaintiff Couvrette") and Wisnovsky Land, LLC ("Plaintiff Wisnovsky Land") admit, deny, and allege as follows:

///

Page 1 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

## FIRST COUNTERCLAIM

### (Undue Influence – Against COUVRETTE)

1.

Paragraph 29 re-alleges paragraphs 1 through 28 of Defendants' answer, affirmative defenses, and counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in Plaintiffs' First Amended Complaint, Plaintiffs deny those allegations.

2.

The allegations in paragraphs 29 through 43 in Defendants' answer, affirmative defenses, and counterclaims are not directed to Plaintiff Wisnovsky Land and require no response from Plaintiff Wisnovsky Land. To the extent a response is required, Plaintiff Wisnovsky Land incorporates the responses of Plaintiff Couvrette.

3.

In response to paragraph 30, Plaintiff Couvrette admits she was aware of Ann Wisnovsky's estate plan to split her estate evenly between her children. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 30.

4.

In response to paragraph 31, Plaintiff Couvrette admits that Ann Wisnovsky executed a Redemption Agreement. To the extent that paragraph 31 characterizes the terms of the Redemption Agreement, the contract speaks for itself and therefore no response is required. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 31.

5.

In response to paragraph 32, Plaintiff Couvrette admits that Ann Wisnovsky traveled to San Diego, California in July 2019 and has remained in California since that time. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 32.

Page 2 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

6.

In response to the allegations in paragraph 33, Plaintiff Couvrette admits that Joanne Couvrette's power of attorney gives Joanne Couvrette certain authorities to act on behalf of Ann Wisnovsky. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 33.

7.

In response to the allegations in paragraph 34, the Ann Wisnovsky Trust documents speak for themselves and therefore no response is required. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 34.

8.

Plaintiff Couvrette denies the allegations in paragraph 35–36.

9.

In response to paragraph 37, Plaintiff admits that Ann Wisnovsky was in Oregon in June 2019. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 37.

10.

Plaintiff Couvrette denies the allegations in paragraph 38–43.

## SECOND COUNTERCLAIM

### (Breach of Contract – Against WISNOVSKY LAND)

11.

Paragraph 44 re-alleges paragraphs 1 through 43 of Defendants' answer, affirmative defenses, and counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–10, above, Plaintiffs deny those allegations.

///

Page 3 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

12.

The allegations in paragraphs 44 through 62 in Defendants' answer, affirmative defenses, and counterclaims are not directed to Plaintiff Couvrette and therefore require no response from Plaintiff Couvrette. To the extent a response is required, Plaintiff Couvrette incorporates the responses of Plaintiff Wisnovsky Land.

13.

In response to paragraph 45, Plaintiff Wisnovsky Land admits that Mark and Michael Wisnovsky have participated in the winery business and that Valley View Winery remains in the business of producing wine and growing fruit. Plaintiff Wisnovsky Land lacks sufficient knowledge and information to form a belief about the allegation that Mark and Michael Wisnovsky own all of the issued and outstanding shares of Valley View Winery, and therefore denies that allegation. To the extent not expressly admitted, Plaintiff Wisnovsky Land denies the allegations of paragraph 45.

14.

To the extent that paragraph 46 characterizes the terms of the Vineyard Lease and addenda (the "Vineyard Lease"), the documents speak for themselves and therefore no response is required. To the extent not expressly admitted, Plaintiff Wisnovsky Land denies the allegations of paragraph 46.

15.

Paragraph 47 sets forth a legal conclusion for which no response is required. To the extent not expressly admitted, Plaintiff Wisnovsky Land denies the allegations of paragraph 47.

16.

In response to paragraph 48, Plaintiff Wisnovsky Land lacks sufficient knowledge and information to admit or deny the allegations of paragraph 48, and therefore denies those allegations.

Page 4 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

17.

In response to paragraph 49, Plaintiff Wisnovsky Land lacks sufficient knowledge and information to admit or deny the allegations of paragraph 49, and therefore denies those allegations.

18.

In response to paragraph 50, Plaintiff Wisnovsky Land lacks sufficient knowledge and information to admit or deny the allegations of paragraph 50, and therefore denies those allegations.

19.

In response to paragraph 51, Plaintiff Wisnovsky Land denies the allegations in the first sentence of paragraph 51, except that Plaintiff Wisnovsky Land does not respond to allegations about her privileged and confidential attorney-client communications. Plaintiff Wisnovsky Land lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 51, and therefore denies those allegations.

20.

In response to paragraph 52, Plaintiff Wisnovsky Land lacks sufficient knowledge and information to admit or deny the allegations of paragraph 52, and therefore denies those allegations.

21.

Plaintiff Wisnovsky Land denies the allegations in paragraphs 53–55.

22.

In response to paragraph 56, Plaintiff Wisnovsky Land denies that Defendants have been, or will be, damaged by any of its actions. Except as expressly admitted, Plaintiff Wisnovsky Land lacks information or knowledge sufficient to form a belief about the allegations of paragraph 56 and therefore denies those allegations.

Page 5 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

23.

In response to paragraphs 57–61, Plaintiff Wisnovsky Land lacks information or knowledge sufficient to form a belief about the allegations of paragraph 57–61 and therefore denies those allegations.

24.

Paragraph 62 sets forth a legal conclusion for which no response is required. To the extent that paragraph 62 characterizes the terms of the Vineyard Lease, the document speaks for itself and therefore no response is required. To the extent not specifically admitted here, Plaintiff Wisnovsky Land denies the allegations in paragraph 62.

## THIRD COUNTERCLAIM

### (Tortious Interference with Economic Relations – Against PLAINTIFFS)

25.

Paragraph 63 re-alleges paragraphs 1 through 62 of Defendants' answer, affirmative defenses, and counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–24, above, Plaintiffs deny those allegations.

26.

Plaintiffs deny the allegations of paragraphs 64–67.

27.

Paragraph 68 sets forth a legal conclusion for which no response is required. To the extent that paragraph 68 characterizes the terms of the Vineyard Lease, the document speaks for itself and therefore no response is required. To the extent not specifically admitted here, Plaintiffs deny the allegations in paragraph 68.

Page 6 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

## FOURTH COUNTERCLAIM

### (Breach of Contract / Overpayment – Against WISNOVSKY LAND)

28.

Paragraph 69 re-alleges paragraphs 1 through 68 of Defendants' answer, affirmative defenses, and counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–27, above, Plaintiffs deny those allegations.

29.

The allegations in paragraphs 70 through 76 in Defendants' answer, affirmative defenses, and counterclaims are not directed to Plaintiff Couvrette and therefore require no response from Plaintiff Couvrette. To the extent a response is required, Plaintiff Couvrette incorporates the responses of Plaintiff Wisnovsky Land.

30.

Plaintiff Wisnovsky Land denies the allegations of paragraph 70.

31.

In response to paragraph 71, Plaintiff Wisnovsky Land admits communicating with Defendants in August 2019 regarding unpaid rent. Plaintiff Wisnovsky Land further admits that Defendants demanded repayment of $71,589.88 on or around February 20, 2020, and no payment has been made in response to this demand. Except to the extent expressly admitted, Plaintiff Wisnovsky denies the remaining allegations of paragraph 71.

32.

In response to paragraph 72, Plaintiff Wisnovsky Land admits that Defendants communicated with Plaintiff Wisnovsky Land on or about February 20, 2020, and demanded payment in the amount of $71,589.88. Except to the extent expressly admitted, Plaintiff Wisnovsky Land denies the allegations of paragraph 72.

Page 7 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

33.

In response to paragraph 73, Plaintiff Wisnovsky Land admits that no payment has been made to Defendants in response to their demand for $71,589.88. Except as expressly admitted, Plaintiff Wisnovsky Land denies the allegations in paragraph 73.

34.

Plaintiff Wisnovsky Land denies the allegations in paragraphs 74–75.

35.

Paragraph 76 sets forth a legal conclusion for which no response is required. To the extent that paragraph 76 characterizes the terms of the Vineyard Lease and/or the Winery Lease, those documents speak for themselves and therefore no response is required. To the extent not specifically admitted here, Plaintiff Wisnovsky Land denies the remaining allegations in paragraph 76.

## FIFTH COUNTERCLAIM

### (Conversion – Against PLAINTIFFS)

36.

Paragraph 77 re-alleges paragraphs 1 through 76 of Defendants' answer, affirmative defenses, and counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–35, above, Plaintiffs deny those allegations.

37.

In response to paragraph 78, Plaintiffs deny that Defendants have been, or will be, damaged by any of its actions. Plaintiffs further admit that no payment has been made to Defendants in response to their demand for $71,589.88. Except as expressly admitted, Plaintiffs deny the allegations in paragraph 78.

Page 8 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

38.

Plaintiffs deny the allegations in paragraphs 79–82.

39.

Paragraph 83 sets forth a legal conclusion for which no response is required. To the extent that paragraph 83 characterizes the terms of the Vineyard Lease and/or the Winery Lease, those documents speak for themselves and therefore no response is required. Except as expressly admitted, Plaintiff Wisnovsky Land denies the allegations in paragraph 83.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment re Lease Rights – by VVW Against WISNOVSKY LAND)

40.

Paragraph 84 re-alleges paragraphs 1 through 83 of Defendants' answer, affirmative defenses, and counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–39, above, Plaintiffs deny those allegations.

41.

The allegations in paragraphs 85 through 87 in Defendants' answer, affirmative defenses, and counterclaims are not directed to Plaintiff Couvrette and therefore require no response from Plaintiff Couvrette. To the extent a response is required, Plaintiff Couvrette incorporates the responses of Plaintiff Wisnovsky Land.

42.

In response to the allegations of paragraph 85, Plaintiff Wisnovsky Land admits a justiciable controversy exists with respect to the validity or invalidity of the Leases, including the scope of Leased acreage under the Vineyard Lease, right to use the leased acreage for hemp operations, and right to construct an agricultural building like the PreFab Building. Except as

Page 9 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

expressly admitted, Plaintiff Wisnovsky Land denies the allegations in paragraph 85.

43.

Plaintiff Wisnovsky Land denies paragraph 86.

44.

Paragraph 87 sets forth a legal conclusion for which no response is required. To the extent that paragraph 87 characterizes the terms of the Vineyard Lease and/or the Winery Lease, those documents speak for themselves and therefore no response is required. To the extent not specifically admitted here, Plaintiff Wisnovsky Land denies the remaining allegations in paragraph 87.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment re Incapacity – Against PLAINTIFFS)

45.

Paragraph 88 re-alleges paragraphs 1 through 87 of Defendants' answer, affirmative defenses, and counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–44, above, Plaintiffs deny those allegations.

46.

Plaintiffs deny paragraphs 89–91.

## EIGHTH COUNTERCLAIM

### (Declaratory Judgment re Redemption Agreement – Against PLAINTIFFS)

47.

Paragraph 92 re-alleges paragraphs 1 through 91 of Defendants' answer, affirmative defenses, and counterclaims. To the unclear extent there are factual allegations in those paragraphs

Page 10 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

that need to be admitted or denied beyond what is provided in paragraphs 1–46, above, Plaintiffs deny those allegations.

48.

In response to paragraph 93, Plaintiffs deny a justiciable controversy exists with respect to the validity of the Redemption Agreement.

49.

Plaintiffs deny paragraph 94.

50.

In response to paragraph 95, Plaintiffs admit that Plaintiff Couvrette and Ann Wisnovsky, as co-trustees of the Ann M. Wisnovsky Trust, executed a document titled "Revocation and Termination of the Redemption Agreement." To the extent that paragraph 95 characterizes the terms of "Revocation and Termination of the Redemption Agreement," the contract speaks for itself and therefore no response is required. Except as specifically admitted herein, Plaintiffs deny the allegations in paragraph 95.

51.

Plaintiffs deny paragraphs 96–97.

## AFFIRMATIVE DEFENSES

52.

Without waiving the foregoing or assuming the burden of proof with respect to its affirmative defenses, Plaintiffs allege the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

53.

### (Failure to State a Claim)

Defendants' allegations fail to state a claim upon which relief can be granted.

Page 11 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

## SECOND AFFIRMATIVE DEFENSE

54.

### (Failure to Mitigate)

Defendants failed to mitigate their damages, if any, including by refusing reasonable settlement opportunities.

## THIRD AFFIRMATIVE DEFENSE

55.

### (Lack of Acceptance)

Defendants' damages, if any, result from an unenforceable contract because Ann Wisnovsky did not accept modifications to the Lease, including the amendment that allegedly permits Defendants to offset Lease rental payments by paying her personal living expenses.

## FOURTH AFFIRMATIVE DEFENSE

56.

### (Lack of Consideration)

Defendants' damages, if any, result from an unenforceable contract because the contract lacked consideration.

## FIFTH AFFIRMATIVE DEFENSE

57.

### (Statute of Frauds)

Defendants' damages, if any, result from an unenforceable contract under the Statue of Frauds.

///

Page 12 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

## SIXTH AFFIRMATIVE DEFENSE

58.

**(Offset)**

Any recovery by Defendants must be offset by amounts Defendants owe to Plaintiffs as set forth in Plaintiffs' First Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

59.

**(Unjust Enrichment)**

Without waiving any defenses or denials, Defendants will be unjustly enriched.

## EIGHTH AFFIRMATIVE DEFENSE

60.

**(*In pari delicto*)**

Without waiving any defenses or denials, if Defendants are to be believed, Defendants claims are barred under the doctrine of *in pari delicto*.

## NINTH AFFIRMATIVE DEFENSE

61.

**(Laches/Statute of Limitations)**

Defendants' claims should be barred for untimeliness and/or barred by the statute of limitations.

///

///

///

Page 13 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

## TENTH AFFIRMATIVE DEFENSE

### 62.

### (Fraud)

Without waiving any defenses or denials, Defendants are not entitled to relief because Defendants' damages, if any, result from a fraud perpetuated on Ann Wisnovsky, and/or Wisnovsky Land.

## ELEVENTH AFFIRMATIVE DEFENSE

### 63.

### (Unclean Hands)

Defendants are not entitled to any relief because Defendants come to the court with unclean hands.

## TWELTH AFFIRMATIVE DEFENSE

### 64.

### (Illegality)

Without waiving any defenses or denials, Defendants are not entitled to relief because Defendants' damages, if any, result from agreements which were illegally obtained by Defendants and/or result from the illegal actions of Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### 65.

### (Real Party in Interest)

Defendants cannot bring one or more of their claims because one or more of the Defendants is not the real party in interest.

Page 14 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

## FOURTEENTH AFFIRMATIVE DEFENSE

### 66.

### (Estoppel)

Defendants' claims for relief are barred by estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

### 67.

### (Comparative Fault)

Defendants' claims are barred, in whole or in part, by the contributory or comparative fault of Defendants or others, and Plaintiffs' liability, if any, must be diminished by, and apportioned in accordance with, the acts and negligence of others, including Defendants and third parties acting as Defendants' agents.

## SIXTEENTH AFFIRMATIVE DEFENSE

### 68.

### (Waiver)

Defendants have waived their right to pursue damages resulting from the alleged miscalculation of rental payments. Defendants have further waived their right to pursue damages or other relief.

///

///

///

///

///

///

Page 15 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

Having fully answered Defendants' counterclaims, and with respect to those counterclaims, Plaintiffs pray for judgment in Plaintiffs' favor on all such counterclaims, including attorney fees pursuant to Section 16.2 of the Lease, costs and disbursements incurred herein, and any and all other relief as the Court may deem just and proper.

DATED this 22nd day of April, 2022.

RICHARDSON WANG LLP


By: _s/ Elizabeth Graves_
Bonnie M. Richardson, OSB No. 983331
bonnie@richardsonwang.com
Elizabeth A. Graves, OSB No. 193644
elizabeth@richardsonwang.com
Attorneys for Plaintiffs

Trial Attorney: Bonnie Richardson

Page 16 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, I caused to be served a copy of the foregoing PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS on the following person in the manner indicated below at the following addresses:

Bernard S. Moore
Frohnmayer Deatherage
2592 E. Barnett Rd.
Medford, OR 97504
moore@fdfirm.com
    *Attorney for Defendant Patrick Huycke*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St Ste B
Grants Pass OR  97526
jdole@wlrlaw.com
    *Attorney for Defendants Michael Wisnovsky and Mark Wisnovsky*

Gregory Lusby
Arnold Gallagher PC
800 Willamette St Ste 800
PO Box 1758
Eugene OR  97440
glusby@arnoldgallagher.com
    *Attorney Defendant Jarvis, Dreyer, Glatte & Larsen, LLP*

Brooks Foster
Bradley Crittenden
Chenoweth Law Group PC
510 SW 5th Avenue, 4th Floor
Portland, OR 97204
bfoster@chenowethlaw.com
bcrittenden@chenowethlaw.com
    *Attorney for Defendants Michael Wisnovsky and Mark Wisnovsky*

☒ by **CM/ECF**

☒ by **Electronic Mail**

☐ by **US Postal Service**

☐ by **Hand Delivery**

☐ by **Overnight Delivery**

By   *s/ Elizabeth Graves*
    Elizabeth A. Graves, OSB No. 193644
    elizabeth@richardsonwang.com
    Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**