IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


JOANNE COUVRETTE,
as trustee of the Ann M. Wisnovsky Trust;
WISNOVSKY LAND LLC,

          Plaintiffs,

     v.

MARK A. WISNOVSKY; MICHAEL J.
WISNOVSKY; PATRICK HUYCKE;
VALLEY VIEW WINERY, INC.;
JARVIS, DREYER, GLATTE & LARSEN,
LLP,

          Defendants.

Civ. No. 1:21-cv-00157-CL


**ORDER**


CLARKE, Magistrate Judge.

The case comes before the court on a dispute over a privilege log submitted by defense

counsel for defendants Mark Wisnovsky, Michael Wisnovsky, and Valley View Winery, Inc.

(the "Wisnovsky Defendants"). The Wisnovsky Defendants assert that the privilege log

adequately advises plaintiff of their intent to withhold documents from discovery based on

1 – ORDER

assertion of attorney client privilege, work product, and mediation privilege.

Federal Rule of Civil Procedure 26(b)(5)(A) provides the rule for claiming privilege or protecting trial preparation materials. It states,

> *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
> (j) (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. Pro. 26(b)(5)(A). The party asserting the privilege bears the burden of establishing all necessary elements. *Martin*, 278 F.3d at 999.

The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. United States District Court,* 881 F.2d 1486, 1494 (9th Cir.1989). Mediation communications are also confidential under ORS 36.220. However, statements, memoranda, work products, documents and other materials that were not prepared specifically for use in a mediation and are otherwise subject to discovery are not confidential. ORS 36.220(3).

In this case, Plaintiff alleges that her mother's former attorney, Defendant Patrick Huycke, split his loyalties and breached his fiduciary duties by representing all sides of various transactions between Plaintiff's mother and the Wisnovsky Defendants. Through the help of Defendant Huycke, Plaintiff alleges the Wisnovsky Defendants convinced Plaintiff's mother to enter into unconscionable leases and contracts that deprived her of her main source of income to fund care for herself into the future. In response to requests for production, counsel for the

2 – ORDER

Wisnovsky Defendants produced a two-page privilege log that provides five categories of communications and documents the Wisnovsky Defendants claim to be protected from disclosure by attorney-client privilege, work product doctrine, and mediation privilege. The Wisnovsky Defendants rely on *Imperial Corporation of America v. Shields ("Imperial")*, 174 F.R.D. 475 (S.D. Cal. 1997) to argue that a category-based privilege log, rather than a document-by-document privilege log, is sufficient in this case because an itemized log would be unduly burdensome.

Plaintiff objects to the category-based privilege log on the grounds that it fails to describe the nature of the documents or communications not produced in a manner that allows Plaintiff to assess the claims of privilege. The Court agrees. The category-based privilege log allowed in *Imperial* was a necessary exception to the standard document-by-document privilege log because the log encompassed "hundreds of thousands, if not millions, of documents" involving approximately 50 parties and 20 law firms. *Id.* at 478. The Wisnovsky Defendants have not shown a similar burden to justify the need for a category-based privilege log in this case. Counsel for Defendant Huycke was able to produce a document-by-document privilege log in this case that presumably covers the same time period and many of the same documents or communications that the Wisnovsky Defendants were privy to. There is no evidence to suggest that the task of creating a document-by-document privilege log would be more burdensome for the Wisnovsky Defendants than it would be for Defendant Huycke. Moreover, because this case involves claims against an attorney and the business transactions that attorney facilitated, there is a heightened need for specificity to allow Plaintiff to asses the claims of attorney-client privilege.

It may very well be that all documents on the log are privileged and not discoverable. However, the log must provide a more descriptive statement of the content of each document

3 – ORDER

4 – ORDER

such that Plaintiff is able to assess the claim of privilege, as required by FRCP 26(b)(5). The log must also describe with the required specificity whether there are any attachments to privileged email communications. The Wisnovsky Defendants are ordered to produce an amended document-by-document privilege log to the plaintiffs on or before June 1, 2022.

IT IS SO ORDERED and DATED this __12__ day of May, 2022.

MARK D. CLARKE
United States Magistrate Judge