**Brooks M. Foster, OSB No. 042873**
Email: bfoster@northwestlaw.com
**Bradley T. Crittenden, OSB No. 173274**
Email: bcrittenden@chenowethlaw.com
Chenoweth Law Group, P.C.
510 SW Fifth Avenue, Fifth Floor
Portland, OR 97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

**James R. Dole, OSB No. 892272**
Email: jdole@wlrlaw.com
Watkinson Laird Rubenstein, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282

Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP,<br><br>Defendants. | Case No. 1:21-CV-00157-CL<br><br>**RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO NON-PARTY WITNESS GARRISON F. TURNER'S MOTION FOR PROTECTIVE ORDER (NON-EVIDENTIARY)**<br><br>**ORAL ARGUMENT REQUESTED** |

Page 1 - DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S RESPONSE IN OPPOSITION TO NON-PARTY WITNESS GARRISON F. TURNER'S MOTION FOR PROTECTIVE ORDER (NON-EVIDENTIARY)

Defendants Mark Wisnovsky, Michael Wisnovsky and Valley View Winery, Inc. ("Wisnovsky Defendants") submits this response in opposition to *Non-Party Witness Garrison F. Turner's Motion for Protective Order*, filed by Garrison F. Turner on June 10, 2022 (ECF No. 59, ("Motion.")).  As explained below, Turner's motion for protective order should be denied.

## I.    INTRODUCTION

The Wisnovsky Defendants do not agree with Mr. Turner's characterization that the "Wisnovsky Defendants agree[] that a Protective Order is appropriate, but disagree[] with respect to the wording of the Order."  Mot. at 2.  The Wisnovsky Defendants do agree that an expedited discovery conference is an appropriate way to resolve the Motion, and they thank the Court for scheduling a discovery conference for June 22, 2022, at 9:00 AM.

The Wisnovsky Defendants understand that it is Mr. Turner's position that, pursuant to Oregon Rule of Professional Conduct (RPC) 1.6, he cannot ethically reveal information relating to his representation of Ann Wisnovsky without a "court order."  The Wisnovsky Defendants consider their Subpoena Duces Tecum and their Deposition Subpoena to each be a "court order" within the meaning of RPC 1.6(b)(5). Accordingly, they do not believe an additional court order is necessary.  They respectfully request that the Court conclude the same and deny Mr. Turner's Motion for Protective Order on that basis.

## II.    ARGUMENT

The subpoenas are court orders that counsel for the Wisnovsky Defendants signed and served as an agent of this Court.  Black's Law Dictionary defines a subpoena as a "writ or order commanding a person to appear before a court…"  SUBPOENA, Black's Law Dictionary (11th ed. 2019).  Black's Law Dictionary further defines "writ" as "a court's written order… commanding the addressee to do or refrain from doing some specific act."  The Ninth Circuit

agrees.  In *U.S. v. Snyder*, it held a violation of a subpoena is a "violation of an order of the court, not of a United States Attorney, just as a subpoena issued… at the request of a United States Attorney is an order of the court, not of the United States Attorney."  *U.S. v. Snyder*, 413 F.2d 288, 289 (1969); *accord Penwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (1983) (holding a subpoena issued by a party is a court order).  RPC 1.6 therefore authorizes Mr. Turner to reveal information about his representation of Ann Wisnovsky in producing documents and providing his deposition in response to the subpoenas.

To his credit, Mr. Turner does not actually request a protective order relieving him from any of his subpoena obligations.  He only requests an order "describing the extent to which Turner may reveal information relating to his representation of Ann Wisnovsky, his former client, in response to" the Wisnovsky Defendants' subpoenas. Mot. at 3.  Mr. Turner should be required to reveal information relating to his representation of Ann Wisnovsky to the extent necessary to respond to the subpoenas.  If the Court issues an order, that is what it should say.

Even if Mr. Turner were requesting some relief from his subpoena obligations, there would be insufficient grounds to issue such a protective order.  The Wisnovsky Defendants allege that Mr. Turner represented Ann Wisnovsky in June 2019, when Ann was approximately 86 years old and suffering from diminished mental capacity and undue influence by Plaintiff Joanne Couvrette ("Couvrette").  The Wisnovsky Defendants allege Couvrette caused Mr. Turner to arranged for Ann Wisnovsky to sign a fifth amendment to her Trust that purported to give Couvrette absolute veto power over any decision Ann Wisnovsky might make on behalf of her Trust.[1]  At that time, Ann Wisnovsky's Trust owned the LLC that owned all of the land leased and operated by Defendant Valley View Winery, Inc., so the Fifth Amendment allowed

---

[1] *See* ECF 58 at 7 ¶ 37 (alleging undue influence by Couvrette involving Mr. Turner).

Couvrette to make important decisions affecting the Valley View Winery, such as by attempting to hold it in default of its leases, which she wanted to do for her own financial gain.[2]  The Wisnovsky Defendants allege that Ann Wisnovsky signed the fifth Trust amendment as a result of undue influence by Couvrette and without sufficient mental capacity to make that amendment legally effective.[3]

The Wisnovsky Defendants further allege that Couvrette arranged for Mr. Turner to represent Ann in executing the fifth Trust amendment in an attempt to validate the fourth Trust amendment that Couvrette unduly influenced Ann to sign in San Diego in May 2019 while Ann was unrepresented, dependent on Couvrette for care, and suffering from diminished mental capacity.[4]  That fourth Trust amendment revoked three prior Trust amendments that Ann Wisnovsky had carefully prepared with the advice and representation of her former counsel of over 15 years, Defendant Pat Huycke, to express and adjust her intentions for her estate plan. The fourth Trust amendment effectively threw out Ann Wisnovsky's estate plan and dramatically increased the amount of money and assets that Couvrette stood to inherit upon Ann's death.[5]

Thus, the fifth Trust amendment prepared by Mr. Turner was intended to help Couvrette cement the fourth Trust amendment and advance the plan by which Couvrette has claimed complete control over Ann Wisnovsky's Trust and estate for Couvrette's own financial benefit. The Wisnovsky Defendants allege the circumstances surrounding the fourth and fifth Trust amendments are suspicious and contrary to Ann's prior, carefully developed and well-informed

/ / /

---

[2] *See* ECF 45 at 7 ¶ 41 (alleging assignment of leases by Trust to Wisnovsky Land).

[3] *See* ECF 58 at 21–22 ¶ 87 (alleging insufficient capacity).

[4] *Id.* at 9 ¶ 32, 10 ¶ 37.

[5] *Id.* at 9–10 ¶¶ 34–35.

Page 4 - DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S RESPONSE IN OPPOSITION TO NON-PARTY WITNESS GARRISON F. TURNER'S MOTION FOR PROTECTIVE ORDER (NON-EVIDENTIARY)

estate plan, such that the subpoenas to Mr. Turner are reasonably necessary and calculated to discover relevant evidence that is potentially critical to the just resolution of the case.

### III.    CONCLUSION

For the foregoing reasons, the Wisnovsky Defendants ask the Court to deny Mr. Turner's request for a protective order on the grounds that the subpoenas are court orders within the meaning of RPC 1.6(b)(5).  Alternatively, the Wisnovsky Defendants ask the Court to order and authorize Mr. Turner to disclose information relating to his representation of Ann Wisnovsky to the extent necessary to respond to the subpoenas.

DATED: June 21, 2022

CHENOWETH LAW GROUP, P.C.


By:____/s/ Brooks M. Foster_____
Brooks M. Foster, OSB No. 042873
bfoster@chenowethlaw.com
Bradley T. Crittenden, OSB No. 173274
bcrittenden@chenowethlaw.com
*Attorneys for Defendant Michael J. Wisnovsky,*
*Mark A. Wisnovsky, and Valley View Winery,*
*Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2022, I caused to be served a copy of the foregoing DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S RESPONSE IN OPPOSITION TO NON-PARTY WITNESS GARRISON F. TURNER'S MOTION FOR PROTECTIVE ORDER (NON-EVIDENTIARY) on the following person(s) in the manner indicated below:

Ms. Bonnie Richardson,
Ms. Jovita Wang,
Mr. Zach Allen
Richardson Wang, LLP
805 SW Broadway, Ste. 470
Portland, OR 97205
bonnie@richardsonwang.com
jovita@richardsonwang.com
zach@richardsonwright.com
*Attorneys for Plaintiffs/Counter-Defendants*
*Joanne Couvrette and Wisnovsky Land LLC*

Mr. Gregory T. Lusby
Arnold Gallagher, PC
800 Willamette St. Ste. 800
PO Box 1758
Eugene, OR 97440
glusby@arnoldgallagher.com
*Attorney for Defendant Jarvis, Dreyer,*
*Glatte& Larsen, LLP*

Bernard S. Moore
Frohnmayer Deatherage
2592 E. Barnett Rd.
Medford, OR 97504
moore@fdfirm.com
*Attorney for Defendant Patrick Huycke*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com
*Attorney for Defendant Mark Wisnovsky,*
*Michael Wisnovsky and Valley View Winery*

Louis L. Kurtz
Louis L. Kurtz, PC
1050 Willagillespie Rd., Ste. 5
Eugene, OR 97401
lou@llkpc.com
*Attorney for Non-Party Witness Garrison*
*Turner*

by the following method(s):

xx          by **e-service via CM/ECF** on the date set forth below.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for perjury.

DATED: June 21, 2022

By: */s/ Natalya Beliy*
Natalya Beliy, Paralegal

**Page 1 - CERTIFICATE OF SERVICE**