**Bonnie Richardson, OSB No. 983331**
Email: bonnie@richardsonwang.com
Richardson Wang LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC, <br><br>                  Plaintiffs, <br><br>     vs. <br><br> MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP, <br><br>                  Defendants. | Case No. 1:21−cv−00157−CL <br><br> PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6)) <br><br> **REQUEST FOR ORAL ARGUMENT (15 minutes)** |

**LR 7.1 CERTIFICATION**

The undersigned counsel for plaintiff Joanne Couvrette has conferred with counsel for defendant by phone in a good-faith effort to resolve the issues that are the subject of this motion but has been unable to resolve the issues without judicial intervention.

**MOTIONS**

Under Fed. R. Civ. P. 12, plaintiff Joanne Couvrette ("Couvrette") moves the Court to dismiss defendants' ninth counterclaim—"Tortious Interference with Prospective Inheritance"—

Page 1 – PLAINTIFF'S MOTION TO DISSMISS NINTH COUNTERCLAIM

for failure to state a claim.  In Oregon, as a matter of law, a claim for intentional interference with an inheritance does not accrue until the death of the person from whom the plaintiff expected to inherit.  *Butcher v. McClain*, 260 P.3d 611 (Or. Ct. App. 2011).  Because Ann Wisnovsky is still alive defendants cannot allege that necessary element of damage.  Accordingly, Couvrette moves for dismissal of the ninth counterclaim for failure to state a claim.

<b>MEMORANDUM IN SUPPORT OF MOTION</b>

I.    *Procedural History and Factual Background*

The pertinent facts are few.  As relevant here, the operative first amended complaint asserted three claims against Mark and Michael Wisnovsky (the Wisnovsky Defendants), based on their improper dealings with their mother, Ann Wisnovsky, and her Trust.  Plaintiffs' First Am. Compl. (Dkt. No. 45, 3/16/22).

With their answer, the Wisnovsky Defendants asserted nine total counterclaims against a combination of Couvrette, the trustee of the Trust, and a related LLC, Wisnovsky LLC.  Defs. Mark A. Wisnovsky, Michael J. Wisnovsky and Valley View Winery, Inc.'s Second Am. Answer Affirmative Defenses and Countercls. ("Defs.' Answer") (Dkt. No. 73, 11/23/22).  The ninth counterclaim, directed against Couvrette only, alleges that Couvrette tortiously interfered with the Wisnovsky Defendants' "prospective inheritance[s]" by inducing Ann Wisnovsky to "take certain actions purporting to deprive MARK and MICHAEL of the right to inherit WISNOVSKY LAND and its… property."  Defs.' Answer at 25.

For the proposition that they ever had a "right" to inherit anything from their mother, the Wisnovsky Defendants invoke the Second Amendment to Ann's Trust, which she signed in 2017.  They contend that Ann executed that Second Amendment as part of a contract with the Wisnovksy Defendants, whereby they "assumed certain obligations in exchange for Ann Wisnovsky's promise that MARK and MICHAEL will inherit ownership of WISNOVSKY LAND and its real estate upon Ann Wisnovsky's death."  Defs.' Answer at 8–9.

Page 2 – PLAINTIFF'S MOTION TO DISSMISS NINTH COUNTERCLAIM

The Wisnovsky Defendants' first counterclaim alleges that Ann executed a series of documents in 2019, including Fourth, Fifth, and Sixth Amendments to her Trust, an advanced directive, a resignation as trustee, and a termination of a redemption agreement.  Defs.' Answer at 8–12.  That first counterclaim seeks to invalidate all of those instruments on the basis of undue influence, but the only one of them that the Wisnovsky Defendants allege will (eventually) impact the distributive provisions of Ann's estate plan is the Fourth Trust Amendment:  "The Fourth Amendment further purports to alter the prior, dispositive terms of the Trust to subsequently reduce or eliminate the interests of MARK and MICHAEL in the Trust and in Ann Wisnovsky's estate upon her passing."[1]  Defs.' Answer at 10.  That is, the intentional inheritance interference counterclaim is premised on the allegation that Couvrette caused Ann Wisnovsky to replace the testamentary distributive provisions of the 2017 Second Amendment to the Trust with those of the 2019 Fourth Amendment.

II.    *Points and Authorities on Motion to Dismiss Counterclaims*

Because Ann Wisnovsky is still alive, the ninth counterclaim fails.  As a matter of law (and logic) the Wisnovsky Defendants have not suffered any damage by failing to inherit from a person who is still alive.  "Where a counterclaim 'fails to state a claim upon which relief can be granted,' it must be dismissed."  *Tannerite Sports, LLC v. Jerent Enterprises, LLC*, 2016 WL 1737740, *1 (D. Or. May 2, 2016) (quoting Fed. R. Civ. P. 12(b)(6); internal parentheses omitted).  "To survive a motion to dismiss a counterclaim must allege 'enough facts to state a claim to relief that is plausible on its fact.'  *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).  While counterclaims are construed "liberally" in favor of the counterclaimant, and the factual allegations of the counterclaimant are taken as true, "[b]are assertions… that amount to nothing more than a formulaic recitation of the elements of a claim are conclusory and not entitled to be assumed true." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); internal quotation marks omitted).

---

[1] The Wisnovsky Defendants allege that the Fifth and Sixth Trust Amendments affect certain of the Trust's administrative—not distributive—provisions.  Defs.' Answer at ¶ ¶36, 41.

Page 3 – PLAINTIFF'S MOTION TO DISSMISS NINTH COUNTERCLAIM

In *Allen v. Hall*, 974 P.2d 199 (Or. 1999), the Oregon Supreme Court held that the tort of intentional interference with prospective economic advantage extends to the context of a wrongfully diminished inheritance.   There are six elements to the tort: (1) existence of a professional or business relationship (including a contract or "prospective economic advantage; (2) intentional interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages.  *Id.* at 280.

As a matter of law, the Wisnovsky Defendants have not suffered any damages by Ann Wisnovsky's changes to her estate plan; the intentional interference with inheritance tort does not accrue until the death of the estate planner.[2]  In *Butcher v. McClain*, 260 P.3d 611 (Or. Ct. App. 2011), a mother and father had, it was effectively alleged, reached an arrangement with their son and his wife, Rachelle, to leave them the family farm after both mother and father died.  *Id.* at 613. The father died, then the son.  In June 2005, after her husband's death, the mother executed a new will, disinheriting Rachelle (and her five grandchildren) of the farm and leaving everything instead to mother's daughters, the defendants.  *Id.*

After the mother died in June 2007, Rachelle (along with the guardian ad litem for the couple's five children) brought an action for, *inter alia*, intentional interference against the defendant-daughters based on the value of the farm that Rachelle did not inherit under the new will.  *Id.*  Plaintiffs filed their complaint in May 2008.  The trial court granted the defendants' motion to dismiss the intentional interference claim on the basis that the plaintiffs brought the claim outside the applicable two-year statute of limitations window of ORS 12.110(1).  *Id.*  The

---

[2] A necessary corollary—and a separate and sufficient reason to grant the motion—is that the Wisnovsky Defendants cannot properly allege facts to support the fifth element of the tort, causation.  Any question of causation about what, exactly, the Wisnovsky Defendants' inheritance will be is entirely speculative until at least the point when Ann dies.

Page 4 – PLAINTIFF'S MOTION TO DISSMISS NINTH COUNTERCLAIM

trial court apparently reasoned that the claim accrued in June 2005, when the mother executed the new will that disinherited the plaintiffs. *Id.* at 614.

The Oregon Court of Appeals reversed, holding that damages for such a claim do not accrue until the moment that the testator dies: "[A]lthough the alleged interference occurred when defendants caused [the mother] to execute a will disinheriting Rachelle and the children, plaintiffs were not damaged by that interference until [the mother's] death, when they lost their expected inheritance." *Id.* at 615; *see Frakes v. Nay*, 295 P.3d 94, 114 (Or. Ct. App. 2012) ("We agree with [the plaintiff] that his alleged prospective inheritance… was lost when [the settlor] died in 2004. For purposes of [the plaintiff's] intentional interference claim, that is the point at which the statute of limitations began to run."). As a matter of law, the Wisnovsky Defendants have not been damaged by changes to the estate plan of a still-living person, and their ninth counterclaim therefore fails to state a claim for relief.

## CONCLUSION

Because Ann Wisnovsky is still alive, the Wisnovsky Defendants cannot properly allege that they have suffered any damages because of changes to Ann Wisnovsky's estate plan. Accordingly, plaintiff Couvrette respectfully moves that the Court dismiss the ninth counterclaim pursuant to Fed. R. Civ. P. 12(b)(6).

DATED this 17th day of January, 2023.

RICHARDSON WANG LLP

By: _s/Bonnie Richardson_____
Bonnie Richardson, OSB No. 983331
bonnie@richardsonwang.com
Attorney for Plaintiffs

Trial Attorney: Bonnie Richardson

Page 5 – PLAINTIFF'S MOTION TO DISSMISS NINTH COUNTERCLAIM

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, I caused to be served a copy of the foregoing PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV P 12(B)(6)) on the following person in the manner indicated below at the following addresses:

Bernard S. Moore
Frohnmayer Deatherage
2592 E. Barnett Rd.
Medford, OR 97504
moore@fdfirm.com
   *Attorney for Defendant Patrick Huycke*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St Ste B
Grants Pass OR  97526
jdole@wlrlaw.com
   *Attorney for Defendants Michael Wisnovsky and Mark Wisnovsky*

Gregory Lusby
Arnold Gallagher PC
800 Willamette St Ste 800
PO Box 1758
Eugene OR  97440
glusby@arnoldgallagher.com
   *Attorney Defendant Jarvis, Dreyer, Glatte & Larsen, LLP*

Brooks Foster
Bradley Crittenden
Chenoweth Law Group PC
510 SW 5th Avenue, 4th Floor
Portland, OR 97204
bfoster@chenowethlaw.com
bcrittenden@chenowethlaw.com
   *Attorney for Defendants Michael Wisnovsky and Mark Wisnovsky*

☒ by **CM/ECF**

☒ by **Electronic Mail**

☐ by **US Postal Service**

☐ by **Hand Delivery**

☐ by **Overnight Delivery**

By  *s/Bonnie Richardson*
   Bonnie Richardson, OSB No. 983331
   bonnie@richardsonwang.com
   Attorney for Plaintiffs

CERTIFICATE OF SERVICE

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637