**Brooks M. Foster, OSB No. 042873**
Email: bfoster@northwestlaw.com
**Bradley T. Crittenden, OSB No. 173274**
Email: bcrittenden@chenowethlaw.com
Chenoweth Law Group, P.C.
510 SW Fifth Avenue, Fifth Floor
Portland, OR 97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

**James R. Dole, OSB No. 892272**
Email: jdole@wlrlaw.com
Watkinson Laird Rubenstein, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282

Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP, <br><br> Defendants. | Case No. 1:21-CV-00157-CL <br><br> **RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))** <br><br> **ORAL ARGUMENT REQUESTED** |

Page 1 - RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

Defendants Mark Wisnovsky ("Mark"), Michael Wisnovsky ("Mike") and Valley View Winery, Inc. ("Valley View") (collectively, "Wisnovsky Defendants") submit this response in opposition to *Plaintiff Joanne Couvrette's Motion to Dismiss Ninth Counterclaim*, filed on January 17, 2023 (ECF No. 81, "Motion").  As explained below, the Motion should be denied.

## I.      INTRODUCTION

This case is about correcting the wrongs perpetrated against the Wisnovsky Defendants by Plaintiff Joanne Couvrette ("Couvrette") in her takeover of their mother's life and Trust beginning in May 2019 after their mother began losing her memory.  The Ninth Counterclaim ("Intentional Interference with Prospective Inheritance") serves this interest and properly states a claim upon which relief can be granted.

The Motion argues the Ninth Counterclaim must be dismissed for failure to state a claim because it does not allege any present harm as a result of the interference with prospective inheritance perpetrated by Couvrette.  The claim does not and cannot allege any present harm, the Motion contends, because testator Ann Wisnovsky ("Ann") is still alive; until she dies no harm to the Wisnovsky Defendants' inheritance can occur; and according to the Motion, present harm is an essential element of the claim.

The Motion fails to appreciate that the Ninth Counterclaim alleges a claim for declaratory judgment, which Oregon law provides for the specific purpose of remedying or preventing future harm that has not yet occurred.  Couvrette's tortious interference purports to deprive Mark and Mike of their prospective inheritance of Plaintiff Wisnovsky Land, LLC ("Wisnovsky Land") and its Valley View Property.  Mark and Mike's business, Valley View, depends on the Valley View Property, where its vineyard and winery are located.

/ / /

Page 2 -  RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

Couvrette purports to act as the Trustee of Ann's Trust that owns Wisnovsky Land and the Valley View Property.  Couvrette intends to administer the Trust according to the Trust amendments she obtained in 2019 through tortious, improper means.  According to Couvrette, Ann signed a Trust amendment that prohibits her from revoking or further altering her Trust without Couvrette's consent.  Ann is permanently incapacitated by dementia and incompetent to make decisions about her finances or estate.  Although nobody can predict exactly when Ann will die, it is certain to happen.

The Wisnovsky Defendants allege counterclaims for undue influence, incapacity, and breach of inheritance contract, which Plaintiffs have not moved to dismiss.  The same facts and allegations underpin the tortious interference counterclaim.  After the Wisnovsky Defendants pleaded their Ninth Counterclaim, the parties completed five days of depositions about the relevant facts.  Couvrette is currently attempting to sell the Valley View Property for $4,900,000, and the listing does not mention Mark and Mike's claims that they have a right to inherit it.  If Couvrette has not sold the property when Ann dies, she will use her purported power as Trustee to distribute the property to her and her brother, Robert Wisnovsky ("Robert").  Either way, Mark and Mike will suffer substantial harm from the loss of their prospective inheritance, for which Couvrette should be held liable for damages.  The Motion should be denied, and the Ninth Counterclaim, seeking declaratory judgment for Couvrette's tortious interference with prospective inheritance, should be allowed to proceed.

## II.    ALLEGED FACTS

The Wisnovsky Defendants filed their *Second Amended Answer, Affirmative Defenses, and Counterclaims* ("Answer") on November 23, 2022.  ECF No. 73.  Their Ninth Counterclaim asserts a claim against Couvrette, personally, for "Tortious Interference with Prospective

Page 3 -  RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

Inheritance," which could have just as easily been called "Declaratory Judgment."  Answer at 25 ¶ 97.  For purposes of the Motion, the allegations supporting the Ninth Counterclaim and all reasonable inferences therefrom must be treated as though they are true.[1]  These allegations and inferences are as follows:

## A.    Background Facts

As of the end of 2005, Ann Wisnovsky ("Ann") owned 100% of the stock of Valley View, the winery and vineyard business she started in the 1970s with her deceased husband.  *See* Answer at 3 ¶¶ 6–7.  She also owned the "Valley View Property" where Valley View had always operated its winery and vineyard, and she owned an adjacent parcel ("Ann's Home") that included her personal residence.  She was represented by an attorney, Defendant Patrick Huycke ("Huycke"), who would continue representing her until May 2019.  Answer at 2 ¶ 4.

In 2006 Ann gave 23% of her Valley View stock to Mark and 23% to Mike.  *See* Answer at 4 ¶ 9.

In 2012 Ann Wisnovsky created her Trust, which appointed Ann and Couvrette as co-trustees.  *See* Answer at 2 ¶ 1.

In 2015, Ann agreed to give Mark and Mike her remaining stock in Valley View on the condition that they sign an *Agreement to Make Payments*.  *See* Answer at 4 ¶ 11.  Huycke prepared this "windfall agreement," as he called it, which required Mark and Mike to make certain payments to the Trust if they sold Valley View stock or assets for more than $750,000 within five years of receiving Ann's stock.  *See* Answer at 8.  The *Agreement to Make Payments*

/ / /

---

[1] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (holding that when deciding a Rule 12(b)(6) motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them).

Page 4 -  RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

took effect on November 1, 2015, and the transfer of Ann's remaining stock to Mark and Mike was effective on January 1, 2016. *See* Answer at 4 ¶¶ 9, 11.

On March 14, 2016, Huycke helped Ann execute a First Trust Amendment. It provided that upon Ann's death Couvrette, Robert, Mark, and Mike would each receive an equal 25% interest in Wisnovsky Land, LLC ("Wisnovsky Land"). At that time, Wisnovsky Land had not yet been created. Ann intended the Trust to create and own the LLC, and she intended to transfer her Valley View Property into the LLC to help carry out her estate plan.

Effective March 24, 2016, Ann (as Trustee) and Valley View entered into a *Winery Lease* and *Vineyard Lease* to allow Valley View, now owned by Mark and Mike, to continue using the Valley View Property. *See* Answer at 4 ¶ 12.

On March 30, 2016, Huycke filed *Articles of Organization* of Wisnovsky Land with the Oregon Secretary of State. *See* Answer at 2 ¶ 1. The sole registered member of Wisnovsky Land was Ann, in her capacity as Trustee of her Trust. On November 2, 2016, Ann transferred the Valley View Property from the Trust to Wisnovsky Land.

Later in 2016, there were communications among Couvrette, Mark, Mike, Robert, and Huycke in which Couvrette and Robert strongly objected to the leases and Ann's estate plan. *See* Answer at 8 ¶ 30.

**B.     The Inheritance Contract**

On January 11, 2017, Huycke wrote a detailed letter to Ann regarding her estate plan and the "discussion among the family" about it. The letter describes potential changes to Ann's estate plan in light of those discussions. The potential changes included:

(a) removing Couvrette from her position as co-trustee of Ann's Trust;

/ / /

(b) providing for the distribution of the "vineyard land" (i.e., the Valley View Property) to Mark and Mike and Ann's Home to Couvrette and Robert;

(c) "if Wisnovsky Land is to be distributed to Mark and Mike, the distribution could be conditioned on their agreement to pay Robert and Joanne [Couvrette] $100,000 each";

(d) raising the rent for the vineyard property to $200 per acre per year; and

(e) amending the November 1, 2015 *Agreement to Make Payments* to extend its duration.

On February 20, 2017, Ann signed a one-page document containing the following terms, which Mark or Mike faxed to Huycke:

(1) the rent paid by Valley View to Wisnovsky Land under the vineyard lease will increase to $200 per acre per year;

(2) when Ann dies, Wisnovsky Land will be distributed equally to Mark and Mike, giving them ownership of the Valley View Property;

(3) Mark and Mike will pay Robert and Couvrette $100,000 each, plus an additional $40,000, plus additional potential payments of $40,000, at the time of Ann's death;

(4) the *Vineyard Lease* will be amended to allow the lease of remaining farmlands not currently used for vineyards for $1,000 per acre per year, plus an additional 5% of the net proceeds of any agricultural activity on those lands up to an additional $1,000 per acre per year;

(5) the duration of the *Agreement to Make Payments* will be extended from five years to ten, and between years five and ten 25% of all proceeds over $1.5 million will go to the trust.  *See* Answer at 8–9 ¶ 31.

On February 22, 2017, Huycke wrote a letter to Ann, Mark, and Mike, informing them that Ann had asked him to prepare documents to "amend the Vineyard Lease" and "make arrangements for Joanne and Robert to be paid $200,000 pursuant to a promissory note upon Ann's death."  The note "will be given to them in lieu of them receiving any interest in Wisnovsky Land upon Ann's death."  "For this purpose," Huycke wrote, "I prepared a redemption agreement and an amendment to Ann's trust."  The letter stated Huycke was "transmitting copies of the documents [he] prepared" and would "meet with Ann tomorrow."

On February 23, 2017, Huycke emailed Mark and Mike a copy of his February 22, 2017 letter along with unsigned drafts of the following documents:

- *First Amendment to and Restatement of Agreement to Make Payments* ("Amended Agreement to Make Payments");

- *Second Addendum to Vineyard Lease*;

- *Redemption Agreement*; and

- a Second Trust Amendment.

On February 23, 2017, Huycke met with Ann and then with Ann, Mark, and Mike to execute the four documents.  Mark, Mike, and Ann signed the Amended Agreement to Make Payments and *Second Addendum to Vineyard Lease*, and Ann signed the *Redemption Agreement* and Second Trust Amendment.  *See* Answer at 8 ¶ 31.

/ / /

/ / /

Page 7 -  RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

**C.    The Amended Agreement to Make Payments**

The Amended Agreement to Make Payments was a contract signed and entered into by the Trust, Valley View, Mark, and Mike that says it is also enforceable by third-party beneficiaries Couvrette and Robert. *See* Answer at 8 ¶ 31. It states:

> "Ann M. Wisnovsky has determined to amend the Wisnovsky Trust and Valley View and Wisnovsky Land, LLC, which is controlled by Ann M. Wisnovsky, have agreed to amend a Vineyard Lease that exists between them. <u>Ann M. Wisnovsky's agreement to make such changes is conditioned upon the execution of this Agreement</u>."

(Underline added).

Thus, the Amended Agreement to Make Payments was a condition of Ann's "agreement" to amend the Trust and Vineyard Lease. This shows Ann's Second Trust Amendment, discussed further below, was not just an amendment to her trust. It was her performance of an agreement she had reached, on behalf of her Trust, with Mark, Mike, and Valley View, to modify her estate plan, as set forth in the Second Trust Amendment and Second Addendum to Vineyard Lease, in exchange for Mark, Mike, and Valley View entering into the Amended Agreement to Make Payments. Answer at 8 ¶ 31.

Mark, Mike, and Valley View gave Ann and the Trust consideration when they entered into the Amended Agreement to Make Payments. *See* Answer at 8 ¶ 31. Whereas the original Agreement to Make Payments applied only to certain transactions completed within the next five years, the Amended Agreement to Make Payments also applied to certain transactions completed within the next <u>ten</u> years. Thus, Mark, Mike, and Valley View assumed additional payment obligations through the Amended Agreement to Make Payments that they had never previously assumed.

/ / /

Page 8 -  RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

**D.      The Second Trust Amendment**

As noted above, the Amended Agreement to Make Payments was an express "condition" of Ann's "agreement" to amend her Trust.  That condition was satisfied, obligating Ann to sign the Second Trust Amendment, which she did.  Answer at 8 ¶ 31.

The Second Trust Amendment superseded and nullified the First Trust Amendment.  It created a new Section 3.3B of the Trust that directed the Trustee, upon Ann's death, to: (1) bind Wisnovsky Land to a promissory note and trust deed payable to Couvrette and Robert for $200,000, $240,000, or $280,000 "depending on the number of legal parcels in the real property owned by Wisnovsky Land on the date of closing of the redemption;" and (2) distribute 50% of Wisnovsky Land to Mark and 50% to Mike.

Thus, the Second Trust Amendment was intended to perform Ann's agreement, manifested in the February 20 and 23, 2017 documents discussed above, for Mark and Mike to inherit full ownership of Wisnovsky Land and the leased Valley View Property in exchange for their execution of the Amended Agreement to Make Payments.  *See* Answer at 8 ¶ 31.  In addition, whereas Couvrette and Robert each previously stood to receive 25% of Wisnovsky Land, under the Second Trust Amendment they would instead receive cash compensation of between $200,000 and $280,000.

**E.      The Third Trust Amendment**

On July 28, 2017, Ann signed a Third Trust Amendment, which stated it superseded the first and second Trust amendments, rendering them null.  The Third Amendment removed Couvrette as co-trustee, leaving Ann as sole Trustee. *See* Answer at 10 ¶ 34.  It revoked Section 9.1 of the Trust, which had previously allowed either Ann or Couvrette to appoint a successor

/ / /

Page 9 -  RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

trustee, and named George Wisnovsky and Stephen Wisnovsky as Ann's successor trustees. *See* Answer at 9 ¶ 32.

The Third Trust Amendment included the same text of section 3.3B that was introduced in the Second Trust Amendment, which provided for Mark and Mike to receive full ownership of Wisnovsky Land upon Ann's death and for Couvrette and Robert to receive a promissory note and trust deed for up to $280,000. Answer at 10 ¶ 34. The Third Trust Amendment affirmed and restated those important aspects of the Second Trust Amendment.

### F.    Couvrette's Takeover of Ann's Life and Trust

On August 11, 2018, Ann turned 86 years old. By May 2019, Ann was suffering from memory loss. She no longer had the capacity to understand the multi-faceted estate plan she had carefully crafted and adjusted over the course of many years with the help of her long-time attorney, Huycke. Answer at 22–23 ¶¶ 87–88.

On May 31, 2019, Ann was staying with Couvrette in San Diego, California, and was dependent on Couvrette. Answer at 9–10 ¶¶ 32, 35. Couvrette caused Ann to sign a Fourth Trust Amendment without the advice of an attorney and without the knowledge or consent of the Wisnovsky Defendants. *See* Answer at 9 ¶ 32. Couvrette personally drafted the Fourth Trust Amendment. Answer at 9 ¶ 32. It purported to nullify the First, Second, and Third Trust Amendments; re-appoint Couvrette as co-trustee; and, with the exception of Ann's personal property, provide for all Trust assets to be distributed entirely to Couvrette and Robert, with none to Mark and Mike. Answer at 10 ¶ 34. On the same day, after obtaining Ann's signature on the Fourth Trust Amendment, Couvrette flew with Ann to Oregon. *See* Answer at 10 ¶ 37.

On June 8, 2019, Joanne caused Ann to sign a Fifth Trust Amendment, which purported to require Couvrette's signature in order for any document signed by Ann to bind her Trust.

Page 10 -  RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

Answer at 10 ¶ 37.  On July 4, 2019, Couvrette flew Ann from Oregon to San Diego and has sequestered her there ever since.  Answer at 11 ¶¶ 38–39.

On November 13, 2019, Couvrette caused Ann to resign as Trustee and sign a Sixth Trust Amendment.  It purported to prohibit Ann from amending or revoking any aspect of her Trust without Joanne's acceptance and signature.  Answer at 11 ¶ 41.

On August 21, 2020, Ann was diagnosed with dementia and deemed incapable of "mak[ing] independent legal, medical, and financial decisions."  Couvrette deliberately delayed the diagnosis to attempt to create the appearance that Ann had the capacity to understand the Fourth, Fifth, and Sixth Trust Amendments when she signed them.  Answer at 10 ¶ 35.

At the time of this response, Ann is 90 years old.  She resides at an assisted living facility in San Diego and is permanently incapacitated with dementia.

## G.    The Wisnovsky Defendants' Ninth Counterclaim

The Wisnovsky Defendants filed and served their Ninth Counterclaim on November 23, 2022.  It alleges:

- Couvrette tortiously interfered with the prospective inheritance of Mark and Mike when Couvrette intentionally caused Ann to take actions purporting to deprive Mark and Mike of the right to inherit Wisnovsky Land and its Valley View Property.  Answer at 25 ¶ 97.

- Couvrette acted with an improper means or purpose.  Answer at 25 ¶ 97.

- To the extent the other counterclaims do not adequately remedy Couvrette's tortious interference with prospective inheritance so as to make Mark and Mike whole, they are entitled to declaratory judgment holding Couvrette liable for

damages for all harm arising in the future from her tortious interference.  Answer at 25 ¶ 98.

"Commonly included among improper means are violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood." *Allen v. Hall*, 328 Or. 276, 286, 974 P.2d 199, 205 (Or. 1999).  "[U]ndue influence constitutes an 'improper means,' in that it involves the procurement of unfair advantage."  *Church v. Woods*, 190 Or. App. 112, 117, 77 P.3d 1150, 1153 (Or. App. 2003).  The Wisnovsky Defendants allege Couvrette used improper means to interfere with their prospective inheritance and unfairly increase her own inheritance, such as by unduly influencing Ann, causing Ann to act without capacity, and causing the Trust to breach or repudiate its inheritance contract with Mark and Mike.  Answer at 25 ¶ 96 (incorporating all prior allegations).

### III.    ARGUMENT

Couvrette's Motion argues the Wisnovsky Defendants' Ninth Counterclaim fails to state a claim because Ann is still alive, and "the Wisnovsky Defendants have not suffered any damage by failing to inherit from a person who is still alive."  Mot. to Dismiss at 3.  The Ninth Counterclaim, however, properly seeks declaratory relief, which may be granted before harm arises so as to determine the rights and obligations of the parties with respect to an existing dispute.  The Motion must be denied.

Oregon has adopted the Uniform Declaratory Judgments Act (UDJA).  *See* ORS 28.010 – 28.160.    The purpose of the UDJA is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations," and the Act "is to be liberally construed and administered." ORS 28.120.  It grants the court "power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed."  ORS 28.010.

Page 12 -  RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

Declaratory judgment is a form of "preventative justice, designed to relieve parties of uncertainty by adjudicating their rights and duties before… damages [have been] suffered." *Beason v. Harcleroad*, 105 Or. App. 376, 380, 805 P.2d 700, 703 (Or. App. 1991). Under Oregon law,

> "[d]eclaratory relief is an equitable remedy, whose distinctive characteristic is that it <u>allows adjudication of the parties' rights and obligations on a matter in dispute regardless of whether claims for damages or injunctive relief have yet arisen</u>: 'In effect, it brings to the present a litigable controversy which otherwise might only be tried in the future.'"

*Oregon ex. rel. Dept. of Transp. v. Heavy Vehicle Electronic License Plate, Inc.* ("*ODOT*"), 198 F.Supp.2d 1202, 1206 (D. Or. 2002) (underline added) (citing *Societe de Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981)). Thus, a party need not have suffered harm to seek declaratory judgment, which is intended to remedy and resolve disputes over future harm by determining rights and obligations of the parties. A lack of existing harm is a distinctive feature of declaratory judgment claims.

In *Boeing Co. v. Cascade Corp.,* the Ninth Circuit affirmed the trial court's decision to grant Boeing declaratory relief regarding the liability of Cascade Corp. for future costs whose value was uncertain. 207 F.3d 1177 (9th Cir. 2000). Cascade argued "the district court lacked authority to issue a declaratory judgment allocating expenses not yet borne, and even if it had authority, the amounts were too speculative to support the judgment." *Id.* at 1191. The Ninth Circuit rejected this argument and held the trial court correctly granted declaratory judgment because "the facts bringing about [the parties'] relative responsibility have already occurred." *Id.* at 1192.

Similarly, the Wisnovsky Defendants seek declaratory judgment regarding Couvrette's personal liability for damages they will incur in the future as a result of her intentional

Page 13 -  RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

interference with their prospective inheritance. Although the exact amount of their future damages remains uncertain, Couvrette's intentional interference with their prospective inheritance has already occurred. Couvrette perpetrated the interference between May and November of 2019 by taking over Ann's life and estate plan, making Ann dependent on her, and causing Ann to secretly sign a series of documents under suspicious circumstances that purported to give all of Ann's real estate and business assets to Couvrette and Robert, give Couvrette complete control over Ann's Trust and its assets, and strip Mark and Mike of the prospective inheritance of Wisnovsky Land and the Valley View Property that Ann had promised them.

Couvrette, acting as Trustee pursuant to the disputed 2019 Trust amendments, is currently attempting to sell the Valley View Property for $4,900,000. If it does not sell before Ann dies Couvrette will use her purported position as Trustee to distribute Wisnovsky Land and its Valley View Property to her and Robert. Either way, Mark and Mike will suffer enormous harm because they will not receive ownership of Wisnovsky Land and its Valley View Property. They properly seek a declaration that Couvrette is liable for that harm arising from her tortious interference with their prospective inheritance.

Declaratory judgment is appropriate to determine future rights and obligations even when they depend on the death of a person who is still alive. In *Borough v. Caldwell as Trustee of the Loren M. Caldwell Trust*, the Oregon Court of Appeals directed the trial court to grant declaratory judgment that an option to purchase real estate was valid even though it could not be exercised until after a living person had died. 314 Or. App. 48, 57, 61, 497 P.3d 1260, 1266, 1268 (Or. App. 2021). The Wisnovsky Defendants do not have to wait for Ann to die to obtain declaratory judgment regarding Couvrette's tortious interference with their prospective

/ / /

Page 14 -  RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

inheritance. It is a prospective remedy for a prospective inheritance Couvrette contends they have already lost.

Plaintiff may quibble that the Ninth Counterclaim is entitled "Intentional Interference with Prospective Inheritance," as opposed to "Declaratory Judgment." Either title would have been appropriate because the Ninth Counterclaim is a claim for declaratory judgment based on Couvrette's intentional interference with prospective inheritance. It is the substance of the claim that matters, not its title. FRCP 8I requires that "[p]leadings must be construed so as to do justice." The Oregon District Court and the Ninth Circuit have construed FRCP(e) as "confirm[ing] the liberality" with which pleadings should be construed. *Bailey v. Evergreen Estates MCH, LLC,* 2022 WL 7690562, 2 (D. Or. 2022), citing *Skaff v. Meridien N. Am. Beverly Hills, LLC,* 506 F.3d 832,839 (9th Cir. 2007). In *Bailey*, the Oregon District Court properly denied a motion to relabel allegations because it "elevat[ed] form over substance." If the Court deemed it necessary, however, the Wisnovsky Defendants could easily amend their Ninth Counterclaim to call it a claim for "Declaratory Judgment" or elaborate on the facts supporting the claim as they have done in this response.

The Wisnovsky Defendants are not aware of any Oregon court opinion dismissing a claim for declaratory judgment to assign liability for tortious interference with prospective inheritance on the grounds that the testator was still alive. Couvrette's motion identifies no such case but relies instead on *Butcher v. McClain*, 244 Or. App. 316, 260 P.3d 611 (Or. Ct. App. 2011), and *Frakes v. Nay*, 254 Or. App. 256, 295 P.3d 94, (Or. Ct. App. 2012). These cases both ruled that a claim for damages for tortious interference with prospective inheritance does not accrue for statute of limitations purposes until the testator dies because until that time the claimant has not been harmed.

The Wisnovsky Defendants seek declaratory judgment, not damages. As noted above, the "distinctive characteristic" of a claim for declaratory relief is that it "allows adjudication of the parties' rights and obligations on a matter in dispute regardless of whether claims for damages or injunctive relief have yet arisen[.]" *ODOT*, 198 F.Supp.2d at 1206. *Butcher* and *Frakes* do not support dismissal of the Ninth Counterclaim, which seeks a declaration that Couvrette is liable for harm arising in the future as a result of her tortious interference with Mark and Mike's prospective inheritance.

*Butcher* held, "a declaratory judgment action is not the proper subject at a motion to dismiss, except for want of a justiciable controversy." 260 P.3d 611, 616 n.2. (Or. Ct. App. 2011). In another case, the Oregon Court of Appeals elaborated, "[a]s a rule, an action for declaratory judgment may not be dismissed for failure to state a claim. If the complaint presents a justiciable controversy, a motion to dismiss… should be denied." *Doe v. Medford School Dist. 549C,* 232 Or. App. 38, 44, 221 P.3d 787, 791 (Or. App. 2009). Couvrette's Motion does not argue the Ninth Counterclaim fails to present a justiciable controversy. Having omitted that argument, Couvrette cannot raise it for the first time in her reply brief. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n. 4 (9th Cir. 2000) ("Issues cannot be raised for the first time in a reply brief."). The Motion must be denied.

Even if Couvrette were allowed to belatedly and improperly argue the Ninth Counterclaim fails to present a justiciable controversy, the argument would be unavailing. Justiciability requires an "actual and substantive controversy" between parties that have "adverse legal interests" based on actual facts, rather than "hypothetical," or future, facts. *Brown v. Oregon State Bar*, 293 Or. 446, 449, 648 P.2d 1289, 1292 (Or. 1982). Couvrette's scheme to tortiously interfere with Mark and Mike's prospective inheritance is complete and not

Page 16 - RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

hypothetical.  Her liability for that interference is presently justiciable even if the value of the resulting harm cannot be calculated until Ann dies.  As discussed above, declaratory judgment is intended to remedy or prevent future harm.  The Ninth Counterclaim is justiciable.

The Ninth Counterclaim seeks a declaration holding Couvrette liable "[t]o the extent the counterclaims set forth above do not adequately remedy [her] tortious interference" so as to make Mark and Mike "whole."  Answer at 25 ¶ 98.  Thus, it is pleaded as an alternative claim, which is expressly permitted by law.

FRCP 8 (d)(2) provides:

> "(2) *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

(Italics in original).  Accordingly, a party may allege alternative or inconsistent claims based on the same conduct.  *MB Fin. Grp., Inc. v. U.S. Postal Serv.,* 545 F.3d 814, 819 (9th Cir. 2008); *Hillis v. Heineman*, 626 F.3d 1014, 1018 (9th Cir. 2010) (emphasizing that the right to "argue alternative positions without waiver" is an "important and constructive principle of our adversary system."); *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1146 (D. Or. 2020) (holding a plaintiff "cannot be required to elect upon which theory the plaintiff will rely").

The Ninth Counterclaim properly seeks a declaration that Couvrette is liable for damages arising in the future as a result of her tortious interference with prospective inheritance to the extent the other counterclaims do not adequately remedy her tortious interference to make Mark and Mike whole.  The Ninth Counterclaim is well pleaded and states a claim upon which relief can be granted.  The Motion must be denied.

/ / /

## IV.    CONCLUSION

The Ninth Counterclaim is supported by detailed factual allegations about how Couvrette tortiously interfered with Mark and Mike's prospective inheritance of Wisnovsky Land and the Valley View Property where their business has operated its vineyard and winery for decades. Couvrette did this using undue influence and other improper means to take control of the life and estate plan of Mark and Mike's mother, Ann, after Ann had begun losing her memory and lacked the capacity to understand her purported decisions.

Couvrette caused Ann to throw out the estate plan she had carefully designed and adjusted with the help of her long-time Oregon attorney over many years. She caused Ann to replace it with a plan that would leave all of Ann's real estate and business assets to Couvrette and Robert and revoke the trust amendments that left Wisnovsky Land and its Valley View Property to Mark and Mike.

Couvrette is now attempting to sell the Valley View Property. If it has not sold when Ann dies, Couvrette will use her purported position as Trustee to distribute Wisnovsky Land to her and Robert. Either way, Mark and Mike will suffer enormous harm when they are deprived of their prospective inheritance of Wisnovsky Land and the Valley View Property. They properly seek a declaration that Couvrette is liable for damages for all harm arising in the future as a result of her tortious interference with their prospective inheritance.

/ / /

/ / /

/ / /

/ / /

/ / /

Page 18 -  RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

The Ninth Counterclaim is justiciable.  The Motion should be denied.  Alternatively, Mark and Mike should be given leave to amend their Ninth Counterclaim to address any specific defect the Court might identify in deciding the Motion.

DATED:  January 31, 2023

CHENOWETH LAW GROUP, P.C.


By: _____/s/ Brooks M. Foster_____
        Brooks M. Foster, OSB No. 042873
        bfoster@chenowethlaw.com
        Bradley T. Crittenden, OSB No. 173274
        bcrittenden@chenowethlaw.com
        *Attorneys for Defendant Michael J. Wisnovsky,*
        *Mark A. Wisnovsky, and Valley View Winery,*
        *Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2023, I caused to be served a copy of the foregoing **RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))** on the following person(s) in the manner indicated below:

Ms. Bonnie Richardson,
Richardson Wang, LLP
805 SW Broadway, Ste. 470
Portland, OR 97205
bonnie@richardsonwang.com
*Attorneys for Plaintiffs/Counter-Defendants*
*Joanne Couvrette and Wisnovsky Land LLC*

Mr. Gregory T. Lusby
Arnold Gallagher, PC
800 Willamette St. Ste. 800
PO Box 1758
Eugene, OR 97440
glusby@arnoldgallagher.com
*Attorney for Defendant Jarvis, Dreyer,*
*Gate& Larsen, LLP*

Bernard S. Moore
Frohnmayer Deatherage
2592 E. Barnett Rd.
Medford, OR 97504
moore@fdfirm.com
*Attorney for Defendant Patrick Huycke*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com
*Attorney for Defendant Mark Wisnovsky,*
*Michael Wisnovsky and Valley View Winery*

by the following method(s):

xx_____    by **e-service via CM/ECF** on the date set forth below.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for perjury.

DATED: January 31, 2023

*/s/ Skylar Washabaugh_____*
Skylar Washabaugh, Paralegal

Page 1 - CERTIFICATE OF SERVICE