**Bonnie Richardson, OSB No. 983331**
Email: bonnie@richardsonwang.com
Richardson Wang LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP,<br><br>Defendants. | Case No. 1:21−cv−00157−CL<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6)) |

**REPLY**

In opposing Plaintiff Couvrette's motion to dismiss the ninth counterclaim— "Tortious Interference with Prospective Inheritance"—the Wisnovsky Defendants attempt to recast an inchoate state tort claim as a declaratory action by replacing the tort *elements* of causation and damage with the *remedy* of a declaratory judgment for "liability for damages" that they concede not having suffered and that they may never suffer. This is an improper use of the Federal Declaratory Judgment Act. As recast by the Wisnovsky Defendants, the ninth counterclaim does

Page 1 – PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

not present a justiciable controversy; in any event, the Court, in its discretion, should decline to entertain the claim.

The Wisnovsky Defendants argue that they were never attempting to assert a tort with their ninth counterclaim, but rather a claim for declaratory relief. The plain words in their pleading state otherwise. The ninth counterclaim is titled: "**(Tortious Interference with Prospective Inheritance – Against COUVRETTE)**." *Defs' Second Amended Answer, Affirmative Defenses, and Counterclaims* ("*Defs.' Ans.*") at 25 (ECF No 73; 11/23/22) (boldface in original). By contrast, the Wisnovsky Defendants titled their seventh counterclaim **"Declaratory Judgment re Incapacity,"** thus clearly identifying a claim for declaratory relief *Defs.' Ans.* at 22 (boldface in original). The Wisnovsky Defendants explain the title of the ninth counterclaim as a mere oversight, but the substance of the ninth counterclaim attempts to establish monetary liability upon a claim for tortious interference with inheritance. The counterclaim's substantive (and wholly conclusory) allegations mirror the elements of the tort (except damages and causation): "COUVRETTE tortiously interfered with the prospective inheritance of MARK and MICHAEL when she intentionally caused Ann Wisnovsky to take certain actions purporting to deprive MARK and MICHAEL of the right to inherit WISNOVKSY LAND and its Valley View Property." *Defs.' Ans.* at 25. It also asserts that "COUVRETTE acted with an improper means or purpose." *Defs.' Ans.* at 25. It includes an allegation designed to establish the timeliness of the tort claim under Oregon law: "MARK and MICHAEL learned about COUVRETTE's interference within the two years before filing their original counterclaims in this lawsuit on April 13, 2021." *See Butcher v. McClain*, 260 P.3d 611 (Or. Ct. App. 2011) (two-year limitations period of 12.110(1) applies to intentional interference inheritance claims). Nowhere does the counterclaim contain a citation to statutory law authorizing the assertion of a declaratory judgment claim. And, the ninth counterclaim seeks not just a declaration of rights, but a "declaratory judgment holding Couvrette *liable for damages for all harm arising in the future from her tortious interference*." *Def.s' Resp.*

Page 2 – PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

*to Mot. to Dismiss* ("*Defs.' Resp.*") at 11–12 (ECF 82; 2/1/23) (emphasis added).  Taken together, those allegations naturally present an attempt to allege a tort claim, even seeking a remedy of "liability for damages."

Even under the Wisnovsky Defendants' reconceptualization, their ninth counterclaim still fails as a matter of law.  Damages and causation need to be alleged to render a tortious interference claim actionable; but, as established below, defendants cannot prematurely ripen an inchoate state tort into a presently justiciable controversy by substituting a claim for declaratory relief in place of allegations about damages or causation.

As a preliminary matter, the Wisnovsky Defendants' response is fundamentally flawed in two respects.  First, its extended promotional narrative is littered with factual allegations that not only find no support in the pleadings, but are unsupported by any proper citation.  *See, e.g.*, *Defs.' Resp.* at 7 (asserting unpled factual narrative pertaining to February 27, 2017, letter written by Patrick Huycke); *compare Defs.' Resp.* at 10 (alleging facts about the terms of a *third* trust amendment and citing to "Answer at 10 ¶ 34") *with Defs.' Ans.* at 10 ¶ 34 (containing allegations about the terms of the *fourth* trust amendment).  Because those factual allegations of the response are entirely irrelevant to the issues before the Court and are not supported by any evidence, Couvrette objects to all unsupported factual assertions in the response and requests that the Court strike and disregard them.

Second, the Wisnovsky Defendants attempt to defend the sufficiency of their ninth counterclaim as a matter of Oregon's Uniform Declaratory Judgments Act, O.R.S. 28.010–28.160. The Oregon legislature, however, has no power to add or detract from this Court's authority to consider a claim for declaratory judgment (nor, by the plain terms of O.R.S. 28.010, did the legislature attempt to do so).  Instead, the ability of this Court to entertain and pass upon a declaratory judgment claim is determined by 28 U.S.C. §§ 2201–2202, the federal Declaratory Judgment Act.  *E.g.*, *Parker v. Gen. Motors Corp.*, CIV 99-574 LCS, 1999 WL 35808369, at *1

Page 3 – PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

(D. N.M. Oct. 14, 1999) ("Because declaratory judgments are matters of procedural law rather than substantive law, the Court applies the federal Declaratory Judgment Act, rather than any analogous state declaratory judgment act, in diversity cases."); *DeFeo v. Procter & Gamble Co.,* 831 F. Supp. 776, 779 (N.D. Cal. 1993) ("The propriety of granting declaratory relief in federal court is a procedural matter. Therefore, the Declaratory Judgment Act is implicated even in diversity cases, whether an action is originally filed in federal court or is properly removed there by defendant." (Internal citations omitted.)).

The Wisnovsky Defendants' proffered analytical framework thus fails, and the Court must analyze the ninth counterclaim under rubric of the Declaratory Judgment Act, which provides:

> "In a case of actual controversy within its jurisdiction, [subject to inapplicable exceptions]. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

28 U.S.C.A. § 2201(a) (2020). Under that language, the Court must engage in a two-step analysis in assessing the sufficiency of a declaratory claim. First, it must determine whether the claim presents an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998) (en banc). At the second step, and because the Declaratory Judgment Act is stated in permissive terms ("*may* declare the rights…"), the Court determines whether it should entertain the claim as a matter of its discretion. *See Public Affairs Associates v. Rickover*, 369 U.S. 111, 112, 82 S. Ct. 580, 581–82, 7 L.Ed.2d 604 (1962) ("The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.").[1]

---

[1] The Wisnovsky Defendants attempt to preempt this argument by contending that it was not made

Page 4 – PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

The requirement that an "actual controversy" exist under 28 U.S.C. § 2201(a) is "identical to Article III's constitutional case or controversy requirement." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (internal quotation marks omitted). "If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." *Id.* "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. U.S.*, 523 U.S. 296, 118 S. Ct. 1257, 140 L.Ed.2d 406 (1998) (internal quotation marks omitted). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 826 (1941). "[T]he burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed." *Cisco Sys., Inc. v. Alberta Telecommunications Research Ctr.*, 892 F. Supp.2d 1226, 1230 (N.D. Cal. 2012), *aff'd*, 538 Fed. Appx. 894 (Fed. Cir. 2013).

"The purpose of the Declaratory Judgment Act is to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof without having to wait until his adversary should decide to bring suit, and to act at his peril in the interim." *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 342 (9th Cir. 1966). Accordingly, the natural

in the motion to dismiss. Several points in response: First, a reply is naturally designed to address the points raised in the response; plaintiff did not anticipate that the Wisnovsky Defendants would attempt to uphold a claim labeled "Tortious Interference with Prospective Inheritance" under Oregon's declaratory judgment scheme. Second, the fundamental point of the motion, that causation and damages are absent here, is the very heart of this reply; that is, a tortious interference claim without damages does not provide a basis for this Court to provide *any* relief. Third, the subject-matter jurisdictional component of declaratory relief may be raised at any point. For those reasons, and to whatever extent necessary, plaintiff urges (1) that there is "good cause shown," to consider the reply's arguments; that, (2) to the extent the exact argument of the reply was not raised in the original motion, the unanticipated argument raised in the response brief excuses the omission; and (3) that the failure to raise the issue did not prejudice the Wisnovsky Defendants. *See Koerner v. Grigas*, 328 F.3d 1039, 1048–49 (9th Cir. 2003) (identifying exceptions to the rule against considering new arguments raised in reply brief).

Page 5 – PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

bounds of declaratory relief are contexts such as parties' rights under contract, the legality of a prospective action under a statute, or whether a new invention would violate an existing patent, *viz.*, circumstances where declaratory relief would prospectively alleviate uncertainty about a course of action. Here, the Wisnovsky Defendants attempt a fundamentally different maneuver, to slice apart the elements of an unaccrued state *tort* claim and to litigate a portion of that unaccrued claim. In the scarce instances where that venture has previously been tried, courts have consistently rejected the attempt. *See United Ins. Co. of America v. Harris*, 939 F. Supp. 1527 (M.D. Ala 1996) (acknowledging point that "although few courts have addressed the issue. . . those that have, have almost uniformly concluded that tort claims are ill-suited for declaratory relief" and citing cases); *Cunningham Bros., Inc v. Bail*, 407 F.2d 1165 (7th Cir. 1969) (affirming trial court's dismissal of declaratory action concerning plaintiff's tort liability and stating, "[t]o allow declaratory action under the facts before us would be to allow a substitute for the traditional procedures for adjudicating negligence cases."); *SunOil Co. v. Transcontinental Gas Pipe Line Corp.*, 108 F. Supp. 280 (E.D. Pa. 1952), *aff'd*, 203 F.2d 957 (3d Cir. 1953) ("[I]t is not one of the purposes of the declaratory judgment act[ ] to enable a prospective negligence action defendant to obtain a declaration of non-liability."). Although the issue has most commonly arisen in federal court in the context of potential tort defendants seeking to obtain a declaration of non-liability, the essential principle at issue works both ways: it is not a purpose of the Declaratory Judgment Act to allow presently non-justiciable state tort claims to be chopped up and litigated piecemeal. Doing so necessarily does not alleviate any uncertainty, but rather instead countenances litigating a portion of a claim that may never accrue.

The Wisnovsky Defendants' unsupported assertion that they will inevitably suffer damages caused by Couvrette's alleged tortious conduct is incorrect. Thus, if the Court were to issue the declaration that they seek—that Couvrette engaged in tortious conduct—there is every chance it would be issuing a constitutionally impermissible advisory opinion, one without any practical

Page 6 – PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

effect.  *See, e.g.*, *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1089 (C.D. Cal. 2020) ("[T]he Court cannot issue a declaration that would be devoid of practical effect.").  One can conceive a universe of possible subsequent events that would mean the Wisnovsky Defendants would never be caused damage by the alleged conduct.  One or the other (or both) of them might predecease Ann, in which case the alleged "right" to inherit would—so far as the pleadings are concerned (and, in point of fact, as a matter of the trust amendment they advocate for)—never accrue to the predeceasing sibling.  The property may become damaged, destroyed, or encumbered to the extent where the Wisnovsky Defendants would not be damaged by their failure to inherit it.  The property might be condemned or seized by eminent domain.  On top of all else, their other counterclaims—on paper, anyway—hold the prospect of restoring the prospective lost inheritance that they posit as their (speculative) form of damages.  Prevailing on the first, seventh, or (potentially) eighth counterclaims, would restore the Wisnovsky Defendants' inheritance to what they deem it ought to be.  None of this is to predict the future, but that is precisely the point: any number of remote and unpredictable contingencies might render any declaration that Couvrette allegedly acted tortiously a mere declaration without any practical effect or impact.  A legal declaration that tortious conduct was visited upon a person who is never damaged because of that conduct is necessarily an impermissible advisory opinion.

*Parker v. General Motors Corp.*, CIV 99-574 LCS, 1999 WL 35808369 (D. N.M. Oct. 14, 1999), illustrates the point.  There, a plaintiff on behalf of a putative class sought a declaration that certain of the defendant automaker's internal trunk release mechanisms were defective.  There was no assertion that any member of the putative class had been caused harm because of the alleged defect.  The defendant filed a motion to dismiss under Rule 12(b)(6), arguing "that there is no case or controversy present. . . because Plaintiff cannot state a tort cause of action without alleging either personal injury or some other damages to the putative class members."  *Id.* at *2.  The court agreed and dismissed the declaratory claim as to the class, holding:

Page 7 – PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

"I conclude that Plaintiff's putative class claims do not present a justiciable case or controversy as they are presently stated. Plaintiff is not alleging that the putative class members have been damaged in any way, except that they possess a defective product. The allegedly defective product may or may not ever cause any damages to the putative class members…. I find the lack of present damages suffered by the putative class members to be an indication that any causes of action brought in tort do not yet constitute a 'concrete and definite dispute' suitable for a declaratory judgment."

*Id.*

Oregon's declaratory judgment framework (which is illustrative and not, as Wisnovsky Defendants contend, controlling) reinforces the point in the context of Oregon's own justiciable controversy requirement. In *Berg v. Hirschy*, corporate shareholders brought a suit for declaratory relief against the corporation's attorneys for negligent tax advice. 136 P.3d 1182, 1184 (Or. Ct. App. 2006). There was no claim that the advice had harmed the corporation in the form of adverse tax consequences, only the assertion that harm might occur in the future, should the taxing authorities proceed in a certain fashion. The plaintiffs sought a declaration establishing the defendants' negligent conduct and liability for any increased taxes that might be assessed down the road in result of that conduct. The Oregon Court of Appeals (consistent with the federal courts that have considered the issue) upheld the trial court's dismissal of the claim on the grounds that no justiciable controversy existed: "Plaintiffs' claims here depend on the occurrence of future events that may or may not happen. A cause of action for negligence does not arise until the defendant's negligence causes harm and results in damages to the plaintiff." *Id.* at 1184. The Court held that the controversy did not lend itself to final judgment "because even if the court ruled on defendants' allegedly negligent conduct—*i.e.,* on isolated elements of their potential negligence claim—plaintiffs' action for negligence may never arise."[2] *Id.* at 476. So too here. If this Court

_____

[2] That holding also refutes the response's argument that Oregon courts have held that declaratory actions may be brought under Oregon's statutory scheme before the occurrence of damages. *See Defs.' Ans.* at 13 (citing *Beason v. Harcleroad*, 105 Or. App. 376, 380, 805 P.2d 700, 703 (Or. App. 1991). The *Berg* court noted that that proposition was true, but only in "certain contexts,"

Page 8 – PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

RICHARDSON WANG LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637

declared that certain tortious conduct occurred, but it turns out that the Wisnovsky Defendants are never caused damages thereby, no tort claim will have ever arisen, and the Court will have issued an advisory opinion about Couvrette's *potential* liability.

Against those points, the Wisnovsky Defendants' invocation of *Boeing v. Cascade Corp.*, 207 F.3d 1177 (2000) avails them nothing. For one thing, that case involved the remedial provisions of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), not the Declaratory Judgment Act. *Id.* at 1180. For another, there was no question, in that case, that the parties *had already incurred* expenses in the form of liabilities for clean-up costs for industrial pollution; it being undisputed that those costs would continue for both parties into the future, the question was merely how to allocate those future costs between the two industrial polluters for their prior conduct. In other words, the parties had litigated their respective responsibility for an established harm; in that specific circumstance, under CERCLA, it was not error to allocate future clean-up costs for that harm between them in proportion to their established respective allocations of fault. *Id.* at 1192. Here, by contrast, Wisnovsky Defendants have not established that they have been, or ever will be, harmed by the changes to Ann's estate plan.

Even if Wisnovsky Defendants have carried their burden to establish an actual controversy within the meaning of Article III, the Court should, at step two of the analysis, decline to exercise its discretion to consider the declaratory counterclaim. *See Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494, 62 S. Ct. 1173, 1175, 86 L. Ed. 1620 (1942) ("Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. s 400, it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court."). Under *Brillhart*, in determining whether to discretionarily decline consideration of a declaratory claim on a motion to dismiss, the Court should "avoid needless determination of state law issues," "discourage litigants from forum

---

such as a prospective breach of contract. Where the declaration sought pertains to an inchoate tort, however, the case is deemed non-justiciable. *See Berg*, 136 P.3d at 1184 n.4.

Page 9 – PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

shopping," and "avoid duplicative litigation." *Dizol*, 133 F.3d at 1225. In *Dizol*, The Ninth Circuit added the following (non-exclusive) considerations:

> "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."

133 F.3d at 1225 n.5 (internal citation omitted). For the reasons discussed above, the declaratory relief requested by the ninth counterclaim will not begin to settle "all aspects" of a controversy, nor will it clarify the legal relations at issue, nor serve any "useful purpose." Litigating a tort claim piecemeal, by answering merely the question of whether conduct was tortious, necessarily does not settle "all aspects" of a tort claim (which is presumably why Wisnovsky Defendants are unable to proffer any case endorsing such an unorthodox method of pleading and procedure in the tort context). Nor will it provide the parties any certainty, insofar as the declaration might never have any practical effect. In short, asking this Court to issue a bare declaration that Couvrette committed tortious conduct is of little use to parties who cannot foresee the universe of possible intervening events affecting their respective rights and liabilities.

Finally, the Court can decline to exercise its discretion because the ninth counterclaim is wholly redundant of other counterclaims. If Wisnovsky Defendants prevail on their first, seventh, or (potentially) eighth counterclaims, they will not ever be caused any damages by the alleged tortious interference. If they do not prevail on those claims—*e.g.*, there was no undue influence, Ann had capacity, and there was no breach of a contract—the effect will be the same as a finding that Couvrette did not engage in the predicate tortious conduct alleged in the ninth counterclaim (that claim being wholly predicated on certain of the conduct alleged as the bases for those other counterclaims).

///

Page 10 – PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6))

**CONCLUSION**

At best, the Wisnovsky Defendants' ninth counterclaim is premature; at worst, it seeks an impermissible advisory opinion. Plaintiff respectfully requests that it be dismissed.

DATED this 14th day of February, 2023.

RICHARDSON WANG LLP

By: _____

Bonnie M. Richardson, OSB No. 983331
bonnie@richardsonwang.com
Attorney for Plaintiffs

Trial Attorney: Bonnie Richardson

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2023, I caused to be served a copy of the foregoing PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS NINTH COUNTERCLAIM (PURSUANT TO FED. R. CIV. P. 12(B)(6)) on the following person in the manner indicated below at the following addresses:

Bernard S. Moore
Frohnmayer Deatherage
2592 E. Barnett Rd.
Medford, OR 97504
moore@fdfirm.com
    *Attorney for Defendant Patrick Huycke*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St Ste B
Grants Pass OR  97526
jdole@wlrlaw.com
    *Attorney for Defendants Michael*
    *Wisnovsky and Mark Wisnovsky*

Gregory Lusby
Arnold Gallagher PC
800 Willamette St Ste 800
PO Box 1758
Eugene OR  97440
glusby@arnoldgallagher.com
    *Attorney Defendant Jarvis, Dreyer,*
    *Glatte & Larsen, LLP*

Brooks Foster
Bradley Crittenden
Chenoweth Law Group PC
510 SW 5th Avenue, 4th Floor
Portland, OR 97204
bfoster@chenowethlaw.com
bcrittenden@chenowethlaw.com
    *Attorney for Defendants Michael*
    *Wisnovsky and Mark Wisnovsky*

☒ by **CM/ECF**

☒ by **Electronic Mail**

☐ by **US Postal Service**

☐ by **Hand Delivery**

☐ by **Overnight Delivery**

By _s/Bonnie Richardson_
Bonnie Richardson, OSB No. 983331
bonnie@richardsonwang.com
Attorney for Plaintiffs

CERTIFICATE OF SERVICE