**Bonnie Richardson, OSB No. 983331**
Email: bonnie@richardsonwang.com
Richardson Wang LLP
805 SW Broadway, Suite 470
Portland, Or 97205
Telephone: (503) 546-4637
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP, <br><br> Defendants. | Case No. 1:21−cv−00157−CL <br><br> PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS |

In reply to Defendants Mark A. Wisnovsky, Michael J. Wisnovsky, and Valley View Winery, Inc.'s (collectively "Defendants") Third Amended Answer, Affirmative Defenses, and Counterclaims, Plaintiffs Joanne Couvrette ("Plaintiff Couvrette") and Wisnovsky Land, LLC ("Plaintiff Wisnovsky Land") admit, deny, and allege as follows:

///

///

Page 1 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

## FIRST COUNTERCLAIM

### (Undue Influence – Against COUVRETTE)

1.

Paragraph 29 re-alleges paragraphs 1 through 28 of Defendants' Answer, Affirmative Defenses, and Counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in Plaintiffs' First Amended Complaint, Plaintiffs deny those allegations.

2.

The allegations in paragraphs 29 through 45 in Defendants' Answer, Affirmative Defenses, and Counterclaims are not directed to Plaintiff Wisnovsky Land and require no response from Plaintiff Wisnovsky Land. To the extent a response is required, Plaintiff Wisnovsky Land incorporates the responses of Plaintiff Couvrette.

3.

In response to paragraph 30, Plaintiff Couvrette admits she was aware of Ann Wisnovsky's estate plan to split her estate evenly between her children. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 30.

4.

In response to paragraph 31, Plaintiff Couvrette admits that Ann Wisnovsky executed an Amended Agreement to Make Payments, Second Addendum to the Vineyard Lease, and Second Trust Agreement. Plaintiff Couvrette admits that in February 2017, Wisnovsky Land owned the real property described in this paragraph. To the extent that paragraph 31 characterizes the terms of these agreements, the contracts speak for themselves and therefore no response is required. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 31.

5.

In response to paragraph 32, Plaintiff Couvrette admits that Ann Wisnovsky signed a

Page 2 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

Third Trust Amendment. To the extent that paragraph 32 characterizes the terms of the Amendment, the document speaks for itself and therefore no response is required. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 32.

6.

In response to paragraph 33, Plaintiff Couvrette admits that Ann Wisnovsky visited San Diego, California in May 2019 and signed a Power of Attorney, Advance Directive, and Fourth Trust Amendment. To the extent that paragraph 33 characterizes the terms of these documents, they speak for themselves and no response is required. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 33.

7.

In response to the allegations in paragraph 34, Plaintiff Couvrette admits that Joanne Couvrette's power of attorney gives Joanne Couvrette certain authorities to act on behalf of Ann Wisnovsky. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 34.

8.

In response to the allegations in paragraph 35, the Ann Wisnovsky Trust documents speak for themselves and therefore no response is required. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 35.

9.

Plaintiff Couvrette denies the allegations in paragraph 36–37.

10.

In response to paragraph 38, Plaintiff admits that Ann Wisnovsky was in Oregon in June 2019. Plaintiff admits that Gary Turner drafted a Fifth Trust Amendment. To the extent that paragraph 38 characterizes the terms of the Amendment, the document speaks for itself and therefore no response is required. Except as expressly admitted, Plaintiff Couvrette denies the

Page 3 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

allegations of paragraph 38.

11.

In response to paragraph 39, Plaintiff admits that Ann Wisnovsky traveled to San Diego in July 2019. Except as expressly admitted, Plaintiff Couvrette denies the allegations in paragraph 39.

12.

In response to paragraph 40, Plaintiff Couvrette denies the allegations.

13.

In response to paragraph 41, Plaintiff Couvrette admits that Ann Wisnovsky executed a Revocation and Termination of Redemption Agreement. To the extent that paragraph 41 characterizes the terms of the Agreement, the document speaks for itself and therefore no response is required. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 41.

14.

In response to paragraph 42, Plaintiff Couvrette admits that Ann Wisnovsky executed a Sixth Trust Amendment. To the extent that paragraph 42 characterizes the terms of the Amendment, the document speaks for itself and therefore no response is required. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 42.

15.

In response to paragraph 43, Plaintiff Couvrette admits that Ann Wisnovsky resigned as co-Trustee, leaving Plaintiff Couvrette as the sole Trustee. To the extent that paragraph 43 characterizes the terms of Ann's resignation, the document speaks for itself and therefore no response is required. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 43.

/ / /

Page 4 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

16.

In response to paragraph 44, Plaintiff Couvrette denies the allegations.

17.

In response to paragraph 45, Plaintiff Couvrette admits that Ann Wisnovsky passed away on March 16, 2023.

## SECOND COUNTERCLAIM

### (Breach of Contract – Against WISNOVSKY LAND)

18.

Paragraph 46 re-alleges paragraphs 1 through 45 of Defendants' Answer, Affirmative Defenses, and Counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–17, above, Plaintiffs deny those allegations.

19.

The allegations in paragraphs 46 through 64 in Defendants' Answer, Affirmative Defenses, and Counterclaims are not directed to Plaintiff Couvrette and therefore require no response from Plaintiff Couvrette. To the extent a response is required, Plaintiff Couvrette incorporates the responses of Plaintiff Wisnovsky Land.

20.

In response to paragraph 47, Plaintiff Wisnovsky Land admits that Mark and Michael Wisnovsky have participated in the winery business and that Valley View Winery remains in the business of producing wine and growing fruit. Plaintiff Wisnovsky Land lacks sufficient knowledge and information to form a belief about the allegation that Mark and Michael Wisnovsky own all of the issued and outstanding shares of Valley View Winery, and therefore denies that allegation. To the extent not expressly admitted, Plaintiff Wisnovsky Land denies the allegations of paragraph 47.

Page 5 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

21.

To the extent that paragraph 48 characterizes the terms of the Vineyard Lease and addenda (the "Vineyard Lease"), the documents speak for themselves and therefore no response is required. To the extent not expressly admitted, Plaintiff Wisnovsky Land denies the allegations of paragraph 48.

22.

Paragraph 49 sets forth a legal conclusion for which no response is required. To the extent not expressly admitted, Plaintiff Wisnovsky Land denies the allegations of paragraph 49.

23.

In response to paragraph 50, Plaintiff Wisnovsky Land lacks sufficient knowledge and information to admit or deny the allegations of paragraph 48, and therefore denies those allegations.

24.

In response to paragraph 51, Plaintiff Wisnovsky Land lacks sufficient knowledge and information to admit or deny the allegations, and therefore denies those allegations.

25.

In response to paragraph 52, Plaintiff Wisnovsky Land lacks sufficient knowledge and information to admit or deny the allegations, and therefore denies those allegations.

26.

In response to paragraph 53, Plaintiff Wisnovsky Land denies the allegations in the first sentence, except that Plaintiff Wisnovsky Land does not respond to allegations about privileged and confidential attorney-client communications. Plaintiff Wisnovsky Land lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 53, and therefore denies those allegations.

/ / /

Page 6 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

27.

In response to paragraph 54, Plaintiff Wisnovsky Land lacks sufficient knowledge and information to admit or deny the allegations, and therefore denies those allegations.

28.

Plaintiff Wisnovsky Land denies the allegations in paragraphs 55. To the extent that paragraph 55 characterizes the terms of the leases, the documents speak for themselves and therefore no response is required. Except as expressly admitted, Plaintiff Couvrette denies the allegations of paragraph 55.

29.

In response to paragraph 56, Plaintiff Wisnovsky Land denies those allegations.

30.

In response to paragraph 57, Plaintiff Wisnovsky Land admits that various writings demanding rent were sent to Defendants and their counsel. Plaintiff Wisnovsky Land does not respond to allegations about privileged and confidential attorney-client communications. Plaintiff Wisnovsky Land lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 53, and therefore denies those allegations.

31.

In response to paragraph 58, Plaintiff Wisnovsky Land denies that Defendants have been, or will be, damaged by any of its actions. Except as expressly admitted, Plaintiff Wisnovsky Land lacks information or knowledge sufficient to form a belief about the allegations of paragraph 58 and therefore denies those allegations.

32.

In response to paragraphs 59–62, Plaintiff Wisnovsky Land denies any bad faith. Plaintiff otherwise lacks information or knowledge sufficient to form a belief about the allegations of paragraphs 59–60 and therefore denies these allegations.

Page 7 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

33.

Paragraph 63 sets forth a legal conclusion for which no response is required. To the extent not expressly admitted, Plaintiff Wisnovsky Land denies the allegations of paragraph 63.

34.

Plaintiff Wisnovsky Land admits that the Vineyard Lease contains paragraph 16.2. To the extent paragraph 64 characterizes the terms of the Vineyard Lease, the document speaks for itself and therefore no response is required. To the extent not specifically admitted here, Plaintiff Wisnovsky Land denies the allegations in paragraph 64.

## THIRD COUNTERCLAIM

### (Tortious Interference with Economic Relations – Against PLAINTIFFS)

35.

Paragraph 65 re-alleges paragraphs 1 through 64 of Defendants' Answer, Affirmative Defenses, and Counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–24, above, Plaintiffs deny those allegations.

36.

Paragraphs 66–69 set forth legal conclusions for which no response is required. To the extent not specifically admitted, Plaintiffs deny the allegations of paragraphs 66–69.

37.

Paragraph 70 sets forth multiple legal conclusions for which no response is required. Plaintiffs admit that the Vineyard Lease contains paragraph 16.2. To the extent that paragraph 70 characterizes the terms of the Vineyard Lease, the document speaks for itself and therefore no response is required. To the extent not specifically admitted here, Plaintiffs deny the allegations in paragraph 70.

Page 8 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

## FOURTH COUNTERCLAIM

## (Breach of Contract / Overpayment – Against WISNOVSKY LAND)

38.

Paragraph 71 re-alleges paragraphs 1 through 70 of Defendants' Answer, Affirmative Defenses, and Counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–37, above, Plaintiffs deny those allegations.

39.

The allegations in paragraphs 72 through 78 in Defendants' Answer, Affirmative Defenses, and Counterclaims are not directed to Plaintiff Couvrette and therefore require no response from Plaintiff Couvrette. To the extent a response is required, Plaintiff Couvrette incorporates the responses of Plaintiff Wisnovsky Land.

40.

Plaintiff Wisnovsky Land denies the allegations of paragraph 72.

41.

In response to paragraph 73, Plaintiff Wisnovsky Land admits communicating with Defendants in August 2019 regarding unpaid rent. Plaintiff Wisnovsky Land further admits that Defendants demanded repayment of $71,589.88 on or around February 20, 2020, and no payment has been made in response to this demand. Except to the extent expressly admitted, Plaintiff Wisnovsky denies the remaining allegations of paragraph 73.

42.

In response to paragraph 74, Plaintiff Wisnovsky Land admits that Defendants communicated with Plaintiff Wisnovsky Land on or about February 20, 2020, and demanded payment in the amount of $71,589.88. Except to the extent expressly admitted, Plaintiff Wisnovsky Land denies the allegations of paragraph 74.

Page 9 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

43.

In response to paragraph 75, Plaintiff Wisnovsky Land admits that no payment has been made to Defendants in response to their demand for $71,589.88. Except as expressly admitted, Plaintiff Wisnovsky Land denies the allegations in paragraph 75.

44.

In response to paragraph 76, Plaintiff Wisnovsky Land admits that no payment has been made to Defendants in response to their demand for $71,589.88. Except as expressly admitted, Plaintiff Wisnovsky Land denies the allegations in paragraphs 76.

45.

Paragraph 77 sets forth legal conclusions for which no response is required. Except as expressly admitted, Plaintiff Wisnovsky Land denies the allegations in paragraph 77.

46.

Paragraph 78 sets forth a legal conclusion for which no response is required. To the extent that paragraph 78 characterizes the terms of the Vineyard Lease and/or the Winery Lease, those documents speak for themselves and therefore no response is required. To the extent not specifically admitted here, Plaintiff Wisnovsky Land denies the remaining allegations in paragraph 78.

## FIFTH COUNTERCLAIM

### (Money Had and Received – Against PLAINTIFFS)

47.

Paragraph 79 re-alleges paragraphs 1 through 78 of Defendants' Answer, Affirmative Defenses, and Counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–46, above, Plaintiffs deny those allegations.

Page 10 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

48.

In response to paragraph 80, Plaintiffs deny the allegations.

49.

In response to paragraph 81, Plaintiffs admit that no payment has been made to Defendants in response to their demand for $71,589.88. Except as expressly admitted, Plaintiffs deny the allegations in paragraph 81.

50.

Plaintiffs deny the allegations in paragraphs 82–83. To the extent that paragraphs 82-83 characterize the terms of the Vineyard Lease and/or the Winery Lease, those documents speak for themselves and therefore no response is required.

**SIXTH COUNTERCLAIM**

**(Declaratory Judgment re Lease Rights – by VVW Against WISNOVSKY LAND)**

51.

Paragraph 84 re-alleges paragraphs 1 through 83 of Defendants' Answer, Affirmative Defenses, and Counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–50, above, Plaintiffs deny those allegations.

52.

The allegations in paragraphs 84-87 in Defendants' Answer, Affirmative Defenses, and Counterclaims are not directed to Plaintiff Couvrette and therefore require no response from Plaintiff Couvrette. To the extent a response is required, Plaintiff Couvrette incorporates the responses of Plaintiff Wisnovsky Land.

53.

In response to the allegations of paragraph 85, Plaintiff Wisnovsky Land admits a

Page 11 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

justiciable controversy exists with respect to the validity or invalidity of the Leases, including the scope of Leased acreage under the Vineyard Lease, right to use the leased acreage for hemp operations, and right to construct an agricultural building like the PreFab Building. Except as expressly admitted, Plaintiff Wisnovsky Land denies the allegations in paragraph 85.

54.

Plaintiff Wisnovsky Land denies paragraph 86-87. Paragraph 86 sets forth a legal conclusion for which no response is required. To the extent that paragraph 87 characterizes the terms of the Vineyard Lease and/or the Winery Lease, those documents speak for themselves and therefore no response is required. To the extent not specifically admitted here, Plaintiff Wisnovsky Land denies the remaining allegations in paragraph 86-87.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment re Incapacity – Against PLAINTIFFS)

55.

Paragraph 88 re-alleges paragraphs 1 through 87 of Defendants' Answer, Affirmative Defenses, and Counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–54, above, Plaintiffs deny those allegations.

56.

Plaintiffs deny paragraphs 89–91.

## EIGHTH COUNTERCLAIM

### (Breach of Contract – Against PLAINTIFFS)

57.

Paragraph 92 re-alleges paragraphs 1 through 91 of Defendants' Answer, Affirmative

Page 12 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

Defenses, and Counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–56, above, Plaintiffs deny those allegations.

58.

In response to paragraphs 93-97, Plaintiffs deny the allegations.

**NINTH COUNTERCLAIM**

**(Tortious Interference with Prospective Inheritance – Against COUVRETTE)**

59.

Paragraph 98 re-alleges paragraphs 1 through 97 of Defendants' Answer, Affirmative Defenses, and Counterclaims. To the unclear extent there are factual allegations in those paragraphs that need to be admitted or denied beyond what is provided in paragraphs 1–58, above, Plaintiffs deny those allegations.

60.

The allegations in paragraphs 99-102 in Defendants' Amended Answer, Affirmative Defenses, and Counterclaims are not directed to Plaintiff Wisnovsky Land and therefore require no response from Plaintiff Wisnovsky Land. To the extent a response is required, Plaintiff Wisnovsky Land incorporates the responses of Plaintiff Couvrette.

61.

Plaintiff Couvrette denies every allegation in paragraphs 99-102 and denies that Defendants' are entitled to any of the relief requested in their prayer for relief.

**AFFIRMATIVE DEFENSES**

Without waiving the foregoing or assuming the burden of proof with respect to their affirmative defenses, Plaintiffs allege the following affirmative defenses.

Page 13 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Defendants' allegations fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendants failed to mitigate their damages, if any, including by refusing reasonable settlement opportunities.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Acceptance)

Defendants' damages, if any, result from an unenforceable contract because Ann Wisnovsky did not accept modifications to the Lease, including the amendment that allegedly permits Defendants to offset Lease rental payments by paying her personal living expenses.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Consideration)

Defendants' damages, if any, result from an unenforceable contract because the contract lacked consideration.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

Defendants' damages, if any, result from an unenforceable contract under the Statue of Frauds.

///

Page 14 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

## SIXTH AFFIRMATIVE DEFENSE

### (Offset)

Any recovery by Defendants must be offset by amounts Defendants owe to Plaintiffs as set forth in Plaintiffs' First Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Without waiving any defenses or denials, Defendants will be unjustly enriched.

## EIGHTH AFFIRMATIVE DEFENSE

### (*In pari delicto*)

Without waiving any defenses or denials, if Defendants are to be believed, Defendants claims are barred under the doctrine of *in pari delicto*.

## NINTH AFFIRMATIVE DEFENSE

### (Laches/Statute of Limitations)

Defendants' claims should be barred for untimeliness and/or barred by the statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

### (Fraud)

Without waiving any defenses or denials, Defendants are not entitled to relief because Defendants' damages, if any, result from a fraud perpetuated on Ann Wisnovsky, and/or Wisnovsky Land.

///

Page 15 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendants are not entitled to any relief because Defendants come to the court with unclean hands.

## TWELTH AFFIRMATIVE DEFENSE

### (Illegality)

Without waiving any defenses or denials, Defendants are not entitled to relief because Defendants' damages, if any, result from agreements which were illegally obtained by Defendants and/or result from the illegal actions of Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Real Party in Interest)

Defendants cannot bring one or more of their claims because one or more of the Defendants is not the real party in interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendants' claims for relief are barred by estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Defendants' claims are barred, in whole or in part, by the contributory or comparative fault of Defendants or others, and Plaintiffs' liability, if any, must be diminished by, and apportioned in accordance with, the acts and negligence of others, including Defendants and

Page 16 – PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS

third parties acting as Defendants' agents.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendants have waived their right to pursue damages resulting from the alleged miscalculation of rental payments. Defendants have further waived their right to pursue damages or other relief.

Having fully answered Defendants' counterclaims, and with respect to those counterclaims, Plaintiffs pray for judgment in Plaintiffs' favor on all such counterclaims, including attorney fees pursuant to Section 16.2 of the Lease, costs and disbursements incurred herein, and any and all other relief as the Court may deem just and proper.

DATED this 21st day of April, 2023.

RICHARDSON WANG LLP

By: _s/Bonnie M. Richardson_
Bonnie M. Richardson, OSB No. 983331
bonnie@richardsonwang.com
Zachariah H. Allen, OSB No. 122729
zach@richardsonwang.com
Attorney for Plaintiffs

Trial Attorney:  Bonnie Richardson

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2022, I caused to be served a copy of the foregoing PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S COUNTERCLAIMS on the following person in the manner indicated below at the following addresses:

Bernard S. Moore
Frohnmayer Deatherage
2592 E. Barnett Rd.
Medford, OR 97504
moore@fdfirm.com
*Attorney for Defendant Patrick Huycke*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St Ste B
Grants Pass OR  97526
jdole@wlrlaw.com
*Attorney for Defendants Michael Wisnovsky and Mark Wisnovsky*

Gregory Lusby
Arnold Gallagher PC
800 Willamette St Ste 800
PO Box 1758
Eugene OR  97440
glusby@arnoldgallagher.com
*Attorney Defendant Jarvis, Dreyer, Glatte & Larsen, LLP*

Brooks Foster
Bradley Crittenden
Chenoweth Law Group PC
510 SW 5th Avenue, 4th Floor
Portland, OR 97204
bfoster@chenowethlaw.com
bcrittenden@chenowethlaw.com
*Attorney for Defendants Michael Wisnovsky and Mark Wisnovsky*

☒ by **CM/ECF**

☒ by **Electronic Mail**

☐ by **US Postal Service**

☐ by **Hand Delivery**

☐ by **Overnight Delivery**

By  *s/ Bonnie Richardson*
Bonnie Richardson

**CERTIFICATE OF SERVICE**