UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

JOANNE COUVRETTE, as Trustee of the
Anne M. Wisnovsky Trust,,

Civil No. 1:21-cv-00157-CL

                    Plaintiff,

**SUBPOENA TO TESTIFY AT A
DEPOSITION IN A CIVIL ACTION**

          v.

MARK A. WISNOVSKY, an individual;
MICHAEL J. WISNOVSKY, an individual; ET
AL

                    Defendants.

**TO:    ROBERT WSINOVSKY**
**2112 La Conner Lane**
**Medford, OR 97501**

☑ *Testimony:*  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:<br>**FROHNMAYER DEATHERAGE**<br>**2592 E. Barnett Road**<br>**Medford, OR 97504** | Date and Time:<br><br>**Thursday, October 19, 2023 at 9:00 a.m.** |
|---|---|

The deposition will be taken before a certified court reporter duly authorized to administer oaths and will continue from day to day until completed.

☑  *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**All written communication between or among you, Joanne Couvrette, Mark A. Wisnovsky, Michael Wisnovsky and or Patrick Huycke which relate in any manner to the claims alleged by the Plaintiff in this civil action and in your possession custody and control. This request includes letters sent by US Mail, emails and text messages whether in tangible form or electronically stored.**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*[Continued on Page 2]*

Date: October 12, 2023

CLERK OF COURT

_____        or        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's Signature*

---

The name, address, e-mail address, and telephone number of the attorney representing <u>Defendant Patrick Huycke</u>, who issues or requests this subpoena, are: <u>Bernard S. Moore, OSB #843051, FROHNMAYER DEATHERAGE, 2592 E. Barnett Road, Medford, OR 97504, (541) 779-2333, Moore@fdfirm.com.</u>

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

*USCS Fed Rules Civ Proc R 45*

Current through changes received September 21, 2023.

*USCS Federal Rules Annotated  >  Federal Rules of Civil Procedure  >  Title VI. Trials*

## Rule 45. Subpoena

**(a) In General.**

**(1)** *Form and Contents.*

**(A)** Requirements—In General. Every subpoena must:

**(i)** state the court from which it issued;

**(ii)** state the title of the action and its civil-action number;

**(iii)** command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

**(iv)** set out the text of Rule 45(d) and (e).

**(B)** Command to Attend a Deposition—Notice of the Recording Method. A subpoena commanding attendance at a deposition must state the method for recording the testimony.

**(C)** Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information. A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

**(D)** Command to Produce; Included Obligations. A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials.

**(2)** *Issuing Court.* A subpoena must issue from the court where the action is pending.

**(3)** *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

**(4)** *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

**(b) Service.**

**(1)** *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

**(2)** *Service in the United States.* A subpoena may be served at any place within the United States.

**(3)** *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

USCS Fed Rules Civ Proc R 45

**(4)** *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

USCS Fed Rules Civ Proc R 45

**(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

**(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to

practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## History

Amended Dec. 27, 1946, eff. March 19, 1948; Dec. 29, 1948, eff. Oct. 20, 1949; March 30, 1970, eff. July 1, 1970; April 29, 1980, eff. Aug. 1, 1980; April 29, 1985, eff. Aug. 1, 1985; March 2, 1987, eff. Aug. 1, 1987; April 30, 1991, eff. Dec. 1, 1991; April 25, 2005, eff. Dec. 1, 2005; April 12, 2006, eff. Dec. 1, 2006; April 30, 2007, eff. Dec. 1, 2007; April 16, 2013, eff. Dec. 1, 2013.

Annotations

## Notes

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

**Other provisions:**

**Notes of Advisory Committee on Rules.** This rule applies to subpoenas ad testificandum and duces tecum issued by the district courts for attendance at a hearing or a trial, or to take depositions. It does not apply to the enforcement of subpoenas issued by administrative officers and commissions pursuant to statutory authority. The enforcement of such subpoenas by the district courts is regulated by appropriate statutes. Many of these statutes do not place any territorial limits on the validity of subpoenas so issued, but provide that they may be served anywhere within the United States. Among such statutes are the following:

*USC, Title 7, §§ 222* and *511n* (Secretary of Agriculture).

*USC, Title 15, § 49* (Federal Trade Commission).

*USC, Title 15, §§ 77v(b)*, *78u(c)*, *79r(d)* (Securities and Exchange Commission).

*USC, Title 16, §§ 797(g)* and *825f* (Federal Power Commission).

*USC, Title 19, § 1333(b)* (Tariff Commission).

*USC, Title 22, §§ 268*, 270d and 270e (International Commissions, etc.).

USC, Title 26, § 1114 (Tax Court).

USC, Title 26, § 1523(a) (Internal Revenue Officers).

*USC, Title 29, § 161* (Labor Relations Board).

USC, Title 33, § 506 (Secretary of Army).

*USC, Title 35, § 24* (Patent Office proceedings).

USC, Title 38, § 133 (Veterans' Administration).