IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVSION

JOANNE COUVRETTE, as Trustee of the
Anne M. Wisnovsky Trust,

        Plaintiff,

        v.

MARK A. WISNOVSKY, an individual;
MICHAEL J. WISNOVSKY, an individual;
PATRICK HUYCKE, an individual;
VALLEY VIEW WINERY, INC., an Oregon
corporation; JARVIS, DREYER, GLATTE &
LARSEN, LLP, an Oregon partnership, fka
Huycke O'Connor Jarvis, LLP,

        Defendants.

Case No.: 1:21-cv-00157-CL

**ORDER**

**CLARKE**, Magistrate Judge

Defendant's Motion Requesting Court Ordered Service of Subpoena (#104) is

GRANTED. Defendant is permitted to serve a deposition subpoena duces tecum on Robert

Wisnovsky by certified U.S. mail and email.

Federal Rule of Civil Procedure 45 allows a party in a federal civil lawsuit to serve a

subpoena on any person, including a nonparty. Where the serving party has demonstrated a

diligent attempt to effectuate personal service, some courts in this Circuit have allowed service

of subpoena by alternative means. *In re: Ex Parte Application of Pro-Sys Consultants & Neil*

*Godfrey*, No. 16-MC-80118-JSC, 2016 WL 6025155 (N.D. Cal. Oct. 14, 2016). Other courts

have declined, finding Rule 45 to allow only personal service. *See generally SiteLock, LLC v.*

*GoDaddy.com, LLC*, 338 F.R.D. 146 (D. Or. 2021).

Here, the Court finds reasonable grounds to allow service of subpoena by alternative means. Defendant has attempted to serve Mr. Wisnovsky at his residence by private process server on at least three different occasions. Each time, the service processer observed a car in the driveway and lights on in the home. Mr. Wisnovsky has continued to communicate with Defendant's counsel regarding opportune meeting times and compensation, yet each attempt at service was fruitless. Mr. Wisnovsky clearly has notice of Defendant's desire to depose him and appears to have no trouble communicating with counsel. Because the record indicates that Mr. Wisnovsky is evading service, the Court finds it warranted to allow Defendant to pursue an alternate form of service. Mr. Wisnovsky is not entirely opposed and wants compensation for his deposition. This order merely facilitates that transaction, making it nonprejudicial to any party.

## ORDER

Defendant is permitted to serve a deposition subpoena duces tecum on Robert Wisnovsky, a material witness, by certified U.S. mail and email, requiring that he appear at a time and place convenient for the parties. Robert Wisnovsky is to receive $700.00 to compensate him for his time attending the deposition. The deposition shall not exceed seven hours. The check is to be hand delivered to Robert Wisnovsky by Bernard S. Moore at the conclusion of Robert Wisnovsky's deposition. Witness fees and milage previously tendered to Robert Wisnovsky shall apply and no additional witness fees and milage are required.

DATED this 7 day of November, 2023.

MARK D. CLARKE
United States Magistrate Judge