**Brooks M. Foster, OSB No. 042873**
Email: bfoster@northwestlaw.com
**Bradley T. Crittenden, OSB No. 173274**
Email: bcrittenden@chenowethlaw.com
Chenoweth Law Group, P.C.
510 SW Fifth Avenue, Fifth Floor
Portland, OR 97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

**James R. Dole, OSB No. 892272**
Email: jdole@wlrlaw.com
Watkinson Laird Rubenstein, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282

Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP,<br><br>Defendants. | Case No. 1:21-CV-00157-CL<br><br>**DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

**Page 1 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## ANSWER

In response to the *First Amended Complaint* ("Amended Complaint") filed on March 16, 2022, by Plaintiffs Joanne Couvrette ("COUVRETTE") and Wisnovsky Land, LLC ("WISNOVSKY LAND") (together, "PLAINTIFFS"), Defendants Mark Wisnovsky ("MARK"), Michael Wisnovsky ("MICHAEL"), and Valley View Winery, Inc. ("VVW") (collectively, "WISNOVSKY DEFENDANTS") admit, deny, and allege as stated below.

1.

WISNOVSKY DEFENDANTS admit paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 21, 25, and 29 of the Amended Complaint.

2.

As to paragraph 1 of the Amended Complaint, WISNOVSKY DEFENDANTS admit this is a diversity action brought by COUVRETTE and that Ann Wisnovsky suffers from dementia and is an elderly person as defined by ORS 124.005 *et seq.* WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 1.

3.

As to paragraph 2 of the Amended Complaint, WISNOVSKY DEFENDANTS admit that MARK and MICHAEL are two of Ann Wisnovsky's sons. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 2.

4.

As to paragraph 3 of the Amended Complaint, WISNOVSKY DEFENDANTS admit that Defendant Patrick Huycke ("HUYCKE") represented Ann Wisnovsky as her personal attorney and that at one point in time represented VVW. WISNOVSKY DEFENDANTS deny that HUYCKE represented VVW at any time during which Ann Wisnovsky owned less than a

**Page 2 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

controlling interest in VVW.  WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 3.

5.

As to paragraph 6 of the Amended Complaint, WISNOVSKY DEFENDANTS admit WISNOVSKY LAND is a limited liability company that is organized under the law of the State of Oregon.  WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 6.

6.

As to paragraph 15 of the Amended Complaint, WISNOVSKY DEFENDANTS admit that Frank Wisnovsky, along with Ann Wisnovsky, purchased land and planted grape vines. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 15.

7.

As to paragraph 20 of the Amended Complaint, WISNOVSKY DEFENDANTS admit that Ann Wisnovsky co-managed the winery, graduated from high school, and had employment before the birth of her first child.  WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 20.

8.

As to paragraph 23 of the Amended Complaint, WISNOVSKY DEFENDANTS admit that Ann Wisnovsky consulted HUYCKE regarding her estate planning but deny that Ann Wisnovsky always intended to treat her children equally.  WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 23.

9.

As to paragraph 24 of the Amended Complaint, WISNOVSKY DEFENDANTS admit that at various times Ann Wisnovsky gifted shares of VVW stock to MARK and MICHAEL.

**Page 3 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY,
AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

WISNOVSKY DEFENDANTS deny that MARK and MICHAEL took over complete management of VVW while Ann Wisnovsky continued to own the controlling interest in the corporation. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 24.

10.

As to paragraph 26 of the Amended Complaint, WISNOVSKY DEFENDANTS admit that Mark Wisnovsky lived with Ann Wisnovsky during certain periods between September 2014 and June 2015. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 26.

11.

As to paragraph 28 of the Amended Complaint, WISNOVSKY DEFENDANTS admit the existence of an *Agreement to Make Payments*, the terms of which speak for themselves. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 28.

12.

As to paragraph 37 of the Amended Complaint, the Leases speak for themselves. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 37.

13.

As to paragraph 41 of the Amended Complaint, the *Addendum to and Assignment by Landlord Vineyard Lease* speaks for itself. WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 41.

/ / /

/ / /

/ / /

14.

As to paragraph 42 of the Amended Complaint, the *Addendum to and Assignment by Landlord Winery Lease* speaks for itself.  WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 42.

15.

As to paragraph 45 of the Amended Complaint, WISNOVSKY DEFENDANTS admit the existence of a June 19, 2019 email, which speaks for itself.  WISNOVSKY DEFENDANTS deny each and every other allegation of paragraph 45.

16.

WISNOVSKY DEFENDANTS make no answer to paragraphs 61 through 69 of the Amended Complaint because these allegations are not directed towards WISNOVSKY DEFENDANTS.  To the extent any of those allegations may be construed as being directed towards them, WISNOVSKY DEFENDANTS deny each and every one of those allegations.

17.

Except as specifically admitted, WISNOVSKY DEFENDANTS deny each and every allegation in the Amended Complaint.

* * * * * * * * *

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

18.

PLAINTIFFS failed to commence this action within the time allowed by statute.

**Page 5 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

19.

PLAINTIFFS failed to allege ultimate facts sufficient to constitute claims against WISNOVSKY DEFENDANTS.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Promptly Seek Rescission)

20.

PLAINTIFFS' claims for relief are barred by their failure to promptly seek to rescind or invalidate the Leases.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

21.

PLAINTIFFS' claims for relief are barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

22.

PLAINTIFFS' claims for relief are barred by their unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

23.

PLAINTIFFS' claims for damages are barred or limited by their failure to mitigate their damages.

**Page 6 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

24.

PLAINTIFFS' claims for relief are barred by waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

25.

PLAINTIFFS' claims for relief are barred by estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Not Real Party in Interest)

26.

PLAINTIFFS cannot bring one or more of their claims for relief because one or both of the PLAINTIFFS is not the real party in interest.

## TENTH AFFIRMATIVE DEFENSE

### (Offset)

27.

PLAINTIFFS' damages, if any, are offset in whole or in part by damages for which they are liable to WISNOVSKY DEFENDANTS.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Capacity)

28.

PLAINTIFFS' claims are barred, in whole or in part, by Ann Wisnovsky's lack of capacity to give COUVRETTE authority to act on behalf of Ann Wisnovsky and/or the Trust

through the Trust amendments, power of attorney, and any other documents or actions through which COUVRETTE alleges she obtained that authority.

\* \* \* \* \* \* \* \* \*

## COUNTERCLAIMS

### FIRST COUNTERCLAIM

### (Undue Influence — Against COUVRETTE)

29.

MARK and MICHAEL reallege all of the foregoing paragraphs as if fully set forth herein.

30.

By no later than 2016 COUVRETTE had become aware of Ann Wisnovsky's specific decisions with respect to her estate planning and management and ownership of VVW, including the Leases and gifts of stock to MARK and MICHAEL. COUVRETTE responded with fury and became determined to overturn the decisions and actions her mother Ann Wisnovsky had made with and through her counsel, HUYCKE.

31.

At least in part, in response to COUVRETTE's fury, Ann Wisnovsky, aided by her counsel HUYCKE, executed an Amended Agreement to Make Payments, Second Addendum to Vineyard Lease, and Second Trust Amendment (collectively, the "February 23, 2017 Agreements"). The Amended Agreement to Make Payments and Second Trust Amendments express the intentions of Ann Wisnovsky and the WISNOVSKY DEFENDANTS to enter into a contract whereby the WISNOVSKY DEFENDANTS assumed certain obligations in exchange for Ann Wisnovsky's promise that MARK and MICHAEL will inherit ownership of

**Page 8 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

WISNOVSKY LAND and its real estate upon Ann Wisnovsky's death. The February 23, 2017 Agreements were executed in performance of a prior February 20, 2017 agreement signed by Ann Wisnovsky, which HUYCKE used to prepare the February 23, 2017 Agreements; and the February 20, 2017 agreement and February 23, 2017 Agreements were both expressions of a prior oral agreement Ann Wisnovsky had entered into with MARK and MICHAEL. The prior oral agreement, February 20, 2017 written agreement, and February 23, 2017 Agreements (collectively, "February 2017 Agreements") were each intended to bind Ann Wisnovsky, all other Trustees of the Trust (including COUVRETTE and any successors), WISNOVSKY LAND, and the WISNOVSKY DEFENDANTS. At the time of the February 2017 Agreements, WISNOVSKY LAND owned the real property commonly known as 1000 and 1140 Upper Applegate Road, Jacksonville, Oregon; which is an approximately 77-acre property improved with winery and vineyard buildings, agricultural fields, and grape vines where VVW operates its vineyard and winery (hereafter, the "Valley View Property"). WISNOVSKY LAND has continued to own the Valley View Property since the February 2017 Agreements took effect.

32.

On July 28, 2017, Ann signed a Third Trust Amendment, which stated it superseded the first and second Trust amendments, rendering them null. The Third Amendment removed COUVRETTE as co-trustee, leaving Ann as sole Trustee. It revoked Section 9.1 of the Trust, which had previously allowed either Ann or COUVRETTE to appoint a successor trustee, and named George Wisnovsky and Stephen Wisnovsky as Ann's successor trustees. The Third Trust Amendment included the same text of section 3.3B that was introduced in the Second Trust Amendment, which provided for MARK and MICHAEL to receive full ownership of WISNOVSKY LAND upon Ann's death and for COUVRETTE and Robert to receive a

**Page 9 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY,
AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

promissory note and trust deed for up to $280,000. The Third Trust Amendment affirmed and restated those important aspects of the Second Trust Amendment.

33.

In May 2019, Ann Wisnovsky was visiting COUVRETTE in San Diego, and she had made no further amendments to her Trust since the Third Trust Amendment of July 28, 2017, described above. Without allowing Ann Wisnovsky the benefit of independent professional advice, in secrecy, and while pressuring Ann Wisnovsky, COUVRETTE personally prepared and caused Ann Wisnovsky to execute the power of attorney alleged in paragraph 5 of the Amended Complaint ("COUVRETTE's power of attorney"), the Fourth Amendment to the Trust, and an Advance Directive.

34.

COUVRETTE's power of attorney purports to give COUVRETTE broad power to act on behalf of Ann Wisnovsky while also purporting to terminate the prior power of attorney Ann Wisnovsky had given her sons, MARK and MICHAEL.

35.

The Fourth Amendment purports to provide that COUVRETTE would be "restored" as co-trustee of the Trust, inasmuch as the Third Amendment had removed COUVRETTE from that position. The Fourth Amendment further purports to alter the prior, dispositive terms of the Trust to subsequently reduce or eliminate the interests of MARK and MICHAEL in the Trust and in Ann Wisnovsky's estate upon her passing.

36.

The Advance Directive purports to give COUVRETTE power over Ann Wisnovsky's health care decisions, which COUVRETTE used to delay the diagnosis that Ann Wisnovsky was

**Page 10 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

incompetent until after COUVRETTE had carried out her unlawful scheme to attempt to undo Ann Wisnovsky's carefully developed estate plans, all with the intent of enriching COUVRETTE personally.

37.

COUVRETTE's power of attorney, the Fourth Amendment, and the Advance Directive are each void because they were the result of undue influence and/or procured in violation of ORS 124.005 *et. seq.*

38.

In June 2019, Ann Wisnovsky was in Oregon. COUVRETTE caused attorney Gary Turner to prepare, purportedly on Ann Wisnovsky's behalf, a Fifth Amendment to the Trust, providing that any decision binding the Trust would be valid only upon the mutual consent of both Ann Wisnovsky and COUVRETTE. The Fifth Amendment and any subsequent amendments are invalid because COUVRETTE lacked authority and/or procured execution of any such purported instruments illegally and through undue influence.

39.

In July 2019 COUVRETTE caused Ann Wisnovsky to travel to COUVRETTE's residence in San Diego, California, ostensibly to visit on a temporary basis. Thereafter, COUVRETTE refused to permit Ann Wisnovsky to return to her home in Oregon of nearly 50 years, which is adjacent to the VVW property, and COUVRETTE sequestered Ann Wisnovsky, interfering with Ann Wisnovsky's ability to communicate with, see, and maintain her relationships with her family and friends.

/ / /

/ / /

**Page 11 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY,
AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

40.

COUVRETTE maintained a position of dominance over Ann Wisnovsky and prevented Ann Wisnovsky from returning to her home at the Wisnovsky Land property by leasing Ann Wisnovsky's residence for the purpose of illegally producing marijuana.

41.

In July 2019 COUVRETTE unlawfully and unduly influenced and caused Ann Wisnovsky to execute a Revocation and Termination of Redemption Agreement dated July 2, 2019, which purported to revoke and terminate the Redemption Agreement.

42.

In November 2019 COUVRETTE unlawfully and unduly influenced and caused Ann Wisnovsky to execute a Sixth Trust Amendment dated November 13, 2019, which purported to limit Ann Wisnovsky's ability to amend or revoke her own Trust.

43.

In November 2019 COUVRETTE unlawfully and unduly influenced and caused Ann Wisnovsky to execute a document in which she purported to resign as Trustee of her own Trust, leaving COUVRETTE as the sole Trustee.

44.

COUVRETTE lacks authority to act as successor trustee or as the lawful representative of WISNOVSKY LAND or as attorney-in-fact for Ann Wisnovksy and lacks authority to bring this action.

45.

Ann Wisnovsky passed away on or about March 16, 2023.

/ / /

**Page 12 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## SECOND COUNTERCLAIM

### (Breach of Contract — Against WISNOVSKY LAND)

46.

VVW realleges all of the foregoing paragraphs as if fully set forth herein.

47.

MARK and MICHAEL have materially participated in the Wisnovsky family farming and winery businesses since 1987, helping their mother manage it until her retirement in 2015. Today, VVW remains in the business of, among other things, producing wine and growing fruit and other crops.   MARK and MICHAEL own all of the issued and outstanding shares of VVW.

48.

The Vineyard Lease and its addenda (the "Vineyard Lease") authorize VVW to grow crops including industrial hemp, wine grapes, and other agricultural commodities for a certain price per acre depending on the crop.

49.

Under Oregon law, WISNOVSKY LAND has an implied duty of good faith and fair dealing, which includes, but is not limited to, a duty not to engage in any act that has or will have the effect of injuring VVW's right to receive benefits under the Vineyard Lease.

50.

Pursuant to the Vineyard Lease, VVW subleases a portion of the leased premises to Third Generation Farms, LLC ("Third Generation"), which is in the business of growing and processing non-THC industrial hemp and other crops, and subleases land from VVW.   MARK and MICHAEL operate and are the controlling members of Third Generation.

**Page 13 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

51.

In early 2019 Third Generation and VVW prepared land for construction of a prefabricated building for the purpose of processing and storing grapes, storing cases of bottles of wine, storing winery, vineyard, and other agricultural equipment, and drying and processing hemp flower (the "PreFab Building").

52.

Between 2017 and 2019, as member and manager of WISNOVSKY LAND, Ann Wisnovsky provided her consent and authorization for VVW to construct the PreFab Building on the leased property. In reliance on that authorization, VVW purchased the PreFab Building kit for approximately $55,000 and had it delivered to the building site. Third Generation and VVW were on schedule to use the PreFab Building to dry and process hemp in 2019 and subsequent harvests.

53.

COUVRETTE caused WISNOVSKY LAND in July 2019 to direct COUVRETTE's personal attorney Dick Thierolf to instruct the Jackson County Planning Department to refrain from issuing an agricultural building exemption to VVW, which Jackson County required for construction of the PreFab Building. As a direct result, Third Generation and VVW were unable to use the PreFab Building.

54.

To reasonably mitigate its losses VVW sold the PreFab Building to a third party at a loss of $16,000; and VVW spent up to $60,000 to lease other spaces to store wine. VVW continues incurring costs on a monthly basis to lease other spaces to store wine. VVW would not have

**Page 14 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

incurred any of these expenses if it had been allowed to construct the PreFab Building at its leased premises.

55.

In August 2019, WISNOVSKY LAND wrongly told VVW that it did not have the right to occupy the Vineyard Lease acreage where it intended to construct the PreFab Building and threatened to hold VVW in default if it constructed the PreFab Building. WISNOVSKY LAND said the acreage where the PreFab Building was going to be constructed was excluded from the leased acreage described in Exhibit A to the Vineyard Lease because it was on land that was one of "THE TWO PARCELS THAT HAVE BEEN OR MAY BE CREATED UNDER OREGON MEASURE 37 (ORS 197.352)" (the "Disputed Lease Acreage"), which WISNOVSKY LAND contends is excluded from the leased premises defined by Exhibit A to the Vineyard Lease. On the contrary, the Disputed Lease Acreage is located within the land described in Exhibit A. In addition, WISNOVSKY LAND communicated the position that hemp operations were not allowed under the Vineyard Lease. WISNOVSKY LAND's objection to the PreFab Building and its intended use for non-THC industrial hemp was in breach of the Vineyard Lease, unreasonable, and in bad faith.

56.

VVW has used and occupied the Disputed Lease Acreage along with the remainder of the leased premises since entering into the Vineyard Lease in 2016. WISNOVSKY LAND categorically and expressly waived the right to dispute that the Disputed Lease Acreage is not land leased to VVW pursuant to the Vineyard Lease.

/ / /

/ / /

**Page 15 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

57.

On February 9, 2020, in a writing transmitted through counsel, WISNOVSKY LAND asserted that rent was due for all 35 acres of leased land, which necessarily included the Disputed Lease Acreage.  WISNOVSKY LAND also made this assertion about its right to receive rents for the Disputed Lease Acreage in an email to previous VVW counsel, Dominic Campanella and Mark Weaver, in August 2019.

58.

As a direct result of WISNOVSKY LAND's actions, which wrongfully frustrated VVW's efforts to erect the PreFab Building, Third Generation was forced to dry and process some of its 2019 hemp harvest at several third-party and temporary on-site facilities, at a cost of up to $310,000.

59.

VVW and Third Generation are suffering ongoing harm as a result of WISNOVSKY LAND's wrongful actions described above.  In addition to the damages described above, due to a lack of drying space in 2019 and inadequate drying quality by the remaining third-party facilities, Third Generation was required to purchase hemp flower from third parties to fulfill existing contracts, at a cost of up to $110,000.

60.

WISNOVSKY LAND also wrongfully and in bad faith prevented Third Generation from obtaining Oregon Department of Agriculture hemp permits for the 2021 and 2022 grow seasons, which caused VVW and Third Generation to suffer lost profits in an amount of up to $1,000,000.

**Page 16 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

61.

The breaches and wrongful acts by WISNOVSKY LAND described above caused or contributed substantially to the harms alleged herein.

62.

To the extent this claim asserts claims or rights of or on behalf of Third Generation, Third Generation has assigned those claims and rights to VVW.

63.

WISNOVSKY LAND is liable to VVW for damages in an amount to be determined at trial of up to $1,500,000.

64.

This claim is instituted in connection with or is part of a suit or action instituted in connection with a controversy arising out of the Vineyard Lease. Pursuant to paragraph 16.2 of the Vineyard Lease, VVW is entitled to its costs and reasonable attorney fees, plus prejudgment interest on its damages in the amount of 12% per annum.

**THIRD COUNTERCLAIM**

**(Tortious Interference with Economic Relations — Against PLAINTIFFS)**

65.

VVW realleges all of the foregoing paragraphs as if fully set forth herein.

66.

In the alternative to the Second Counterclaim (Breach of Contract), to the extent WISNOVSKY LAND is not liable for breach of contract, it is liable for tortious interference with economic relations as alleged herein. COUVRETTE is liable for tortious interference with economic relations as alleged herein.

**Page 17 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

67.

As alleged above, the wrongful acts of WISNOVSKY LAND that prevented and interfered with the construction and use of the PreFab Building and 2021 and 2022 hemp harvests caused or contributed substantially to harm the economic interests of VVW and Third Generation. COUVRETTE was personally responsible for and did cause or perpetrate those wrongful acts of WISNOVSKY LAND. WISNOVSKY LAND and COUVRETTE are jointly and severally liable for tortious interference with economic relations.

68.

WISNOVSKY LAND and COUVRETTE intentionally interfered, by improper means or with an improper purpose, with the economic relations of VVW and Third Generation.

69.

VVW is entitled to an award of damages against PLAINTIFFS in an amount to be determined at trial of up to $1,500,000, plus prejudgment interest pursuant to ORS 82.010.

70.

This claim is instituted in connection with or is part of a suit or action instituted in connection with a controversy arising out of the Vineyard Lease. Pursuant to paragraph 16.2 of the Vineyard Lease, VVW is entitled to its costs and reasonable attorney fees, plus prejudgment interest on its damages at the rate of 12% per annum.

**FOURTH COUNTERCLAIM**

**(Breach of Contract / Overpayment — Against WISNOVSKY LAND)**

71.

VVW realleges all of the foregoing paragraphs as if fully set forth herein.

/ / /

**Page 18 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY,
AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

72.

From May 2017 through February 1, 2020, VVW mistakenly overpaid rent under the Vineyard Lease in the amount of $100 per acre per month to grow industrial hemp. VVW paid rent for the vineyard lands, other cropland, and as required by the Winery Lease. Pursuant to oral and written instruction from Ann Wisnovsky, any Vineyard Lease payments or Winery Lease payments due could be offset by VVW paying the personal living expenses of Ann Wisnovsky. Acknowledging that the Vineyard Lease permitted such activities, in February 2020 COUVRETTE, purportedly acting on behalf of WISNOVSKY LAND, advised VVW that the correct Lease payment per acre for industrial hemp was $83.33.

73.

In August 2019, WISNOVSKY LAND informed VVW that it owed rent for 35 acres of land farmed to industrial hemp. VVW had paid rent for 24.3 acres of industrial hemp planted in June 2019, under a well-established methodology whereby VVW would pay only for that land where hemp was cultivated. WISNOVSKY LAND, however, calculated that VVW owed rent for 35 acres after Robert conducted a visual inspection of the land.

74.

While VVW disputes that it owed rent for 35 acres, on or about February 20, 2020, it advised WISNOVSKY LAND that its lease payments of $100 per acre for industrial hemp grown since the 2017 crop on the leased property, as well as the lease payments offsetting Ann Wisnovsky's personal expenses since 2016, had exceeded the rents owed pursuant to both the Winery Lease and Vineyard Lease by $71,589.88. VVW demanded a refund of the overpayment in that amount.

/ / /

**Page 19 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

75.

As of the date of this filing, WISNOVSKY LAND has failed and refused to refund the overpayment amount.

76.

VVW has overpaid rent in the amount of $71,589.88. Despite demand, WISNOVSKY LAND has not returned the overpaid amount. VVW is entitled to an award of damages against WISNOVSKY LAND in the amount of $71,589.88, along with interest at the Vineyard Lease and Winery Lease rate of 12 percent per annum from May 1, 2020, until paid.

77.

VVW has performed or satisfied all of its obligations and conditions precedent pursuant to the Vineyard Lease and Winery Lease or such obligations and conditions precedent have been excused or otherwise discharged, including by WISNOVSKY LAND's breaches and wrongful acts. The Vineyard Lease, Winery Lease, and sub-lease to Third Generation are not in default.

78.

This claim is instituted in connection with or is part of a suit or action instituted in connection with a controversy arising out of the Vineyard Lease and/or Winery Lease. Pursuant to paragraph 16.2 of the Vineyard Lease and section 17.2 of the Winery Lease, VVW is entitled to its costs and reasonable attorney fees, plus prejudgment interest on its damages at the rate of 12% per annum.

**FIFTH COUNTERCLAIM**

**(Money Had and Received — Against PLAINTIFFS)**

79.

VVW realleges all of the foregoing paragraphs as if fully set forth herein.

**Page 20 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

80.

In the alternative to the Fourth Counterclaim (Breach of Contract), if WISNOVSKY LAND is not liable for breach of contract then it is liable for money had and received. COUVRETTE is liable for money had and received because she has at all material times acted as WISNOVSKY LAND's agent. WISNOVSKY LAND and COUVRETTE are jointly and severally liable for money had and received.

81.

PLAINTIFFS are not entitled to retain the $71,589.88 that VVW overpaid in rent. Despite VVW's demands for a refund of its overpayment, PLAINTIFFS have refused to refund that money to VVW.

82.

In equity and good conscience, VVW's overpayment of rent in the amount of $71,589.88 should be paid over to VVW, plus prejudgment interest at the rate of 12% per annum pursuant to the Winery Lease and Vineyard Lease.

83.

This claim is instituted in connection with or is part of a suit or action instituted in connection with a controversy arising out of the Vineyard Lease and/or Winery Lease. Pursuant to paragraph 16.2 of the Vineyard Lease and paragraph 17.2 of the Winery Lease, VVW is entitled to its costs and reasonable attorney fees, plus prejudgment and post-judgment interest on its damages at the rate of 12% per annum.

/ / /

/ / /

/ / /

**Page 21 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## SIXTH COUNTERCLAIM

**(Declaratory Judgment re Lease Rights — by VVW Against WISNOVSKY LAND)**

84.

VVW realleges all of the foregoing paragraphs as if fully set forth herein.

85.

A controversy exists with respect to the scope of the leased acreage under the Vineyard Lease, right to use the leased acreage for hemp operations, and right to construct an agricultural building like the PreFab Building.

86.

VVW is entitled to a judgment declaring that all acreage described in Exhibit A to the Vineyard Lease is included in the Vineyard Lease and judgment declaring its right to use all acreage described in Exhibit A to the Vineyard Lease as allowed by the terms of the Vineyard Lease, including, but not limited to, for the construction and use of an agricultural building, including an agricultural building similar to the PreFab Building, and for hemp operations.

87.

This claim is instituted in connection with or is part of a suit or action instituted in connection with a controversy arising out of the Vineyard Lease.  Pursuant to paragraph 16.2 of the Vineyard Lease, VVW is entitled to its costs and reasonable attorney fees incurred in obtaining declaratory relief.

/ / /

/ / /

/ / /

/ / /

**Page 22 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment re Incapacity — Against PLAINTIFFS)

88.

MARK and MICHAEL reallege all of the foregoing paragraphs as if fully set forth herein.

89.

A controversy exists with respect to the validity of each of the following: (a) COUVRETTE's power of attorney to act for Ann Wisnovsky as alleged in paragraph 5 of COUVRETTE's Amended Complaint; (b) Fourth Trust Amendment dated May 31, 2019; (c) Advance Directive dated May 31, 2019; (d) Fifth Trust Amendment dated June 8, 2019; (e) the Revocation and Termination of Redemption Agreement dated July 2, 2019; (f) Sixth Trust Amendment dated November 13, 2019; (f) Resignation of Trustee dated November 13, 2019; (g) any amendments to the Trust subsequent to the Sixth Amendment; (h) and PLAINTIFFS' actions in this lawsuit purporting to be taken on behalf of Ann Wisnovsky and WISNOVSKY LAND. Ann Wisnovsky lacked capacity to execute, approve, or consent to each of the forgoing documents and actions.

90.

MARK and MICHAEL are entitled to a judgment declaring that the documents alleged in the previous paragraph are void, ineffective, and unenforceable and that the actions alleged in the previous paragraph were not authorized because of Ann Wisnovsky's lack of capacity.

91.

MARK and MICHAEL are entitled to their costs and reasonable attorney fees pursuant to section 3.7 of the Redemption Agreement.

**Page 23 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY,
AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

## EIGHTH COUNTERCLAIM

### (Breach of Contract— Against PLAINTIFFS)

92.

The WISNOVSKY DEFENDANTS reallege all of the foregoing paragraphs as if fully set forth herein.

93.

The WISNOVSKY DEFENDANTS entered into an inheritance contract with Ann Wisnovsky, as Trustee of the Trust, in February 2017, whereby they assumed certain contractual obligations in exchange for Ann Wisnovsky's promise that MARK and MICHAEL will inherit ownership of WISNOVSKY LAND and its Valley View Property upon Ann Wisnovsky's death. This contract is binding upon PLAINTIFFS and any successor Trustees.

94.

Subsequent actions of Ann Wisnovsky and COUVRETTE on behalf of the Trust, if effective, constitute a breach and/or anticipatory repudiation of the inheritance contract, including the duty of good faith and fair dealing implied in the contract, because those actions purport to deprive MARK and MICHAEL of the right to inherit WISNOVSKY LAND and its Valley View Property.

95.

The WISNOVSKY DEFENDANTS are without an adequate legal remedy for the breach. MARK and MICHAEL are entitled to a remedy of specific performance ordering, enjoining, and requiring PLAINTIFFS and any successor Trustees to transfer ownership of WISNOVSKY LAND and its Valley View Property to MARK and MICHAEL.  MARK and MICHAEL are also entitled to a constructive trust attached to the membership interests of WISNOVSKY LAND

**Page 24 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

and to its Valley View Property to ensure specific performance of the contract. To the extent that the remedies set forth above do not adequately remedy the breach of contract so as to make the WISNOVSKY DEFENDANTS whole, the WISNOVSKY DEFENDANTS are entitled to declaratory judgment that COUVRETTE and any successor Trustees are liable for damages for any harm suffered by the WISNOVSKY DEFENDANTS in the future as a result of the breach of inheritance contract.

96.

MARK and MICHAEL have satisfied all conditions precedent to seeking the remedies for breach of contract set forth above or such conditions have been otherwise discharged.

97.

MARK and MICHAEL are entitled to an award of costs and reasonable attorney fees related to this claim for relief.

### NINTH COUNTERCLAIM

### (Tortious Interference with Prospective Inheritance – Against COUVRETTE)

98.

The WISNOVSKY DEFENDANTS reallege all of the foregoing paragraphs as if fully set forth herein.

99.

COUVRETTE tortiously interfered with the prospective inheritance of MARK and MICHAEL when she intentionally caused Ann Wisnovsky to take certain actions purporting to deprive MARK and MICHAEL of the right to inherit WISNOVSKY LAND and its Valley View Property. COUVRETTE acted with an improper means or purpose. MARK and MICHAEL

**Page 25 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY,
AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

learned about COUVRETTE's interference within the two years before filing their original counterclaims in this lawsuit on April 13, 2021.  This counterclaim arises from some of the same occurrences alleged in those April 2021 counterclaims, which include allegations that COUVRETTTE procured Trust amendments by undue influence, purporting to deprive MARK and MICHAEL of their expected inheritance.

100.

COUVRETTE as acting Trustee of the Trust is improperly withholding MARK and MICHAEL'S inheritance of WISNOVSKY LAND and the Valley View Property and is taking steps to sell WISNOVSKY LAND and the Valley View Property and/or distribute them to COUVRETTE and Robert instead of distributing them to MARK and MICHAEL, causing them immediate and ongoing harm.

101.

To the extent the counterclaims set forth above do not adequately remedy COUVRETTE'S tortious interference with prospective inheritance perpetrated by COUVRETTE so as to make MARK and MICHAEL whole, MARK and MICHAEL are entitled to damages in an amount to be determined at trial equal to the fair market value of WISNOVSKY LAND and the Valley View Property and/or the reasonable rental value of the Valley View Property during any period when MARK and MICHAEL are temporarily deprived of ownership of that property as a result of the tortious interference of COUVRETTE..

102.

MARK and MICHAEL are entitled to an award of costs and reasonable attorney fees related to this claim for relief.

/ / /

**Page 26 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY,
AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

**TENTH COUNTERCLAIM**

**(Declaratory Judgment re Notices of Default and Termination — Against PLAINTIFFS)**

103.

VVW realleges all of the foregoing paragraphs as if fully set forth herein.

104.

On November 29, 2023, COUVRETTE, purporting to act on behalf of WISNOVSKY LAND, delivered two default notices to VVW and VVW's counsel.  One of the default notices alleged VVW was in default of the Winery Lease because VVW had not paid its share of property taxes allegedly due under the Winery Lease for the 2022–2023 tax year, in the amount of $6,840.54.  The second default notice alleged VVW was in default of the Vineyard Lease because VVW had not paid its share of property taxes allegedly due under the Vineyard Lease for the 2022–2023 tax year, in the amount of $473.62.  Both default notices demanded that VVW pay these sums to the Jackson County Tax Assessor by December 11, 2023.

105.

On November 30, 2023, VVW used the Jackson County Tax Assessor's internet payment portal to make payments of $6,840.54 and $473.62 for VVW's alleged share of 2022–2023 property taxes, as WISNOVSKY LAND had demanded.

106.

On December 4, 2023, COUVRETTE sent an email to VVW's legal counsel that thanked VVW for paying the property taxes as she had demanded.

107.

On or about December 28, 2023, Jackson County mailed COUVRETTE a statement informing her that Jackson County had rejected or reversed VVW's property tax payments of

**Page 27 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

November 30, 2023, because Jackson County had been allegedly unable to draw the funds from the bank account number VVW had provided to Jackson County.

108.

VVW had adequate funds in its accounts to cover its payments to the Jackson County Tax Assessor. The payments were rejected or reversed because of an error committed by the Jackson County Tax Assessor or its third-party payment service provider.

109.

COUVRETTE kept Jackson County's notice secret from VVW. Rather than informing VVW of it, she paid Jackson County $6,863.43, which Jackson County applied to the $6,840.54 in property taxes that were due and owing for the 2022–2023 tax year.

110.

On January 25, 2024, COUVRETTE, purporting to act on behalf of WISNOVSKY LAND, caused attorney Tim Murphy to deliver two lease termination notices to VVW, dated January 23, 2024, that purported to terminate the Leases and demanded that VVW vacate the leased premises by 12:01 am on January 26, 2024, on the grounds that VVW had allegedly defaulted on the Leases by failing to pay its share of 2022–2023 property taxes due under the Leases.

111.

On January 26, 2024, VVW mailed a check for $6,840.54 to COUVRETTE to cover VVW's alleged share of the 2022–2023 property taxes. VVW included a letter explaining that until VVW received the lease termination notices it had been unaware of the Tax Assessor's failure to accept its property tax payments. COUVRETTE did not deposit the check and will not deposit the check and has not withdrawn the lease termination notices.

**Page 28 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

112.

The notices of default and termination were ineffective for any of the following reasons:

(a) The content and manner of delivery of the notices did not comply with the terms and provisions of the Leases.

(b) As alleged in the counterclaims above, COUVRETTE became the acting Trustee of the Trust as a result of her undue influence over Ann Wisnovsky and/or Ann Wisnovsky's incapacity.  COUVRETTE lacks lawful authority to act as the Trustee of the Trust or representative of WISNOVSKY LAND.

(c) As alleged in the counterclaims above, WISNOVSKY LAND owes damages to VVW for breaches of the Lease and overpayment of rent in amounts far in excess of the amount WISNOVSKY LAND demanded that VVW pay for the 2022–2023 property taxes.  WISNOVSKY LAND had a duty to apply some of the money it owes VVW to pay or offset any 2022–2023 property taxes that VVW might have otherwise owed under the Leases.

(d) As alleged in the counterclaims above, MARK and MICHAEL are the rightful owners of WISNOVSKY LAND and its Valley View Property pursuant to their inheritance contract with Ann Wisnovsky and are entitled to specific performance and other remedies ordering PLAINTIFFS to transfer ownership of WISNOVSKY LAND and its Valley View Property to MARK and MICHAEL.  Because COUVRETTE is not the rightful owner of WISNOVSKY LAND, she lacked authority to issue the notices of default or termination.

(e) VVW was entitled to notice from WISNOVSKY LAND of the share of 2022–2023 property taxes owed by VVW under the Leases and a reasonable amount of time to

**Page 29 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

pay that share of the property taxes before any lack of payment could constitute a default. WISNOVSKY LAND did not provide such notice and time to pay before issuing the notices of default. VVW was therefore not in default when the notices issued.

(f) When COUVRETTE learned VVW's property tax payments had been rejected, the duty of good faith and fair dealing in every contract and the law of substantial performance required COUVRETTE to notify and inform VVW of what she had learned and give it an opportunity to correct the error in Jackson County's processing of VVW's prior payments before holding VVW in default or terminating the Leases. COUVRETTE acted in bad faith and with bad motives because she wants to sell the Valley View Property to serve her own greedy interests and she wants to hurt VVW, MARK WISNOVSKY, and MICHAEL WISNOVSKY financially. COUVRETTE wants to sell the Valley View Property to obtain money that she intends to distribute to herself from the Trust and use to pay expenses and liabilities she has wrongfully, negligently, and/or incompetently caused the Trust to incur, in breach of her fiduciary duties. She wrongly believes terminating the Leases and evicting VVW will make it easier to sell the Valley View Property. COUVRETTE also wants to hurt VVW, MARK WISNOVSKY, and MICHAEL WISNOVSKY financially in retaliation for them asserting their claims and rights against COUVRETTE, such as in this lawsuit.

113.

A controversy exists regarding the effect of the default and termination notices that COUVRETTE issued or caused to be issued, which controversy can be remedied and resolved through declaratory judgment and other relief.

**Page 30 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY,
AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

114.

The WISNOVSKY DEFENDANTS are entitled to declaratory judgment that the notices of default and termination issued to VVW were ineffective.  Alternatively, the WISNOVSKY DEFENDANTS are entitled to such other declaration of the rights and obligations of the parties in relation to the notices of default and termination so as to resolve all controversies and disputes related to the notices.

115.

This counterclaim is instituted in connection with or is part of a suit or action instituted in connection with a controversy arising out of the Vineyard Lease and the Winery Lease.  Pursuant to paragraph 16.2 of the Vineyard Lease and paragraph 17.2 of the Winery Lease, VVW is entitled to its costs and reasonable attorney fees incurred in relation to this counterclaim.

\* \* \* \* \* \* \* \* \*

## PRAYER FOR RELIEF

WHEREFORE, WISNOVSKY DEFENDANTS pray for judgment as follows:

A.    Dismissing with prejudice the *First Amended Complaint* and each claim alleged therein;

B.    On the FIRST COUNTERCLAIM (Undue Influence), MARK and MICHAEL are entitled to a judgment as follows:

a.  declaring invalid for undue influence each of the following:

i.  COUVRETTE's power of attorney;

ii.  the Fourth Amendment to the Ann M. Wisnovsky Trust;

iii.  the Advance Directive;

iv.  the Fifth Amendment to the Ann M. Wisnovsky Trust;

v. the Revocation and Termination of Redemption Agreement;

vi. the Sixth Amendment to the Ann M. Wisnovsky Trust;

vii. the resignation of Ann Wisnovsky as Trustee of her Trust;

viii. any amendment to the Trust subsequent to the Sixth Amendment; and

ix. any other document, agreement, or approval under which COUVRETTE asserts a right or authority to bring this action.

b. awarding costs and reasonable attorney fees pursuant to section 3.7 of the Redemption Agreement and Fed. R. Civ. Proc. 54.

C. On the SECOND COUNTERCLAIM (Breach of Contract), VVW is entitled to a judgment and money award against WISNOVSKY LAND:

a. for damages in an amount to be determined at trial of up to $1,500,000, plus prejudgment and post-judgment interest in the amount of 12% per annum pursuant to paragraph 16.2 of the Vineyard Lease; and

b. for costs and reasonable attorney fees pursuant to paragraph 16.2 of the Vineyard Lease and Fed. R. Civ. Proc. 54.

D. On the THIRD COUNTERCLAIM (Tortious Interference with Economic Relations), VVW is entitled to a judgment and money award against PLAINTIFFS, jointly and severally, as follows:

a. for damages in an amount to be determined at trial of up to $1,500,000, plus prejudgment and post-judgment interest in the amount of 12% per annum pursuant to paragraph 16.2 of the Vineyard Lease; and

b. for costs and reasonable attorney fees pursuant to paragraph 16.2 of the Vineyard Lease and Fed. R. Civ. Proc. 54.

E.    On the FOURTH COUNTERCLAIM (Breach of Contract / Overpayment), VVW is entitled to a judgment and money award against WISNOVSKY LAND as follows:

   a. for damages in the amount of $71,589.88 plus prejudgment and post-judgment interest in the amount of 12% per annum pursuant to paragraph 16.2 of the Vineyard Lease and paragraph 17.2 of the Winery Lease from May 1, 2020; and

   b. for costs and reasonable attorney fees pursuant to paragraph 16.2 of the Vineyard Lease, paragraph 17.2 of the Winery Lease, and Fed. R. Civ. Proc. 54.

F.    On the FIFTH COUNTERCLAIM (Money Had and Received), VVW is entitled to a judgment and money award against PLAINTIFFS, jointly and severally as follows:

   a. for damages in the amount of $71,589.88 plus prejudgment and post-judgment interest in the amount of 12% per annum pursuant to paragraph 16.2 of the Vineyard Lease and paragraph 17.2 of the Winery Lease from May 1, 2020; and

   b. for costs and reasonable attorney fees pursuant to paragraph 16.2 of the Vineyard Lease, paragraph 17.2 of the Winery Lease, and Fed. R. Civ. Proc. 54.

G.    On the SIXTH COUNTERCLAIM (Declaratory Judgment re Lease Rights), VVW is entitled to a judgment against WISNOVSKY LAND as follows:

a. declaring that VVW has the right to use all acreage described in Exhibit A to the Vineyard Lease as allowed by the terms of the Vineyard Lease, including, but not limited to, for the construction and use of an agricultural building, including an agricultural building similar to the PreFab Building, and for hemp production;

b. for costs and reasonable attorney fees pursuant to paragraph 16.2 of the Vineyard Lease and Fed. R. Civ. Proc. 54.

H. On the SEVENTH COUNTERCLAIM (Declaratory Judgment re Incapacity), MARK and MICHAEL are entitled to judgment against PLAINTIFFS, jointly and severally, as follows:

a. declaring void, ineffective, and unenforceable each of the following documents:

i. COUVRETTE's power of attorney to act for Ann Wisnovsky as alleged in paragraph 5 of COUVRETTE's Amended Complaint;

ii. the Fourth Trust Amendment dated May 31, 2019;

iii. the Advance Directive dated May 31, 2019;

iv. the Fifth Trust Amendment dated June 8, 2019;

v. the Revocation and Termination of Redemption Agreement dated July 2, 2019;

vi. the Sixth Trust Amendment dated November 13, 2019;

vii. the Resignation of Trustee dated November 13, 2019; and

b. declaring that PLAINTIFFS' actions in this lawsuit purporting to be taken on behalf of Ann Wisnovsky and WISNOVSKY LAND were unauthorized; and

**Page 34 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

 c. awarding costs and reasonable attorney fees pursuant to section 3.7 of the Redemption Agreement and Fed. R. Civ. Proc. 54.

I. On the EIGHTH COUNTERCLAIM (Breach of Contract), MARK and MICHAEL are entitled to a judgment against PLAINTIFFS, jointly and severally, as follows:

 a. ordering specific performance so as to enjoin and require PLAINTIFFS to transfer ownership of WISNOVSKY LAND and its Valley View Property to MARK and MICHAEL upon Ann's death;

 b. granting a constructive trust attached to the membership interests of WISNOVSKY LAND;

 c. declaring that to the extent the foregoing remedies do not remedy the breach of contract so as to make the WISNOVSKY DEFENDANTS whole, PLAINTIFFS and any successor Trustees are liable for damages for any harm suffered by the WISNOVSKY DEFENDANTS in the future as a result of the breach of inheritance contract; and

 d. awarding costs and reasonable attorney fees pursuant to section 3.7 of the Redemption Agreement and Fed. R. Civ. Proc. 54.

J. On the NINTH COUNTERCLAIM (Tortious Interference with Prospective Inheritance), MARK and MICHAEL are entitled to a judgment against COUVRETTE as follows:

 a. Awarding damages in an amount to be determined at trial equal to the fair market value of WISNOVSKY LAND and the Valley View Property and/or the reasonable rental value of the Valley View Property during any period

**Page 35 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

when MARK and MICHAEL are temporarily deprived of ownership of that property as a result of the tortious interference of COUVRETTE;

    b.  and

    c.  awarding costs and reasonable attorney fees pursuant Fed. R. Civ. Proc. 54.

K.  On the TENTH COUNTERCLAIM (Declaratory Judgment re Notices of Default and Termination), the WISNOVSKY DEFENDANTS are entitled to a judgment against PLAINTIFFS as follows:

    a.  declaring that the notices of default and termination issued to VVW were ineffective; or, alternatively, declaring the rights and obligations of the parties in relation to the notices of default and termination so as to resolve all controversies and disputes related to the notices; and

    b.  for costs and reasonable attorney fees pursuant to paragraph 16.2 of the Vineyard Lease, paragraph 17.2 of the Winery Lease, and Fed. R. Civ. Proc. 54.

L.  To the extent the WISNOVSKY DEFENDANTS are not entitled to pre- or post-judgment interest on any award they receive at a greater rate than 9% per annum, they are entitled to pre- and post-judgment interest at the rate of 9% per annum pursuant to ORS 82.010; and

/ / /

/ / /

/ / /

/ / /

/ / /

**Page 36 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

M.      Awarding them such other relief as the Court may deem just and equitable.

DATED: February 27, 2024

CHENOWETH LAW GROUP, P.C.

By: ___/s/ *Brooks M. Foster*_____
      Brooks M. Foster, OSB No. 042873
      bfoster@chenowethlaw.com
      Bradley T. Crittenden, OSB No. 173274
      bcrittenden@chenowethlaw.com

      *Attorneys for Defendant Michael J. Wisnovsky,*
      *Mark A. Wisnovsky, and Valley View Winery,*
      *Inc.*

**Page 37 -** DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY,
AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2024, I caused to be served a copy of the foregoing **DEFENDANTS MARK A. WISNOVSKY MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY INC.'S FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** on the following person(s) in the manner indicated below:

Timothy Murphy
Murphy Law Group P.C.
333 NE Russell St., Suite 200
Portland, OR 97212
tim@oregonlandlord.net

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette and Wisnovsky Land LLC*

Mr. Gregory T. Lusby
Arnold Gallagher, PC
800 Willamette St. Ste. 800
PO Box 1758
Eugene, OR 97440
glusby@arnoldgallagher.com

*Attorney for Defendant Jarvis, Dreyer, Glatte& Larsen, LLP*

Bernard S. Moore
Frohnmayer Deatherage
2592 E. Barnett Rd.
Medford, OR 97504
moore@fdfirm.com

*Attorney for Defendant Patrick Huycke*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com

*Attorney for Defendant Mark Wisnovsky, Michael Wisnovsky and Valley View Winery*

Stephen Brigandi
Law Office of Stephen Brigandi
3624 Caminito Cielo Del Mar
San Diego, CA 92130
sbrigandi@san.rr.com

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette and Wisnovsky Land LLC*

by the following method(s):

xx          by **e-service via CM/ECF** on the date set forth below.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for perjury.

DATED: Feb. 27, 2024

*s/ Skylar Washabaugh*
Skylar Washabaugh, Paralegal

**Page 1 - CERTIFICATE OF SERVICE**