STEPHEN M. BRIGANDI, ESQ. Pro hac vice
3624 Caminito Cielo Del Mar
San Diego, CA 92130
858-775-4213
brigandilaw@gmail.com


MURPHY LAW GROUP P.C.
Timothy Murphy, Attorney at Law
333 NE Russell St., Suite 200
Portland, OR 97212
Phone: 503 550 4894
tim@oregonlandlord.net

## UNITED STATES DISTRICT COURT
## MEDFORD DIVISION

| | |
|---|---|
| Joanne Couvrette, Trustee on behalf of Ann M. Wisnovsky<br>　　　Plaintiff,<br><br>　　　vs.<br><br>MARK A. WISNOVSKY, an individual; and MICHAEL J. WISNOVSKY, an individual; et al.<br>　　　Defendant. | Case No.: 1:21-CV-00157-CL<br><br>**SUGGESTION OF DEATH UPON THE RECORD UNDER RULE 25(a)(1) and MOTION FOR SUBSTITUTION OF PARTY** |

Counsel for Plaintiff in the above-referenced action gives formal notice and suggests upon the record, pursuant to rule 25(a)(1) of the Federal Rules of Civil Procedure, the death of Plaintiff Ann M. Wisnovsky.  Ann died on March 16, 2023.  Her death certificate is attached as Exhibit A.  Joanne Couvrette, Trustee of the Ann M. Wisnovsky brought this Elder Abuse Action on behalf of Ann, her mother, while Ann was alive.

1

SUGGESTION OF DEATH and MOTION FOR SUBSTITUTION OF PARTY

The San Diego County Superior Court, Probate Division appointed attorney Michelle Sullivan as Special Administrator for the Estate of Ann M. Wisnovsky on May 9, 2023.

**LEGAL STANDARD**
**ORS 124.100 and Fed. R. Civ. P. 25(a)(1)**

In *Tyler on Behalf of Butler v. Whetzel,* 301 Or App 504, 457 P3d 338 (2019), *rev den,* 366 Or 760, and *rev den,* 367 Or 115 (2020), the Oregon Court found that a claim for financial elder abuse is personal to the elder. Although a Trustee has standing to bring an elder financial abuse claim on behalf of the elder while the elder is alive, as happened here in this case, once the elder dies that trustee no longer has authority to pursue the financial abuse claim and the personal representative of the elder must be appointed.

"As the text of ORS 124.100 makes clear, a financial abuse claim belongs to the vulnerable person. That is, it is the vulnerable person who has suffered abuse who may bring the claim. ORS 124.100(2). Other persons authorized to file an action-whether a guardian, conservator, or attorney-in-fact, personal representative, or a <u>trustee-are representatives who do so on behalf of the vulnerable person.</u> In sum, the financial abuse claims at issue here were personal to the vulnerable person and did not belong to the trust or the trustee.

Having determined that a claim for financial abuse is personal to the vulnerable person, we next consider what effect the vulnerable person's death had on the trustee's standing to pursue the claim in this case. <u>The answer is straightforward. Under ORS 115.305, "[a]ll causes of action or suit, by one person against another, survive to the personal representative of the former and against the personal representative of the latter."</u> Accordingly, on Butler's death, the financial abuse claims survived to the personal representative of her estate. at that time, Tyler, as trustee of Butler's revocable trust,  no longer had authority to pursue

2

SUGGESTION OF DEATH and MOTION FOR SUBSTITUTION OF PARTY

the financial abuse claims on Butler's behalf."

Further, Plaintiff's motion is classified as a motion to substitute, which is governed by Rule 25.  See Greystone Bank v. Peralta, 10 CIV 0695, 2010 WL 3767619, at *2 (E.D.N.Y. Sept. 20, 2010) (holding that a motion that concerns substitution of one entity for another and not the substantive amendment of the pleadings is properly governed by Rule 25 and not Rule 15) (citing Hirsch v. Green, 382 F. Supp. 187 (D.C. Md. 1974) (since "the specific rule should control over the general" when interpreting the Federal Rules of Civil Procedure, any motion specifically to substitute parties rather than substantively alter the underlying pleadings must be determined under Rule 25 and not Rule 15)).

Rule 25(a)(1) permits the Court to substitute a deceased party with its successor as follows:

> A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "Rule 25 'establishes a time limit,' which starts running at the 'time information of the death is provided by means of a suggestion of death upon the record.'" Coleman v. Sys. Dialing LLC, 15-CV-3868, 2015 WL 9275684, at *2 (S.D.N.Y. Dec. 18, 2015) (quoting Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469 (2d Cir. 1998)). "'This requirement of a formal suggestion of death is absolutely necessary to trigger the running of the ninety days. Actual knowledge of the party's death is not sufficient, nor is mention of the death in

SUGGESTION OF DEATH and MOTION FOR SUBSTITUTION OF PARTY

court proceedings or pleadings.'" Stephens v. Am. Risk Mgmt. Inc., 89 CIV 2999, 1995 WL 479438, at *2 (S.D.N.Y. Aug. 14, 1995) (quoting 3B J. Moore, Moore's Federal Practice ¶ 25.06[3] at 25-49 (2d ed. 1995) (footnotes citing cases omitted)).

We hereby request the Court grant this Motion to Substitute the Special Administrator of the Estate of Ann M. Wisnovsky, Michelle Sullivan, for Trustee Joanne Couvrette on behalf of Plaintiff Ann M. Wisnovsky in the above entitled Matter.

April 30, 2024                    LAW OFFICE OF STEPHEN BRIGANDI


                         _____/s/*Stephen Brigandi*_____

4

SUGGESTION OF DEATH and MOTION FOR SUBSTITUTION OF PARTY