**STEPHEN M. BRIGANDI, ESQ. Pro hac vice**
3624 Caminito Cielo Del Mar
San Diego, CA 92130
858-775-4213
brigandilaw@gmail.com

**MURPHY LAW GROUP P.C.**
Timothy Murphy, Attorney at Law
333 NE Russell St., Suite 200
Portland, OR 97212
Phone: 503 550 4894
tim@oregonlandlord.net

UNITED STATES DISTRICT FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOANNE COUVRETTE, as Trustee of The Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC<br><br>       Plaintiffs<br><br><br><br><br><br><br><br>MARK A. WISNOVSKY, an individual; and MICHAEL J. WISNOVSKY, an individual; et al.<br><br>       Defendants | Case No. 1:21-CV-00157-CL<br><br>MOTION TO DISMISS PROPOSED FOURTH AMENDED ANSWER AND COUNTERCLAIMS |

Plaintiffs Joanne Couvrette, as Trustee of the Ann M. Wisnovsky Trust, and Wisnovsky Land, LLC hereby Move to Dismiss the Proposed Fourth Amended Answer and Counterclaims filed by Defendants Mark A. Wisnovsky, Michael J. Wisnovsky, and Valley View Winery Inc. for lack of subject matter jurisdiction.

1

## 1.    BACKGROUND FACTS

Respondent Joanne Couvrette ("Plaintiff" "Respondent" and "Couvrette") is a thirty-year resident of the State of California.  Petitioners Mark and Michael Wisnovsky ("Defendants" "Petitioners" and "Wisnovsky Brothers") are longtime residents of the State of Oregon.  Couvrette and the Wisnovsky Brothers are siblings, both sharing the same mother Ann M. Wisnovsky ("Ann").

On January 29, 2021, while Ann was still alive, Respondent filed a complaint in this jurisdiction alleging Elder Abuse against the Wisnovsky Brothers; invalidity of certain leases between the Trust and the Wisnovsky Brothers and Valley View Winery; and unjust enrichment against the Wisnovsky Brothers and Valley View Winery.  This Complaint is subject to the jurisdiction of this Court and is the basis of this Motion. The allegations are essentially that, knowing Ann's age and vulnerabilities, the Wisnovsky Brothers took advantage of Ann's weaknesses to get her to agree to a ninety (90) year lease agreement that would allow Valley View Winery to operate an approximately seventy (70) acre winery on property owned by Ann's Trust.  (Please see Couvrette's initial complaint, docket number 1 in the Court's file).

On or about April 7, 2023, The Wisnovsky Brothers and Valley View Winery then answered the Complaint and filed several Counterclaims against Respondent.  (Please see docket number 90 in this Court's record).  (Please see footnote 1 below).  Importantly, many of the Counterclaims exclusively relate to the actions of Couvrette while administering Ann's Trust, none of which are allowed to be heard in this Court according to established U.S. Supreme Court

2

*Footnote 1.  The First, Seventh, Eighth, and Ninth Counterclaims exclusively relate to Probate and Trust Administration questions.  The Second, Third, Fourth, Fifth, Sixth, and Tenth are permissive claims alleging various tort and contract claims against Plaintiffs.*

and Ninth Circuit Law.

The other Counterclaims are subject to dismissal as they all lack diversity jurisdiction and do not arise out of the same common nucleus of operative facts.  None of the Counterclaims relate to any actions taken by Couvrette individually and separately from her conduct as the Trustee of Ann's Trust.  (Please see Declaration of Joanne Couvrette dated March 28, 2024 and attached hereto as Exhibit 1.)

As this Court is aware, there are and have been several related actions in several courts both in Oregon and California.  One, the Estate of Ann has filed and there is pending a probate action in San Diego County, California.  (Case No. 37-2023-00011384). Two, the Wisnovsky Brothers filed an action in Oregon State Court, County of Jackson, seeking to have Couvrette removed as Trustee.  Three, Plaintiff then on March 21, 2023 sought to remove the State Court action to remove Couvrette as Trustee to the Oregon Federal Court, Medford Division. (Please see Case number 1:23-cv-00414 – CL).  That matter was assigned to this Court, and the Parties agreed to magistrate jurisdiction in this Court on June 14, 2023.

Most importantly, as it relates to this Motion to Dismiss, the Wisnovsky Brothers objected to the removal of the State Court action to Federal Court.  On April 4, 2023 they filed a Motion to Remand their action seeking to remove Couvrette as Trustee back to the State Court.

The Parties then engaged in several evidence-based hearings and on November 9, 2023 this Court entered its Opinion and Order which granted the Wisnovsky Brothers' Motion to Remand. (Please see Exhibit 2 to this Motion; the Court's Order dated November 9, 2023.  Accordingly, at

the Request of Defendants, any and all claims related to the administration of the Trust were sent back to the Jackson County State Court.

It is this Court's Order remanding the Trustee removal matter back to State Court that forms much of the basis of the First Claim in this Motion to dismiss the Counterclaims filed by the Defendants. A discussion of the facts and laws follows.

## 2. FACTS AND LAWS

### CLAIM NUMBER ONE: LACK OF PROBATE JURISDICTION

### FIRST, SEVENTH, EIGHTH, AND NINTH COUNTERCLAIMS

As stated above, all of the alleged actions taken by Couvrette in this matter, and to which are objected to by Defendants, were taken in her capacity as Trustee. (Please see Couvrette Declaration). None of the Counterclaims allege that Couvrette was acting in her personal capacity or seeking to personally profit from any of her actions as Trustee. As such, as this Court has already determined, the Oregon probate exemption applies and any and all related activities of the Trustee belong only in Oregon State Court. Accordingly, the First. Seventh, Eighth, and Ninth counterclaims should be dismissed.

"The probate exemption is a jurisdictional limitation on Federal Courts that 'reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.'" *Hollander v. Irrevocable Tr. Established by James Brown in Aug. 21, 2000,* 200 WL 2604821, at \*2 (C.D. Cal June 30, 2011), (quoting *Marshall v. Marshall,* 547 U.S. 293, 311-12 (2006). The probate exemption prohibits a federal court from endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (30 assume in rem jurisdiction over property that is in the custody of the probate court. (Please see *Goncalves By & Through Goncalves v. Rady*

*Children's Hosp. San Diego,* 865 F.3d 1237, 1252, 9th Cir. 2017).  Importantly, the Supreme Court in *Marshall* "implicitly held that the probate exemption analysis applies to trusts that act as will substitutes.  *Profita v. Andersen,* 2018 WL 4199214 at *3 (C.D. Cal. Aug. 8, 2018).  And, importantly an Idaho Federal Court ruled that the probate exception also applies to the removal of a trustee of an inter vivos trust. *Chabot v. Chabot,* 2011 WL 5520927 (D. Idaho Nov. 4, 2011) citing *Marshall.*

Given that the Supreme Court and Ninth Circuit precedent have determined that the probate exception applies to *inter-vivos* trusts, this Court has no choice but to dismiss Defendants' First, Seventh, Eighth, and Ninth Counterclaims against Couvrette.

As there is an existing probate action pending in San Diego County California, the filing of which predates Defendants' Application to Remove Trustee in Oregon State Court as well as this action, any jurisdiction regarding the administration of Ann's trust can only be heard in San Diego County, California.

## CLAIM NUMBER 2

## LACK OF SUBJECT MATTER AND DIVERSITY JURISDICTION

## SECOND, THIRD, FOURTH, FIFTH, SIXTH AND TENTH COUNTERCLAIMS

1.  Defendants' proposed Second, Third, Fourth, Fifth, Sixth and Tenth Counterclaims are all permissive counterclaims and are subject to all of the Federal Courts' rules regarding permissive claims.

Permissive Counterclaims "must arise out of a common nucleus of operative facts" as alleged in the original complaint.  F.R.C.P. 13(b).  In order to meet that test, the proposed counterclaims must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Campos v. W. Dental Services, Inc., 404 F. Supp. 2d 1164, at p.*

*1169 (N.D CA).* If the proposed counterclaims do not meet such standard of relationship to the original claims, the Court may dismiss them for lack of jurisdiction. *Id, Campos.*

As such, a permissive counterclaim that lacks its own independent jurisdictional basis is not within the jurisdiction of the court. In *Sue Sam Mfg. Co. v. B-L-S Const. Co., 538 F.2d 1048 (4th Cir. 1976),* The Fourth Circuit has suggested four inquiries to determine if a counterclaim is compulsory:

(1) Are the issues of fact and law raised in the claim and counterclaim largely the same?

(2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule?

(3) Will substantially the same evidence support or refute the claim as well as the counterclaim?

(4) Is there any logical relationship between the claim and counterclaim?

Clearly, the answer to all of those four inquiries are no in the Defendants' Counterclaims related to the alleged lease breaches. First, the issues of fact and law raised in the counterclaims are not "largely the same." The original complaint, for Elder Abuse and Unjust Enrichment, occurred while Ann lived in Oregon, during a period of years prior to 2019, while Defendant's counterclaims for alleged lease breaches and other issues occurring as recently as 2024, almost a year after Ann's death. Under ORS 124.000 (2):

> *A vulnerable person who suffers injury, damage or death by reason of physical abuse or financial abuse may bring an action against any person who has caused the physical or financial abuse or who has permitted another person to engage in physical or financial abuse.*

6

Second, Res Judicata would not bar a subsequent suit on the lease counterclaims.   The Court's resolution of the Elder Abuse and Unjust Enrichment claims will have no impact on the lease related and contract related counterclaims and will not bar defendants from seeking relief in state court.

Third, Defendant's Claims will not be supported by substantially the same evidence.   The Elder Abuse claims will rely on emails, texts, and documents sent between Attorney Pat Huycke, Mark and Mike Wisnovsky, corporate financial accounts of Defendants and their Alter Ego Company, Third Generation Farms, and photographs of physical elder abuse.  The alleged counterclaims relate to a distinctly different timeframe and different evidence, including lease payment records, lease negotiations in the fall of 2019 between Couvrette and the Defendants, and documentation of Defendants' failure to pay rent in 2023 and 2024 after Ann's death.

Fourth and finally, there is no logical relationship between the Original Complaint and these Counterclaims.  There is no logical connection between the elder abuse involved in the creation of the unconscionable lease and the landlord-tenant disputes that have subsequently arisen.  Significantly, the parties are not even the same.  The Original Complaint was brought on behalf of Ann as an individual.  The alleged counterclaims assert actions against the Trustee and Wisnovsky Land. While defendants may assert *defenses* against Elder Abuse, it would be hard to fathom any logical counterclaim against Elder Abuse because the complainant, the victim, is held to be a vulnerable person under Oregon law solely by virtue of her age.  Ann was 90 years-old and suffering from hemophilia and dementia at the time of her death.

The original claim that the lease was unconscionable bears no relationship, nor shared set of facts, nor logical connection with Defendants' counterclaims. Differences in time, the causes of action, the cause of damages, the proof of facts, and the issues rule out a logical relation

between the claim for Elder Abuse and the counterclaims related to alleged lease breaches and contract interpretations.

As stated above, the original Complaint, filed by Joanne on behalf of Ann, exclusively raises tort claims related to elderly abuse.  Plaintiffs allege that the Wisnovsky Defendants, knowing of Ann's physical, mental, and financial vulnerabilities took advantage of her to get her to enter into an obviously fraudulent lease agreement.  None of the alleged Counterclaims bear any relationship to the original claims, nor do they arise out of or are under the laws of the United States.

The Second, Third, Fourth, Fifth, Sixth, and Tenth Counterclaims are clearly permissive. Because they bear no relationship whatsoever to the original Complaint, this Court must dismiss all of those Counterclaims for lack of subject matter jurisdiction.

2.   There is no diversity jurisdiction between the Wisnovsky Defendants and Wisnovsky Land, LLC.  Oregon law provides that, for a matter to proceed in Federal Court, there must be diversity.  Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants.  *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).  "It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." E*xxon Mobil Corp. v. Allapattah Servs., Inc.,* 544 U.S. 280, 289 (2005). District courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. Original jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim arising under the United States Constitution or the laws or treaties of the United States. 28 U.S.C. §§ 1331, 1332.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). *Kip A. Farthing v. Turner Properties LLC* (3-14-cv-00841).

Here, Wisnovsky Land, LLC and the Wisnovsky Defendants all exist and/or reside in Oregon. Neither the Wisnovsky Defendants nor Wisnovsky Land, LLC have any substantial or meaningful contacts with any other state. Nor do any of the alleged Counterclaims arise out of the laws of the United States. (Please see Couvrette Declaration). As such, any and all Counterclaims against Wisnovsky Land, LLC must be dismissed for lack of diversity jurisdiction.

## CONCLUSION

Because the alleged Counterclaims against Couvrette as Trustee are matter of probate and trust administration law, the First, Seventh, Eight and Ninth alleged Counterclaims must be dismissed with prejudice. Additionally, because there is no diversity nor subject matter jurisdiction, the Second, Third, Fourth, Fifth, Sixth, and Tenth alleged Counterclaims must be dismissed with prejudice.

Dated:  May 13, 2024                         Law Office of Stephen Brigandi


                                               */s/ Stephen M. Brigandi*