**Brooks M. Foster, OSB No. 042873**
Email: bfoster@northwestlaw.com
**Bradley T. Crittenden, OSB No. 173274**
Email: bcrittenden@chenowethlaw.com
Chenoweth Law Group, P.C.
510 SW Fifth Avenue, Fifth Floor
Portland, OR 97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

**James R. Dole, OSB No. 892272**
Email: jdole@wlrlaw.com
Watkinson Laird Rubenstein, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282

Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP,<br><br>Defendants. | Case No. 1:21-CV-00157-CL<br><br>**WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFF JOANNE COUVRETTE'S SUGGESTION OF DEATH UPON THE RECORD AND MOTION FOR SUBSTITUTION OF PARTY**<br><br>**ORAL ARGUMENT REQUESTED** |

Page 1 –     WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFF JOANNE
              COUVRETTE'S SUGGESTION OF DEATH UPON THE RECORD AND
              MOTION FOR SUBSTITUTION OF PARTY

Defendants Mark Wisnovsky ("Mark"), Michael Wisnovsky ("Mike"), and Valley View Winery, Inc. ("Valley View") (collectively, "Wisnovsky Defendants") submit this response in opposition to the *Suggestion of Death Upon the Record Under Rule 25(a)(1) and Motion for Substitution of Party*, filed on May 6, 2024, by Plaintiff Joanne Couvrette ("Couvrette"). The Wisnovsky Defendants request a hearing of up to 30 minutes for oral argument regarding the motion.

As explained further below, the Court should deny Couvrette's motion for being filed in violation of LR 7-1, for being untimely and in violation of Federal Rule of Civil Procedure 25, and for being untimely and in violation of the Court's scheduling orders. If the Court does allow the substitution proposed by Couvrette, its order should clarify that the substitution is limited to the elder financial abuse claim and does not relieve Couvrette of being a counterclaim-defendant with respect to any of the counterclaims alleged against her by the Wisnovsky Defendants.

This response is supported by the pleadings and record on file with the Court and the *Declaration of Brooks M. Foster (May 20, 2024)* filed herewith.

## <u>RESPONSE</u>

**A.    Couvrette's Substitution Motion Should Be Denied Pursuant to Local Rule 7-1 Because She Failed to Confer Before Filing the Motion.**

The Local Rules of the U.S. District Court for the District of Oregon required Couvrette to confer with all opposing parties before filing her substitution motion. *See* LR 7-1 (the "Conferral Rule"). The Conferral Rule states in pertinent part:

> "Except for motions for temporary restraining orders, the first paragraph of every motion must certify that:
> (A) In compliance with this Rule, the parties made a good faith effort through personal or telephone conferences

Page 2 –    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFF JOANNE COUVRETTE'S SUGGESTION OF DEATH UPON THE RECORD AND MOTION FOR SUBSTITUTION OF PARTY

to resolve the dispute [raised in the motion] and have been unable to do so;

(B) The opposing party willfully refused to confer; or

(C) The moving party or opposing party is a prisoner not represented by counsel."

LR 7-1.  Couvrette's motion includes no LR 7-1 certification.  Before filing the motion, Couvrette's attorneys did not confer in person or by telephone with counsel for the Wisnovsky Defendants; nor did they request such conferral; nor did they leave any voice messages requesting it.  Foster Decl. ¶ 2.

"The obvious purpose of LR [7-1] is 'to encourage parties to resolve amicably disputes when possible, preserving judicial resources for those matters that require the court's intervention.'"  *Bowers v. Experian Information Solutions, Inc.*, 2009 WL 2136632, *1 (D. Or. July 15, 2009) (quoting *Thompson ex rel. Thorp Family Charitable Remainder Unitrust v. Federico*, 324 F.Supp.2d 1152, 1172 (D. Or. 2004).  "If the rule is to mean anything at all, at least the spirit of its substantive requirements must be met."  *Bowers*, 2009 WL 2136632 at *1. "The remedy for a violation of LR [7-1] is a denial of the motion, and the authority to exercise this remedy lies within the district court's discretion."  *Id.*

In *Bowers*, the moving party's motion included a certification that it had made a good faith effort to confer through email.  *Id.* at * 2.  The email exchange "did not comply with the letter or the spirit of LR [7-1]."  *Id.* at * 3.  To excuse the violation "would be to render the court's local rule meaningless and the conferral obligation perfunctory."  *Id.*  The court "will not enforce LR [7-1] where conferral clearly would be futile," but it was "difficult to know what would have resulted if a proper conferral had occurred[.]"  *Id.*  The Court did not have to deny the motion for violating the Conferral Rule because the motion failed on its merits, but the Court emphasized that "future adherence to the local rule requirements will be expected and enforced

in this case." *Id.*

Here, Couvrette failed to confer in person or by phone before filing her substitution motion, and the motion omits the certification required by LR 7-1.  The Court therefore has discretion to deny the motion for violating LR 7-1, and it should do so.

It is impossible to know what would have resulted if a proper conferral had occurred.  For example, it would have allowed the Wisnovsky Defendants to discuss their opposition and explore any reply before the parties filed their motion and response, narrowing and clarifying the issues for the Court.  It would have also allowed the parties to clarify the extent to which the substitution would affect the various claims and counterclaims pleaded in the action.  The motion fails to do that so the Wisnovsky Defendants are having to do that in this response.

In essence, because Couvrette failed to confer in person or by phone, the Wisnvosky Defendants are having to respond to an incomplete, question-begging motion.  Couvrette will get an opportunity to file a reply and attempt to surprise the Wisnovsky Defendants with information her attorneys would have disclosed if they had properly conferred.  The Wisnovsky Defendants will be prejudiced because they will have no opportunity to respond to those new points in writing.

Thus, Couvrette's lack of in-person or phone conferral and lack of LR 7-1 certification violate the letter and spirit of the Conferral Rule and prejudice the Wisnovsky Defendants.  If the Conferral Rule is to be obligatory and not perfunctory, the Court should enforce it by denying the substitution motion on the grounds that it was filed in violation of LR 7-1.

/ / /

/ / /

/ / /

**B.    Couvrette's Substitution Motion Should Be Denied as Untimely and in Violation of Federal Rule of Civil Procedure 25(1) Because She Did Not File It Within 90 Days After Her Service of a Statement Noting the Death of Ann Wisnovsky.**

Couvrette moves for substitution pursuant to Federal Rule of Civil Procedure 25, which, upon the death of a party, allows substitution of the proper party.  "A motion for substitution may be made by any party or by the decedent's successor or representative."  Fed. R. Civ. P. 25(1).  "[I]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed."  *Id.*  (emphasis added).  Rule 26 does not define the term, "statement noting the death."

On March 31, 2023, Couvrette and the other parties signed and filed a *Joint Status Report* with this Court.  The first page of the report included the following statement noting the death of Ann Wisnovsky on the record:

> "<u>On March 16, 2023, Ann</u> Wisnovsky ('Ann'), grantor and beneficiary of the Ann M. Wisnovsky Trust, <u>passed away</u> in San Diego, California.  Ann was the mother of [Couvrette], Defendants Mark and Michael Wisnovsky, and the founder of Defendant Valley View Winery, Inc.  Couvrette has petitioned in San Diego County Superior Court for Letters of Special Administration authorizing her to participate in this lawsuit on behalf of Ann's estate as a Special Administrator."

*Joint Status Report* at 1 (ECF No. 89) (underline added).  Couvrette's former counsel of record, Bonnie Richardson, signed the report and the certificate of service appended to the report.  The certificate confirms Ms. Richardson served the report on the other parties through the court's CM/EFC e-filing system and by "Electronic Mail."  *Id.* at 6.

The *Joint Status Report* was, quite literally, a statement noting the death of Ann Wisnovsky on the record, and it was served on all parties to this action.  It stated that Ann passed

Page 5 –    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFF JOANNE COUVRETTE'S SUGGESTION OF DEATH UPON THE RECORD AND MOTION FOR SUBSTITUTION OF PARTY

away on March 16, 2023. Couvrette's attorney filed it in the Court record and served it on all parties. Counsel for each party signed the report. The report was a statement noting the death of Ann Wisnovsky for purposes of Rule 25.

The *Joint Status Report* was served on March 31, 2023. Ninety days thereafter was June 29, 2023. Three hundred and twelve days later, Couvrette filed her substitution motion. That was over <u>400 days after</u> she served the *Joint Status Report* noting Ann's death. The substitution must be denied as untimely and non-compliant with Rule 25.

Couvrette's motion inexplicably fails to mention the *Joint Status Report*. It could be that her new attorneys, Stephen Brigandi and Timothy Murphy, were not aware of it. Or they might have hoped the Wisnovsky Defendants and Court would overlook it.

The motion cites a 1995 decision from the Southern District of new York to suggest "mention of the death in court proceedings or pleadings" does not constitute "service of a statement noting the death" for purposes of Rule 25. Mot. at 3:27–4:3 (citing *Stephens v. Am. Risk Mgmt. Inc.*, 89 CIV 2999, 1995 WL 479438, *2 (S.D.N.Y. Aug. 14, 1995)). That case held an "informal" notice in a letter from defense counsel to the other lawyers on the case did not constitute "service of a statement noting the death" for purposes of Rule 25.

*Stephens* is not a Ninth Circuit or District of Oregon decision, and the *Joint Status Report* was not an informal notice letter. It was a formal status report filed with the Court and served on all parties. It expressly mentions Couvrette's intent to take legal action to authorize a special administrator to substitute into this case in place of Ann's estate. This was not a mere mention of the death "in court proceedings," nor was the *Joint Status Report* a pleading. It was a "statement noting the death" of Ann Wisnovsky, within the meaning of Rule 25.

/ / /

Page 6 –    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFF JOANNE
COUVRETTE'S SUGGESTION OF DEATH UPON THE RECORD AND
MOTION FOR SUBSTITUTION OF PARTY

Couvrette filed the *Joint Status Report*, then allowed 90 days to pass without filing for substitution or for an extension of the 90-day deadline set by Rule 25. Then she inexplicably waited 312 more days before filing her motion to substitute. The motion does not seek relief from the 90-day deadline in Rule 25, which must be enforced. The motion must be denied as untimely pursuant to Rule 25.

**C.    Couvrette's Motion Should Also Be Denied as Untimely and in Violation of the Court's Recent Scheduling Orders.**

On February 26, 2024, the Court entered the following Scheduling Order:

> "Joint Status Report is due by 3/4/2024, with case updates on the settlement and proposed stipulated <u>deadlines for continuing the case with the remaining parties</u>, <u>including a prompt due date for Plaintiffs['] Amended Complaint</u>, as well as deadlines for discovery, dispositive motions, and expert discovery."

ECF no. 113. Thus, the Court ordered the parties to set deadlines for continuing the case with the "remaining parties" including a "prompt due date for Plaintiffs['] Amended Complaint." *Id.*

On March 1, 2024, the parties responded with another *Joint Status Report*. ECF no. 115. The report requested a deadline of March 30, 2024, for the filing of Plaintiff's Amended Complaint. *Id.* at 2. It set a discovery deadline of June 3, 2024, and other deadlines thereafter. *Id.* Plaintiffs said nothing in the report about adding or substituting a party.

On March 4, 2024, the Court issued a Scheduling Order regarding Joint Status Report. ECF no. 116. It states:

> "The Court adopts the proposed schedule. Amended Complaint is due 4/1/2024. Discovery is to be completed by 6/3/2024. Initial Expert Disclosure deadline is 08/05/2024. Rebuttal Expert Disclosure deadline is 09/02/2024. Expert Discovery is to be completed by 11/4/2024. Dispositive Motions are due by 12/2/2024."

Page 7 –    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFF JOANNE
            COUVRETTE'S SUGGESTION OF DEATH UPON THE RECORD AND
            MOTION FOR SUBSTITUTION OF PARTY

*Id.* Thus, the Court entered deadlines intended to continue the case with the remaining parties. It expressly ordered Plaintiffs to amend their complaint by April 1, 2024, and set a series of upcoming deadlines intended to follow the amended complaint.

Plaintiffs allowed the April 1, 2024 deadline to pass without amending their complaint and without saying anything about adding or substituting any parties. On May 6, 2024, Couvrette filed her motion for substitution, which if allowed would effectively amend the complaint by adding or substituting a plaintiff. Yet Couvrette has not moved for relief from the Court's scheduling orders or the April 1, 2024 deadline to amend the complaint; and the substitution motion gives no hint as to why Plaintiffs violated the Court's order for them to file an amended complaint by April 1, 2024. The Court should deny the substitution motion as untimely and in violation of its scheduling orders.

**D.**     **If the Court Allows the Substitution, Its Order Should Clarify That the Substitution Is Limited to the Elder Financial Abuse Claim and Does Not Relieve Couvrette of Being a Counterclaim-Defendant Against Any of the Counterclaims Alleged Against Her by the Wisnovsky Defendants.**

Couvrette's substitution motion asks the Court to "Substitute the Special Administrator of the Estate of Ann M. Wisnovsky, Michelle Sullivan, for Trustee Joanne Couvrette on behalf of Plaintiff Ann M. Wisnovsky in the above entitled Matter." Mot. at 4:4–8. The motion combines this request with an erroneous caption suggesting the only plaintiff is "Joanne Couvrette, Trustee on behalf of Ann M. Wisnovsky." Mot. at 1. This implies that if the substitution motion is granted the only remaining Plaintiff should be Special Administrator Michelle Sullivan ("Sullivan").

/ / /

Page 8 –     WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFF JOANNE
COUVRETTE'S SUGGESTION OF DEATH UPON THE RECORD AND
MOTION FOR SUBSTITUTION OF PARTY

This implication is misleading because Wisnovsky Land, LLC ("Wisnovsky Land"), is also a current Plaintiff; Couvrette and Wisnovsky Land allege other claims against the Wisnovsky Defendants besides elder financial abuse; and Couvrette and/or Wisnovsky Land are counterclaim-defendants against the ten counterclaims alleged by the Wisnovsky Defendants. To avoid any misleading implications, if the Court grants the substitution it should clarify that it is limited to the elder financial abuse counterclaim and does not relieve Couvrette of being a counterclaim-defendant against any of the counterclaims alleged against her by the Wisvnosky Defendants.

The substitution motion contends the substitution of Sullivan in place of Couvrette is needed because "a Trustee has standing to bring an elder financial abuse claim on behalf of the elder while the elder is alive," but "once the elder dies that trustee no longer has authority to pursue the financial abuse claim and the personal representative of the elder must be appointed." Mot. at 2:10–15. Thus, the only reason for the proposed substitution is to allow Sullivan to prosecute the claim currently alleged by Couvrette for elder financial abuse, which is only one of several claims alleged by Plaintiffs Couvrette and Wisnovsky Land, LLC in their *First Amended Complaint* (ECF no. 45).

The Wisnovsky Defendants filed their fourth amended answer and counterclaims on March February 27,  2024 (ECF no. 114).  They allege ten counterclaims.  Couvrette is party to each of those counterclaims except for the second, fourth, and sixth, which are alleged only against Wisnovsky Land.  None of the counterclaims were alleged against Ann prior to her death.  Thus, none of the counterclaims are alleged against Ann's estate.  The substitution of Sullivan for Couvrette should not relieve Couvrette of any of the counterclaims against her.

/ / /

Page 9 –     WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFF JOANNE
             COUVRETTE'S SUGGESTION OF DEATH UPON THE RECORD AND
             MOTION FOR SUBSTITUTION OF PARTY

## CONCLUSION

For the foregoing reasons the Court should deny the substitution motion on the grounds that it was filed in violation of LR 7-1, untimely and in violation of Rule 25, and untimely and in violation of the Court's latest scheduling orders.  If it allows the substitution, its order should clarify that the substitution applies only to the elder financial abuse counterclaim currently pleaded by Couvrette and that it does not relieve Couvrette of any of the counterclaims against her.

DATED:  May 20, 2024

CHENOWETH LAW GROUP, P.C.


By:    /s/ Brooks M. Foster
    Brooks M. Foster, OSB No. 042873
    bfoster@chenowethlaw.com
    Bradley T. Crittenden, OSB No. 173274
    bcrittenden@chenowethlaw.com
    *Attorneys for Defendant Michael J. Wisnovsky,*
    *Mark A. Wisnovsky, and Valley View Winery,*
    *Inc.*

Page 10 –    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFF JOANNE
        COUVRETTE'S SUGGESTION OF DEATH UPON THE RECORD AND
        MOTION FOR SUBSTITUTION OF PARTY

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, I caused to be served a copy of the foregoing **WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFF JOANNE COUVRETTE'S SUGGESTION OF DEATH UPON THE RECORD AND MOTION FOR SUBSTITUTION OF PARTY** on the following person(s) in the manner indicated below:

Stephen M. Brigandi
3624 Caminito Cielo Del Mar
San Diego, CA 92130
Brigandilaw@gmail.com

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette and Wisnovsky Land LLC*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com

*Attorney for Defendant Mark Wisnovsky, Michael Wisnovsky and Valley View Winery*

Timothy Murphy
Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
tim@oregonlandlord.net

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette and Wisnovsky Land LLC*

by the following method(s):

xx_____    by **e-service via CM/ECF** on the date set forth below.

xx_____    by **emailing** a full, true and correct copy thereof to the parties at the email addresses shown above, which are the last-known email addresses of the parties, on the date set forth below.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for perjury.

DATED: May 20, 2024

/s/ *Skylar Washabaugh*_____
Skylar Washabaugh, Paralegal

Page 1 - CERTIFICATE OF SERVICE