**Brooks M. Foster, OSB No. 042873**
Email: bfoster@northwestlaw.com
**Bradley T. Crittenden, OSB No. 173274**
Email: bcrittenden@chenowethlaw.com
Chenoweth Law Group, P.C.
510 SW Fifth Avenue, Fifth Floor
Portland, OR 97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

**James R. Dole, OSB No. 892272**
Email: jdole@wlrlaw.com
Watkinson Laird Rubenstein, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282

Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP, <br><br> Defendants. | Case No. 1:21-CV-00157-CL <br><br> **WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS** <br><br> **ORAL ARGUMENT REQUESTED** |

Page 1 -    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO
            DISMISS

Defendants Mark Wisnovsky ("Mark"), Michael Wisnovsky ("Mike") and Valley View Winery, Inc. ("Valley View") (collectively, "Wisnovsky Defendants") submit this response in opposition to the *Motion to Dismiss Proposed Fourth Amended Answer and Counterclaims* filed by Plaintiffs Joanne Couvrette ("Couvrette") and Wisnovsky Land, LLC ("Wisnovsky Land") (collectively, "Plaintiffs") on May 13, 2024 (ECF 120, "motion").  For the reasons below, the Court should deny Plaintiffs' motion.

## I.    INTRODUCTION

Plaintiffs argue the Court has no diversity jurisdiction over the Wisnovsky Defendants' first, seventh, eighth, and ninth counterclaims because those claims are subject to the "probate exception" to diversity jurisdiction.  The probate exception does not apply, however, to those counterclaims because those are not claims that ask this Court to administer Ann's Trust.

Plaintiffs also argue the second, third, fourth, fifth, sixth, and tenth counterclaims must be dismissed because they are supposedly permissive counterclaims over which the Court lacks diversity jurisdiction.  The Court should reject this argument because it has diversity jurisdiction over the parties in this action.  Plaintiffs are both citizens of California and the Defendants are all citizens of Oregon.  Alternatively, the Court has jurisdiction over those counterclaims because they are compulsory counterclaims.

## II.    RESPONSE TO ALLEGED FACTS

The "Background Facts" section of the motion asserts a number of erroneous and misleading factual assertions, which the Wisnovsky Defendants feel compelled to correct.

Page 2 -    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO
            DISMISS

**A.    Couvrette's Original Complaint Asserted This Court Had Diversity Jurisdiction and Was Not Limited to Tort Claims Related to Elder Abuse.**

Couvrette filed her original *Complaint* in this action on January 29, 2021.  ECF 1.  The complaint alleged this Court had diversity jurisdiction because Couvrette was a citizen of California and the Wisnovsky Defendants were citizens of Oregon.  *Id.* ¶¶ 5–8, 11.  It alleged Couvrette was bringing the action "as trustee of the Ann M. Wisnovsky Trust (the 'Trust') and on behalf of her mother, Ann M. Wisnovsky."  *Id.* ¶ 1.

The complaint alleged one claim for relief against Mark and Mike and two claims for relief against Mark, Mike, and Valley View.  The first claim for relief alleged "Elder Abuse" against Mark and Mike.  *Id.* ¶¶ 46–51.  It sought damages of $12.6 million, rescission of the leases between Valley View and Wisnovsky Land, and return of the controlling shares of Valley View stock.  *Id.* ¶¶ 50–51.  The second claim alleged "Unconscionable Conduct" against Mark, Mike, and Valley View.  *Id.* ¶¶ 52–55.  It sought rescission of "all unconscionable terms" in the leases.  ECF 1 ¶ 55.  The third claim alleged "Unjust Enrichment" against Mark, Mike, and Valley View and seeks to recover benefits the Wisnovsky Defendants allegedly received from "leased lands."  *Id.* ¶¶ 56–58.  It sought damages of at least $4.2 million.  *Id.* ¶ 58.

Plaintiffs' motion misrepresents to the Court that "the original Complaint, filed by Joanne on behalf of Ann, exclusively raises tort claims related to elderly abuse."  ECF 120 at 8:3–5.  The second claim for relief was a contract claim and the third was an equitable claim for unjust enrichment, commonly known as "quasi-contract."  The claims were pleaded in the alternative to the claim for elder financial abuse.  The claims in the original complaint for "Unconscionable Conduct" and "Unjust Enrichment" were not tort claims, and they did not depend on elder abuse.

Page 3 -    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS

**B.**   **Couvrette's Operative Amended Complaint Asserts This Court Has Diversity Jurisdiction and Is Not Limited to Tort Claims Related to Elder Abuse.**

Couvrette filed her *Amended Complaint* in this action on March 16, 2022. ECF 45. The amended complaint added Wisnovsky Land as a co-Plaintiff. *Id.* ¶ 6. The other parties remained the same. *Id.* ¶¶ 5–11. The amended complaint is still Plaintiffs' operative complaint. It repeats the allegation in the original complaint that Couvrette was bringing the action "as trustee" of Ann's Trust and "on behalf of her mother, Ann[.]" *Id.* ¶ 1. It further alleges Couvrette was bringing the action on behalf of Wisnovsky Land. *Id.* ¶ 1.

Like the original complaint, the amended complaint alleges this Court has diversity jurisdiction because Couvrette is a citizen of California and all of the Defendants are citizens of Oregon. ECF 45 ¶¶ 5–13. The amended complaint expressly alleges:

> "Plaintiff Wisnovsky Land, LLC is a limited liability company, organized under the law of the State of Oregon, whose sole member is Joanne Couvrette, as trustee of the Ann M. Wisnovsky Trust. Wisnovsky Land, LLC is a citizen of the State of California."

*Id.* ¶ 6. Thus, the addition of Wisnovsky Land as a plaintiff did not strip this Court of diversity jurisdiction because it is a citizen of California.

The amended complaint continues to allege the claims of elder financial abuse against Mark and Mike and unjust enrichment against the Wisnovsky Defendants while adding new plaintiff Wisnovsky Land as a claimant on the unjust enrichment claim. *Id.* ¶¶ 55–60. The amended complaint restyles the second claim for relief, in which Couvrette formerly sought rescission of the leases on grounds of unconscionability, as a claim by Couvrette and Wisnovsky Land for "Declaratory Relief – Invalidity of Leases Procured by Undue Influence," which asks the Court to declare "the Leases are invalid and void." *Id.* ¶¶ 55–57.

Page 4 -    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS

**C.      This Court's Remand of the State Court Action**

According to Plaintiffs' motion, "this Court has already determined" that "any and all related activities of the Trustee belong only in Oregon State Court." ECF 120 at 4:15–17. This Court has done no such thing.

In the separate Trustee removal action, which has never been consolidated with this lawsuit, Mark and Mike seek to replace Couvrette with a professional fiduciary to act as Trustee of Ann's will-substitute Trust. After Couvrette removed that case to this Court, the Court applied the probate exception and remanded the case to the Probate Division of Jackson County Circuit Court. *Wisnovsky v. Couvrette*, Case No. 1:23-cv-00414-CL, *Opinion and Order* at 7–8 (ECF 31, "Opinion"). The Court construed the probate exception to apply "to the administration of *inter vivos* trust instruments that act as will substitutes." *Id.* at 5 (underline added). The exception applied because "the removal of a trustee and court appointment of a trustee involve the court in the administration of the decedent's estate." *Id.* The Court could have also observed that Mark and Mike sought removal of Couvrette as Trustee pursuant to Or. Rev. Stat. §§ 130.025, 130.050, 130.615(5), 130.625(3), 130.800(2)(e), and 130.800(2)(f), which are sections of Oregon's Uniform Trust Code, Oregon Revised Statutes Chapter 130.

Thus, the Opinion in the Trustee removal action did not determine that "any and all related activities of the Trustee belong only in Oregon State Court," as Plaintiffs wrongly assert. ECF 120 at 4:15–17. The Opinion cited controlling Ninth Circuit case law holding the probate exception is limited to circumstances where "a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court." *Id.* at 4 (citing *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego* ("*Goncalves*"), 865 F.3d 1237, 1252 (9th Cir. 2017)). The

Page 5 -      WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO
                     DISMISS

Opinion also cited opinions from the Ninth Circuit and Western District of Washington holding the appointment of a personal representative is administration of an estate. *Id.* (citing *Hassanati ex rel. Said v. Int'l Lease Fin. Corp.*, 643 F. Appx. 620, 622 (9th Cir. 2016); *Simmers v. King Cnty.*, 2021 WL 1907820, \*2 (W.D. Wash. May 12, 2021). By analogy, replacing the acting Trustee of a will-substitute Trust with a professional fiduciary is also administration of an estate.

Plaintiffs' motion also wrongly contends the parties engaged in "several evidence-based hearings" leading up to this Court's November 9, 2023 Opinion that granted the Wisnovsky Defendants' remand motion in the Trustee removal action. There were no evidentiary hearings related to the remand motion. The Opinion granting remand was based on the parties' allegations, legal arguments, and the undisputed fact of Ann's death. Opinion at 2–3.

**D.      The Wisnovsky Defendants' Fourth Amended Answer and Counterclaims Is Their Operative Pleading, and It Alleges Misconduct by Couvrette in Her Personal Capacity and for Which She Is Personally Liable.**

In the caption and throughout the motion, Plaintiffs inexplicably use the word "proposed" to refer to the Wisnovsky Defendants' *Fourth Amended Answer, Affirmative Defenses, and Counterclaims* ("Counterclaims"). ECF 120 at 1:15–16, 1:24–25, 5:20–21, 5:25, 6:1. The Wisnovsky Defendants' Counterclaims pleading is not a "proposed" pleading. It is their operative pleading on file with the Court. ECF 114.

Plaintiffs' motion wrongly asserts, "[n]one of the Counterclaims relate to any actions taken by Couvrette individually and separately from her conduct as the Trustee of Ann's Trust." ECF 120 at 6–10 (citing ECF 120-1). The Wisnovsky Defendants' first counterclaim alleges Couvrette unduly influenced Ann in 2019 after Ann had deliberately stripped Couvrette in 2017 of her prior position as co-Trustee. ECF 114 ¶¶ 29–45. It expressly alleges Couvrette lacks

Page 6 -      WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS

authority to bring this action. *Id.* ¶ 44. This allegation is incorporated into each of the successive counterclaims. *Id.* at ¶¶ 46, 65, 71, 79, 84, 88, 92, 98, 103. The third, fifth, eighth, and ninth counterclaims seek to hold Couvrette personally liable for damages because of her misconduct while purporting to act as Trustee. *Id.* at 32–36. Every counterclaim seeks an award of costs and attorney fees, for which Couvrette could be personally liable. *Id.* Thus, Couvrette's personal misconduct, lack of authority to bring this action, and personal liability are implicated by each and every one of the counterclaims.

### III.     ARGUMENT

**A.     The Probate Exception to Diversity Jurisdiction Does Not Apply to the First, Seventh, Eighth, and Ninth Counterclaims Because They Do Not Ask This Court to Administer the Trust.**

Plaintiffs' motion erroneously argues "this Court has no choice but to dismiss [the Wisnovsky] Defendants' First, Seventh, Eighth, and Ninth Counterclaims against Couvrette" on the grounds that they are subject to the probate exception to federal diversity jurisdiction. ECF 120 at 5:9–11. This is so, according to Plaintiffs, because "the probate exception applies to *inter-vivos* trusts" and "there is an existing probate action pending in San Diego County California, the filing of which predates [the Wisnovsky] Defendants' Application to Remove Trustee in Oregon State Court as well as this action[.]" *Id.* at 5:8–16. These arguments are misleading. The probate exception does not apply to the first, seventh, eighth, and ninth counterclaims because they do not ask this Court to administer the Trust.

#### 1. *The Trustee Removal Action Is an Action to Administer the Trust.*

As discussed above, the Trustee removal action is subject to the probate exception to diversity jurisdiction because it is about replacing Couvrette with a professional fiduciary to act

Page 7 -      WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO
                    DISMISS

as Trustee, which is administration of Ann's will-substitute Trust.  The controlling rule is that the probate exception is limited to circumstances where "a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court."  *Id.* at 4 (citing *Goncalves*, 865 F.3d at 1252).

### 2. *The First, Seventh, Eighth, and Ninth Counterclaims Do Not Ask This Court to Probate or Annul a Will, Administer a Decedent's Estate, or Assume in Rem Jurisdiction Over Property in the Custody of a Probate Court.*

The Court's Opinion and the case law cited therein make it abundantly clear that the probate exception does not apply to *every* claim involving a will-substitute trust.  The probate exception applies only to claims that ask a court to: "(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court."  Opinion at 4.  The first, seventh, eighth, and ninth counterclaims do not ask this Court to probate or annul a will, administer a decedent's estate, or assume in rem jurisdiction over property that is in the custody of the probate court.  These counterclaims are properly before this Court pursuant to diversity jurisdiction.

### 3. *The First Counterclaim Is a Tort Claim for Undue Influence, Not a Trust Administration Claim.*

The first counterclaim alleges undue influence against Couvrette.  ECF 114 ¶¶ 29–45.  It alleges Couvrette caused Ann to sign a number of documents by exerting undue influence over her.  Oregon law construes undue influence as a species of fraud, i.e., a tort claim, not a trust administration claim.  *See In re Reddaway's Estate*, 214 Or. 410, 420 (1958); *In re Rosenberg's*

*Estate*, 196 Or. 219, 231 (1952); *In re Newman's Will*, 187 Or. 641, 656 (1950); *In re Allen's Estate*, 116 Or. 467, 474 (1925).

To remedy that undue influence, the first counterclaim seeks a declaration that the unduly influenced documents are invalid, and it seeks an award of attorney fees pursuant to the attorney fee provision in the Redemption Agreement, which is a contract. ECF 114 at 31–32. The documents at issue include Couvrette's power of attorney, the fourth, fifth, and sixth amendments to Ann's Trust, an advance directive, and Ann's resignation as Trustee. *Id.* Couvrette's power of attorney is not a trust instrument. The original Trust instrument itself, as well as its first, second, and third amendments, are not listed among the unduly influenced documents. The claim is not to set aside a trust. It is to invalidate the products of Couvrette's undue influence over Ann. The claim does not cite any section of Oregon's Uniform Trust Administration statute. The claim does not ask the Court to administer the Trust.

### 4. *The Seventh Counterclaim Seeks Declaratory Judgment Regarding Incapacity and Does not Ask the Court to Administer the Trust.*

The seventh counterclaim seeks declaratory judgment regarding incapacity and is alleged against Plaintiffs. ECF 114 ¶¶ 88–91. This claim applies to the same documents the Wisnovsky Defendants seek to invalidate for undue influence. *Id.* ¶¶ 37–38, 41–43, 89. It provides an alternative grounds to invalidate those documents if for some reason they are not invalidated for undue influence.

The seventh counterclaim based on Ann's incapacity is supported by Oregon case law that requires contracting parties to have legal capacity. *Kruse v. Coos Head Timber Co.*, 248 Or. 294, 306 (1967) ("To have the mental capacity to contract it is necessary that a person have the ability to comprehend the nature of the transaction in which he is engaged and to understand its

quality and consequences."); *Uribe v. Olson*, 42 Or. App. 647, 651 (1979) ("The test of contractual capacity is whether a person is able to understand the nature of his action and apprehend its consequences.").

The seventh counterclaim does not ask the Court to invalidate the Trust or its first, second, or third amendments. The claim does not cite any section of Oregon's Uniform Trust Administration statute. The claim does not ask the Court to administer the Trust.

> **5.   *The Eighth Counterclaim for Breach of Inheritance Contract Does not Ask the Court to Administer the Trust.***

The eighth counterclaim alleges a claim for breach of inheritance contract against Plaintiffs Couvrette and Wisnovsky Land. ECF 114 ¶¶ 92–97. It alleges the Wisnovsky Defendants entered into a contract with Ann, as Trustee, in Oregon in February 2017, whereby the Wisnovsky Defendants assumed certain contractual obligations in exchange for Ann's promise that Mark and Mike would inherit ownership of Wisnovsky Land and its Valley View Property upon Ann's death. *Id.* ¶ 93. It further alleges subsequent actions of Ann and Couvrette on behalf of the Trust, if effective, constitute a breach of the inheritance contract because they purport to deprive Mark and Mike of their right to inherit Wisnovsky Land and its Valley View Property. *Id.* ¶ 94. The claim seeks specific performance ordering Plaintiffs and any successor Trustee to transfer ownership of Wisnovsky Land and its Valley View Property to Mark and Mike. *Id.* ¶ 95. And the claim seeks declaratory judgment that Couvrette is liable for damages for any harm suffered by the Wisnovsky Defendants in the future as a result of the breach of inheritance contract. *Id.*

The Wisnovsky Defendants bring their claim for breach of inheritance contract pursuant to contract law, not Oregon's Uniform Trust Code. The claim is supported by cases such as

Page 10 -    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS

*Florey v. Meeker*, where the Oregon Supreme Court held:

> "[A] contract to make a will, when based upon sufficient consideration, is irrevocable, although the will which was executed pursuant to it remains revocable. It, therefore, follows that if the revocation or modification on the part of one testator is of a character that works a breach of the terms of the original contract, any party in interest who suffers thereby has a remedy in a suit on the breached contract."

194 Or. 257, 257 (1952) (underline added). Thus, a will created in exchange for consideration is irrevocable as to the party that gave the consideration. Courts apply the same rule to a testamentary trust. *Alvarez v. Coleman*, 642 So.2d 361, 372–73 (Sup. Ct. Miss. 1994) (finding an attempt to revoke a trust made pursuant to an agreement was a breach of the agreement). And specific performance is an available remedy for breach of inheritance contract. *E.g.*, *Kozyra v. Jackman*, 60 Mich. App. 7, 11–12 (1975) (holding appellant was entitled to specific performance if they could prove breach of an inheritance contract).

The eighth counterclaim for breach of inheritance contract is a claim against the Trust to require it to transfer its membership interest in Wisnovsky Land and Wisnovsky Land's Valley View Property to Mark and Mike. This should have happened promptly after Ann passed away in March 2023, but Couvrette is wrongfully using her position as acting Trustee to withhold these assets from Mark and Mike in breach of the inheritance contract. It is a claim against the Trustee for breach of contract based on contract law and the rights of a contracting party. It is not a claim for administration of the Trust.

### 6. The Ninth Counterclaim for Tortious Interference with Prospective Inheritance Does not Ask the Court to Administer the Trust.

The Wisnovsky Defendants' ninth counterclaim was already the subject of extensive briefing in response to Couvrette's motion to dismiss that claim pursuant to Fed. R. Civ. P.

Page 11 -    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS

12(b)(6).  *See generally* ECF 82 (response to motion).  It alleges:

- Couvrette tortiously interfered with the prospective inheritance of Mark and Mike when Couvrette intentionally caused Ann to take actions purporting to deprive Mark and Mike of the right to inherit Wisnovsky Land and its Valley View Property.  ECF 114 ¶ 99.

- Couvrette acted with an improper means or purpose.  *Id.*

- To the extent the other counterclaims do not adequately remedy Couvrette's tortious interference with prospective inheritance so as to make Mark and Mike whole, they are entitled to declaratory judgment holding Couvrette liable for damages for all harm arising from her tortious interference.  *Id.* ¶ 101.

"Commonly included among improper means are violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood." *Allen v. Hall*, 328 Or. 276, 286, 974 P.2d 199, 205 (Or. 1999).  "[U]ndue influence constitutes an 'improper means,' in that it involves the procurement of unfair advantage."  *Church v. Woods*, 190 Or. App. 112, 117, 77 P.3d 1150, 1153 (Or. App. 2003).  The Wisnovsky Defendants allege Couvrette used improper means to interfere with their prospective inheritance and unfairly increase her own inheritance, such as by unduly influencing Ann, causing Ann to act without capacity, and causing the Trust to breach or repudiate its inheritance contract with Mark and Mike.  ECF 114 ¶¶ 98–99.  The ninth counterclaim is a tort claim that seeks tort remedies.  It does not ask this Court to administer the Trust.

Couvrette previously moved to dismiss the ninth counterclaim claim on the grounds that it was an "inchoate state tort claim" that would not accrue until Ann died.  *E.g.*, ECF 83 at 1. The motion was pending when Ann died on March 16, 2023.  ECF 89 at 1–2.  Couvrette's

alleged grounds for dismissal no longer existed so she cancelled the hearing on her motion. *Id.* at 2. Couvrette was adamant in her position was that the claim was a tort claim that accrued when Ann died. She never asserted the claim was to administer the Trust.

### 7. The First, Seventh, Eighth, and Ninth Counterclaims Are Like the Tort and Contract Claims Other Courts Have Held to Fall Outside the Probate Exception.

The first, seventh, eighth, and ninth counterclaims are not trust administration claims like Mark and Mike's action to remove Couvrette as Trustee pursuant to Oregon's Uniform Trust Code. The first and ninth counterclaims are tort claims for undue influence and tortious interference with prospective inheritance. The second and eighth counterclaims are based on contract law that seek to enforce an inheritance contract and invalidate certain documents on the grounds of incapacity.

The first and ninth counterclaims are like the claims in *Curtis v. Brunsting*, where tort claims for compensatory and punitive damages for "breach of fiduciary duty, extrinsic fraud, constructive fraud, and intentional infliction of emotional distress" were not subject to the probate exception because they did not involve administration of an estate. 704 F.3d 406 (5th Cir. 2013).

The second and eighth counterclaims are like the "contract interpretation question" in *Lee Graham Shopping Center, LLC v. Estate of Kirsch* ("*Lee Graham*"), 777 F.3d 678, 681 (4th Cir. 2015), that was not subject to the probate exception. *Lee Graham* was about whether a limited partnership agreement prevented a trust that owned 21% of the partnership from transferring that interest to another trust. *Id.* at 679. Although it was a contract case, the court held it was "[l]ike the tortious interference claim in *Marshall*" because both were outside the probate exception. *Id.* at 681 n. 4.

Page 13 -    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS

**8. *Plaintiffs' Argument About the San Diego Probate Action Is Misleading and Irrelevant.***

Plaintiffs' motion fails to present a claim-by-claim analysis and does not cite a single case where claims like the first, seventh, eighth, and ninth counterclaims were deemed claims for trust administration subject to the probate exception. Instead, Plaintiffs present the head-scratching argument that "any jurisdiction regarding the administration of Ann's trust can only be heard in San Diego" because "there is an existing probate action pending in San Diego County California," whose filing supposedly "predates Defendants' Application to Remove Trustee in Oregon State Court as well as this action[.]" ECF 120 at 5:12–16.

Ann passed away on March 16, 2023. ECF 89 at 1. Couvrette filed this lawsuit in January 2021. ECF 1. Plaintiffs' motion does not say exactly when the pending San Diego probate action was filed, but it obviously was not filed before Couvrette filed this action because Ann was still alive at that time. It also bears emphasis that the alleged probate action, being a probate action and not a trust administration action, would have to be about Ann's estate, not Ann's Trust, and therefore irrelevant to the administration of the Trust. It is therefore difficult to understand what point Plaintiffs are trying to make with this argument, other than to highlight their misunderstanding of this federal action or their willingness to tell this Court anything they think will give them some advantage, however false, inaccurate, illogical, or unsupported by legal authority it might be.

The Court should reject the misleading arguments in Plaintiffs' motion to dismiss the first, seventh, eighth, and ninth counterclaims. It should deny the motion and continue exercising diversity jurisdiction over those and all other pleaded claims.

Page 14 -    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS

**B.     The Court Has Diversity Jurisdiction Over the Second, Third, Fourth, Fifth, Sixth, and Tenth Counterclaims, or They Are Compulsory Counterclaims.**

Plaintiffs do not argue the second, third, fourth, fifth, sixth, and tenth counterclaims are subject to the probate exception.  Plaintiffs' motion argues those counterclaims nevertheless "must" be dismissed because they are "permissive" counterclaims that lack their "own independent jurisdictional basis" and are therefore "not within the jurisdiction" of this Court.  ECF 120 at 6:3–5, 8:10–13.  The Court should reject this argument because it has diversity jurisdiction over the second, third, fourth, fifth, sixth, and tenth counterclaims or because these counterclaims are compulsory counterclaims.

*1.   The Court Has Diversity Jurisdiction Over the Second, Third, Fourth, Fifth, Sixth, and Tenth Counterclaims.*

Plaintiffs contend this Court lacks diversity jurisdiction over the second, third, fourth, fifth, sixth, and tenth counterclaims because Wisnovsky Land "reside[s] in Oregon" and has no "substantial or meaningful contacts with any other state."  *Id.* at 9:4–11.  This flawed argument should be rejected because Wisnovsky Land is a citizen of California.  An LLC is a citizen of each state in which its members reside.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Because the only member of Wisnovsky Land is Couvrette, who is a citizen of California, Wisnovsky Land is a citizen of California.

Federal courts' diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between [c]itizens of different states" 28 U.S.C. § 1332(a)(1).  When the litigant is a business entity rather than an individual, the citizenship of that party depends on the form of the entity.  *See Johnson*, 437 F.3d at 899.  Entities that are unincorporated, such as a partnership, have the citizenship of its individual members.  *Id.*  A

Page 15 -    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS

corporation on the other hand is a citizen only of the state where its principal place of business is located and the state in which it is incorporated.  28 U.S.C. § 1332(c)(1).

The precise question posed under the terms of the diversity statute is whether an entity may be considered a "citizen" of the State under whose laws it was created.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S. Ct. 1015, 1017, 108 L. Ed. 2d 157 (1990).  The Supreme Court has firmly established that corporations should be treated as "citizens" of the State in which they were created.  *Id.*  However, the Supreme Court has "just as firmly resisted extending that treatment to other entities" such as an LLC.  *See id.*

LLCs have features of both an unincorporated entity and a corporation.  However, notwithstanding an LLC's blended features, every circuit that has addressed the question treats LLCs as unincorporated entities for purposes of diversity jurisdiction.  *Johnson*, 437 F.3d at 899 citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828–29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)).

Additionally, the Supreme Court has consistently refused to extend the corporate citizenship rule to non-corporate entities.  *Carden*, 494 U.S. at 189 (treating a limited partnership as having the citizenship of all its members); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456–57, 20 S. Ct. 690, 44 L. Ed. 842 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation").  This treatment is also consistent with the common law presumption that unincorporated associations are not legal entities independent of their members.  *Strotek Corp. v.*

Page 16 -    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS

*Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 n. 2 (9th Cir. 2002). The Ninth Circuit followed this precedent and every other circuit when it ruled in *Johnson* that LLCs are citizens of every state in which their members are citizens. *Johnson*, 437 F.3d at 899.

Moreover, "[u]nlike a corporation, an LLC is not a citizen of the state in which it is organized unless one of its member is a citizen of that state." *Krohn v. Equity Title, LLC*, No. 2:14-cv-00620-RFB-PAL, 2015 WL 4622687, at *4 (D. Nev. Aug. 3, 2015) (citing *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1085 (9th Cir. 2014) (describing complaint that erroneously alleged LLC's state of organization as basis for jurisdiction instead of each member's state of residency)); *see also McCune Motors v. New Century Bldgs., LLC*, No. 08CV0396-LAB (WMc), 2008 WL 8922936, at *1 (S.D. Cal. Mar. 5, 2008) ("Unlike a corporation, which is deemed to be a citizen of the state in which it was organized and of the state in which it has its principal place of business, an LLC  is not a citizen of the state in which it was organized unless one of its members is a citizen of that state." (internal citation omitted)).

The parties to the second, third, fourth, fifth, sixth, and tenth counterclaims are the Wisnovsky Defendants, Couvrette, and Wisnovsky Land. The Wisnovsky Defendants are citizens of Oregon. Wisnovsky Land is organized in Oregon, but its only member is Couvrette, who is a citizen of California. ECF 45 ¶¶ 5–6. Thus, under the case law cited above, Wisnovsky Land is not a citizen of Oregon and is instead a citizen only of California. Accordingly, Plaintiffs and the Wisnovsky Defendants are citizens of different states.

There is no dispute between the parties as to the amount in controversy requirement of the federal rules, or that the amount in controversy in the present case exceeds $75,000. Because the Wisnovsky Defendants are citizens of Oregon and Plaintiffs Couvrette and Wisnovsky Land are citizens of California, this case involves complete diversity of citizenship pursuant to 28

U.S.C. § 1332.  Therefore, this Court has diversity jurisdiction over the second, third, fourth, fifth, sixth, and tenth counterclaims.

### 2. *Alternatively, the Second, Third, Fourth, Fifth, Sixth, and Tenth Counterclaims Are Compulsory Counterclaims.*

Alternatively, this Court has jurisdiction over the second, third, fourth, fifth, sixth, and tenth counterclaims because they are compulsory counterclaims.

In federal court, counterclaims are compulsory when they "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim" and do "not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13.  Crucially, "[w]hen a counterclaim is compulsory, it is forfeited if it is not included in the party's pleading, including its answer to a complaint."  *See Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir.1987).

The Ninth Circuit applies a "logical relationship test" to determine whether a particular counterclaim is compulsory.  *Avery v. First Resol. Mgmt. Corp.*, No. 06-1812 HA, 2007 WL 1560653, at *5 (D. Or. May 25, 2007), *aff'd*, 561 F.3d 998 (9th Cir. 2009).  To determine a logical relationship between claims, the court "analyzes whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  *Id.*

The Fourth Circuit has suggested four additional inquiries to determine if a counterclaim is compulsory:

(1) Are the issues of fact and law raised in the claim and counterclaim largely the same?

(2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule?

Page 18 -    WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS

(3) Will substantially the same evidence support or refute the claim as well as the counterclaim?

(4) Is there any logical relationship between the claim and counterclaim?

*Sue Sam Mfg. Co. v. B-L-S Const. Co.*, 538 F.2d 1048, 1051–53 (4th Cir. 1976).

The claims presented in the original and amended complaint seek to invalidate or rescind the leases between Valley View and Wisnovsky Land. Plaintiffs' first claim for relief asserts that, due to elder abuse, "[t]he Leases were and are unconscionable." ECF 45 ¶ 51. Plaintiffs' second claim for relief seeks a declaration a declaration that the leases are invalid. *Id.* ¶ 56. Plaintiffs' unjust enrichment claim seeks to recover benefits the Wisnovsky Defendants allegedly received from the "leased lands." *Id.* ¶ 59. Plaintiffs' remaining claims, against Defendants Patrick Huycke and the Jarvis law firm, allege breaches of fiduciary duties and professional negligence relating to, among other things, the allegedly invalid leases. *Id.* ¶ 68 B. Each and every claim asserted by Plaintiffs involves the same leases at issue in the Wisnovsky Defendants' counterclaims.

The Wisnovsky Defendants' second, third, fourth, fifth, sixth, and tenth counterclaims relate to the enforcement of the Vineyard and Winery Leases against the Plaintiffs, who are the landlord Wisnovsky Land and the trustee who is the sole owner of that LLC. To put it simply, Plaintiffs contend the leases are invalid and unenforceable. The Wisnovsky Defendants contend the opposite.

Another unifying issue connecting Plaintiffs' claims to the counterclaims is the issue of whether Mark and Mike Wisnovsky are the rightful owners of the controlling shares of Valley View stock. Plaintiffs contend Mark and Mike are not the rightful owners of those shares and that those shares must be returned. The Wisnovsky Defendants allege the opposite.

The second counterclaim alleging breach of contract pertains to the same Vineyard Lease that Plaintiffs assert is unenforceable due to unconscionability and elder abuse. ECF 114 ¶ 48. The third counterclaim alleges tortious interference with economic relations "in connection with a controversy arising out of the Vineyard Lease." *Id.* ¶ 70. The fourth and fifth counterclaims are different forms of pleading the same injustice—Plaintiffs received more money than they were entitled to under the leases. *Id.* ¶¶ 72, 82. The sixth counterclaim seeks a declaration "with respect to the scope of the leased acreage" under the same Vineyard Lease Plaintiffs allege to be unenforceable. *Id.* ¶ 85. The tenth counterclaim seeks a declaration that the default and termination notices issued by Plaintiffs for both leases are legally ineffective. *Id.* ¶¶ 112–114.

Similarly, each of these counterclaims are alleged by Valley View, showing that the transfer of controlling shares of Valley View stock to Mike and Mark Wisnovsky is a common fact issue connecting the counterclaims to Plaintiffs' claims for relief.

Plaintiffs' and the Wisnovsky Defendants' claims and counterclaims all relate to the transactions and occurrences surrounding the execution and enforceability of the Vineyard and Winery Leases and their multiple subsequent amendments. The connection between the two sets of allegations is clear and direct, as both parties are bringing claims that depend on whether the leases are enforceable. Requiring the Wisnovsky Defendants to bring a second lawsuit on their counterclaims would not serve the interests of judicial economy or fairness. The answer to each of the Fourth Circuit's questions regarding the claims' logical connection is "yes."

Therefore, the Wisnovsky Defendants' counterclaims are compulsory and the Court would have jurisdiction over them here even if it did not have diversity jurisdiction, which it clearly does, for the reasons discussed above.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.  The Court plainly has jurisdiction over the Wisnovsky Defendants' counterclaims, and the Court should reject Plaintiffs' erroneous arguments.

DATED: May 24, 2024.

CHENOWETH LAW GROUP, P.C.

By:     */s/ Brooks M. Foster*
Brooks M. Foster, OSB No. 042873
bfoster@chenowethlaw.com
Bradley T. Crittenden, OSB No. 173274
bcrittenden@chenowethlaw.com

*Attorneys for Defendant Michael J. Wisnovsky, Mark A. Wisnovsky, and Valley View Winery, Inc.*

Page 21 -     WISNOVSKY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2024, I caused to be served a copy of the foregoing **RESPONSE OF DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC. TO PLAINTIFF JOANNE COUVRETTE'S MOTION TO DISMISS PROPOSED FOURTH AMENDED ANSWER AND COUNTERCLAIMS** on the following person(s) in the manner indicated below:

Stephen M. Brigandi
3624 Caminito Cielo Del Mar
San Diego, CA 92130
Brigandilaw@gmail.com

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette and Wisnovsky Land LLC*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com

*Attorney for Defendant Mark Wisnovsky, Michael Wisnovsky and Valley View Winery*

Timothy Murphy
Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
tim@oregonlandlord.net

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette and Wisnovsky Land LLC*

by the following method(s):

xx_____      by **e-service via CM/ECF** on the date set forth below.

        I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for perjury.

        DATED: May 24, 2024

                                            */s/ Skylar Washabaugh_____*
                                            Skylar Washabaugh, Paralegal

Page 1 - CERTIFICATE OF SERVICE