STEPHEN M. BRIGANDI, ESQ. Pro hac vice
3624 Caminito Cielo Del Mar
San Diego, CA 92130
858-775-4213
brigandilaw@gmail.com


MURPHY LAW GROUP P.C.
Timothy Murphy, Attorney at Law
333 NE Russell St., Suite 200
Portland, OR 97212
Phone: 503 550 4894
tim@oregonlandlord.net


# UNITED STATES DISTRICT COURT
# MEDFORD DIVISION

| | |
|---|---|
| Joanne Couvrette, Trustee on behalf of Ann M. Wisnovsky<br><br>    Plaintiff,<br><br>    vs.<br><br>MARK A. WISNOVSKY, an individual; and MICHAEL J. WISNOVSKY, an individual; et al.<br><br>    Defendant. | Case No.: 1:21-CV-00157-CL<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITIN TO SUGGESTION OF DEATH UPON THE RECORD UNDER RULE 25(a)(1) and MOTION FOR SUBSTITUTION OF PARTY** |

Plaintiffs hereby Reply to Defendants' Opposition to Suggestion of Death and Substitution.

A.      On April 30, 2024, counsel for Plaintiff left a voicemail message for James Dole. Counsel for Defendants, regarding the Suggestion of Death and Substitution.  Mr. Dole never replied.  (Please see Declaration of

1

REPLY TO OPPOSITION TO SUGGESTION OF DEATH

Stephen Brigandi attached hereto).  In addition, as seen by Defendants' Opposition, it is clear that Defendants would not agree to the Suggestion of Death and Substitution, because if they would have agreed they would not have filed their Opposition.  Accordingly, the alleged failure to meet and confer (which,as stated above, is inaccurate) would have had no impact whatsoever on the duties of the Parties of this Court.

B. The timeliness of Plaintiffs' Statement is not an issue.  The facts are that the San Diego Superior Court issued the ruling appointing the Special Administrator remains in place and is controlling.  The Superior Court's Order supersedes this Court's ability to control who has the ability to manage and control this litigation on behalf of the Decedent.  As stated in the San Superior Court's Order, the appointment is specifically for the purpose of managing the claims by and between the Decedent and Defendants in this matter.

As stated in the original Suggestion of Death, "Rule 25 'establishes a time limit,' which starts running at the 'time information of the death is provided by means of a suggestion of death upon the record.'" Coleman v. Sys. Dialing LLC, 15-CV-3868, 2015 WL 9275684, at *2 (S.D.N.Y. Dec. 18, 2015) (quoting Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469 (2d Cir. 1998)). "'This requirement of a formal suggestion of death is absolutely necessary to trigger the running of the ninety days. Actual knowledge of the party's death is not sufficient, nor is mention of the death in court proceedings or pleadings.'" Stephens v. Am. Risk Mgmt. Inc., 89 CIV 2999, 1995 WL 479438, at *2 (S.D.N.Y. Aug. 14, 1995) (quoting 3B J. Moore, Moore's Federal Practice ¶ 25.06[3] at 25-49 (2d ed. 1995) (footnotes citing cases omitted)).

2

REPLY TO OPPOSITION TO SUGGESTION OF DEATH

C. The proposed substitution of the Court-appointed Special Administrator does not in any way amend the claims alleged by any of the parties in this action.  The claims remain the same, both on behalf the Plaintiffs and the Defendants.  The facts underlying the claims have not changed in any way.

If, however, the Court feels that the substitution raises any new issues (which it does not), the Plaintiffs have no objection to opening discovery regarding whatever those issues might be.

D.   Plaintiffs only seek to add the Court appointed Special Administrator to the action.  Plaintiffs do not seek to remove any of the existing Plaintiffs, and agree that any counterclaims raised by Defendants against any of the existing Plaintiffs may proceed.

We hereby request the Court grant this Motion to Substitute the Special Administrator of the Estate of Ann M. Wisnovsky, Michelle Sullivan for Trustee Joanne Couvrette on behalf of Plaintiff Ann M. Wisnovsky in the above entitled Matter.


Signature /s/Stephen Brigandi

REPLY TO OPPOSITION TO SUGGESTION OF DEATH