From: Robert Wisnovsky <robert.wisnovsky@skyoak.com>
Sent: Tue, 30 Aug 2016 17:53:51 -0700
To: Joanne Couvrette <jcouvrette@sbcglobal.net>, pgh@medfordlaw.net,
mark@valleyviewwinery.com, mike@valleyviewwinery.com
Subject: RE: Lease
_____

Hi All,


Very well said Joanne. We most likely will not hear from any of them as their comps
and motives are clearly fraudulently and most likely criminal. Taking advantage of an
84 year old woman and negotiating your own lease terms at the detriment of your
siblings are an issue most juries would find reprehensible. I welcome the fight against
all of you. That includes you too Pat.



Sincerely,


Robert

Robert Wisnovsky

Senior Financial Advisor

SkyOak Wealth Management, Inc.

229 N. Barlett Street

Medford, OR  97501

541-601-4232



From: Joanne Couvrette [mailto:jcouvrette@sbcglobal.net]
Sent: Tuesday, August 30, 2016 12:54 PM
To: Robert Wisnovsky; pgh@medfordlaw.net; mark@valleyviewwinery.com;
mike@valleyviewwinery.com
Subject: Re: Lease


All,

VALLEYVIEW_001755

I concur, that one of the most troubling parts of this scheme seems to be the conflict of interest of having the owners of the winery have enough interest in the land they are leasing to block both the land sale and the re-negotiation of the lease. And yes, of course, the sale of the corporation will be subject to the lease, the legal entity of the lessee will not change, just the names of the stockholders.

While on the surface, the current shareholders argue "We are part owners of the land, why would we want to get less money than the market rate?"....that seemed to be an argument persuasive to Mom, however, the reality is why split a dollar four ways (as lease income), when you can keep the money in the winery and split it 50/50 or just continue trading away winery assets and getting tax-free income with the bonus of artificially suppressing one's income available for support?

And an artificially low lease rate...for 80 years...makes the winery much more valuable, and of course, all proceeds from the sale of the winery inure to the benefit of the winery shareholders only. These types of insider deals are usually only in place when all the parties have equal interest on both sides of the deal.

This was most definitely not the brainchild of my mother, but more likely that of the winery owners, who want not only to be the sole beneficiaries of our parents' investments and legacy, but who apparently need to tilt the table in their benefit at every turn.

Another troubling aspect is that the attorney fees are apparently being paid by the corporation. As trustee, I would not waive that conflict on the trust's behalf, as that would likely not be in the fiduciary interest of the trust.

With the transfer of the stock to Mark and Mike, the winery is also instantly in an adversarial position against the trust, as the corporation is a debtor to the trust for both paid-in-capital and years of delinquent lease payments. This is compounded by the additional issue of both shareholders also being personally indebted to the trust, as both have borrowed 41% of the trust's cash assets. What happens if mom needs to have medical care or to move into a residential care facility? Her cash has been depleted, and she no longer owns the winery. Who pays? Well, easy answer to that one, Bob and I....the only asset that can be sold is the house. Or, in the alternative, if we want to protect that asset, I pay.

This estate plans seems more consistent with values of Machiavelli and Marx than Frank and Ann Wisnovsky.

VALLEYVIEW_001756

That's my two cents....or in other words...my share of the estate.


Joanne



Joanne Couvrette

Home:

13274 Jacarte Court

San Diego, CA  92130

619-750-8509


---

**From:** Robert Wisnovsky <robert.wisnovsky@skyoak.com>
**To:** "pgh@medfordlaw.net" <pgh@medfordlaw.net>; "mark@valleyviewwinery.com" <mark@valleyviewwinery.com>; "mike@valleyviewwinery.com" <mike@valleyviewwinery.com>; "'Joanne Couvrette' (jcouvrette@sbcglobal.net)" <jcouvrette@sbcglobal.net>
**Sent:** Tuesday, August 30, 2016 11:22 AM
**Subject:** Lease


Hi All,


I am not sure if you incorporated the lease draft as written into the estate but I did a little research on it. I contacted one of the largest vineyard operators in Southern Oregon and their leases expire after 15 years not 80. Secondly, they lease brand new vineyards where the crops do not get to full production for 5 years effectively making the grape production to 10 years. Lastly, since when do the lessees get to dictate the terms of the lease? Reminds me of how Pat complained when Chamberlain was insisting his management company be retained by any new owners of his facility effectively lowering the value of that facility. Lastly, what is to stop Mark and Mike from selling the winery and attaching the lease too it?

VALLEYVIEW_001757

Sincerely,

Robert

Robert Wisnovsky

Senior Financial Advisor

SkyOak Wealth Management, Inc.

229 N. Barlett Street

Medford, OR  97501

541-601-4232

VALLEYVIEW_001758