## INTER VIVOS REVOCABLE TRUST
## THE ANN M. WISNOVSKY TRUST

THIS AGREEMENT, made this 2nd day of August, 2012, by and between ANN M. WISNOVSKY, hereinafter called the "Grantor", and ANN M. WISNOVSKY and JOANNE COUVRETTE, hereinafter called the "Trustee".

The parties agree as follows:

Section 1.  PROPERTY OF THE TRUST.

1.1  Initial Property.  The Grantor has simultaneously with the execution of this agreement executed and delivered to the Trustee documents for transferring and conveying to the trust title to certain real and/or personal property, which Trustee agrees to hold on the terms and conditions and for the purposes set forth herein, which trust shall be known as "THE ANN M. WISNOVSKY TRUST".

1.2  Additional Property.  The Grantor and any other person shall have the right at any time to make additions to the corpus of this trust.  All such additions shall be held, controlled and distributed by the Trustee in accordance with the terms and conditions of this agreement.

Section 2.  OPERATION OF THE TRUST DURING GRANTOR'S LIFETIME.

2.1  Restriction of Investment.  During the Grantor's lifetime, while not incapacitated to the extent that Grantor is

1 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

unable to manage Grantor's business affairs, and in the absence of written instructions to the contrary delivered by the Grantor to the Trustee, the Trustee shall refrain from making any investments or changes of investments except those which the Grantor, on terms specified by Grantor, in writing, may direct. Except for such incapacity to act, Trustee shall exercise all power granted to Trustee herein and at all times shall hold, manage, invest and reinvest the property and shall collect and receive the income therefrom, and after deducting all necessary expenses incident to the administration of the trust, shall dispose of the trust assets as set forth herein.

2.2  Payment to Grantor.  The Trustee shall pay to the Grantor or to Grantor's order the net income and principal of the trust estate in such amount and at such times as Grantor shall request in writing delivered to the Trustee.

2.3  Upon Grantor's Incapacity.  In addition to the payments from income and principal as above provided, Trustee shall, in the event that Grantor shall become incapacitated by reason of illness, accident, or other emergency, during the period of such incapacity, pay to or apply directly for the benefit of Grantor such sums from either income or principal as the Trustee, in the reasonable exercise of Trustee's discretion, shall deem necessary or advisable to provide proper care,

2 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000053

support, and maintenance of the Grantor without regard to other means available for such purposes.

2.4 <u>Accounting</u>. During the lifetime of Grantor, the Trustee shall render an account of receipts and disbursements to the Grantor whenever requested. Following the death of Grantor, the Trustee shall render to the beneficiaries of the trust an account of receipts and disbursements not less often than annually. Grantor's or the Beneficiaries' written approval of said account, or failure to object to said account within 120 days after the rendering of the account, shall, as to all matters and transactions disclosed by said account, be binding upon all who are then or who may thereafter become entitled to the income or principal.

Section 3. DIVISION AND DISTRIBUTION UPON DEATH OF GRANTOR.

3.1 <u>Expenses of Last Illness, Funeral, Burial</u>. Upon the death of Grantor, Trustee may apply such sums from the assets of the trust estate as are needed to pay the expenses of Grantor's last illness, funeral and burial, all income and property taxes properly chargeable against the estate, and any expenses incurred for the purpose of disposing of or distributing this trust estate.

3.2 <u>Death Taxes</u>. The Trustee may pay all inheritance, estate or other death taxes which may be assessed by reason of

3 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000054

Grantor's death on any property or interest therein which is included in Grantor's gross estate for tax purposes irrespective of whether or not such property, or interest therein, is properly subject to probate or passes under the Trust Agreement or otherwise. Any such tax payment shall be made from the trust estate as a whole and shall not be charged against the respective beneficiaries' shares in the trust estate, and the Trustee shall not seek reimbursement from anyone therefor.

3.3 Final Distribution. After full payment of the expenses above set forth, all of the rest, residue and remainder of this trust shall be distributed as follows:

A. All household goods, books, apparel, tools, art objects, jewelry, personal effects, and other like contents of Grantor's residence and any vacation property which Grantor or the trust owns or in which Grantor resides at the time of Grantor's death, and all unexpired insurance policies on such property, shall be distributed to JOANNE COUVRETTE, ROBERT F. WISNOVSKY, MARK A. WISNOVSKY and MICHAEL J. WISNOVSKY to be divided among them by the Trustee as the Trustee, in the Trustee's discretion, feels is most equitable and practicable. If any of said individuals predecease Grantor, said individual's share of such personal property may be distributed to said individual's surviving lineal descendants, by right of representation. The Trustee, in making such decision, shall take

4 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000055

into consideration a letter written by Grantor stating Grantor's desires with regard to the division of such personal property. A copy of this letter has been kept with the original of this Trust Agreement. The Trustee, in making such decision, shall further take into consideration the personal preferences of the individuals who are to receive such personal property. All reasonable expenses of packing, insuring and delivering any of such items to a beneficiary shall be paid by the Trustee as an expense of the trust.

B.    If, at or after the time of Grantor's death, the Trust owns or receives stock of VALLEY VIEW WINERY, INC., an Oregon corporation, all of such stock shall be distributed as follows:  JOANNE COUVRETTE, 20,000 shares; ROBERT F. WISNOVSKY, 20,000 shares; MARK A. WISNOVSKY, 7,115 shares; and MICHAEL J. WISNOVSKY, 7,115 shares.

C.    The rest, residue and remainder of this trust shall be divided into four (4) equal shares.  One of such shares shall be distributed to JOANNE COUVRETTE; one of such shares shall be distributed to ROBERT F. WISNOVSKY; one of such shares shall be distributed to MARK A. WISNOVSKY; and one of such shares shall be distributed to MICHAEL J. WISNOVSKY.

D.    If any beneficiary under this trust shall die prior to receiving distribution of his or her share of the rest, residue and remainder of this trust, the distribution to said

5 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000056

beneficiary shall lapse and the rest, such share of the residue and remainder of this trust shall be distributed to said beneficiary's lineal descendants, by right of representation. Except as provided in Subsection 3.3 B, above, if any beneficiary under this trust shall die prior to receiving distribution of his or her share of the rest, residue and remainder of this trust, leaving no lineal descendants surviving, the distribution to said beneficiary shall lapse, and such share of the rest, residue and remainder of this trust shall be distributed in equal shares to the surviving lineal descendants or Grantor by right of representation.

E.   Notwithstanding the foregoing, if any beneficiary (hereafter, "Beneficiary") of this trust is not "Of Age", as defined below, at the time distribution to the Beneficiary is to occur, such Beneficiary's share of the this trust shall be held in further trust and shall be administered and distributed as provided herein:

i)   During the time that the Beneficiary is under the age of eighteen (18) years, the Trustees shall pay to or apply for the benefit of the Beneficiary, from his or her share of the trust estate, such portions of the income and principal as the Trustee may determine to be necessary or advisable for the health, education, support and maintenance of the Beneficiary.

6 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000057

ii) At such time as the Beneficiary attains the age of eighteen (18) years, the payments and applications of funds to or for such Beneficiary, as provided for above, shall cease, provided, however, that the Trustee may pay to or apply for the benefit of the Beneficiary, such portions of the income and principal of his or her share of the trust estate as are, in the Trustee's sole discretion, reasonably required to meet any serious illness, medical emergency or other emergency affecting the Beneficiary or as are reasonably necessary for so long as the Beneficiary is a student regularly attending school, community college, college or university, or regularly attending a course of vocational or technical training designed to fit him or her for gainful employment.

iii) At such time as the Beneficiary becomes Of Age, his or her share of the trust estate shall be distributed to the Beneficiary.

iv) As used herein, "Of Age" shall mean the age of thirty (30) years.

Section 4.    FAILURE OF BENEFICIARY.

If under any contingency not herein provided for there remains property for which there is no named or described beneficiary either as to principal or income, such property shall be distributed forthwith to those persons then living who would be entitled to receive Grantor's intestate personal property as

7 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000058

determined by the laws of the state of Grantor's domicile in force at the time of Grantor's death.

Section 5.   BENEFICIARY PROTECTION.

No beneficiary shall have any assignable interest in any trust created under this instrument or in the income therefrom.   Neither the principal nor the income shall be liable for the debts of any beneficiary.   No beneficiary shall have any power to sell, assign, transfer, encumber or in any other manner to anticipate or dispose of his or her interest in the trust or the income produced thereby prior to its actual distribution by the Trustee to the beneficiary, or to another for the benefit of the beneficiary, in a manner authorized by this instrument.

Section 6.   TERMINATION OF TRUST.

Unless sooner terminated or vested in accordance with other provisions of this instrument, all interests not otherwise vested, including, but not limited to, all trusts and powers of appointment created hereunder shall terminate 90 years following the date hereof.   At the end of that time, distribution of all those interests shall be made to the persons then entitled to distributions of income and in the manner and proportions herein stated, or, if not stated, equally, irrespective of their ages.

Section 7.   UNDISTRIBUTED INCOME.

Unless otherwise provided herein, income accrued, accumulated or undistributed upon the termination of any estate

8 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000059

or interest under any trust, shall go to the recipient entitled to the next eventual interest. Any income which is not distributable or which is not distributed pursuant to the terms of any trust shall be accumulated, added to and thereafter administered as part of the principal of the trust.

Section 8.   SURVIVORSHIP.

If any beneficiary under this trust dies within ninety (90) days after Grantor's death, all of the provisions in this trust for the benefit of such person shall lapse and this trust shall be construed as if such person predeceased Grantor.

Section 9.   SUCCESSIVE TRUSTEES.

9.1   Successor Trustee.   In the event that either of the Co-Trustees appointed pursuant to this Trust Agreement shall die, resign, or become incapacitated, or cease to act as Trustee for any reason whatsoever, the other of such Co-Trustees shall continue to serve as Trustee with full powers of the Trustee. Grantor or JOANNE COUVRETTE may, at any time, by written declaration appoint a Co-Trustee and/or Successor Trustee, and, in the event both Co-Trustees appointed pursuant to this Trust Agreement shall die, resign, or become incapacitated, or cease to act as Trustee for any reason whatsoever, such appointed Co-Trustee or Successor Trustee shall serve as Trustee hereunder, with full powers of the Trustee.

9 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000060

9.2  Trustee Compensation.  The Trustee shall be entitled to reasonable compensation for its services (if a corporate trustee, pursuant to its current schedule of fees from time to time in effect) and to reimbursement for any expenses reasonably incurred in the management, custody and preservation of the trust property; such fees and charges shall constitute a lien on the trust property.  Further, the Trustee shall be entitled to employ custodians, investment managers and sub-investment managers, as well as attorneys, accountants and other agents to assist Trustee in the administration of the Trust.  Reasonable compensation for all services performed by these agents shall be paid as specifically provided herein, or if not, out of income or principal, as Trustee in Trustee's discretion shall determine, and unless agreed to in writing by Grantor and Trustee, shall not decrease the compensation to which Trustee is entitled hereunder.

9.3  Trustee Resignation.  Any Trustee shall have the right to resign at any time during the life of a Grantor by giving notice in writing to Grantor, and, at any time after Grantor's death by giving notice in writing to the then income beneficiary(ies) of the trust.

9.4  Trustee Removal.  Any Trustee may be removed before the death of the Grantor by a written notice of such removal signed by Grantor, in which event the Successor Trustee

10 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000061

named herein shall assume the duties of Trustee unless Grantor has selected a different Successor Trustee. After the Grantor's death or incapacity, any corporate Trustee may be removed as Trustee and replaced by another corporate Trustee as a majority of the trust income beneficiaries may determine. When a majority of the income beneficiaries of any trust or share established hereunder shall exercise the power of removal pursuant to this paragraph, such power shall be exercised by written notice specifying the date of removal.

9.5 <u>Alternate Trustee for Special Property</u>. In the event the Trustee is unwilling or unable to act with respect to any trust property, the Trustee shall have the power to designate in writing an individual, bank trust department or trust company to act as an alternate Trustee with respect to any specified trust property. The alternate Trustee shall have all of the Trustee Powers with respect to the specified property provided for by this trust agreement unless otherwise limited in writing by the delegating Trustee. Any alternate Trustee may resign at any time by delivery of an instrument in writing to the delegating Trustee, and the delegating Trustee may at any time remove the alternate Trustee.

9.6 <u>Delegation of Investment Discretion</u>. The Trustee is hereby authorized to invest and manage the funds of the trust as a prudent investor would, in light of the purposes, terms,

11 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000062

distribution requirements and other circumstances of the trust. The Trustee is specifically authorized to employ agents, brokers, custodians, investment counsel and attorneys, and to delegate to them the discretionary authority to make purchases and sales of investments otherwise authorized for the Trustee, and the Trustee shall not be liable for any loss or damage which may result from such investments.

9.7  Corporate Trustee.  If any corporate Trustee is merged or voluntarily liquidated into or consolidated with another entity having the required fiduciary powers, the successor shall have all powers granted to the original corporate Trustee.

9.8  Beneficiary or Court Appointment.  If, at any time, there shall not be a Trustee of any trust provided for herein, a majority in interest of those beneficiaries of such trust to whom income may then be paid may appoint a Successor Trustee or Trustees.  Those beneficiaries not of legal age or capacity shall be represented by their guardians, if any. Appointments shall be made by an instrument in writing acknowledged by each person executing the same and shall specify whether the successor Trustee(s) shall serve with or without bond.  If a majority in interest of such beneficiaries is unable to determine the appointment of a successor Trustee or Trustees, any of such beneficiaries may apply to a court of competent

12 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000063

jurisdiction for the appointment of a successor Trustee or Trustees by Court order.

9.9  Transfer to and Responsibility of Successor Trustee.  All rights, title and interest in the property of the Trust shall immediately vest in the successor Trustee(s) at the time of appointment.  The prior Trustee shall, without warranty, transfer to the successor Trustee(s) the existing trust property. No successor Trustee shall be under any duty to examine, verify, question or audit the books, records, accounts or transactions of any preceding Trustee; and no successor Trustee shall be liable or responsible for any acts or defaults of any predecessor Trustee, nor for any loss or expense from or occasioned by anything done or neglected to be done by any predecessor Trustee. A successor Trustee shall be liable only for its own acts and defaults.

Section 10.  TRUSTEE'S POWERS.

10.1  Powers.  With respect to any trust created under this instrument, the Trustee is empowered to do all things appropriate for the orderly administration of the trust estate subject to the Trustee's power and control unless otherwise specifically provided herein.  Co-Trustees serving hereunder shall each have the full powers of the Trustee, which powers may be exercised independently by each Co-Trustee, without the knowledge or consent of the other Co-Trustee.  Without limiting

13 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000064

this general power and without limitation of other powers by Grantor or otherwise possessed by Trustee, including those specified in the Uniform Trustee's Powers Act in effect in Oregon as may be amended from time to time, the Trustee shall have the following powers and discretion, which the Trustee shall exercise in such manner and upon such terms and conditions as the Trustee shall deem necessary, desirable or convenient.

A.    To retain any property for such period as the Trustee may deem desirable, whether or not such property is productive of any income and independent of any requirement of diversification.

B.    To receive additions to the assets of the estate from any source.

C.    To continue or participate in the operation of any business or other enterprises, including as a sole proprietor or as a partner in any manner, or as a shareholder, and to effect any form of incorporation, dissolution, liquidation, reorganization or other change in the form of the organization of the business or enterprise, or to contribute capital or to loan money to a business or enterprise.

D.    To invest and reinvest in any assets without limitation by any law applicable to investments by fiduciaries, in securities, including common or preferred stock, mortgages, notes, subordinate debentures and warrants of any corporation,

14 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000065

any common trust fund now or hereafter administered by any Trustee or other property, real or personal, including but not limited to savings accounts and deposits, interests in mutual or money market funds or investment trusts, annuities and insurance (which may be owned by the insured or by the estate of any other person), without being restricted to statutory investments and whether or not such investments are unsecured or of a wasting nature.

    E.   To acquire, grant or dispose of property, including puts, calls and options, including options on stock owned by the estate, for cash or on credit, including maintaining margin accounts with brokers, at public or private sale, upon such terms and conditions as the Trustee may deem advisable, and to manage, develop, improve, exchange, partition, change the character of, abandon property or any interest therein, or otherwise deal with property.

    F.   To borrow, guarantee or indemnify in the name of the estate and to secure any such loan or obligation by mortgage, encumbrance, pledge, or other security interest, and to renew, modify, extend or amend any such obligation, for a term with or extending beyond the term of the estate. No lender shall be bound to see to or be liable for the application of the proceeds of any obligation, and no Trustee shall be personally liable for any obligation.

15 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000066

G.    To enter for any purpose into a lease as lessor or lessee with or without option to purchase or renew for a term within or extending beyond the term of the estate.

H.    To enter into a lease, pooling or unitization agreement, or other arrangement for exploration, development, operation, conservation and removal of minerals or other natural resources.

I.    To vote a security, in person or by general or limited proxy, to participate in or consent to any voting trust, and to deposit securities with and transfer title to a protective or other committee.

J.    To hold a security or other property in the name of a nominee (including "street name" of a broker) or in other form without disclosure of the fiduciary relationship so that title may pass by delivery, but the Trustee is liable for any act of the nominee in connection with the assets so held.

K.    To insure the estate against any risk, and the Trustee against liability with respect to third persons.

L.    To compromise, release and adjust any debt, claim or controversy, and to submit any matter to arbitration.

M.    To pay any taxes, assessments, reasonable compensation of the Trustee, and other expenditures (including legal and accounting fees) incurred in the collection, management, care, protection and conservation of the estate.

16 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000067

N.    To allocate items of income or expenditure to either income or principal and to create reserves out of the income, all as provided by law and to the extent not so provided to allocate or create reserves as the Trustee, in its discretion, deems appropriate, and the Trustee's decision made in good faith with respect thereto shall be binding and conclusive upon all persons.

O.    To pay any sum or distribute any property distributable to a beneficiary who is a minor, incompetent, under legal disability, or a person whom the Trustee deems to be unable wisely or properly to handle property if paid to him directly, in any one or more of the following ways, without liability to the Trustee:

1.    Directly to the beneficiary;

2.    To the natural guardian, legal guardian, conservator, or custodian under the appropriate Uniform Gifts to Minors law or any other fiduciary for the beneficiary;

3.    To any person or organization furnishing health care, support, maintenance or education of the beneficiary;

4.    By making expenditures directly for the health care, support, maintenance or education of the beneficiary;

17 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000068

P.    To make distributions in cash or in specific property, real or personal, or an undivided interest therein, or partly in cash and partly in such property, and to make pro rata or non pro rata distributions of cash or property, or any combination thereof, among the beneficiaries without regard to any difference in tax basis of the assets.

Q.    To engage persons, including attorneys, auditors, investment advisors, custodians (including stock clearing corporations or depositories) or agents to advise or assist the Trustee, and to delegate to them Trustee's powers.

R.    To prosecute, defend, contest or otherwise litigate actions, suits, claims or proceedings for the protection or benefit of the estate and the Trustee.

S.    Except as otherwise provided herein, the Trustee in the exercise of its duties is authorized to do all acts that might legally be done by an individual in absolute ownership and control of property.

T.    With regard to record keeping for investment transactions, the Trustee need not provide confirmations or alternate reports, except that evidence or a report of security transactions should be set forth in any periodic accountings by the Trustee.

18 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000069

U.   To make ordinary or extraordinary repairs or alterations in buildings or other structures, to demolish any improvements, to raze existing or erect new party walls or buildings, and to use as much of the income and principal of the estate as necessary to establish a reserve for payment of taxes, insurance premiums, assessments, debts, claims, maintenance, repairs, management fees and related costs with respect to property of the estate.

V.   To serve as director, trustee, receiver, officer or employee of any corporation or company, the stock, bonds, or securities of which are held by the estate, and to receive such compensation for such services as would be proper were the services performed by an individual not a Trustee.

W.   Except as otherwise provided herein, if there shall be more than one Trustee acting, and if they are unable to agree on any matter, power, duty or exercise of discretion in connection with the estate, the decision of a majority of the acting Trustees shall prevail.

10.2   <u>Additional Trustee's Powers</u>.   The Trustee is authorized, in his discretion:

A.   To claim deductions available to Grantor's estate on inheritance or estate tax returns or on state and federal income tax returns.

19 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000070

B.    To use date of death values or alternate valuation date values for estate tax purposes.

C.    To make any other election or decision available under any federal or state tax laws, including but not limited to:

1.    Filing income tax returns for the year in which Grantor's death occurred and for any previous year for which a return has not been filed prior to Grantor's death.

2.    Paying in full any debt of Grantor, any tax shown on any income tax return or gift tax return filed by Grantor, Grantor's personal representative or the Trustee, and any additional tax and interest that may be assessed as a result of the audit of any such return.

10.3    <u>Restrictions During Lifetime of Grantor</u>.    During Grantor's lifetime, while not incapacitated to the extent that Grantor is unable to manage Grantor's business affairs, the Trustee shall exercise the powers above granted only in accordance with the written direction of the Grantor.    Such direction shall be followed by the Trustee, who shall not be liable for depreciation or loss incurred by reason of sales, exchanges, purchases, or other action taken pursuant to such direction, or by reason of inaction on the part of the Trustee should the Grantor fail to give such direction.

20 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000071

Section 11.   AMENDMENT AND REVOCATION.

Grantor reserves the right at any time or times to amend or revoke this instrument, in whole or in part, by an instrument or instruments in writing signed by Grantor and delivered to any acting Trustee.  If this instrument is revoked in its entirety, the revocation shall take effect upon the delivery of the required writing to the Trustee and thereupon the Trustee shall deliver to Grantor, as the Grantor may direct in the instrument of revocation, all the trust property, and shall execute any conveyances or other documents of transfer necessary for such purpose.

Section 12.   MISCELLANEOUS PROVISIONS.

12.1   Use of Term "Trustee".  References in this instrument to "Trustee" shall include not only the original Trustee named herein, but also any additional or successor Trustee(s).  Unless otherwise provided herein, the survivor(s) of Co-Trustees shall continue to serve as Trustee upon the death of one of the Co-Trustees.

12.2   Incapacity.  For purposes of this trust, incapacity shall be determined by the opinion, to be evidenced and given in writing, of the primary physician of the incapacitated person.

21 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000072

12.3  <u>Child, Children and Descendants</u>.  References in this instrument to "child" or "children" mean lawful adopted or blood descendants in the first degree of the parent designated and shall further include any other child or children born after the execution of this agreement.  "Descendants" shall mean all lineal descendants except lineal descendants of living parents.

12.4  <u>Right of Representation</u>.  Distribution by "right of representation" shall be by distribution of the share of any deceased beneficiary who left descendants surviving among such descendants of the same degree of kindred, but in the event of unequal degrees of kindred, the share of any deceased descendant leaving descendants surviving shall be distributed among such surviving descendants.

12.5  <u>Certified Copies</u>.  To obtain the effect as if it were the original, anyone may rely upon a copy certified by a notary public to be a true copy of this instrument and of the writings, if any, endorsed thereon or attached thereto.  Anyone may rely on any statement of fact certified by anyone who appears from the original document or certified copy thereof to be a Trustee hereunder.

12.6  <u>Applicable Law</u>.  Except as otherwise provided in this agreement, the construction of this agreement shall be determined in accordance with Oregon law.  For purposes of determining the distribution of any of the trust estate and the

22 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000073

rights of beneficiaries, Oregon law regarding wills existing at the date of this agreement shall be applied as if Grantor was a testator and the beneficiaries were devisees.

IN WITNESS WHEREOF, ANN M. WISNOVSKY, as Grantor, and ANN M. WISNOVSKY and JOANNE COUVRETTE, as Trustee, have signed and acknowledged this agreement the day and year first above written.

_____
ANN M. WISNOVSKY

"Grantor"

_____
ANN M. WISNOVSKY

_____
JOANNE COUVRETTE

"Trustee"

23 - Inter Vivos Revocable Trust - The Ann M. Wisnovsky Trust

JCOUVRETTE000074

2

JCOUVRETTE000075

## CERTIFICATION OF TRUST
## THE ANN M. WISNOVSKY TRUST

I, ANN M. WISNOVSKY and JOANNE COUVRETTE, TRUSTEE OF THE ANN M. WISNOVSKY TRUST, dated August 2nd, 2012, make this certification pursuant to ORS 130.860.

1. <u>Trust</u>. THE ANN M. WISNOVSKY TRUST is presently in existence. It was executed on August 2nd, 2012.

2. <u>Trustor</u>. The Trustor of THE ANN M. WISNOVSKY TRUST is ANN M. WISNOVSKY.

3. <u>Trustee</u>. We are currently the Trustee of the ANN M. WISNOVSKY TRUST. The mailing address for the currently acting Trustee is: c/o JOANNE COUVRETTE, 13274 Jacarte Ct., San Diego, CA, 92130.

4. <u>Trust Powers</u>. Under the terms of the Trust Agreement, the Trustee is given powers set forth in Exhibit "A", attached hereto.

5. <u>Trust Revocable</u>. The Trust is revocable. Only the Trustor can revoke the trust.

6. <u>Modification and Amendment of Trust</u>. The Trust may be modified or amended. Only the Trustor may modify or amend the Trust.

7. <u>Multiple Trustees</u>. If there shall be more than one Trustee acting, and if they are unable to agree on any matter, power, duty or exercise of discretion in connection with the estate, the decision of a majority of the acting Trustees shall prevail.

8. <u>Taxpayer Identification Number</u>. The taxpayer identification number for THE ANN M. WISNOVSKY TRUST is the social security number of ANN M. WISNOVSKY: Redacted 9050.

9. <u>Title to Trust Property</u>. Trust property for THE ANN M. WISNOVSKY TRUST is to be titled as follows: ANN M. WISNOVSKY and JOANNE COUVRETTE, TRUSTEE OF THE ANN M. WISNOVSKY TRUST, dated August 2nd, 2012.

10. <u>Jurisdiction</u>. The state under which the laws of the trust was established was the state of Oregon.

1 - CERTIFICATION OF TRUST

JCOUVRETTE000076

11.  Successor Trustee.  In the event ANN M. WISNOVSKY and JOANNE COUVRETTE shall die, resign, or become incapacitated, or cease to act as Trustee for any reason whatsoever the other of such individuals shall continue to serve as Trustee with full powers of the Trustee. The Trustor or JOANNE COUVRETTE may, at any time, by written declaration appoint a Co-Trustee and/or Successor Trustee, and, in the event both Co-Trustees appointed pursuant to the Trust Agreement shall die, resign, or become incapacitated, or cease to act as Trustee for any reason whatsoever, such appointed Co-Trustee or Successor Trustee shall serve as Trustee hereunder, with full powers of the Trustee.

12.  Representations Correct.  The Trust has not been revoked, modified or amended in any manner that would cause the representations contained in this certificate to be incorrect.

_____
ANN M. WISNOVSKY

_____
JOANNE COUVRETTE

STATE OF OREGON      )
                     ) ss.
COUNTY OF JACKSON    )          August 2nd, 2012

Personally appeared the above named ANN M. WISNOVSKY and JOANNE COUVRETTE and acknowledged the foregoing instrument to be their voluntary act.

Before me:

_____
Notary Public for Oregon

OFFICIAL SEAL
PATRICK G HUYCKE
NOTARY PUBLIC-OREGON
COMMISSION NO. 467808
MY COMMISSION EXPIRES APRIL 22, 2016

2 - CERTIFICATION OF TRUST

JCOUVRETTE000077

**EXHIBIT "A" TO
CERTIFICATION OF MEMORANDUM OF TRUST OF
THE ANN M. WISNOVSKY TRUST**

Section 1.  TRUSTEE'S POWERS.

1.1  <u>Powers</u>.  With respect to any trust created under this instrument, the Trustee is empowered to do all things appropriate for the orderly administration of the trust estate subject to the Trustee's power and control unless otherwise specifically provided herein.  Co-Trustees serving hereunder shall each have the full powers of the Trustee, which powers may be exercised independently by each Co-Trustee, without the knowledge or consent of the other Co-Trustee.  Without limiting this general power and without limitation of other powers by Grantor or otherwise possessed by Trustee, including those specified in the Uniform Trustee's Powers Act in effect in Oregon as may be amended from time to time, the Trustee shall have the following powers and discretion, which the Trustee shall exercise in such manner and upon such terms and conditions as the Trustee shall deem necessary, desirable or convenient.

A.    To retain any property for such period as the Trustee may deem desirable, whether or not such property is productive of any income and independent of any requirement of diversification.

B.    To receive additions to the assets of the estate from any source.

1 - EXHIBIT "A" TO CERTIFICATION OF TRUST

JCOUVRETTE000078

C.    To continue or participate in the operation of any business or other enterprises, including as a sole proprietor or as a partner in any manner, or as a shareholder, and to effect any form of incorporation, dissolution, liquidation, reorganization or other change in the form of the organization of the business or enterprise, or to contribute capital or to loan money to a business or enterprise.

D.    To invest and reinvest in any assets without limitation by any law applicable to investments by fiduciaries, in securities, including common or preferred stock, mortgages, notes, subordinate debentures and warrants of any corporation, any common trust fund now or hereafter administered by any Trustee or other property, real or personal, including but not limited to savings accounts and deposits, interests in mutual or money market funds or investment trusts, annuities and insurance (which may be owned by the insured or by the estate of any other person), without being restricted to statutory investments and whether or not such investments are unsecured or of a wasting nature.

E.    To acquire, grant or dispose of property, including puts, calls and options, including options on stock owned by the estate, for cash or on credit, including maintaining margin accounts with brokers, at public or private sale, upon such terms and conditions as the Trustee may deem advisable, and

2 - EXHIBIT "A" TO CERTIFICATION OF TRUST

JCOUVRETTE000079

to manage, develop, improve, exchange, partition, change the character of, abandon property or any interest therein, or otherwise deal with property.

F.    To borrow, guarantee or indemnify in the name of the estate and to secure any such loan or obligation by mortgage, encumbrance, pledge, or other security interest, and to renew, modify, extend or amend any such obligation, for a term with or extending beyond the term of the estate.  No lender shall be bound to see to or be liable for the application of the proceeds of any obligation, and no Trustee shall be personally liable for any obligation.

G.    To enter for any purpose into a lease as lessor or lessee with or without option to purchase or renew for a term within or extending beyond the term of the estate.

H.    To enter into a lease, pooling or unitization agreement, or other arrangement for exploration, development, operation, conservation and removal of minerals or other natural resources.

I.    To vote a security, in person or by general or limited proxy, to participate in or consent to any voting trust, and to deposit securities with and transfer title to a protective or other committee.

J.    To hold a security or other property in the name of a nominee (including "street name" of a broker) or in other

3 - EXHIBIT "A" TO CERTIFICATION OF TRUST

JCOUVRETTE000080

form without disclosure of the fiduciary relationship so that title may pass by delivery, but the Trustee is liable for any act of the nominee in connection with the assets so held.

    K.   To insure the estate against any risk, and the Trustee against liability with respect to third persons.

    L.   To compromise, release and adjust any debt, claim or controversy, and to submit any matter to arbitration.

    M.   To pay any taxes, assessments, reasonable compensation of the Trustee, and other expenditures (including legal and accounting fees) incurred in the collection, management, care, protection and conservation of the estate.

    N.   To allocate items of income or expenditure to either income or principal and to create reserves out of the income, all as provided by law and to the extent not so provided to allocate or create reserves as the Trustee, in its discretion, deems appropriate, and the Trustee's decision made in good faith with respect thereto shall be binding and conclusive upon all persons.

    O.   To pay any sum or distribute any property distributable to a beneficiary who is a minor, incompetent, under legal disability, or a person whom the Trustee deems to be unable wisely or properly to handle property if paid to him directly, in any one or more of the following ways, without liability to the Trustee:

4 - EXHIBIT "A" TO CERTIFICATION OF TRUST

JCOUVRETTE000081

1.   Directly to the beneficiary;

2.   To the natural guardian, legal guardian, conservator, or custodian under the appropriate Uniform Gifts to Minors law or any other fiduciary for the beneficiary;

3.   To any person or organization furnishing health care, support, maintenance or education of the beneficiary;

4.   By making expenditures directly for the health care, support, maintenance or education of the beneficiary;

P.   To make distributions in cash or in specific property, real or personal, or an undivided interest therein, or partly in cash and partly in such property, and to make pro rata or non pro rata distributions of cash or property, or any combination thereof, among the beneficiaries without regard to any difference in tax basis of the assets.

Q.   To engage persons, including attorneys, auditors, investment advisors, custodians (including stock clearing corporations or depositories) or agents to advise or assist the Trustee, and to delegate to them Trustee's powers.

R.   To prosecute, defend, contest or otherwise litigate actions, suits, claims or proceedings for the protection or benefit of the estate and the Trustee.

5 - EXHIBIT "A" TO CERTIFICATION OF TRUST

JCOUVRETTE000082

S.    Except as otherwise provided herein, the Trustee in the exercise of its duties is authorized to do all acts that might legally be done by an individual in absolute ownership and control of property.

T.    With regard to record keeping for investment transactions, the Trustee need not provide confirmations or alternate reports, except that evidence or a report of security transactions should be set forth in any periodic accountings by the Trustee.

U.    To make ordinary or extraordinary repairs or alterations in buildings or other structures, to demolish any improvements, to raze existing or erect new party walls or buildings, and to use as much of the income and principal of the estate as necessary to establish a reserve for payment of taxes, insurance premiums, assessments, debts, claims, maintenance, repairs, management fees and related costs with respect to property of the estate.

V.    To serve as director, trustee, receiver, officer or employee of any corporation or company, the stock, bonds, or securities of which are held by the estate, and to receive such compensation for such services as would be proper were the services performed by an individual not a Trustee.

W.    Except as otherwise provided herein, if there shall be more than one Trustee acting, and if they are unable to

6 - EXHIBIT "A" TO CERTIFICATION OF TRUST

JCOUVRETTE000083

agree on any matter, power, duty or exercise of discretion in connection with the estate, the decision of a majority of the acting Trustees shall prevail.

1.2  Additional Trustee's Powers.  The Trustee is authorized, in his discretion:

A.  To claim deductions available to Grantor's estate on inheritance or estate tax returns or on state and federal income tax returns.

B.  To use date of death values or alternate valuation date values for estate tax purposes.

C.  To make any other election or decision available under any federal or state tax laws, including but not limited to:

1.  Filing income tax returns for the year in which Grantor's death occurred and for any previous year for which a return has not been filed prior to Grantor's death.

2.  Paying in full any debt of Grantor, any tax shown on any income tax return or gift tax return filed by Grantor, Grantor's personal representative or the Trustee, and any additional tax and interest that may be assessed as a result of the audit of any such return.

1.3  Restrictions During Lifetime of Grantor.  During Grantor's lifetime, while not incapacitated to the extent that Grantor is unable to manage Grantor's business affairs, the

7 - EXHIBIT "A" TO CERTIFICATION OF TRUST

JCOUVRETTE000084

Trustee shall exercise the powers above granted only in accordance with the written direction of the Grantor. Such direction shall be followed by the Trustee, who shall not be liable for depreciation or loss incurred by reason of sales, exchanges, purchases, or other action taken pursuant to such direction, or by reason of inaction on the part of the Trustee should the Grantor fail to give such direction.

8 - EXHIBIT "A" TO CERTIFICATION OF TRUST

JCOUVRETTE000085

3

JCOUVRETTE000086