**FIRST AMENDMENT TO AND RESTATEMENT
OF AGREEMENT TO MAKE PAYMENTS**

**Effective Date:**   February 23, 2017

**Parties:**   VALLEY VIEW WINERY, INC.,
an Oregon corporation                    ("Valley View")

ANN M. WISNOVSKY, TRUSTEE OF
THE ANN M. WISNOVSKY TRUST,
UTD 8/2/12                               ("Wisnovsky Trust")

MARK A. WISNOVSKY                        ("Mark")

MICHAEL J. WISNOVSKY                     ("Mike")

**Recitals:**

A.    Ann M. Wisnovsky is the mother of Mark and Mike. Ann M. Wisnovsky is also the mother of Joanne Couvrette ("Joanne") and Robert F. Wisnovsky ("Robert").

B.    On November 2, 2015, the parties executed an Agreement to Make Payments, which is amended and restated by this Agreement. At that time, the Wisnovsky Trust, Mark and Mike were shareholders of Valley View.  Contemporaneously with the execution of the Agreement to Make Payments, Ann M. Wisnovsky, through the Wisnovsky Trust gifted the trust's shares of common stock of Valley View to Mark and Mike in equal shares.

C.    Ann M. Wisnovsky has determined to amend the Wisnovsky Trust and Valley View and Wisnovsky Land, LLC, which is controlled by Ann M. Wisnovsky, have agreed to amend a Vineyard Lease that exists between them. Ann M. Wisnovsky's agreement to make such changes is conditioned upon the execution of this Agreement.

D. The Agreement to Make Payments is amended and restated as follows:

**Agreements:**

1.    Payments for Event within Five Years.  If within five years following the Effective Date, in any transaction or series of transactions:

1 - FIRST AMENDMENT TO AND RESTATEMENT OF AGREEMENT TO MAKE PAYMENTS

VALLEYVIEW_001419

a)  Valley View sells or transfers assets, or any interests therein, out of the ordinary course of business;

b)  Mike, Mark, and/or their successors in interest, sell stock of Valley View; and/or

c)  Valley View makes payments to Mark, Mike, and/or their successors in interest, that exceed the payments Mark and Mike would receive if they continued to receive their respective salaries at a level equal to the salaries paid to them immediately prior to the Effective Date; and if the gross proceeds of any such sales, transfers and payments, including the fair market value of any real or personal property received in such transactions, exceeds the sum of $750,000; then Valley View, Mark and Mike shall, jointly and severally, be responsible to make payment to the Wisnovsky Trust of a dollar amount equal to the amount of such gross proceeds in excess of $750,000. Payment shall be due within 30 days following the receipt of such gross proceeds in excess of $750,000. If Ann M. Wisnovsky is deceased at the time payment is due, in lieu of payment to her, payment shall be made to the residuary beneficiaries of the Wisnovsky Trust in the manner provided in such trust.

2.  Payments for Event between Five Years and Ten Years. If after five years following the Effective Date but before ten years following the Effective Date, in any transaction or series of transactions:

a)  Valley View sells or transfers assets, or any interests therein, out of the ordinary course of business;

b)  Mike, Mark, and/or their successors in interest, sell stock of Valley View; and/or

c)  Valley View makes payments to Mark, Mike, and/or their successors in interest, that exceed the payments Mark and Mike would receive if they continued to receive their respective salaries at a level equal to the salaries paid to them immediately prior to the Effective Date; and if the gross proceeds of any such sales, transfers and payments, including the fair market value of any real or personal property received in such transactions, exceeds the sum of $1,500,000; then Valley View, Mark and Mike shall, jointly and severally, be responsible to make payment to the Wisnovsky Trust of a dollar amount equal to 25% of the amount of such gross proceeds in excess of $1,500,000. Payment shall be due within 30 days following the receipt of such gross proceeds in excess of $1,500,000. If Ann

2 - FIRST AMENDMENT TO AND RESTATEMENT OF AGREEMENT TO MAKE PAYMENTS

VALLEYVIEW_001420

M. Wisnovsky is deceased at the time payment is due, in lieu of payment to her, payment shall be made to the residuary beneficiaries of the Wisnovsky Trust in the manner provided in such trust.

3. Third-Party Beneficiaries. The parties intend that Joanne and Robert are third party beneficiaries of this Agreement. Upon any default hereunder, such individuals shall be entitled to enforce the payment obligations created hereunder and shall have all rights and remedies available to them under this Agreement and Oregon law.

4. Miscellaneous.

4.1. Binding Effect. This Agreement shall be binding on and inure to the benefit of the parties and their heirs, personal representatives, successors, and assigns.

4.2. Attorney Fees. If any suit or action is filed by any party to enforce this Agreement or otherwise with respect to the subject matter of this Agreement, the prevailing party shall be entitled to recover reasonable attorney fees incurred in preparation or in prosecution or defense of such suit or action as fixed by the trial court, and if any appeal is taken from the decision of the trial court, reasonable attorney fees as fixed by the appellate court.

4.3. Amendments. This Agreement may be amended only by an instrument in writing executed by all the parties.

4.4. Waiver. A provision of this Agreement may be waived only by a written instrument executed by the party waiving compliance. No waiver of any provision of this Agreement shall constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. Failure to enforce any provision of this Agreement shall not operate as a waiver of such provision or any other provision.

4.5. Time of Essence. Time is of the essence for each and every provision of this Agreement.

4.6. Governing Law; Venue; Jurisdiction. This Agreement has been made entirely within the state of Oregon. This Agreement shall be governed by and construed in accordance with the laws of the state of Oregon. If any suit or action is filed by any party to enforce this Agreement or otherwise with respect to the subject matter of this Agreement, exclusive venue

3 - FIRST AMENDMENT TO AND RESTATEMENT OF AGREEMENT TO MAKE PAYMENTS

VALLEYVIEW_001421

and jurisdiction shall be in the state courts in Jackson County, Oregon.

IN WITNESS WHEREOF, the parties have executed this Agreement to be effective on the date set forth above.

VALLEY VIEW WINERY, INC.

By: _____
Mark A. Wisnovsky,
President

By: _____
Michael J. Wisnovsky
Vice President/Secretary

THE ANN M. WISNOVSKY TRUST,
UTD 8/2/12

By: _____
Ann M. Wisnovsky

_____
MARK A. WISNOVSKY

_____
MICHAEL J. WISNOVSKY

4 - FIRST AMENDMENT TO AND RESTATEMENT OF AGREEMENT TO MAKE PAYMENTS

VALLEYVIEW_001422