## SECOND ADDENDUM TO
## VINEYARD LEASE

**Effective Date:**    February 23, 2017

**Between:**    WISNOVSKY LAND, LLC, an         ("Landlord")
                Oregon limited liability company
                1352 Applegate Road
                Jacksonville, OR 97530

**And:**        VALLEY VIEW WINERY, INC., an       ("Tenant")
                Oregon corporation
                1000 Upper Applegate Road
                Jacksonville, OR 97530

**Recitals:**

A.    The Ann M. Wisnovsky Trust, UTD August 2, 2012, and Tenant are parties to a lease dated effective March 24, 2016, ("Lease").

B.    The original landlord's interest in the lease and the original landlord's title to the real property that is subject to the Lease has been assigned to Landlord.

C.    Landlord and Tenant desire to modify some of the terms and conditions of the Lease.

**Agreements:**

1.    **Base Rent.** Section 2.1 of the Lease is revised to read as follows:

"Prior to March 1, 2017, Tenant has paid as "Monthly Base Rent" the sum of $12.50 per acre of land that was being used for the production of agricultural crops. Commencing March 1, 2017, Tenant shall pay to Landlord:

(1) Monthly Base Rent equal to the sum of $16.67 per acre of land that is presently being used for the production of agricultural crops ("Current Production Land"). Presently the Current Production Land consists of 35 acres, so Monthly Base Rent is $583.45;

(2) Monthly Base Rent equal to the sum of $16.67 per acre of land that is hereafter used for the production of agricultural crops, excluding hemp and cannabis agricultural crops, over and above the Current Production Land ("Future Production Land");

(3) Monthly Base Rent equal to the sum of $83.33 per acre of land that is hereafter used for the production of hemp and cannabis agricultural crops over and above the Current Production Land ("Future Production Hemp Land"); and

1 - SECOND ADDENDUM TO VINEYARD LEASE

VALLEYVIEW_000566

(4) "Annual Base Rent" equal to the lesser of: (a) $1,000.00 per acre of Future Production Hemp Land; or (b) annual percentage rent equal to 5% of the gross sale proceeds realized upon the sale of the agricultural crops grown on the Future Production Hemp Land ("Percentage Rent").

Monthly Base Rent shall be paid on or before the first day of each calendar month. Annual Base Rent shall be paid on a calendar year basis and shall be prorated for partial years. Annual Base Rent shall be paid on or before February 1 of the year following the end of the calendar year for which the Annual Base Rent is due. Percentage Rent shall be calculated as of the last day of each calendar year, commencing December 31, 2017, and the calculation shall be completed by January 31 of the following year. Payment of Annual Base Rent shall be accompanied by a statement of the gross sales for the prior year. Tenant shall maintain or cause to be maintained complete and accurate records showing gross sales of agricultural crops grown on the Future Production Hemp Land, and Tenant retain or cause to be retained such records until the expiration of 3 years following the termination of this Lease. Tenant shall take action necessary to ensure that Landlord has the right to inspect and audit such records.

Tenant shall use good farming practices and diligently work to grow crops on land that, at any time, becomes Future Production Land and Future Production Hemp Land. If any Current Production Land, Future Production Land or Future Production Hemp Land becomes fallow following the date hereof, no rent shall be paid on such land for a period of not more than a total of 5 years; after the 5 years have expired, Tenant shall recommence paying rent for such land. Annual Base Rent that is due for Future Production Hemp Land that is fallow or not farmed diligently with good farming practices shall be equal to $1,000.00 per acre. Monthly Base Rent shall be payable on the first day of each month in advance at such place as may be designated by Landlord. If rent is unpaid for a period of 10 days or more, Tenant shall pay, as additional rent a late charge equal to 5% of the amount due."

2.    **Restrictions on Use.** Section 4.6(1) is revised to read as follows:

"Conform to all applicable laws and regulations of any state authority affecting the Premises and the use, and correct at Tenant's own expense any failure of compliance created through Tenant's fault or by reason of Tenant's use."

3.    **Subletting.** Landlord agrees that Tenant may sublet all or any part of the Future Production Land to Mark A. Wisnovsky and/or Michael J. Wisnovsky and/or to a limited liability company wholly owned by Mark A. Wisnovsky and/or Michael J. Wisnovsky and/or any of their lineal descendants.

//

//

//

2 - SECOND ADDENDUM TO VINEYARD LEASE

VALLEYVIEW_000567

IN WITNESS, the parties have executed this agreement to be effective on the date set forth above.

Landlord:

WISNOVSKY LAND, LLC

By: THE ANN M. WISNOVSKY TRUST
    UTD AUGUST 2, 2012

By: *Ann M. Wisnovsky*
    Ann M. Wisnovsky, Trustee

Tenant:

VALLEY VIEW WINERY, INC.

By: _____
    Mark A. Wisnovsky, President

By: _____
    Michael J. Wisnovsky,
    Vice President/Secretary

3 - SECOND ADDENDUM TO VINEYARD LEASE

VALLEYVIEW_000568