

**HUYCKE O'CONNOR JARVIS, LLP**

ATTORNEYS AT LAW

■

MEDFORD OFFICE

823 Alder Creek Drive
Medford, OR 97504
541-772-1977
Fax: 541-772-3443

ASHLAND OFFICE

320 East Main Street
Suite 209
Ashland, OR 97520
541-482-8491
Fax: 541-772-3443

office@medfordlaw.net
www.medfordlaw.net

■

*Partners*
Patrick G. Huycke
Daniel B. O'Connor *
Darrel R. Jarvis
Sydnee B. Dreyer
Erik J. Glatte **
Erik C. Larsen

*Associates*
H. M. Zamudio
Jacquelyn Bunick

*\*Also admitted in Washington*
*\*\*Also admitted in Idaho*

Writer's Direct E-mail:
pgh@medfordlaw.net

Writer's Assistant:
Katie Hamlyn

January 11, 2017

Ann Wisnovsky
1352 Applegate Road
Jacksonville, OR 97530

**RE: Possible Changes to Estate Plan**

Dear Ann:

This letter is a little late in getting to you, but it follows the meeting we last had regarding your estate plan. Since information regarding the plan was given to your children, there has been much discussion among the family about your estate plan, and this discussion was followed by our meeting.

The following are some of the possible changes to your estate plan that we discussed:

a) We discussed a possible change of trustee. Right now, you and Joanne are co-trustees. Because of difficulties that arise between your children, I think a change in the successor and co-trustee is a good idea. You mentioned that your brother-in-law, Steven, might serve as a trustee. Right now, you could decide to serve as the sole trustee and name Steven as the successor trustee, to serve in the event you become incapacitated or die, or you could name Steven as co-trustee, now, in lieu of Joanne. You might want to consider an alternate successor trustee, should Steven not be able to serve.

b) You stated your desire that you did not want Robert or Joanne to be able to hurt the winery/vineyard in any way. My personal opinion is that it would be good to minimize the requirement and possibility that your children, other than Mark and Mike, would be required to work together should you become incapacitated or die. Mike and Mark now own all of the stock of Valley View Winery, LLC. All of the land, except your home, is owned by Wisnovsky Land,

**HUYCKE_000195**

Ann Wisnovsky
January 11, 2017
Page 2

LLC. I understand Mike and Mark are working on a plan to create additional parcels through the Measure 37 process. The rental house and the non-vineyard, non-winery land will be separated into separate legal parcels. In order to protect the winery and vineyard land, you might consider an estate plan that provides for the distribution to Mike and Mark of the vineyard land and a distribution to Robert and Joanne of your other land and other assets.

c) I believe that Robert has expressed a desire to have your home. This could be arranged by providing for the distribution of the home to Robert or by giving him the option to purchase the home at fair market value or at a discounted purchase price.

d) We discussed that, if you believe that the entire distribution plan is unfair to one or more of your children, we could build into the plan a payment obligation from the child/children who received more to the child/children who received less. For instance, we discussed that, if Wisnovsky Land is to be distributed to Mark and Mike, the distribution could be conditioned on their agreement to pay Robert and Joanne $100,000 each, amortized at the minimum federally required interest rate with payments of approximately $700 per month each.

e) There has been discussion about the fair market value rent that Valley View should be paying for the vineyard property. We discussed the possibility of raising the rent to $200/acre per year. I understand that Mike and Mark are agreeable to making this change.

f) Regarding the Agreement to make Payments, we discussed the possibility of extending the period during which Mike and Mark would have to share Winery sale proceeds from the current 5 years to 10 years. There was some discussion about the reduction in the amount that would have to be paid (all proceeds over $750,000) or a reduction in the amount that would have to be paid to Robert and Joanne. Currently, the agreement provides for the payment to be paid to your trust, and your trust provides for a division of the payment as follows, 35% each to Joanne and Robert and 15% each to Mike and Mark. Again, I understand the Mark

**HUYCKE_000196**

Ann Wisnovsky
January 11, 2017
Page 3

and Mike are agreeable to making changes to this agreement.

Please share this letter with your children if you so desire. I have not provided them with copies of this letter.

Let me know how you wish to proceed. Please don't delay in making changes to your estate plan that you feel are appropriate.

Thanks and Happy New Year.

Very truly yours,

HUYCKE O'CONNOR JARVIS, LLP

PATRICK G. HUYCKE

HUYCKE_000197



HUYCKE_000198