## REDEMPTION AGREEMENT

THIS REDEMPTION AGREEMENT is entered into and shall be effective as of February 23, 2017, the "Effective Date", by and among WISNOVSKY LAND, LLC, an Oregon limited liability company (the "Company"), and ANN M. WISNOVSKY, TRUSTEE OF THE ANN M. WISNOVSKY TRUST, UTD 8/2/12 ("Member").

### Recitals:

A.   Member is the owner of a 100% Ownership Interest in the Company.

B.   Member and the Company desire to agree on a partial redemption of Member's Ownership Interest.

### Agreements:

1.   **Partial Redemption.** Following the date of death of Ann M. Wisnovsky, the Company shall purchase from Member and Member shall sell to the Company one-half of Member's Ownership Interest in the Company. Closing of the redemption shall occur not later than sixty (60) days following such date of death ("Closing Date").

2.   **Purchase Price and Security for Payment.** The "Purchase Price" which the Company agrees to pay to Member is the following: (a) if, on the Closing Date, the real property owned by the Company consists of one legal parcel, the Purchase Price shall be the sum of $200,000.00; (b) if, on the Closing Date, the real property owned by the Company consists of two legal parcels, the Purchase Price shall be the sum of $240,000.00; (c) if, on the Closing Date, the real property owned by the Company consists of three legal parcels, the Purchase Price shall be the sum of $280,000.00 . The Purchase Price shall be paid by the Company's execution and delivery to Member of a promissory note ("Note") in the form of the Note attached hereto, marked Exhibit "A". Payment of the Note shall be secured by a "Trust Deed" in the form of the Trust Deed attached hereto, marked Exhibit "B". The Trust Deed shall encumber the real property owned by the Company on the Closing Date, and it shall be executed by Company and recorded in the Official Records of Jackson County, Oregon.

3.   **Miscellaneous.**

3.1  Binding Effect. This Agreement is binding on and inures to the benefit of the parties and their respective heirs, personal representatives, successors, and assigns.

JCOUVRETTE001904

Ex. 1225 -
Page 1 of 9

3.2   Amendments. This Agreement may be amended only by an instrument in writing executed by all the parties, which writing must refer to this Agreement.

3.3   Further Assurances. Each party agrees to execute and deliver such other documents and to do and perform such other acts and things as any other party may reasonably request to carry out the intent and accomplish the purposes of this Agreement.

3.4   Time of Essence. Time is of the essence with respect to all dates and time periods set forth or referred to in this Agreement.

3.5   Waiver. Any provision or condition of this Agreement may be waived at any time, in writing, by the party entitled to the benefit of such provision or condition. Waiver of any breach of any provision will not be a waiver of any succeeding breach of the provision or a waiver of the provision itself or any other provision.

3.6   Governing Law. This Agreement will be governed by and construed in accordance with the laws of the state of Oregon, without regard to conflict-of-laws principles.

3.7   Attorney Fees. If any arbitration, suit, or action is instituted to interpret or enforce the provisions of this Agreement, to rescind this Agreement, or otherwise with respect to the subject matter of this Agreement, the party prevailing on an issue will be entitled to recover with respect to such issue, in addition to costs, reasonable attorney fees incurred in the preparation, prosecution, or defense of such arbitration, suit, or action as determined by the arbitrator or trial court, and, if any appeal is taken from such decision, reasonable attorney fees as determined on appeal.

3.8   Injunctive and Other Equitable Relief. The parties agree that the remedy at law for any breach or threatened breach by a party may, by its nature, be inadequate, and that in addition to damages, the other parties will be entitled to a restraining order, temporary and permanent injunctive relief, specific performance, and other appropriate equitable relief, without showing or proving that any monetary damage has been sustained.

2 - REDEMPTION AGREEMENT

JCOUVRETTE001905

IN WITNESS WHEREOF, the parties have hereunto executed this Redemption Agreement to be effective on the date hereinabove set forth.

"Company"                          WISNOVSKY LAND, LLC
                                   By: ANN M. WISNOVSKY TRUST, UTD
                                       8/2/12, its Member

                                   By: *Ann M. Wisnovsky*
                                       ANN M. WISNOVSKY, Trustee


"Member"                           THE ANN M. WISNOVSKY TRUST,
                                   UTD 8/2/12

                                   By: *Ann M. Wisnovsky*
                                       ANN M. WISNOVSKY, Trustee


3 - REDEMPTION AGREEMENT

JCOUVRETTE001906

Ex. 1225 -
Page 3 of 9

## Exhibit A

### PROMISSORY NOTE

$_____                 _____, 20___, Medford, Oregon

    1.  Obligation; Loan Amount.

        FOR VALUE RECEIVED, the undersigned ("Borrower") promises to pay to _____, Trustee of THE ANN M. WISNOVSKY TRUST, UTD 8/2/12, or order ("Noteholder"), the principal sum of _____ _____and NO/100 DOLLARS ($_____) with interest on the unpaid principal balance from the date of this note until paid at the rate specified in Section 3 below. Principal and interest shall be payable at such place as Noteholder shall designate.

    2.  Loan Term.

        All indebtedness owing to Noteholder pursuant to this promissory note shall be due and payable on or before the expiration of 10 years following the date hereof. This date shall be the "Date of Maturity" of the obligations evidenced by this promissory note.

    3.  Interest Rate.

        The interest rate applicable to the principal balance of this note is _____%, which is the Applicable Federal Rate for this promissory note established by the Internal Revenue Service during the month in which this note is executed. Interest shall be calculated on the basis of a 365-day year.

    4.  Payments.

        No payments are required of Borrower. Payments, if any, shall be applied first to interest and then to principal.

    5.  Time of Essence; Attorney's Fees.

        Time is of the essence hereof. Borrower shall pay all of Noteholder's reasonable collection costs, including attorney's fees, even though no civil action is commenced. If suit or action is brought to collect this note, the Noteholder shall be entitled to collect all reasonable costs and expenses of such suit or action, including, but not limited to, reasonable attorney's fees at trial and on appeal.

JCOUVRETTE001907

6. <u>Maximum Limit</u>.

In no event shall any payment of interest or any other sum payable exceed the maximum amount permitted by applicable law. If it is established that any payment exceeding lawful limits has been received, the Noteholder will credit the excess amount to principal, or, at its option, refund the same.

7. <u>Joint and Several Obligation</u>.

Presentment, notice of dishonor and protest are hereby waived by all makers, sureties, guarantors and endorsers hereof. This note shall be the joint and several obligation of all makers, sureties, guarantors and endorsers and shall be binding upon them and their successors and assigns.

8. <u>Waiver; Cumulative Rights</u>.

No delay or forbearance on the part of the Noteholder in the exercise of any power or right under this note or under any other instrument executed pursuant hereto shall operate as a waiver thereof, nor shall a single or partial exercise of any other power or right. Enforcement by the Noteholder of any security for the payment hereof shall not constitute any election of remedies so as to preclude the exercise of any other remedy available.

9. <u>Governing Law, Venue and Jurisdiction</u>.

This note has been executed and delivered in the State of Oregon and the laws of such state shall govern the validity, construction, enforcement and interpretation of this note. Exclusive venue and jurisdiction for any dispute concerning this agreement shall be in Jackson County, Oregon.

10. <u>Headings</u>.

The headings of the sections of this note are inserted for convenience only and shall not be deemed to constitute a part hereof.

> WISNOVSKY LAND, LLC
> By: ANN M. WISNOVSKY TRUST, UTD
>     8/2/12, its Member
>
> By:_____
>     _____, Trustee

JCOUVRETTE001908

EXHIBIT B

**AFTER RECORDING RETURN TO:**

_____

**Grantor:**
**WISNOVSKY LAND, LLC, an Oregon limited liability company**

**Beneficiary:**
**_____, TRUSTEE OF THE ANN M. WISNOVSKY TRUST, UTD 8/2/12**

---

## TRUST DEED

THIS TRUST DEED, made on _____, 20___, between **WISNOVSKY LAND, LLC** an Oregon limited liability company, as Grantor, **FIRST AMERICAN TITLE COMPANY OF OREGON**, as Trustee, and _____, **TRUSTEE OF THE ANN M. WISNOVSKY TRUST, UTD 8/2/12,**

### WITNESSETH:

Grantor irrevocably grants, bargains, sells and conveys to trustee in trust, with power of sale, the property in **JACKSON COUNTY**, Oregon, described as:

SEE EXHIBIT "A", ATTACHED HERETO

together with all and singular the tenements, hereditaments and appurtenances and all other rights thereunto belonging or in anywise now or hereafter appertaining, and the rents, issues and profits thereof and all fixtures now or hereafter attached to or used in connection with the property.

FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of grantor herein contained and payment of: A) the sum of _____ ($_____), with interest thereon according to the terms of a promissory note of even date herewith, payable to beneficiary or order and made payable by grantor, the final payment of principal and interest hereof, if not sooner paid, to be due and payable ten (10) years following the date hereof.

Any sale, gift, conveyance, contract for conveyance, transfer, assignment, encumbrance, pledge, or grant of a security interest in all or any part of the property, or any interest therein, either voluntarily, involuntarily, or by the operation of law (a "Transfer"), without Beneficiary's prior written consent, shall constitute an event of default. For the purpose of clarification, and without limiting the generality of the foregoing, the occurrence at any time of any sale, conveyance, assignment, or other transfer of, or the grant of a pledge of or security interest in, any membership/ownership interest of Grantor shall be deemed to be a Transfer in violation of this paragraph. The provisions of this paragraph shall apply to each and every Transfer, regardless of whether or not Beneficiary has consented or waived its rights in connection with any previous Transfer. Beneficiary may attach such conditions to its consent as Beneficiary may determine in its sole discretion, including without limitation an increase in the interest rate or the payment of transfer or assumption fees, and the payment of administrative and legal fees and costs incurred by Beneficiary.

**To protect the security of this trust deed, grantor agrees:**

1. To protect, preserve and maintain said property in good condition and repair; not to remove or demolish any building or improvement thereon; not to commit or permit any waste of said property.

2. To complete or restore promptly and in good workmanlike manner any building or improvement which may be constructed, damaged or destroyed thereon, and pay when due all costs incurred therefore.

3. To comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property; if the beneficiary so requests, to join in executing such financing statements pursuant to the Uniform Commercial Code as the beneficiary may require and to pay for filing same in the proper public office or offices, as well as the cost of all lien searches made by filing officers or searching agencies as may be deemed desirable by the beneficiary.

4. To provide and continuously maintain insurance on the buildings now or hereafter erected on said premises against loss or damage by fire and such other hazards, as the beneficiary may from time to time require, in an amount not less than the $ **full replacement value,** written by one or more companies acceptable to the beneficiary, with loss payable to the latter. All policies of insurance shall be delivered to the beneficiary as soon as insured. If grantor shall fail for any reason to procure any such insurance and to deliver said policies to the beneficiary at least fifteen (15) days prior to the expiration of any policy of insurance now or hereafter placed on said buildings, the beneficiary may procure same at grantor's expense. The amount collected under any fire or other insurance policy may be applied by beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of beneficiary the entire amount so collected, or any part thereof, may be released to grantor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

5. To keep said premises free from construction liens and to pay all taxes, assessments and other charges that may be levied or assessed upon or against said property before any part of such taxes, assessments and other charges become past due or delinquent and promptly deliver receipts therefore to beneficiary; should the grantor fail to make payment of any taxes, assessments, insurance premiums, liens or other charges payable by grantor, either by direct payment or by providing beneficiary with funds with which to make such payment, beneficiary may, at its option, make payment thereof, and the

JCOUVRETTE001909

amount so paid, with interest at the rate set forth in the note secured hereby, together with obligations described in paragraphs 6 and 7 of this trust deed, shall be added to and become a part of the debt secured by this trust deed, without waiver of any rights arising from breach of any of the covenants hereof and for such payments, with interest as aforesaid, the property hereinbefore described, as well as the grantor, shall be bound to the same extent that they are bound for the payment of the obligation herein described, and all such payments shall be immediately due and payable without notice, and the nonpayment thereof shall, at the option of the beneficiary, render all sums secured by this trust deed immediately due and payable and constitute a breach of this trust deed.

6.  To pay all costs, fees and expenses of this trust deed including the cost of title search as well as the other costs and expenses of the trustee incurred in connection with or in enforcing this obligation and trustee's and attorney's fees actually incurred.

7.  To appear in and defend any action or proceeding purporting to affect the security rights or powers of beneficiary or trustee; and in any suit, action or proceeding in which the beneficiary or trustee may appear, including any suit for the foreclosure of this deed, to pay all costs and expenses, including evidence of title and the beneficiary's or trustee's attorney's fees; the amount of attorney's fees mentioned in this paragraph 7. in all cases shall be fixed by the trial court and in the event of an appeal from any judgment or decrees of the trial court, grantor further agrees to pay such sum as the appellate court shall adjudge reasonable as the beneficiary's or trustee's attorney's fees on such appeal.

**It is mutually agreed that:**

8.  In the event that any portion or all of said property shall be taken under the right of eminent domain or condemnation, beneficiary shall have the right, if it so elects, to require that all or any portion of the monies payable as compensation for such taking, which are in excess of the amount required to pay all reasonable costs, expenses and attorney's fees necessarily paid or incurred by grantor in such proceedings, shall be paid to beneficiary and applied by it first upon any such reasonable costs and expenses and attorney's fees, both in the trial and appellate courts, necessarily paid or incurred by beneficiary in such proceedings, and the balance applied upon the indebtedness secured hereby; and grantor agrees, at its own expense, to take such actions and execute such instruments as shall be necessary in obtaining such compensation, promptly upon beneficiary's request.

9.  At any time and from time to time upon written request of beneficiary, payment of its fees and presentation of this deed and the note for endorsement (in case of full reconveyances, for cancellation), without affecting the liability of any person for the payment of the indebtedness, trustee may (a) consent to the making of any map or plat of said property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this deed or the lien or charge thereof; (d) reconvey, without warranty, all or any part of the property. The grantee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustee's fees for any of the services mentioned in this paragraph shall be not less than $5.

10. Upon any default by grantor hereunder, beneficiary may at any time without notice, either in person, by agent or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in its own name sue or otherwise collect the rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees upon any indebtedness secured hereby, and in such order as beneficiary may determine.

11. The entering upon and taking possession of said property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies or compensation or awards for any taking or damage of the property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

12. Upon default by grantor in payment of any indebtedness secured hereby or in his performance of any agreement hereunder, time being of the essence with respect to such payment and/or performance, the beneficiary may declare all sums secured hereby immediately due and payable. In such an event the beneficiary at his election may proceed to foreclose this trust deed in equity as a mortgage or direct the trustee to foreclose this trust deed by advertisement and sale, or may direct the trustee to pursue any other right or remedy, either at law or in equity, which the beneficiary may have. In the event the beneficiary elects to foreclose by advertisement and sale, the beneficiary or the trustee shall execute and cause to be recorded his written notice of default and his election to sell the said described real property to satisfy the obligation secured hereby whereupon the trustee shall fix the time and place of sale, give notice thereof as then required by law and proceed to foreclose this trust deed in the manner provided in ORS 86.735 to 86.795.

13. After the trustee has commenced foreclosure by advertisement and sale, and at any time prior to 5 days before the date the trustee conducts the sale, the grantor or any other person so privileged by ORS 86.753, may cure the default or defaults. If the default consists of a failure to pay, when due, sums secured by the trust deed, the default may be cured by paying the entire amount due at the time of the cure other than such portion as would not then be due had no default occurred. Any other default that is capable of being cured may be cured by tendering the performance required under the obligation or trust deed. In any case, in addition to curing the default or defaults, the person effecting the cure shall pay to the beneficiary all costs and expenses actually incurred in enforcing the obligation of the trust deed together with trustee's and attorney's fees not exceeding the amounts provided by law.

14. Otherwise, the sale shall be held on the date and at the time and place designated in the notice of sale or the time to which said sale may be postponed as provided by law. The trustee may sell said property either in one parcel or in separate parcels and shall sell the parcel or parcels at auction to the highest bidder for cash, payable at the time of sale. Trustee shall deliver to the purchaser its deed in form as required by law conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters of fact shall be conclusive proof of the truthfulness thereof. Any person, excluding the trustee, but including the grantor and beneficiary, may purchase at the sale.

15. When trustee sells pursuant to the powers provided herein, trustee shall apply the proceeds of sale to payment of (1) the expenses of sale, including the compensation of the trustee and a reasonable charge by trustee's attorney, (2) to the obligation secured by the trust deed, (3) to all persons having recorded liens subsequent to the interest of the trustee in the trust deed as their interests may appear in the order of their priority and (4) the surplus, if any, to the grantor or to his successor in interest entitled to such surplus.

16. Beneficiary may from time to time appoint a successor or successors to any trustee named herein or to any successor trustee appointed hereunder. Upon such appointment, and without conveyance to the successor trustee, the latter shall be vested with all title, powers and duties conferred upon any trustee herein named or appointed hereunder. Each such appointment and substitution shall be made by written instrument executed by beneficiary, which, when recorded in the mortgage records of the county or counties in which the property is situated, shall be conclusive proof of proper appointment of the successor trustee.

17. Trustee accepts this trust when this deed, duly executed and acknowledged is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which grantor, beneficiary or trustee shall be a party unless such action or proceeding is brought by trustee. The grantor covenants and agrees to and with the beneficiary and the beneficiary's successor in interest that the grantor is lawfully seized

JCOUVRETTE001910

in fee simple of the real property and has a valid, unencumbered title thereto and that the grantor will warrant and forever defend the same against all persons whomsoever.

**WARNING: Unless grantor provides beneficiary with evidence of insurance coverage as required by the contract or loan agreement between them, beneficiary may purchase insurance at grantor's expense to protect beneficiary's interest. This insurance may, but need not, also protect grantor's interest. If the collateral becomes damaged, the coverage purchased by beneficiary may not pay any claim made by or against grantor. Grantor may later cancel the coverage by providing evidence that grantor has obtained property coverage elsewhere. Grantor is responsible for the cost of any insurance coverage purchased by beneficiary, which cost may be added to grantor's contract or loan balance. If it is so added, the interest rate on the underlying contract or loan will apply to it. The effective date of coverage may be the date grantor's prior coverage lapsed or the date grantor failed to provide proof of coverage. The coverage beneficiary purchases may be considerably more expensive than insurance grantor might otherwise obtain alone and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.**

The grantor warrants that the proceeds of the loan represented by the above described note and this trust deed are primarily for grantor's:

____ personal, family, or household purposes.
    Initial: _____ _____

OR

X organization, or (even if grantor is a natural person) are for business or commercial purposes.
    Initial: _____ _____

This deed applies to, inures to the benefit of and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, personal representatives, successors, and assigns. The term beneficiary shall mean the holder and owner, including pledgee, of the contract secured hereby, whether or not named as a beneficiary herein.

In construing this trust deed, it is understood that the grantor, trustee and/or beneficiary may be more than one person; that if the context so requires, the singular shall be taken to mean and include the plural and that generally all grammatical changes shall be made, assumed and implied to make the provisions hereof apply equally to corporations and to individuals.

The terms and conditions of the attached Addendum to All-Inclusive Trust Deed are incorporated herein.

**IN WITNESS WHEREOF, said grantor has hereunto set his/her hand the day and year first above written.**

Grantor:
    WISNOVSKY LAND, LLC
    By: _____, Trustee of the
       Ann M. Wisnovsky Trust, UTD 8/2/12

    By: _____
      _____, Trustee

STATE OF _____ )
           ) ss.
COUNTY OF _____ )        _____, 20___

On this ___ day of _____, 20___, before me, the undersigned Notary Public in and for said State, personally appeared _____, Trustee of the Ann M. Wisnovsky Trust UTD 8/2/12, Member of WISNOVSKY LAND, LLC, an Oregon limited liability Company, known or identified to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that said instrument was signed and sealed on behalf of said company by authority of its Member, and he/she acknowledged said instrument to be its voluntary act and deed.

Before me:

            _____
            Notary Public for Oregon

JCOUVRETTE001911

## REQUEST FOR FULL RECONVEYANCE
(To be used only when obligations have been paid)

TO: _____, Trustee

The undersigned is the legal owner and holder of all indebtedness secured by the foregoing trust deed.  All sums secured by the trust deed have been fully paid and satisfied.  You hereby are directed, on payment to you of any sums owing to you under the terms of the trust deed or pursuant to statute, to cancel all evidences of indebtedness secured by the trust deed (which are delivered to you herewith together with the trust deed) and to reconvey, without warranty, to the parties designated by the terms of the trust deed the estate now held by you under the same.

Mail reconveyance and documents to: _____

DATED: _____, _____.          _____

_____
Beneficiary

**Do not lose or destroy this Trust Deed or the Note which it secures.**
**Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

JCOUVRETTE001912