**Bonnie Richardson, OSB No. 983331**
Email: bonnie@richardsonwright.com
**Joseph Franco, OSB No. 073913**
Email: joe@richardsonwright.com
**Elizabeth Graves, OSB No. 193644**
Email: elizabeth@richardsonwright.com
Richardson Wright LLP
805 SW Broadway, Suite 470
Portland, Or 97205
Telephone: (503) 546-4637
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust, <br><br> Plaintiff, <br><br> vs. <br><br> MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP, <br><br> Defendants. | Case No. 1:21−cv−00157−CL <br><br> PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES |

Plaintiff Joanne Couvrette, as trustee of the Ann Wisnovsky Trust, hereby responds to

Defendant Michael J. Wisnovsky's First Set of Interrogatories as follows:

///

///

Page 1 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

Ex. 1248 -
Page 1 of 18

## GENERAL OBJECTIONS

Plaintiff incorporates the following general objections into each of Plaintiff's responses to Defendant Michael J. Wisnovsky's Interrogatories.

1.      Plaintiff objects to Defendant Michael J. Wisnovsky's instructions and requests for interrogatories to the extent that they attempt to impose any requirements other than the discovery obligations specified in the Federal Rules of Civil Procedure and the Court's Local Rules.

2.      Plaintiff objects to Defendant Michael J. Wisnovsky's interrogatories to the extent they seek information, documents, or communications outside of Plaintiff's possession, custody, or control.

3.      Plaintiff objects to the disclosure of information or documents that are protected by the attorney-client privilege, work product privilege, or any other applicable privilege.

4.      Plaintiff has made reasonable efforts to respond to these interrogatories based on her interpretation of each interrogatory. If Defendant Michael J. Wisnovsky subsequently asserts an interpretation of any interrogatory which differs from that of Plaintiff, Plaintiff reserves the right to supplement its objections or responses.

5.      The responses set forth below represent Plaintiff's present knowledge based on discovery and investigation to date. Plaintiff expressly reserves the right to rely upon any further information adduced through discovery, investigation, and trial preparation, and to supplement her responses consistent with the Federal Rules of Civil Procedure and other applicable rules.

6.      Plaintiff objects to Defendant Michael J. Wisnovsky's request that supplemental responses be provided "immediately upon Plaintiff's learning of supplemental information" as Defendant Michael J. Wisnovsky seeks to impose a burden on Plaintiff beyond that provided under the Federal Rules of Civil Procedure. Plaintiff will supplement responses, if necessary, in a timely manner or as ordered by the Court in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

Page 2 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

7.      No incidental or implied admissions are intended by the definitions and responses set forth below.  The fact that Plaintiff has responded to or objected to any interrogatory shall not be deemed an admission that Plaintiff accepts or admits the existence of any fact set forth or assumed by such interrogatory, or that such response or objection constitutes admissible evidence. The fact that Plaintiff has responded to any interrogatory is not intended to, and shall not be construed as, a waiver by Plaintiff of any part of any objection to an interrogatory.

8.      Plaintiff objects to the definition of "you," "your," or "Plaintiff" as vague, confusing, and overly broad. Plaintiff interprets "you," "your," or "Plaintiff" to refer to the plaintiff Joanne Couvrette, in her capacity as trustee for Ann M. Wisnovsky Trust.

9.       Plaintiff objects to the definition of "Michael Wisnovsky" as vague, confusing, and overly broad. Plaintiff interprets "Michael Wisnovsky" to refer to Defendant Michael J. Wisnovsky.

10.     Plaintiff objects to the definition of "Mark Wisnovsky" as vague, confusing, and overly broad. Plaintiff interprets "Mark Wisnovsky" to refer to Defendant Mark A. Wisnovsky.

11.     Plaintiff objects to the definition of "Ann Wisnovsky" as vague, confusing, and overly broad. Plaintiff interprets "Ann Wisnovsky" to refer to Ann Wisnovsky.

12.     Plaintiff objects to the definition of "Dick Thierolf" as vague, confusing, and overly broad. Plaintiff interprets "Dick Thierolf" to refer to attorney Richard B. Thierolf.

13.     Plaintiff objects to the definition of "Gary Turner" as vague, confusing, and overly broad. Plaintiff interprets "Gary Turner" to refer to attorney Gary Turner.

## **DEFINITIONS**

These responses and objections use the following defined terms:

1.      "You," "your," or "Plaintiff" refers to the plaintiff Joanne Couvrette, in her capacity as trustee for Ann M. Wisnovsky Trust.

Page 3 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S
FIRST SET OF INTERROGATORIES

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

2.    "Defendant Huycke" or "Huycke" refers to Defendant Patrick Huycke.

3.    "Defendant Mark Wisnovsky" or "Mark" refers to Defendant Mark A. Wisnovsky.

4.    "Defendant Mike Wisnovsky" or "Mike" refers to Defendant Michael J. Wisnovsky.

5.    The "Wisnovsky Defendants" refers to Mark, Mike, and Valley View Winery, Inc.

6.    The "Vineyard Lease" refers to the Vineyard Lease dated March 24, 2016, between the Ann M. Wisnovsky trust and Valley View Winery, Inc, and all addenda thereto.

7.    The "Winery Lease" refers to the Winery Lease dated March 24, 2016, between the Ann M. Wisnovsky Trust and Valley View Winery, Inc., and all addenda thereto.

8.    "Leases" refers collectively to the "Vineyard Lease" and "Winery Lease."

9.    The "Trust" refers to the Ann M. Wisnovsky Trust, and all amendments thereto.

10.    "Ann Wisnovsky" or "Ann" refers to Ann Wisnovsky in her individual capacity and her capacity as former trustee to the Ann M. Wisnovsky Trust.

11.    "Dick Thierolf" refers to attorney Richard B. Thierolf.

12.    "Gary Turner" or "Gary" refers to attorney Gary Turner.

## INTERROGATORY RESPONSES

**INTERROGATORY NO. 1:**    Describe the wrongful conduct and factual and legal basis for the Complaint's first claim for relief (*viz.*, elder abuse) alleged against the Wisnovsky Defendants and any claim alleging elder abuse in any subsequently amended complaint.

**RESPONSE:**    Plaintiff objects to this interrogatory as vague as to the term "wrongful conduct." Plaintiff further objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case as it requests that Plaintiff describe all factual and legal bases for a claim from the Complaint. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the extent it seeks

Page 4 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

Ex. 1248 -
Page 4 of 18

information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as premature because discovery is ongoing, and Plaintiff has not received full copies of the client files from Huycke's representation of Ann Wisnovsky or Valley View Winery – which likely contain documents relevant to this interrogatory. In addition, Plaintiff objects to this interrogatory as premature to the extent it seeks support for claims in "any subsequently amended complaint" that has not yet been filed.

Subject to and without waiving the foregoing objections, the vastly inequitable terms of the Leases, in particular the provision that allows the tenant sole discretion in whether to renew the lease for up to 90 years, and the stock transfers speak for themselves. Plaintiff states that Ann has only a high school level education and was elderly and vulnerable at the time the Leases and stock transfers were executed. Plaintiff also states that Defendant Huycke received instructions from Defendant Mark Wisnovsky regarding the terms to be included in the Leases, contrary to Ann's instructions to Huycke. Plaintiff states that Ann did not understand that the unfavorable terms of the Leases would have a detrimental impact on her ability to sell the property, to the extent that the property was rendered effectively valueless for the purposes of sale, until she set out to sell the property in July of 2019. Plaintiff further states that Ann expressed disbelief and exhibited an intense reaction when she discovered that she would be unable to sell her property.

Plaintiff also refers Defendant Mike Wisnovsky to the following documents: HUYCKE 000426 and HUYCKE 000251.

**INTERROGATORY NO. 2:**        Describe the factual and legal basis for the allegation in paragraph 48 of the Complaint that Mike Wisnovsky and Mark Wisnovsky are each liable for elder financial abuse because they each "knowingly acted under circumstances in which a person should have known of their financial abuse."

Page 5 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Ex. 1248 -
Page 5 of 18

**RESPONSE:**     Plaintiff objects to this interrogatory as vague, overly broad, and unduly burdensome as it requests that Plaintiff identify all factual and legal bases for a claim from the Complaint. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as premature because discovery is ongoing, and Plaintiff has not received full copies of the client files from Huycke's representation of Ann Wisnovsky or Valley View Winery – which likely contain documents relevant to this interrogatory.

Subject to and without waiving the foregoing objections, Plaintiff states that the terms of the Leases and other purported agreements between Ann Wisnovsky and Defendants speak for themselves. Plaintiff further states that Mark and/or Mike Wisnovsky received a windfall of stock transfers from Ann Wisnovsky without consideration. Plaintiff also states that Mark and/or Mike Wisnovsky knowingly used electricity charged to Ann's home account and deducted the cost of the electricity from amounts owed under the Leases. In addition, Plaintiff incorporates by reference Plaintiff's response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**     Describe the factual and legal basis for the Complaint's second claim for relief (*viz.*, unconscionable contract) alleged against the Wisnovsky Defendants and any claim alleging an unconscionable contract or seeking a remedy of rescission of contract in any subsequently amended complaint.

**RESPONSE:**     Plaintiff objects to this interrogatory as it contains multiple subparts. Plaintiff further objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case as it requests that Plaintiff identify all factual and legal bases for a claim from the Complaint. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the extent it seeks

Page 6 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S
FIRST SET OF INTERROGATORIES

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as premature because discovery is ongoing, and Plaintiff has not received full copies of the client files from Defendant Huycke's representation of Ann Wisnovsky or Valley View Winery – which likely contain documents relevant to this interrogatory. In addition, Plaintiff objects to this interrogatory as premature to the extent it seeks support for claims in "any subsequently amended complaint" that has not yet been filed.

Subject to and without waiving the foregoing objections, Plaintiff states that the terms of the Leases and other purported agreements between Ann Wisnovsky and Defendants speak for themselves. In addition, Plaintiff incorporates by reference Plaintiff's response to Interrogatory No. 1.

**INTERROGATORY NO. 4:**    Describe the factual and legal basis for the allegation in paragraphs 53 and 54 of the Complaint that Mike Wisnovsky and Mark Wisnovsky are parties to an unconscionable contract.

**RESPONSE:**    Plaintiff objects to this interrogatory as vague, overly broad, and unduly burdensome as it requests that Plaintiff identify all factual and legal bases for a claim from the Complaint. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as premature because discovery is ongoing, and Plaintiff has not received full copies of the client files from Defendant Huycke's representation of Ann Wisnovsky or Valley View Winery – which likely contain documents relevant to this interrogatory.

Subject to and without waiving the foregoing objections, Plaintiff states that Mike Wisnovsky and/or Mark Wisnovsky negotiated the terms of the Leases and are signatories to the Leases and addenda thereto, which have vastly inequitable terms and are unconscionable. In

Page 7 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

particular, the unconscionable Leases include a provision that allows the tenant sole discretion in whether to renew the lease for up to 90 years. In addition, the Leases require that the tenants pay rent for only the portion of the property in use and prevents the landowner from leasing the unused acreage.

**INTERROGATORY NO. 5:**     Describe the factual and legal basis for the Complaint's third claim for relief (*viz.*, unjust enrichment) alleged against Mike Wisnovsky and Mark Wisnovsky and any claim alleging unjust enrichment or seeking a remedy of restitution in any subsequently amended complaint.

**RESPONSE:**     Plaintiff objects to this interrogatory as vague, overly broad, and unduly burdensome as it requests that Plaintiff identify all factual and legal bases for a claim from the Complaint. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as premature because discovery is ongoing, and Plaintiff has not received full copies of the client files from Huycke's representation of Ann Wisnovsky or Valley View Winery – which likely contain documents relevant to this interrogatory.

Subject to and without waiving the foregoing objections, Plaintiff states that the Wisnovsky Defendants benefited from the access to and use of the property subject to the Leases at a rate well below fair market value. Plaintiff further states that the Wisnovsky Defendants wrongfully deducted rental payments owed under the Leases, based on an agreement which purportedly allowed Mark and/or Mike Wisnovsky to deduct Ann Wisnovsky's personal expenses from the amounts owed. Plaintiff also incorporates by reference Plaintiff's response to Interrogatory No. 4.

///

Page 8 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 6:**     Describe the factual and legal basis for the allegation in the Complaint's third claim for relief (*viz.*, unjust enrichment) that Plaintiff conferred a benefit on Mike Wisnovsky and Mark Wisnovsky for which they can be held liable for unjust enrichment.

**RESPONSE:**     Plaintiff objects to this interrogatory as vague, overly broad, and unduly burdensome as it requests that Plaintiff identify all factual and legal bases for an allegation from the Complaint. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as premature because discovery is ongoing, and Plaintiff has not received full copies of the client files from Defendant Huycke's representation of Ann Wisnovsky or Valley View Winery – which likely contain documents relevant to this interrogatory. In addition, Plaintiff objects to this interrogatory as unnecessary and repetitive of Interrogatory No. 5.

Subject to and without waiving the foregoing objections, Plaintiff incorporates by reference Plaintiff's response to Interrogatories No. 4 and 5.

**INTERROGATORY NO. 7:**     Identify all contracts and all terms in each of those contracts that you consider to be unconscionable and seek to rescind according to paragraph 55 of the Complaint or any subsequently amended complaint.

**RESPONSE:**     Plaintiff objects to this interrogatory as vague, overly broad, and unduly burdensome as it requests that Plaintiff identify all factual and legal bases for an affirmative defense alleged in Plaintiff's Answer. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.

Page 9 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

In addition, Plaintiff objects to this interrogatory as premature to the extent it seeks support for allegations in pleadings that have not been filed.

Subject to, and without waiving the foregoing objections, Plaintiff identifies the Leases and all amendments thereto, including the purported agreement to allow Mark Wisnovsky, Michael Wisnovsky, and/or Valley View Winery deduct her personal bills from the rental payments owed under the Leases and the purported agreement titled "Agreement for Changes to Buildings."

**INTERROGATORY NO. 8:**    Describe the factual and legal basis for the "Failure to State a Claim" affirmative defense alleged in paragraph 24 of Plaintiff's Answer or any future pleading alleging an affirmative defense of failure to state a claim.

**RESPONSE:**    Plaintiff objects to this interrogatory as vague, overly broad, and unduly burdensome as it requests that Plaintiff identify all factual and legal bases for an affirmative defense alleged in Plaintiff's Answer. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as premature because discovery is ongoing, and Plaintiff has not received full copies of the client files from Defendant Huycke's representation of Ann Wisnovsky or Valley View Winery – which likely contain documents relevant to this interrogatory. In addition, Plaintiff objects to this interrogatory as premature to the extent it seeks support for allegations in pleadings that have not been filed.

**INTERROGATORY NO. 9:**    Describe the factual and legal basis for the "Failure to Mitigate" affirmative defense alleged in paragraph 25 of Plaintiff's Answer or any future pleading alleging an affirmative defense of failure to mitigate.

Page 10 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

**RESPONSE:**    Plaintiff objects to this interrogatory as vague, overly broad, unduly burdensome, and not proportional to the needs of the case as it requests that Plaintiff identify all factual and legal bases for an affirmative defense alleged in Plaintiff's Answer. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as premature because discovery is ongoing, and Plaintiff has not received full copies of the client files from Defendant Huycke's representation of Ann Wisnovsky or Valley View Winery – which likely contain documents relevant to this interrogatory. In addition, Plaintiff objects to this interrogatory as premature to the extent it seeks support for allegations in pleadings that have not been filed.

Subject to, and without waiving the foregoing objections, Plaintiff states that the Wisnovsky Defendants refused to agree to allow the Trust to rent the portion of the property unused by the Wisnovsky Defendants to a third party. Plaintiff further states that the Wisnovsky Defendants declined to pay a reasonable monthly rent payment in exchange for Plaintiff's consent to the construction of a building on the property. In addition, the Wisnovsky Defendants declined Plaintiff's reasonable offer to purchase the property.

**INTERROGATORY NO. 10:**    Describe the factual and legal basis for the "Lack of Acceptance" affirmative defense alleged in paragraph 26 of Plaintiff's Answer or any future pleading alleging an affirmative defense of lack of acceptance.

**RESPONSE:**    Plaintiff objects to this interrogatory as vague, overly broad, unduly burdensome, and not proportional to the needs of the case as it requests that Plaintiff identify all factual and legal bases for an affirmative defense. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the

Page 11 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as premature because discovery is ongoing, and Plaintiff has not received full copies of the client files from Huycke's representation of Ann Wisnovsky or Valley View Winery – which likely contain documents relevant to this interrogatory. In addition, Plaintiff objects to this interrogatory as premature to the extent it seeks support for allegations in pleadings that have not been filed.

Subject to and without waiving the foregoing objections, Plaintiff states that Ann Wisnovsky never agreed to or signed the purported agreement to allow Mark Wisnovsky, Michael Wisnovsky, and/or Valley View Winery deduct her personal bills from the rental payments owed under the Leases, nor the agreement titled "Agreement for Changes to Buildings." Both agreements were allegedly executed on March 25, 2017. However, Ann Wisnovsky was traveling out of state with Plaintiff on March 25, 2017. Consequently, Ann could not have signed the purported agreements.

**INTERROGATORY NO. 11:**      Describe the factual and legal basis for the "Lack of Consideration" affirmative defense alleged in paragraph 27 of Plaintiff's Answer or any future pleading alleging an affirmative defense of lack of consideration.

**RESPONSE:**      Plaintiff objects to this interrogatory as vague, overly broad, unduly burdensome, and not proportional to the needs of the case as it requests that Plaintiff identify all factual and legal bases for an affirmative defense. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as premature because discovery is ongoing, and Plaintiff has not received full copies of the client files from Huycke's representation of Ann Wisnovsky or Valley View Winery – which likely contain documents relevant to this

Page 12 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

interrogatory. In addition, Plaintiff objects to this interrogatory as premature to the extent it seeks support for allegations in pleadings that have not been filed.

Subject to and without waiving the foregoing objections, Plaintiff states that Defendants Mark Wisnovsky, Mike Wisnovsky, and/or Valley View Winery offered no consideration for the purported agreement with Ann Wisnovsky titled "Agreement for Changes to Buildings," nor the purported agreement to allow Mark Wisnovsky, Michael Wisnovsky, and/or Valley View Winery deduct her personal bills from the rental payments owed under the Leases.

**INTERROGATORY NO. 12:**    Describe the factual and legal basis for the "Statute of Frauds" affirmative defense alleged in paragraph 28 of Plaintiff's Answer or any future pleading alleging an affirmative defense of statute of frauds.

**RESPONSE:**    Plaintiff objects to this interrogatory as vague, overly broad, unduly burdensome, and not proportional to the needs of the case as it requests that Plaintiff identify all factual and legal bases for an affirmative defense. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as premature because discovery is ongoing, and Plaintiff has not received full copies of the client files from Huycke's representation of Ann Wisnovsky or Valley View Winery – which likely contain documents relevant to this interrogatory. In addition, Plaintiff objects to this interrogatory as premature to the extent it seeks support for allegations in pleadings that have not been filed.

Subject to and without waiving the foregoing objections, Plaintiff states that the Wisnovsky Defendants' alleged damages resulting from the alleged amendments to the Leases, including the purported agreements to allow Mark Wisnovsky, Michael Wisnovsky, and/or Valley View Winery to deduct Ann Wisnovsky's personal bills from the rental payments owed under the Leases and

Page 13 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

the agreement titled "Agreement for Changes to Buildings," were not agreed to by Ann Wisnovsky nor signed by Ann Wisnovsky. Plaintiff also incorporates by reference Plaintiff's response to Interrogatory No. 10.

**INTERROGATORY NO. 13:**    Describe the factual and legal basis for the "Waiver" affirmative defense alleged in paragraph 29 of Plaintiff's Answer or any future pleading alleging an affirmative defense of waiver.

**RESPONSE:**    Plaintiff objects to this interrogatory as vague, overly broad, unduly burdensome, and not proportional to the needs of the case as it requests that Plaintiff identify all factual and legal bases for an affirmative defense. Plaintiff also objects to this request insofar as it seeks a legal conclusion from a lay witness. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as premature because discovery is ongoing, and Plaintiff has not received full copies of the client files from Huycke's representation of Ann Wisnovsky or Valley View Winery – which likely contain documents relevant to this interrogatory. In addition, Plaintiff objects to this interrogatory as premature to the extent it seeks support for allegations in pleadings that have not been filed.

Subject to, and without waiving the foregoing objections, Plaintiff states that the Wisnovsky Defendants knowingly made rent payments in accordance with their own calculation of rent owed under the Leases.

**INTERROGATORY NO. 14:**    Identify the person(s) who drafted the Fourth Amendment to the Trust, the date(s) on which that person or those persons drafted the Fourth Amendment to the Trust, all persons who witnessed the drafting of the Fourth Amendment to the Trust, all persons who witnessed the purported signing of the Fourth Amendment to the Trust by

Page 14 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637

Ann Wisnovsky, and all persons with whom the drafter(s) of the Fourth Amendment to the Trust communicated about the Fourth Amendment to the Trust.

**RESPONSE:**    Plaintiff objects to this interrogatory as overly broad, unduly burdensome, not proportional to the needs of the case, and not limited in time. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing objections, Plaintiff states that Ann Wisnovsky dictated the terms to be included in the Fourth Amendment to the Trust to Joanne Couvrette, who typed and prepared the document at Ann's direction on or around May 30, 2019. Plaintiff further states that Ann Wisnovsky signed and executed the Fourth Amendment to the Trust before a notary, Nancy Lichtman, at a Wells Fargo Bank in San Diego, California. Plaintiff also states that Anna Maria Couvrette witnessed conversations between Ann Wisnovsky and Joanne Couvrette concerning the drafting of the Fourth Amendment and was present when Ann visited the Wells Fargo Bank branch to execute the amendment.

**INTERROGATORY NO. 15:**    Identify all persons who communicated with Ann Wisnovsky about the Fourth Amendment to the Trust prior to her alleged signing of the Fourth Amendment to the Trust and the dates on which those communications occurred, and describe the substance of those communications.

**RESPONSE:**    Plaintiff objects to this interrogatory insofar as it seeks information outside of Plaintiff's possession, custody, or control. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing objections, Plaintiff states that Ann Wisnovsky communicated with Joanne Couvrette regarding the Fourth Amendment to the Trust

Page 15 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

in May of 2019. Plaintiff further states that Ann described her plan for her estate to Joanne and stated her desire that her children be treated equally in the distributions from the estate. Plaintiff also states that Ann expressed concern that the terms of the Trust failed to accomplish this goal and requested that Joanne Couvrette assist in typing the Fourth Amendment to the Trust. Plaintiff further states that Ann directed Joanne as to the terms to be included in the amendment and supervised Joanne as she typed the Fourth Amendment on her behalf.

**INTERROGATORY NO. 16:**    Explain the basis for calculating the amount of unpaid rent allegedly owed by Valley View about which you communicated with Mike Wisnovsky and Mark Wisnovsky in August 2019, as alleged in paragraph 27 of the Wisnovsky Defendants' Answer and as admitted in paragraph 9 of Plaintiff's Answer.

**RESPONSE:**    Plaintiff objects to this interrogatory as vague as it does not identify the communication regarding unpaid rent for which Defendant Mike seeks an explanation of Plaintiff's calculations. Plaintiff further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing objections, Plaintiff refers Defendant Mike Wisnovsky to JCOUVRETTE000011.

**INTERROGATORY NO. 17:**    Identify and describe the communications you had with Robert Wisnovsky about the unpaid rent allegedly owed by Valley View and the visual inspection Robert Wisnovsky conducted at the Property, as alleged in paragraph 27 of the Wisnovsky Defendants' Answer.

**RESPONSE:**    Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case as it requests descriptions of all communications between Plaintiff and Robert Wisnovsky regarding unpaid rent owed by Valley View Winery.

Page 16 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637

Plaintiff further objects to this interrogatory as it is not limited as to time. Plaintiff also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this interrogatory as it contains multiple subparts.

Subject to, and without waiving the foregoing objections, Plaintiff states that she was informed by Robert Wisnovsky that he performed an inspection of the property to measure the acreage in use by the Wisnovsky Defendants. Plaintiff further states that Robert Wisnovsky reported that he rented a rolling measurement device to measure the acreage, and he notified the Wisnovsky Defendants of his inspection prior to his arrival. Plaintiff also states that Robert Wisnovsky disclosed that he wore protective clothing at the request of the Wisnovsky Defendants when inspecting the property.

DATED this 7th day of February, 2022.

RICHARDSON WRIGHT LLP

By: _s/ Elizabeth Graves_
Bonnie M. Richardson, OSB No. 983331
bonnie@richardsonwright.com
Joseph L. Franco, OSB No. 073913
joe@richardsonwright.com
Elizabeth A. Graves, OSB No. 193644
elizabeth@richardsonwright.com
Attorneys for Plaintiff

Trial Attorney:  Bonnie Richardson

Page 17 – PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S
FIRST SET OF INTERROGATORIES

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2022, I caused to be served a copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL J. WISNOVSKY'S FIRST SET OF INTERROGATORIES on the following person in the manner indicated below at the following address:

Bernard S. Moore
Frohnmayer Deatherage
2592 E. Barnett Rd.
Medford, OR 97504
moore@fdfirm.com
*Attorney for Defendant Patrick Huycke*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St Ste B
Grants Pass OR  97526
jdole@wlrlaw.com
*Attorney for Defendants Michael Wisnovsky and Mark Wisnovsky*

Gregory Lusby
Arnold Gallagher PC
800 Willamette St Ste 800
PO Box 1758
Eugene OR  97440
glusby@arnoldgallagher.com
*Attorney Defendant Jarvis, Dreyer, Glatte & Larsen, LLP*

Brooks Foster
Bradley Crittenden
Chenoweth Law Group PC
510 SW 5th Avenue, 4th Floor
Portland, OR 97204
bfoster@chenowethlaw.com
bcrittenden@chenowethlaw.com
*Attorney for Defendants Michael Wisnovsky and Mark Wisnovsky*

☐ by **CM/ECF**

☒ by **Electronic Mail**

☐ by **US Postal Service**

☐ by **Hand Delivery**

☐ by **Overnight Delivery**

By  *s/ Elizabeth Graves*
Elizabeth A. Graves, OSB No. 193644
elizabeth@richardsonwright.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**