UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Medford Division

JOANNE COUVRETTE, as trustee )
of the Ann M. Wisnovsky )
Trust; and WISNOVSKY LAND, )   Case No.
LLC, )   1:21-CV00157-CL
)
        Plaintiffs, )
)
    vs )
)
MARK A. WISNOVSKY, an )
individual; MICHAEL J. )
WISNOVSKY, an individual; )
PATRICK HUYCKE, an )
individual; VALLEY VIEW )
WINERY, INC., an Oregon )
corporation; JARVIS, DREYER, )
GLATTE & LARSEN, LLP, an )
Oregon partnership, fka )
Huycke O'Connor Jarvis, LLP, )
)
        Defendants. )

DEPOSITION OF JOANNE COUVRETTE

Taken in behalf of the Defendants

December 6, 2022

I N D E X

Examinations                                                    Page

EXAMINATION BY MR. FOSTER:                                        11

                            Exhibits

No.      Description                          Page      Line

1050   Joanne Wisnovsky signature              45       11

 501   Valley View Winery Stock                45       16

       Transfers, JCOUVRETTE002581

 502   Email, 14 Mar 2008,                     59       18

       JCOUVRETTE004857-4861

 503   Email, 14 Mar 2008,                     72       5

       JCOUVRETTE004863-4867

 504   Memorandum, Feb. 13, 2008,              74       21

       HUYCKE_000421-424

 505   Letter, March 14, 2008,                 75       9

       JCOUVRETTE004862

 506   Letter, March 14, 2008,                 79       8

       HUYCKE_00470

 507   Email, 30 Mar2008,                      80       3

       JCOUVRETTE004868-4869

 508   Email, 31 Mar 2008,                     82       5

       JCOUVRETTE004870-4883

| 509 | Email, 31 Mar 2008, JCOUVRETTE004887 | 83 | 12 |
| 1023 | General Power of Attorney, HUYCKE_000442-449 | 87 | 24 |
| 511 | Email Report, 7/31/2012, JCOUVRETTE0001190 | 90 | 25 |
| 512 | Inter Vivos Revocable Trust, JCOUVRETTE000052-86 | 91 | 22 |
| 513 | Last Will of Ann M. Wisnovsky, JCOUVRETTE000090-94 | 96 | 7 |
| 516 | Email, 14 Feb 2014, JCOUVRETTE002638-2640 | 98 | 7 |
| 517 | Email, March 10, 2014, JCOUVRETTE001163 | 99 | 18 |
| 519 | Note Report, 3/13/2014, JCOUVRETTE001160 | 100 | 23 |
| 518 | Invoice, 3/31/2014, THIEROLF 000135 | 104 | 10 |
| 520 | Email, 26 Jun 2014, JCOUVRETE009930 | 105 | 12 |
| 521 | Email, 10 Feb 2015, JCOUVRETTE002579-2581 | 106 | 13 |
| 522 | Email, 24 Feb 2015, JCOUVRETTE002546-2548 | 107 | 25 |
| 523 | Email, April 6, 2015, | 111 | 10 |

|  |  |  |  |
|---|---|---|---|
|  | VALLEYVIEW_001800 |  |  |
| 526 | Email, 06 May 2015, | 112 | 2 |
|  | VALLEYVIEW_001768-1775 |  |  |
| 533 | Email, 31 Mar 2016, | 115 | 1 |
|  | JCOUVRETTE002675-2676 |  |  |
| 540 | Email, 1 Apr 2016, | 116 | 5 |
|  | JCOUVRETTE002682-2683 |  |  |
| 534 | Letter, March 31, 2016, | 118 | 16 |
|  | VALLEYVIEW_001828-1829 |  |  |
| 535 | Article of Organizaiton, Mar 30, | 121 | 8 |
|  | 2016 (No Bates Number) |  |  |
| 538 | Addendum to and Assignment by | 122 | 7 |
|  | Landlord Vineyard Lease, |  |  |
|  | VALLEYVIEW_001866-1868 |  |  |
| 541 | Email, 1 Apr 2016, | 122 | 23 |
|  | JCOUVRETTE002684-2686 |  |  |
| 542 | Email, 5 Apr 2016, | 124 | 12 |
|  | JCOUVRETTE002582-2584 |  |  |
| 543 | Email, 13 Apr 2016, | 125 | 4 |
|  | JCOUVRETTE004932 |  |  |
| 530 | Winery Lease, | 129 | 25 |
|  | VALLEYVIEW_001345-1361 |  |  |
| 531 | Vineyard Lease, | 131 | 19 |
|  | VALLEYVIEW_001382-1398 |  |  |
| 544 | Email 13 Aug 2016, | 152 | 15 |

|      |                                                         |     |    |
|------|---------------------------------------------------------|-----|----|
|      | JCOUVRETTE002522                                        |     |    |
| 546  | Email, 8/16/2016, JCOUVRETTE000985-986                  | 153 | 9  |
| 547  | Email, 16 Aug 2016, JCOUVRETTE002585-2626               | 156 | 23 |
| 548  | Memorandum, August 16, 2016, JCOUVRETTE000217-218       | 163 | 18 |
| 549  | Email, 30 Aug 2016, VALLEYVIEW_001755-1758              | 169 | 1  |
| 555  | Email, 03 Mar 2017, VALLEYVIEW_001776-1781             | 176 | 8  |
| 557  | Email, 07 Nov 2017, VALLEYVIEW_001723-1725             | 186 | 3  |
| 559  | Durable Power of Attorney of Ann Marie Wisnovsky, JCOUVRETTE005126-5135 | 187 | 12 |
| 1018 | Handwritten note, 5/30/19, JCOUVRETTE006067            | 193 | 4  |
| 562  | Oregon Advance Directive of Ann Wisnovsky, JCOUVRETTE006224-6231 | 195 | 10 |
| 560  | Fourth Amendment to Inter Vivos Revocable Trust, JCOUVRETTE002457-2458 | 197 | 6  |
| 561  | Email, May 31, 2019, JCOUVRETTE000784-785              | 220 | 13 |

564   Fifth Amendment to the Ann M.       222   9
      Wisnovsky Trust,
      JCOUVRETTE002452-2456
563   Letter, June 6, 2019,              223   9
      JCOUVRETTE004991
566   Email, 19 Jun 2019,                230   24
      VALLEYVIEW_001276


Requested Information              Page    Line


Instruction By Counsel            Page    Line
(INSTRUCTION-BY-COUNSEL)            40       8
(INSTRUCTION-BY-COUNSEL)            40      18

Q.   You agreed those were concerns she should have, correct?

A.   I had concerns about them, but I didn't bring it up.  When my -- my mother -- it's a tricky line with somebody in her age group.  She wants autonomy, she wants to be, you know, seen as a person who can do all of this.

And when she came to me of her own volition, and to my daughter, that's when we did what she asked us.  And we found out the information so that, you know, she could move forward and make sure that her wishes were actually what was going to happen with her estate.

Q.   As of May 17, 2019, had you observed any evidence that your mother was having diminished memory?

A.   Since May 17?

Q.   As of May 17, 2019, as of that date, had you observed any signs that your mother was suffering from diminished memory?

A.   Okay.  You mean on May 17 or before?

Q.   Yes, exactly.

A.   Sometimes she would repeat herself.

Q.   Any other signs that you observed?

Huycke's file, correct?

A.   Yes.   The file was really big.

Q.   And that informed your drafting of Exhibit 560, correct?

A.   Yes.   I told -- yes.   Well, it informed my mother.

Q.   How did it inform your mother?

A.   She -- she wanted to make sure that Bob would get stock.   She was very adamant about that.   And she was adamant about her -- divide the estate equally, and Bob getting stock.   And I was -- you know, I said I -- you know, I'm not really sure how we divide the estate equally anymore, but -- and the stock seemed to have been sold or gone.   So then in lieu of that, she made other changes.

So her -- her initial concern was Bob getting stock.   And it appeared by the documents that that was, you know, a fait accompli, to an extent, what we knew at the time, that stock certificates I don't even think were in the file. And she, you know, wanted to see what the -- you know, who -- how it was divided.   And this is what she decided to do.

Q.   Do I correctly understand Ann did not

200

recall whether she retained any stock in Valley View Winery, Inc., as of May 31, 2019?

A. She -- she didn't have -- I mean, she -- she didn't have a specific memory of how that happened.

Q. That being the transfer of her shares of the stock of the corporation?

A. Yeah. She -- she just felt very bad. She -- it was a lot about Bob.

Q. What else do you remember about your conversations with Ann on May 31, 2019, that led to the drafting of the fourth trust amendment?

A. We were going to be flying on that day, and in case the plane crashed, she said, she wanted to have this done.

Q. When Ann was in San Diego with you, did you take care of her, in May 2019?

A. Take care of her in what way?

Q. Well, the ordinary way we take care of people, like providing food, shelter, emotional support, things like that.

A. Well, she cooked a lot, actually, as she usually did. But the shelter was provided by me.

Q. Was Ann capable of traveling on her own without your assistance?

234

                    C E R T I F I C A T E

          I, Chris Villano Iba, a Certified

Shorthand Reporter of the State of Oregon, do

hereby certify that JOANNE COUVRETTE personally

appeared before me at the time and place

mentioned in the caption herein; that the witness

was first duly sworn on oath, and examined upon

oral interrogatories propounded by counsel; that

said examination, together with the testimony of

said witness, was taken down by me in stenotype

and thereafter reduced to print; and that the

foregoing transcript, Pages 1 to 234, inclusive,

constitutes a full, true and accurate record of

said examination of and testimony by said

witness, and of all other oral proceedings had

during the taking of said proceedings, and of the

whole thereof.

          Witness my hand and seal as Certified

Shorthand Reporter at Portland, Oregon, this 3rd

day of January, 2023.

                              Chris Villano Iba
                              Certified Shorthand Reporter
                              Certificate No. 90-0062
                              Expires September 30, 2024