THIRD AMENDMENT
TO
INTER VIVOS REVOCABLE TRUST
THE ANN M. WISNOVSKY TRUST

I, ANN M. WISNOVSKY, am the Grantor and Trustee under that certain Inter Vivos Revocable Trust, dated August 2, 2012, establishing THE ANN M. WISNOVSKY TRUST. On March 14, 2016, I executed a First Amendment to said trust. On February 23, 2017, I executed a Second Amendment to said trust. This Third Amendment supercedes the First Amendment and the Second Amendment, which shall be of no further force or effect. I hereby amend the said trust as follows:

The provisions of Section 3.3B are revoked in their entirety, and in lieu thereof, the following provisions shall be substituted:

"B. The Trustee shall make the following additional specific distributions:

i) The trust estate includes a 100% membership interest in Wisnovsky Land, LLC, an Oregon limited liability company ("Wisnovsky Land"). Grantor and Wisnovsky Land, LLC, have entered into a Redemption Agreement that creates a binding commitment for the redemption of one-half of the trust's membership interest in Wisnovsky Land. The purchase price for the redemption of such membership interest shall be paid pursuant to a promissory note in the amount of $200,000.00, $240,000.00 or $280,000.00, depending on the number of legal parcels in the real property owned by Wisnovsky Land on the date of closing of the redemption. The promissory note will be secured by a trust deed that will encumber the real property owned by Wisnovsky Land. The Trustee is directed to consummate the transaction described in the Redemption Agreement. The trust's remaining membership interest in Wisnovsky Land shall be divided into shares as follows: fifty percent (50%) for MARK A. WISNOVSKY; and fifty percent (50%) for MICHAEL J. WISNOVSKY. The shares as so established shall be distributed to the respective beneficiaries for which the shares are created. The Trustee shall distribute to each of JOANNE COUVRETTE and ROBERT F. WISNOVSKY an undivided one-half interest in



No. 556
Date Turner
3/9/23
CC Reporting

JCOUVRETTE001897

the promissory note and trust deed described in this Section 3.3B, which are to be executed and delivered pursuant to the Redemption Agreement.

ii) If the trust estate includes the following described real property (the "Home"), the Trustee shall have the Home appraised by an appraiser in Medford, Oregon, who shall be selected by the Trustee. Following receipt of the appraisal, the Trustee shall mail a copy thereof to ROBERT F. WISNOVSKY, and he shall have the sole and exclusive option ("Option") to purchase an undivided one-half interest in the Home in the manner and for the price stated herein. The "Term" of the Option shall commence on the date the Trustee mails a copy of the appraisal to ROBERT W. WISNOVSKY and shall expire 120 days thereafter. The Option shall be exercised, if at all, by written notice (the "Exercise Notice") given by ROBERT W. WISNOVSKY to the Trustee at any time during the Term. The "Purchase Price" shall be the 95% of one-half of the appraised value of the Home, as determined by the appraiser. The purchase price for the Home shall be paid in cash. Closing of the sale and purchase (the "Closing") shall occur on a date (the "Closing Date") selected by ROBERT W. WISNOVSKY, but in all events the Closing shall occur within 90 days after the date that the Exercise Notice is given. The Trustee and ROBERT W. WISNOVSKY shall each pay one-half of the escrow fee of the title company with respect to the Closing. The Trustee shall pay the premium for an owner's title insurance policy that the Trustee shall cause to be provided to ROBERT W. WISNOVSKY. ROBERT W. WISNOVSKY shall pay the fee for recording the deed described below. One-half of the real property taxes and assessments payable with respect to the tax year in which Closing occurs shall be prorated between the Trustee and ROBERT W. WISNOVSKY as of the Closing Date. At the Closing, the Trustee shall execute, acknowledge, and deliver to ROBERT W. WISNOVSKY a Statutory Warranty Deed conveying the undivided one-half interest in the Home to ROBERT W. WISNOVSKY, subject only to taxes for the current tax year and easements and restrictions not materially affecting title. If ROBERT W. WISNOVSKY purchases the undivided one-half interest in the Home, the Trustee shall distribute to him the remaining undivided one-half interest in the Home, subject to real property taxes and assessments payable with respect to the tax year in which Closing occurs, and no other monetary liens, and the Trustee shall distribute to JOANNE COUVRETTE all of the net proceeds of the sale of the undivided one-half interest in the Home. If ROBERT

2  - Third Amendment to Inter Vivos Revocable Trust

JCOUVRETTE001898

W. WISNOVSKY does not purchase the undivided one-half interest in the Home, the Home shall be distributed to JOANNE COUVRETTE and ROBERT F. WISNOVSKY, in equal shares.

Real property commonly known as 1352 Applegate Road, in the County of Jackson, State of Oregon, described as follows:

COMMENCING AT THE SOUTHEAST CORNER OF SECTION 33, TOWNSHIP 38 SOUTH, RANGE 3 WEST OF THE WILLAMETTE MERIDIAN, JACKSON COUNTY, OREGON; THENCE NORTH 39° 48' 33" EAST 2122.16 FEET TO A 5/8" IRON PIN ON THE WESTERLY RIGHT OF WAY BOUNDARY OF APPLEGATE ROAD, SAID PIN BEING 30.00 FEET RIGHT OF ENGINEER'S CENTERLINE STATION PT 69+35.8; THENCE ALONG SAID WESTERLY RIGHT OF WAY BOUNDARY, ALONG THE ARC OF A 1939.86 FOOT RADIUS CURVE TO THE RIGHT (THE LONG CHORD TO WHICH BEARS NORTH 3° 51' 13" WEST 264.58 FEET) A DISTANCE OF 264.79 FEET TO A 5/8" IRON PIN, FOR THE TRUE POINT OF BEGINNING.; THENCE, LEAVING SAID RIGHT OF WAY BOUNDARY, SOUTH 89° 43' 32" WEST 83.26 FEET TO A 5/8" IRON PIN; THENCE NORTH 75° 39' 31" WEST 110.87 FEET TO A 5/8" IRON PIN; THENCE NORTH 65° 12' 52" WEST 77.57 FEET TO A 5/8" IRON PIN; THENCE NORTH 5° 34' 09" WEST 80.64 FEET TO A 5/8" IRON PIN; THENCE NORTH 86° 01' 00" WEST 127.25 FEET TO A 5/8" IRON PIN; THENCE NORTH 3° 00' 09" WEST 37.24 FEET TO A 5/8" IRON PIN; THENCE NORTH 34° 08' 21" WEST 87.37 FEET TO A 5/8" IRON PIN; THENCE SOUTH 87° 40' 11" WEST 71.86 FEET TO A 5/8" IRON PIN; THENCE SOUTH 2° 30' 32" EAST 129.86 FEET TO A 5/8" IRON PIN WITNESS MONUMENT; THENCE CONTINUING SOUTH 2° 30' 32" EAST 10.73 FEET TO THE CENTERLINE OF THE FARMER'S DITCH (IRRIGATION); THENCE ALONG THE CENTERLINE OF SAID IRRIGATION DITCH, ALONG THE ARC OF A 70.00 FOOT RADIUS CURVE TO THE RIGHT (THE LONG CHORD TO WHICH BEARS SOUTH 59° 03' 39" WEST 11.40 FEET) A DISTANCE OF 11.41 FEET; THENCE SOUTH 63° 43' 55" WEST 1.04 FEET; THENCE ALONG THE ARC OF A 20.00 FOOT RADIUS CURVE TO THE LEFT (THE LONG CHORD TO WHICH BEARS SOUTH 38° 32' 36" WEST 17.02 FEET) A DISTANCE OF 17.59 FEET; THENCE SOUTH 13° 21' 18" WEST 31.90 FEET; THENCE ALONG THE ARC OF A 60.00 FOOT RADIUS CURVE TO THE LEFT (THE LONG CHORD TO WHICH BEARS SOUTH 18° 29' 32" EAST 63.32 FEET) A DISTANCE OF 66.70 FEET; THENCE SOUTH 50° 20' 23" EAST 51.96 FEET; THENCE ALONG THE ARC OF A 22.00 FOOT RADIUS CURVE TO THE RIGHT (THE LONG CHORD TO WHICH BEARS SOUTH 2° 59' 16" WEST 35.29 FEET) A DISTANCE OF 40.95 FEET; THENCE SOUTH 56° 18' 55" WEST 70.70 FEET; THENCE ALONG THE ARC OF A 22.00 FOOT RADIUS CURVE TO THE LEFT (THE LONG CHORD TO WHICH BEARS SOUTH 42° 24' 35" WEST

3  - Third Amendment to Inter Vivos Revocable Trust

JCOUVRETTE001899

10.57 FEET) A DISTANCE OF 10.68 FEET TO A POINT ON THE NORTHERLY BOUNDARY OF THAT LANE REFERRED TO AS THE SOUTH BOUNDARY OF THAT PARCEL DESCRIBED IN DOCUMENT NO. 78-08539 OFFICIAL RECORDS OF JACKSON COUNTY, OREGON; THENCE, LEAVING SAID IRRIGATION DITCH CENTERLINE FOLLOWING ALONG THE NORTHERLY BOUNDARY OF SAID LANE, SOUTH 87° 33' 02" EAST 21.12 FEET TO A 5/8" IRON PIN; THENCE NORTH 88° 21' 48" EAST 109.22 FEET TO A 5/8" IRON PIN ; THENCE SOUTH 84° 56' 41" EAST 56.34 FEET TO A 5/8" IRON PIN ; THENCE ALONG THE ARC OF A 460.00 FOOT RADIUS CURVE TO THE LEFT (THE LONG CHORD TO WHICH BEARS NORTH 81° 05' 40" EAST 221.96 FEET ) A DISTANCE OF 224.17 FEET TO A 5/8" IRON PIN; THENCE NORTH 67° 08' 01" EAST 137.72 FEET TO A 5/8" IRON PIN; THENCE NORTH 89° 17' 20" EAST 16.48 FEET TO A 5/8" IRON PIN ON THE WESTERLY RIGHT OF WAY BOUNDARY OF APPLEGATE ROAD; THENCE ALONG SAID WESTERLY RIGHT OF WAY BOUNDARY, ALONG THE ARC OF A 1939.86 FOOT RADIUS CURVE TO THE RIGHT (THE LONG CHORD TO WHICH NORTH 00° 19' 38" WEST 26.00 FEET) A DISTANCE OF 26.00 FEET TO THE POINT OF BEGINNING.

TAX LOTS: 200, 201 AND 1800.

NOTE: This Legal Description was created prior to January 01, 2008."

The provisions of Section 3.3C are revoked in their entirety, and in lieu thereof, the following provisions shall be substituted:

"C. If the trust estate includes the Home at the time of Grantor's death, the rest, residue and remainder of this trust shall be divided into shares as follows: twenty-five percent (25%) for JOANNE COUVRETTE; twenty-five percent (25%) for ROBERT F. WISNOVSKY; twenty-five percent (25%) for MARK A. WISNOVSKY; and twenty-five percent (25%) for MICHAEL J. WISNOVSKY. If the trust estate does not include the Home at the time of Grantor's death, the rest, residue and remainder of this trust shall be divided into shares as follows: thirty-five percent (35%) for JOANNE COUVRETTE; thirty-five percent (35%) for ROBERT F. WISNOVSKY; fifteen percent (15%) for MARK A. WISNOVSKY; and fifteen percent (15%) for MICHAEL J. WISNOVSKY. The shares as so established shall be distributed to the respective beneficiaries for which the shares are created."

4 - Third Amendment to Inter Vivos Revocable Trust

JCOUVRETTE001900

JOANNE COUVRETTE is removed as a Co-Trustee of the Trust. Grantor shall continue to serve as the sole Trustee of the Trust.

The provisions of Section 9.1 are revoked in their entirety, and in lieu thereof, the following provisions shall be substituted:

"9.1 Successor Trustee. In the event ANN M. WISNOVSKY shall die, resign, or become incapacitated, or cease to act as Trustee for any reason whatsoever, GEORGE WISNOVSKY is appointed as Trustee with full powers of the Trustee. In the event GEORGE WISNOVSKY shall die, resign, or become incapacitated, or cease to act as Trustee for any reason whatsoever, STEPHEN WISNOVSKY is appointed as Trustee with full powers of the Trustee. In the event STEPHEN WISNOVSKY shall die, resign, or become incapacitated, or cease to act as Trustee for any reason whatsoever, U.S. BANK, N.A., is appointed as Trustee with full powers of the Trustee."

As amended by this Third Amendment to Inter Vivos Revocable Trust, I hereby ratify and affirm the Inter Vivos Revocable Trust, dated August 2, 2012.

IN WITNESS WHEREOF, this Third Amendment to Inter Vivos Revocable Trust is executed on the 28 day of July , 2017.

_____
ANN M. WISNOVSKY
                    "Grantor"

_____
ANN M. WISNOVSKY
                    "Trustee"

5  - Third Amendment to Inter Vivos Revocable Trust

JCOUVRETTE001901