**Brooks M. Foster, OSB No. 042873**
Email: bfoster@northwestlaw.com
**Bradley T. Crittenden, OSB No. 173274**
Email: bcrittenden@chenowethlaw.com
Chenoweth Law Group, P.C.
510 SW Fifth Avenue, Fifth Floor
Portland, OR 97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

**James R. Dole, OSB No. 892272**
Email: jdole@wlrlaw.com
Watkinson Laird Rubenstein, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282

Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP, <br><br> Defendants. | Case No. 1:21-CV-00157-CL <br><br><br> **DECLARATION OF MARK WISNOVSKY (APR. 4, 2025)** |

Page 1 – DECLARATION OF MARK WISNOVSKY (APR. 4, 2025)

Document Ref: WPFGB-KUQQ5-SEJWR-NTF8J

I, Mark Wisnovsky, declare as follows:

1.    I am over the age of 18 and competent to testify as follows.  I make this declaration based on my personal knowledge and in support of the response to Plaintiffs' motion for summary judgment filed by the Wisnovsky Defendants, who are my brother Michael J. ("Mike") Wisnovsky, our company Valley View Winery, Inc., and me, and also to supplement my January 31, 2025 declaration filed in support of the Wisnovsky Defendants' motion for partial summary judgment.  This declaration uses many of the same defined terms that I used in my January 31, 2025 declaration.

2.    When Ann signed the Leases she was represented by her long-time attorney Pat Hucyke.  She owned and controlled the leased property as Trustee of her own Trust and had all of the bargaining power in the world.  Mike and I, on the other hand, were Ann's sons, had no attorney, and had recently received majority ownership of Valley View from Ann.  She had employed us at Valley View for years, and it had no lease for the Valley View Property where it operated.  Ann could have dictated whatever lease terms she wanted from Valley View, especially if she had signed the lease by herself before giving Mike and I her majority interest in the company.  Even after she gifted us her shares, she could have sold the Valley View Property without a lease in place or she could have offered it for lease to others and did not have to offer Valley View a lease at all.  Mike and I were in an inferior, not superior bargaining position.

3.    Before and at the time Ann entered into the Leases, she was familiar with Valley View's books and finances and knew what Valley View could and could not afford to pay, in terms of rent.  After entering into the Leases, Ann remained the property owner and could have sold the property, but I am not aware of her ever listing it.

Page 2 - DECLARATION OF MARK WISNOVSKY (APR. 4, 2025)

Document Ref: WPFGB-KUQQ5-SEJWR-NTF8J

4.      When Mike and I began hemp cultivation at the leased property, we had no contractual obligation to cultivate hemp there.  We assumed the financial risk of doing so only after entering into the Second Vineyard Addendum.

5.      When  Ann signed the Second Trust Amendment, Wisnovsky Land owned the Valley View Property, which it still owns today.

6.      Ann's Third Trust Amendment of July 28, 2017, removed Couvrette from her position as co-trustee but kept her, one of Ann's four children, as a beneficiary.  A true and correct copy of the Third Trust Amendment is attached as Exhibit 556.  I previously introduced the Third Trust Amendment as an exhibit to my January 31, 2025 declaration, but it was missing the last page.  This copy is complete.

7.      The Fourth Trust Amendment purported to effectuate an unexplained change in Ann's attitude towards Mike and I, for whom she had long expressed affection.  Mike and I enjoyed a close relationship with Ann until Couvrette sequestered her in San Diego and refused to allow her to return to Oregon after July 2019.  The Fourth Trust Amendment also purported to effect a change in Ann's testamentary plan so that it would ignore Mike and I, who are natural objects of her bounty, and to disregard the continuity of purpose running through her former estate planning documents, which made preservation of the winery and vineyard a priority.

8.      The Third Trust Amendment and prior estate plans provided for meaningful distributions to each of Ann's children, including Mike and I.  The Fourth Trust Amendment provided only for distributions to Couvrette and Robert.  Considering the devotion Mike and I had exhibited to Ann's life's work and legacy that was the Valley View winery and vineyard, the Fourth Trust Amendment that purported to leave Ann's estate entirely to Couvrette and Robert was an unnatural or unjust gift.

Page 3 – DECLARATION OF MARK WISNOVSKY (APR. 4, 2025)

Document Ref: WPFGB-KUQQ5-SEJWR-NTF8J

9. Ann was highly susceptible to influence when she signed the Fourth Trust Amendment. She was living with Couvrette and therefore dependent on her, and she was also depending on Couvrette to help her return to Oregon, which she was scheduled to do on the very same day she signed the Fourth Trust Amendment.

10. Ann signed, in my presence and the presence of witness Bruce Gieg, who had worked for Valley View for years and was close friends with Ann, the June 20, 2019 *Notice of Improvement to Winery and Vineyard Lease* between Valley View and Wisnovsky Land that documented Ann's consent for Valley View to install a 4,800 square-foot building for farm and winery uses, i.e., the PreFab Building. A true copy of this document is attached as Exhibit 567.

11. Valley View relied on its expectation that Wisnovsky Land would allow it to erect the PreFab Building by negotiating with JB Steel in June 2019 to construct the PreFab Building for approximately $170,000. Structural Solutions, Inc. submitted a Structural Calculation Package to JB Steel in preparation for installing the PreFab Building on July 19, 2019. A building permit application was submitted to the county in June 2019, and work was slated to begin on August 3, 2019. The hemp harvest was scheduled for the first week of September 2019, which meant the PreFab Building needed to be completed by July 31, 2019. In mid-July 2019, Third Generation Farms and Valley View were on schedule to use the PreFab Building to dry and process hemp in 2019 and subsequent harvests.

12. On July 26, 2019, I went to pick up the finalized building permit at the Jackson County planning office, but when I arrived I saw Couvrette's personal attorney (Dick Thierolf) speaking with a county planner. Soon thereafter, I was informed that the permit could not be granted because Wisnovsky Land did not consent to it. That was a misrepresentation because Ann had already consented to it and Ann had never authorized Couvrette in writing to prevent

Page 4 - DECLARATION OF MARK WISNOVSKY (APR. 4, 2025)

Document Ref: WPFGB-KUQQ5-SEJWR-NTF8J

construction of the PreFab Building. The Trust required such written authorization before Couvrette could act on behalf of the Trust. By early August 2019, the equipment to install the PreFab Building had been removed from the property because Couvrette and Wisnovsky Land had prevented the building permit from being issued. Because Valley View, Mike, and I were unable to obtain the permits, Third Generation Farms was forced to dry its hemp off-site and incurred substantial losses as a result.

13.     When Couvrette and Wisnovsky Land prevented construction of the PreFab Building, Valley View reasonably mitigated its losses by selling the building to a third party at a loss of $16,000 and spending about $78,000 to lease other spaces to store wine. Interference with the PreFab Building forced Third Generation Farms to dry and process some of its 2019 hemp harvest at third-party and temporary off-site facilities, at a cost of about $310,000. Without the PreFab Building, Third Generation Farms lacked adequate drying space and was required to purchase hemp flower from third parties to fulfill existing contracts, at a cost of about $110,000.

14.     Third Generation Farms cultivated and harvested hemp at the Valley View Property in 2017, 2018, 2019, and 2020, and wanted to do so again in 2021. This required renewal of its Oregon Department of Agriculture ("ODA") hemp license. Third Generation Farms applied for the license in March 2021, but ODA did not grant it and never refunded the $750 application fee.

15.     I later learned that Couvrette had applied to ODA in January 2021 for it to grant Wisnovsky Land a hemp license for the Valley View Property. Attached as Exhibit 665 is a true and correct copy of that license application. ODA granted Wisnovsky Land's application for a

Page 5 - DECLARATION OF MARK WISNOVSKY (APR. 4, 2025)

Document Ref: WPFGB-KUQQ5-SEJWR-NTF8J

2021 hemp license for the Valley View Property.  Attached as Exhibit 988 is a true and correct copy of that license.

16.    Emails between Couvrette and ODA on January 28, 2021, show that Couvrette wrote: "I represent the owner, Wisnovsky Land LLC.  We will not permit any other permits on our property this year."  Attached as Exhibit 668 is a true and correct copy of those January 28, 2021 emails and attachments.

17.    Because Third Generation Farms could not obtain a 2021 ODA hemp license it was unable to grow hemp in 2021 and the Trust lost approximately $30,000 in rental income in 2021 that it would have received if Third Generation Farms had been able to obtain a hemp license.

18.    Couvrette renewed Wisnovsky Land's hemp license in 2022, again preventing Third Generation Farms from obtaining a license to grow hemp at the Valley View Property. This resulted in the Trust losing about another $30,000 in rental income in 2022 that it would have received if Third Generation Farms had been able to obtain a hemp license.

19.    Couvrette and Wisnovsky Land's prevention of Third Generation Farms from cultivating hemp in 2021 and 2022 caused Third Generation Farms to suffer even greater losses than from their prevention of the PreFab Building from being erected.  Couvrette and Wisnovsky Land's conduct caused Third Generation Farms to be unable to earn any profits, whereas it had been extremely profitable in prior years.  I estimate Third Generation Farms lost about $1,000,000 in profits because of Couvrette's interference that prevented it from cultivating hemp.

20.    Despite obtaining ODA hemp licenses in 2021 and 2022, Wisnovsky Land has never grown hemp at the Valley View Property; nor have Joanne, Robert, the Trust, or any of

Page 6 – DECLARATION OF MARK WISNOVSKY (APR. 4, 2025)

Document Ref: WPFGB-KUQQ5-SEJWR-NTF8J

their business entities. Thus, Couvrette misrepresented to ODA in her hemp license application that Wisnovsky Land would cultivate and harvest hemp on the Valley View property.

21.    Third Generation Farms has never been party to this case, so it assigned its claims to Valley View on April 8, 2022. Attached as Exhibit 1301 is a true and correct copy of an *Assignment of Claims* between Third Generation Farms and Valley View whereby Third Generation Farms assigned to Valley View "any and all legal or equitable claims or rights to payment or other legal or equitable remedies that [Third Generation Farms] may have against Wisnovsky Land, the Trust, or any of their respective principals, trustees, members, agents, employees, or affiliates, that arise from or in connection with or that relate to the Vineyard lease or [Third Generation Farm's] sub-lease[.]"

22.    I believe Ann back-dated the 2017 Payment Agreement to March 25, 2017, because that is the date printed on the *Agreement for Changes to Buildings*, which I saw her sign in April 2017 at the same time as the 2017 Payment Agreement.

23.    Between 2016 and 2019, Valley View, Mark, and I overpaid rent for the Valley View Property by more than $70,000. We are seeking to recover from Wisnovsky Land the overpaid rent in this lawsuit. These amounts are shown in Plaintiffs' Exhibit 20 to ECF 142-1 filed in support of Plaintiffs motion for summary judgment, which is a spreadsheet I personally prepared to track rent payments. That spreadsheet also shows amounts paid pursuant to the Second Vineyard Addendum specifically for hemp operations on additional acreage authorized by that agreement. Those hemp-specific payments included $7,378 in 2017, $32,120 in 2018, $42,240 in 2019, and $42,240 in 2020, for a total of $123,978.

Page 7 - DECLARATION OF MARK WISNOVSKY (APR. 4, 2025)

Document Ref: WPFGB-KUQQ5-SEJWR-NTF8J

24.     On November 29, 2023, Couvrette, purporting to act on behalf of Wisnovsky Land, delivered default notices for the winery and vineyard Leases to Valley View alleging non-payment of property taxes.

25.     On November 30, 2023, I used the Jackson County Tax Assessor's internet payment portal to make payments of $6,840.54 and $473.62 for Valley View's alleged share of 2022–2023 property taxes as Wisnovsky Land demanded.

26.     On December 4, 2023, Couvrette sent an email to Valley View's legal counsel Jim Dole, thanking Valley View for paying the property taxes as she had demanded.  Attached as Exhibit 1302 is a true and correct copy of Couvrette's December 4, 2023 email.

27.     On or about December 28, 2023, however, the County mailed Couvrette a statement informing her that the County had rejected or reversed Valley View's November 30, 2023 property tax payments because the County had been allegedly unable to draw the funds from the bank account number Valley View had provided to the County.  Couvrette did not inform Valley View of the County's notice and instead paid the County $6,863.43, which the County applied to the $6,840.54 in property taxes that were due and owing for the 2022–2023 tax year.

28.     On January 25, 2024, Couvrette caused attorney Tim Murphy to deliver two lease termination notices to Valley View, dated January 23, 2024, that stated Valley View was in default for failure to pay 2022–2023 property taxes and purported to terminate the Leases.

29.     On January 26, 2024, I mailed a check for $6,840.54 to Couvrette to cover Valley View's alleged share of the 2022–2023 property taxes for the property Valley View leases from Wisnovsky Land.  I included with that payment a letter explaining that until Valley View

Page 8 – DECLARATION OF MARK WISNOVSKY (APR. 4, 2025)

Document Ref: WPFGB-KUQQ5-SEJWR-NTF8J

received the lease termination notices, Valley View was unaware that the County had not accepted Valley View's property tax payments.  Couvrette did not deposit that check.

30.    Valley View had adequate funds in its bank accounts to cover the tax payments I sent to the County.  The payments must have been rejected or reversed because of an error committed by the County or its third-party payment service provider.

31.    Had Couvrette not tortiously interfered with Mike's and my inheritance and caused Ann's Trust to breach the inheritance contract, Mike and I would have already been the owners of Wisnovsky Land and the Valley View Property when the property tax payment was rejected or reversed, and Couvrette would not have been able to issue the notices of termination.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THAT IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

DATED: April 4, 2025

_Mark Wisnovsky_
_____
Mark Wisnovsky

Page 9 - DECLARATION OF MARK WISNOVSKY (APR. 4, 2025)

Document Ref: WPFGB-KUQQ5-SEJWR-NTF8J

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I caused to be served a copy of the foregoing **DECLARATION OF MARK WISNOVSKY (APR. 4, 2025)** on the following person(s) in the manner indicated below:

Stephen M. Brigandi
3624 Caminito Cielo Del Mar
San Diego, CA 92130
Brigandilaw@gmail.com

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette, Wisnovsky Land LLC, and Michelle Sullivan*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com

*Attorney for Defendant Mark Wisnovsky, Michael Wisnovsky and Valley View Winery*

Timothy Murphy
Murphy Law Group, PC
333 NE Russell St., Ste. 200
Portland, OR 97212
tim@oregonlandlord.net

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette, Wisnovsky Land LLC, and Michelle Sullivan*

by the following method(s):

 xx　　　　by **emailing** a full, true and correct copy thereof to the parties at the email addresses shown above, which are the last-known email addresses of the parties, on the date set forth below.

xx　　　　by **e-service via CM/ECF** on the date set forth below.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for perjury.

DATED: April 4, 2025

　　　　　　　　　　　　　　　　　　　　 */s/ Jami Asay*
　　　　　　　　　　　　　　　　　　　　Jami Asay, Paralegal

**Page 1 - CERTIFICATE OF SERVICE**

Document Ref: WPFGB-KUQQ5-SEJWR-NTF8J

# CERTIFICATE *of* SIGNATURE

**REF. NUMBER**
WPFGB-KUQQ5-SEJWR-NTF8J

DOCUMENT COMPLETED BY ALL PARTIES ON
**05 APR 2025 03:40:28 UTC**

| **SIGNER** | **TIMESTAMP** | **SIGNATURE** |
|---|---|---|

**MARK WISNOVSKY**

EMAIL
MARKAWISNOVSKY@GMAIL.COM

SENT
**05 APR 2025 03:28:01 UTC**

VIEWED
**05 APR 2025 03:32:59 UTC**

SIGNED
**05 APR 2025 03:40:28 UTC**

*Mark Wisnovsky*

IP ADDRESS
**75.142.157.148**

LOCATION
**JACKSONVILLE, UNITED STATES**

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
**05 APR 2025 03:32:59 UTC**

Signed with PandaDoc

