**Sandra S. Gustitus, OSB No. 143298**
Email: sgustitus@chenowethlaw.com
**Bradley T. Crittenden, OSB No. 173274**
Email: bcrittenden@chenowethlaw.com
Chenoweth Law Group, P.C.
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

**James R. Dole, OSB No. 892272**
Email: jdole@wlrlaw.com
Watkinson Laird Rubenstein, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282

Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC, | Case No. 1:21-CV-00157-CL |
| Plaintiffs, | |
| v. | **WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP, | |
| Defendants. | |

Page i -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................1

II.   PLAINTIFFS' MULTIPLE RULE VIOLATIONS...........................................4

III.  EVIDENTIARY ISSUES.....................................................................................9

    A.    Plaintiffs' Exhibits 1–8, 10–13, 19, 21, 27, 30, 31, and 32–61 Presented with Their Response Are Inadmissible Because They Are Not Authenticated ..............9

    B.    Plaintiffs' Expert Appraisal Report (Exhibit 9) Is Inadmissible............................11

        *1.    Plaintiffs Failed to Show the Appraisal Report Is a Business Record Pursuant to Rule 803(6)* ...............................................................................13

        *2.    Plaintiffs' Discovery Responses and Privilege Log Further Establish the Inadmissibility of Their Undisclosed Expert Appraisal Report* .................18

    C.    Plaintiffs' Exhibits 29, 42, and 45 Are Inadmissible Hearsay ...............................23

    D.    Plaintiffs' Exhibits 42 and 45 Are Inadmissible Because Plaintiffs Never Produced Them by the Expert Disclosure Deadline, the Close of Discovery, or the Close of Fact Discovery ...............................................................................................23

IV.   LEGAL ARGUMENT .......................................................................................24

    A.    The Elder Abuse Claim Must Be Dismissed as a Matter of Law and Undisputed Fact...........................................................................................................................24

        *1.    The Leases Did Not Constitute a Taking* ...................................................24

        *2.    Ann Ratified the Leases*..............................................................................26

        *3.    The Elder Abuse Claim Was Waived* .........................................................30

        *4.    Sullivan Is Estopped from Asserting the Elder Abuse Claim*.....................32

5.  *Plaintiffs Have No Admissible Evidence of Diminution in Property Value* ..................................................................................................34

6.  *Plaintiffs' Equitable Tolling and Statute of Limitations Arguments Are Irrelevant*..................................................................................................35

B.  The Declaratory Judmgent Claim Regarding the Leases Must Be Dismissed as a Matter of Law and Undisputed Fact for Similar Reasons Supporting Dismissal of the Elder Financial Abuse Claim ..........................................................................36

C.  The Declaratory Judgment Claim Regarding the Leases Must Be Dismissed as a Matter of Law and Undisputed Fact Because It Is Barred by the Statute of Limitations .................................................................................................................38

D.  The Elder Financial Abuse Claim Regarding the Gifts of Stock Must Be Dismissed as a Matter of Law and Undisputed Fact..............................................40

E.  The Unjust Enrichment Claim Must Be Dismissed as a Matter of Law and Undisputed Fact ........................................................................................................41

F.  The Counterclaim for Specific Performance of the Inheritance Contract Must Be Granted as a Matter of Law and Undisputed Fact ................................................42

1.  *The Inheritance Contract Is Manifested by the Amended Agreement to Make Payments, Second Trust Amendment, and Other Documents Signed by Ann, and Does Not Depend on the Redemption Agreement*..................43

2.  *The Inheritance Contract Was Irrevocable as a Matter of Law* ................45

3.  *The Inheritance Contract Was Supported by Consideration* .....................45

4.  *Plaintiffs' Unpled Theory of Undue Influence Creates No Genuine Issues of Material Fact* ........................................................................................46

G.      The Inheritance Contract Provides Additional Grounds for Dismissing Sullivan's Claim That the Leases Constitute Elder Abuse and Plaintiffs' Declaratory Judgment Claim Seeking to Avoid the Leases .......................................................48

H.      The Wisnovsky Defendants Are Entitled to an Award of Attorney Fees Against Plaintiffs, Including Couvrette Personally...........................................................49

CONCLUSION...............................................................................................................53

# TABLE OF AUTHORITIES

## CASES

*Alvarez v. Coleman*, 642 So. 2d 361 (Miss. 1994) ...................................................................45

*Atkeson v. T&K Lands, LLC*, 258 Or. App. 373 (2013) .................................................31, 39, 40

*Bates v. Bankers Life & Cas. Co.*, 848 F.3d 1236 (9th Cir. 2017) ..............................27, 28, 29

*Bernard v. S.B., Inc.*, 270 Or. App. 710 (2015) ........................................................................26

*Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179 (9th Cir. 1988) ............................1, 10, 23

*Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044 (9th Cir. 1995) .......................1, 40, 41, 42

*Bodenhamer v. Patterson*, 278 Or. 367 (1977) .........................................................................51

*Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920 (9th Cir. 1987).........................................10

*Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156 (9th Cir. 1992)...............................................21

*Church v. Woods*, 190 Or. App. 112 (2003) ..........................................................12, 17, 25, 47

*Coos County v. State of Oregon*, 303 Or. 173 (1987)..........................................................33, 34

*Cristobal v. Siegel*, 26 F.3d 1488 (9th Cir. 1994)....................................................................10

*Cunningham v. State Farm Fire & Cas. Co.*, 647 F. Supp. 3d 985 (D. Or. 2022) ....................1

*De Amaral v. Goldsmith & Hull*, No. 12-cv-03580-WHO, 2014 WL 572268 (N.D. Cal. Feb. 11, 2014) ..................................................................................................................................22

*Florey v. Meeker*, 194 Or. 257 (1952) .....................................................................................45

*Gardner v. Oregon Health Sciences University*, 299 Or. App. 280 (2019)............................33

*Gaston v. Parsons*, 318 Or. 247 (1994) .............................................................................35, 36

*Giulio v. BV CenterCal, LLC*, No. 3:09-cv-482-AC, 2011 WL 3860497 (D. Or. Aug. 10, 2011) ........................................................................................................................................10

*Goldingay v. Progressive Insurance Company*, 306 F. Supp. 3d 1259 (D. Or. 2018) ......24, 25

*Grant v. City of Long Beach*, 96 F.4th 1255 (9th Cir. 2024).....................................................8

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542 (9th Cir. 1989) .........10

*Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684 (9th Cir. 1976) ....................................10

*Hudson v. Peavey Oil Co.*, 279 Or. 3 (1977) ........................................................34

*Jones v. Travelers Casualty Insurance Co. of Am.*, 304 F.R.D. 677 (N.D. Cal. Feb. 5, 2015) ....................................................................................................................22

*Kozyra v. Jackman*, 60 Mich. App. 7 (1975) ............................................................45

*Lemley v. Lemley*, 221 Or. App. 172 (2008) ......................................................27, 28

*Murphy v. Allstate Ins. Co.*, 251 Or. App. 316 (2012)................................................39

*Neel v. Lee*, 316 Or. App. 159 (2021).............................................................17, 47

*Newell v. Weston*, 150 Or App 462 (1997) ..........................................................34

*Orr v. Bank of Am., NT & SA*, 285 F.3d 764 (9th Cir. 2002)..............................2, 9, 10

*Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963 (9th Cir. 2006) ................................46, 47

*Porras v. Bass*, 63 Or. App. 832 (1983) ............................................................26

*State v. Cain*, 260 Or. App. 626 (2014) ............................................................15

*Stevens v. Bispham*, 316 Or. 221 (1993) ............................................................38

*Thomas v. Clark County School District Police Dept.*, No. 2:13-cv-01743-RFB-VCF, 2017 WL 1128596 (D. Nev. Mar. 24, 2017) ................................................................10

*Thomas v. Pangburn*, No. CV423-046, 2023 WL 9425765 (S.D. Ga. Oct. 6, 2023), *report and recommendation adopted*, 2024 WL 329947 (S.D. Ga. Jan. 29, 2024)................................8

*United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991)........................................21, 22

*United States v. Hayes*, No. 2:24-cr-0280-DJC, 2025 WL 235531 (E.D. Cal. Jan. 17, 2025) ....................................................................................................................7, 8

*University of Washington v. Singh*, No. 2:24-cv-00899-MJP, 2024 WL 4315178 (W.D. Wash. Sept. 26, 2024)................................................................................7

*Vasquez-Lopez v. Beneficial Oregon, Inc.*, 210 Or. App. 553 (2007) ..................................30

*Waterway Terminals Co. v. P.S. Lord*, 242 Or. 1 (1965)............................................37

*Worley v. Lewis*, 338 Or. App. 344 (2025) ......................................................27, 29

## STATUTES

28 U.S.C. § 1927.................................................................................................7

Or. Rev. Stat. § 12.110......................................................................................35

Or. Rev. Stat. § 20.105......................................................................................29

Or. Rev. Stat. § 20.083..................................................................................51, 52

Or. Rev. Stat. § 124.110............................................................................... *passim*

Or. Rev. Stat. § 130.845......................................................................................50

## FEDERAL RULES

Fed. R. App. P. 28...............................................................................................8

Fed. R. Civ. P. 11.........................................................................................6, 7, 8

Fed. R. Civ. P. 26..............................................................................................11

Fed. R. Civ. P. 37..............................................................................................22

Fed. R. Civ. P. 54....................................................................................50, 53, 54

Fed. R. Civ. P. 56..............................................................................................10

Fed. R. Evid. 101 ..............................................................................................15

Fed. R. Evid. 803 ..........................................................................................13, 14

Fed. R. Evid. 901 ....................................................................................................10

Fed. R. Evid. 902 .............................................................................................13, 14

LR 7-2 ...................................................................................................................4

LR 10-1 .................................................................................................................4

LR 10-3 ............................................................................................................5, 48

LR 56-1 .................................................................................................................5

LR 83-7 .........................................................................................................5, 6, 7

Defendants Mark Wisnovsky ("Mark"), Michael Wisnovsky ("Mike") and Valley View Winery, Inc. ("Valley View") (collectively, "Wisnovsky Defendants") submit this reply in support of their *Motion for Partial Summary Judgment* (ECF 143).

This reply is supported by the portions of the court record cited below and the *Declaration of Bradley T. Crittenden (May 2, 2025)* ("Crittenden Decl.") with Exhibits 1 and 2, filed herewith. For the reasons set forth below, the Court should grant the Wisnovsky Defendants' motion.

## I.     INTRODUCTION

The Wisnovsky Defendants moved for partial summary judgment dismissing the three claims against them (elder financial abuse, declaratory judgment, and unjust enrichment), granting their counterclaim for specific performance of the inheritance contract, and holding Plaintiffs, including Couvrette personally, liable for their reasonable attorney fees pursuant to the Leases and Amended Agreement to Make Payments.

Plaintiffs' response contends "the record is replete with factual disagreements that go to the heart of the case and must be resolved by the trier of fact." ECF 155 at 1. A mere factual disagreement, however, does not defeat a motion for summary judgment. It was Plaintiffs' burden to "designate specific facts showing that there is a genuine issue for trial." *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1048 (9th Cir. 1995) (internal quotations omitted). To do this, they were required to cite *admissible* evidence. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). They were also required to show such evidence is *material*, meaning it "may affect the outcome of the case under the applicable law." *Cunningham v. State Farm Fire & Cas. Co.*, 647 F. Supp. 3d 985, 989 (D. Or. 2022). And they were required to cite the specific parts of the record supporting their factual assertions because Ninth Circuit law holds

Page 1 -     WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

that courts "need not paw over the files without assistance from the parties." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 776 (9th Cir. 2002). Plaintiffs' response abjectly fails in these tasks.

Even before deciding the merits, however, this Court must decide what to do about Plaintiffs' numerous misleading citations. These include citations to seven non-existent cases as well as misrepresentations to the Court that a particular case supports a particular rule or that a particular case name appears at a particular reporter page and volume. Other courts in this era of artificial intelligence have decisively punished such abuses of the legal process by striking filings and dismissing a party's claims and defenses. This Court should grant the Wisnovsky Defendants' motion on this ground alone. It would also be within this Court's discretion to strike Plaintiffs' entire pleading and render judgment in favor of the Wisnovsky Defendants on all of their defenses and counterclaims. This would be a just consequence of Plaintiffs' decision to pepper their response with imaginary citations—far more than could be excused as an isolated human error.

The Wisnovsky Defendants' motion should also be granted on the merits. Plaintiffs' response brief references 61 exhibits in a footnote. ECF 155 at 6 fn. 1. Plaintiffs' arguments appear to cite 21 of those exhibits. ECF 155 at 13–15, 21, 23, 24, 26–30. Of those, 15 are unauthenticated and inadmissible for the reasons discussed below. The only exhibits cited in Plaintiffs' arguments that should not be excluded for lack of authentication are Exhibits 9, 14, 15, 26, 29, and 32. Of those, Exhibits 9 and 29 are inadmissible hearsay, and Exhibit 15 is an inadmissible settlement communication. ECF 160 at 18–20. Exhibit 9 is also inadmissible because Plaintiffs failed to produce it during fact or expert discovery and made no expert disclosure. That leaves Plaintiffs' Exhibits 14, 26, and 32 as the only documentary exhibits cited in Plaintiffs' response arguments that are possibly admissible. Those 2019 emails, 2017 plane

Page 2 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
             SUMMARY JUDGMENT

tickets, and 2007 stock transfer documents create no genuine issue of material fact about any of the claims on which the Wisnovsky Defendants are moving for summary judgment.

The Wisnovsky Defendants' motion showed that Sullivan's elder abuse claim regarding the Leases must be dismissed because the Leases did not constitute a taking, Ann ratified the Leases, the claim was waived, Sullivan is estopped from asserting it, and Plaintiffs have no admissible evidence of diminished property value (the alleged harm). ECF 143 at 26:16–40:12. It showed that Plaintiffs' declaratory judgment claim to invalidate the Leases must be dismissed for similar reasons and because it is barred by the applicable statute of limitations. *Id.* at 40:13–43:9. It showed that Plaintiffs' claim that Ann's gifts of stock constituted elder abuse must be dismissed because Ann ratified and affirmed them, the claim was waived, and Sullivan is estopped from asserting it. *Id.* at 43:10–45:9. It showed that Plaintiffs' unjust enrichment claim must be dismissed because it is already addressed in contracts and Plaintiffs have no right to any of the sub-lease benefits that are the subject of the claim. *Id.* at 51:23–55:10. It showed the Wisnovsky Defendants are entitled to specific performance of their inheritance contract because Ann agreed Mark and Mike would inherit Wisnovsky Land and its valuable property if they entered into the Amended Agreement to Make Payments, which they did. *Id.* at 45:10–51:5. Finally, it showed the Wisnovsky Defendants are entitled to an award of attorney fees against Plaintiffs, including Couvrette personally, pursuant to the attorney fee provisions in the Leases and Amended Agreement to Make Payments. *Id.* at 55:11–57:11.

As a matter of law and undisputed fact, the Wisnovsky Defendants are entitled to the summary judgment they seek. Plaintiffs' response fails to show otherwise. The Wisnovsky Defendants' motion relies on numerous agreements and other documents signed by Ann and prepared by her own attorney, Patrick Huycke, as well as Ann's acceptance of the benefits of

Page 3 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
            SUMMARY JUDGMENT

those agreements.  Plaintiffs have not shown that Huycke abused Ann, acted unconscionably, or exerted undue influence when he represented Ann in entering into the Leases and other documents, and they have not shown that the Wisnovsky Defendants acted in any of those alleged ways either.  Ann was competent and represented by Huycke through 2017, and during that time she entered into the Leases, gave her stock to Mark and Mike, and entered into the inheritance contract with them.  It was not until Ann's memory was failing and she became vulnerable that Couvrette took control of her life and Trust and, after having Ann deemed incompetent in August 2020, filed the present lawsuit in January 2021.

This is not a case about a daughter trying to help her mother financially, as her mother passed away in March 2023.  This case is about Couvrette's vendetta against her brothers Mark and Mike, her desire to hurt them financially, and her desire to extract as much money as she can from her mother's estate, even if it means selling off her mother's legacy and depriving Mark and Mike of the rightful inheritance of the historical Valley View Winery and vineyard where, at their mother's wishes and in proximity to her home, they have devoted their lives to carrying on Ann's legacy.

For the reasons discussed herein and in the Wisnovsky Defendants' motion, they are entitled to the partial summary judgment they seek.

## II.    PLAINTIFFS' MULTIPLE RULE VIOLATIONS

Plaintiffs' motion for summary judgment (ECF 142) and response to the Wisnovsky Defendants' motion for partial summary judgment (ECF 155) contain well over a dozen violations of the Local Rules and the Federal Rules of Civil Procedure, perhaps the most egregious of which is their combined citation to nine non-existent cases.  The Wisnovsky Defendants' response already showed how Plaintiffs' motion violates Local Rules 7-2(b), 10-

1(e)(2), 10-3(a), and 56-1 in numerous ways.  ECF 160 at 14–16.  Plaintiffs' response has grossly compounded the number and gravity of rule violations, and, for the reasons stated below, the Court should strike their motion and response, and/or dismiss their claims with prejudice.

Local Rule 83-7 requires that "Every attorney admitted to general or special practice . . . must: (a) Be familiar and comply with the Oregon Rules of Professional Conduct and this Court's Statement of Professionalism."  LR 83-7.  Rule 3.3(a) of the Oregon Rules of Professional Conduct states, "A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."  Similarly, the Court's Statement of Professionalism "applies to all attorneys admitted to practice before the bar of this Court" and states those attorneys "will not knowingly misstate facts or law."[1]

Here, Plaintiffs' motion and response violate those three rules because they cite the following nine cases that appear not to exist: *State ex rel. Dept. of Transp. v. Douglas*, 295 Or. 674 (1983); *Bancorp Leasing & Fin. Corp. v. Agresta*, 320 Or. 377 (1994); *Neel v. Lee*, 240 Or. App. 70 (2010); *Mitchell v. Sch. Dist. No. 40*, 164 Or. App. 294 (1999); *Huffman v. Alexander*, 197 Or. App. 283 (2005); *Barnes v. Euster*, 233 Or. 155 (1962); *Pac.orp* [*sic*] *v. Henne*, 314 Or. 511 (1992); *In re Estate of McCarty*, 308 Or. 220, 779 P.2d 984 (1989); and *Matter of Estate of Holt*, 757 F.2d 159 (1986).  ECF 142 at 28, 33; ECF 155 at 2, 16, 17, 21, 31.

Plaintiffs cite those non-existent cases as stating Oregon law on which the Court should rely to decide the parties' dispositive motions.  Plaintiffs therefore make false statements of law.  And given that Plaintiffs cite *nine* non-existent cases, it is highly likely that Plaintiffs

---

[1] *General Guidelines 1.9*, Statement of Professionalism and Notice of Rule 83-6, https://www.ord.uscourts.gov/index.php/attorneys/statement-of-professionalism (last visited Apr. 30, 2025).

Page 5 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
             SUMMARY JUDGMENT

intentionally relied on artificial intelligence to do their legal research, thus leading to the conclusion that Plaintiffs knowingly misstated the law, in violation of LR 83-7, ORPC 3.3(a), and the Court's Statement of Professionalism.

Making matters worse, Plaintiffs violated those rules after having been expressly warned by the Court's December 16, 2024 *Opinion and Order* that "[n]oncompliance with Local Rules is not something this Court takes lightly, and further noncompliance may result in denial or dismissal of this case." ECF 137 at 4 (underline added).

Plaintiffs' blatant rule-flouting conduct shows that either they do not believe the Local Rules apply to them and therefore do not take seriously the Court's warning, or they do not believe the Court has the courage to act on its warning, enforce the rules, and hold Plaintiffs accountable for their violations. Plaintiffs' conduct warrants a strong, decisive response from the Court that includes striking Plaintiffs' motion and response, and/or dismissing their claims with prejudice, just as the Court previously warned it would do in response to Plaintiffs' further noncompliance with the Local Rules.

Alternatively, even if the Court had not already warned Plaintiffs that their noncompliance with the Local Rules may result in dismissal of their claims, it would be appropriate for the Court to take the decisive response requested above as a sanction for Plaintiffs' violation of LR 83-7 and Rule 11(b), which provides in relevant part,

> "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . .

Page 6 -     WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

(2) the claims, defenses, and other legal contentions are warranted <u>by existing law</u> or by a nonfrivolous argument for extending, modifying, or reversing <u>existing law</u> . . . ."

Fed. R. Civ. P. 11(b) (underline added).

Rule 11(c)(3) allows the Court, on its own initiative, to "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Rule 11(c)(1) provides, "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

In recent years federal courts across the country have issued show cause orders and sanctioned parties and their attorneys who cite non-existent case law and misrepresent legal authorities to the court in violation of Rule 11(b) and local rules such as LR 83-7.

In *University of Washington v. Singh*, the Western District of Washington, on its own initiative, ordered the defendant's attorney to show cause "why they should not be sanctioned pursuant to Rule 11(c), 28 U.S.C. § 1927, and the inherent powers of the Court"[2] for citing <u>one</u> non-existent case and misstating the law in a motion to stay. No. 2:24-cv-00899-MJP, 2024 WL 4315178, at *5 (W.D. Wash. Sept. 26, 2024).

In *United States v. Hayes*, the Eastern District of California, on its own initiative, ordered a show-cause hearing and awarded monetary sanctions against an attorney for citing <u>one</u> non-existent case and misrepresenting the law in violation of Rule 11(b) and a local rule similar to

---

[2] 28 U.S.C. § 1927 provides, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

LR 83-7 that requires compliance with rules of professional conduct mandating candor before the tribunal. No. 2:24-cr-0280-DJC, 2025 WL 235531, at *13–15 (E.D. Cal. Jan. 17, 2025).

Federal courts have also struck filings and dismissed complaints and appeals as sanctions for citing non-existent cases in violation of Rule 11(b) and similar appellate procedural rules.

In *Grant v. City of Long Beach*, the Ninth Circuit struck the appellants' opening brief and dismissed the appeal because they cited <u>two</u> non-existent cases and misrepresented the facts and holdings of existing cases. 96 F.4th 1255, 1257 (9th Cir. 2024) (violating Fed. R. App. P. 28(a)(8)(A), which requires citation to authorities supporting appellant's contentions and reasons for them).

In *Thomas v. Pangburn*, the Southern District of Georgia granted the defendant's motion to dismiss the plaintiff's complaint and, on alternative grounds, ordered dismissal with prejudice as a Rule 11 sanction for citing <u>10</u> non-existent cases in a court filing. No. CV423-046, 2023 WL 9425765, at *5–7 (S.D. Ga. Oct. 6, 2023), *report and recommendation adopted*, 2024 WL 329947, at *1 (S.D. Ga. Jan. 29, 2024).

Similar to the plaintiff in *Thomas* and far worse than the rule-violating parties in *Singh*, *Hayes*, and *Grant*, Plaintiffs' motion and response cite nine non-existent cases as providing legal authority for the Court to deny the Wisnovsky Defendants' motion for partial summary judgment and grant Plaintiffs' motion for summary judgment. That conduct plainly violates Rule 11(b) and should not be tolerated to any degree, especially after Plaintiffs were warned that noncompliance with the Local Rules may result in dismissal of their claims. Plaintiffs' conduct warrants the sanction of striking Plaintiffs' motion and response, and/or dismissing their claims with prejudice.

Page 8 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

### III.    EVIDENTIARY ISSUES

**A.    Plaintiffs' Exhibits 1–8, 10–13, 19, 21, 27, 30, 31, and 32–61 Presented with Their Response Are Inadmissible Because They Are Not Authenticated.**

Plaintiffs filed Exhibits 1–8, 10–13, 19, 21, 27, 30, and 31 in support of their motion for summary judgment. ECF 142-1. Plaintiffs filed them again when they filed their response, which admits, "Not all exhibits are cited in this brief," but purports to include them "for completeness and judicial economy." ECF 155 at 6 fn. 1. The Wisnovsky Defendants' response to Plaintiffs' motion for summary judgment showed that Plaintiffs' Exhibits 1–8, 10–13, 19, 21, 27, 30, and 31 are inadmissible because they are not authenticated. ECF 160 at 16–18. The Wisnovsky Defendants incorporate those arguments here. Nothing in Plaintiffs' response and the supporting declarations of Couvrette and Sophia Wisnovsky cure Plaintiffs' previous failure to authenticate the exhibits in question. Plaintiffs' Exhibits 1–8, 10–13, 19, 21, 27, 30, and 31 are inadmissible.

Plaintiffs filed their Exhibits 32 through 61 for the first time with their response. ECF 159. These exhibits are likewise inadmissible because they are not authenticated as required by the Federal Rules of Civil Procedure, Federal Rules of Evidence, and controlling Ninth Circuit case law. In *Orr*, the Ninth Circuit held:

> "A trial court can only consider admissible evidence in ruling on a motion for summary judgment. Authentication is a 'condition precedent to admissibility,' and this condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.' We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment.
>
> "In a summary judgment motion, documents authenticated through personal knowledge must be 'attached to an affidavit that meets the requirements of [Fed. R. Civ. P.] 56(e) and the affiant must be a

Page 9 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

person through whom the exhibits could be admitted into evidence.'"

*Orr*, 285 F.3d at 773–78 (affirming trial court's exclusion of plaintiff's exhibits filed in support of summary judgment motion because they were not properly authenticated) (citing Fed. R. Civ. P. 56(e); Fed. R. Evid. 901(a)).

As discussed in the Wisnovsky Defendants' response to Plaintiffs' motion, *Beyene* was a Ninth Circuit case in which the defendant tried but failed to authenticate exhibits it presented in support of its motion because it presented no testimony of a declarant with "personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery." ECF 160 at 17 (citing *Beyene*, 854 F.2d at 1181–83).

The authentication requirement is not limited to exhibits offered in support of a motion for summary judgment and applies equally to exhibits offered in opposition to a motion for summary judgment. *See Giulio v. BV CenterCal, LLC*, No. 3:09-cv-482-AC, 2011 WL 3860497, at *1 (D. Or. Aug. 10, 2011) ("The evidence presented in support of or in opposition to a motion for summary judgment must be based on personal knowledge, properly authenticated, and admissible under the Federal Rules of Evidence."). In *Thomas v. Clark County School District Police Dept.*, the District of Nevada applied *Orr* to reject unauthenticated documents the plaintiffs filed in opposition to a motion for summary judgment because the plaintiffs failed to show they had personal knowledge of the documents. No. 2:13-cv-01743-RFB-VCF, 2017 WL 1128596, at *1 (D. Nev. Mar. 24, 2017).

Like the plaintiffs in *Thomas* and the defendants in *Beyene*, Plaintiffs have failed to authenticate their Exhibits 1–8, 10–13, 19, 21, 27, 30, 31, and 32 through 61. They presented no declaration testimony attempting to authenticate any of those documents. None of the

Page 10 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

documents was presented as an attachment to a declaration. None of those documents was the subject of declaration testimony filed by Plaintiffs attesting to personal knowledge that the documents were what Plaintiffs claimed them to be. None of their declarations include the usual statements a declarant makes to authenticate an exhibit.[3] All Plaintiffs' did was file declarations that include a few abbreviated citations referencing some of the exhibits, which is no substitute for testimony authenticating them. The Court should therefore exclude Exhibits 1–8, 10–13, 19, 21, 27, 30, 31, and 32 through 61 for purposes of deciding the parties' motions for summary judgment.

**B.        Plaintiffs' Expert Appraisal Report (Exhibit 9) Is Inadmissible.**

Plaintiffs' response relies heavily on the expert appraisal report they refer to as "Exhibit 9" and "the Powell Banz Appraisal." *See, e.g.*, ECF 155 at 5, 6, 13–18, 20–22. The Wisnovsky Defendants' motion argued there is no admissible evidence of diminished property value, a subject of expert testimony required to support Sullivan's elder abuse claim, because Plaintiffs made no Rule 26(a) expert disclosure and it is too late for them to change that decision. ECF 143 at 39:1–40:12. Plaintiffs' response attempts to excuse this by characterizing their expert appraisal report as a "business record" of Plaintiff Wisnovsky Land. *E.g.*, ECF 155 at 15. The response goes so far as to assert the appraisal "was admitted" into evidence "as a business record." *Id.* No such thing has happened because the Court has made no evidentiary rulings regarding the parties' summary judgment filings, nor has it ever decided the admissibility of Plaintiffs' appraisal report.

---

[3]  Such language appears throughout the declaration of Mark Wisnovsky filed in support of the Wisnovsky Defendants' motion. *E.g.*, 146 ¶¶ 8, 11, 19, 24, 31, 43, 52, 57.

Page 11 -     WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
              SUMMARY JUDGMENT

The Wisnovsky Defendants' response to Plaintiffs' motion for summary judgment argued the Court should exclude Plaintiffs' Exhibit 9 because it is inadmissible hearsay and/or it is an expert opinion Plaintiffs did not produce by the expert disclosure deadline or before the close of expert discovery. ECF 160 at 18–19, 20–23. The Wisnovsky Defendants incorporate those arguments by reference here. For those reasons and the additional reasons presented below, the Court should exclude Exhibit 9 for purposes of deciding the parties' motions for summary judgment.

Exhibit 9 is an appraisal report prepared by Katherine Powell Banz and London Fergus of Powell Banz Valuation, LLC ("appraisal report") that purports to state the value of the Valley View Property as of November 4, 2020. ECF 158 at 70–87. Plaintiffs' response to the Wisnovsky Defendants' motion for partial summary judgment states the appraisal report evidences the diminished property value that forms the basis of Sullivan's claim for elder financial abuse. ECF 155 at 15–18. Plaintiffs argue the appraisal report is a "business record of Wisnovsky Land" that "was not obtained in anticipation of litigation" but was instead "commissioned by Joanne Couvrette in her capacity as Manager of Wisnovsky Land and Trustee of the Trust in the Fall of 2020 to assess the fair market value of the property and lease agreements for business administration purposes." *Id.* at 15–17 (citing *State ex rel. Dept. of Transp. v. Douglas*, 295 Or. 674 (1983); *Bancorp Leasing & Fin. Corp. v. Agresta*, 320 Or. 377 (1994); *State v. Cain*, 260 Or. App. 626 (2014); *Neel v. Lee*, 240 Or. App. 70 (2010); *Church v. Woods*, 190 Or. App. 112 (2003); *Mitchell v. Sch. Dist. No. 40*, 164 Or. App. 294 (1999)).

The cases Plaintiffs cite in support of the foregoing argument either do not exist or they concern Oregon evidence law, not the Federal Rules of Evidence that govern the admissibility of the appraisal report, and are distinguishable and inapposite. Plaintiffs did not make a prima facie

Page 12 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
             SUMMARY JUDGMENT

showing of the predicate facts required for the report to be admissible under the business record exception to the hearsay rule. Their argument that the report was not obtained in anticipation of litigation is a sham contradicted by their own discovery responses and privilege logs. The report is inadmissible.

### 1. Plaintiffs Failed to Show the Appraisal Report Is a Business Record Pursuant to Rule 803(6).

The "business record" exception to the hearsay rule provides that the following records of a regularly conducted activity "are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:"

> "A record of an act, event, condition, opinion, or diagnosis **if**:
>
> "(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> "(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> "(C) making the record was a regular practice of that activity;
>
> "(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; **and**
>
> "(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness."

Fed. R. Evid. 803(6) (bold added). Rule 902(11) and (12) state the following documents are "self-authenticating" and "require no extrinsic evidence of authenticity in order to be admitted:"

> "(11) *Certified Domestic Records of a Regularly Conducted Activity*. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party

Page 13 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.

"(12) *Certified Foreign Records of a Regularly Conducted Activity*.  In a civil case, the original or a copy of a foreign record that meets the requirements of Rule 902(11), modified as follows: the certification, rather than complying with a federal statute or Supreme Court rule, must be signed in a manner that, if falsely made, would subject the maker to a criminal penalty in the country where the certification is signed.  The proponent must also meet the notice requirements of Rule 902(11)."

Fed. R. Evid. 902(11), (12) (bold omitted; italics in original).

In support of Plaintiffs' response, Plaintiffs filed the *Declaration of Joanne Couvrette* (ECF 156) in which she testified as follows regarding the appraisal:

"In 2020, I obtained appraisals on Trust and LLC property, including the Wisnovsky Land, LLC property under lease to Valley View Winery.  I specifically requested an appraisal of the property subject to the lease, to determine whether it was viable for sale.  The Powell-Banz Appraisal, Exhibit 9, was obtained through the normal course of business and is submitted as a business record of Wisnovsky Land, LLC."

ECF 156 at 26:11–15.

Couvrette's testimony satisfies none of the factual elements enumerated in subsections (A) through (D) of Rule 803(6) quoted above.  There is no evidence the appraisal report "was made at or near the time by—or from information transmitted by—someone with knowledge"; nor that the appraisal report "was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling"; nor that making the appraisal report "was a regular practice of that activity[.]"  There is no evidence that any of "these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification[.]"

Page 14 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs completely failed to make the requisite showing to except the appraisal report from the rule against hearsay. The appraisal report is inadmissible hearsay.

Plaintiffs' reliance on Oregon case law is misplaced and has no bearing on the admissibility of the appraisal report, which is governed by the Federal Rules of Evidence that "apply to proceedings in United States courts." Fed. R. Evid. 101(a).

Plaintiffs cite *State v. Cain*, 260 Or. App. 626 (2014), in support of the proposition that "records made in regular business operations are admissible." ECF 155 at 2, 16. The evidence at issue in *Cain* was a summary of a business's quarterly reports created by a government fraud investigator. *Cain*, 260 Or. App. at 629. The defendant argued the summary contained hearsay from a non-party business organization. The court held the summary was a business record under OEC 803(6) because there was evidence the hearsay information the state received from the non-party business was created and maintained in the non-party business's ordinary course of business and "was transmitted [to the state] in the [non-party business's] ordinary course of business and pursuant to" mandatory reporting requirements of state law. *Id.* at 634–35. The hearsay information was reliable because the state, in the ordinary course of its business, maintained and relied upon the type of hearsay information provided by the non-party business. *Id.* at 636. Thus, the hearsay information qualified as a business record.

*Cain* is inapplicable because it concerns state evidentiary law, not federal law, and its facts are unlike the present case. Even if OEC 803(6) applied here, Plaintiffs provided no evidence showing the appraisal report satisfies any of the elements of OEC 803(6).

Many other cases cited in Plaintiffs' response do not appear to exist. Plaintiffs cite *Mitchell v. Sch. Dist. No. 40*, 164 Or. App. 294, 991 P.2d 1069 (1999), in support of the proposition that "appraisals prepared for business purposes are admissible." ECF 155 at 2, 16.

Page 15 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
                  SUMMARY JUDGMENT

*Mitchell* does not appear to exist. "164 Or. App. 294" is where *Barrington ex rel. Barrington v. Sandberg* is located. "991 P.2d 1069" is a page of *State v. Lavert*, which begins at 991 P.2d 1067. Neither *Barrington* nor *Lavert* concern appraisals or the business record exception. Westlaw and Google searches suggest there is no Oregon case known as *Mitchell v. School District No. 40*.

Plaintiffs rely on *State ex rel. Dept. of Transp. v. Douglas*, 295 Or. 674 , 669 P.2d 777 (1983), for the proposition "that appraisals used in business transactions are admissible as factual records rather than expert opinions." ECF 155 at 2, 16–17. *Douglas* does not appear to exist. "295 Or. 674" is where *Clark v. Paulus* is located. "669 P.2d 777" is a page within *State ex rel. Oklahoma Bar Assn. v. Harlton*, which is an Oklahoma Supreme Court case. Neither *Clark* nor *Harlton* concern appraisals or the business record exception. There does not appear to be an Oregon case known as *State ex rel. Dept. of Transp. v. Douglas*. There is a Georgia Court of Appeals breach-of-contract case known as *State of Ga., Dept. of Transp. v. Douglas Asphalt Co.*, 295 Ga. App. 421, 671 S.E.2d 899 (2009), but it does not concern "appraisals used in business transactions."

Plaintiffs rely on *Bancorp Leasing & Fin. Corp. v. Agresta*, 320 Or. 377, 886 P.2d 1321 (1994), for the proposition "that valuation records routinely used for financial decision-making do not fall under the stricter scrutiny of expert testimony under OEC 702." ECF 155 at 17. *Bancorp Leasing & Fin. Corp. v. Agresta* does not appear to exist. "320 Or. 377" is a page within *Matter of Marriage of Barrett*, which is at 320 Or. 372. "886 P.2d 1321" is a page within *State v. Buza*, which is at 886 P.2d 1318. Neither *Barrett* nor *Buza* concern "valuation records," expert testimony, or OEC 702. There does not appear to be an Oregon case known as *Bancorp Leasing & Fin. Corp. v. Agresta*. There is a Ninth Circuit opinion known as *Bancorp Leasing &*

Page 16 -     WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
                    SUMMARY JUDGMENT

*Fin. Corp. v. Agusta Aviation Corp.*, 813 F.2d 272 (9th Cir. 1987), but it is a products-liability case that was dismissed on a statute of limitations defense. That case does not concern "valuation records" or expert testimony.

Plaintiffs rely on *Neel v. Lee*, 240 Or. App. 70 (2010), and *Neel v. Lee*, 316 Or. App. 748 (2021), for the proposition that Oregon courts "examine[] the circumstances surrounding the creation of documents rather than their later use in litigation to determine whether a 'taking' occurred under ORS 124.110(1)(a)." ECF 155 at 2, 16–17. There does not appear to be a 2010 case of *Neel v. Lee*. "240 Or. App. 70" is a page within *Rood ex rel. Richards v. Coos County*, which begins at 240 Or. App. 68. "316 Or. App. 748" is a page within *State v. Juarez-Hernandez*, which begins at 316 Or. App. 741.

There is a 2021 Oregon Court of Appeals case known as *Neel v. Lee*, but it is located at 316 Or. App. 159 and does not concern appraisals, valuations, or the business record exception. *Neel* does not support Plaintiffs' position that their hearsay appraisal report is a record of regularly conducted business activity admissible under Rule 803(6).

Plaintiffs also rely on *Church v. Woods*, 190 Or. App. 112 (2003), for the proposition that Oregon courts "examine[] the circumstances surrounding the creation of documents rather than their later use in litigation to determine whether a 'taking' occurred under ORS 124.110(1)(a)." ECF 155 at 2, 16–17. *Church* has nothing to do with the admissibility of Plaintiffs' hearsay appraisal report.

Thus, none of Plaintiffs' legal authorities—real or imagined—support their argument that the appraisal report is an admissible business record under Rule 803(6). The alleged diminution in property value might constitute a "condition" for purposes of the Rule, but there is no testimony showing the report's opinion on that subject was made from information transmitted

Page 17 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
             SUMMARY JUDGMENT

by someone with knowledge, no testimony the regularly conducted activity of Wisnovsky Land included the keeping of appraisal reports, and no testimony the making of appraisal reports was a regular practice of Wisnovsky Land's regularly conducted business activity. Couvrette testified the report was prepared *for* Wisnovsky Land, not *by* Wisnovsky Land, admitting element (C) cannot be satisfied. ECF 156 at 26:11–15. Plaintiffs do not attempt to admit the report as a business record of the company that prepared it. The appraisal report is not excepted from the hearsay rule as a business record under Rule 803(6).

### 2. *Plaintiffs' Discovery Responses and Privilege Log Further Establish the Inadmissibility of Their Undisclosed Expert Appraisal Report.*

Plaintiffs' discovery responses and privilege log further establish the inadmissibility of their undisclosed expert appraisal report. On December 16, 2021, the Wisnovsky Defendants served their first request for production of documents in this lawsuit. Crittenden Decl. ¶ 3. It requested "All documents related to the damages Plaintiff alleges and seeks to recover from the Wisnovsky Defendants." *See id.* ¶ 4, Ex. 1 at 17. On January 31, 2022, Couvrette responded,

> "Plaintiff objects to this request as it seeks the disclosure of expert opinions before the deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2). Plaintiff further objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.
>
> "Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged, responsive documents at the appropriate time."

Ex. 1 at 17. In this response, Plaintiffs correctly construed the Wisnovsky Defendants' request for documents related to Plaintiffs' damages to request expert materials Plaintiffs did not have to disclose until the expert disclosure deadline, as well as some non-privileged documents Plaintiffs agreed to produce.

Page 18 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs obtained the expert appraisal report in December 2020, approximately one month before they filed this lawsuit alleging principal damages of $4.2 million—i.e., the alleged approximate diminished value of the property stated in the appraisal report. ECF 158 at 75; ECF 1 ¶¶ 39, 50; ECF 45 ¶¶ 40, 53. Plaintiffs never produced the report in discovery. ECF 161 ¶ 4. Plaintiffs now seek to use the report as evidence of their damages. ECF 155 at 18. Yet they offer no testimony showing they ever produced it in discovery nor any explanation or excuse for their failure to produce the report.

Plaintiffs' fourth amended privilege log, served on September 30, 2022, is Plaintiffs' final and most recent privilege log. Crittenden Decl. ¶ 5, Ex. 2. The following entries in Plaintiffs' fourth amended privilege log expressly assert the attorney-client privilege and work product doctrine as grounds to withhold emails between Couvrette, her attorneys, Katherine Banz, and/or London Fergus pertaining to an "appraisal":

(1) August 28, 2020 email between Couvrette, Sarah Hays, Katherine Banz, and Simon Whang "re appraisal"—withheld because of "Attorney Client, Work Product";

(2) September 18, 2020 email, including a three-page attachment, between Couvrette, Sarah Hays, Katherine Banz, London Fergus, Christine Moore, and Ava Cassady "re appraisal"—withheld because of "Attorney Client, Work Product";

(3) September 23, 2020 email between Couvrette, Sarah Hays, Katherine Banz, London Fergus, Christine Moore, and Ava Cassady "re appraisal"—withheld because of "Attorney Client, Work Product";

(4) September 25, 2020 email between Couvrette, Sarah Hays, and Katherine Banz "re appraisal"—withheld because of "Attorney Client, Work Product".

Ex. 2 at 26, 28; *see also id.* at 24, 26, 28, 29 (listing nine emails between Couvrette and her

Page 19 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
            SUMMARY JUDGMENT

attorneys during July, August, September, and October 2020 relating to "Property appraisal," "Vineyard appraisal," "Land appraisal," and "Appraisal status").

According to the appraisal report, on September 18, 2020, Ms. Banz sent Couvrette a letter thanking Couvrette "for considering Powell Banz Valuation, LLC for the appraisal assignment identified in the attached Professional Service Agreement."  ECF 158 at 82.  Ms. Banz asked Couvrette to sign the two-page Professional Service Agreement, which Couvrette apparently did on September 22, 2020.  *Id.* at 82, 84.  Couvrette thereby authorized Powell Banz to prepare an "Appraisal Report" regarding the property located at "1140 & 1352 Upper Applegate Rd" in Jacksonville, Oregon.  *Id.* at 82–84.  The property located at 1140 Upper Applegate Road is the Valley View Property at issue in this lawsuit.

Based on Plaintiffs' privilege log that identifies a September 18 email—including a three-page attachment—between Couvrette, Ms. Banz, Mr. Fergus, and Plaintiffs' attorneys, it appears that, on September 18, 2020, Ms. Banz emailed the September 18 letter and Professional Service Agreement for the appraisal to Couvrette and Plaintiffs' attorneys.  Plaintiffs withheld that email, letter, and agreement on the basis that they are protected by the attorney-client privilege and/or work-product doctrine.  Ex. 2 at 28.

Ms. Banz and Mr. Fergus drafted the appraisal report, dated December 17, 2020, and identified the subject property as "Valley View Winery, a 75.41 AC vineyard property located in rural Jackson County, Oregon near Jacksonville, Oregon."  ECF 158 at 72, 80.  Plaintiffs, however, did not identify the appraisal report itself in their privilege log because the appraisal report appears to be at least 109 pages long, and there is no document of that length listed in Plaintiffs' privilege log, nor is there any communication between Plaintiffs, their attorneys, Ms. Banz, and/or Mr. Fergus at or around the date of the appraisal report.  *See generally* Ex. 2.  There

Page 20 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
              SUMMARY JUDGMENT

is no entry in the privilege log that could be construed as delivering an appraisal report to Plaintiffs, but the privilege log plainly shows that Plaintiffs considered their communications with Ms. Banz and Mr. Fergus regarding the appraisal of the Valley View Property to be privileged.

Given that Plaintiffs never produced the appraisal report in discovery and did not identify it in their privilege log, there are only three plausible explanations as to how Plaintiffs construed the appraisal report when they served their January 31, 2022 RFP response and September 29, 2022 privilege log: (1) Plaintiffs considered the appraisal report to be an expert opinion they did not have to produce before the expert disclosure deadline; (2) Plaintiffs considered the appraisal report to be non-discoverable, attorney-client privileged work product, despite never identifying it as such in their privilege log; (3) Plaintiffs considered the appraisal report to be a discoverable, non-privileged, responsive document that they nevertheless wrongfully withheld and did not reveal until they filed their motion for summary judgment exactly eight months after the close of fact discovery.  ECF 115 (ordering non-expert discovery to close on June 3, 2024).

If (1) is true, the appraisal report should be excluded as undisclosed expert opinion pursuant to the legal authorities and arguments presented in the Wisnovsky Defendants' motion and response to Plaintiffs' motion.  ECF 160 at 20–23; ECF 143 at 39–40.

If (2) is true, the appraisal report should be excluded because Plaintiffs cannot use privilege to shield the report from disclosure during discovery and then opportunely reclassify the report as non-privileged after the close of discovery to prosecute their action.  *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield."); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("A [litigant] may not use the privilege to

Page 21 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

prejudice his opponent's case or to disclose some selected communications for self-serving purposes.").

If (3) is true, the appraisal report should be excluded because fact discovery closed on June 3, 2024, and Plaintiffs never produced the appraisal report in discovery. *See, e.g.*, Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Jones v. Travelers Casualty Insurance Co. of Am.*, 304 F.R.D. 677, 678–83 (N.D. Cal. Feb. 5, 2015) (excluding documents requested in discovery and produced for the first time approximately three weeks after fact discovery closed); *De Amaral v. Goldsmith & Hull*, No. 12-cv-03580-WHO, 2014 WL 572268, at *2–3 (N.D. Cal. Feb. 11, 2014) (excluding documents requested in discovery and disclosed for the first time well after discovery closed, in opposition to motion for summary judgment).

Thus, Plaintiffs' discovery responses and privilege log establish their expert appraisal report is inadmissible because it was either withheld as expert material under the attorney-client privilege and work product doctrine but never disclosed before the close of expert discovery, withheld as attorney-client privileged work product but omitted from their privilege log and later attempted to reclassify as discoverable, or always considered discoverable but withheld and not produced in discovery. Either way, the report is inadmissible—and that is in addition to being inadmissible hearsay not subject to the business record exception. The report must be excluded from evidence.

Page 22 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
             SUMMARY JUDGMENT

**C.    Plaintiffs' Exhibits 29, 42, and 45 Are Inadmissible Hearsay.**

The Wisnovsky Defendants' response to Plaintiffs' motion showed that Plaintiffs' Exhibit 29 is inadmissible hearsay because Plaintiffs are presenting Dr. Alan Binette's out-of-court statements for the truth of matters he allegedly asserted. ECF 160 at 18–19; ECF 155 at 11, 28. The Wisnovsky Defendants incorporate those arguments here and ask that the Court exclude Exhibit 29 pursuant to controlling case law such as *Beyene*. *Id.* at 18 (citing *Beyene*, 854 F.2d at 1183).

Plaintiffs' Exhibits 42 and 45 are also hearsay because they contain out-of-court statements presented for the truth of the matters allegedly asserted in those exhibits. ECF 159 at 48–50, 59, 60. The Court should exclude those exhibits for the same reasons stated in the Wisnovsky Defendants' response to Plaintiffs' motion. ECF 160 at 18–19.

**D.    Plaintiffs' Exhibits 42 and 45 Are Inadmissible Because Plaintiffs Never Produced Them By the Expert Disclosure Deadline, the Close of Expert Discovery, or the Close of Fact Discovery.**

The Wisnovsky Defendants' response to Plaintiffs' motion, and Section II.B. above, showed that Plaintiffs' Exhibit 9 is inadmissible because it is an expert appraisal that Plaintiffs did not produce by the expert disclosure deadline or before the close of expert discovery. ECF 160 at 20–23. Plaintiffs' Exhibits 42 and 45 are similarly inadmissible expert appraisals on which Plaintiffs rely to prove the alleged diminished value of the Valley View Property. ECF 155 at 13. The Wisnovsky Defendants incorporate and apply their arguments regarding Plaintiffs' Exhibit 9 to Plaintiffs' Exhibits 42 and 45—those exhibits are inadmissible because they constitute expert appraisals that Plaintiffs did not produce by the expert disclosure deadline or before the close of expert discovery.

Page 23 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Moreover, Plaintiffs never produced those documents in discovery at all—let alone by the close of any discovery deadline—despite responding that they would produce all non-privileged documents responsive to the Wisnovsky Defendants' discovery request for all documents related to the alleged damages Plaintiffs seek to recover from the Wisnovsky Defendants. Crittenden Decl. ¶ 6. Plaintiffs instead produced those documents for the first time in this lawsuit by filing them with their response brief. *Id.* The Court should exclude those exhibits for purposes of deciding the pending motions.

## IV.    LEGAL ARGUMENT

**A.    The Elder Abuse Claim Must Be Dismissed as a Matter of Law and Undisputed Fact.**

### 1. *The Leases Did Not Constitute a Taking.*

The Wisnovsky Defendants' motion showed that they are entitled to summary judgment on Sullivan's elder financial abuse claim because the Leases do not constitute a "taking or appropriation" of Ann's money or property by Mark or Mike. ECF 143 at 26:22–30:2.

Plaintiffs contend a "wrongful taking" under ORS 124.110(1)(a) "includes transactions that transfer control of property under inequitable circumstances." ECF 155 at 10. Plaintiffs cite no legal authority for that supposed rule of law, which does not exist. *Id.* Plaintiffs' only legal authority is *Church v. Woods*, 190 Or. App. 112 (2003), and *Neel v. Lee*, 316 Or. App. 159 (2021). Neither case involved a lease. Neither case involved a mother leasing her property to the business she founded that had occupied that property since she incorporated it in 1988. Neither case shows Plaintiffs' evidence is sufficient to prove a taking of Ann's property.

Plaintiffs response says nothing about *Goldingay v. Progressive Insurance Company*, 306 F. Supp. 3d 1259 (D. Or. 2018), which the Wisnovsky Defendants cited in their motion. ECF

143 at 29:1–12. *Goldingay* holds that a "taking" or "appropriation" under ORS 124.110(1)(a) "involves the complete acquisition of, and not mere interference with or improper use of, a vulnerable person's money or property." *Goldingay*, 306 F. Supp. 3d at 1269.

The evidence shows that Valley View—not Mark or Mike—entered into the Leases with Ann in March 2016. ECF 146-4 at 1, 13; ECF 146-5 at 1, 13. Valley View already possessed the leased property and had been operating its business on it since 1988. *Id.*; ECF 146 at 2–4 ¶¶ 3, 5, 6, 8, 9. The Leases did not transfer Ann's property into Mark, Mike, or Valley View's keeping. The Leases fall far short of the "complete acquisition" required by *Goldingay*.

Plaintiffs argue inadmissible "valuation evidence" shows that Ann suffered financial harm and that the Leases were therefore "a wrongful appropriation." ECF 155 at 13. That evidence is inadmissible for the reasons stated above and in the Wisnovsky Defendants' motion and response to Plaintiffs' motion. *See supra* Sections II.B., II.D.; ECF 143 at 39:18–40:2; ECF 160 at 18–23. But more to the point, Plaintiffs present no evidence that Ann ever listed the property for sale, nor do they present any legal authority under which evidence of diminished property value is evidence of the taking element of an elder abuse claim. Plaintiffs also present no admissible evidence that the rent under the Leases was less than market value.

If Plaintiffs' theory of elder abuse were correct, any contract with an elder could result in an elder abuse claim that would survive summary judgment based on the mere allegation that it included an unfair term. That is not the law of Oregon, nor should it be.

Plaintiffs have simply failed to show a genuine issue of material fact about whether the Leases constituted a taking, which is an essential element of Sullivan's elder abuse claim. As a matter of law and undisputed fact, the claim must be dismissed.

### 2.    *Ann Ratified the Leases.*

The Wisnovsky Defendants' motion showed that Ann ratified the Leases when, after signing the Leases, she signed and induced Valley View to sign and rely on legally binding lease addenda in November 2016 and February 2017, and also when she signed the consent documents in April 2017.   ECF 30:2–34:5 (citing ECF 146-8, 146-16, 146-19, 146-20, 146-23).   The Wisnovsky Defendants showed that the facts of this case are similar to the facts in *Bernard v. S.B., Inc.*, 270 Or. App. 710 (2015), and *Porras v. Bass*, 63 Or. App. 832 (1983), where the respective courts held contracting parties ratified otherwise voidable contracts because they accepted the benefits of the contracts and did not promptly disaffirm the contracts upon discovering the facts giving right to cancel.   ECF 143 at 30:10–32:6.   Plaintiffs did not mention or attempt to distinguish this case from *Bernard* or *Porras*.   The Court should follow those cases and hold that Ann ratified the Leases.

Plaintiffs contend there is a question of fact about whether Ann "ratified the Leases with full understanding" because, according to Plaintiffs, Couvrette did not testify Ann was competent to understand the Leases.   ECF 155 at 13–14.   According to Plaintiffs, Couvrette testified, "I'm not sure that [Ann] was competent to understand this lease," "I don't think she had the skill set," and "she needed guidance from an attorney for complex matters like this[.]"   *Id.* at 14.

This is an astonishing argument given that Ann's own attorney Huycke drafted and represented Ann with respect to the Leases and that Couvrette arranged for Ann to sign the Fourth Trust Amendment—which purported to revoke Ann's multi-document estate plan—without the involvement of an attorney at all.   Couvrette's equivocal testimony that she was "not sure" Ann was "competent to understand this lease" and that "Ann relied on legal counsel" creates no genuine issue of material fact about whether Ann ratified the Leases.

Couvrette's testimony also fails to create a genuine issue of material fact about whether Ann failed to understand the numerous ways in which she ratified and affirmed the Leases. As a matter of law and undisputed fact, Sullivan's claim for elder abuse must be dismissed because Ann ratified the Leases.

Plaintiffs' response quibbles that the April 2017 consent documents were dated March 25, 2017, when Ann was not in Oregon. ECF 155 at 5. Mark Wisnovsky has testified he saw Ann sign these documents in April 2017. ECF 146 at 14 ¶ 43; ECF 163 at 7 ¶ 22. The specific date stated on the document is immaterial. There is no genuine dispute that Ann signed them around that time, and the Wisnovsky Defendants' motion for partial summary judgment must be granted even if there were a genuine issue about whether Ann signed the consent documents because Ann ratified the Leases through other documents and actions, such as the Amended Agreement to Make Payments.

According to Plaintiffs, the cases of *Lemley v. Lemley*, 221 Or. App. 172 (2008), *Bates v. Bankers Life & Cas. Co.*, 848 F.3d 1236[4] (9th Cir. 2017), and *Worley v. Lewis*, 338 Or. App. 344 (2025), support their argument that genuine issues of material fact preclude dismissal of Sullivan's elder abuse claim. ECF 155 at 14. *Lemley* actually supports the Wisnovsky Defendants' argument that Ann ratified the Leases, whereas *Bates* and *Worley* have no bearing whatsoever on the outcome of this case.

In *Lemley*, the trial court entered judgment dismissing the plaintiff's claim for specific performance of a settlement agreement on the grounds that the defendant was not bound by the agreement because her lawyer had entered into the agreement without actual or apparent

---

[4] Plaintiffs' response cites "848 F.2d 1236" as the reporter location at which *Bates* is located. *Bates* is located at 848 F.3d 1236, whereas 848 F.2d 1236 leads to a page in *U.S. Steel Corp. v. United States*, 848 F.2d 1232 (Fed. Cir. 1988), which concerns a federal tax dispute.

Page 27 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
             SUMMARY JUDGMENT

authority of the defendant. *Lemley*, 221 Or. App. at 174. The court of appeals reversed the judgment and held the defendant ratified the agreement as a matter of law by accepting the benefits of the plaintiff's performance (including the plaintiff's payment of money) with knowledge of the material facts, including such material facts as the defendant receiving a copy of the fully executed agreement, instructing her attorney to perform acts on her behalf that related to the terms of the agreement, and speaking with another attorney about whether she was bound to the agreement. *Id.* at 174, 180–85.

Here, like the defendant in *Lemley*, the evidence shows that Ann accepted the benefit of Valley View's performance of the Leases by accepting the payment of money pursuant to the Leases with knowledge of the material facts, including evidence such as Ann's signing of the Leases and instructing her attorney to draft subsequent addenda to the Leases that she signed, and Ann's signing of the April 2017 consent documents that related to the Leases. ECF 143 at 32:7–33:21 (citing evidence). Ann ratified the Leases as a matter of law, just like the defendant in *Lemley*.

In *Bates*, the Ninth Circuit dismissed the plaintiffs' appeal for lack of subject matter jurisdiction and concurrently certified a question to the Oregon Supreme Court regarding whether an insurance company may be held liable for elder financial abuse for allegedly withholding policy benefits from a vulnerable person. *Bates*, 848 F.3d at 1237; *see also Bates v. Bankers Life & Cas. Co.*, 362 Or. 337, 339 (2018) (answering certified question and holding insurer's alleged withholding of policy benefits does not constitute wrongful withholding under ORS 124.110(1)(b)). *Bates* says nothing about ratification of contracts and does not preclude dismissal of Sullivan's elder financial abuse claim.

In *Worley*, the court of appeals reversed summary judgment on the plaintiff's claim for wrongful initiation of civil proceedings because there were triable fact issues as to whether the defendant subjectively believed it had probable cause to allege an elder financial abuse claim in a prior lawsuit. *Worley*, 338 Or. App. at 352–53. The conservator defendant in the prior lawsuit alleged an elder financial abuse claim against the plaintiff but voluntarily dismissed that claim after obtaining its requested relief for an accounting and for authorization to manage non-trust assets. *Id.* at 346–47. The plaintiff sought an award of attorney fees under ORS 20.105 on the grounds that the defendant had no objectively reasonable basis to allege the elder financial abuse claim. The trial court denied that motion. *Id.* at 347.

The plaintiff then filed a new lawsuit alleging a claim for wrongful initiation of civil proceedings based on the defendant's voluntarily dismissed elder abuse claim. *Id.* The trial court dismissed that claim on summary judgment because it was barred by issue preclusion, i.e., the defendant had probable cause to bring the elder abuse claim because the trial court previously held the defendant had an objectively reasonable basis for alleging the claim when it denied the plaintiff's request for fees under ORS 20.105. *Id.* at 347–48. The court of appeals reversed because the "probable cause" element requires proof that the defendant had a subjective belief that it was likely to prevail on the claim and that its subjective belief was objectively reasonable. *Id.* at 351–53. The court held the trial court's prior determination that the defendant's claim was objectively reasonable did not preclude the issue regarding the defendant's subjective belief or that such belief was objectively reasonable. *Id.* *Worley* is wholly inapposite and does not bar dismissal of Sullivan's elder financial abuse claim.

Plaintiffs also contend Ann lacked an appraisal or understanding of market value, awareness of the Second Addendum's allegedly "self-serving terms," and the understanding that

the Leases "removed virtually all resale value from her land." ECF 155 at 14.  Plaintiffs cite no evidence for these factual arguments and have no admissible evidence to support them.  Ann was represented by counsel, the lease terms are stated in the Leases, and there is no admissible evidence she or Huycke suffered from any material misunderstanding or lack of knowledge about what those terms said when she signed the Leases.  Ann ratified the Leases.

### 3.  *The Elder Abuse Claim Was Waived.*

The Wisnovsky Defendants moved for summary judgment dismissing Sullivan's claim that the Leases constituted elder abuse on the grounds that Ann waived the claim.  ECF 143 at 34–36.  She waived the claim by failing to take prompt action to rescind after having knowledge of the relevant facts while continuing to accept the benefits of the Leases for a significant amount of time.  *Id.*  Ann entered into the Leases in March 2016, affirmed them through addenda in November 2016 and February 2017, signed the April 2017 consent documents related to the Leases, and received over $209,000 in rent under the Leases between April 2016 and January 2023.  *Id.* at 36.  As a matter of law and undisputed fact, Ann waived the elder abuse claim.  *Id.*

Plaintiffs respond that Ann could not have waived the claim because the Leases were "unfairly structured to deprive [Ann] of meaningful choice." ECF 155 at 19 (citing *Vasquez-Lopez v. Beneficial Oregon, Inc.*, 210 Or. App. 553 (2007)).  The Wisnovsky Defendants have already briefed the stark differences between *Vasquez-Lopez* and the present case, which they incorporate here by this reference.  ECF 160 at 28–29.  *Vasquez-Lopez* is also distinguishable because it was about unconscionability, not waiver.  Oregon law does not prohibit a party from accepting the benefits of a contract and waiving a claim to invalidate it even if their successor later considers the contract unfair.  Ann waived the claim by accepting the benefits of the Leases for years without taking action to invalidate them.

Page 30 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

Plaintiffs further respond that the Wisnovsky Defendants claim the "lease was part of an overarching inheritance contract" in which the Leases were tied "to the Agreement to Make Payments and the Redemption Agreement." ECF 155 at 21. If "these documents were interconnected," Plaintiffs argue, "Ann could not have knowingly waived any claims regarding the lease without full knowledge of the financial and legal implications of all related agreements—which she did not receive until years later." *Id.* Plaintiffs cite no legal authority in support of this erroneous argument.

The Wisnovsky Defendants have never tied the March 2016 Leases to the February 2017 Redemption Agreement, nor have the Wisnovsky Defendants construed the Leases to be part of their inheritance contract. On the contrary, the inheritance contract was intended to obviate the Leases by bequeathing ownership of landlord Wisnovsky Land to Mark and Mike, who owned tenant Valley View. The Redemption Agreement was an agreement between Wisnovsky Land and the Trust that Ann intended to generate cash for Couvrette and Robert to inherit. Mark and Mike were not party to the Redemption Agreement, which was not essential to their inheritance contract.

The Amended Agreement to Make Payments, on the other hand, was tied to the Leases because the latter was conditioned upon the former, but Ann's attorney prepared each of those agreements and Ann was competent when she signed them. ECF 143 at 12:10–13:4, 14:8–15:20 (citing evidence). There is no evidence that Ann or Huycke were unaware of their terms, and Huycke drafted them as Ann's agent so any possible gap in her knowledge is filled by his. *See Atkeson v. T&K Lands, LLC*, 258 Or. App. 373, 382–83 (2013) (holding attorney's knowledge acquired in scope of representation is imputed to client, regardless of whether attorney actually communicates knowledge to client).

Page 31 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs suggest limitations of *Couvrette's* knowledge somehow raise genuine issues of fact about whether Ann or her attorney Huycke had the knowledge necessary for Ann to waive the elder abuse claim. Plaintiffs cite no legal authority in support of this argument, which is based on the false premise that the Leases were "part of an interdependent inheritance contract." ECF 155 at 20. That has never been the Wisnovsky Defendants' position, and it is not the case before the Court. The Wisnovsky Defendants' motion emphasized that the elder abuse claim seeks "to avoid the Leases for the same reasons Couvrette stated in 2016" when she complained that the Leases were "long [in] duration," made "the land unsaleable," contained "no clause that terminates the lease on the land upon sale[,]" caused the "land value" to "be capped at a 10 cap rate," and were "unconscionably bad." ECF 143 at 35:13–36:12 (citing ECF 145-1 at 5:25–9:7; ECF 145-3). Plaintiffs' response does not deny that. If Couvrette's knowledge is relevant at all, it shows she had all relevant knowledge of the lease terms or, as with Huycke, that Couvrette's knowledge was sufficient to fill any possible gap in Ann's.

Plaintiffs' response to the Wisnovsky Defendants' waiver argument fails to show a genuine issue of material fact. There is no dispute that Ann received the benefits of the Leases for years. There is no evidence that Ann ever took any steps to invalidate them. There is no evidence that Ann, who signed the Leases, or her sophisticated attorney who drafted them, were unaware of their terms. Ann waived the elder abuse claim, which must be dismissed.

### 4. Sullivan Is Estopped from Asserting the Elder Abuse Claim.

The Wisnovsky Defendants' motion showed that Sullivan is estopped from asserting the elder financial abuse claim because Ann induced Valley View to act in reliance on her words and actions approving the Leases, including by signing the lease addenda. ECF 143 at 37:1–38:24.

Plaintiffs argue the elder abuse claim is not barred by estoppel because "Joanne has stated that she did not receive the full lease package or the Agreement to Make Payments until years after their execution in 2019 and 2020" and she did not "know about rent deductions until reviewing Ann's accounts in 2019."  ECF 155 at 20.

Plaintiffs miss the mark by focusing on Couvrette's knowledge, as opposed to Ann's, and they cite no legal authority holding Couvrette's knowledge is relevant to determining whether Ann induced the Wisnovsky Defendants to rely on her words and actions to their detriment.  Ann was trustee at all relevant times.  Couvrette filed the elder abuse claim as Trustee of Ann's estate.  ECF 118 at 1:24–27.  After Ann died, Sullivan was added as a plaintiff for purposes of prosecuting the elder abuse claim on behalf of Ann's estate.  *Id.* at 2:10–15; ECF 137 at 11.  Any defense to a claim by the decedent of an estate applies equally to the claim when asserted by the estate.  *See, e.g.*, *Gardner v. Oregon Health Sciences University*, 299 Or. App. 280, 284–93 (2019) (holding medical services provider may assert comparative fault defense that decedent was partially at fault, in defending against estate's medical malpractice claim asserted on behalf of decedent).  The estoppel of Ann's elder abuse claim is binding on Sullivan.

Plaintiffs cite *Coos County v. State of Oregon*, 303 Or. 173 (1987), where the Oregon Supreme Court reversed the lower courts' ruling that the county was estopped from asserting against the state that the county obtained title to real property through prior foreclosure of a tax lien.  ECF 155 at 20.  The court held the county was not estopped from asserting ownership because the county had made no representations to the state on which the state could reasonably rely to its detriment.  *Coos County*, 303 Or. at 185–90.

This case is unlike *Coos County* because Ann represented to the Wisnovsky Defendants that the Leases were valid and enforceable, and she accepted payment of rent under the Leases for several years. Sullivan is estopped from asserting the elder abuse claim as a matter of law.

### 5. *Plaintiffs Have No Admissible Evidence of Diminution in Property Value.*

The Wisnovsky Defendants' motion showed that "injury, damage or death by reason of . . . financial abuse" is an element of the elder abuse claim, which Plaintiffs attempt to establish through allegations that the Leases diminished the value of the Valley View Property. ECF 143 at 39. Diminution in value is "the difference between the value of the property immediately before the injury and its value immediately afterward" or, for an alleged continuing injury, "the difference at the time of trial between the value of the land without the injury and the value of the land as damaged." ECF 143 at 39:10–13 (citing *Hudson v. Peavey Oil Co.*, 279 Or. 3, 11 (1977)). The motion further showed Plaintiffs must prove such diminution with "reasonable certainty" and cannot rely on "speculation, conjecture or surmise." *Id.* at 39:13–17 (citing *Newell v. Weston*, 150 Or App 462, 582 (1997)). Plaintiffs do not dispute that these are the controlling rules of law, nor do they cite any legal authorities contradicting the holdings of *Hudson* and *Newell*.

Plaintiffs rely on the purported business record, "Powell Banz Appraisal" (Plaintiffs' Exhibit 9), as evidence the Leases "slashed the value of the property." ECF 155 at 5–6. As shown above and in the Wisnovsky Defendants' motion and response to Plaintiffs' motion, that evidence is not admissible for several reasons. *See supra* Section II.B.; ECF 143 at 39:18–40:2; ECF 160 at 18–23. Plaintiffs' response fails to rebut the argument in the Wisnovsky Defendants' motion that the appraisal is inadmissible, and no tax assessment or other document provides admissible evidence that the Leases permanently diminished the value of the property.

Page 34 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
            SUMMARY JUDGMENT

Plaintiffs argue that even if their appraisal is not admissible evidence of diminished property value, other evidence of property value is sufficient to prove diminution because "no one will pay" any of those amounts "to earn just $24,000 a year." ECF 155 at 13, 15. That argument is the type of speculation, conjecture, and surmise that is insufficient to create a genuine issue of material fact about diminished value under Oregon law.

Plaintiffs also argue their Exhibits 35, 42, 45, and 48 are each admissible evidence that the Leases diminished Ann's property value. *Id.* at 13. As discussed above, evidence of diminished value is not sufficient to constitute a taking of Ann's property. Even if it were, those exhibits are not admissible because they are not authenticated, are hearsay, and/or were not produced in discovery either as expert opinions or in response to the Wisnovsky Defendants' discovery requests. And assuming for the sake of argument that the law does not require expert testimony to prove diminished real estate value, those exhibits do not show with reasonable certainty and without speculation, conjecture, or surmise that there is a numerical difference between the value of the property immediately before the Leases compared to immediately after or that the property value now or at the time of trial would be greater if the Leases were not in effect.

Thus, not only would evidence of diminished property value fail to establish a taking, but Plaintiffs have no admissible evidence of diminished property value or any other provable harm. As a matter of law and undisputed fact, the elder abuse claim must be dismissed.

### 6.  *Plaintiffs' Equitable Tolling and Statute of Limitations Arguments Are Irrelevant.*

Plaintiffs argue the elder abuse claim is timely pursuant to the statute of limitations in ORS 12.110(1), the discovery rule in *Gaston v. Parsons*, 318 Or. 247 (1994), and the rule of equitable tolling in *Huffman v. Alexander*, 197 Or. App. 283 (2005). ECF 155 at 20–21.

Page 35 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

First of all, *Huffman v. Alexander*, 197 Or. App. 283 (2005), does not appear to exist. "197 Or. App. 283" leads to a page in *State v. Cunningham*, 197 Or. App. 264 (2005). *Huffman v. Alexander*, 197 Or. 283 (1952), does exist, but it is a habeas corpus case that was superseded by statute in *State v. Keys*, 368 Or. 171 (2021). *Gaston v. Parsons*, 318 Or. 247 (1994), concerns the commencement of the statute of limitations in a medical malpractice action. Those cases have nothing to do with this lawsuit.

Regardless of the irrelevance of those cases, the Wisnovsky Defendants are not moving to dismiss the elder financial abuse claim pursuant to a statute of limitations defense. Plaintiffs' arguments are non-responsive.

**B.**  **The Declaratory Judgment Claim Regarding the Leases Must Be Dismissed as a Matter of Law and Undisputed Fact for Similar Reasons Supporting Dismissal of the Elder Financial Abuse Claim.**

The Wisnovsky Defendants' motion showed that Plaintiffs' declaratory judgment claim seeking to invalidate the Leases must be dismissed for several of the same reasons the elder abuse claim must be dismissed, namely, Ann ratified the Leases, Ann waived the claim to invalidate the Leases, and Plaintiffs are estopped from seeking to invalidate the Leases. ECF 143 at 40:22–41:6.

Plaintiffs' response cites case law that either does not exist or is inapposite, and presents arguments that are nearly identical to their arguments regarding ratification, waiver, and estoppel with respect to the elder financial abuse claim. The Court should reject those arguments for the same reasons stated above.

Plaintiffs cite *Barnes v. Euster*, 233 Or. 155, 160 (1962), in support of the proposition, "Oregon law requires full knowledge of the material terms and an intent to adopt the

Page 36 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

agreement." ECF 155 at 21.  The Oregon case of *Barnes v. Euster*, 233 Or. 155, 160 (1962), does not appear to exist.  "233 Or. 155" is a page located within the case of *Brownson v. Lewis*, 233 Or. 152 (1962).  The pin cite of "160" in "233 Or. 155, 160" is where *McBee v. Knight*, 233 Or. 160 (1962), is located.  Neither of those cases concern ratification of contracts.  There appears to be no Oregon case known as *Barnes v. Euster*.  There is a Maryland Court of Appeals case known as *Barnes v. Euster*, 240 Md. 603, 214 A.2d 807 (1965), but that case involved dismissal of a specific performance claim for failure of condition precedent.  That case does not concern ratification, waiver, or estoppel.

Even if *Barnes v. Euster*, 233 Or. 155 (1960), existed and even if it stated the rule to which Plaintiffs refer, it is undisputedly satisfied because the material terms of the Leases are stated in the Leases, Ann's attorney drafted them, and she manifested her intent to adopt them when she signed the Leases.  Plaintiffs point to their later, inadmissible appraisal as a source of information unavailable to Ann when she signed the Leases, but the appraisal does not contain any material terms of the Leases.

Plaintiffs cite *Waterway Terminals Co. v. P.S. Lord*, 242 Or. 1, 24 (1965), in support of the rule that "Waiver requires a knowing and voluntary relinquishment of a known right."  ECF 155 at 22.  The supreme court in *Waterways Terminal Co.* held there was no evidence in the record that one of the defendants waived the plaintiff's agreement to provide fire insurance to indemnify the defendant, and instead the evidence showed that the defendant manifested an express intent *not* to waive that agreement because it sought to obtain a similar agreement from one of the co-defendants.  *Waterways Terminals Co.*, 242 Or. at 23–27.  *Waterways Terminals Co.* is inapposite and has no bearing on the outcome of this case.

Page 37 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

Plaintiffs argue, without citing any legal authority, "Oregon law also holds that undue influence nullifies purported waiver." ECF 155 at 22. Even if that were the law in Oregon, there is no evidence that the Wisnovsky Defendants obtained Ann's waiver of the declaratory judgment claim through undue influence.

Plaintiffs cite *Stevens v. Bispham*, 316 Or. 221, 234 (1993), as setting forth the elements of estoppel but fail to show how *Stevens* is analogous to this case. *Id.* *Stevens* does not set forth the elements of estoppel or concern estoppel at all. *Stevens* is a legal malpractice case regarding an attorney's statute of limitations defense. *Stevens*, 316 Or. at 223.

Plaintiffs failed to distinguish, or cite a single legal authority contradicting, the legal authorities cited in the Wisnovsky Defendants' motion that show Plaintiffs' declaratory judgment claim regarding the Leases must be dismissed on the grounds of ratification, waiver, and/or estoppel. Thus, for the same reasons stated in the Wisnovsky Defendants' motion and above with respect to the elder financial abuse claim, Plaintiffs' declaratory judgment claim seeking to invalidate the Leases must be dismissed as a matter of law and undisputed fact.

**C.     The Declaratory Judgment Claim Regarding the Leases Must Be Dismissed as a Matter of Law and Undisputed Fact Because It Is Barred by the Statute of Limitations.**

The Wisnovsky Defendants' motion also showed that Plaintiffs' declaratory judgment claim based on undue influence must be dismissed because it is barred by the applicable two-year statute of limitations. ECF 143 at 41:7–43:9.

Plaintiffs admit the two-year statute of limitations applies to their declaratory judgment claim based on undue influence. ECF 155 at 22. Plaintiffs rely on *Murphy v. Allstate Ins. Co.*, 251 Or. App. 316, 321 (2012), and argue the claim to invalidate the leases for undue influence is

Page 38 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
            SUMMARY JUDGMENT

not barred because (1) they "did not receive all relevant lease documents and related agreements until 2019–2021"; (2) the appraisal report "confirmed that the leases made the property unsellable"; and (3) "Joanne testified that Ann lacked the legal and financial expertise to evaluate the lease." *Id.*

In *Murphy*, the court of appeals held there were triable fact issues as to when the plaintiff learned sufficient facts to trigger his duty to investigate the defendant's alleged fraud. *Murphy*, 251 Or. App. at 322–23. The evidence that raised triable fact issues included the plaintiff's testimony as to a vague time period during which the defendant made certain representations to him and whether the substance of those representations would have caused a reasonable person to undertake further investigation into whether the representations were fraudulent. *Id.*

Here, unlike the evidence in *Murphy*, the Wisnovsky Defendants' motion cites evidence showing that the undue influence claim accrued by January 2019, thus rendering the claim time-barred. ECF 143 at 42:21–43:6 (citing evidence). That evidence included Ann's signing of the Leases and formation of Wisnovsky Land, LLC in March 2016, Couvrette's objections to the Leases in April and August 2016, Ann's signing of the addenda to the Leases in November 2016 and February 2017, and Couvrette's testimony that Ann was "competent to analyze" the Leases. *Id.* (citing evidence). If the lease terms harmed Ann, she knew about them long before January 2019, and her attorney Huycke's knowledge in 2016 about the lease terms and execution of the Leases is imputed to her, thus making the claim time-barred. *See Atkeson*, 258 Or. App. at 382–83 (holding attorney's knowledge acquired in scope of representation is imputed to client, regardless of whether attorney actually communicates knowledge to client).

Plaintiffs argue the inadmissible appraisal report and uncited portions of Couvrette's purported testimony "support the conclusion that Plaintiffs filed within the applicable statute of

limitations." ECF 155 at 22. Plaintiffs failed to carry their burden of designating "specific facts showing that there is a genuine issue for trial." *See Brinson*, 53 F.3d at 1048 (describing non-movant's burden at summary judgment).

**D.**    **The Elder Financial Abuse Claim Regarding the Gifts of Stock Must Be Dismissed as a Matter of Law and Undisputed Fact.**

The Wisnovsky Defendants' motion showed that Sullivan's elder financial abuse claim regarding Ann's 2016 gifts of stock to Mark and Mike must be dismissed because Ann ratified and affirmed the gifts of stock, the claim was waived, and Sullivan is estopped from making it. ECF 143 at 43:10–45:9.

Plaintiffs' response does not rebut any of the Wisnovsky Defendants' ratification, waiver, or estoppel arguments, nor does their response distinguish any of the legal authorities cited in the Wisnovsky Defendants' motion. ECF 155 at 23–24. Plaintiffs also fail to argue or present any evidence that the 2016 stock gifts constituted a wrongful taking of Ann's money or property under ORS 124.110(1)(a).

Plaintiffs instead argue only that the 2016 stock gifts should be invalidated because there are genuine issues of material fact as to whether "Ann signed the stock certificate; Any valid consideration was paid; The transaction complied with required corporate procedures; [and] The transfer was fully executed as required by the certificate itself." *Id.* Plaintiffs fail to explain or show how any of those points, even if true, could raise a genuine issue of material fact about ratification, waiver, or estoppel, let alone how they could support a verdict in Sullivan's favor that any of Ann's gifts of stock constituted elder abuse on the grounds of undue influence.

Sullivan failed to carry her burden of designating "specific facts showing that there is a genuine issue for trial" as to whether the 2016 stock gifts were an actionable taking under ORS

124.110(1)(a). *See Brinson*, 53 F.3d at 1048 (describing non-movant's burden at summary judgment). The Court should therefore grant the Wisnovsky Defendants' motion.

**E.    The Unjust Enrichment Claim Must Be Dismissed as a Matter of Law and Undisputed Fact.**

The Wisnovsky Defendants moved for summary judgment dismissing Plaintiffs' unjust enrichment claim on the grounds that it is already addressed in the Second Vineyard Addendum and Amended Agreement to Make Payments and because Plaintiffs have no right to any of the benefits obtained pursuant to the sub-lease between Valley View and Third Generation Farms. ECF 143 at 51–55. Plaintiffs' response raises no genuine opposition to these grounds for dismissal of the unjust enrichment claim.

Plaintiffs' response uses the term "unjust enrichment" exactly twice. The first instance is on page 4, where the response identifies Plaintiffs' unjust enrichment claim as one of the claims the Wisnovsky Defendants are moving to dismiss with prejudice at summary judgment. ECF 155 at 4. The second instance is on page 31, under the heading, "Defendants Are Not Entitled to Attorney Fees." *Id.* at 31 (capitalization omitted). There, Plaintiffs present the unsubstantiated and question-begging statement that they "have asserted valid claims for . . . unjust enrichment . . . based on extensive factual evidence." *Id.* There is no other instance of the term "unjust enrichment" in Plaintiffs' response. There is not a single citation to legal authority about unjust enrichment in proximity to the two limited occurrences of that term in Plaintiffs' response. There is no argument about unjust enrichment in which Plaintiffs designate "specific facts showing that there is a genuine issue for trial," as was their burden. *See Brinson*, 53 F.3d at 1048 (describing non-movant's burden at summary judgment).

Page 41 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
             SUMMARY JUDGMENT

The response fails to show a genuine issue of material fact precludes summary judgment dismissing the unjust enrichment claim on the grounds stated in the Wisnovsky Defendants' motion. The unjust enrichment claim must be dismissed.

## F.    The Counterclaim for Specific Performance of the Inheritance Contract Must Be Granted as a Matter of Law and Undisputed Fact.

The Wisnovsky Defendants moved for summary judgment granting their counterclaim for specific performance of the inheritance contract as a matter of law and undisputed fact. ECF 143 at 45:10–51:5. The motion showed Ann agreed to amend her estate plan so that when she died Mark and Mike would inherit ownership of Wisnovsky Land and its property in exchange for their agreement to amend the 2016 Agreement to Make Payments. *Id.* at 48:4– 49:22. Because Mark and Mike signed the Amended Agreement to Make Payments and Ann signed the Second Trust Amendment, both prepared by Ann's attorney Huycke, the parties exchanged consideration, making the inheritance contract irrevocable. *Id.* at 46:10–49:22. Ann later signed documents purporting to amend her estate plan to leave Wisnovsky Land entirely to Couvrette and Robert Wisnovsky (*id.* at 18:18–20:11, 24:9–24), and Couvrette as acting Trustee has been withholding ownership of Wisnovsky Land and failing to transfer it to Mark and Mike (*id.* at 25:2–5). The Trust is in breach of the irrevocable inheritance contract, and Mark and Mike are entitled to specific performance ordering Plaintiffs and their successors to transfer Wisnovsky Land and its Valley View Property to them. *Id.* at 49:23–51:5.

Plaintiffs respond by mischaracterizing the inheritance contract as being "made up of the Redemption Agreement, Agreement to Make Payments, and various related documents." ECF 155 at 25. Plaintiffs then argue the claim "fails as a matter of law and fact" because the "documents were explicitly revocable, no valid contract existed, Defendants were not parties to

the Redemption Agreement, and the agreements were procured through undue influence." *Id.* These arguments fail to create a genuine issue of material fact about the existence and irrevocability of the inheritance contract and the Wisnovsky Defendants' right to specific performance.

### 1. The Inheritance Contract Is Manifested by the Amended Agreement to Make Payments, Second Trust Amendment, and Other Documents Signed by Ann, and Does Not Depend on the Redemption Agreement.

The introduction and summary of Plaintiffs' response mischaracterizes the Wisnovsky Defendants' eighth counterclaim for breach of inheritance contract as being for "the alleged enforcement of a Redemption Agreement." ECF 155 at 1. Plaintiffs further mischaracterize the inheritance contract as being formed by the Leases, Agreement to Make Payments, Redemption Agreement, and April 2017 consent documents. *Id.* Later, Plaintiffs mischaracterize the inheritance contract as being "made up of the Redemption Agreement, Agreement to Make Payments, and various related documents." *Id.* at 25.

The eighth counterclaim is not for enforcement of the Redemption Agreement and does not depend on whether the Redemption Agreement is enforceable. The claim is for enforcement of the inheritance contract. The inheritance contract is manifested by the Amended Agreement to Make Payments and Second Trust Amendment, which do not raise genuine issues of material fact.

The contract is evidenced by other documents signed by Ann, which provide context, but it is the Amended Agreement to Make Payments that most clearly manifests the inheritance contract. It recites:

"Ann M. Wisnovsky has determined to amend the Wisnovsky Trust and Valley View and Wisnovsky Land, LLC, which is controlled by Ann M. Wisnovsky, have agreed to amend a Vineyard Lease that exists between them. <u>Ann M. Wisnovsky's agreement to make such changes is conditioned upon the execution of this Agreement</u>."

ECF 146-7 at 1 (underline added).  This proves Ann agreed to amend her trust on the condition that the Wisnovsky Defendants execute the Amended Agreement to Make Changes, which they did.  The reference to Ann amending her trust referred to the Second Trust Amendment, which Huycke prepared and shared with Mark and Mike along with the Amended Agreement to Make Payments.  ECF 143 at 17:3–21 (citing evidence); ECF 146 at 13 ¶ 41.  That amendment provided for Mark and Mike to inherit Wisnovsky Land and its Valley View Property.  ECF 146-6 at 1.  Ann's agreement to sign the Second Trust Amendment in exchange for the Wisnovsky Defendants signing the Amended Agreement to Make Payments could not have been clearer.

Plaintiffs' introduction argues the Wisnovsky Defendants' "attempt to enforce the Redemption Agreement also fails as a matter of law," and the body of their response includes several arguments about the Redemption Agreement.  ECF 155 at 5, 25–27.  Those arguments are non-responsive because the Wisnovsky Defendants have no claim to enforce the Redemption Agreement, and their claim for specific enforcement of the inheritance contract does not depend on the Redemption Agreement being enforceable.  As explained in the Wisnovsky Defendants' response, the Redemption Agreement was not essential to the inheritance contract and was only intended to increase the amount of cash in the Trust that could be distributed to Couvrette and Robert.  ECF 160 at 39–40.  The Redemption Agreement does not have to be enforceable for the Trust to perform the inheritance contract by transferring Wisnovsky Land to Mark and Mike.

### 2. *The Inheritance Contract Was Irrevocable as a Matter of Law.*

The Wisnovsky Defendants anticipated that Plaintiffs would contend the inheritance contract was revocable because Ann's estate plan was in the form of a revocable trust and Couvrette later arranged for Ann to sign trust amendments purporting to revoke the Second and Third Trust Amendments, which both provided for Mark and Mike to inherit Wisnovsky Land. ECF 146-6, 146-9, 146-10. The Wisnovsky Defendants' motion therefore showed the inheritance contract was irrevocable because it involved an exchange of consideration. ECF 143 at 48:4–49:22.

Plaintiffs contend that, "Where an agreement is revocable, such as the Ann M. Wisnovsky Revocable Trust, it cannot serve as the basis for an irrevocable inheritance contract." ECF 155 at 25. Plaintiffs cite no legal authority for this supposed rule, however, and cite only the *Restatement (Second) of Contracts* § 33 for the proposition that "contract terms must be certain and definite to be enforceable." *Id.* Plaintiffs fail to mention the controlling Oregon case and other legal authorities cited in the Wisnovsky Defendants' motion for the rule that an exchange of consideration renders an inheritance contract irrevocable even if the estate plan "executed pursuant to it remains revocable." ECF 143 at 46:10–47:9 (quoting *Florey v. Meeker*, 194 Or. 257, 277 (1952); citing *Alvarez v. Coleman*, 642 So. 2d 361 (Miss. 1994); *Kozyra v. Jackman*, 60 Mich. App. 7, 9–10 (1975)). The terms of the inheritance contract were certain and definite, it was irrevocable, and specific performance is the appropriate remedy. ECF 143 at 47:11–48:3.

### 3. *The Inheritance Contract Was Supported by Consideration.*

Plaintiffs' introduction argues there was no "consideration supporting the Redemption Agreement" or there was a "failure of performance" by the Wisnovsky Defendants because they

Page 45 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

"made no payments under the Agreement to Make Payments." ECF 155 at 5. They present similar arguments in the body of their response. *Id.* at 27. As explained in the Wisnovsky Defendants' motion, the Amended Agreement to Make Payments was the consideration given by the Wisnovsky Defendants in performance of their side of the inheritance contract and in exchange for Ann's promise that they would inherit the Valley View Property when she died. ECF 143 at 49:10–15; *see also* ECF 160 at 35, 39. Plaintiffs have pleaded no claim for breach of the Agreement to Make Payments or Amended Agreement to Make Payments. Those agreements included conditions precedent that had to occur before the Wisnovsky Defendants would have any payment obligations. ECF 146-2 at 1–2; 146-7 at 1–2. Plaintiffs do not show those conditions ever occurred. Even if they had, the remedy would be enforcement of the payment obligation, not invalidation of the inheritance contract. The Wisnovsky Defendants are entitled to specific performance of the inheritance contract as a matter of law and undisputed fact.

### 4. *Plaintiffs' Unpled Theory of Undue Influence Creates No Genuine Issues of Material Fact.*

Plaintiffs argue the inheritance contract is unenforceable because it was the product of undue influence. They have not pled a claim, however, to revoke the inheritance contract or declare it unenforceable as a remedy for undue influence. There is no such claim in Plaintiffs' amended complaint. *See generally* ECF 45. Plaintiffs never filed an answer and affirmative defenses to the Wisnovsky Defendants fourth amended counterclaims. ECF 114; *see generally* CM/ECF. Those are the operative pleadings. The Court should reject Plaintiffs' improper and unpersuasive attempt to establish new, unpled grounds for denial of the inheritance contract counterclaim. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006)

Page 46 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
               SUMMARY JUDGMENT

(affirming district court's refusal to consider plaintiff's new allegations of unpled theory of liability in response to defendant's motion for summary judgment, and affirming grant of summary judgment).

Plaintiffs attempt to create genuine issues of material fact about whether the inheritance contract is enforceable by alleging the "Documents Were Procured Through Undue Influence." ECF 155 at 27. In support of this bold contention, however, Plaintiffs offer only a few sentences in support, cite only Exhibit 27 as evidence, and for legal authority cite only *Neel v. Lee*, 240 Or. App. 70 (2010), and *Church v. Woods*, 190 Or. App. 112 (2003). ECF 155 at 27.

There is no case entitled "*Neel v. Lee*" at 240 Or. App. 70. That reporter citation is a page of *Rood v. Coos County*, 240 Or. App. 68 (2010), which is a land use case that has nothing to do with undue influence. There is a case entitled "*Neel v. Lee*" at 316 Or. App. 159 (2021), but it also makes no mention of "undue influence."

*Church v. Woods*, 190 Or. App. 112 (2003), is a real citation, and the case involved a claim for undue influence, but the trial court dismissed that claim and the plaintiff did not appeal that dismissal. *Id.* at 116. *Church* vacated the trial court's dismissal of a claim for elder financial abuse on the grounds that there was neither a taking nor an appropriation. *Id.* It then "remanded the financial abuse claim to the trial court to determine whether defendant acted wrongfully." *Id.* at 119. *Church* made no determination about whether a contract was unenforceable for undue influence.

Plaintiffs have identified no case in which an inheritance contract was revoked for undue influence, let alone a case like this in which the testator's own attorney documented the existence and terms of the inheritance contract in a contract recital and drafted the documents in which the parties exchanged consideration. Plaintiffs have failed to show that their unpled theory of undue

Page 47 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

influence raises any genuine issues of material fact about whether the inheritance contract is enforceable.

Plaintiffs list 13 facts they attempted to contradict, but they fail to explain how any of these supposed factual issues are material to the eighth counterclaim for specific performance of the inheritance contract. ECF 155 at 28–29. They are not material.

Plaintiffs' Exhibit 27 is a declaration of Anna Maria Couvrette dated January 28, 2025, which Plaintiffs improperly failed to file as a separate document in violation of LR 10-3(a). *See* ECF 160 at 15 (showing violation). The declaration presents observations after May 2019. ECF 158 at 183–84. Its ostensible purpose is to oppose the Wisnovsky Defendants' claim that Couvrette used undue influence to cause Ann to amend her estate plan in May 2019 while Ann was suffering from diminished capacity. The declaration is irrelevant to the February 2017 inheritance contract. Even if the May 2019 changes to Ann's estate plan were legally effective, the inheritance contract remained irrevocable and enforceable because Ann had exchanged consideration with Mark and Mike—obtaining their promises in the Amended Agreement to Make Payments in exchange for the Second Trust Amendment. Anna Maria's declaration creates no genuine issue of material fact about the eighth counterclaim.

**G.     The Inheritance Contract Provides Additional Grounds for Dismissing Sullivan's Claim That the Leases Constitute Elder Abuse and Plaintiffs' Declaratory Claim Seeking to Avoid the Leases.**

The Wisnovsky Defendants' motion showed that the inheritance contract provides additional grounds to dismiss Sullivan's claim elder financial abuse alleging the Leases constitute elder financial abuse and Plaintiffs' claim for declaratory judgment that the Leases are invalid. ECF 143 at 51:6–22.

Page 48 -     WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL
               SUMMARY JUDGMENT

If the Court grants the Wisnovsky Defendants' motion with respect to their inheritance contract counterclaim, Sullivan will have no basis on which to allege Ann suffered injury by reason of financial abuse because Ann and the Trust will have received the consideration for which they bargained in promising to convey Wisnovsky Land to Mark and Mike, namely, the Amended Agreement to Make Payments, to which Mark and Mike remain bound. And after the transfer of Wisnovsky Land to Mark and Mike, Couvrette will be a former owner of Wisnovsky Land and will therefore have no standing to allege the Leases are invalid.

Plaintiffs' response does not address those arguments or dispute that those two claims should be dismissed if the Court grants summary judgment on the Wisnovsky Defendants' inheritance contract counterclaim. Thus, even if the Court does not dismiss the elder abuse claim and declaratory judgment claim on the merits, the Court should dismiss them for the reasons stated above if the Court grants summary judgment on the Wisnovsky Defendants' inheritance contract counterclaim.

## H. The Wisnovsky Defendants Are Entitled to an Award of Attorney Fees Against Plaintiffs, Including Couvrette Personally.

The Wisnovsky Defendants' motion showed that they are entitled to reasonable attorney fees against Plaintiffs on three independent grounds: (1) for obtaining summary judgment dismissing Sullivan's claim for elder abuse related to the Leases, based on the attorney fee provisions in the Leases; (2) for obtaining summary judgment dismissing Plaintiffs' claim for declaratory judgment related to the Leases, based on the attorney fee provisions in the Leases; and (3) for prevailing on the Wisnovsky Defendants' claim for breach of inheritance contract against Plaintiffs, including Couvrette personally, based on the attorney fee provision in the Amended Agreement to Make Payments. ECF 143 at 55:11–57:11.

Page 49 -     WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs' response argues they are not liable for attorney fees because the "request for attorney fees is premature, unsupported by statute, and unwarranted given the genuine disputes of material fact and the equitable nature of Plaintiffs' claims." ECF 155 at 31. Those arguments miss the mark and fail to disprove Plaintiffs' liability for attorney fees. Additionally, Plaintiffs altogether failed to rebut or even mention the Wisnovsky Defendants' argument that Couvrette is personally liable for attorney fees pursuant to the Amended Agreement to Make Payments and ORS 130.845(2). The Court should enter summary judgment holding Plaintiffs liable for the Wisnovsky Defendants' reasonable attorney fees.

First, Plaintiffs argue, "to the extent Defendants seek fees under Fed. R. Civ. P. 54(d)(2), such a request is procedurally improper at the summary judgment stage" because that rule "permits a prevailing party to file a motion for attorney fees after entry of judgment—not in advance of a determination on the merits." ECF 155 at 31.

The Wisnovsky Defendants' motion for partial summary judgment is not a motion for attorney fees pursuant to Rule 54(d)(2), which governs the procedure for awarding reasonable attorney fees after entry of judgment. The Wisnovsky Defendants are instead seeking judgment that Plaintiffs are liable for the Wisnovsky Defendants' reasonable attorney fees pursuant to contract provisions in the Leases and Amended Agreement to Make Payments, as well as pursuant to ORS 130.845(2). ECF 143 at 55:11–57:11. And the Wisnovsky Defendants' motion argues that, if they obtain summary judgment on Sullivan's elder abuse claim, Plaintiffs' declaratory judgment claim, and/or their inheritance contract counterclaim, they should be awarded reasonable attorney fees "in an amount to be determined pursuant to Fed. R. Civ. P. 54." *Id.* at 56:1–2, 8–9. Thus, the Wisnovsky Defendants' motion is not premature.

Second, Plaintiffs argue the Wisnovsky Defendants cannot recover their reasonable attorney fees under the Leases because "Plaintiffs are expressly challenging the validity of those very agreements" and, based on the case of *Pac.orp* [*sic*] *v. Henne*, 314 Or. 511, 516 (1992), "Oregon law is clear that a party cannot recover fees under a contract alleged to be void or unenforceable unless and until the contract is upheld." ECF 155 at 31.

The Wisnovsky Defendants' motion for partial summary judgment regarding their attorney fee claims under the Leases and Amended Agreement to Make Payments presumes they will prevail in obtaining summary judgment dismissing Plaintiffs' elder abuse or declaratory judgment claims or granting their counterclaim for specific performance of the inheritance contract. If they prevail on any of those grounds, Plaintiffs will have no claim to invalidate the Leases or Amended Agreement to Make Payments.

Moreover, the *Henne* case cited by Plaintiffs does not appear to exist. "314 Or. 511" is where the case of *State v. Langley* is located, but that case concerns the admission of evidence in a murder trial and has nothing to do with attorney fees. *State v. Langley*, 314 Or. 511, 520 (1992). Plaintiffs appear to be alluding to the now-superseded rule in *Bodenhamer v. Patterson*, 278 Or. 367, 378 (1977), that a prevailing party may not recover attorney fees under a contract held to be void. The Oregon legislature superseded *Bodenhamer* in 2003 when it passed a law that was codified at ORS 20.083, which provides,

> "A prevailing party in a civil action relating to an express or implied contract is entitled to an award of attorney fees that is authorized by the terms of the contract or by statute, even though the party prevails by reason of a claim or defense asserting that the contract is in whole or part void, a claim or defense asserting that the contract is unenforceable or a claim or defense asserting that the prevailing party was not a party to the contract."

Page 51 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

ORS 20.083. That statute does not bar the Wisnovsky Defendants from recovering their attorney fees if they prevail on any of the fee-bearing bases described in their motion and above.

Plaintiffs also argue the Wisnovsky Defendants cannot recover attorney fees under the Leases because they "are in default under the very leases they seek to enforce," and a breaching party "cannot invoke contractual provisions for attorney fees were it has not performed." ECF 155 at 31. Plaintiffs cite no legal authority nor evidence in the record in support of that argument, which the Wisnovsky Defendants dispute.

Indeed, Plaintiffs' argument is contradicted by ORS 20.083, which requires only that the Wisnovsky Defendants prevail against claims relating to an express contract that authorizes them to recover their attorney fees. ORS 20.083 applies even where the claim at issue asserts the contract is "void" or "unenforceable," which is what the elder abuse and declaratory judgment claims assert with respect to the Leases. The Wisnovsky Defendants do not have to prove perfect performance of the Leases to recover attorney fees for prevailing against the elder abuse and declaratory judgment claims. Likewise, if they prevail on their claim for specific performance of the inheritance contract, they will be entitled to attorney fees under the Amended Agreement to Make Payments, which is independent of the Leases and does not depend in any way on whether they ever breached or performed the Leases. Plaintiffs have no claim, allegation, or evidence that the Wisnovsky Defendants ever breached the Amended Agreement to Make Payments.

Third, Plaintiffs argue the Wisnovsky Defendants cannot recover attorney fees for prevailing on their counterclaim for breach of the inheritance contract because the Wisnovsky Defendants are not parties to the Redemption Agreement and therefore "have no legal basis to claim fees under that agreement[.]" ECF 155 at 31. That argument is wrong and irrelevant

because the Wisnovsky Defendants seek to recover attorney fees for prevailing on their breach of inheritance contract counterclaim pursuant to the Amended Agreement to Make Payments—not the Redemption Agreement. ECF 143 at 56:7–57:11. As shown above and in the Wisnovsky Defendants' response to Plaintiffs' motion, the Redemption Agreement was not essential to the inheritance contract. ECF 160 at 39–40. The fact that the Wisnovsky Defendants were not parties to the Redemption Agreement is irrelevant to their claim for attorney fees pursuant to the Amended Agreement to Make Payments.

Finally, Plaintiffs argue they should not be held liable for attorney fees because unspecified "evidence of undue influence, lack of consideration, and procedural irregularities . . . raise significant equitable concerns" that create grounds for denying attorney fees "as a matter of equity and fairness." ECF 155 at 32. Plaintiffs cite no legal authorities and no evidence in the record in support of that argument. The Court should therefore reject that argument and enter judgment holding Plaintiffs, including Couvrette personally, liable for the Wisnovsky Defendants' reasonable attorney fees in an amount to be determined pursuant to Fed. R. Civ. P. 54.

## CONCLUSION

For the foregoing reasons, the Court should strike Plaintiffs' motion and response, and/or dismiss their claims with prejudice because they have egregiously violated the Local Rules and Rule 11(b), after having been warned by the Court that further noncompliance may result in dismissal of their claims.

The Court should also grant the Wisnovsky Defendants' motion for partial summary judgment and (1) dismiss Plaintiffs' claims for elder financial abuse, declaratory judgment, and unjust enrichment with prejudice; (2) grant the Wisnovsky Defendants' eight counterclaim for

declaratory judgment; and (3) award the Wisnovsky Defendants their reasonable attorney fees in an amount to be determined pursuant to Fed. R. Civ. P. 54.

DATED:  May 2, 2025

CHENOWETH LAW GROUP, PC

/s/ Bradley T. Crittenden
Sandra S. Gustitus, OSB No. 143298
Bradley T. Crittenden, OSB No. 173274
510 SW Fifth Avenue, 4th Floor
Portland, OR  97204
Phone: (503) 221-7958
Fax:  (503) 221-2182
Email: sgustitus@chenowethlaw.com
bcrittenden@chenowethlaw.com

*Attorneys for Defendants Michael J. Wisnovsky, Mark A. Wisnovsky, and Valley View Winery, Inc.*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b) and the Court's February 24, 2025 *Order Granting Motion to File Excess Pages* (ECF 148, 149) because it contains 16,404 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED: May 2, 2025

CHENOWETH LAW GROUP, PC

 /s/ Bradley T. Crittenden
Sandra S. Gustitus, OSB No. 143298
Bradley T. Crittenden, OSB No. 173274
510 SW Fifth Avenue, 4th Floor
Portland, OR  97204
Phone: (503) 221-7958
Fax:  (503) 221-2182
Email: sgustitus@chenowethlaw.com
bcrittenden@chenowethlaw.com

*Attorneys for Defendant Michael J. Wisnovsky, Mark A. Wisnovsky, and Valley View Winery, Inc.*

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 2, 2025, I caused to be served a copy of the foregoing **WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT,** on the following person(s) in the manner indicated below:

Stephen M. Brigandi
3624 Caminito Cielo Del Mar
San Diego, CA 92130
Brigandilaw@gmail.com

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette and Wisnovsky Land LLC*

Timothy Murphy
Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
tim@oregonlandlord.net

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette and Wisnovsky Land LLC*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com

*Attorney for Defendant Mark Wisnovsky, Michael Wisnovsky and Valley View Winery*


by the following method(s):

xx         by **e-service via CM/ECF** on the date set forth below.

       I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for perjury.

       DATED: May 2, 2025

                                 */s/ Jami Asay* _____
                                   Jami Asay, Paralegal