**Bonnie Richardson, OSB No. 983331**
Email: bonnie@richardsonwright.com
**Joseph Franco, OSB No. 073913**
Email: joe@richardsonwright.com
**Elizabeth Graves, OSB No. 193644**
Email: elizabeth@richardsonwright.com
Richardson Wright LLP
805 SW Broadway, Suite 470
Portland, Or 97205
Telephone: (503) 546-4637
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust, | Case No. 1:21−cv−00157−CL |
| Plaintiff, | PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS |
| vs. | |
| MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP, | |
| Defendants. | |

Plaintiff Joanne Couvrette, as trustee of the Ann Wisnovsky Trust, hereby responds to

Defendants Mark A. Wisnovsky, Michael J. Wisnovksy, and Valley View Winery, Inc. First

Requests for Production of Documents as follows:

///

Page 1 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit 1
Page 1 of 25

## **GENERAL OBJECTIONS**

Plaintiff Couvrette incorporates the following general objections into each of its responses to Defendants Mark A. Wisnovsky, Michael J. Wisnovsky, and Valley View Winery, Inc.'s Requests for Production.

1.      Plaintiff objects to Defendants Mark A. Wisnovsky, Michael J. Wisnovsky, and Valley View Winery, Inc.'s instructions and requests for production to the extent that they attempt to impose any requirements other than the discovery obligations specified in the Federal Rules of Civil Procedure and other applicable rules.

2.      Plaintiff objects to Defendants Mark A. Wisnovsky, Michael J. Wisnovsky, and Valley View Winery, Inc.'s requests for production to the extent that they seek information, documents, or communications outside of Plaintiff's possession, custody, or control.

3.      Plaintiff objects to the disclosure of information or documents that are protected by the attorney-client privilege, work product privilege, or any other applicable privilege.

4.      The fact that Plaintiff has responded to or objected to any request for production shall not be deemed an admission that Plaintiff accepts or admits that such response or objection constitutes admissible evidence.

5.      Plaintiff reserves the right to amend, modify, or supplement these responses in accordance with the Federal Rules of Civil Procedure and other applicable rules, should additional information and/or documents become available.

6.      Plaintiff objects to the definition of "you," "your," or "Plaintiff" as vague, confusing, and overly broad. Plaintiff interprets "you," "your," or "Plaintiff" to refer to the plaintiff Joanne Couvrette, in her capacity as trustee for Ann M. Wisnovsky Trust.

7.       Plaintiff objects to the definition of "Mark Wisnovsky" as vague, confusing, and overly broad. Plaintiff interprets "Mark Wisnovsky" to refer to Defendant Mark A. Wisnovsky.

Page 2 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 2 of 25

8.    Plaintiff objects to the definition of "Mike Wisnovsky" as vague, confusing, and overly broad. Plaintiff interprets "Mike Wisnovsky" to refer to Defendant Mike J. Wisnovsky.

9.    Plaintiff objects to the definition of "Ann Wisnovsky" as vague, confusing, and overly broad. Plaintiff interprets "Ann Wisnovsky" to refer Ann Wisnovsky.

10.    Plaintiff objects to the definition of "Dick Thierolf" as vague, confusing, and overly broad. Plaintiff interprets "Dick Thierolf" to refer to attorney Richard B. Thierolf.

11.    Plaintiff objects to the definition of "Gary Turner" as vague, confusing, and overly broad. Plaintiff interprets "Gary Turner" to refer to attorney Gary Turner.

## DEFINITIONS

These responses and objections use the following defined terms:

1.    "You," "your," or "Plaintiff" refers to the plaintiff Joanne Couvrette, in her capacity as trustee for Ann M. Wisnovsky Trust.

2.    "Defendant Huycke" or "Huycke" refers to Defendant Patrick Huycke.

3.    "Defendant Mark Wisnovsky" or "Mark" refers to Defendant Mark A. Wisnovsky.

4.    "Defendant Mike Wisnovsky" or "Mike" refers to Defendant Michael J. Wisnovsky.

5.    The "Wisnovsky Defendants" refers to Mark, Mike, and Valley View Winery, Inc.

6.    The "Vineyard Lease" refers to the Vineyard Lease dated March 24, 2016, between the Ann M. Wisnovsky trust and Valley View Winery, Inc, and all addenda thereto.

7.    The "Winery Lease" refers to the Winery Lease dated March 24, 2016, between the Ann M. Wisnovsky Trust and Valley View Winery, Inc., and all addenda thereto.

8.    "Leases" refers collectively to the "Vineyard Lease" and "Winery Lease."

9.    The "Trust" refers to the Ann M. Wisnovsky Trust, and all amendments thereto.

10.    "Ann Wisnovsky" or "Ann" refers to Ann Wisnovsky in her individual capacity

Page 3 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

RICHARDSON WRIGHT LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637

Exhibit 1
Page 3 of 25

and her capacity as former trustee to the Ann M. Wisnovsky Trust.

11.    "Dick Thierolf" refers to attorney Richard B. Thierolf.

12.    "Gary Turner" or "Gary" refers to attorney Gary Turner.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    All documents related to your communications with Ann Wisnovsky regarding the Trust.

**RESPONSE:**    Plaintiff objects to this request as overbroad, unduly burdensome, and not limited in time. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 2:**    All documents related to your communications with Ann Wisnovsky regarding the Property.

**RESPONSE:**    Plaintiff objects to this request as unduly burdensome, overbroad, and seeking irrelevant information. Plaintiff also objects that this request is not limited in time or scope. Plaintiff further objects to this request to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 3:**    All documents related to your communications with Ann Wisnovsky regarding the Leases.

Page 4 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 4 of 25

**RESPONSE:**     Plaintiff objects to this request to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 4:**     All documents related to your communications with Ann Wisnovsky regarding the Power of Attorney.

**RESPONSE:**     Plaintiff objects to this request as overly broad and not proportional to the needs of the case. Plaintiff further objects to this request to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 5:**     All documents related to your communications with Ann Wisnovsky regarding the Redemption Agreement.

**RESPONSE:**     Plaintiff objects to this request to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 6:**     All documents related to your communications with Ann Wisnovsky regarding the Stock Transfer.

**RESPONSE:**     Plaintiff objects to this request to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Page 5 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 5 of 25

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 7:**    All documents related to your communications with the Wisnovsky Defendants regarding the Trust.

**RESPONSE:**    Plaintiff objects to this request as it seeks documents or information equally available to the Wisnovsky Defendants. Plaintiff also objects to this request as overbroad, unduly burdensome, and not limited with respect to time. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 8:**    All documents related to your communications with the Wisnovsky Defendants regarding the Property.

**RESPONSE:**    Plaintiff objects to this request as overbroad, unduly burdensome, and not limited in time. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this request as it seeks documents or information equally available to the Wisnovsky Defendants.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 9:**    All documents related to your communications with the Wisnovsky Defendants regarding the Leases.

Page 6 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 6 of 25

**RESPONSE:**     Plaintiff objects to this request as overbroad, unduly burdensome, and not limited in time. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this request to the extent that it seeks documents or information equally available to the Wisnovsky Defendants.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 10:**  All documents related to your communications with the Wisnovsky Defendants regarding the Power of Attorney.

**RESPONSE:**     Plaintiff objects to this request to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this request to the extent that it seeks documents or information equally available to the Wisnovsky Defendants. Plaintiff further objects to this request insofar as it seeks information that is irrelevant to the present dispute.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 11:**  All documents related to your communications with the Wisnovsky Defendants regarding the Redemption Agreement.

**RESPONSE:**   Plaintiff objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this request to the extent that it seeks documents or information equally available to the Wisnovsky Defendants.

Page 7 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 7 of 25

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 12:**  All documents related to your communications with the Wisnovsky Defendants regarding the Stock Transfer.

**RESPONSE:**    Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this request to the extent that it seeks documents or information equally available to the Wisnovsky Defendants.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 13:**  All documents related to your communications with any person or entity other than Ann Wisnovsky or the Wisnovsky Defendants regarding the Trust.

**RESPONSE:**    Plaintiff objects to this request as vastly overbroad, unduly burdensome, not limited in time, and not proportional to the needs of the case. Plaintiff also objects to this request insofar as it seeks information irrelevant to the present dispute. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 14:**  All documents related to your communications with any person or entity other than Ann Wisnovsky or the Wisnovsky Defendants regarding the Property.

Page 8 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 8 of 25

**RESPONSE:**    Plaintiff objects to this request as overbroad, unduly burdensome, not limited in time, and not proportional to the needs of the case. Plaintiff also objects to this request insofar as it seeks information irrelevant to the present dispute. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 15:**    All documents related to your communications with any person or entity other than Ann Wisnovsky or the Wisnovsky Defendants regarding the Leases.

**RESPONSE:**    Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff also objects to this request insofar as it seeks information irrelevant to the present dispute. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 16:**    All documents related to your communications with any person or entity other than Ann Wisnovsky or the Wisnovsky Defendants regarding the Power of Attorney.

**RESPONSE:**    Plaintiff objects to this request as overbroad, unduly burdensome, not limited in time, and not proportional to the needs of the case. Plaintiff also objects to this request insofar as it seeks information irrelevant to the present dispute. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Page 9 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

RICHARDSON WRIGHT LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 9 of 25

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 17:** All documents related to your communications with any person or entity other than Ann Wisnovsky or the Wisnovsky Defendants regarding the Redemption Agreement.

**RESPONSE:** Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff also objects to this request insofar as it seeks information irrelevant to the present dispute. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 18:** All documents related to your communications with any person or entity other than Ann Wisnovsky or the Wisnovsky Defendants regarding the Stock Transfer.

**RESPONSE:** Plaintiff objects to this request as overbroad, unduly burdensome, not limited in time, and not proportional to the needs of the case. Plaintiff also objects to this request insofar as it seeks information irrelevant to the present dispute. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 19:** All documents related to the Trust.

Page 10 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637

Exhibit 1
Page 10 of 25

**RESPONSE:**   Plaintiff objects to this request as overbroad, unduly burdensome, not limited in time, and not proportional to the needs of the case. Plaintiff also objects to this request insofar as it seeks information irrelevant to the present dispute. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce relevant, responsive, non-privileged documents.

**REQUEST NO. 20:**   All documents related to the Property.

**RESPONSE:**    Plaintiff objects to this request as overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case.  Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce responsive, non-privileged documents relating to the parties' disputes about the Property.

**REQUEST NO. 21:**   All documents related to the Leases.

**RESPONSE:**   Plaintiff objects to this request as overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce responsive, non-privileged documents relating to the parties' disputes about the Leases.

**REQUEST NO. 22:**   All documents related to the Power of Attorney.

Page 11 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 11 of 25

**RESPONSE:**    Plaintiff objects to this request as overbroad, unduly burdensome,  seeking irrelevant information, and not proportional to the needs of the case.  Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce responsive, non-privileged documents regarding the Power of Attorney.

**REQUEST NO. 23:**  All documents related to the Redemption Agreement.

**RESPONSE:**    Plaintiff objects to this request to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this request to the extent that it seeks documents or information more accessible to the Wisnovsky Defendants.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 24:**  All documents related to the Stock Transfer.

**RESPONSE:**    Plaintiff objects to this request to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects to this request to the extent that it seeks documents or information more accessible to the Wisnovsky Defendants.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request

**REQUEST NO. 25:**  All documents related to your actions as trustee of the Trust.

Page 12 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 12 of 25

**RESPONSE:** Plaintiff objects to this request as overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce responsive, non-privileged documents relating to the parties' disputes about the Trust.

**REQUEST NO. 26:** All documents related to your communications with Ann Wisnovsky regarding Ann Wisnovsky's mental health and mental capacity since January 1, 2005.

**RESPONSE:** Plaintiff objects to this request as overbroad, unduly burdensome, and seeking information irrelevant to the present dispute. Plaintiff also objects to this request as vague as to the terms "mental health" and "mental capacity." In addition, Plaintiff objects to this request to the extent it seeks to invade the physician-patient privilege. Plaintiff further objects to the extent it seeks the production of information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request. .

**REQUEST NO. 27:** All documents related to your communications with the Wisnovsky Defendants regarding Ann Wisnovsky's mental health and mental capacity since January 1, 2005.

**RESPONSE:** Plaintiff objects to this request as overbroad and unduly burdensome. Plaintiff also objects to this request as vague as to the terms "mental health" and "mental capacity." Plaintiff further objects to this request to the extent it seeks to invade the physician-patient privilege, attorney-client privilege, work product doctrine, or other privilege. In addition, Plaintiff objects to this request as it seeks documents or information equally available to the Wisnovsky Defendants.

Page 13 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

RICHARDSON WRIGHT LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637

Exhibit 1
Page 13 of 25

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 28:**  All documents related to your communications with any person or entity other than Ann Wisnovsky or the Wisnovsky Defendants regarding Ann Wisnovsky's mental health and mental capacity since January 1, 2005.

**RESPONSE:**  Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff also objects to this request as vague as to the terms "mental health" and "mental capacity."  Plaintiff further objects to this request to the extent it seeks to invade the physician-patient privilege, attorney-client privilege, work product doctrine, or other privilege. In addition, Plaintiff objects to this request insofar as it seeks documents or information equally available to the Wisnovsky Defendants.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged, responsive documents following entry of an appropriate protective order.

**REQUEST NO. 29:**  All documents related to Ann Wisnovsky's mental health and mental capacity since January 1, 2005.

**RESPONSE:**  Plaintiff objects to this request as overbroad and unduly burdensome. Plaintiff also objects to this request as vague as to the terms "mental health" and "mental capacity."  Plaintiff further objects to this request to the extent it seeks to invade the physician-patient privilege, attorney-client privilege, work product doctrine, or other privilege. In addition, Plaintiff objects to this request insofar as it seeks documents or information equally available to the Wisnovsky Defendants.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged, responsive documents following entry of an appropriate protective order.

Page 14 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 14 of 25

**REQUEST NO. 30:** All documents related to your communications with Ann Wisnovsky regarding Ann Wisnovsky's medical records or medical care since January 1, 2005.

**RESPONSE:**     Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to this request as it is not limited to information related to Ann Wisnovsky's mental capacity and seeks to invade Ann's medical privacy without justification. Plaintiff also objects to this request as vague as to the terms "medical records" and "medical care."  Plaintiff further objects to this request to the extent it seeks to invade the physician-patient privilege, attorney-client privilege, work product doctrine, or other privilege. In addition, Plaintiff objects to this request insofar as it seeks documents or information equally available to the Wisnovsky Defendants.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged, responsive documents related to Ann's mental capacity following entry of an appropriate protective order.

**REQUEST NO. 31:**  All documents related to your communications with the Wisnovsky Defendants regarding Ann Wisnovsky's medical records or medical care since January 1, 2005.

**RESPONSE:**     Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to this request as it is not limited to information related to Ann Wisnovsky's mental capacity and seeks to invade Ann's medical privacy without justification. Plaintiff also objects to this request as vague as to the terms "medical records" and "medical care."  Plaintiff further objects to this request to the extent it seeks to invade the physician-patient privilege, attorney-client privilege, work product doctrine, or other privilege. In addition, Plaintiff objects to this request as it seeks documents or information equally available to the Wisnovsky Defendants.

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 15 of 25

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged, responsive documents related to Ann's mental capacity following entry of an appropriate protective order.

**REQUEST NO. 32:**  All documents related to your communications with any person or entity other than Ann Wisnovsky or the Wisnovsky Defendants regarding Ann Wisnovsky's medical records or medical care since January 1, 2005.

**RESPONSE:**    Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to this request as it is not limited to information related to Ann Wisnovsky's mental capacity and seeks to invade Ann's medical privacy without justification. Plaintiff also objects to this request as vague as to the terms "medical records" and "medical care."   Plaintiff further objects to this request to the extent it seeks to invade the physician-patient privilege, attorney-client privilege, work product doctrine, or other privilege. In addition, Plaintiff objects to this request as it seeks documents or information equally available to the Wisnovsky Defendants.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged, responsive documents related to Ann's mental capacity following entry of an appropriate protective order.

**REQUEST NO. 33:**  All documents related to Ann Wisnovsky's medical records or medical care since January 1, 2005.

**RESPONSE:**    Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to this request as it is not limited to information related to Ann Wisnovsky's mental capacity and seeks to invade Ann's medical privacy without justification.  Plaintiff also objects to this request as vague as to the terms "medical records"

Page 16 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 16 of 25

and "medical care." Plaintiff further objects to this request to the extent it seeks to invade the physician-patient privilege, attorney-client privilege, work product doctrine, or other privilege. In addition, Plaintiff objects to this request as it seeks documents or information equally available to the Wisnovsky Defendants.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged, responsive documents relating to Ann's mental capacity following entry of an appropriate protective order.

**REQUEST NO. 34:** All documents related to the damages Plaintiff alleges and seeks to recover from the Wisnovsky Defendants.

**RESPONSE:** Plaintiff objects to this request as it seeks the disclosure of expert opinions before the deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2). Plaintiff further objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged, responsive documents at the appropriate time.

**REQUEST NO. 35:** All documents related to the alleged fact that Mark Wisnovsky and Mike Wisnovsky "worked together [with attorney Patrick Huycke] to create a series of agreements that deprived Ann of the economic benefits she needed for her care while enriching Mark [Wisnovsky] and Michael [Wisnovsky]," as alleged in paragraph 32 of the Complaint.

**RESPONSE:** Plaintiff objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Discovery is ongoing, and Plaintiff has not yet received full copies of the relevant client files from Defendant Huycke's

Page 17 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

RICHARDSON WRIGHT LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637

Exhibit 1
Page 17 of 25

representation of Ann Wisnovsky, as an individual, or his representation of Valley View Winery. Plaintiff reserves the right to supplement this response.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 36:** All documents related to the "information provided by Mark [Wisnovsky] and Michael [Wisnovsky]" alleged in paragraph 34 of the Complaint.

**RESPONSE:** Plaintiff objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Discovery is ongoing, and Plaintiff has not yet received full copies of the relevant client files from Defendant Huycke's representation of Ann Wisnovsky, as an individual, or his representation of Valley View Winery. Plaintiff reserves the right to supplement this response.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 37:** All documents related to the "scheme" alleged in paragraph 38 of the Complaint.

**RESPONSE:** Plaintiff objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Discovery is ongoing, and Plaintiff has not yet received full copies of the relevant client files from Defendant Huycke's representation of Ann Wisnovsky, as an individual, or his representation of Valley View Winery. Plaintiff reserves the right to supplement this response.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

Page 18 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

RICHARDSON WRIGHT LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637

Exhibit 1
Page 18 of 25

**REQUEST NO. 38:**  All documents related to the alleged fact that "Mark [Wisnovsky] and Michael [Wisnovsky] began stepping up their control and manipulation of Ann [Wisnovsky]," as alleged in paragraph 43 of the Complaint.

**RESPONSE:**  Plaintiff objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Discovery is ongoing, and Plaintiff has not yet received full copies of the relevant client files from Defendant Huycke's representation of Ann Wisnovsky, as an individual, or his representation of Valley View Winery. Plaintiff reserves the right to supplement this response.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 39:**  All documents related to the alleged fact that "[o]n November 13, 2019, Ann resigned as trustee of the Trust in order to allow Joanne to serve as the sole trustee and protector of Ann's property," as alleged in paragraph 44 of the Complaint.

**RESPONSE:**  Plaintiff objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 40:**  All documents related to your communications with any person or entity other than Ann Wisnovsky or the Wisnovsky Defendants regarding any of the allegations or facts alleged in paragraphs 24 through 58 of the Complaint.

**RESPONSE:**  Plaintiff objects to this request as overly broad and unduly burdensome as it seeks all documents related to numerous allegations in the Complaint. Plaintiff further objects

Page 19 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 19 of 25

to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 41:** To the extent not already produced in response to a foregoing request for production, all documents related to any of the facts alleged in paragraphs 24 through 58 of the Complaint.

**RESPONSE:** Plaintiff objects to this request as overly broad and unduly burdensome as it seeks all documents related to numerous allegations in the Complaint. Plaintiff also objects as the request is vague as to the term "any of the facts." Plaintiff further objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 42:** All documents related to the Wisnovsky Defendants' alleged failure to mitigate their damages, as alleged in paragraph 25 of Plaintiff's Answer.

**RESPONSE:** Plaintiff objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff further objects to this request as it seeks information equally available to the Wisnovsky Defendants. In addition, Plaintiff objects to this request insofar as it seeks the disclosure of expert opinions before the deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2).

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

Page 20 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone: (503) 546-4637

Exhibit 1
Page 20 of 25

**REQUEST NO. 43:**   All documents related to Ann Wisnovsky's alleged refusal to "accept modifications to the [Vineyard] Lease," as alleged in paragraph 26 of Plaintiff's Answer.

**RESPONSE:**   Plaintiff objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff further objects to this request as it seeks information equally available to the Wisnovsky Defendants.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 44:**   All documents related to the Wisnovsky Defendants' alleged waiver "of their right to pursue damages resulting from the alleged miscalculation of rental payments," as alleged in paragraph 29 of Plaintiff's Answer.

**RESPONSE:**   Plaintiff objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff further objects to this request as it seeks a legal conclusion from a lay witness.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request.

**REQUEST NO. 45:**   All documents related to Dick Thierolf's communications with any department of Jackson County, Oregon after January 1, 2019.

**RESPONSE:**   Plaintiff objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff further objects to this request to the extent it seeks information outside Plaintiff's possession, custody, or control. Plaintiff also objects to this request as overly broad and unduly burdensome because it is not limited to communications related to this dispute or the representation of Plaintiff.

Page 21 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 21 of 25

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents relevant to the allegations in the Complaint.

**REQUEST NO. 46:**  All documents related to your communications with any department of Jackson County, Oregon after January 1, 2019.

**RESPONSE:**    Plaintiff objects to this request as overly broad and unduly burdensome because it is not limited to communications related to this dispute. Plaintiff further objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce relevant, responsive, non-privileged documents.

**REQUEST NO. 47:**  All documents related to any department of Jackson County, Oregon after January 1, 2019.

**RESPONSE:**    Plaintiff objects to this request as overly broad and unduly burdensome as it is no way limited to the subject matter of this dispute. Plaintiff further objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce relevant, responsive, non-privileged documents.

**REQUEST NO. 48:**  All documents related to Gary Turner.

**RESPONSE:**    Plaintiff objects to this request as overly broad and unduly burdensome as it is not limited to documents related to the present dispute. Plaintiff further objects to this request

Page 22 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 22 of 25

insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce relevant, responsive, non-privileged documents.

**REQUEST NO. 49:**   All documents related to costs, expenses, damages, or other amounts that Plaintiff has incurred in retaining and obtaining legal services from Richardson Wright, LLP that Plaintiff seeks to recover in this Lawsuit.

**RESPONSE:**    Plaintiff objects to this request as it seeks to invade the attorney-client privilege and work product doctrine. Plaintiff further objects to this request insofar as the information is protected by any other applicable privilege.

**REQUEST NO. 50:**   All documents related to the terms upon which Plaintiff retained Richardson Wright, LLP in connection with this Lawsuit.

**RESPONSE:**    Plaintiff objects to this request as it seeks to invade the attorney-client privilege and work product doctrine. Plaintiff further objects to this request insofar as the information is protected by any other applicable privilege.

**REQUEST NO. 51:**   All communications and other documents exchanged with, delivered to, or obtained from any potential witness related to this Lawsuit.

**RESPONSE:**    Plaintiff objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege. Plaintiff also objects that the phrase "any potential witness related to this Lawsuit" is vague.  Plaintiff objects to this request to the extent it seeks the disclosure of the identity of experts or expert opinions before the deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2). Plaintiff also objects to this request to the

Page 23 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 23 of 25

extent it seeks the production of communications or documents equally available to the Wisnovsky Defendants.

Subject to, and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 52:**  All phone records showing information about phone calls occurring after January 1, 2015, between you and Gary Turner, Dick Thierolf, and any other person regarding the Trust.

**RESPONSE**:    Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects that the request is overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks to have Plaintiff review seven years of telephone records and speculate regarding which telephone calls had something to do with the Trust.  Plaintiff further objects to this request insofar as it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege.

DATED this 31st day of January, 2022.

RICHARDSON WRIGHT LLP

By:  _s/ Elizabeth Graves_
Bonnie M. Richardson, OSB No. 983331
bonnie@richardsonwright.com
Joseph L. Franco, OSB No. 073913
joe@richardsonwright.com
Elizabeth A. Graves, OSB No. 193644
elizabeth@richardsonwright.com
Attorneys for Plaintiff

Trial Attorney:  Bonnie Richardson

Page 24 – PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

RICHARDSON WRIGHT LLP
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 24 of 25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2022, I caused to be served a copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS on the following person in the manner indicated below at the following address:

Bernard S. Moore
Frohnmayer Deatherage
2592 E. Barnett Rd.
Medford, OR 97504
moore@fdfirm.com
  *Attorney for Defendant Patrick Huycke*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St Ste B
Grants Pass OR  97526
jdole@wlrlaw.com
  *Attorney for Defendants Michael Wisnovsky and Mark Wisnovsky*

Gregory Lusby
Arnold Gallagher PC
800 Willamette St Ste 800
PO Box 1758
Eugene OR  97440
glusby@arnoldgallagher.com
  *Attorney Defendant Jarvis, Dreyer, Glatte & Larsen, LLP*

Brooks Foster
Bradley Crittenden
Chenoweth Law Group PC
510 SW 5th Avenue, 4th Floor
Portland, OR 97204
bfoster@chenowethlaw.com
bcrittenden@chenowethlaw.com
  *Attorney for Defendants Michael Wisnovsky and Mark Wisnovsky*

☐ by **CM/ECF**

☒ by **Electronic Mail**

☐ by **US Postal Service**

☐ by **Hand Delivery**

☐ by **Overnight Delivery**

By  *s/ Elizabeth Graves*
  Elizabeth A. Graves, OSB No. 193644
  elizabeth@richardsonwright.com
  Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

**RICHARDSON WRIGHT LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

Exhibit 1
Page 25 of 25