**Stephen Brigandi**
Law Office of Stephen Brigandi
3624 Caminito Cielo Del Mar
San Diego, CA 92130
858-775-4213
Email: brigandilaw@gmail.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy L. Murphy**
Murphy Law Group PC
PO Box 11870
Portland, OR 97211
503-550-4894
Fax: 503-296-2633
Email: tim@oregonlandlord.net
*ATTORNEY TO BE NOTICED*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MICHELLE SULLIVAN, as Personal Representative of the Estate of ANN M. WISNOVSKY, and WISNOVSKY LAND, LLC, Plaintiffs, <br><br> v. <br> MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, and VALLEY VIEW WINERY, INC., Defendants. | Case No. 1:21-CV-00157-CL <br><br> PLAINTIFFS' MOTION TO STRIKE OR DENY DEFENDANTS' IMPROPER RULE 11 MOTION FOR SANCTIONS |

**TO THE COURT AND TO ALL PARTIES AND COUNSEL OF RECORD:**

Plaintiffs respectfully move to strike or deny Defendants' Motion for Sanctions (ECF 176), filed on May 23, 2025, for failure to comply with the mandatory 21-day "safe harbor" provision of Federal Rule of Civil Procedure 11(c)(2).

**1. Defendants Filed Their Motion in Violation of Rule 11's Safe Harbor Provision**

On May 7, 2025, Defendants served Plaintiffs with a draft Motion for Sanctions, expressly invoking Rule 11(c)(2) and advising that Plaintiffs had 21 days to correct the alleged citation errors. The 21-day safe harbor period would expire on May 28, 2025.

Nonetheless, on May 23, 2025—only 16 days after service—Defendants prematurely filed their Rule 11 motion. This violates the clear text of Rule 11(c)(2), which provides: "The motion must not be filed or be presented to the court if the challenged paper is withdrawn or appropriately corrected within 21 days after service…"

The Ninth Circuit has strictly enforced this requirement. In *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788 (9th Cir. 2001), the court reversed an order of sanctions for failure to comply with Rule 11's procedural requirements. Similarly, in *Barber v. Miller*, 146 F.3d 707, 710–11 (9th Cir. 1998), the court held that the safe harbor is mandatory, thus premature filing is fatal to a Rule 11 motion. These cases underscore the importance of adhering to the procedural requirements set forth in Rule 11.

**2. Plaintiffs Took Corrective Action Within the Safe Harbor Period**

On May 25, 2025—*before* the safe harbor period expired—Plaintiffs filed a comprehensive Notice of Errata and Amended Briefs. These filings withdrew the two briefs containing the challenged citations and replaced them with corrected versions. Two disputed cases in Plaintiffs Motion for Summary Judgment were also withdrawn outright.

The inclusion of inaccurate citations was inadvertent and the result of reliance on an automated legal citation tool. There was no intent to deceive or mislead the Court. Courts consistently recognize that good faith errors, when promptly corrected, do not warrant sanctions.

**3. Pro Hac Vice Counsel Was Authorized to File Corrections**

On May 22, 2025, the Court granted attorney Timothy Murphy's Motion to Withdraw. That motion, approved as written, expressly provided that Plaintiffs would have 30 days to substitute new local counsel—through June 21, 2025.

During this transition period, Pro Hac Vice counsel Stephen Brigandi remains properly admitted and authorized to file pleadings on Plaintiffs' behalf. See LR 83-11(c). Nothing in the Court's order restricts his participation, and no rule prohibits corrections filed by remaining counsel under these circumstances. Defendants' objections are legally unsupported and mischaracterize the governing rules.

## 4. Defendants Had Actual Notice That Corrections Were Being Filed

On May 23, 2025—prior to the filing of the sanctions motion—Plaintiffs' counsel Stephen Brigandi personally spoke with defense counsel and confirmed that corrected filings were being submitted. Defendants disregarded that notice and proceeded to file the sanctions motion the same day, fully aware that the safe harbor period had not yet expired.

## 5. Defendants Improperly Targeted a Non-Party

Defendants' motion is improperly captioned and directed at "Plaintiff Joanne Couvrette, Trustee of the Ann M. Wisnovsky Trust," who is no longer a party. On December 16, 2024, this Court granted a Motion to Substitute (ECF 137), replacing Ms. Couvrette with Michelle Sullivan, the Personal Representative of the Estate. The Trust is also not a party to this action. Defendants' continued misidentification reflects a lack of diligence at minimum, and an intent to harass at worst, and further undermines their motion.

## 6. Defendants' Rule 11 Demand Letter Exceeded the Scope of the Rule

In their May 7 letter, Defendants demanded not only correction or withdrawal of citations, but also:

- A stipulation to dismiss Plaintiffs' claims **with prejudice**; and
- An agreement to pay Defendants' attorneys' fees.

Such demands exceed the proper purpose of Rule 11, which is designed to deter abuse—not to compel unjust settlements or pressure parties into forfeiting their claims. As the 1993 Advisory Committee Notes to Rule 11 explain:

- That Rule 11 motions should not be prepared to emphasize the merits of a party's position, "to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, or to increase the costs of litigation."

- The timely withdrawal of a contention will "protect a party against a motion for sanctions."

- It is anticipated that in the case of pleadings, the sanctions issue… "will normally be determined at the end of the litigation."

Defendants' overreach and timing reflect an improper purpose, inconsistent with the spirit and letter of Rule 11.

**Conclusion**

Defendants' Rule 11 motion is procedurally barred and factually baseless. Plaintiffs corrected the issue within the safe harbor period, notified opposing counsel, and acted in good faith. The motion should be stricken or denied in its entirety.

**DATED:** May 30, 2025

**Respectfully submitted,**

/s/ Stephen M. Brigandi
Stephen M. Brigandi
Attorney for Plaintiffs

## PROOF OF SERVICE

I, Stephen M. Brigandi, hereby declare under the penalty of perjury, that the above Motion to Dismiss Defendants' Motion for Sanctions was served upon counsel for Defendants via this Court's Electronic Filing System.

Dated: May 30, 2025

/s/ *Stephen M. Brigandi*