**Sandra S. Gustitus, OSB No. 143298**
Email: sgustitus@chenowethlaw.com
**Bradley T. Crittenden, OSB No. 173274**
Email: bcrittenden@chenowethlaw.com
Chenoweth Law Group, P.C.
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

**James R. Dole, OSB No. 892272**
Email: jdole@wlrlaw.com
Watkinson Laird Rubenstein, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282

Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP, <br><br> Defendants. | Case No. 1:21-CV-00157-CL <br><br> **WISNOVSKY DEFENDANTS' MOTION FOR SANCTIONS** <br><br><br> **REQUEST FOR ORAL ARGUMENT** |

Pursuant to LR 7-1, on May 23, 2025, counsel for Defendants Mark Wisnovsky ("Mark"), Michael Wisnovsky ("Mike") and Valley View Winery, Inc. ("Valley View") (collectively, "Wisnovsky Defendants") made a good faith effort through telephone conference to resolve the dispute that is the subject of this motion, but the parties were unable to resolve their dispute.

**MOTION FOR SANCTIONS**

Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, the Wisnovsky Defendants move for sanctions against Plaintiffs Joanne Couvrette and Wisnovsky Land, LLC ("Plaintiffs"), and their attorneys, for citing at least 15 non-existent cases and mispresenting case law in support of *Plaintiffs' Motion for Summary Judgment on Plaintiffs' Claims; Motion for Summary Judgment to Dismiss Counterclaims; and Motion to Dismiss Moot and Precluded Claims* (ECF 142; "Plaintiffs' motion"), *Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment* (ECF 155; "Plaintiffs' response"), and *Plaintiffs' Reply to Defendants' Response to Motion for Summary Judgment* (ECF 168; "Plaintiffs' reply").

The Wisnovsky Defendants seek sanctions against Plaintiffs and their attorneys as listed below. The Court should:

(1) Strike Plaintiffs' motion, response, and reply from the record;

(2) Dismiss with prejudice Plaintiffs' claims against the Wisnovsky Defendants and their defenses against the Wisnovsky Defendants' counterclaims; and

(3) Grant an award of monetary sanctions, including reasonable attorney fees in an amount to be determined pursuant to Rule 54 for work the Wisnovsky Defendants' attorneys performed with respect to the Wisnovsky Defendants' *Motion for Partial Summary Judgment* (ECF 143; "Wisnovsky Defendants' motion"), *Response to*

*Plaintiffs' Motion for Summary Judgment and Motion to Dismiss* (ECF 160; "Wisnovsky Defendants' response"), and *Reply in Support of Motion for Partial Summary Judgment* (ECF 170; "Wisnovsky Defendants' reply").

This motion is supported by the legal memorandum below, the *Declaration of Bradley T. Crittenden (May 23, 2025)* (ECF 177) with Exhibits 1 (ECF 177-1) and 2 (ECF 177-2), and the record on file with the Court, including, but not limited to, ECF 142, ECF 143, ECF 155, ECF 160, ECF 168, and ECF 170.

## MEMORANDUM IN SUPPORT OF MOTION

### I.    INTRODUCTION

The Wisnovsky Defendants are seeking sanctions against Plaintiffs and their attorneys for misrepresenting the law in violation of LR 83-7 and Rule 11(b).  Plaintiffs' motion, response, and reply cite 15 fictitious cases and misrepresent seven real cases as containing quoted legal rules and holdings that they do not in fact contain.  These are the most egregious violations of procedural rules and ethical rules the Wisnovsky Defendants' counsel has witnessed.  Indeed, the Wisnovsky Defendants' counsel canvassed federal case law across the country and found no case in which a party cited more than 10 fictitious cases to a federal court.  Plaintiffs' citation to 15 fictitious cases therefore appears to be among the worst, if not the absolute worst, of Rule 11(b) violations in the country.

Other courts in this era of artificial intelligence have decisively punished such abuses of the legal process by striking filings and dismissing a party's claims and defenses.  Plaintiffs' violations are severe and shocking, and they degrade the integrity of the Court.  Plaintiffs' violations warrant a decisive, strong response from the Court that includes striking Plaintiffs' motion, response, and reply; dismissing Plaintiffs' claims and defenses; and awarding monetary

sanctions including attorney fees to the Wisnovsky Defendants. This would be a just consequence of Plaintiffs' decision to pepper their motion, response, and reply with 15 imaginary citations—far more than could be excused as an isolated human error.

## II.    BACKGROUND FACTS

### A.    The Court's December 2024 Order Warns Plaintiffs That Their Non-Compliance with Local Rules May Result in Dismissal of Their Case.

On December 16, 2024, the Court entered its *Opinion and Order* that denied Plaintiffs' motion to dismiss (ECF 120) and granted their motion to substitute (ECF 118). ECF 137 at 1. The Wisnovsky Defendants had argued that the Court should deny Plaintiffs' motion to substitute because Plaintiffs failed to confer with the Wisnovsky Defendants prior to filing the motion. ECF 122 at 2–4. Although the Court declined to deny the motion on that basis, the Court expressly warned Plaintiffs as follows:

> "Plaintiffs should be cautious not to read this as an endorsement of their actions. Noncompliance with Local Rules is not something this Court takes lightly, <u>and further noncompliance may result in denial or dismissal of this case</u>. The Court recognizes that Plaintiffs' lead attorney is admitted to practice in this jurisdiction *pro hac vice* and encourages local counsel to help ensure compliance with Local Rules."

ECF 137 at 4 (underline added).

### B.    Plaintiffs' Motion Cites Two Non-Existent Cases.

On January 31, 2025—only six weeks after the Court's December 16 warning—Plaintiffs filed their motion for summary judgment seeking dismissal of the Wisnovsky Defendants' counterclaims and judgment in Plaintiffs' favor on their claims against the Wisnovsky Defendants. ECF 142. Plaintiffs' motion cites the following two cases that apparently do not exist:

1. *In re Estate of McCarty*, 308 Or. 220, 779 P.2d 984 (1989); and

2. *Matter of Estate of Holt*, 757 F.2d 159, 161 (1986).

*Id.* at 28, 33.

**C.**     **The Wisnovsky Defendants' Response to Plaintiffs' Motion Identifies the Fictitious Cases Cited in Plaintiffs' Motion.**

On April 4, 2025, the Wisnovsky Defendants filed their response to Plaintiffs' motion and expressly identified "*In re Estate of McCarty*, 308 Or. 220, 779 P.2d 984 (1989)" and "*Matter of Estate of Holt*, 757 F.2d 159, 161 (1986)" as being non-existent. ECF 160 at 46, 91. The Wisnovsky Defendants' response argued those cases appeared to be fictitious and were "perhaps hallucinated by artificial intelligence." *Id.* The Wisnovsky Defendants further showed that the reporter citations Plaintiffs identified as being where those cases were located were actually associated with real cases that had nothing whatsoever in common with the legal rules or holdings for which Plaintiffs were citing *McCarty* and *Holt*. *Id.* The Wisnovsky Defendants incorporate pages 46 and 91 of ECF 160 as if set forth in this motion.

**D.**     **Plaintiffs' Response Cites Seven Non-Existent Cases.**

On April 4, 2025, Plaintiffs filed their response to the Wisnovsky Defendants' motion that asks the Court to deny the Wisnovsky Defendants' motion. ECF 155. Plaintiffs' response cites the following seven cases that apparently do not exist:

1. *State ex rel. Dept. of Transp. v. Douglas*, 295 Or. 674 (1983);

2. *Bancorp Leasing & Fin. Corp. v. Agresta*, 320 Or. 377 (1994);

3. *Neel v. Lee*, 240 Or. App. 70 (2010);

4. *Mitchell v. Sch. Dist. No. 40*, 164 Or. App. 294 (1999);

5. *Huffman v. Alexander*, 197 Or. App. 283 (2005);

6. *Barnes v. Euster*, 233 Or. 155 (1962); and

7. *Pac.orp* [*sic*] *v. Henne*, 314 Or. 511 (1992).

ECF 155 at 2, 16, 17, 21, 31.

**E.     The Wisnovsky Defendants' Reply Identifies the Seven Non-Existent Cases Cited in Plaintiffs' Response.**

On May 2, 2025, the Wisnovsky Defendants filed their response and expressly identified the foregoing seven cases that apparently do not exist. ECF 170 at 13. The Wisnovsky Defendants asked the Court to take "a strong, decisive response . . . that includes striking Plaintiffs' motion and response, and/or dismissing their claims with prejudice, just as the Court previously warned it would do in response to Plaintiffs' further noncompliance with the Local Rules." *Id.* at 14.

The Wisnovsky Defendants' reply also showed that the reporter citations Plaintiffs identified as being where those cases were located were associated with real cases that had nothing whatsoever in common with the legal rules or holdings for which Plaintiffs were citing those cases. *Id.* at 23–25, 44, 45, 55, 59.

The Wisnovsky Defendants also pointed out that *Stevens v. Bispham*, 316 Or. 221, 234 (1993), does not concern or mention the defense of equitable estoppel and yet Plaintiffs cited that case as setting forth the elements of equitable estoppel. *Id.* at 46.

The Wisnovsky Defendants incorporate pages 23–25, 44–46, 55, and 59 of ECF 170 as if set forth in this motion.

**F.     Plaintiffs' Reply Cites Six Non-Existent Cases.**

On May 2, 2025, Plaintiffs filed their reply in support of their motion. ECF 168. Plaintiffs' reply does not address the arguments in the Wisnovsky Defendants' response that

Plaintiffs' motion relies on the two non-existent cases of *In re Estate of McCarty* and *Matter of Estate of Holt*. Plaintiffs' reply does not attempt to explain how they discovered those alleged cases or rebut the Wisnovsky Defendants' arguments that those two cases are fictitious and apparently the creation of artificial intelligence. Instead, Plaintiffs' reply cites an additional six cases that apparently do not exist:

1. *Becker v. First Nat'l Bank*, 57 Or. App. 408, 414 (1982);

2. *Capps v. Capps*, 68 Or. App. 852, 856, 683 P.2d 1391 (1984);

3. *Estate of Molayem*, 69 Cal. App. 5th 581 (2021);

4. *Hale v. Fireman's Fund Ins. Co.*, 302 Or. App. 256, 260 (2020);

5. *In re Will of Keys*, 1999 WL 1609846, at *3 (Or. App. Dec. 15, 1999); and

6. *U.S. Nat'l Bank v. Holton*, 99 Or. App. 191, 198 (1989).

ECF 168 at 25, 34, 44, 50, 52, 57.

It appears that artificial intelligence created what seem to be real cases by combining reporter citations with case names that do not otherwise have anything in common. As shown below and in the Wisnovsky Defendants' response and reply, those cases are fake cases that do not support the legal rules or holdings Plaintiffs attribute to them.

Plaintiffs cite *Becker v. First Nat'l Bank*, 57 Or. App. 408, 414 (1982), in support of the purported legal rule, "under long-established trust principles, a fiduciary who relies in good faith on the clear terms of the trust and a judicial decree cannot be held personally liable to adverse claimants." *Id.* at 33–34. *Becker* does not appear to exist. "57 Or. App. 408" is where *Port v. Campbell-Norquist, Inc.* is located, but that case concerns a defendant's liability for unpaid commissions under an oral employment agreement—not a fiduciary's personal liability. A case title similar to the one Plaintiffs cite exists—it is a case known as *A.G. Becker & Co. v. First.*

*Nat. Bank of Harvey*, but it is a North Dakota Supreme Court case located at 15 N.D. 279, 107 N.W. 968 (1906). That case concerns a trial court's exclusion of testimony at trial and a bank's liability for negligent conduct in collecting on a claim. The reporter citation, "57 Or. App. 414," exists, but it is a page within *Thornsberry v. SAIF Corp.*, 57 Or. App. 413 (1982). That case concerns an award of permanent disability under Oregon's worker compensation laws—not a fiduciary's personal liability.

Plaintiffs cite *Capps v. Capps*, 68 Or. App. 852, 856, 683 P.2d 1391 (1984), for the purported legal rule, "recitals do not themselves create enforceable contractual obligations unless expressly incorporated into the operative terms." *Id.* at 24–25. *Capps v. Capps* does not appear to exist. Again, "68 Or. App. 852" is a page within *Ferguson v. Employment Div.*, 68 Or. App. 849 (1984). "68 Or. App. 856" is a page within *MacKillop v. Foster*, 68 Or. App. 855 (1984). "683 P.2d 1391" is where *State v. Reid*, 69 Or. App. 123, 683 P.2d 1391 (1984), is located. Neither *Ferguson*, *MacKillop*, nor *Reid* mention "recitals" or have anything to do with the legal effect of contractual recitals. There is a case known as *Capps v. Capps*, but it is a Virginia Supreme Court case concerning a divorce judgment. 216 Va. 382, 219 S.E.2d 898 (1975).

Plaintiffs cite *Estate of Molayem*, 69 Cal. App. 5th 581 (2021), for the purported legal rule, "trust disputes belong in probate court." ECF 168 at 57. *Estate of Molayem* does not appear to exist. "69 Cal. App. 5th 581" is a page within *Humphrey v. Bewley*, 69 Cal. App. 5th 571, 284 Cal. Rptr. 3d 600 (2021). *Humphrey* concerns the appealability of a trial court's order to quash service of process and whether the trial court erred in entering that order. *Humphrey* is not a trust dispute.

In one of the most egregious citations, Plaintiffs cite *Hale v. Fireman's Fund Ins. Co.*, 302 Or. App. 256, 260 (2020), for the purported holding, "a justiciable controversy must involve

'a present dispute based on existing facts, not a future event that may never occur.'" *Id.* at 52 (purportedly quoting *Hale*). This statement in Plaintiffs' reply attributes a direct quote to the Oregon Court of Appeals that does not exist. There appears to be no Oregon Court of Appeals case known as *Hale v. Fireman's Fund Ins. Co.* "302 Or. App. 256" is where *Dayton v. Jordan* is located, and page 260 is located within *Dayton*. *Dayton* concerns whether an implied easement is foreclosed by ORS 92.075. There is an Oregon Supreme Court case known as *Hale v. Fireman's Fund Ins. Co.*, but it is located at 209 Or. 99 (1956) and concerns an insurer's liability for a judgment entered against its insured. That case does not contain the phrase quoted in Plaintiffs' reply brief and attributed to *Hale*. The Wisnovsky Defendants' counsel was unable to find any Oregon case containing that quoted phrase.

Similarly egregious, Plaintiffs cite *In re Will of Keys*, 1999 WL 1609846, at *3 (Or. App. Dec. 15, 1999), as supporting the quoted statement, "The fact that a will or trust references a future distribution does not create a vested right absent clear language or completion of necessary conditions." *Id.* at 50. There appears to be no Oregon Court of Appeals case known as *In re Will of Keys*. "1999 WL 1609846" does not lead to any specific case. There is a Kansas Court of Appeals case known as *In re Will of Keys*, located at 40 Kan. App. 2d 503, 193 P.3d 490 (2008), but it does not contain the statement quoted in Plaintiffs' reply and attributed to *In re Will of Keys*. The Wisnovsky Defendants' counsel was unable to find any Oregon case containing that quoted statement.

Plaintiffs cite *U.S. Nat'l Bank v. Holton*, 99 Or. App. 191, 198 (1989), as containing the statement, "a tenant seeking equitable relief must tender full performance." *Id.* at 44. *Holton* does not appear to exist. "99 Or. App. 191" is a page within *Matter of Marriage of Mauer*, 99 Or. App. 188 (1989). "99 Or. App. 198" is a page within *State v. Stothoff*, 99 Or. App. 197

(1989).  Neither case contains the statement quoted in Plaintiffs' reply and attributed to *Holton*.  The Wisnovsky Defendants' counsel was unable to find any Oregon case containing that quoted statement, despite Plaintiffs representing to this Court that it is a direct quote from the Oregon Court of Appeals.

Additionally, Plaintiffs' reply cites the following seven real cases as containing quoted statements of law.  These cases do not contain the quoted statements.

1. Plaintiffs' reply cites *Spencer v. Hamit*, 24 Or. App. 897 (1976), as containing the statement, "Mere forgetfulness or lapses of memory do not establish mental incompetence."  ECF 168 at 30.  *Spencer* does not contain that statement.  The Wisnovsky Defendants' counsel was unable to find that quoted statement, or the phrase "mere forgetfulness or lapses in memory," in any Oregon case.

2. Plaintiffs' reply cites *Gentry v. Briggs*, 32 Or. App. 45, 49 (1978), as containing the statement, "evidence of mental condition subsequent to the execution of a deed is not sufficient to establish incapacity at the time of execution."  *Id.*  *Gentry* does not contain that statement.  The Wisnovsky Defendants' counsel was unable to find that quoted statement in any Oregon case.

3. Plaintiffs' reply cites *Hale v. Groce*, 304 Or. 281, 287, 744 P.2d 1289 (1987), as containing the statement, "[w]hen the terms of the contract are unambiguous, the intent of the parties must be determined from the contract itself and not from extrinsic evidence."  *Id.* at 25.  *Hale* does not contain that statement, nor does it mention "unambiguous," "extrinsic evidence," or anything about contracting parties' intent.  The Wisnovsky Defendants' counsel was unable to find that quoted statement in any Oregon case.

4. Plaintiffs' reply cites *Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996), as containing the statement, "By producing the documents, respondent would relieve the Government of the need for authentication." *Id.* at 9. *Maljack Productions, Inc.* does not contain that statement.

5. Plaintiffs' reply cites *Newell v. Weston*, 150 Or. App. 562, 582 (1997), as containing the statement, "Speculative damages are not compensable; plaintiffs must prove damages with reasonable certainty." *Id.* at 48. *Newell* does not contain that statement. The Wisnovsky Defendants' counsel was unable to find that quoted statement in any Oregon case.

6. Plaintiffs' reply cites *Pioneer Tr. Co. v. Currin*, 210 Or. 343, 350 (1957), as containing the statement, "The test of mental capacity to execute a deed is the condition of the grantor's mind at the time of the execution of the deed." ECF 168 at 29. *Currin* does not contain that statement. The Wisnovsky Defendants' counsel was unable to find that quoted statement in any Oregon case.

7. Plaintiffs' reply cites *S.E.C. v. Todd*, 642 F.3d 1207 (9th Cir. 2011), as containing the statement, "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of material fact and defeat summary judgment." *Id.* at 7. *Todd* does not contain that statement.

The foregoing shows that Plaintiffs' motion, response, and reply collectively cite 15 fictitious cases and attribute quoted statements to seven real cases that do not contain those statements.

**G.      The Wisnovsky Defendants' Counsel Notifies Plaintiffs' Counsel of the Wisnovsky Defendants' Intent to File This Motion for Sanctions**

On May 7, 2025, and pursuant to Rule 11(c)(2), the Wisnovsky Defendants' counsel served a copy of this motion[1] on Plaintiffs' counsel in order to give them 21 days to take corrective action and avoid this motion.  ECF 177 ¶ 3; ECF 177-1.  A cover letter accompanying the motion states in relevant part,

> "The enclosed motion describes in detail the sanctionable conduct that Plaintiffs and their attorneys have committed in violation of Rule 11(b) of the Federal Rules of Civil Procedure and the Court's Local Rule 83-7.  Plaintiffs violated those rules by filing a motion for summary judgment (ECF 142), response to the Wisnovsky Defendants' motion for partial summary judgment (ECF 155), and reply in support of Plaintiffs' motion (ECF 168) that cite no fewer than 15 non-existent cases and misrepresent at least seven other cases as stating or supporting legal rules and holdings that those cases do not state or support.

> "Those violations may be appropriately corrected only by doing the following within 21 days:

> 1.  Withdraw Plaintiffs' motion for summary judgment (ECF 142), response to the Wisnovsky Defendants' motion for partial summary judgment (ECF 155), and reply in support of Plaintiffs' motion (ECF 168);
> 2.  Stipulate to a dismissal with prejudice of all of Plaintiffs' claims and defenses against the Wisnovsky Defendants;
> 3.  Agree to pay the Wisnovsky Defendants' reasonable attorney fees—in an amount to be determined pursuant to Rule 54(d)—for work their attorneys performed since the date Plaintiffs filed their motion for summary judgment, i.e., January 31, 2025, and through the date of this letter.

---

[1] The copy of the motion that the Wisnovsky Defendants' counsel served on Plaintiffs' counsel did not contain subsection G or H of this section II because those subsections pertain to correspondence about this motion after it was served on Plaintiffs' counsel.

"The Wisnovsky Defendants will not accept any lesser corrective actions as being appropriate to remedy Plaintiffs' violations of Rule 11(b) and LR 83-7. If Plaintiffs do not perform the corrective actions listed above within 21 days, the Wisnovsky Defendants will file their motion for sanctions and seek the relief described in the enclosed motion."

ECF 177-1 at 1–2.

## H. Attorney Timothy Murphy Withdraws, and Plaintiffs Do Not Comply with the Wisnovsky Defendants' Demands to Take Corrective Action to Avoid This Motion

On May 19, 2025, Plaintiffs' local counsel, Timothy Murphy, filed a *Motion to Withdraw by Local Counsel* that requested "leave to withdraw as local counsel for Plaintiffs on the grounds that circumstances have arisen that allow for withdrawal." ECF 174 at 2. On May 22, 2025, the Court granted attorney Murphy's motion. ECF 175.

On May 21, 2025, Plaintiffs' California-based attorney, Stephen Brigandi (who had been admitted pro hac vice to appear alongside attorney Murphy), sent a letter to the Wisnovsky Defendants' counsel regarding their motion for sanctions. ECF 177 ¶ 4; ECF 177-2. Attorney Brigandi's letter states in relevant part, "Plaintiffs will not agree to the sanctions requested. If such Motion [for sanctions] is filed, Plaintiffs will respond with a Notice of Errata and Corrections." ECF 177-2 at 1.

Attorney Brigandi's letter did not explain why Plaintiffs filed a motion, response, and reply containing well over a dozen fake cases and misrepresentations of law. His letter did not dispute that Plaintiffs' filings constituted sanctionable conduct. His letter did not attempt to characterize Plaintiffs' misrepresentations of law as mistakes, oversights, or some other unintended occurrence. His letter did not even offer to file Plaintiffs' "Notice of Errata and Corrections" in advance of this motion.

Instead, Plaintiffs essentially challenged the Wisnovsky Defendants to file this motion and implicitly predicted that it would come to nought on the grounds that their "Notice of Errata and Corrections" would fully satisfy the Court and render sanctions unnecessary or inappropriate. Plaintiffs' smug response to being notified of their undeniably sanctionable conduct and their refusal to take any corrective action unless and until the Wisnovsky Defendants filed this motion underscore the necessity for, and appropriateness of, the sanctions that the Wisnovsky Defendants seek in this motion.

## III.    LEGAL ARGUMENT

**A.    The Court Should Impose Sanctions Because Plaintiffs and Their Attorneys Intentionally and Egregiously Violated Rule 11.**

Rule 11 exists to ensure parties and their counsel only file documents with the court that are true and legally supported. The Court should sanction Plaintiffs and their attorneys for their complete disregard of Rule 11. Their citations to fictitious cases and misrepresentations of law constitute violations of Rule 11(b), which provides in relevant part,

> "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . .
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law . . . ."

Fed. R. Civ. P. 11(b) (underline added).

Rule 11(c)(1) provides, "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction

on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Rule 11(c)(2) allows parties to file a motion for sanctions and provides that the motion "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Rule 11(c)(3) allows the Court, on its own initiative, to "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

In recent years federal courts across the country have issued show cause orders and sanctioned parties and their attorneys who cite non-existent case law and misrepresent legal authorities to the court in violation of Rule 11(b). As shown below, those sanctions have included striking filings, dismissing claims and defenses with prejudice, and imposing monetary sanctions. The Court should follow these well-reasoned opinions and impose similar sanctions, and also award monetary sanctions, including reasonable attorney fees to the Wisnovsky Defendants pursuant to Rule 11(c)(2).

In *United States v. Hayes*, the Eastern District of California, on its own initiative, ordered a show-cause hearing and awarded monetary sanctions against an attorney for citing one non-existent case and misrepresenting the law in violation of Rule 11(b). No. 2:24-cr-0280-DJC, 2025 WL 235531, at *13–15 (E.D. Cal. Jan. 17, 2025). The *Hayes* court reasoned as follows in deciding to impose sanctions for citing a fictitious case:

> "Many harms flow from the submission of fake opinions. The opposing party wastes time and money in exposing the deception. The Court's time is taken from other important endeavors. The client may be deprived of arguments based on authentic judicial precedents. There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the

American judicial system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity. . . . A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law. An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system."

*Id.* at *7 (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448–49, 461 (S.D.N.Y. 2023)).

In *University of Washington v. Singh*, the Western District of Washington, on its own initiative, ordered the defendant's attorney to show cause "why they should not be sanctioned pursuant to Rule 11(c), 28 U.S.C. § 1927, and the inherent powers of the Court"[2] for citing <u>one</u> non-existent case and misstating the law in a motion to stay. No. 2:24-cv-00899-MJP, 2024 WL 4315178, at *5 (W.D. Wash. Sept. 26, 2024).

Federal courts have also struck filings and dismissed complaints and appeals as sanctions for citing non-existent cases in violation of Rule 11(b) and similar appellate procedural rules.

In *Grant v. City of Long Beach*, the Ninth Circuit struck the appellants' opening brief and dismissed the appeal because they cited <u>two</u> non-existent cases and misrepresented the facts and holdings of existing cases. 96 F.4th 1255, 1257 (9th Cir. 2024) (violating Fed. R. App. P. 28(a)(8)(A), which requires citation to authorities supporting appellant's contentions and reasons for them, similar to Rule 11(b)).

In *Thomas v. Pangburn*, the Southern District of Georgia granted the defendant's motion to dismiss the plaintiff's complaint and, on alternative grounds, ordered dismissal with prejudice as a Rule 11 sanction for citing <u>10</u> non-existent cases in a court filing. No. CV423-046, 2023

---

[2] 28 U.S.C. § 1927 provides, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

WL 9425765, at *5–7 (S.D. Ga. Oct. 6, 2023), *report and recommendation adopted*, 2024 WL 329947, at *1 (S.D. Ga. Jan. 29, 2024).

In *Leslie v. IQ Data International*, the Northern District of Georgia granted the defendant's motion for sanctions and dismissed the plaintiff's complaint with prejudice because, in addition to failing to produce documents in discovery, the plaintiff cited <u>two</u> non-existent cases in two briefs filed with the court. No. 1:22-cv-02304-VMC-RDC, 2024 WL 3385209, at *3–4 (N.D. Ga. June 5, 2024), *report and recommendation adopted*, 2024 WL 5396848, at *5 (N.D. Ga. Nov. 25, 2024).

Much worse than the rule-violating parties in *Hayes*, *Singh*, *Grant*, *Thomas*, and *Leslie*, Plaintiffs' motion, response, and reply collectively cite 15 non-existent cases—and misrepresent seven real cases—as providing legal authority for the Court to deny the Wisnovsky Defendants' motion for partial summary judgment and grant Plaintiffs' motion for summary judgment. The fake citations are blatant misrepresentations of law to this Court. Plaintiffs represented to this Court that substantive case law exists when no such case law exists and that judges in other courts have written legal opinions that were never written. The level of misrepresentation is shocking. That conduct plainly and egregiously violates Rule 11(b) and should not be tolerated to any degree.

Plaintiffs' wrongful conduct warrants the sanction of striking Plaintiffs' motion, response, and reply; dismissing their claims and defenses with prejudice; and awarding monetary sanctions, including reasonable attorney fees to the Wisnovsky Defendants.

**B.**     **The Court Should Strike Plaintiffs' Motion, Response, and Reply, and Dismiss Plaintiffs' Claims with Prejudice Because They Blatantly Flouted the Court's December 2024 Order and Egregiously Violated LR 83-7.**

The Court's December 16, 2024 *Opinion and Order* expressly warned Plaintiffs that their "[n]oncompliance with Local Rules is not something this Court takes lightly, <u>and further noncompliance may result in denial or dismissal of this case</u>."  ECF 137 at 4 (underline added). The Court may "issue sanctions for violating its local rules, and also under its inherent authority."  *Hayes*, 2025 WL 235531, at *6 (citing *Fink v. Gomez*, 239 F.3d 989, 991–92 (9th Cir. 2001); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989)).

Local Rule 83-7 requires that "Every attorney admitted to general or special practice . . . must: (a) Be familiar and comply with the Oregon Rules of Professional Conduct and this Court's Statement of Professionalism."  LR 83-7.  Rule 3.3(a) of the Oregon Rules of Professional Conduct states, "A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."  Similarly, the Court's Statement of Professionalism "applies to all attorneys admitted to practice before the bar of this Court" and states those attorneys "will not knowingly misstate facts or law."[3]

Here, Plaintiffs' motion, response, and reply violate those three rules because, as shown above, they cite 15 fictitious cases and seven real cases as containing statements of law that they do not in fact contain.  Those filings represent the existence of fake legal authority to the Court and attribute fake legal opinions to judges in other jurisdictions.  Plaintiffs cite those 15 non-

---

[3] *General Guidelines 1.9*, Statement of Professionalism and Notice of Rule 83-6, https://www.ord.uscourts.gov/index.php/attorneys/statement-of-professionalism (last visited May 7, 2025).

existent cases and seven misrepresented cases as containing controlling legal authority on which the Court should rely to decide the parties' dispositive motions and adjudicate the claims in this case. Plaintiffs therefore make false statements of law and misstate the law to the Court. And given that Plaintiffs cite *15* non-existent cases, it is highly likely that Plaintiffs intentionally relied on artificial intelligence to do their legal research, thus leading to the conclusion that Plaintiffs knowingly made false statements of law and misstated the law, in violation of LR 83-7, ORPC 3.3(a), and the Court's Statement of Professionalism.

Plaintiffs' blatant rule-flouting conduct shows that either they do not believe the Local Rules apply to them and therefore do not take seriously the Court's warning, or they do not believe the Court has the courage to act on its warning, enforce the rules, and hold Plaintiffs accountable for their violations. Plaintiffs' conduct warrants a strong, decisive response from the Court that includes striking Plaintiffs' motion, response, and reply, and dismissing their claims with prejudice, just as the Court previously warned it would do in response to Plaintiffs' further noncompliance with the Local Rules.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the Court should strike Plaintiffs' motion, response, and reply; dismiss their claims and defenses with prejudice; and grant an award of reasonable attorneys fees to the Wisnovsky Defendants in an amount to be determined pursuant to Rule 54.

DATED:  June 4, 2025

CHENOWETH LAW GROUP, PC

 */s/ Bradley T. Crittenden*
Sandra S. Gustitus, OSB No. 143298
Bradley T. Crittenden, OSB No. 173274
510 SW Fifth Avenue, Fourth Floor
Portland, OR  97204
Phone: (503) 221-7958
Fax:  (503) 221-2182
Email: sgustitus@chenowethlaw.com
bcrittenden@chenowethlaw.com

*Attorneys for Defendants Michael J. Wisnovsky, Mark A. Wisnovsky, and Valley View Winery, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I caused to be served a copy of the foregoing **WISNOVSKY DEFENDANTS' MOTION FOR SANCTIONS,** on the following person(s) in the manner indicated below:

Stephen M. Brigandi
3624 Caminito Cielo Del Mar
San Diego, CA 92130
Brigandilaw@gmail.com

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette and Wisnovsky Land LLC*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com

*Attorney for Defendant Mark Wisnovsky, Michael Wisnovsky and Valley View Winery*

Timothy Murphy
Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
tim@oregonlandlord.net

by the following method(s):

xx_____    by **e-service via CM/ECF** on the date set forth below.

xx_____    by first-class mail on the date set forth below.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for perjury.

DATED: June 4, 2025

*/s/ Jami Asay* _____ ____
Jami Asay, Paralegal