**Sandra S. Gustitus, OSB No. 143298**
Email: sgustitus@chenowethlaw.com
**Bradley T. Crittenden, OSB No. 173274**
Email: bcrittenden@chenowethlaw.com
Chenoweth Law Group, P.C.
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

**James R. Dole, OSB No. 892272**
Email: jdole@wlrlaw.com
Watkinson Laird Rubenstein, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282

Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP,<br><br>Defendants. | Case No. 1:21-CV-00157-CL<br><br>**WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS** |

Page 1 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
            SANCTIONS

Defendants Mark Wisnovsky ("Mark"), Michael Wisnovsky ("Mike") and Valley View Winery, Inc. ("Valley View") (collectively, "Wisnovsky Defendants") submit this reply in support of their *Motion for Sanctions* (ECF 184). This reply also asks the Court to deny the *Motion to Strike or Deny Defendants' Improper Rule 11 Motion for Sanctions* (ECF 181) filed by Plaintiffs Joanne Couvrette and Wisnovsky Land, LLC ("Plaintiffs")—though Plaintiffs caption their motion as being filed on behalf of Michelle Sullivan and Wisnovsky Land, LLC. This reply is supported by the *Declaration of Sandra Gustitus (June 13, 2025)* ("Gustitus Decl.") with Exhibits 1 and 2, and the record and documents on file with the Court.

For the following reasons, the Court should grant the Wisnovsky Defendants' motion for sanctions, deny Plaintiffs' motion to strike, and reject Plaintiffs' request for denial of the motion for sanctions.

**A.      The Court Should Deny Plaintiffs' Motion to Strike Because It Violates LR 7-1(b).**

The Court should deny Plaintiffs' motion to strike because it violates LR 7-1(b) on the grounds that the motion appears to be combined with Plaintiffs' response to the Wisnovsky Defendants' motion for sanctions. LR 7-1(b) plainly states, "Motions may not be combined with any response, reply, or other pleading." Plaintiffs' motion is apparently combined with a response to the Wisnovsky Defendants' motion for sanctions because it is captioned as a motion and asks the Court "to strike or deny" the Wisnovsky Defendants' motion. ECF 181 at 1, 4. As such, Plaintiffs' motion violates LR 7-1(b) and should therefore be denied.

**B.      The Court Should Deny Plaintiffs' Motion to Strike Because They Did Not Comply with the Conferral Requirements of LR 7-1(a).**

The Court should deny Plaintiffs' motion to strike because they did not make a good faith effort to confer "through telephone or personal conferences" as otherwise required by LR 7-1(a).

Page 2 -      WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
                    SANCTIONS

Plaintiffs' motion plainly does not certify that they complied with LR 7-1(a), and the declaration filed with this response shows that Plaintiffs did not confer or event attempt to confer with the Wisnovsky Defendants' counsel prior to Plaintiffs' filing of the motion.  Gustitus Decl. ¶ 3.

LR 7-1(a)(3) authorizes the Court to deny Plaintiffs' motion on the grounds that they failed "to meet the certification requirement" of LR 7-1(a).  The Court already warned Plaintiffs about the risks of not complying with LR 7-1(a) when, on December 16, 2024, the Court entered an order granting Plaintiffs' motion to substitute and admonishing Plaintiffs for failing to comply with LR 7-1(a).  ECF 137 at 4.  The Court further warned Plaintiffs that their continued failure to comply with the Local Rules—including LR 7-1(a)—"may result in denial or dismissal of this case."  ECF 137 at 4.  Despite having been warned about the risks of not complying with LR 7-1(a), Plaintiffs proceeded to file their motion to strike without complying with that rule.

Plaintiffs' failure to comply with the Local Rules before filing a motion to strike a Rule 11 and LR 83-7 motion for sanctions is the height of irony and bolsters the need for sanctions. Since the Court admonished Plaintiffs in December 2024 for not complying with LR 7-1(a), Plaintiffs have violated the Federal Rules of Civil Procedure and the Local Rules <u>no fewer than 49 times</u>.  *See* ECF 160 at 15–16, 46, 91 (identifying at least 25 violations of LR 10-1(e)(2), 10-3(a), LR 7-2(b), and LR 56-1, and also identifying two fake case citations that violate Rule 11 and LR 83-7); ECF 170 at 12–16 (identifying Plaintiffs' citation to seven fake cases that violate Rule 11 and LR 83-7); ECF 184 at 6–11 (identifying Plaintiffs' citation to six fake cases and misrepresenting seven real cases as stating legal rules they do not in fact state, in violation of Rule 11 and LR 83-7); *supra* (citing violations of LR 7-1(a) and LR 7-1(b)).

Attorney Brigandi's *pro hac vice* application certifies that he has "read and [is] familiar with the Federal Rules of Evidence, the Federal Rules of Civil and Criminal Procedure, the Local

Page 3 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
                 SANCTIONS

Rules of this Court, and this Court's Statement of Professionalism." ECF 107 at 1. If Brigandi was honest in making that certification, then it appears he and Plaintiffs are intentionally deciding not to follow those rules because the extraordinarily high number of rule violations cannot otherwise be explained if Brigandi is indeed familiar with those rules. The other likely explanation for the multitude of rule violations is that Brigandi falsely certified to the Court that he read and is familiar with those rules. Either way, Plaintiffs are undeniably and habitually violating the Federal Rules of Civil Procedure and the Court's Local Rules.

Plaintiffs' conduct warrants the sanctions that the Wisnovsky Defendants are seeking. Plaintiffs' rule-violating motion to strike is further evidence of the appropriateness of sanctions. The Court should deny Plaintiffs' motion for failure to comply with LR 7-1(a) and grant the Wisnovsky Defendants' motion for sanctions.

**C.      The Court Should Grant the Wisnovsky Defendants' Motion for Sanctions Because Plaintiffs Do Not Deny They Violated Rule 11 and LR 83-7, and They Have Offered No Meaningful Explanation for Violating Those Rules.**

Plaintiffs' motion does not deny that their citation to 15 fake cases and misrepresentations of seven real cases constitute violations of Rule 11 and LR 83-7. Plaintiffs' motion does not cite any legal authorities contradicting the legal authorities cited in the motion for sanctions that hold the type of sanctions the Wisnovsky Defendants seek are appropriate sanctions to impose on Plaintiffs. Plaintiffs' motion also makes no meaningful attempt to explain why they cited 15 fake cases and misrepresented seven real cases as falsely stating legal rules supporting their arguments.

Plaintiffs' motion instead provides this hollow explanation for their rule violations:

> "The inclusion of inaccurate citations was inadvertent and the result of reliance on an automated legal citation tool. There was no intent to deceive or mislead the Court. Courts consistently recognize good faith errors, when promptly corrected, do not warrant sanctions."

ECF 181 at 2. That explanation is contradicted by the facts and is not supported by any legal authorities whatsoever. The Court should reject that explanation for the following reasons.

First, Plaintiffs' citation to 15 fake cases and misrepresentation of seven real cases were not simply "inaccurate citations." Plaintiffs stated rules of law that the Court should follow in deciding the parties' dispositive motions that seek adjudication of claims alleging over $12 million in damages against the Wisnovsky Defendants and claims involving ownership of the Valley View Winery and vineyard. Those rules of law were based on fake cases and misrepresented real cases—and Plaintiffs do not dispute that fact. Plaintiffs seem to suggest they made typos in citing the reporter information for real cases. These were no mere typos. Plaintiffs attempted to fraudulently induce this Court into granting summary judgment in Plaintiffs' favor and against the Wisnovsky Defendants and to financially ruin the Wisnovsky Defendants. Their fraudulent conduct warrants the sanctions the Wisnovsky Defendants seek.

Second, fake cases aside, Plaintiffs make no attempt to justify why they cited seven real cases as containing legal rules and quoted statements of law that those cases do not contain. Those are not simply "inaccurate citations." They are intentional misrepresentations of law that warrant sanctions.

Third, the Wisnovsky Defendants' motion for sanctions shows that the Wisnovsky Defendants put Plaintiffs on notice that they had cited two fake cases in their motion for summary judgment and they nonetheless cited six more fake cases and misrepresented seven real

Page 5 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
              SANCTIONS

cases in their reply brief. ECF 184 at 4–5. Assuming for the sake of argument that Plaintiffs' citation to the first two fake cases was "inadvertent," Plaintiffs do not explain how their citation to six fake cases and misrepresentation of seven real cases in their reply brief could be inadvertent when the Wisnovsky Defendants had already put Plaintiffs on notice that they were citing fake cases in their filings. Those facts strongly undermine Plaintiffs' explanation that their "inaccurate citations" were "inadvertent."

Finally, the facts show that Plaintiffs did not "promptly correct" their sanctionable conduct, as they otherwise suggest. The Wisnovsky Defendants' May 2, 2025 reply brief pointed out that Plaintiffs' response brief had cited an additional seven fake cases and stated the Court should, on its own initiative, impose sanctions on Plaintiffs for citing what at that time was a total of nine fake cases. ECF 170 at 13–16. Even after having been called out on April 4 for citing two fake cases and on May 2 for citing seven fake cases, Plaintiffs waited until May 21, 2025, to acknowledge their Rule 11 and LR 83-7 violations—and that occurred only in response to being served with the motion for sanctions on May 7, 2025. ECF 177-1 at 1–2; ECF 177-2 at 1. To top it off, Plaintiffs' response to the Wisnovsky Defendants' threat of filing the motion for sanctions was, "If such Motion is filed, Plaintiffs will respond with a Notice of Errata and Corrections." ECF 177-2 at 1. Plaintiffs did not "promptly correct" their sanctionable conduct—rather, they begrudgingly took the bare minimum of what they thought constituted corrective action weeks after having been put on notice of their sanctionable conduct.

Plaintiffs' rule-violating conduct is flagrant and intentional. Plaintiffs do not dispute their conduct violates Rules 11 and LR 83-7. Plaintiffs have cited no legal authority contradicting or disputing the cases cited in the motion for sanctions. Those cases hold it is appropriate to impose the sanctions that the Wisnovsky Defendants seek when parties cite fewer

fake cases than Plaintiffs did in their motion for summary judgment, response, and reply. Plaintiffs' conduct warrants sanctions, and their feeble, insincere attempt to explain their conduct does not mitigate the need for sanctions. The Court should grant the Wisnovsky Defendants' motion in full.

**D.    The Wisnovsky Defendants Complied with Rule 11's Safe Harbor Provision Because They Served the Motion for Sanctions on Plaintiffs, and Plaintiffs Said They Would Not Take Corrective Action Until After the Motion Was Filed.**

Plaintiffs' motion disingenuously argues the motion for sanctions should be stricken or denied because the Wisnovsky Defendants prematurely filed their motion such that Plaintiffs were not given 21 days to correct their flagrant misrepresentations of law to the Court. ECF 181 at 2. Plaintiffs cite *Radcliffe v. Rainbow Construction Co.*, 254 F.3d 772, 788 (9th Cir. 2001), and *Barber v. Miller*, 146 F.3d 707, 710–11 (9th Cir. 1998), as holding that a motion for sanctions should be denied "for failure to comply with Rule 11's procedural requirements." *Id.* Those cases are distinguishable and do not require striking or denying the Wisnovsky Defendants' motion for sanctions.

In *Radcliffe*, the defendants filed a motion for sanctions along with a motion for summary judgment without having previously served the motion for sanctions on the plaintiffs **at all**. *Radcliffe*, 254 F.3d at 788–89. The court held, "[The defendants] did not serve the plaintiffs with the motion in advance of filing and thus did not comply with the twenty-one day advance service provision." *Id.* at 789. Because the defendants did not serve their motion on the plaintiffs before filing, the Ninth Circuit held the district court erred in granting the motion. *Id.*

Similarly, in *Barber*, the defendant gave "informal warnings" of its intent to seek sanctions, but the defendant never served his motion on the plaintiff before filing the motion.

Page 7 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
            SANCTIONS

*Barber*, 146 F.3d at 710.  The Ninth Circuit held the district court erred in granting the motion for sanctions because the defendant failed to serve the motion at all prior to filing.  *Id.* at 711.

*Radcliffe* and *Barber* are inapplicable because the Wisnovsky Defendants served their motion for sanctions on Plaintiffs prior to filing, Plaintiffs admitted they received the motion for sanctions, and Plaintiffs said they would neither comply with the Wisnovsky Defendants' demands for corrective action nor file what Plaintiffs described as a "Notice of Errata and Corrections" unless and until the Wisnovsky Defendants filed their motion.  ECF 177-2 at 1.  By stating that they would not take action until after the motion is filed, Plaintiffs thereby communicated that they did not need the 21 days provided by Rule 11 to decide whether they wanted to try to protect themselves from a motion for sanctions.  They practically invited the motion for sanctions.

Plaintiffs did not cite, and the Wisnovsky Defendants' counsel was unable to find, a case in any federal jurisdiction where a court denied a motion for sanctions because the rule-violating party did not receive the full 21-day period despite that party acknowledging receipt of the motion for sanctions and affirmatively communicating before the lapse of the 21-day period that they would not take any corrective action until <u>after</u> the motion for sanctions is filed.

Plaintiffs were given the opportunity to correct their egregious violations of Rule 11 and LR 83-7, and they said they would file a Notice of Errata and Corrections only after the motion was filed.  There appears to be no case law supporting denial of a motion for sanctions involving those facts.

Even though Plaintiffs' argument is unsupported by case law, the Wisnovsky Defendants withdrew their motion for sanctions on June 4, 2025, and re-filed it later the same day, thus providing more than 21 days for Plaintiffs to perform the corrective actions demanded by the

Page 8 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
            SANCTIONS

Wisnovsky Defendants.  ECF 183; ECF 184.  Plaintiffs have still not performed the necessary corrective actions.

The Court should deny Plaintiffs' motion and reject Plaintiffs' hyper-technical argument on which they ironically rely to avoid sanctions for citing 15 fake cases and misrepresenting seven real cases to the Court.

**E.      Plaintiffs Waived the 21-Day Safe Harbor Provision, or They Are Estopped from Enforcing It.**

Plaintiffs waived the 21-day safe harbor provision, or they are estopped from enforcing it, because they told the Wisnovsky Defendants that they would not take corrective action until after the Wisnovsky Defendants filed their motion.  Plaintiffs' motion shows that they knew they had 21 days to take corrective action upon receiving the motion for sanctions, and their attorney's May 21 letter to the Wisnovsky Defendants (ECF 177-2) shows that they did not need the full 21 days to decide what, if anything, to do in order to avoid having to defend against the motion for sanctions.  They told the Wisnovsky Defendants they would not act until after the motion was filed.

The Wisnovsky Defendants have thoroughly briefed Oregon law regarding waiver and estoppel in their motion for partial summary judgment.  ECF 143 at 34:6–38:24 (citing *Day v. Advanced M & D Sales, Inc.*, 336 Or. 511, 519 (2004) (stating elements of equitable estoppel); *Marshall v. Wilson*, 175 Or. 506, 518 (1944) (holding defendants were equitably estopped from avoiding contract where evidence satisfied estoppel elements); *Powell v. Goff*, 126 Or. App. 194, 198 (1994) (holding plaintiff waived rescission and restitution claims by failing to take action consistent with intent to rescind despite having knowledge of relevant facts)).  Those legal authorities are incorporated herein, and they support the conclusion that when parties make

Page 9 -      WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
                   SANCTIONS

representations like the ones Plaintiffs made in response to receiving a motion for sanctions, they either waive the 21-day safe harbor provision or are estopped from enforcing it. The Court should deny Plaintiffs' motion or otherwise reject their arguments in deciding the motion for sanctions.

**F.      Plaintiffs Did Not Take Corrective Action Within the Safe-Harbor Period.**

Plaintiffs argue the motion for sanctions should be stricken or denied because they took corrective action within the safe harbor period. ECF 181 at 2. Plaintiffs argue their filing of "comprehensive Notice of Errata and Amended Briefs" constitutes sufficient corrective action. *Id.*

The Wisnovsky Defendants demanded Plaintiffs withdraw their three rule-violating filings entirely (ECF 142, 155, and 168), stipulate to dismissal with prejudice of Plaintiffs' claims and defenses, and agree to pay the Wisnovsky Defendants' reasonable attorney fees. ECF 177-1 at 2. The Wisnovsky Defendants informed Plaintiffs that they would "not accept any lesser corrective actions as being appropriate to remedy Plaintiffs' violations of Rule 11(b) and LR 83-7." ECF 177-1 at 2. Plaintiffs did not do what the Wisnovsky Defendants demanded. They instead filed a *Notice of Errata and Filing of Amended Briefs Pursuant to Rule 11(c)(2)* (ECF 178; "notice of errata") and then filed a *Second Amended Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Replaces ECF 155)* (ECF 182; "second amended opposition brief"). Plaintiffs failed to take appropriate corrective action, even if they had not already waived the 21-day period or were not estopped from enforcing it.

Also, those filings merely removed the fake citations generated by artificial intelligence and left intact all of the purported legal rules and holdings that were falsely attributed to those cases by artificial intelligence. Gustitus Decl. ¶ 4, Ex. 1 at 2, 3, 14, 16, 17, 21, 22, 27, 30, 31.

Page 10 -      WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
                    SANCTIONS

Thus, Plaintiffs' "corrected" filings are still asking the Court to grant their motion for summary judgment and deny the Wisnovsky Defendants' motion for partial summary judgment based on legal rules that were generated by artificial intelligence. Plaintiffs' filings are still in violation of Rule 11 and LR 83-7.

Moreover, Plaintiffs filed those documents after the Court granted attorney Timothy Murphy's motion to withdraw as local counsel (ECF 174, 175), which means attorney Brigandi had no Oregon-licensed attorney through whom to appear in this Court. Those filings were not authorized because Brigandi was not associated with local counsel when he filed them.

LR 83-3(a) states in relevant part,

> "Any attorney who is an active member in good standing of the bar of any United States court, or the highest court of any state, territory, or insular possession of the United States, may apply to be specially admitted *pro hac vice* in a particular case, provided he or she:
> "(1) Associates with an attorney admitted to general practice before the bar of this Court, who will meaningfully participate in the preparation and trial of the case. . . ."

LR 83-3(a). Until Murphy's withdrawal on May 22, 2025, Murphy was the only Oregon-licensed attorney associated with Brigandi. ECF 175. From that time forward and continuing through Brigandi's filing of the notice of errata (ECF 178) and second amended opposition brief (ECF 182), Brigandi was not associated with any Oregon-licensed attorney and therefore did not satisfy LR 83-3(a)(1) quoted above. He had no authority to file the notice of errata and second amended opposition brief that he filed on Plaintiffs' behalf on May 27, 2025, and June 2, 2025, respectively.

Furthermore, a few hours after Brigandi filed the notice of errata, the Wisnovsky Defendants' counsel filed and served a May 27, 2025 letter stating that Brigandi filed Plaintiffs'

Page 11 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS

"'notice of errata' with new summary judgment briefing" without being associated with local counsel. ECF 179 at 1. Instead of withdrawing the notice of errata because it was not authorized, Plaintiffs doubled down and filed the second amended opposition brief for the specific purpose of adding Murphy's name to the identification of Plaintiffs' counsel above the caption—despite having been informed by the Court that Murphy had withdrawn from representing Plaintiffs on May 22 and having been put on notice by the Wisnovsky Defendants' counsel that Brigandi was filing documents without being associated with local counsel. ECF 182 at 1. Brigandi informed the Wisnovsky Defendants' counsel of his reason for filing the second amended opposition brief in a June 2, 2025 email, stating:

> "This is to let you know that we have filed a Second Amended Response. The only change is to add Tim Murphy to the Caption. <u>Honestly, I don't have any idea why we left him off</u>. No other changes made. It is attached below."

Gustitus Decl. ¶ 5, Ex. 2 (emphasis added).

The real reason Plaintiffs had "left [Murphy] off" of the filings was because they knew Murphy had withdrawn as local counsel and was no longer representing them. Plaintiffs, however, apparently realized that Brigandi had no authority to file documents without being associated with local counsel. Thus, they added his name back to the filings so it would appear Brigandi had authority to file documents on Plaintiffs' behalf. This is further evidence of Plaintiffs' dishonest and fraudulent conduct that underscores the need and propriety of sanctions.

## G.    LR 83-11(c) Does Not Authorize Attorney Brigandi to File Documents for Plaintiffs.

As shown above, Brigandi was not authorized to file documents on Plaintiffs' behalf because he is not licensed to practice in Oregon and was not associated with an Oregon-licensed attorney as otherwise required by LR 83-3(a)(1) when he filed those documents. Plaintiffs argue

Page 12 -    WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS

LR 83-11(c) authorized Brigandi to continue filing documents without being associated with an Oregon-licensed attorney. ECF 181 at 3. That rule, however, pertains to *pro hac vice* attorneys seeking to withdraw as counsel of record—not the local attorney through whom the *pro hac vice* attorney appears. That rule does not authorize non-Oregon attorneys such as Brigandi to file a party's documents without being associated with local counsel. The Court should deny Plaintiffs' motion or otherwise reject their arguments in deciding the motion for sanctions.

**H.     Plaintiffs Presented No Evidence to Support Their Argument that "Corrected Filings Were Being Submitted" on May 23, 2025.**

Plaintiffs' counsel states in Plaintiffs' motion and response—without citing any declaration or admissible evidence—that he "personally spoke with defense counsel and confirmed that corrected filings were being submitted." ECF 181 at 3. That is inadmissible as evidence because it is not introduced through testimony based on personal knowledge that is presented in a declaration or affidavit. The Court should deny Plaintiffs' motion or otherwise reject their arguments in deciding the motion for sanctions.

**I.     Plaintiff Joanne Couvrette Is a Party to This Lawsuit.**

Plaintiffs' motion argues that the motion for sanctions "is improperly captioned and directed at 'Plaintiff Joanne Couvrette, Trustee of the Ann M. Wisnovsky Trust,' who is no longer a party." ECF 181. Plaintiffs do not ask the motion for sanctions to be stricken or denied on those grounds. Regardless, Plaintiffs are wrong to argue the motion is improperly captioned.

The Court's order granting Plaintiffs' motion to substitute (ECF 137) plainly states, "the substitution of Ms. Sullivan for Ms. Couvrette [for purposes of prosecuting the elder financial abuse claim] does not relieve Ms. Couvrette of any of the counterclaims alleged against her." ECF 137 at 11. There is no court order or procedural rule allowing Couvrette's name to be

Page 13 -     WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
                  SANCTIONS

omitted from the caption of any pleading.  Indeed, the Court's order granting the motion to substitute correctly identifies Couvrette as a plaintiff and party to this lawsuit.  *Id.* at 1.  And every notice and order the Court entered since granting the motion to substitute has identified this case as "Couvrette v. Wisnovsky et al."  ECF 141, 149, 150, 152, 154, 166, 172, 175, and 180.  Plaintiffs themselves filed an unopposed motion on March 12, 2025, in which they identified Joanne Couvrette as a plaintiff and party to this lawsuit.  ECF 151 at 1.

Plaintiffs have identified no legal authority suggesting it is improper to identify a party such as Joanne Couvrette in the caption, as the Wisnovsky Defendants' motion does.  The Court should deny Plaintiffs' motion or otherwise reject their arguments in deciding the motion for sanctions.

**J.    The Wisnovsky Defendants' Motion for Sanctions Seeks the Exact Type of Sanctions Other Federal Courts Have Imposed on Parties Who Committed Less Egregious Acts Than Plaintiffs.**

Lastly, Plaintiffs' motion argues the Wisnovsky Defendants' May 7, 2025 demand letter "Exceeded the Scope of the Rule" and is "inconsistent with the spirit and letter of Rule 11." ECF 181 at 4.

That argument is not supported by any case law and overlooks the fact that Plaintiffs offered to do nothing in advance of the Wisnovsky Defendants filing their motion for sanctions.

That argument also does not dispute the many cases cited in the motion for sanctions where federal courts across the country, including the Ninth Circuit, imposed the very type of sanctions that the Wisnovsky Defendants seek in this case.  The corrective actions demanded in the May 7 letter were and still are appropriate because Plaintiffs' rule violations were so

egregious and because Plaintiffs had a remorseless, devil-may-care attitude in response to being called out on those violations.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion or otherwise reject their arguments in deciding the motion for sanctions.

DATED:  June 13, 2025

CHENOWETH LAW GROUP, PC

 /s/ Bradley T. Crittenden
Sandra S. Gustitus, OSB No. 143298
Bradley T. Crittenden, OSB No. 173274
510 SW Fifth Avenue, Fourth Floor
Portland, OR  97204
Phone: (503) 221-7958
Fax:  (503) 221-2182
Email: sgustitus@chenowethlaw.com
bcrittenden@chenowethlaw.com

*Attorneys for Defendants Michael J. Wisnovsky, Mark A. Wisnovsky, and Valley View Winery, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I caused to be served a copy of the foregoing **WISNOVSKY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS,** on the following person(s) in the manner indicated below:

Stephen M. Brigandi
3624 Caminito Cielo Del Mar
San Diego, CA 92130
Brigandilaw@gmail.com

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette and Wisnovsky Land LLC*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com

*Attorney for Defendant Mark Wisnovsky, Michael Wisnovsky and Valley View Winery*

Curtis Glaccum
Josh Newton
Best Best & Krieger LLP
360 SW Bond St., Suite 400
Bend, OR 97702
Curtis.glaccum@bbklaw.com
Josh.newton@bbklaw.com
*Attorney for Plaintiffs Michelle Sullivan and Wisnovsky Land, LLC*

by the following method(s):

xx_____    by **e-service via CM/ECF** on the date set forth below.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for perjury.

DATED: June 13, 2025

*/s/ Jami Asay*_____
Jami Asay, Paralegal