CURTIS GLACCUM, Bar No. 161732
curtis.glaccum@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
BEST BEST & KRIEGER LLP
360 SW Bond Street
Suite 400
Bend, Oregon  97702
Telephone:  (541) 382-3011
Facsimile:  (541) 388-5410

*Of Attorneys for Plaintiffs MICHELLE SULLIVAN, as
Special Administrator of the Estate of ANN M.
WISNOVSKY, and WISNOVSKY LAND, LLC,*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MICHELLE SULLIVAN, as Special Administrator of the Estate of ANN M. WISNOVSKY, and WISNOVSKY LAND, LLC, an Oregon Domestic Limited Liability Company,<br><br>              Plaintiffs,<br><br>        v.<br><br>MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; and VALLEY VIEW WINERY, INC., an Oregon Domestic Business Corporation,<br><br>              Defendants. | Civil No.:  1:21-CV-00157-CL<br><br>**RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS** |

## <u>RESPONSE</u>

Plaintiffs Michelle Sullivan, as Personal Representative of the Estate of Ann M.

Wisnovsky, and Wisnovsky Land, LLC, respectfully submit this Response to Defendants Mark

Page 1 – **RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS**
15025.00001\43921337.3

A. Wisnovsky, Michael J. Wisnovsky, and Valley View Winery, Inc.'s Motion for Sanctions (ECF 184).

## MEMORANDUM IN SUPPORT OF RESPONSE

### I.    Introduction

This Court ordered Plaintiffs to respond to Defendants' Motion for Sanctions (ECF 184) (hereinafter, "Motion"). ECF 189.

Defendants' Motion mischaracterizes the procedural posture under Rule 11 and seeks sanctions grossly disproportionate to citation errors that have been corrected. The Motion fails to acknowledge Plaintiffs' timely remedial actions and applicable legal limitations on the relief sought.

Unfortunately, this matter has been further complicated by the health complications of Plaintiffs' previous lead counsel, Stephen Brigandi. Mr. Brigandi is currently incapacitated and in the hospital intensive care unit ("ICU"). He has been unconscious and in the ICU since last Monday, June 30, 2025. The latest information is that Mr. Brigandi has previously undiagnosed cancer and his prognosis remains grave.

### II.    Factual Background

This litigation commenced in February 2021. (ECF 1). Mr. Brigandi was admitted *pro hac vice* on February 7, 2024. (ECF 109).

On May 7, 2025, Defendants served Plaintiffs with a Rule 11(c)(2) demand letter and draft motion, requiring corrective action within 21 days. (ECF 177-1). The demand letter insisted, in relevant part, that:

> 'Those violations may be appropriately corrected only by doing the
> following within 21 days:

Page 2 – **RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS**
15025.00001\43921337.3

1. Withdraw Plaintiffs' motion for summary judgment (ECF 142), response to the Wisnovsky Defendants' motion for partial summary judgment (ECF 155), and reply in support of Plaintiffs' motion (ECF 168);

2. Stipulate to a dismissal with prejudice of all of Plaintiffs' claims and defenses against the Wisnovsky Defendants;

3. Agree to pay the Wisnovsky Defendants' reasonable attorney fees—in an amount to be determined pursuant to Rule 54(d)—for work their attorneys performed since the date Plaintiffs filed their motion for summary judgment, i.e., January 31, 2025, and through the date of this letter.

'The Wisnovsky Defendants will not accept any lesser corrective actions as being appropriate to remedy Plaintiffs' violations of Rule 11(b) and LR 83-7. If Plaintiffs do not perform the corrective actions listed above within 21 days, the Wisnovsky Defendants will file their motion for sanctions and seek the relief described in the enclosed motion.'"

ECF 177-1 at 1-2.

On May 23, 2025, only sixteen days after service, Defendants prematurely filed their first Motion for Sanctions. (ECF 176).

On May 26, 2025, within the 21-day safe harbor period, Mr. Brigandi filed a Notice of Errata correcting the challenged citations. (ECF 178).

On June 4, 2025, Defendants withdrew their original motion and filed the instant Motion for Sanctions. (ECF 183, 184).

On June 16, 2025, this Court ordered Plaintiffs to respond to Defendants' Motion. (ECF 189).[1]

On Monday, June 30, 2025, Plaintiffs' legal counsel, Mr. Brigandi, was admitted into the ICU, where he remains unconscious and under intubation. Declaration of Joanne Couvrette, ¶¶ 3-7. According to his son, Connor Brigandi, the doctors believe Mr. Brigandi's current severe

---

[1] This Response addresses only the Rule 11(c)(2) motion before the Court (ECF 184), which requires different analysis than sanctions initiated *sua sponte* under Rule 11(c)(3).

medical prognosis is related to previously undiagnosed cancer and that Mr. Brigandi may not survive. *Id*.

### III.     Argument

### A.     Defendants' Motion for Sanctions was Premature and Their requests Exceeded the Scope of Rule 11

Defendants assert that sanctions are warranted because: (1) Mr. Brigandi submitted pleadings with erroneous case citations violating federal and local rules; and (2) Plaintiffs failed to comply with all demands in Defendants' May 7 letter within the 21-day safe harbor period.

### 1.     Defendants Improperly Filed Their Motion Because Plaintiffs Corrected the Challenged Papers Within the Safe Harbor Period

Rule 11(c)(2) establishes mandatory procedural requirements for sanctions motions:

> "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it <u>must not be filed or be presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service</u> or within another time the court sets."

Fed. R. Civ. P. 11(c)(2) (emphasis added). This provision provides a "safe harbor" for attorneys, law firms, or parties accused of sanctionable conduct by their opponent. *Triantos v. Guaetta & Benson, LLC*, 91 F4th 556, 561 (1st Cir 2024).

The purpose of the 21 day limitation is made abundantly clear by the Advisory Committee Notes:

> "These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions."

Page 4 – **RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS**
15025.00001\43921337.3

FRCP 11; Adv. Comm. Notes, 1993 Amend; *see also Barber v. Miller*, 146 F3d 707, 710 (9th Cir 1998) ("The purpose of the safe harbor, however, is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading and thereby escape sanctions.")

Because an attorney or unrepresented party must have the opportunity to "withdraw or correct a challenged submission" before their opponent can file a motion for sanctions with the court, the safe-harbor provisions necessarily limit when a party may move for sanctions. *Triantos*, 91 F4th at 561 (1st Cir 2024). As the plain language of the rule indicates, these requirements are "mandatory rather than suggested." *Id*.

Accordingly, "a party seeking sanctions must follow a two-step process" in every case. *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997). First, "[t]he party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and [second,] sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004).

Defendants violated these mandatory procedure. Defendants served their demand letter on May 7, 2025 (ECF 177-1), requesting that the erroneous citations be corrected; along with demands for dismissal of claims and payment of attorney fees. Defendants, then, prematurely filed their original motion for sanctions, before the twenty-one (21) safe harbor period required by Rule 11. (ECF 176).

On May 26, 2025, within the safe harbor period, Mr. Brigandi filed a Notice of Errata and Filing of Amended Briefs correcting and/or removing the challenged citations. (ECF 178). This corrective action eliminated any grounds for sanctions under Rule 11(c)(2).

> ### 2. Plaintiffs Were Not Required to Comply With Every Demand in Defendants' May 7 letter.

To avoid sanctions, the party need only "appropriately" correct the FRCP 11 violation during the safe harbor period. FRCP 11(c)(2); *see Sneller v. City of Bainbridge Island*, 606 F3d

636, 639 (9th Cir. 2010). The Ninth Circuit in *Sneller* clarified that amending the offending document constitutes sufficient correction:

> "On August 1, 2008, Defendants served the Snellers with a Rule 11 motion requesting that Plaintiffs dismiss their claims for violations of the Washington State Constitution, civil conspiracy, and all claims against the individual defendants. The Snellers responded eighteen days later with a Motion for Leave to Amend their complaint so as to satisfy these requests. The Snellers' proposed Third Amended Complaint omitted each of the claims referenced in Defendants' motion for sanctions. By filing the motion to amend within the 21–day safe harbor period, the Snellers withdrew all of the challenged claims as required by Rule 11. There is nothing more that the Snellers were required to do in terms of withdrawing the challenged claims. S*ee Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1153 (9th Cir.2002) (noting that amendment of a complaint cures a Rule 11 defect). Although the dissent suggests that there were several other ways, besides a motion to amend, for the Snellers to withdraw their offending claims, the availability of those additional suggested methods, even if true, are irrelevant. <u>All that Rule 11 required is that the Snellers withdrew their claims within the safe harbor period</u>. As explained above, they did."

*Sneller*, 606 F3d at 639 (9th Cir 2010) (emphasis added).

Like the plaintiffs in *Sneller*, Plaintiffs here amended the offending pleadings identified by Defendants. Nothing more was required to avoid sanctions. Plaintiffs were not obligated to withdraw their summary judgment briefing or comply with Defendants' other demands.

Rule 11 does not authorize demands for case dismissal or attorney fees. It does not grant Defendants the authority to demand Plaintiffs "Stipulate to a dismissal with prejudice of all of Plaintiffs' claims and defenses" or "Agree to pay the Wisnovsky Defendants' reasonable attorney fees," as demanded by Defendants' counsel. (ECF 177-1). Such demands exceed the scope of Rule 11, which aims to correct offending conduct, not provide leverage to negotiate away otherwise meritorious claims.

Nonetheless, Defendants filed their second motion for sanctions, ignoring the fact that Plaintiffs rectified the inaccurate citations by filing an errata with amended pleadings, well within the 21 day safe harbor period.

Page 6 – **RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS**
15025.00001\43921337.3

The safe harbor period is mandatory, not discretionary. Because the 21-day hold is "absolutely prerequisite," FRCP 11 sanctions cannot be imposed under a motion filed within 21 days after the motion was served, no matter how frivolous the conduct sought to be sanctioned. *Radcliffe v. Rainbow Const. Co.*, 254 F3d 772, 789 (9th Cir. 2001); *see also Barber*, 146 F3d at 710 (9th Cir 1998) (21-day "safe harbor" is mandatory); *Elliott v. Tilton*, 64 F3d 213, 216 (5th Cir 1995) ("The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory.").

Furthermore, Defendants' assert that Mr. Brigandi's filing of any pleadings after Mr. Murphy's withdrawal, but before new local was in place, was improper. However, when Mr. Murphy submitted his motion to withdraw, he specifically requested that "plaintiffs be allowed 30 days to retain new local counsel." (ECF 174). The Court granted his request. (ECF 175). Defendants then immediately filed their sanctions motion, necessitating Mr. Brigandi's response during the authorized transition period.

Defendants' motion should be denied because Plaintiffs appropriately corrected the challenged pleadings within Rule 11's safe harbor period, and no additional corrective action was required.

**B.     Monetary Sanctions Against Plaintiffs Are Prohibited For Rule 11(b)(2) Violations, Under Rule 11(c)(5)(A)**

Even if the Court finds Rule 11 violations, Rule 11(c)(5)(A) expressly prohibits monetary sanctions against represented parties for Rule 11(b)(2) violations: "The court must not impose a monetary sanction … against a represented party for violating Rule 11(b)(2)."

Rule 11(b)(2) requires that:

> "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]"

Defendants' Motion alleges Plaintiffs' legal contentions were not warranted by existing law due to erroneous citations, in violation of Rule 11(b)(2).

Page 7 – **RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS**
15025.00001\43921337.3

As discussed *supra*, Defendants failed to follow the mandatory Rule 11 process, and their Motion should be denied. However, should the Court find monetary sanctions warranted, they may only be imposed against counsel who submitted the offending pleadings, not against Plaintiffs themselves. *See* FRCP 11(c)(5)(A).

Therefore, any monetary sanctions for Rule 11(b)(2) violations are categorically unavailable against Plaintiffs.

### C.     Terminating Sanctions Against Plaintiffs Are Inappropriate.

Rule 11(c)(4) requires that sanctions be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Ordinarily, the person who signed the pleading—the lawyer, not the client—bears responsibility for such violations. The Supreme Court has emphasized that the signer has a "personal, non-delegable responsibility" to comply with Rule 11. *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 US 120, 125-127, 110 S.Ct. 456, 459-460 (1989).

The cases cited by Defendants are distinguishable. For example, in *Unites States v. Hayes*, counsel, Mr. Francisco, failed to concede that he had quoted a fictitious legal citation in support of his position:

> "Unlike other cases where counsel and litigants have admitted, sometimes reluctantly, that the fictitious citations and quotations were created by generative AI, Mr. Francisco states that he 'did not use and ha[s] never used AI (artificial intelligence) to draft any of my motions.'"

*United States v. Hayes,* 763 F Supp 3d 1054, 1065–66 (ED Cal 2025), *recons den*, 2:24-CR-0280-DJC, 2025 WL 1067323 (ED Cal Apr 9, 2025). However, in this matter, Mr. Brigandi took steps to amend his erroneous citations prior to the 21 day safe harbor period and before any hearings took place on the operative pleadings.

Similarly, in *Grant v. City of Long Beach*, 96 F4th 1255, 1257 (9th Cir 2024), counsel failed to amend their offending pleadings or even acknowledge their mistakes of both fact and law.

Defendants also cite *Univ. of Washington v. Singh*, 2:24-CV-00899-MJP, 2024 WL 4315178, at *5 (WD Wash Sept 26, 2024), which merely supports the proposition that court may issue an order to show cause why an *attorney* should not be sanctioned for their inaccurate legal citation; which is already authorized by Rule 11. Furthermore, the ruling cited contains no discussion of the court's finding on that issue or an order issuing terminating sanctions, or any sanctions, against the parties.

In *Thomas v. Pangburn*, plaintiff was a *pro se* party who filed frivolous motions using erroneous citations in support of his sovereign citizen claim. *Thomas v. Pangburn*, CV423-046, 2023 WL 9425765, at *5–6 (SD Ga Oct 6, 2023), *report and recommendation adopted*, 4:23-CV-46, 2024 WL 329947 (SD Ga Jan 29, 2024), *appeal dismissed*, 24-10368-C, 2024 WL 5389428 (11th Cir Oct 21, 2024). In that case, the person making the erroneous citations and the party asserting the frivolous claims were also one in the same. *Id*. Unlike *Thomas*, Plaintiffs in this matter are represented by legal counsel, who corrected the admittedly erroneous citations prior to any hearing on the matter and before the 21 day safe harbor period.

In *Leslie v. IQ Data Int'l*, the defendant alleged that it had not received any production from plaintiff, despite the court ordering production in three (3) prior orders. *Leslie v. IQ Data Int'l*, 1:22-CV-02304-VMC-RDC, 2024 WL 3385209, at *3 (ND Ga June 5, 2024), *report and recommendation adopted*, 1:22-CV-02304-VMC, 2024 WL 5396848 (ND Ga Nov 25, 2024). Again, unlike this matter, the plaintiff in *Leslie* further evidenced his bad faith by failing to admit that his case citations were erroneous, when confronted by the court. *Id*. The court held that the

Page 9 – **RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS**
15025.00001\43921337.3

repeated violations of its discovery orders, plus the evidence of bad faith, warranted dismissal with prejudice. *Id.*

This case presents unique circumstances. On information and belief, the attorney responsible for drafting and filing the offending pleadings, Mr. Brigandi, is no longer in a position to provide an explanation for his actions because of his current medical condition. *See* Couvrette Decl., ¶¶ 3-7. Mr. Brigandi was admitted into the ICU on Monday, June 30, 2025, and is currently unconscious and under intubation . *Id.* The doctors believe that his current medical prognosis is very poor and that Mr. Brigandi may not survive. *Id.*

We may never know what role, if any, Mr. Brigandi's medical condition played in the recent events. However, based on the information currently available, it is possible that Mr. Brigandi may never practice law again. We also know that Mr. Brigandi will be unavailable to provide his version of the events in question, in order to respond to Defendants' Motion. Either way, he will be withdrawing as counsel in this matter and newly retained local counsel will be handling matters from hereon in.

What we do know is that Mr. Brigandi filed amended pleadings in response to Defendants' May 7 letter. (ECF 178). While the use of inaccurate or fictitious citations is potentially grounds sanctions, in this case, the appropriate corrections were made within the time and scope required under Rule 11. Mr. Brigandi appropriately acknowledged that mistakes were made in his pleadings and that corrections were warranted, and then filed the necessary amendments. Mr. Brigandi also appropriately disregarded Defendants' additional demands for withdrawal of Plaintiffs' claims and paying Defendants' legal costs, which exceeded the scope of Rule 11.

Given these unique circumstances—where the responsible attorney may never practice again and has already made appropriate corrections—imposing sanctions against Plaintiffs would not serve Rule 11's deterrent purpose and would be fundamentally unjust.

## IV.    Conclusion

For the foregoing reasons, Defendants' motion for sanctions should be denied.

Dated:    July 7, 2025

BEST BEST & KRIEGER LLP

By: *s/ Curtis Glaccum*
        CURTIS GLACCUM, Bar No. 161732
        curtis.glaccum@bbklaw.com
        JOSH NEWTON, Bar No. 983087
        josh.newton@bbklaw.com

        Attorneys for Plaintiffs
        MICHELLE SULLIVAN, as Special
        Administrator of the Estate of ANN M.
        WISNOVSKY, and WISNOVSKY
        LAND, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2025, I caused to be served a copy of the foregoing

RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS on the following person(s)

in the manner indicated below:

Sandra S. Gustitus, Bar No. 143298
Bradley T. Crittenden, Bar No. 173274
Chenoweth Law Group, PC
510 SW Fifth Avenue, 4th Floor
Portland, OR  97204
Email:    sgustitus@chenowethlaw.com
bcrittenden@chenowethlaw.com

James R. Dole, Bar No. 892272
Watkinson Laird Rubenstein PC
1246 NE 7th St Ste B
Grants Pass OR  97526
Email:    jdole@wlrlaw.com

*Attorneys for Defendants Michael J.*
*Wisnovsky, Mark A. Wisnovsky, and*
*Valley View Winery, Inc*.

*Attorney for Defendants Michael J.*
*Wisnovsky, Mark A. Wisnovsky, and*
*Valley View Winery, Inc*.

by causing a full, true, and correct copy thereof to be sent by the following indicated

method or methods, on the date set forth below:

☒    by e-service via CM/ECF on the date set forth below.

☒    by emailing to the attorney at the email address that is the last-known email
address for the attorney's office.

DATED July 7, 2025                    BEST BEST & KRIEGER LLP

*s/ Curtis Glaccum*
CURTIS GLACCUM, Bar No. 161732
curtis.glaccum@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com

*Of Attorneys for Plaintiffs MICHELLE*
*SULLIVAN, as Special Administrator of*
*the Estate of ANN M. WISNOVSKY, and*
*WISNOVSKY LAND, LLC*

PAGE 1- CERTIFICATE OF SERVICE