CURTIS GLACCUM, Bar No. 161732
curtis.glaccum@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
BEST BEST & KRIEGER LLP
360 SW Bond Street
Suite 400
Bend, Oregon  97702
Telephone:  (541) 382-3011
Facsimile:  (541) 388-5410

*Of Attorneys for Plaintiffs MICHELLE SULLIVAN, as
Special Administrator of the Estate of ANN M.
WISNOVSKY, and WISNOVSKY LAND, LLC,*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOANNE COUVRETTE, MICHELLE SULLIVAN, as Special Administrator of the Estate of ANN M. WISNOVSKY, and WISNOVSKY LAND, LLC, an Oregon Domestic Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; and VALLEY VIEW WINERY, INC., an Oregon Domestic Business Corporation,<br><br>Defendants. | Civil No.:  1:21-CV-00157-CL<br><br>**JOINT STATUS REPORT** |

**JOINT STATUS REPORT**

     Plaintiffs and Defendants, by their respective counsel, respectfully submit this Joint

Status Report regarding the current condition of Plaintiffs' legal counsel, Stephen Brigandi,

pursuant to the Court's Scheduling Order dated July 8, 2025 (Dkt 195).

Page 1 – **JOINT STATUS REPORT**
15025.00001\44044995.2

**PLAINTIFFS' STATEMENT**

I.  <u>Information on the Health of Stephen Brigandi</u>

At the request of Defendants, through legal counsel, Plaintiffs provided written documentation of a small, redacted portion of Mr. Brigandi's emergency department ("ED") medical record with his name, date of birth, name of the hospital, name of his ED treating physician, and the date and time of his purported admission, June 30, 2025 at 2:39 AM. Due to the sensitive and private nature of Mr. Brigandi's medical situation, Plaintiffs' gathering of any information regarding Mr. Brigandi's current condition has been obtained through limited communications with his son, Connor Brigandi.

Based on information provided by Connor Brigandi, Plaintiffs report that Stephen Brigandi has been released from Scripps Memorial Hospital La Jolla and is currently at home under the care of a full-time caregiver. While Mr. Brigandi has reportedly regained consciousness, he continues to experience significant cognitive difficulties, including confusion regarding his whereabouts, circumstances, and recent events.

Mr. Brigandi's current physical and cognitive limitations prevent him from working, driving a vehicle, or navigating stairs independently. Medical testing is ongoing, but the underlying cause of his condition has not yet been determined.

Defendants have indicated that they wish to receive additional documentation regarding Mr. Brigandi's medical status. However, Plaintiffs and current Plaintiffs' counsel are unable to obtain such information at this time.

II.  <u>Defendants' Request for Declaration from Joanne Couvrette</u>

During the course of discussions between counsel, Defendants requested that Plaintiffs have Joanne Couvrette execute a declaration regarding the extent of her knowledge of the legal

citations Mr. Brigandi used in the briefings at issue in Defendants' Motion for Sanctions. Plaintiffs' counsel declined this request, and Defendants' counsel indicated they would be making a further request from the Court for the declaration within this Joint Status Report.

Plaintiffs' counsel advised that requiring such a declaration would necessitate disclosure of privileged attorney-client communications, as any knowledge Ms. Couvrette possessed regarding case citations would have been acquired through protected discussions with her former attorney about legal strategy and litigation tactics. Additionally, Plaintiffs' counsel noted that case citation research and verification of legal authority constitute attorney work product and professional responsibility, not client oversight duties.

Plaintiffs' counsel further referenced Federal Rule of Civil Procedure 11(c)(5)(A), which prohibits monetary sanctions against represented parties for violations involving legal contentions not warranted by existing law, reflecting the established principle that represented parties are not responsible for their attorneys' submissions of legal positions. Plaintiffs' counsel maintained that clients retain attorneys precisely because they lack the legal expertise to evaluate citation accuracy and legal precedent, and that requiring such oversight would inappropriately blur the distinction between attorney and client responsibilities under the applicable rules.

The parties have agreed to disagree on this issue.

### DEFENDANTS' STATEMENT

Defendants Mark Wisnovsky, Michael Wisnovsky, and Valley View Winery, Inc. ("Wisnovsky Defendants") are ready to file a reply brief in support of their motion for sanctions and proceed to a decision on the merits of the motion. The Wisnovsky Defendants would like to receive more documentation substantiating attorney Stephen Brigandi's physical condition that, according to Plaintiffs, render him unable to provide an explanation that the Court asked for in

its *Order to Show Cause* (ECF 189). After several years of defending against Plaintiffs' patently false allegations and their express, shameless goal of financially ruining the Wisnovsky Defendants, and now their attempt to obtain summary judgment in their favor by force of fake legal authority, the Wisnovsky Defendants have no reason to believe anything Plaintiffs say.

Of course the Wisnovsky Defendants and their counsel wish the best for attorney Brigandi's health and wish him a speedy recovery. But even if Brigandi is incapacitated as Plaintiffs allege, the Court should proceed in deciding the Wisnovsky Defendants' motion for the following reasons:

(1) the Wisnovsky Defendants put Brigandi and Plaintiffs on notice as early as April 4, 2025, that they had identified fake legal authorities in the motion for summary judgment that they filed, and they nonetheless continued filing briefs that contained fake legal authorities;

(2) the Wisnovsky Defendants warned Plaintiffs they would file a motion for sanctions, and Brigandi said Plaintiffs would only file a notice of errata and corrections after the motion for sanctions was filed (ECF 177-2);

(3) Brigandi filed a response to the motion for sanctions before he allegedly became incapacitated, which contained the statement—without Brigandi himself testifying in a declaration or affidavit—"The inclusion of inaccurate citations was inadvertent and the result of reliance on an automated legal citation tool" (ECF 181 at 2);

(4) the Court did not "find Plaintiffs' explanation satisfactory to avoid the requested sanctions" (ECF 189 at 2); and

(5) Plaintiffs filed a second response to the motion for sanctions that cast all blame on the now-absent Brigandi without themselves taking any responsibility for the fake legal authorities, and yet they did not deny that they knew all three of their filings contained fake legal authorities

Page 4 – **JOINT STATUS REPORT**

when they were filed. ECF 194; ECF 194-1. Because the briefing places all blame on Brigandi, who is unable to explain his purported actions, Plaintiffs should not avoid liability and should be required to explain what, if anything, they personally knew about the false citations. To allow them to hide behind the medical issues and privilege denies the Wisnovsky Defendants and this Court the answers to which they are entitled.

The Wisnovsky Defendants' position is that Brigandi had the opportunity to explain his actions and failed to do so. Thus, Brigandi's absence should be no impediment to the Wisnovsky Defendants' motion for sanctions being decided on the merits. They stand ready to file their reply and be heard at a hearing on the motion.

Respectfully submitted,

Dated:    August 11, 2025

BEST BEST & KRIEGER LLP

By: *s/ Curtis Glaccum*
CURTIS GLACCUM, Bar No. 161732
curtis.glaccum@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com

Attorneys for Plaintiffs
MICHELLE SULLIVAN, as Special Administrator of the Estate of ANN M. WISNOVSKY, and WISNOVSKY LAND, LLC

Dated: August 11, 2025

CHENOWETH LAW GROUP PC

By: *s/ Bradley T. Crittenden*
SANDRA S. GUSTITUS, Bar No. 143298
sgustitus@chenowethlaw.com
BRADLEY T. CRITTENDEN, Bar No. 173294
bcrittenden@chenowethlaw.com

Attorneys for Defendants
Michael J. Wisnovsky, Mark A. Wisnovsky, and
Valley View Winery, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of August, 2025, I caused to be served a copy of the foregoing Joint Status Report on the following person(s) in the manner indicated below:

| | |
|---|---|
| Sandra S. Gustitus, Bar No. 143298<br>Bradley T. Crittenden, Bar No. 173274<br>Chenoweth Law Group, PC<br>510 SW Fifth Avenue, 4th Floor<br>Portland, OR  97204<br>Email:   sgustitus@chenowethlaw.com<br>bcrittenden@chenowethlaw.com<br><br>*Attorneys for Defendants Michael J. Wisnovsky, Mark A. Wisnovsky, and Valley View Winery, Inc.* | James R. Dole, Bar No. 892272<br>Watkinson Laird Rubenstein PC<br>1246 NE 7th St Ste B<br>Grants Pass OR  97526<br>Email:   jdole@wlrlaw.com<br><br>*Attorney for Defendants Michael J. Wisnovsky, Mark A. Wisnovsky, and Valley View Winery, Inc.* |

      by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

☒     by e-service via CM/ECF on the date set forth below.

☐     by mailing in a sealed, first-class postage-prepaid envelope, addressed to the last-known office address of the attorney, and deposited with the United States Postal Service at Bend, Oregon.

☒     by emailing to the attorney at the email address that is the last-known email address for the attorney's office.

PAGE 1- CERTIFICATE OF SERVICE

| | |
|---|---|
| DATED August 11, 2025 | BEST BEST & KRIEGER LLP |

<u>*s/ Curtis Glaccum*</u>
CURTIS GLACCUM, Bar No. 161732
curtis.glaccum@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com

*Of Attorneys for Plaintiffs MICHELLE SULLIVAN, as Special Administrator of the Estate of ANN M. WISNOVSKY, and WISNOVSKY LAND, LLC*