Verified Correct Copy of Original 9/30/2024.

Joanne Couvrette
Trustee, Ann M. Wisnovsky Trust
13274 Jacarte Court
San Diego, CA  92130

RECEIVED AND FILED
2024 SEP 27  AM 11: 35
JACKSON COUNTY COURTS
DOCKETED BY: ᗡᗰ

| | |
|---|---|
| Joanne Couvrette, as Qualified Beneficiary of the Ann M. Wisnovsky Trust and Member of WISNOVSKY LAND, LLC<br><br>                              Plaintiffs,<br><br>v.<br><br>VALLEY VIEW WINERY, INC,<br><br>                              Defendant | **Case No. 24CV32833**<br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### I. Introduction

Plaintiffs, acting on behalf of Wisnovsky Land LLC, **oppose** Defendant's Motion to Dismiss, which they filed under ORCP 21 A(1)(c) and ORS 9.320 on two primary grounds: (1) the claim that a pending Federal action bars this lawsuit; and (2) the assertion that Plaintiffs are improperly proceeding pro se.

Plaintiffs argue that the present case involves different timeframes, parties, and issues from the Federal action, and that the Federal case is likely to be dismissed.

Additionally, this action was filed as a derivative suit with the consent of 100% of the members of Wisnovsky Land LLC and Wisnovsky Land itself and is properly before the court.

### II. Legal Argument

**1. The Pending Federal Court Action Does Not Bar This Lawsuit**

1

Exhibit 5
Page 1 of 29

Defendant argues that this case should be dismissed under ORCP 21 A(1)(c) due to the existence of a pending Federal Court action. However, the Federal action involves counterclaims related to a dubious document, allegedly signed in 2017, without witnesses, which authorized Defendants to deduct any payments they make to their mom, Ann Wisnovsky, from rent.

The Trustee brought a claim of Elder Abuse against Defendants, which is the Plaintiff's case in the Federal Litigation. During Depositions, Plaintiff proved that the document, dated March 24, 2017 could not have been signed by Ann, as she was not in Oregon at that time. No original of the document has ever been produced and the signature purporting to be Ann's is likely photoshopped. During testimony, Defendant Mark Wisnovsky claims his mom signed the document, but he dated a random date, which was not the date that she actually signed it. The Federal Lawsuit involves Elder Abuse, Unjust Enrichment and Fraud as to Mark and Mike Wisnovsky.

Defendants further allege a challenge to the Ann M. Wisnovsky Trust, however, the Federal Court has already made a ruling **(Attachment A)** that it lacks Subject Matter Jurisdiction over probate issues and has remanded one of the Probate Matters back to State Court. Subsequently, Couvrette filed a Motion to Dismiss all of the Probate Matters, including ownership of Wisnovsky Land LLC, back to the state court.

The California Superior Court Probate Division issued and Order on June 6, 2024 **(Attachment B)** after a length probate examiner review of the Trust and its amendments and issued a finding that there are only two qualified beneficiaries of the Ann M. Wisnovsky Trust, Joanne Couvrette and Robert Wisnovsky. Confirming that pursuant to the Trust, there are currently two beneficiaries entitled to income and principal under the terms of the Trust and

Verified Correct Copy of Original 9/30/2024.

Exhibit 5
Page 2 of 29

rendering the Defendant's Probate Claims in Federal Court Res Judicata, in addition to being outside the Subject Matter Jurisdiction of the Federal Court.

Pursuant to the Trust, as amended, Wisnovsky Land LLC, membership in which was an asset of the Ann M. Wisnovsky Trust at the time of her death, is to be distributed as follows:

3.3B. The stock of Valley View Winery, Inc., an Oregon corporation, has been previously transferred or gifted to MARK A. WISNOVSKY and MICHAEL J. WISNOVSKY;

3.3 C. The rest, residue and remainder of this trust shall be divided into *two (2) equal shares. One of such shares shall be distributed JOANNE COUVRETTE and one of such shares shall be distributed to ROBERT F. WISNOVSKY.*

This current case in front of this honorable court arises from the termination of the lease in January 2024 and the Defendant's refusal to vacate the premises thereafter.

Assuming the Federal Lawsuit is not Dismissed, a decision in this case will not render the issues in the Federal Court res judicata, as they are quite simply different matters.

**Different Timeframes and Issues**: Even if Defendant's Federal Counterclaims could be construed to be a rent dispute, they concern obligations under the lease before 2021, while this case addresses breaches following the termination of the lease in January 2024. Specifically, the current case concerns Defendant's failure to vacate the premises and unpaid obligations arising under the following provisions of the lease.

**Termination of the Lease**: On January 23, 2024, Wisnovsky Land LLC notified the Defendant that the lease was terminated (Exhibit 4 of Plaintiff's Claim). Plaintiff's claims in this case are separate and distinct from any in the Federal Lawsuit and arise from sections of the lease not discussed in the Federal Lawsuit. Section 15.1 of the Vineyard Lease provides:

**Section 14.1 - Termination**:
"In the event of a default, the lease may be terminated at the option of the Landlord by written notice to Tenant. Whether or not the lease is terminated by the election of Landlord or otherwise, Landlord shall be entitled to recover damages from Tenant for

3

Exhibit 5
Page 3 of 29

the default, and Landlord may reenter, take possession of the Premises, and remove any persons or property by legal action or by self-help with the use of reasonable force and without liability for damages and without having accepted a surrender."

**Property Taxes and Additional Rent**: The lease also requires the Defendant to pay property taxes, which are considered rent under the lease. Section 8.1 of the lease provides:

**Section 8.1 - Property Taxes**:
"Tenant shall pay as due all taxes on its personal property located on the Premises. Tenant shall pay as due all real property taxes and special assessments levied against the Premises. As used herein, real property taxes include any fee or charge relating to the ownership, use, or rental of the Premises, other than taxes on the net income of Landlord or Tenant."

**Section 2.2 - Additional Rent**:
"All taxes, insurance costs, utility charges that Tenant is required to pay by this lease, and any other sum that Tenant is required to pay to Landlord or third parties shall be considered additional rent."

**Federal Motion to Dismiss**: Additionally, there is a pending **Motion to Dismiss** in the Federal Court, which challenges the counterclaims due to their lack of diversity jurisdiction and failure to present a federal question. As the Federal claims are unlikely to proceed, they do not provide a basis to dismiss this state action. Plaintiffs attach the Federal Motion to Dismiss as **Attachment C** to this response.

Given the distinct timeframes, Res Judicata as to the Probate Issues, lease provisions, and issues involved, Defendant's reliance on ORCP 21 A(1)(c) is misplaced, and this case should proceed in state court.

## 2. Plaintiffs Are Authorized to Bring This Action and Act Pro Se

Defendant asserts that Plaintiffs cannot proceed pro se under ORS 9.320, which requires a "party which is not a natural person" to be represented by an attorney. This argument, however, does not apply to this case.

4

Exhibit 5
Page 4 of 29

Verified Correct Copy of Original 9/30/2024.

Verified Correct Copy of Original 9/30/2024.

**Not a Party "Which is Not a Natural Person"**: This lawsuit is not brought by Wisnovsky Land LLC itself, but rather by one of the two qualified beneficiaries of the Ann M. Wisnovsky Trust, as a member of the LLC. As a beneficiary and member of the LLC, the Plaintiff has standing to bring this action on behalf of the LLC, as authorized by the California Court Order issued on June 6, 2024, which confirmed Plaintiff's status as a qualified beneficiary with authority to act in this capacity. Wisnovsky Land LLC, through its Manager, Joanne Couvrette authorizes Joanne Couvrette, as a Qualified Beneficiary and a natural person, to bring the action against Valley View Winery **(Attachment D)**

**Derivative Suit by LLC Members**: This action is brought as a derivative suit by the members of Wisnovsky Land LLC, pursuant to ORS 63.801. The Qualified Beneficiaries, representing 100% of the ownership of Wisnovsky Land LLC, have consented to bring this action after the LLC declined to participate due to the cost of retaining an attorney. Oregon law clearly permits LLC members to file a derivative suit when the LLC itself elects not to pursue litigation.

**Pro Se Representation**: Plaintiffs are acting within their rights as members of Wisnovsky Land LLC in this derivative action. Furthermore, this case was initially filed in small claims court, where pro se representation is permitted and expected. Defendant's removal of the case to Circuit Court should not bar Plaintiffs from continuing to represent their interests pro se.

### 3. Defendant's Request for Attorney Fees Is Unjustified

Defendant's request for attorney fees should be denied. Plaintiffs initially brought this case in small claims court, where attorney fees are generally not recoverable. Defendant's decision to remove the case to Circuit Court has unnecessarily increased the complexity and costs of litigation and was their sole choice.

Exhibit 5
Page 5 of 29

Verified Correct Copy of Original 9/30/2024.

**Unnecessary Removal**: The escalation of this case from small claims to Circuit Court was entirely at Defendant's discretion. The claim in this case involved relatively straightforward lease contract issues that were appropriately suited for small claims court. Any attorney fees incurred by Defendant are the result of their own actions and should not be recoverable.

### III. Conclusion

For the reasons stated above, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss in its entirety. Plaintiffs further request that the Court deny Defendant's request for attorney fees and allow this case to proceed on its merits.

Dated: September 26, 2024

Joanne Couvrette, Qualified Beneficiary
Ann M. Wisnovsky Trust
Member of Wisnovsky Land LLC

Exhibit 5
Page 6 of 29

_Verified Correct Copy of Original 9/30/2024._

ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MARK WISNOVSKY and,
MICHAEL WISNOVKSY

    Petitioners,

  v.

JOANNE COUVRETTE,

    Respondent.

Case No. 1:23-cv-00414 - CL

**OPINION AND ORDER**

---

CLARKE, Magistrate Judge.

  This case arises from the parties' dispute involving the administration of their mother's *inter vivos* trust, originally filed in state probate court. The case was removed to this Court on March 21, 2023. (ECF #1). Full consent to magistrate jurisdiction was entered on June 14, 2023. (ECF #28). The case comes before the Court on the Petitioners' Amended Motion for Remand (ECF #9). Oral argument was heard on June 6, 2023. The case is related to another case before this Court, *Couvrette v. Wisnovsky*. No. 1:21-CV-00157-CL (ECF #1). For the reasons below, the Petitioners' Amended Motion for Remand (ECF #9) is GRANTED.

Page 1 – Opinion and Order

Exhibit 5
Page 7 of 29

Verified Correct Copy of Original 9/30/2024.

## BACKGROUND

Ann Wisnovsky created an *inter vivos* revocable trust ("Trust") on August 2, 2012. Pet. to Remove Trustee Ex. A, 1 (ECF #2). The Trust assets include: 100% membership interest in Upper Applegate, LLC; 100% membership interest in Wisnovsky Land, LLC; the right to collect rent on properties held by either LLC; and all of Ann Wisnovsky's personal property. Pet. to Remove Trustee ¶ 6. Petitioners are children of Ann Wisnovsky and qualified beneficiaries of the Trust. *Id.* at ¶ 1, 2. Respondent is also a child of Ann Wisnovsky, a qualified beneficiary and acting Trustee of the Trust. *Id.* at ¶ 2, 3. The Trust Agreement identifies the applicable law as:

> [e]xcept as otherwise provided in this agreement, the construction of this agreement shall be determined in accordance with Oregon law. For purposes of determining the distribution of any of the trust estate and the rights of beneficiaries, Oregon law regarding wills existing at the date of this agreement shall be applied as if the Grantor was a testator and the beneficiaries were devisees.

Pet. to Remove Trustee Ex. A, 22–23.

On January 29, 2021, Respondent filed a complaint in this Court against the Petitioners seeking monetary damages. *Couvrette v. Wisnovsky*, No. 1:21-CV-00157-CL, Compl. (ECF #1). The complaint also included claims against a lawyer who is not a party in the instant case. *Id.* The basis for the Respondent's claims arose from the Petitioners' interactions with Ann Wisnovsky and the use and management of Ann Wisnovsky's property. *Id.* ¶ 14–45.

On April 8, 2022, Petitioners filed a counterclaim in this Court against the Respondent and Wisnovksy Land, LLC, seeking, *inter alia*, declaratory judgments and monetary damages. *Couvrette v. Wisnovsky*, Answer, Affirm. Def., and Countercl. (ECF #52). The basis for the Petitioners' counterclaims arose from the Respondent's interactions with Ann Wisnovsky and the use and management of Ann Wisnovsky's property. *Id.*

Page 2 – Opinion and Order

Exhibit 5
Page 8 of 29

Verified Correct Copy of Original 9/30/2024.

On February 2, 2023, Petitioners filed a Petition to Remove Trustee in the Circuit Court of the State of Oregon for the County of Jackson Probate Department. (ECF #2). The Petition to Remove Trustee seeks the removal of Respondent as trustee of the Trust, to appoint a special fiduciary to take possession of Trust property and administer the Trust, and an award of attorney fees and costs against Respondent or payable by the Trust. *Id.* at 20.

On March 16, 2023, Ann Wisnovsky died. Pet'rs' Am. Mot. for Remand 5 (ECF #9).

On March 21, 2023, Respondent filed Notice of Removal to Federal Court in this Court. (ECF # 1).

On April 4, 2023, Petitioner filed Motion to Remand to the Circuit Court of the State of Oregon for the County of Jackson Probate Department. (ECF #8).

## DISCUSSION

**I.      The Petitioners' Motion for Remand should be GRANTED.**

Petitioners move for an order remanding this case to the Probate Division of the Jackson County Circuit Court of the State of Oregon, where it was originally filed. Petitioners base their motion on the grounds that removal was improper because the probate exception applies and, alternatively, that diversity jurisdiction is improper because the amount in controversy is less than $75,000. Respondent opposes Petitioners' motion, arguing that it is inapt primarily because: (1) the probate exception does not apply to *inter vivos* trusts; (2) Oregon probate courts do not have jurisdiction over *inter vivos* trusts; (3) Ann Wisnovsky was still alive when the action was initially filed in probate court; (4) removal and replacement of Trustee do not involve the administration of the decedent's estate; and (5) diversity jurisdiction is proper because the amount in controversy exceeds $75,000. For the reasons below, the Petitioner's Amended Motion for Remand should be GRANTED.

Page 3 – Opinion and Order

Exhibit 5
Page 9 of 29

## A. The Probate Exception Reserves to State Courts the Administration of a Decedent's Estate and Applies to *Inter Vivos* Trust Instruments That Act as Will Substitutes.

"The probate exception is a jurisdictional limitation on federal courts that 'reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.'" *Hollander v. Irrevocable Tr. Established by James Brown in Aug. 1, 2000*, 2011 WL 2604821, at \*2 (C.D. Cal. June 30, 2011) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). It applies to both diversity and federal question subject matter jurisdiction. *See In re Marshall*, 392 F.3d 1118, 1132 (9th Cir. 2004), *rev'd on other grounds*, *Marshall*, 547 U.S. at 314–15. "But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall*, 547 U.S. at 312. The probate exception is limited to circumstances where "a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court." *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017) (quoting *Three Keys Ltd. v. SR Util. Holding Co*, 540 F.3d 220, 227 (3d Cir. 2008). The instant case does not involve the first or third circumstances but solely the second circumstance—administration of a decedent's estate—and, specifically, whether the probate exception applies to the administration of a decedent's *inter vivos* trust instrument.

In *Marshall*, the Supreme Court defined the scope of the probate exception. *Marshall*, 547 U.S. at 310-11. Although the Supreme Court in *Marshall* did not explicitly state that the probate exception applies to *inter vivos* trusts, the Supreme Court applied probate exception analysis to an *inter vivos* trust. *Id.* at 312-15. Furthermore, the Ninth Circuit's *In re Marshall*

Page 4 – Opinion and Order

Exhibit 5
Page 10 of 29

Verified Correct Copy of Original 9/30/2024.

Verified Correct Copy of Original 9/30/2024.

decision held that the probate exception applies to *inter vivos* trusts, and the Supreme Court did not address this part of the decision. *Chabot v. Chabot*, 2011 WL 5520927, at \*4 (D. Idaho Nov. 14, 2011) (citing *In re Marshall*, 392 F.3d 1118, 1135 (9th Cir. 2004), *rev'd and remanded sub nom.*, *Marshall*, 547 U.S. 293 (holding "[party] cannot avoid the probate exception simply by stating that the trust which she claims was to be created for her benefit was an inter vivos trust")). "Under these circumstances, . . . [the Supreme Court in] *Marshall* implicitly held that the probate exception analysis applies to trusts that act as will substitutes." *Id.* Lower courts within the Ninth Circuit have also held that "the probate exception applies to trust instruments that act as will substitutes." *Profita v. Andersen*, 2018 WL 4199214, at \*3 (C.D. Cal. Aug. 8, 2018), *report and recommendation adopted*, 2018 WL 4191611 (C.D. Cal. Aug. 31, 2018), *aff'd*, 771 F. App'x 414 (9th Cir. 2019) (probate exception applies to administration of family trust) (citing *Chabot*, 2011 WL 5520927, at \*4); *see also Chabot*, 2011 WL 5520927, at \*4 (probate exception applies to removal of trustee of inter vivos trust); *Feeley v. Earl*, 2017 WL 9084966, at \*4 (D. Or. June 27, 2017), *report and recommendation adopted as modified*, 2017 WL 3151257 (D. Or. July 25, 2017) (probate exception applies to disposal of property in family trust); *Vaughn v. Montague*, 924 F. Supp. 2d 1256, 1269 (W.D. Wash. 2013) (under probate exception court lacked jurisdiction to settle decedent's trust); *Deutsch v. Klein*, 2023 WL 3075880, at \*1 (C.D. Cal. Apr. 25, 2023) (action involving validity of trust rather than probate of will does not preclude application of probate exception).

In sum, the Supreme Court's implicit holding in *Marshall*, Ninth Circuit precedent, and the weight of persuasive authority within the Ninth Circuit support the conclusion that the probate exception applies to the administration of *inter vivos* trust instruments that act as will substitutes. Having determined that the probate exception applies to *inter vivos* trust instruments

Page 5 – Opinion and Order

Exhibit 5
Page 11 of 29

that act as a will substitute, the Court must next address whether Oregon probate courts have jurisdiction to resolve disputes involving the administration of such instruments.

### B. Oregon Probate Courts Resolve Disputes Involving *Inter Vivos* Trust Administration After the Settlor Dies.

The Respondent argues that Oregon probate courts lack jurisdiction over disputes involving *inter vivos* trusts. Resp. to Pet'rs' Am. Mot. 9 (ECF # 10). The way a state chooses to organize its probate code and the jurisdiction of its probate courts are not dispositive for determining whether the probate exception applies. *See Marshall*, 547 U.S. at 314 (holding state assigning claim genre exclusively to probate court doesn't preclude federal jurisdiction); *see also Goncalves*, 865 F.3d at 1253 (holding provisions governing claim being in state probate code does not make proceeding probate). Although it is not dispositive for purposes of probate exception analysis, Oregon probate courts may resolve *inter vivos* trust administration disputes after the settlor dies, including removing a trustee. *See Holst v. Purdy*, 117 Or. App. 307, 315 (1992) (remanding *inter vivos* trustee administration issue to probate court). In Oregon, "even though the existence of an *inter vivos* trust may eliminate the need for a probate proceeding when the settlor of the trust dies, there may be some situations in which a probate is either necessary or desirable." *Administering Trusts in Oregon* (OSB Legal Pubs 2018) at § 1.9-2. "If the heirs or beneficiaries disagree over the validity or interpretation of the dispository document, either a *trust* or a will, the *probate court* must resolve the dispute." *Id.* at § 1.9-2(a) (emphasis added).

> [A] probate proceeding may be beneficial even if all the decedent's property was owned or titled in a way that allows transfer to the beneficiaries without court intervention. For example, when there are disputes among the beneficiaries or disputes about the validity of the estate planning documents, a probate proceeding provides a court-supervised forum to resolve those disputes.

*Id.* at § 1.9-2(b).

Page 6 – Opinion and Order

Exhibit 5
Page 12 of 29

_ Verified Correct Copy of Original 9/30/2024._

The Petition to Remove Trustee was filed in the Jackson County Circuit Court's Probate Department, which has the appropriate jurisdiction. *See Holst*, 117 Or. App. at 315; *Administering Trusts in Oregon* (OSB Legal Pubs 2018) at § 1.9-2. Respondent argues that the probate exception is inapplicable because the Petition to Remove Trustee was filed while Ann Wisnovksy was alive. Resp. to Am. Mot. for Remand 5 (ECF #10). But federal jurisdiction must exist at the time the petition for removal is filed. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Ann Wisnovsky was deceased at the time Respondent filed Notice of Removal. Pet'rs' Reply in Supp. of Am. Mot. for Remand 3 (ECF #17). Therefore, the probate exception is not precluded because the requisite jurisdiction must exist at the time of removal to federal court rather than when the Petition to Remove Trustee is filed. *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

## C. The Probate Exception Bars This Court from Administering the Trust.

As discussed above, the probate exception bars federal court jurisdiction in adjudicating matters involving the administration of *inter vivos* trust instruments that act as will substitutes. In this case, the Trust appears to be the centerpiece of the decedent's estate, acting as a will substitute. *See* Pet. to Remove Trustee ¶ 6; *see also* Pet. to Remove Trustee Ex. A, 22–23 (stating "For purposes of determining the distribution of any trust estate and the rights of beneficiaries, Oregon law regarding wills . . . shall be applied as if Grantor was a testator and the beneficiaries were devisees."). The Respondent asks this Court to remain involved in a dispute regarding removing the Trustee and appointing a successor trustee. Notice of Removal 6 (ECF #1). However, the removal of a trustee and court appointment of a trustee involve the court in the

Page 7 – Opinion and Order

Exhibit 5
Page 13 of 29

administration of the decedent's estate. *Cf. Hassanati ex rel. Said v. Int'l Lease Fin. Corp.*, 643 F. App'x 620, 622 (9th Cir. 2016) (holding "appointment of a personal representative falls within the probate exception because it, essentially, seeks that a court issue letters of administration"); *Simmers v. King Cnty.*, 2021 WL 1907820, at *2 (W.D. Wash. May 12, 2021) (holding appointing personal representative is administration of estate). Because the removal of a trustee and court appointment of a trustee involves the court in the administration of the decedent's estate, the probate exception applies. *Cf. id.* Here, the removal of Joanne Couvrette and appointment of a special fiduciary necessarily involve the court in administrating the Trust, which acts as a will substitute. Therefore, the probate exception applies. Because the probate exception applies and bars federal diversity jurisdiction, this case should be remanded to the Probate Division of the Jackson County Circuit Court of the State of Oregon, where it was originally filed.

As a final matter, the Court need not address the issue of improper diversity jurisdiction related to the amount in controversy because the probate exception bars diversity jurisdiction in this case.

## ORDER

For the reasons above, the Petitioner's Amended Motion for Remand is GRANTED.

IT IS SO ORDERED and DATED this __9__ day of November, 2023.

MARK D. CLARKE
United States Magistrate Judge

Page 8 – Opinion and Order

Exhibit 5
Page 14 of 29

Verified Correct Copy of Original 9/30/2024.

Joanne Couvrette
13274 Jacarte Court
San Diego, CA 92130
Pro Se

F I L E D
Clerk of the Superior Court

JUN 0 6 2024

By: A. Calderón

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

In the Matter of the Trust Administration of

THE ANN M WISNOVSKY TRUST dated August 2, 2012

Petitioner  Joanne Couvrette, Trustee

Case No   24PT000875C

~~PROPOSED~~ ORDERS IN RE

**EX PARTE PETITION FOR AN ORDER ALLOWING RESIGNATION OF TRUSTEE JOANNE COUVRETTE FOR MEDICAL REASONS WITHOUT 30 DAYS NOTICE, WITH SUCCESSOR TRUSTEE ANNA COUVRETTE TO SERVE**
**ORS 130.050 UTC 201**

Hearing held on 6-6-24 at 3 15 pm in San Diego Superior Court, Department 504  Judge Deniel Belsky presiding

## ORDERS OF THE COURT

**FINDINGS:**

1) The San Diego Superior Court has jurisdiction over the Ann M Wisnovsky Trust, whose Principal Place of Administration is and has been San Diego County
2) Pursuant to her Doctor's letter, Joanne Couvrette will be unable to do any work during her recovery from surgery and rehabilitation
3) Pursuant to the Trust as Amended, the current Qualified (Principal and Interest) beneficiaries of the Ann M Wisnovsky Trust are Joanne Couvrette and Robert Wisnovsky
4) Section 9 1 of the Ann M Wisnovsky Trust allows Joanne Couvrette to resign and appoint a Successor Trustee or Co-Trustee
5) The Court has jurisdiction to make this Order pursuant to
   **Section 130.620 - UTC 705. Resignation of trustee**
   (1) A trustee may resign

Exhibit 5
Page 15 of 29

_Verified Correct Copy of Original 9/30/2024._

_Verified Correct Copy of Original 9/30/2024._

(a) After at least 30 days' notice to the qualified beneficiaries, the settlor, if living, and all cotrustees; or

(b) At any time with the approval of a court.

(2) If a court approves a resignation, the court may issue orders and impose conditions reasonably necessary for the protection of the trust property.

(3) Any liability of a resigning trustee or of any sureties on the trustee's bond for acts or omissions of the trustee is not discharged or affected by the trustee's resignation.

## ORDER:

1) The Court approves the Resignation of Co-Trustee Joanne Couvrette without 30 days' notice, should it become necessary for medical reasons.

2) Anna Couvrette has consented to be Successor Trustee and will serve as Successor Trustee to Joanne Couvrette, should Joanne choose to resign due to medical reasons.

IT IS SO ORDERED

Dated   6/6/24

_____
Judge of the Superior Court

**DANIEL S. BELSKY**

Joanne Couvrette

Exhibit 5
Page 16 of 29

ATTACHMENT C

Verified Correct Copy of Original 9/30/2024.

**STEPHEN M. BRIGANDI, ESQ. Pro hac vice**
3624 Caminito Cielo Del Mar
San Diego, CA 92130
858-775-4213
brigandilaw@gmail.com

**MURPHY LAW GROUP P.C.**
Timothy Murphy, Attorney at Law
333 NE Russell St., Suite 200
Portland, OR 97212
Phone: 503 550 4894
tim@oregonlandlord.net


UNITED STATES DISTRICT FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOANNE COUVRETTE, as Trustee of The Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC )<br><br>Plaintiffs ) | Case No. 1:21-CV-00157-CL<br><br>MOTION TO DISMISS PROPOSED FOURTH AMENDED ANSWER AND COUNTERCLAIMS |
| MARK A. WISNOVSKY, an individual; and MICHAEL J. WISNOVSKY, an individual; et al. )<br><br>Defendants ) | |

Plaintiffs Joanne Couvrette, as Trustee of the Ann M. Wisnovsky Trust, and Wisnovsky Land, LLC hereby Move to Dismiss the Proposed Fourth Amended Answer and Counterclaims filed by Defendants Mark A. Wisnovsky, Michael J. Wisnovsky, and Valley View Winery Inc. for lack of subject matter jurisdiction.

1

Exhibit 5
Page 17 of 29

Verified Correct Copy of Original 9/30/2024.

## 1.   BACKGROUND FACTS

Respondent Joanne Couvrette ("Plaintiff" "Respondent" and "Couvrette") is a thirty-year resident of the State of California.  Petitioners Mark and Michael Wisnovsky ("Defendants" "Petitioners" and "Wisnovsky Brothers") are longtime residents of the State of Oregon. Couvrette and the Wisnovsky Brothers are siblings, both sharing the same mother Ann M. Wisnovsky ("Ann").

On January 29, 2021, while Ann was still alive, Respondent filed a complaint in this jurisdiction alleging Elder Abuse against the Wisnovsky Brothers; invalidity of certain leases between the Trust and the Wisnovsky Brothers and Valley View Winery; and unjust enrichment against the Wisnovsky Brothers and Valley View Winery.  This Complaint is subject to the jurisdiction of this Court and is the basis of this Motion. The allegations are essentially that, knowing Ann's age and vulnerabilities, the Wisnovsky Brothers took advantage of Ann's weaknesses to get her to agree to a ninety (90) year lease agreement that would allow Valley View Winery to operate an approximately seventy (70) acre winery on property owned by Ann's Trust. (Please see Couvrette's initial complaint, docket number 1 in the Court's file).

On or about April 7, 2023, The Wisnovsky Brothers and Valley View Winery then answered the Complaint and filed several Counterclaims against Respondent. (Please see docket number 90 in this Court's record). (Please see footnote 1 below).  Importantly, many of the Counterclaims exclusively relate to the actions of Couvrette while administering Ann's Trust, none of which are allowed to be heard in this Court according to established U.S. Supreme Court

2

Exhibit 5
Page 18 of 29

_Verified Correct Copy of Original 9/30/2024._

*Footnote 1. The First, Seventh, Eighth, and Ninth Counterclaims exclusively relate to Probate and Trust Administration questions. The Second, Third, Fourth, Fifth, Sixth, and Tenth are permissive claims alleging various tort and contract claims against Plaintiffs.*

and Ninth Circuit Law.

The other Counterclaims are subject to dismissal as they all lack diversity jurisdiction and do not arise out of the same common nucleus of operative facts. None of the Counterclaims relate to any actions taken by Couvrette individually and separately from her conduct as the Trustee of Ann's Trust. (Please see Declaration of Joanne Couvrette dated March 28, 2024 and attached hereto as Exhibit 1.)

As this Court is aware, there are and have been several related actions in several courts both in Oregon and California. One, the Estate of Ann has filed and there is pending a probate action in San Diego County, California. (Case No. 37-2023-00011384). Two, the Wisnovsky Brothers filed an action in Oregon State Court, County of Jackson, seeking to have Couvrette removed as Trustee. Three, Plaintiff then on March 21, 2023 sought to remove the State Court action to remove Couvrette as Trustee to the Oregon Federal Court, Medford Division. (Please see Case number 1:23-cv-00414 – CL). That matter was assigned to this Court, and the Parties agreed to magistrate jurisdiction in this Court on June 14, 2023.

Most importantly, as it relates to this Motion to Dismiss, the Wisnovsky Brothers objected to the removal of the State Court action to Federal Court. On April 4, 2023 they filed a Motion to Remand their action seeking to remove Couvrette as Trustee back to the State Court.

The Parties then engaged in several evidence-based hearings and on November 9, 2023 this Court entered its Opinion and Order which granted the Wisnovsky Brothers' Motion to Remand. (Please see Exhibit 2 to this Motion; the Court's Order dated November 9, 2023. Accordingly, at

3

Exhibit 5
Page 19 of 29

Verified Correct Copy of Original 9/30/2024.

the Request of Defendants, any and all claims related to the administration of the Trust were sent back to the Jackson County State Court.

It is this Court's Order remanding the Trustee removal matter back to State Court that forms much of the basis of the First Claim in this Motion to dismiss the Counterclaims filed by the Defendants. A discussion of the facts and laws follows.

## 2.  FACTS AND LAWS

### CLAIM NUMBER ONE:  LACK OF PROBATE JURISDICTION

### FIRST, SEVENTH, EIGHTH, AND NINTH COUNTERCLAIMS

As stated above, all of the alleged actions taken by Couvrette in this matter, and to which are objected to by Defendants, were taken in her capacity as Trustee. (Please see Couvrette Declaration). None of the Counterclaims allege that Couvrette was acting in her personal capacity or seeking to personally profit from any of her actions as Trustee. As such, as this Court has already determined, the Oregon probate exemption applies and any and all related activities of the Trustee belong only in Oregon State Court. Accordingly, the First. Seventh, Eighth, and Ninth counterclaims should be dismissed.

"The probate exemption is a jurisdictional limitation on Federal Courts that 'reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.'" *Hollander v. Irrevocable Tr. Established by James Brown in Aug. 21, 2000,* 200 WL 2604821, at *2 (C.D. Cal June 30, 2011), (quoting *Marshall v. Marshall,* 547 U.S. 293, 311-12 (2006). The probate exemption prohibits a federal court from endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (30 assume in rem jurisdiction over property that is in the custody of the probate court. (Please see *Goncalves By & Through Goncalves v. Rady*

4

Exhibit 5
Page 20 of 29

Verified Correct Copy of Original 9/30/2024.

*Children's Hosp. San Diego,* 865 F.3d 1237, 1252, 9th Cir. 2017). Importantly, the Supreme Court in *Marshall* "implicitly held that the probate exemption analysis applies to trusts that act as will substitutes. *Profita v. Andersen,* 2018 WL 4199214 at *3 (C.D. Cal. Aug. 8, 2018). And, importantly an Idaho Federal Court ruled that the probate exception also applies to the removal of a trustee of an inter vivos trust. *Chabot v. Chabot,* 2011 WL 5520927 (D. Idaho Nov. 4, 2011) citing *Marshall.*

Given that the Supreme Court and Ninth Circuit precedent have determined that the probate exception applies to *inter-vivos* trusts, this Court has no choice but to dismiss Defendants' First, Seventh, Eighth, and Ninth Counterclaims against Couvrette.

As there is an existing probate action pending in San Diego County California, the filing of which predates Defendants' Application to Remove Trustee in Oregon State Court as well as this action, any jurisdiction regarding the administration of Ann's trust can only be heard in San Diego County, California.

## CLAIM NUMBER 2

## LACK OF SUBJECT MATTER AND DIVERSITY JURISDICTION

## SECOND, THIRD, FOURTH, FIFTH, SIXTH AND TENTH COUNTERCLAIMS

1. Defendants' proposed Second, Third, Fourth, Fifth, Sixth and Tenth Counterclaims are all permissive counterclaims and are subject to all of the Federal Courts' rules regarding permissive claims.

Permissive Counterclaims "must arise out of a common nucleus of operative facts" as alleged in the original complaint. F.R.C.P. 13(b). In order to meet that test, the proposed counterclaims must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Campos v. W. Dental Services, Inc., 404 F. Supp. 2d 1164, at p.*

5

Exhibit 5
Page 21 of 29

*1169 (N.D CA).* If the proposed counterclaims do not meet such standard of relationship to the original claims, the Court may dismiss them for lack of jurisdiction. *Id, Campos.*

As such, a permissive counterclaim that lacks its own independent jurisdictional basis is not within the jurisdiction of the court. In *Sue Sam Mfg. Co. v. B-L-S Const. Co., 538 F.2d 1048 (4th Cir. 1976),* The Fourth Circuit has suggested four inquiries to determine if a counterclaim is compulsory:

(1) Are the issues of fact and law raised in the claim and counterclaim largely the same?

(2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule?

(3) Will substantially the same evidence support or refute the claim as well as the counterclaim?

(4) Is there any logical relationship between the claim and counterclaim?

Clearly, the answer to all of those four inquiries are no in the Defendants' Counterclaims related to the alleged lease breaches. First, the issues of fact and law raised in the counterclaims are not "largely the same." The original complaint, for Elder Abuse and Unjust Enrichment, occurred while Ann lived in Oregon, during a period of years prior to 2019, while Defendant's counterclaims for alleged lease breaches and other issues occurring as recently as 2024, almost a year after Ann's death. Under ORS 124.000 (2):

> *A vulnerable person who suffers injury, damage or death by reason of physical abuse or financial abuse may bring an action against any person who has caused the physical or financial abuse or who has permitted another person to engage in physical or financial abuse.*

6

Exhibit 5
Page 22 of 29

Verified Correct Copy of Original 9/30/2024.

Second, Res Judicata would not bar a subsequent suit on the lease counterclaims. The Court's resolution of the Elder Abuse and Unjust Enrichment claims will have no impact on the lease related and contract related counterclaims and will not bar defendants from seeking relief in state court.

Third, Defendant's Claims will not be supported by substantially the same evidence. The Elder Abuse claims will rely on emails, texts, and documents sent between Attorney Pat Huycke, Mark and Mike Wisnovsky, corporate financial accounts of Defendants and their Alter Ego Company, Third Generation Farms, and photographs of physical elder abuse. The alleged counterclaims relate to a distinctly different timeframe and different evidence, including lease payment records, lease negotiations in the fall of 2019 between Couvrette and the Defendants, and documentation of Defendants' failure to pay rent in 2023 and 2024 after Ann's death.

Fourth and finally, there is no logical relationship between the Original Complaint and these Counterclaims. There is no logical connection between the elder abuse involved in the creation of the unconscionable lease and the landlord-tenant disputes that have subsequently arisen. Significantly, the parties are not even the same. The Original Complaint was brought on behalf of Ann as an individual. The alleged counterclaims assert actions against the Trustee and Wisnovsky Land. While defendants may assert *defenses* against Elder Abuse, it would be hard to fathom any logical counterclaim against Elder Abuse because the complainant, the victim, is held to be a vulnerable person under Oregon law solely by virtue of her age. Ann was 90 years-old and suffering from hemophilia and dementia at the time of her death.

The original claim that the lease was unconscionable bears no relationship, nor shared set of facts, nor logical connection with Defendants' counterclaims. Differences in time, the causes of action, the cause of damages, the proof of facts, and the issues rule out a logical relation

7

Exhibit 5
Page 23 of 29

Verified Correct Copy of Original 9/30/2024.

between the claim for Elder Abuse and the counterclaims related to alleged lease breaches and contract interpretations.

As stated above, the original Complaint, filed by Joanne on behalf of Ann, exclusively raises tort claims related to elderly abuse. Plaintiffs allege that the Wisnovsky Defendants, knowing of Ann's physical, mental, and financial vulnerabilities took advantage of her to get her to enter into an obviously fraudulent lease agreement. None of the alleged Counterclaims bear any relationship to the original claims, nor do they arise out of or are under the laws of the United States.

The Second, Third, Fourth, Fifth, Sixth, and Tenth Counterclaims are clearly permissive. Because they bear no relationship whatsoever to the original Complaint, this Court must dismiss all of those Counterclaims for lack of subject matter jurisdiction.

2. There is no diversity jurisdiction between the Wisnovsky Defendants and Wisnovsky Land, LLC. Oregon law provides that, for a matter to proceed in Federal Court, there must be diversity. Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants. *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). "It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."

*Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 544 U.S. 280, 289 (2005). District courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. Original jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim arising under the United States Constitution or the laws or treaties of the United States. 28 U.S.C. §§ 1331, 1332.

8

Exhibit 5
Page 24 of 29

Verified Correct Copy of Original 9/30/2024.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). *Kip A. Farthing v. Turner Properties LLC* (3-14-cv-00841).

Here, Wisnovsky Land, LLC and the Wisnovsky Defendants all exist and/or reside in Oregon. Neither the Wisnovsky Defendants nor Wisnovsky Land, LLC have any substantial or meaningful contacts with any other state. Nor do any of the alleged Counterclaims arise out of the laws of the United States. (Please see Couvrette Declaration). As such, any and all Counterclaims against Wisnovsky Land, LLC must be dismissed for lack of diversity jurisdiction.

## CONCLUSION

Because the alleged Counterclaims against Couvrette as Trustee are matter of probate and trust administration law, the First, Seventh, Eight and Ninth alleged Counterclaims must be dismissed with prejudice. Additionally, because there is no diversity nor subject matter jurisdiction, the Second, Third, Fourth, Fifth, Sixth, and Tenth alleged Counterclaims must be dismissed with prejudice.

Dated: May 13, 2024                    Law Office of Stephen Brigandi


                                       */s/ Stephen M. Brigandi*

9

Exhibit 5
Page 25 of 29

ATTACHMENT D

_Verified Correct Copy of Original 9/30/2024._

## AGREEMENT AUTHORIZING DERIVATIVE LAWSUIT

**This Agreement** is entered into this 15th day August, 2024, by and between **Wisnovsky Land LLC**, a limited liability company duly organized under the laws of the State of Oregon ("LLC"), by and through its Manager, **Joanne Couvrette**; and **Joanne Couvrette** and **Robert Wisnovsky**, each in their individual capacities as Qualified Beneficiaries holding 50% membership interest in Wisnovsky Land LLC (collectively, the "Parties").

**WHEREAS**, Wisnovsky Land LLC holds leases with **Valley View Winery Incorporated** (the "Winery Lease" and "Vineyard Lease."

**WHEREAS**, certain monies are due and owing to Wisnovsky Land LLC under the terms of the Winery Lease and the Vineyard Lease;

**WHEREAS**, Qualified Beneficiary Joanne Couvrette has expressed her intention to pursue collection of these monies through a derivative lawsuit on behalf of Wisnovsky Land LLC, as permitted by applicable law and company regulations;

**WHEREAS**, a California Superior Court Order dated June 6, 2024, confirmed Joanne Couvrette's position as Qualified Beneficiary of the **Ann M. Wisnovsky Trust** and her capacity to act on behalf of Wisnovsky Land LLC;

**WHEREAS**, the Qualified Beneficiaries of Wisnovsky Land LLC, Joanne Couvrette and Robert Wisnovsky, together constituting 100% of the membership interest in the LLC, consent to and approve of Joanne Couvrette pursuing a derivative lawsuit to collect the monies due under the aforementioned lease;

**WHEREAS**, Wisnovsky Land LLC has declined to move forward with the expense of hiring an attorney to represent it in Circuit Court after the case was removed from small claims court;

**NOW, THEREFORE**, in consideration of the mutual agreements contained herein, the Parties agree as follows:

1. **Authorization to File Derivative Lawsuit:**
   Wisnovsky Land LLC, by and through its Manager Joanne Couvrette, hereby authorizes Qualified Beneficiary Joanne Couvrette to file a derivative lawsuit on behalf of Wisnovsky Land LLC to collect monies due and owing under the Winery Lease and the Vineyard Lease with Valley View Winery Incorporated.

2. **Consent of Qualified Beneficiaries:**
   The Qualified Beneficiaries, Joanne Couvrette and Robert Wisnovsky, each holding a

Exhibit 5
Page 26 of 29

50% interest in Wisnovsky Land LLC, hereby expressly consent to and approve the filing of the derivative lawsuit as described herein. Both Qualified Beneficiaries acknowledge that they are acting in the best interests of Wisnovsky Land LLC in pursuing such legal action. There are currently two beneficiaries entitled to income and principal under the terms of the Trust (See Trust, Fourth Amendment):

> **3.3B. The stock of Valley View Winery, Inc., an Oregon corporation, has been previously transferred or gifted to MARK A. WISNOVSKY and MICHAEL J. WISNOVSKY;**

> **3.3 C. The rest, residue and remainder of this trust shall be divided into two (2) equal shares. One of such shares shall be distributed JOANNE COUVRETTE and one of such shares shall be distributed to ROBERT F. WISNOVSKY.**

3. **Declination to Retain Counsel:**
Wisnovsky Land LLC, by its Manager and Qualified Beneficiaries, declines to move forward with hiring an attorney to represent the LLC in Circuit Court after the case was removed from small claims court, due to the expense associated with such representation. As such, the LLC authorizes the filing of a derivative lawsuit by Joanne Couvrette, a natural person, in her capacity as a Qualified Beneficiary, allowing the action to proceed without further legal representation for the LLC.

4. **California Court Order Reference:**
The Parties acknowledge that the California Superior Court Order dated June 6, 2024, is attached hereto as **Exhibit A** and forms an integral part of this Agreement. This Order confirms the capacity of Joanne Couvrette as Qualified Beneficiary of the Ann M. Wisnovsky Trust and supports her authority to act on behalf of Wisnovsky Land LLC in this matter.

5. **Effective Date:**
This Agreement shall be effective upon the signature of both Qualified Beneficiaries and the Manager of Wisnovsky Land LLC.

6. **Signatures:**
The undersigned agree to the terms of this Agreement as set forth above.

---

**Wisnovsky Land LLC**

By: _____

Exhibit 5
Page 27 of 29

_Verified Correct Copy of Original 9/30/2024._

Joanne Couvrette, Manager

Date: 8-15-2024

**Qualified Beneficiary**

Joanne Couvrette

Date: 8-15-2024

**Qualified Beneficiary**

Robert Wisnovsky

Date: 9-1-2024

Exhibit 5
Page 28 of 29

From: **Joanne Couvrette** jcouvrette@sbcglobal.net
Subject: **VINEYARD LEASE RESPONSE TO MOTION TO DISMISS**
Date: **Sep 26, 2024 at 2:05:49 PM**
To: **Bob Wisnovsky** rwisnovsky@aol.com

FILE THE Response and the Certificate of Service.  SIGN the attachment D derivative suit authority.

Joanne Couvrette
619-750-8509

_Verified Correct Copy of Original 9/30/2024._

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the

**Case No. 24CV32833 PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (VINEYARD LEASE)**

**Case No. 24CV32831 PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (WINERY LEASE)**

And by depositing the same in the United States mail, postage prepaid, on this 27th day of September 2024, addressed to the following:

Brooks Foster
Chenowith Law
510 S. W. 5th Avenue, 4th Floor
Portland, OR 97204

James Dole
Watkinson Laird Rubenstein
1246 NE 7th Street, Suite B
Grants Pass, OR 97526

**DATED this 27th day of September 2024.**

Exhibit 5
Page 29 of 29