IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF JACKSON

| | |
|---|---|
| Ann M. Wisnovsky Trust, Member on behalf of WISNOVSKY LAND, LLC<br><br>Plaintiff,<br><br>V.<br><br>VALLEY VIEW WINERY, INC,<br><br>Defendant | Case No. 24CV32831<br><br>AMENDED OBJECTION TO DEFENDANT'S ORCP 68 STATEMENT FOR ATTORNEY'S FEES, COSTS, AND DISBURSEMENTS |

COMES NOW PLANTIFF Ann M. Wisnovsky Trust ("Trust"), Member on behalf of WISNOVSKY LAND, LLC to object to Defendant's claim for attorney's fees and enhanced prevailing party fee.

The captioned matter began as a small claims Case No. 24SC15320 filed by Ms. Joanne Couvrette on behalf of property owner Wisnovsky Land, LLC seeking damages related to Defendant's failure to pay property taxes on the rental property, which is required by the Defendant's rental agreement. It is uncontested that the Defendants failed to pay the property taxes. Rather than allowing the matter to resolve in small claims, Defendants took advantage of Ms. Couvrette's lack of legal acumen to move the case to Circuit Court where they promptly had the matter dismissed under ORS 9.320 because Ms. Couvrette is not an attorney and therefore

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 1

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 1 of 19

unable to represent a non-human entity.  See General Judgment of Dismissal entered November 26, 2024 ("It is unnecessary to decide Defendant's motion to dismiss the Complaint pursuant to ORCP 21 A(1)(c) ("another action pending") because the Complaint is being dismissed on the other grounds set forth above.").

Contemporaneously with the filing of Case No. 24SC15320, Ms. Couvrette also filed small claims Case No. 24SC15320, alleging the same operative facts but under a different lease agreement.  Defendants compelled the removal of that matter to circuit court where it was re-filed as Case No. 24CV32833.  Defendants then moved for dismissal of Case No. 24CV32833 through a motion to dismiss that is substantially similar in all ways to that filed in this Case No. 24CV32831.  In Defendant's ORCP 68 Statement for Case No. 24CV32833, defendants state "[t]he fees Valley View seeks to recover in the winery lease case include fees for work overlapping both the winery lease case and this 'vineyard lease case.'"[1]

Defendant is now seeking compensation for an incredible 69.1 hours of legal fees, which includes a modifier increasing their adjusted fees an additional 50%, and the maximum allowable enhanced prevailing party fee.  This court should not condone such predatory and punitive use of ORCP 68.  The following objections will demonstrate why Defendant's time spent on this matter was unnecessary, the fees sought by Defendant are unreasonable, and that the requested modifiers are not warranted in this matter.

The touchstone for the amount of the award is reasonableness.  *Strawn v. Farmers Ins. Co. of Or.*, 353 Or. 210, 297 P.3d 43 (2013).  The award of attorney fees must be reasonable.

---

[1] Per the Defendants ORCP 68 Statement in Case No. 24CV32833 Defendants refer to that case as the "vineyard lease case" and to this matter as the "winery lease case".  See 24CV32833 ORCP 68 Statement p. 1 at 22.

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 2

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 2 of 19

*Strawn* at 444.   Defendants claim for $42,347.25 in fees and $5,345 in prevailing party award is unreasonable, which is prohibited under *Strawn v. Farmers Ins. Co. of Or.*.

Plaintiff hereby objects to the number of hours claimed in Defendant's ORCP 68 Statement for Attorney's Fees, Costs, and Disbursements (hereinafter "Defendant's Statement"), the reasonableness of Defendant's demand, Defendant's request for an enhanced prevailing party fee, and Defendant's request for a fee multiplier.  Furthermore, because all fees incurred in this matter were reasonably re-used in Case No. 24CV32833, any attorney's fees deemed reasonable under the captioned matter should be reduced by 50%.

Plaintiff requests that the court award the Defendant no more than their normal hourly rate for twenty (20) hours' worth of work, the amount shown as reasonable and necessary by the Declaration of Troy Pickard, filed contemporaneously with this Amended Objection, then reduced by 50%, and a prevailing party fee of $345.

This Motion is supported by ORCP 68, ORS 20.075 (1), ORS 20.075 (2), the files on record in this matter, and the Declarations filed contemporaneously herewith.

**Facts and History of the Case:**

To assist the court in determining the reasonableness of Defendant's demand we offer this brief summary of the case:

The parties to this matter, who are all family members, have been engaged in active litigation with one another since January of 2021.  Cases other than the four described above include *1:21-cv-00157*-CL *Couvrette v. Wisnovsky et al* (the "Federal Case") and *23PB01717 In the Matter of: The Ann M Wisnovsky Trust dtd August 2, 2012*. The Federal Case was initiated by Joanne Couvrette against Mark and Michale Wisnovsky alleging elder abuse against their mother and other claims.  Defendant's counter claimed alleging Joanne Couvrette exerted undue

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 3

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 3 of 19

influence over their mother, that Wisnovsky Land LLC breached their rental agreements, and other claims.

This Case No. 24CV3281 began as small claims Case No. 24SC15320, which was removed to circuit court by Defendant's demand for a jury trial. Contemporaneously with filing Case No. 24SC15320, Plaintiff also filed small claims Case No. 24SC15319, which was removed to circuit court by Defendant's demand for a jury trial and refiled as Case No. 24CV32831. These matters involve several similar operative facts, but arise under separate rental agreements. Defendant's arguments to dismiss each of the circuit court matters were essentially identical and both matters were dismissed because Joanne Couvrette, beneficiary of the Trust, and Member of Wisnovsky Land, LLC, attempted to prosecute these cases Pro-Se. It was determined that, pursuant to ORS 9.320, Ms. Couvrette could not represent the interests of an LLC because she is not an attorney.

### ORS 20.075 Factorial Analysis

The court should consider these factors in determining a reasonable attorney fee award under ORS 20.075 (1) & (2) (ORS 20.075 (1) "A court shall consider the following factors in determining *whether* to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees" ORS 20.075 (2) "A court shall consider the factors *specified in subsection (1) of this section in determining the amount* of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases" [emphasis added]):

///

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 4

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 4 of 19

**The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal**

It is uncontested that Defendants failed to pay the 2023 property taxes required under their leases. Plaintiff served the Defendants a notice of default, after which the Defendants made a payment which was promptly dishonored. Having violated the leases and failing to cure the default, Plaintiff served the Defendants with a notice of termination of tenancy. Tenants failed to vacate the property. Defendant's failure to honor their obligations under their leases gave rise to this litigation.

Defendant's claims that they tried to pay the property taxes ring hollow in light of their motion to dismiss claiming that the Federal Case is "for the same cause" (Defendant's motion to dismiss p. 1 at 24). Plaintiff Couvrette's claims in the Federal Case do not include a demand for rents or property taxes. Defendant Valley View Winery's counter claims in the Federal Case claim overpayment of rents and ownership of the property. In Defendant's motion to dismiss, Defendant states "the same parties are already litigating in federal court the same issues raised by Couvrette's winery lease complaint, including whether Valley View owes any money to Wisnovsky Land pursuant to the winery lease", suggesting that Defendant's failure to pay the amounts owe under the lease was deliberate.

There is no support for Defendant's oft repeated claim that Plaintiff's claims were brought in bad faith. Defendants claim that Mr. Robert Wisnovsky wrote to the Defendants gloating that they would be experiencing increased attorney's fees. The actions of Mr. Robert Wisnovsky are irrelevant. Mr. Robert Wisnovsky is not a party this suit and has not been authorized to make representations on behalf of Wisnovsky land, LLC or Ms. Couvrette. See Declaration of Joanne Couvrette (hereinafter "Dec. Couvrette") filed contemporaneously herewith ¶ X. Defendant points to the fact that Ms. Couvrette and Robert Wisnovsky have

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 5

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 5 of 19

previously worked together in certain matters as evidence that Robert Wisnovsky must have been speaking for Plaintiff.  Unsurprisingly, Ms. Couvrette and Robert Wisnovsky work collaboratively on some matters because they are family and have many shared interests related to the Trust and Wisnovsky Land, LLC.  This does not mean that Robert Wisnovsky speaks for Ms. Couvrette, which he specifically does not.

Moreover, the litigants in this matter are family.  A certain lack of decorum amongst family members, who have been locked in legal battles for years, is only to be expected.

The second, and last, piece of "evidence" proffered by Defendant to claim bad faith on the part of Ms. Couvrette an email from Defendant's attorney **to** Ms. Couvrette in which Defendant's counsel accuses her of saying "...this will be a huge waste of time and my clients' money, but it will not affect you the same way because you have plenty of time and litigating without a lawyer * * * does not cost you anything."  Defendants then point to her failure to deny that statement as evidence of her guilt.  This court should reject Defendant's "when did you stop beating your children" evidence as utterly without merit.  Furthermore, Ms. Couvrette does recall describing this matter as a waste of time and money, a statement made describing all of the inter-family litigation which she feels should be resolved through settlement involving selling the contested property and dividing the proceeds equally.  Dec. Couvrette ¶ 27.  Ms. Couvrette denies ever saying that the litigation would not affect her the same way as Defendants because she has plenty of time and is litigating without a lawyer.  Dec Couvrette ¶ 30.

Finally, it is illogical to conclude that Ms. Couvrette brought this action to increase the Defendant's legal fees.  Ms. Couvrette filed this action into small claims court where there are no attorneys allowed.  It was Defendants who made legal fees become an issue in this matter.

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 6

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 6 of 19

As described below, Ms. Couvrette brought her claims in good faith, she brought them in a manner designed to resolve the dispute without any party needing to incur attorney's fees, and she attempted to resolve all claims through settlement.  It was Defendants whose actions precipitated this matter and their strategy which led to this exorbitant fee request.  As Queen Gertrude said to Hamlet, they "doth protest too much".  William Shakespeare, *Hamlet*, Act 3, sc 2.

**The objective reasonableness of the claims and defenses asserted by the parties**

Defendant's primary argument in their request for exorbitant fees and multipliers is that plaintiff brought this claim only to antagonize Defendants and that it was not objectively reasonable.  Not only does the extraordinary amount of time Defendant spent rebutting these arguments suggest this isn't true, but a basic review of the facts will demonstrate that it was eminently reasonable for an untrained litigant to believe that these claims were right and appropriate.

Ms. Couvrette brought this claim for Defendant's violation of a commercial lease agreement.  It is undisputed that the Defendants did fail to pay the taxes required by the lease, therefore Ms. Couvrette's complaint had factual basis.

There are certain facts in this matter that are similar to those disputed in the Federal Case. However, Plaintiff Couvrette's claims in the Federal Case do not include claims for unpaid property taxes or subsequent damage from Defendants failure to vacate pursuant to a termination notice.  These are claims typically heard in state court, and very similar to claims that Ms. Couvrette has successfully litigated in California small claims courts.  Dec. Couvrette ¶ 15. Whether or not the claims brought in this matter are precluded by the Federal Case was not determined by this court.

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 7

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 7 of 19

Likewise, bringing this claim pro-se was reasonable for Ms. Couvrette.  Ms. Couvrette has far more litigation experience than the average lay person, including litigating multiple lease violation claims on behalf of school districts in California small claims courts.  It was Ms. Couvrette's experience that this matter brought in small claims may be litigated by a non-attorney, and that matters brought in small claims court remain in that venue.

After Defendants forced the removal of this claim to Circuit Court, Ms. Couvrette did her diligence to determine if she could represent the LLC.  In her research she reviewed ORS 65.174 (1) which states:

> A proceeding may be brought in the right of a domestic corporation or foreign corporation to procure a judgment in the corporation's favor by:
> (a) Any member or members having two percent or more of the voting power or by 20 members, whichever is less.
> ***

Dec. Couvrette ¶ 21.

Being so qualified, Ms. Couvrette reasonably understood that she could bring this matter as a "derivative suit" and represent the interests of the LLC pro-se.  She understood that an LLC member, properly qualified, may bring a suit to enforce the interests of the LLC.

Those two phrases—"no objectively reasonable basis" and "objective reasonableness"—require the same analysis. Under ORS 20.105(1), in determining whether a party had an objectively reasonable basis for asserting a particular claim, the primary issue is whether there is evidence in the record to support the claim—that is, whether the party's claim is "entirely devoid of legal or factual support at the time it was made.  That the evidence at trial turns out to be weaker * * * is not properly part of the inquiry." *Lenn v. Bottem*, 190 P.3d 399, 221 Or. App. 241 (Or. App. 2008) (internal citations and quotation marks omitted).

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 8

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 8 of 19

Plaintiff's positions, though ultimately unsuccessful, were not unreasonable. The underlying facts of the claims are undisputed and the procedural element that ultimately caused the case's dismissal is based on unresolved legal interpretation.

### The novelty and difficulty of the questions involved

This factor supports an award of low attorney's fees. Ms. Joanne Couvrette, who has no formal legal training and is not an attorney, filed small claims Case No. 24SC32831 pro-se on behalf of an LLC. It is well known among trained Oregon attorney's that a nonhuman entity may only be represented by an attorney. In fact, Defendant makes a great deal out of this fact, claiming that this deficiency stripped Plaintiff's claims of all legal and factual basis[2]. As such, the case should have been easily handled for a well-established and reputed law firm.

This was a simple factual matter that was ill-pled into small claims court with a glaring and easily exploited error. Defendant's counsel then removed it to circuit court and amassed a remarkable 69.1 hours of billable time to take advantage of this blatant error.

### The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases

As this case clearly demonstrates, the cost for legal help prevents the average person from being able to access our justice system. If exploiting a basic representation error can cost $28,831.50 in attorney's fees to defeat, then what chance does the average person have within our legal system?

Ms. Couvrette reasonably believed the legal rights of an LLC in which she is a member had been violated. She attempted to avoid exorbitant legal fees for all parties by filing this matter in small claims court, where she was confident in her ability to argue these facts to a

---

[2] This claim will be discussed at greater length later in this objection.

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 9

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 9 of 19

neutral judge. Dec Couvrette ¶ 19. Rather than trying this case on its merits, or even submitting the motion to dismiss to the small claims court, Defendants forced this matter to be removed to circuit court and then spent an amazing 69 hours to defeat a claim they posit "had no reasonable basis".

Defendant's actions are nearly predatory and certainly punitive. Plaintiff tried to bring these valid claims in a venue with lower risks for all involved. But after seeing the error in her pleading, Defendant wasted no time in moving this matter to circuit court where they ran up exorbitant legal fees.

Allowing Defendant to so profit from Plaintiff's attempt to access our justice system in this way would send a chilling message to anyone who seeks justice but can't afford an attorney.

**The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings**

As described above, Ms. Couvrette acted reasonably for a non-attorney attempting to navigate the complexities of the Oregon legal system. Though she made errors along the way, those errors are understandable for an untrained litigant. When she learned the caption of her case failed to identify the derivative nature of her suit, she attempted to correct it. However, she was unaware that permission from the court is required to amend a case caption after it has been initiated. That same inexperience explains Ms. Couvrette's faulty notice of intent to seek default.

Nor can Ms. Couvrette's refusal to dismiss her case at the advice of *opposing counsel* be considered unreasonable. If every pro-se litigant dismissed their case on the advice of opposing counsel, it is unlikely any pro-se litigant would ever see the inside of a courtroom.

Defendants and their counsel cannot be said to have been so reasonable. Ms. Couvrette is represented by two attorneys in her Federal Case, one of whom is a local Portland attorney

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 10

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 10 of 19

(Timothy Murphy) personally known to Defendant's counsel. When Defendants removed Case No. 24SC32831 and 24SC15320 into circuit court, Defendant's counsel could have contacted either attorney representing Ms. Couvrette in the Federal Case to notify that attorney about representation in new circuit court cases Case No. 24CV3281 and Case No. 24CV3283. But Defendant's attorney did not contact Timothy Murphy, Stephen Brigandi or anyone else at Murphy Law Group. If they had, Timothy Murphy would have advised Ms. Couvrette not to file these claims, where she would certainly be subject to a claim for attorney's fees. See Declaration of Timothy Murphy ¶¶ 21-24. This easy courtesy by Defendant's counsel could have avoided the vast majority of attorney fees expended for this matter.

Defendants saw the flaw in the Plaintiff's small claims case and pushed a pro-se litigant into circuit court where they could capitalize on the error and then seek $47,692.25 in legal fees and awards.

<b>Skills requisite to perform the legal services properly</b>

Plaintiff, by being represented by Ms. Couvrette pro-se, made an obvious and fatal error. The legal skill needed to capitalize on this error consists of little more than being able to cite the appropriate law. It supports only a small attorney fee award of not more than twenty (20) hours. See Declaration of Troy Pickard (hereinafter "Dec. Pickard") ¶¶ 5-7.

Defendants work and analysis to rebut the argument that a derivative suit may be prosecuted pro-se certainly deserves consideration. However, as Defendants rightly highlights, Plaintiff filed this action "on behalf of" an LLC, and failed to alleged sufficient for a finding that this suit was brought as a derivative action. Therefore, it was not necessary to spend anything more than a few hours exploring national case law to rebut this claim.

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 11

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 11 of 19

Defendants Motion to Dismiss also spends 4.5 pages discussing the Federal Case and arguing that these claims are precluded by ORCP 21 A(1)(c).   In the court's order of dismissal, the Court noted that it did not consider these arguments.  Defendant's motion to dismiss also includes roughly two pages dedicated to asserting its right to seek attorney's fees, including arguments seeking to disparage Ms. Couvrette and claiming that Plaintiff was harassing Defendant's.  To assert a right for attorney's fees, a party need only cite the "facts, statute, or rule that provides a basis for the award of fees in a pleading filed by that party", which was accomplished in Defendant's motion to dismiss using three lines and 1 citation.  The rest of section D of Defendant's motion to dismiss was superfluous and an overt attempt to enrage the court against the Plaintiff.

In total, only about 4 of the 8 pages of Plaintiff's Motion to Dismiss contained relevant information relied upon by the court to make its decision.  Likewise, Defendant's *Reply in Support of Defendant's Motion to Dismiss* did little more than re-iterate the points brought forward in Defendant's Motion to Dismiss.  Per *Moro v. State* 360 Or 467, 384 P.3d 504 (2016), simply doing work on behalf of the client does not entitle an attorney to compensation if that work is duplicative or is not relevant to the courts ultimate disposition. *Moro v. State*, 360 Or 467, 384 P.3d 504 (2016)("...a reasonable fee award under the lodestar approach must be based on reasonable hourly rates and *reflect reductions to account for duplicative work and work on unsuccessful claims* [emphasis added]...").  Therefore, Defendants time should be reduced accordingly.

///

///

///

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 12

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 12 of 19

**Fees customarily charge in the locality for similar legal services –**

To determine the fees customarily charged in the locality for similar legal services, Plaintiff's counsel consulted with Mr. Troy Pickard, a well-regarded tenant's attorney who has practiced in the Portland metropolitan area for approximately fifteen (15) years.  Dec. Pickard ¶ 2.  Mr. Pickard has encountered multiple pro-se litigants who attempt to represent the interests of non-human entities.  When this happens, Mr. Pickard's practice is to file a basic motion simply bringing this error to the court's attention, which reliably results in the same outcome Defendant achieved in this matter.  Dec. Pickard ¶ 5.  Mr. Pickard finds this can generally be accomplished for less than $10,000 (at $500/hr), with only modicum of increase for having to replicate the work for a second case.  Dec. Pickard ¶¶ 5-8.  Converted to hours, this represents only 20 hours' worth of work to achieve these results.

It should be noted that Mr. Pickard practices in Portland where the mean hourly rate for an attorney in private practice is 70% higher than in southern Oregon ($401 in Portland, $281 in Southern Oregon).  See Defendants ORCP 68 Statement, Ex. 3, p. 42, Tbl. 35.

**The amount involved, and the results obtained**

This factor cannot be overstated.  Plaintiff filed this case into small claims court seeking a meager $6,789.83.  Had the matter remained in small claims there would have no attorney's fees at risk for either party.  Per Defendants ORCP 68 Statement, they invested 69.1 hours to have the case dismissed *without prejudice*.  Despite Defendant's incredible investment they have not even resolved the dispute.

**Whether the fee is fixed or contingent.**

As Defendant's state "Valley View has a formal agreement with CLG to pay for its services in this matter on an hourly, non-contingent basis".  Defendant's ORCP 68 Statement, p.

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 13

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 13 of 19

13 at 16.  This matter should not be viewed as a contingent fee case, Defendant's difficulty paying their legal fees notwithstanding.

Defendant repeatedly points the court's attention to the fact that Plaintiff was represented pro-se by Ms. Couvrette, as though this is shameful.  Ms. Couvrette has every right to access the Oregon Justice system, even without an attorney.  Ms. Couvrette's pro-se status should result in lower attorney's fees for Defendants because she is less likely to make nuanced legal arguments supported by case law.  Ms. Couvrette should not be unreasonably punished for her efforts to seek justice on behalf of an LLC of which she is a member.

Additionally, pursuant to ORS 20.075 (2), the Court should consider:

**The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.**

As described above, Plaintiff brought this case, and the preceding small claims case, in a reasonable manner considering her experience and research.  Throughout this process she has demonstrated a willingness to enter into settlement negotiations in good faith.  During the proceedings Ms. Couvrette proposed that the parties should sell the contested land and divide the proceeds evenly.  Ms. Couvrette had even found a potential buyer who was interested in purchasing the property for over $6,000,000.  That offer vanished however after Defendants sought to speak with the buyer privately. See Dec. Murphy ¶¶ 9-20 and Dec Couvrette ¶ 24.

Defendants made no offers to settle the captioned matter, presumably because they knew would prevail on a technicality and settling this matter would have prevented this request for $47,692.25 in attorney fees and enhanced prevailing party awards.

///

///

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 14

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 14 of 19

**The amount that the court has awarded as a prevailing party fee under ORS 20.190.**

The Defendant is entitled to a prevailing party fee of $345 for prevailing in an actin resolved without a trial of an issue of law or fact. ORS 20.190(2)(a)(B)

Defendant has taken the extraordinary position that they are entitled to the maximum allowable "enhanced prevailing party fee" of $5,000. In support of this claim, they refer back to their arguments under the ORS 20.075(1) in which they attempt to paint this matter as a vexatious lawsuit brought only to increase Defendant's legal fees. That perspective falls apart under scrutiny. Plaintiff brought this matter in small claims court where attorneys are not allowed. This is a poor strategy if the goal is to increase legal fees for your opponent. Defendant's strongest evidence that this case was brought for improper reasons is a hearsay statement by Ms. Couvrette's brother, who is not a participant in this case or authorized to speak for the LLC. Defendants have seized upon an angry email between estranged family members and have used that to demonize a pro-se litigant who is seeking justice through our justice system.

Far from being vexatious, Ms. Couvrette tried to bring this case in the humblest way possible. She filed into small claims court where the damage values would remain low and the threat of attorney's fees would be non-existent. Defendant, seeing the obvious flaw in the case, forced this matter into circuit court where they could then seek these exorbitant fees. An award of an enhanced prevailing party fee on top of attorney's fees would have a chilling effect on the average person's willingness to seek justice through our courts.

Defendants request for an enhanced prevailing party fee should be denied in its entirety.

///

///

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 15

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 15 of 19

**Such other factors as the court may consider appropriate
under the circumstances of the case.**

In addition to request an extraordinary number of hours for a relatively straightforward motion to dismiss, Defendant's counsel is also requests that a multiplier of 1.5 be applied to their normal hourly rates. In support of this Defendant cites *Moro v. State*, 360 Or 467, which states that fee multipliers "may be justified when the attorney's payment is based on a contingency-fee arrangement or there is otherwise a delay in getting paid".

This methodology is commonly known as the lodestar approach in which the court determines a *reasonable* hourly value for the attorney's work, multiplies that value by a *reasonable* number of hours to perform that work, and then, if appropriate, applies a multiplier. *Strawn v. Farmers Ins. Co. of Or.*, 353 Or. 210, 297 P.3d 439 (2012). However, this methodology has received significant criticism, including ""calculating a lodestar and adjusting it for factors such as quality of representation and risk undertaken created an unwarranted "sense of mathematical precision," was insufficiently objective, was burdensome and unmanageable for courts, and encouraged lawyers to devote excessive or unnecessary hours to the litigation. *Strawn* at 445 citing the *Third Circuit Task Force, Court Awarded Attorney Fees,* 108 FRD 237, 246 (1986)...". This danger is exactly what is before the court here. Defendants claim to have devoted excessive and unnecessary hours to this simple piece of litigation.

In this matter, Defendant's attorneys are not working on a contingent fee basis, and any delay in getting paid lies with their client's ability to meet their obligations. A better analysis of the appropriateness of a fee enhancer is found in *Griffin By and Through Stanley v. Tri-County Metropolitan Transp. Dist. of Oregon* (reversed in part on other grounds) wherein the court found a fee enhancement was appropriate because:

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 16

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 16 of 19

> ...there are only a limited number of attorneys willing and able to take on complex, controversial and high risk employment cases. The evidence showed that plaintiffs generally experience difficulty in obtaining qualified counsel and also that counsel who successfully undertake the cases for a contingency fee are generally compensated at rates greatly exceeding standard billing rates for general legal services.

*Griffin By and Through Stanley v. Tri-County Metropolitan Transp. Dist. Of Oregon,* 831 P.2d 42, 112 Or.App. 575 (Or. App. 1992).

None of those consideration support a fee enhancement in this matter.  The subject matter of the dispute was simple, there is no shortage of attorneys willing to represent a client for a basic contract dispute, and Defendant's counsel is not working on contingent fee.

There is no justifiable basis for an enhanced fee award in this matter and Plaintiff should not be punished for Defendant's failure to pay their bills.

### Conclusion

Defendant is entitled to seek its *reasonable* attorney's fees.  However, the presence of fee shifting should not be viewed by practitioners as a blank check to ignore efficiency and generate unnecessary and excessive fees.  The matter at hand could have, and should have, been resolved in small claims court where it was brought.  It was Defendant's choice to move this matter to circuit court where they then incurred a remarkable 69.1 billable hours to achieve a dismissal without prejudice based on Plaintiff's technical error.  Defendant's attorney failed to contact an attorney known to represent Plaintiff in the Federal Case, thereby forgoing an easy opportunity to settle the dispute.  Awarding Defendant the exorbitant fees and awards they seek would strongly discourage people with valid legal concerns from seeking justice if they can't afford an attorney, and it will encourage the inefficient use of attorney fees.

///

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 17

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 17 of 19

Plaintiff respectfully requests this court award Defendant no more than 50% of Defendant's normal hourly rates multiplied by 20, representing the number of hours that are reasonable and necessary for a case of this nature, and a prevailing party fee of $345.

Respectfully submitted this January 24, 2025

/Peter H. Tinsley_____
Peter H. Tinsley, OSB No. 164936
Murphy Law Group, P.C.
peter@oregonlandlord.net
503-550-4894 (tel)
503-296-2633 (fax)

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 18

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 18 of 19

**Certificate of Service**

I hereby certify that I caused the foregoing PLAINTIFF'S AMENDED OBJECTION TO DEFENDANT'S ORCP 68 STATEMENT FOR ATTORNEY'S FEES, COSTS, AND DISBURSEMENTS, and DECLARATION OF TROY PICKARD to be served upon: :

CHENOWETH LAW GROUP, PC
Brooks M. Foster,
510 SW Fifth Avenue, 4th Floor
Portland, OR 97204

on January 24, 2025 by first class mail

Dated: Friday, January 24, 2025

/s/ Daniel E. Farnsworth
Legal Assistant for the
Murphy Law Group, P.C.
daniel@oregonlandlord.net
503-550-4894 (tel)
503-296-2633 (fax)

AMENDED OBJECTION TO DEFENDANT'S
ORCP 68 STATEMENT FOR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS - pg. 19

Murphy Law Group, P.C.
333 NE Russell St., Ste. 200
Portland, OR 97212
(503) 550-4894 phone / (503) 296-2633 fax

Exhibit 8
Page 19 of 19