SCANNED

JAN 0 7 2025

1

## IN THE COURT OF APPEALS OF THE STATE OF OREGON

| | | |
|---|---|---|
| JOANNE COUVRETTE, | ) | |
| Respondent-Appellant, | ) | Jackson County Circuit Court No. |
| | ) | 24PT01717 |
| | ) | |
| v. | ) | |
| | ) | Oregon Court of Appeals Case: A185549 |
| MARK AND MIKE WISNOVSKY, | ) | |
| | ) | |
| Petitioners-Respondents | ) | |

---

**APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION TO DISMISS**
Appeal from the Denial of Motion for Judicial Notice
IN THE MATTER OF THE ANN M. WISNOVSKY TRUST
by the Circuit Court for Jackson County
The Honorable Charles Kochlacs

**Joanne Couvrette** (Pro Se Respondent-Appellant)
13274 Jacarte Court
San Diego, CA 92130
Telephone: 619-750-8509
Email: jcouvrette@sbcglobal.net

Brooks Foster
Chenowith Law
510 S. W. 5th Avenue, 4th Floor
Portland, OR 97204
503-221-2182, bfoster@chenowethlaw.com
Attorney for Petitioner-Respondent

James Dole
Watkinson Laird Rubenstein
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
541-484-2282, jdole@wrlaw.com
Attorney for Petitioner-Respondent

12/2024

Exhibit 11
Page 1 of 42

2

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 4

II. INTERLOCUTORY APPEAL IS APPROPRIATE ........................................ 4
    A. Substantial Right ...................................................................................... 4
    B. California Orders Are Dispositive and the Case is Moot ...................... 5
    C. Close Case ................................................................................................ 6
    D. Cases Cited in the Motion to Dismiss Are Distinguishable .................. 7

III. THE FINALITY OF THE CALIFORNIA ORDERS ...................................... 9
    A. Legal Framework Supporting Finality and Appealability ...................... 10
    B. Relevance of Final Orders to the Oregon Case ...................................... 11
    C. Judicial Notice and Binding Effect .......................................................... 11

IV. ATTORNEY FEES REQUEST ........................................................................ 12
    A. Moot Case Precludes Attorney Fees ........................................................ 12
    B. Appellant's Actions Are Not Frivolous .................................................... 14

V. CONCLUSION ................................................................................................... 15

Exhibit 11
Page 2 of 42

3

## TABLE OF AUTHORITIES

### Cases

- **Brumnett v. PSRB, 315 Or. 402, 848 P.2d 1194 (1993)** ........................................ 6, 13
- **Couey v. Atkins, 357 Or. 460, 355 P.3d 866 (2015)** ................................................ 5, 8
- **Crandon Capital Partners v. Shelk, 181 Or. App. 139, 45 P.3d 463 (2002)** .........5, 9, 12, 16
- **David M. Scott Construction v. Farrell, 285 Or. 563, 592 P.2d 551 (1979)** ............6, 7
- **Dlouhy v. Simpson Timber Co., 247 Or. 571 (1967)** ................................................8
- **Estate of Stoddart, 115 Cal.App.4th 1118 (2004)** ...................................................... 10, 12
- **Foote v. State, 364 Or. 558 (2019)** ............................................................................ 10
- **Kay v. David Douglas Sch. Dist. No. 40, 303 Or. 574, 738 P.2d 1389 (1987)** ........ 12
- **Rockwood v. Grout, 106 P. 789 (1910)** ...................................................................... 8
- **Safeway, Inc. v. OPEU, 152 Or. App. 349, 954 P.2d 196 (1998)** .............................. 13
- **Spencer v. City of Portland, 114 Or. 381, 235 P. 279 (1925)** ...................................... 6
- **State v. Branstetter, 332 Or. 389, 29 P.3d 1121 (2001)** .............................................. 5
- **Taylor v. Portland Adventist Medical Center, 269 Or. App. 151 (2015)** ............... 8
- **Tanner v. OHSU, 161 Or. App. 129, 981 P.2d 499 (1999)** ........................................ 13

### Statutes

- **ORS 19.205(2)** ............................................................................................................ 7, 8, 9
- **ORS 40.070 (Rules 201(c) and 201(d))** ...................................................................... 11

### Other Authorities

- **California Probate Code § 1304** ................................................................................. 10, 12
- **California Probate Code § 17200** ............................................................................... 10, 11
- **California Rules of Court, Rule 8.104(a)** ................................................................... 10
- **Article IV, Section 1 of the United States Constitution**................................... 5

Exhibit 11
Page 3 of 42

4

# I. INTRODUCTION

The California Superior Court orders conclusively approved the resignation of Joanne Couvrette as Trustee and the appointment of successor trustees, rendering the underlying case moot. These dispositive orders, issued in accordance with the California Probate Code, affect substantial rights, including the proper venue and administration of the Ann M. Wisnovsky Trust. They leave no live controversy for the trial court to resolve, making an interlocutory appeal both proper and necessary to address these final determinations. The Oregon Circuit Court's denial of judicial notice constitutes a clear error.

Petitioners' insistence on continuing moot litigation disregards the finality and enforceability of the California orders, which are now unappealable. Their pursuit of relief—removal of a Trustee who has already resigned—seeks an outcome the Oregon court cannot grant. This futile litigation underscores the need for appellate review to resolve foundational jurisdictional issues and prevent further waste of judicial resources.

Moreover, Petitioners' request for attorney fees is improper in a moot case. Oregon law, as affirmed in *Crandon Capital Partners v. Shelk*, prohibits the award of attorney fees when the underlying claims have been rendered moot. Appellant's actions, including the timely filing for judicial notice of dispositive orders and engaging in good-faith settlement efforts, demonstrate a clear effort to resolve this matter efficiently. Assertions of frivolity or vexatious conduct are unsupported and contradicted by the record.

This Court should deny Petitioners' Motion to Dismiss, reject their unwarranted claims for attorney fees, and recognize that the dispositive California Superior Court orders justify an interlocutory appeal in this matter.

## II. Interlocutory Appeal is Appropriate

### A. Substantial Right

As addressed in the Appellant's Response to the Court's Order to Show Cause, which should be incorporated and included in the Response, the denial of judicial notice by the Oregon Circuit Court implicates substantial rights, as the California Superior Court orders conclusively resolved the administration of the Ann M. Wisnovsky Trust. These orders approved the resignation of Joanne Couvrette as Trustee and the appointment of successor trustees, leaving no live controversy for the trial court to adjudicate.

Exhibit 11
Page 4 of 42

Under Oregon law, an interlocutory appeal is appropriate when substantial rights are affected, and the trial court's decision effectively determines the outcome of the case.

Oregon courts have consistently recognized the importance of protecting substantial rights through interlocutory appeals. In *State v. Branstetter*, 332 Or. 389, 29 P.3d 1121 (2001), the Oregon Supreme Court held that an interlocutory appeal is warranted when a trial court's decision has a significant impact on the rights of the parties and cannot be adequately remedied through a later appeal. In this case, the California Superior Court orders directly affect the administration of the Trust, including the proper venue and the appointment of successor trustees. These substantial rights require immediate appellate review to prevent unnecessary litigation and ensure compliance with binding court orders.

The California Superior Court's orders are both dispositive and final. Issued in accordance with the California Probate Code, these orders govern the administration of the Trust, whose principal place of administration is in California. These orders are entitled to full faith and credit under Article IV, Section 1 of the United States Constitution, as well as principles of comity. By denying judicial notice of these orders, the Oregon Circuit Court has disregarded their binding nature, creating a jurisdictional conflict that must be resolved through interlocutory appeal.

### B. California Orders are Dispositive and the Oregon Case is Moot

The California Superior Court orders conclusively resolved the underlying dispute by approving the resignation of Joanne Couvrette as Trustee and appointing successor trustees. These orders render the case moot, as there is no longer a live controversy regarding the administration of the Trust or the role of the former Trustee. Under Oregon law, mootness strips courts of jurisdiction to decide claims or grant relief. The Oregon Court of Appeals in *Crandon Capital Partners v. Shelk*, 181 Or. App. 139, 45 P.3d 463 (2002), reaffirmed that once a case becomes moot, courts lack the authority to adjudicate the merits or award attorney fees. There is no need to continue the Oregon litigation on the merits of whether Couvrette should be removed as Trustee, because she is not the Trustee.

In *Crandon Capital*, the court emphasized that a case becomes moot when the interests of the parties cease to be adverse and any decision by the court would no longer have a practical effect on the rights of the parties. This principle applies directly to the present case. The resignation as Trustee, approved by the California Superior Court, resolved any live controversy regarding the Trust. The appointment of successor

Exhibit 11
Page 5 of 42

trustees further ensures that the Trust is being properly administered, leaving no basis for continued litigation.

Petitioners' insistence on pursuing this case despite its mootness disregards the finality and enforceability of the California orders. Their claims for relief—removal of a Trustee who has already resigned—are futile and serve no practical purpose. As the Oregon Supreme Court held in *Brumnett v. PSRB*, 315 Or. 402, 406, 848 P.2d 1194 (1993), courts should dismiss cases that no longer have a practical effect on the rights of the parties. The same principle applies here.

Moreover, Petitioners' attempts to challenge the validity of the resignation, or the appointment of successor trustees are without merit. The California Superior Court had jurisdiction over the Trust as its principal place of administration, and its orders are final and unappealable. Any objections to these orders should have been raised in the California proceedings and cannot be relitigated in Oregon. The Oregon Circuit Court's refusal to recognize these dispositive orders undermines the principles of comity and full faith and credit, further justifying the need for interlocutory appellate review.

The California Superior Court orders conclusively resolved the underlying dispute, rendering the case moot and affecting substantial rights. An interlocutory appeal is necessary to address these jurisdictional and procedural issues, prevent unnecessary litigation, and ensure compliance with binding court orders.

## C. Close Case

Petitioners' Motion to Dismiss selectively cites case law regarding appealability, omitting critical language that supports the principle of resolving doubts in favor of allowing an appeal in close cases. While it is true that the right to appeal is statutory, Oregon courts have long recognized that in close cases, any doubts should be resolved against barring an appeal.

In *David M. Scott Construction v. Farrell*, 285 Or. 563, 568, 592 P.2d 551 (1979), the Oregon Supreme Court stated:

> "In a close case, * * * any doubts should be resolved against such a result as would bar the appellant from an appeal."

Similarly, in *Spencer v. City of Portland*, 114 Or. 381, 391, 235 P. 279 (1925), the court emphasized:

Exhibit 11
Page 6 of 42

7

"[A]n appeal is not a matter of right, but a statutory privilege; and the party who would enjoy such privilege must show the law conferring it upon him. However, in a close case, doubts should be resolved in favor of allowing the appeal."

These principles underscore the judiciary's commitment to ensuring that parties are not unjustly deprived of their opportunity for appellate review, particularly when substantial rights are at stake.

**This Case is Not a Close Case**

While the doctrine of resolving doubts in favor of appealability applies to close cases, this is not such a case. The California Superior Court orders conclusively resolved all issues related to the Trust's administration, including venue, standing, and trustee appointments. These orders are final, unappealable, and dispositive. The denial of judicial notice by the Oregon Circuit Court directly affects substantial rights and effectively determines the action, as it precludes dismissal of the Oregon proceedings, which are moot in light of the California orders.

Petitioners' reliance on partial citations from cases like *Ragnone v. Portland School District No. 1J*, 289 Or. 339, 341, 613 P.2d 1052 (1980), and *City of Portland v. Mima Corp.*, 132 Or. 660, 663, 285 P. 815 (1930), fails to acknowledge the broader context provided by *David M. Scott Construction* and *Spencer*. These cases affirm that the statutory framework for appealability must be interpreted in a manner that avoids unjustly barring appeals in close cases. Although this writer does believe the present case does not present the type of ambiguity or uncertainty that would warrant such an analysis, it is certainly a factor that the Court considers in determining appealability.

Petitioners' selective citation of case law omits the critical principle that *any doubts in close cases* should be resolved in favor of allowing an appeal. The California Superior Court orders are final and dispositive, and the denial of judicial notice by the Oregon Circuit Court directly affects substantial rights, justifying an interlocutory appeal under ORS 19.205(2). Petitioners' attempt to bar appellate review is unsupported by the facts or the law and should be rejected.

**D. Cases Cited in the Motion to Dismiss Are Distinguishable**

The Petitioners rely on cases that do not align with the unique circumstances of this matter, where dispositive California Superior Court orders have rendered the Oregon proceedings moot. The cited cases

Exhibit 11
Page 7 of 42

involve contexts and procedural postures distinct from the present case, and their reasoning does not support dismissal of this appeal.

**Rockwood v. Grout, 106 P. 789 (1910)**

**Petitioners' Argument:** Petitioners rely on *Rockwood* to argue that interlocutory orders are generally not appealable unless they effectively determine the action or prevent a judgment. They assert that the denial of judicial notice does not meet this standard.

**Analysis:** *Rockwood* addressed an order sustaining a demurrer, which the court deemed non-appealable because it did not resolve the underlying controversy. By contrast, the denial of judicial notice in this case directly prevents the dismissal of moot proceedings and perpetuates duplicative litigation. The denial affects substantial rights by failing to recognize binding California orders that conclusively resolve the issues central to the Oregon proceedings, including venue, trustee appointments, and administration of the Trust. The procedural posture in *Rockwood* does not address or apply to the jurisdictional and procedural complexities present here, making the case distinguishable.

**Dlouhy v. Simpson Timber Co., 247 Or. 571 (1967)**

**Petitioners' Argument:** Petitioners cite *Dlouhy* to support the general principle that interlocutory orders are not appealable unless they meet the criteria under ORS 19.205(2).

**Analysis:** *Dlouhy* did not involve the denial of judicial notice or the recognition of out-of-state court orders. Here, the denial of judicial notice affects substantial rights and effectively determines the action by precluding the dismissal of moot proceedings. Unlike in *Dlouhy*, this case involves a denial that perpetuates unnecessary litigation despite dispositive rulings by the California Superior Court. These orders conclusively address venue, trustee appointments, and the Trust's administration, underscoring their relevance and necessity. The general principles in *Dlouhy* do not account for the jurisdictional and procedural issues at stake in this case, rendering it distinguishable.

**Taylor v. Portland Adventist Medical Center, 269 Or. App. 151 (2015)**

**Petitioners' Argument:** Petitioners cite *Taylor* to argue that orders denying motions for dismissal or judgment are not appealable because they do not prevent a final judgment in the action.

**Analysis:** *Taylor* involved a denial of a motion for judgment following multiple hung jury trials. The court found the order non-appealable because it did not prevent resolution through continued jury deliberations. In contrast, this case involves the denial of judicial notice for binding California orders that directly resolve

Exhibit 11
Page 8 of 42

the justiciability of the Oregon proceedings. The denial perpetuates litigation of moot claims, undermining judicial efficiency and finality. Unlike in *Taylor*, the Oregon proceedings have no path to resolution without the recognition of the California orders, which conclusively address the core issues. The procedural and jurisdictional distinctions between the two cases make *Taylor* inapplicable here.

**Distinguishable Nature of Cited Cases**

The cases cited by Petitioners are inapplicable because they fail to address the unique scenario at issue: an Oregon Circuit Court case rendered moot by dispositive California Superior Court orders, including the resignation of a trustee and the appointment of co-trustees. These orders leave no live controversy and conclusively resolve the issues raised in the Oregon proceedings.

Under Oregon law, mootness strips courts of jurisdiction to decide claims or grant relief. The Oregon Court of Appeals in *Crandon Capital Partners v. Shelk*, 181 Or. App. 139, 45 P.3d 463 (2002), reaffirmed that once a case becomes moot, courts lack the authority to adjudicate the merits or award attorney fees. None of the cases cited by Petitioners involve mootness resulting from the finality of sister-state court orders, nor do they address the implications of denying judicial notice under such circumstances.

The facts and procedural posture of this case, therefore, distinguish it from the cited authorities. The denial of judicial notice perpetuates litigation of moot claims and prevents recognition of binding and final California orders, justifying the interlocutory appeal under ORS 19.205(2).

## III. THE FINALITY OF THE CALIFORNIA ORDERS

Petitioners-Respondents assert in various pleadings that the California Probate Orders are not final, are not subject to judicial notice, and are irrelevant to the Oregon Case. This argument is entirely without merit.

While the Trust provisions are subject to adjudication under Oregon Law, the Principal Place of Administration of the Trust is California. Even if a trust specifies that it is to be adjudicated under the laws of another state, the principal place of administration determines the jurisdiction and judicial processes governing the trust. If the trust's principal place of administration is in California, California courts have jurisdiction, and California's judicial processes will apply. This does not override the substantive law designated in the trust but ensures that procedural matters are governed by California law. So, we must turn to California Law to determine the finality of the San Diego Court's Orders.

Exhibit 11
Page 9 of 42

The California Probate Court Proceedings of June 6, 2024, were properly noticed, and the pleadings were even included as exhibits in the underlying case in Oregon in May. Under **California Rules of Court, Rule 8.104(a)**, the timeframe to appeal these probate orders has now expired, rendering them final and binding on all parties. (See Dec of Couvrette, 12-30-24)

## A. Legal Framework Supporting Finality and Appealability

California law governs the timeline and appealability of probate orders. Specifically:

1. **Probate Code Section 1304(a)**

   Section 1304(a) explicitly states that "[w]ith respect to a trust, the grant or denial of the following *orders* is appealable: [¶] (a) Any final order under Chapter 3 (commencing with Section 17200) of Part 5 of Division 9. . . ." (Italics added.) This statutory language confirms that orders issued under Section 17200 are final and appealable, regardless of whether they are labeled as "orders" or "final judgments."

2. **Probate Code Section 17200**

   Section 1304 further reinforces the appealability of orders issued in trust matters, as listed in Probate code 17200, ensuring that parties can challenge such determinations within the statutory timeframe. The absence of an appeal within this period solidifies the finality of the orders.

3. **Estate of Stoddart (2004, Cal. Ct. App., 115 Cal.App.4th 1118)**

   In *Estate of Stoddart*, the court addressed a similar issue, where a petition was filed under Section 17200 to ascertain beneficiaries and determine property distribution. The court held that such rulings, designated as "orders," were final and appealable under Section 1304. The court's designation of the ruling as an "order" did not diminish its finality or binding effect see **Estate of Stoddart 2004, Cal. Ct. App., 115 Cal.App.4th 1118:**

   > "In the trust case, Wilson filed her petition pursuant to section 17200, which allows a person to petition the court for the purpose of "ascertaining beneficiaries and determining to whom property shall pass or be delivered upon final or partial termination of [a] trust, to the extent the determination is not made by the trust instrument." (§ 17200, subd. (b)(4).) Section 1304 provides that, "[w]ith respect to a trust, the grant or denial of the following *orders* is appealable: [¶] (a) Any final *order* under Chapter 3 (commencing with Section 17200) of Part 5 of Division 9. . . ." (Italics added.) Further, as in the estate case, the court designated the ruling in the trust case an "order."

4. **California Rules of Court, Rule 8.104(a)**: A party seeking to appeal such an order must file a notice of appeal:

   1. **Within 60 days** if notice of entry of the judgment or order is served.

Exhibit 11
Page 10 of 42

2. **Within 180 days** if no such notice is served.

The California Probate Orders were issued on **June 6, 2024,** resolving key matters related to the resignation of the trustee, the appointment of successor trustees, and the proper venue for trust administration. These orders became final:

- By **early August 2024,** because notice of entry was served.
- By **early December 2024,** if no notice of entry had been served.

As of **December 30, 2024,** more than 200 days have passed since the issuance of the California Probate Orders. Even under the most generous interpretation of the timeline, the appeal period has conclusively lapsed. The orders are now final, unappealable, and binding.

## B. Relevance of Final Orders to the Oregon Case

The California Probate Orders resolve the exact issues raised in the Oregon Case, including:

1. **Jurisdiction and Venue**: The California Superior Court conclusively determined that the principal place of administration of the trust is in San Diego County, California. This finding establishes jurisdiction and venue under California law, precluding conflicting determinations in the Oregon Case.

2. **Resignation of the Trustee**: The California court approved the resignation of the prior trustee, Joanne Couvrette, rendering the petition to remove her moot.

3. **Appointment of Successor Trustees**: The court appointed Anna Couvrette and Vigilare Wealth as successor trustees, consistent with the terms of the trust instrument and applicable law. These appointments are final and binding.

4. **Identification of Qualified Beneficiaries**: The California court identified the qualified beneficiaries of the trust, resolving any ambiguity regarding entitlement. This determination is final and precludes conflicting claims in Oregon.

## C. Judicial Notice and Binding Effect

Under **Oregon Evidence Code (OEC) 201** and **ORS 40.070,** the Oregon court was required to take judicial notice of the California Probate Orders. These orders are adjudicative facts, not subject to reasonable dispute, and are directly relevant to the issues before the Oregon court. The refusal to take judicial notice of these dispositive orders was a clear error that perpetuates duplicative litigation and undermines the principles of judicial economy and finality.

Exhibit 11
Page 11 of 42

**The Petitioners' Argument Lacks Merit**

The argument advanced by Petitioners-Respondents that the designation of the California rulings as "orders" rather than "final judgments" affects their finality is directly contradicted by statutory authority and case law. Under **California Probate Code Section 1304**, orders issued under Section 17200 are **final and appealable**, regardless of their labeling. The **Estate of Stoddart** (115 Cal.App.4th 1118 (2004)) reaffirmed this principle, holding that such orders, once the appeal period expires, become binding and enforceable.

## III. ATTORNEY FEES REQUEST

### A. Moot Case Precludes Attorney Fees

Petitioners-Respondents' request for attorney fees must be denied because the underlying case became moot upon the resignation of the Trustee, which was approved by the California Superior Court. This resignation, coupled with the appointment of successor trustees, resolved all live controversies related to the administration of the Ann M. Wisnovsky Trust. Oregon law is unequivocal: once a case becomes moot, courts lack the authority to adjudicate the merits *or award attorney fees*.

The Oregon Court of Appeals in *Crandon Capital Partners v. Shelk*, 181 Or. App. 139, 45 P.3d 463 (2002), provides clear guidance on this issue. The court thoroughly analyzed the doctrine of mootness, reaffirming that it strips courts of jurisdiction to decide claims or grant attorney fees.

### 1. Key Case Law Supporting Mootness

The *Crandon Capital* decision draws upon *Kay v. David Douglas School District No. 40*, 303 Or. 574, 738 P.2d 1389 (1987), which held:

> "A case becomes moot when the interests of the parties cease to be adverse. Once a case is moot, the court lacks jurisdiction to decide the merits of the case or **to award attorney fees**."

This principle directly applies here. Petitioners' claims became moot when the California Superior Court approved the resignation of the Trustee and the appointment of successor trustees. At that point, no live controversy regarding the Trust's administration or the Trustee's role remained (*Couvrette Declaration*, 12-30-24, ¶¶ 4, 23).

Exhibit 11
Page 12 of 42

Similarly, *Crandon Capital* referenced *Tanner v. OHSU*, 161 Or. App. 129, 981 P.2d 499 (1999), where the court clarified that once a case is moot, the trial court no longer has authority over its merits or related attorney fee awards:

> "Because at the time of the entry of judgment the trial court had no authority to enter any judgment against the state defendants, the entire case against those defendants—**merits and award of attorney fees—is moot.**" (*Crandon Capital*, 181 Or. App. at 513, quoting *Tanner*, emphasis added).

This analysis applies with equal force here. The California Court's actions rendered Petitioners' claims moot, stripping the Oregon court of jurisdiction to adjudicate the merits or consider attorney fee awards.

## 2. No Justiciable Controversy Remains

Petitioners' attempts to sustain this litigation disregard the absence of a live controversy. As *Crandon Capital* distinguished in *Safeway, Inc. v. OPEU*, 152 Or. App. 349, 954 P.2d 196 (1998), a justiciable controversy might persist if future conduct or public policy implications remain. However, such concerns are absent here.

The resignation of the Trustee and the appointment of successor trustees resolved the issues central to this case. Petitioners' efforts to deny the validity of the resignation amount to an unnecessary attempt to reinstate the former Trustee solely for the purpose of pursuing her removal—an effort devoid of legal or practical justification (*Couvrette Declaration*, 12-30-24, ¶¶ 4, 18, 23).

The Oregon Supreme Court in *Brumnett v. PSRB*, 315 Or. 402, 406, 848 P.2d 1194 (1993), emphasized the futility of further litigation when a dispute no longer has a practical effect on the rights of the parties:

> "When that transaction was complete … the parties' dispute ended. At that point, any decision of the trial court would no longer have had 'a practical effect on or concerning the rights of the parties.'"

This case is no different. The resignation of the Trustee, combined with the appointment of successor trustees, conclusively resolved the parties' dispute. Further proceedings would waste judicial resources and impose unnecessary costs on all involved parties.

## 3. Attorney Fees Cannot Be Awarded in Moot Cases

As affirmed in *Crandon Capital*, once a case becomes moot, the authority to award attorney fees is extinguished. Supporting cases include:

Exhibit 11
Page 13 of 42

14

- *Kay v. David Douglas School District No. 40*, 303 Or. 574 (1987).
- *Tanner v. OHSU*, 161 Or. App. 129 (1999).
- *Brumnett v. PSRB*, 315 Or. 402 (1993).
- *Safeway, Inc. v. OPEU*, 152 Or. App. 349 (1998).

These precedents establish that mootness precludes awards of attorney fees because courts lose jurisdiction over the merits of the case. Petitioners' request for attorney fees is therefore baseless and must be denied.

**B. Appellant's Actions Are Not Frivolous**

Petitioners' allegations of vexatious litigation are baseless and directly contradicted by the evidence and arguments presented in the Appellant's Declaration. The Declaration demonstrates that Appellant has acted in good faith at every stage of these proceedings, taking reasonable and proactive steps to resolve the matter efficiently.

1. **Resignation as Trustee and Mootness of the Case**

    Appellant's resignation as Trustee, approved by the California Superior Court, rendered the Petitioners' claims moot. As detailed in paragraphs 4 and 23 of the Declaration, the resignation conclusively ended any live controversy regarding the Trust's administration. The appointment of successor trustees further affirmed that no justiciable issue remains (*Couvrette Declaration*, 12-30-24, ¶¶ 4, 23).

2. **Efforts to Resolve the Matter Amicably**

    Appellant made substantial good-faith efforts to settle the dispute. Paragraphs 8 and 9 of the Declaration outline settlement proposals, including the equitable sale and distribution of Trust assets. Despite these reasonable offers, Petitioners rejected them and continued to litigate needlessly (*Couvrette Declaration*, 12-30-24, ¶¶ 8, 9).

3. **Rejection of Vexatious Litigation Claims**

    Petitioners' reliance on correspondence from Robert Wisnovsky to support claims of vexatious conduct is misplaced and misleading. Paragraph 6 of the Declaration clarifies that Robert does not represent Appellant, nor does she condone his actions. Appellant has consistently acted independently and with integrity in these proceedings (*Couvrette Declaration*, 12-30-24, ¶ 6).

4. **Compliance with Procedural Requirements**

    Appellant promptly provided documentation of her resignation and cooperated fully with procedural requests, as evidenced in paragraphs 10 through 12 of the Declaration. Despite her

Exhibit 11
Page 14 of 42

efforts to secure a stipulated dismissal of the case, Petitioners failed to engage meaningfully, undermining their own claims of vexatious conduct (*Couvrette Declaration*, 12-30-24, ¶¶ 10–12).

5. **Challenges as a Pro Se Litigant**

   Appellant has faced significant procedural challenges as a pro se litigant, including limited access to the eFiling system and procedural confusion in the Oregon Circuit Court. These challenges, detailed in paragraphs 19 and 21 of the Declaration, are not indicative of frivolous or vexatious behavior but rather the inherent difficulties of self-representation (*Couvrette Declaration*, 12-30-24, ¶¶ 19, 21).

6. **Commitment to Judicial Efficiency**

   Appellant has made repeated efforts to end litigation and conserve judicial resources. Paragraphs 5 and 17 of the Declaration highlight Appellant's intent to resolve the matter efficiently, including attempts to clarify procedural issues and secure mutually agreeable resolutions. Petitioners' refusal to cooperate has prolonged this matter unnecessarily (*Couvrette Declaration*, 12-30-24, ¶¶ 5, 17).

The record demonstrates that Appellant has acted in good faith throughout these proceedings. Her resignation as Trustee rendered the case moot, and her consistent efforts to settle the matter reflect a clear commitment to judicial economy. Petitioners' claims of frivolous or vexatious conduct are unfounded and contradicted by the evidence. As such, their request for attorney fees lacks merit and must be denied.

## IV. CONCLUSION

This appeal arises from the Oregon Circuit Court's clear error in denying judicial notice of binding California Superior Court orders that conclusively resolved the administration of the Ann M. Wisnovsky Trust. These dispositive orders approved Appellant's resignation as Trustee and the appointment of successor trustees, rendering the underlying case moot. Petitioners' continued litigation seeks relief the Oregon courts cannot grant—removal of a Trustee who has already resigned—and serves no practical purpose other than to perpetuate unnecessary proceedings.

The California Superior Court's orders are final, unappealable, and entitled to full faith and credit. They address and resolve the very issues central to the Oregon case, including venue, standing, trustee resignation, and successor trustee appointments. Under Oregon law, judicial notice of these orders was mandatory, as they are relevant adjudicative facts not subject to reasonable dispute. The Circuit Court's refusal to recognize them undermines judicial economy, creates jurisdictional conflict, and prolongs

Exhibit 11
Page 15 of 42

litigation over matters already settled. The trial court no longer has authority over either merits of this case or the related attorney fee awards.

Petitioners' request for attorney fees must be denied. Once a case becomes moot, as established in *Crandon Capital Partners v. Shelk* and other controlling precedent, courts lack jurisdiction to decide claims or award attorney fees. Petitioners' allegations of frivolity and vexatious conduct are directly refuted by the record, which demonstrates Appellant's good-faith efforts to resolve this matter amicably and efficiently.

This appeal is proper and necessary to address the Circuit Court's jurisdictional errors and ensure compliance with binding court orders. Appellant respectfully requests that this Court:

1. Deny Petitioners' Motion to Dismiss the appeal;
2. Deny Petitioners' request for attorney fees;
3. Recognize the California Superior Court's orders as dispositive; and
4. Conclude that the underlying case is moot and should be dismissed in its entirety.

Respectfully submitted,


Joanne Couvrette
**Pro Se Respondent-Appellant**

Exhibit 11
Page 16 of 42

**IN THE COURT OF APPEALS OF THE STATE OF OREGON**

**Case No. A185549**
**DECLARATION OF JOANNE COUVRETTE**

I, Joanne Couvrette, declare as follows:

1.  I am the Respondent in the underlying case regarding the removal of the trustee of the Ann M. Wisnovsky Trust.

2.  All of Ann M. Wisnovsky's children were served with a Notice of Trust Administration on November 6th, 2023 (Exhibit 6, Respondent's Declaration in Support of Reply, 5-14-24). No one replied during the 120 statutory timeframes to object to the Principal Place of Administration of the Truste, the Trustees, or the Trust as Amended.

3.  All the parties were served with notice of all trust proceedings in the California Superior Court, Probate Division, 24PT000875. No appearances were filed, so the matter proceeded without objections. Pleadings of the proceedings for case 24PT000875 were also included in the Oregon Circuit Court Case as Exhibit 8, Respondent's Declaration in Support of Reply, 5-14-24). Paragraph 29 of the Declaration stated:

    > "On May 10, 2024, I filed an Ex Parte Petition for an Order Allowing Resignation of Co-Trustee Joanne Couvrette for Medical Reasons Without 30 Days Notice, With Successor Trustee Anna Couvrette to Serve ORS 130.050 UTC 201 with the Superior Court of California, San Diego County. See Exhibit 8"

4.  I resigned as trustee of the Trust with the approval of the California Superior Court, in accordance with the terms of the Trust. My resignation was due to serious medical issues, including extended disability following shoulder surgery in May 2024 and a subsequent diagnosis of degenerative spinal disease, which prevents me from working full time. The California Superior Court approved successor trustees, and my resignation rendered the petition to remove me as trustee moot.

1

Exhibit 11
Page 17 of 42

5. I have made every effort to resolve this matter and end litigation. Despite this, I am being forced to continue litigating in an inappropriate forum where no live controversies remain.

6. In their Motion to Dismiss and Request for Attorney Fees, Petitioners use correspondence from Robert Wisnovsky to paint me as perpetuating vexatious and frivolous litigation. Robert does not speak for me, nor do I condone his behavior. My three brothers do not get along and all have behaved badly.

7. Robert and I are the sole Qualified Beneficiaries of the Ann M. Wisnovsky Trust, as determined by the California Superior Court, Probate Division, each entitled to a 50% share of the only remaining assets of the Trust, the two LLCs. Despite this, we have agreed, as evidenced in multiple emails, to reduce our share to less than 25% each.

8. In good faith, I have engaged in settlement discussions with Attorney Brooks Foster and Mark Wisnovsky. On June 17, 2024, I emailed Mark and Mike Wisnovsky to propose a global settlement to end all litigation. My email (Attached Exhibit 1) outlined a settlement framework, including the valuation and sale of properties, resolution of rent issues, and a distribution of proceeds. I stated:

> "We would sign a settlement to:
> 1) List property (1800, 200) for $7M, selling it as winery/vineyard/new home site.
> 2) Split net proceeds of sale 25% each, with $5M sales price floor or $2.5M floor for your and Mike's share.
> 3) Drop all litigation/remove Lis Pendens.
> 4) VVW pays delinquent rent/tax and lease is reinstated upon payment of delinquency and signed settlement agreement. Lease terminates on sale.
> If it doesn't sell, you just keep renting per existing lease.   No downside for you, as if we can't close a sale at >$5M, you continue VVW with a very low rent.  If you are correct and it won't sell at $5M, then WL may want to sell it for less, but your share would still be $2.5M.  Example: if it sells at $4M your/Mike's share would still be $2.5M (minus the closing costs)."

9. Despite this substantial offer, Petitioners rejected it and continued litigation. On July 17, 2024, I emailed Attorney Brooks Foster following the July 16 hearing, where I informed the court of my resignation as Trustee and requested dismissal of the petition as moot (Attached Exhibit 2). In my email, I stated:

2

Exhibit 11
Page 18 of 42

"As noted during the hearing yesterday, I have resigned as Trustee of the Ann M. Wisnovsky Trust per the Order of the San Diego Superior Court. The two currently serving Co-Trustees are Anna Couvrette and Vigilare Wealth (a California corporate Trustee). As your motion to remove me as Trustee is now moot, **will you stipulate to Dismiss the Jackson County Superior Court Petition?**"

10. Attorney Foster confirmed that I told the Court that I had resigned, when responded on July 18, 2024, stating:

"My clients are considering your request for them to stipulate to dismissal of the action. To facilitate this, can you provide documentation of your resignation and Anna Wisnovsky's acceptance of the role of co-trustee? You stated on the record during yesterday's hearing that you resigned the previous day, July 16, 2024. I have seen the ex parte order from the San Diego court authorizing you to resign, but that order did not effectuate your resignation. Do you have a signed resignation document or some other documentation effectuating your resignation and showing its effective date that you can share with us?"

11. I promptly sent the requested resignation document to Mr. Foster, who acknowledged receipt, stating:

"Received. Thanks. Will respond further as soon as possible."

12. Despite this acknowledgment, no further response was received. On December 6, I emailed Brooks Foster again, in the hope that we could end the litigation in both the Oregon Trial Court and the Appellate Court (Attached Exhibit 3):

"Follow-Up on Request for Stipulated Dismissal of Jackson County Circuit Court Petition

Dear Mr. Foster,

I am following up on my prior communications regarding the underlying Jackson County Circuit Court case concerning the Ann M. Wisnovsky Trust.

As noted during the July 16, 2024 hearing in Jackson County, I have resigned as Trustee of the Trust, as authorized by the San Diego Superior Court. The Trust is now being administered by the duly appointed Co-Trustees, Anna Maria Couvrette and Vigilare Wealth, a California corporate trustee. The San Diego Superior Court Order approving my resignation and appointing the longstanding Successor Trustees as Co-Trustee resolved all substantive issues related to the administration of the Trust.

On July 17, 2024, I sent an email to you reiterating my resignation and requesting a stipulated dismissal of the Jackson County Circuit Court Petition, as the motion to remove me as Trustee is now moot. You responded on July 18, 2024, asking for documentation of my resignation and Anna Couvrette's acceptance of the role of Co-

3

Exhibit 11
Page 19 of 42

Trustee. On the same day, I provided the documents and noted that the resignation rendered the Petition moot.

To date, I have not received a reply to my July 17, 2024, email requesting dismissal, nor any further communication on this matter. Meanwhile, I have been forced to continue litigating a matter where no justiciable issues remain, as the basis for the Petition has been resolved by the California Superior Court's orders and my resignation.

I respectfully reiterate my request for a stipulated dismissal of the Jackson County Circuit Court Petition. The court should have dismissed this case sua sponte, given that it now lacks any live controversy or actionable claims. Continuing this litigation imposes unnecessary burdens on all parties involved and further delays final resolution.

Please confirm whether your clients are prepared to stipulate to dismissal or advise of any remaining concerns so that we can promptly address them.

I look forward to your response."

13. In their Motion to Dismiss, Mark and Mike Wisnovsky are contending that my Motion for Judicial Notice of Case 24PT000875 was not before the Court, because it had already ruled on it, concurrently with their Motion to Strike. However, this is incorrect, and the subject of emails between the parties (Attached Exhibit 4). In my email to Foster, I stated:

"While the Court denied the Motion to Strike, it did not Deny Respondent's Request for Judicial Notice. You stated that the Motion was in the form of a request and not properly before the Court, which precluded argument. The Court did not rule on Judicial Notice. Consequently, I will be objecting to the proposed orders.

A Motion to Request the Court Take Judicial Notice of the California Court's Orders was already filed with Jackson County, Oregon this morning.

Please mail a copy of the Proposed Order.

Joanne Couvrette
619-750-8509"

My email was in error, as I should have said the court *granted*, nonetheless Foster replied:

"Petitioners will be opposing your new motion for the Court to take judicial notice."

14. The Motion was fully briefed and on August 6th, the Court sent me a notice that it had scheduled an August 26th In-Chambers Review of Motion for Judicial Notice of Case 24PT000875. Inexplicably, the Court denied a *different motion* during that In-chambers

4

Exhibit 11
Page 20 of 42

review, a Motion that had not been filed when the In Chambers Review was calendared and was not fully briefed. The Notices of Motion Hearings do not appear on the online court record, but I included in my Motion for Stay. The timeline of these proceedings is included in Case No. 23PB01717 RESPONDENT'S MOTION FOR A STAY OF PROCEEDINGS PENDING APPEAL, part of the record in this Appeal and copied the relevant timeline below (attached as Exhibit 5):

"The procedural timeline is as follows:
• July 18, 2024: Respondent filed a Motion for Judicial Notice of San Diego Superior Court Case No. 24PT000875C.

• August 5, 2024: Petitioners responded to the Motion for Judicial Notice of San Diego Superior Court Case No. 24PT000875C.

• August 6, 2024: Notice of Scheduled Court Appearance for Respondent's Motion for Judicial Notice of San Diego Superior Court Case No. 24PT000875C. (See Attachment 1, Notice of Hearing) This was prior to Respondent filing her motion for Judicial Notice of 37-2023-00011384-PR-LS-CTL

• August 15, 2024: Respondent submitted a reply to Petitioners' response to the Motion for Judicial Notice of San Diego Superior Court Case No. 24PT000875C

• August 20, 2024: Respondent filed a Motion for Judicial Notice of San Diego Superior Court Case No. 37-2023-00011384-PR-LS-CTL.

• August 26, 2024: The Judge held an "in-chambers review" of an unspecified Motion or Motions. (The Order states that this was held on August 20, not the 26th)

• September 9, 2024: Petitioners filed a Response to Respondent's Motion for Judicial Notice of San Diego Superior Court Case No. 37-2023-00011384-PR-LS-CTL.

• September 11, 2024: The Court posted its Denial of Respondent's Motion, which was verbally confirmed by the Court as pursuant to the August 26, 2024 Calendared "In-Chambers Review" of Judicial Notice of Case No. 24PT000875C. No written Order is available from the Court for that Motion.

The Court also issued an order Denying Respondent's August 20, 2024 Motion, without providing Notice of a Hearing or allowing Respondent time to Reply to Petitioner's Opposition (Attachment 2)"

15. When I inquired with the Court Clerk about this confusing In Chambers review, I was told both Motions were denied. As a Pro Se litigant, with my sole experience in California Courts, I am unfamiliar with this practice. But the timeline indicates that Petitioners submitted their

5

Exhibit 11
Page 21 of 42

Response to my Request for Judicial Notice of Case 37-2023 *after the Court held its In-Chambers Review on it.* This suggests to me that they were confused about the proceedings as well.

16. The California Superior Court has determined that Joanne Couvrette and Robert Wisnovsky are the only qualified beneficiaries of the Trust. Petitioners, Mark and Mike Wisnovsky, lack standing as they are not qualified beneficiaries under the Trust or California law. My settlement offers to them, despite their lack of standing, was a demonstration of my commitment to resolving this matter efficiently and fairly.

17. There is no evidence to support Petitioners' claim that I have prolonged this litigation. On the contrary, I have taken every step available to me to resolve this matter, including obtaining California court orders confirming my resignation and the appointment of successor trustees.

18. At the oral arguments in July 2024, I informed the Oregon Circuit Court that I had resigned as trustee, rendering any trial to seek my removal moot. Despite this, Petitioners argued against the validity of my resignation, seemingly to reinstate me solely for the purpose of seeking my removal. This approach is akin to firefighters relighting a fire just to claim credit for extinguishing it again.

19. As a pro se litigant, I have faced significant procedural challenges in the Oregon Circuit Court, including:

    a. Lack of access to the eFiling system, which has hindered my ability to fully participate in these proceedings.

    b. Ordering and paying for court recordings that I never received, further impeding my ability to respond effectively.

    c. Difficulty hearing and being heard via the Web-Ex system during hearings.

    d. Lack of civility afforded to me as a Pro Se Litigant

20. Following the Oregon Circuit Court's initial guidance, I sought clarification from the California Probate Court and obtained orders confirming:

    a. The Trust's principal place of administration is in San Diego County, California.

6

Exhibit 11
Page 22 of 42

b. My resignation as trustee was valid, and successor trustees were properly appointed.

21. Despite obtaining these California court orders, the Oregon Circuit Court denied my motions for judicial notice. The motions for judicial notice were heard by a second judge while my motion before the original judge remained undecided. I am unfamiliar with this practice of two judges adjudicating different aspects of the same case at the same time.

22. The Oregon Circuit Court has twice issued notices of hearings on one issue only to make rulings on unrelated issues that were not fully briefed or argued. For example, during the hearing calendared for August 26th, my second motion for judicial notice was denied, without proper notice or opportunity for argument. During a phone call, the clerk later confirmed that the first motion had also been denied. Similarly, the July 16th hearing was calendared as "Motion to Strike" the California Orders that had been submitted by Robert, which Petitioners argue were submitted improperly. Later, Petitioners submitted an Order, to which I objected, incorrectly stating that Judicial Notice has been denied.

23. I am the only Respondent in this case to remove me as trustee. My resignation, approved by the California Superior Court, and the appointment of successor trustees render this matter moot. Despite my repeated efforts to resolve this matter, Petitioners continue to pursue litigation that lacks any live controversy, imposing unnecessary burdens on the courts and parties involved.

24. I respectfully request that this Court recognize the California Superior Court's findings, dismiss this matter as moot, and affirm that Oregon is an improper forum for this litigation.

I declare under penalty of perjury under the laws of the State of Oregon and California that the foregoing is true and correct.

**DATED this 30th day of December, 2024.**

Joanne Couvrette
13274 Jacarte Court
San Diego, CA  92130
Pro Se

7

Exhibit 11
Page 23 of 42

**EXHIBIT 1**

## Re: Small Claims proposal

From:  Joanne Couvrette (jcouvrette@sbcglobal.net)

To:      markawisnovsky@gmail.com

Cc:      mike@valleyviewwinery.com

Date:   Monday, June 17, 2024 at 07:58 AM PDT

I am interested in a global settlement.

The two lots (1800, 200) were valued at $6.5M in 2023.

We are getting sale inquiries without actually listing it properly.   You never contacted the agent as you had requested.

The only way to know if it will actually sell for more than $5M is to properly list it without lease and lien.

We would sign a settlement to:

1) List property (1800, 200) for $7M, selling it as winery/vineyard/new home site.

2) Split net proceeds of sale 25% each, with $5M sales price floor or $2.5M floor for your and Mike's share.

3) Drop all litigation/remove Lis Pendens.

4) VVW pays delinquent rent/tax and lease is reinstated upon payment of delinquency and signed settlement agreement.   Lease terminates on sale.

If it doesn't sell, you just keep renting per existing lease.   No down side for you, as if we can't close a sale at >$5M, you continue VVW with a very low rent.  If you are correct and it won't sell at $5M, then WL may want to sell it for less, but your share would still be $2.5M.  Example: if it sells at $4M your/Mike's share would still be $2.5M (minus the closing costs).

Joanne

On Jun 14, 2024, at 11:46 AM, Mark Wisnovsky <markawisnovsky@gmail.com> wrote:

Joanne,

We have been reasonably skeptical, as you would be, of the information provided by Steve Brigandi or Bob in the past about potential offers to purchase.  They did not appear to be legitimate.  But if a legitimate buyer is willing to pay enough money, it would be worthwhile to explore a potential comprehensive settlement involving a sale of the vineyard and winery property.  We would need more information about the buyer's interest before spending more time exploring that possibility.

We are also interested in a resolution of the small claims for unpaid rent and taxes.  While we obviously dispute the amount, would you consider an agreement in which we pay the amounts due for the property taxes and lease rents as listed in the small claims suit and Wisnovsky Land withdraws the small claims, its notices of default and eviction and agrees not to sue on this issue in the future?

Mark and Mike

Exhibit 11
Page 24 of 42

**EXHIBIT 2**

Re: Wisnovsky / Couvrette -- Jackson County trustee removal action

From:   Joanne Couvrette (jcouvrette@sbcglobal.net)

To:     bfoster@chenowethlaw.com

Cc:     brigandilaw@gmail.com; jdole@wlrlaw.com

Date:   Monday, July 22, 2024 at 11:40 AM PDT

Scanned and attached.

Joanne Couvrette
619-750-8509

On Thursday, July 18, 2024 at 05:38:45 PM PDT, Brooks Foster <bfoster@chenowethlaw.com> wrote:

Ms. Couvrette,

You have stated that Mr. Brigandi is not representing you in the Jackson County trust administration action, which means I can communicate directly with you about that case.

My clients are considering your request for them to stipulate to dismissal of the action. To facilitate this, can you provide documentation of your resignation and Anna Wisnovsky's acceptance of the role of co-trustee? You stated on the record during yesterday's hearing that you resigned the previous day, July 16, 2024. I have seen the ex parte order from the San Diego court authorizing you to resign, but that order did not effectuate your resignation. Do you have a signed resignation document or some other documentation effectuating your resignation and showing its effective date that you can share with us?

**Brooks M. Foster**

Shareholder

CHENOWETHLAW.COM | (503) 345-6410



From: Joanne Couvrette <jcouvrette@sbcglobal.net>
Sent: Wednesday, July 17, 2024 10:40 AM
To: James R. Dole <jdole@wlrlaw.com>; Brooks Foster <bfoster@chenowethlaw.com>

Exhibit 11
Page 25 of 42

**Cc:** Stephen Brigandi <brigandilaw@gmail.com>
**Subject:** Motion to Dismiss


Good Morning,


As noted during the hearing yesterday, I have resigned as Trustee of the Ann M. Wisnovsky Trust per the Order of the San Diego Superior Court.


The two currently serving Co-Trustees are Anna Couvrette and Vigilare Wealth (a California corporate Trustee).


As your motion to remove me as Trustee is now moot, will you stipulate to Dismiss the Jackson County Superior Court Petition?


Joanne Couvrette

619-750-8509

---

This email has been scanned for spam and viruses. Click here to report this email as spam.


INFORMATION CONTAINED IN THIS COMMUNICATION IS PRIVILEGED AND/OR CONFIDENTIAL, INTENDED ONLY FOR THE INDIVIDUAL/ENTITY NAMED ABOVE. IF READER OF THIS NOTICE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY PHONE (503) 221-7958 OR EMAIL, AND DELETE IT FROM YOUR COMPUTER. THANK YOU.

 Trustee Resignation 7-16-24 EXECUTED WITH NOTARY.pdf
3.1MB


On Tuesday, July 23, 2024 at 11:22:40 AM PDT, Brooks Foster <bfoster@chenowethlaw.com> wrote:

Received. Thanks. Will respond further as soon as possible.

Brooks M. Foster
Shareholder

CHENOWETHLAW.COM  |  (503) 345-6410
Chenoweth_Black_White_Logo_200px

Exhibit 11
Page 26 of 42

**EXHIBIT 3**

## Follow-Up Request 23PB01717

From:  Joanne Couvrette (jcouvrette@sbcglobal.net)

To:    bfoster@chenowethlaw.com

Cc:    brigandilaw@gmail.com

Date:  Friday, December 6, 2024 at 02:18 PM PST

**Follow-Up on Request for Stipulated Dismissal of Jackson County Circuit Court Petition**

Dear Mr. Foster,

I am following up on my prior communications regarding the underlying Jackson County Circuit Court case concerning the Ann M. Wisnovsky Trust.

As noted during the July 16, 2024 hearing in Jackson County, I have resigned as Trustee of the Trust, as authorized by the San Diego Superior Court. The Trust is now being administered by the duly appointed Co-Trustees, Anna Maria Couvrette and Vigilare Wealth, a California corporate trustee. The San Diego Superior Court Order approving my resignation and appointing the longstanding Successor Trustees as Co-Trustee resolved all substantive issues related to the administration of the Trust.

On July 17, 2024, I sent an email to you reiterating my resignation and requesting a stipulated dismissal of the Jackson County Circuit Court Petition, as the motion to remove me as Trustee is now moot. You responded on July 18, 2024, asking for documentation of my resignation and Anna Couvrette's acceptance of the role of Co-Trustee. On the same day, I provided the documents and noted that the resignation rendered the Petition moot.

To date, I have not received a reply to my July 17, 2024, email requesting dismissal, nor any further communication on this matter. Meanwhile, I have been forced to continue litigating a matter where no justiciable issues remain, as the basis for the Petition has been resolved by the California Superior Court's orders and my resignation.

I respectfully reiterate my request for a stipulated dismissal of the Jackson County Circuit Court Petition. The court should have dismissed this case sua sponte, given that it now lacks any live controversy or actionable claims. Continuing this litigation imposes unnecessary burdens on all parties involved and further delays final resolution.

Please confirm whether your clients are prepared to stipulate to dismissal or advise of any remaining concerns so that we can promptly address them.

I look forward to your response.

Best regards,
Joanne Couvrette
<u>619-750-8509</u>

Exhibit 11
Page 27 of 42

**EXHIBIT 4**

RE: IMO the Trust Administration of The Ann M. Wisnovsky Trust; Jackson County Circuit Court Case No. 23PB01717

From: Brooks Foster (bfoster@chenowethlaw.com)

To:  jcouvrette@sbcglobal.net

Cc:  bcrittenden@chenowethlaw.com; clairec@chenowethlaw.com; jdole@wlrlaw.com; swashabaugh@chenowethlaw.com

Date: Tuesday, July 30, 2024 at 12:09 PM PDT

Ms. Couvrette:

First, Judge Kochlacs did not deny Petitioners' motion to strike at the hearing on July 16, 2024. He granted the motion.

Second, the motion sought to strike an ex parte order from San Diego that intervenor Robert Wisnovsky filed. You filed a response opposing the motion on the grounds that the court could take judicial notice of that same order, which you filed with your response. At the hearing, Judge Kochlacs said the motion to strike was granted and did not take judicial notice of the San Diego order. He therefore struck your filing of the order, as well as Robert's filing, and denied your request for judicial notice. That is correctly stated in Petitioners' proposed form of order, which we will be submitting to the court.

Petitioners will be opposing your new motion for the Court to take judicial notice.

**Brooks M. Foster**
Shareholder

CHENOWETHLAW.COM | (503) 345-6410



From: Joanne Couvrette <jcouvrette@sbcglobal.net>
Sent: Thursday, July 18, 2024 2:26 PM
To: rwisnovsky@aol.com; Sky Washabaugh <swashabaugh@chenowethlaw.com>
Cc: Brooks Foster <bfoster@chenowethlaw.com>; Bradley T. Crittenden <bcrittenden@chenowethlaw.com>; Claire Coren <clairec@chenowethlaw.com>; jdole@wlrlaw.com
Subject: Re: IMO the Trust Administration of The Ann M. Wisnovsky Trust; Jackson County Circuit Court Case No. 23PB01717

Good Afternoon,

While the Court denied the Motion to Strike, it did not Deny Respondent's Request for Judicial Notice. You stated that the Motion was in the form of a request and not properly before the

about:blank                                                                1/3

Exhibit 11
Page 28 of 42

Court, which precluded argument. The Court did not rule on Judicial Notice. Consequently, I will be objecting to the proposed orders.

A *Motion to Request the Court Take Judicial Notice* of the California Court's Orders was already filed with Jackson County, Oregon this morning.

Please mail a copy of the Proposed Order.

Joanne Couvrette

619-750-8509

On Thursday, July 18, 2024 at 02:02:01 PM PDT, Sky Washabaugh <swashabaugh@chenowethlaw.com> wrote:

Good afternoon –

Please see attached petitioners' proposed *Order Granting Petitioners' Motion to Strike and Denying Respondent's Request for Judicial Notice*. This email serves as notice that the deadline to object to the proposed order is Monday, July 29, 2024.

A copy of the proposed order will not be mailed to you, unless requested.

Thank you.

**Skylar Washabaugh**

Senior Paralegal

Pronouns: she, her, hers

CHENOWETHLAW.COM | (503) 433-5352

Exhibit 11

Page 29 of 42

**EXHIBIT 5**

Joanne Couvrette
13274 Jacarte Court
San Diego, CA  92130
Pro Se

| | |
|---|---|
| **In the Matter of the Trust**<br><br>**Administration of**<br><br>**THE ANN M. WISNOVSKY TRUST dated August 2, 2012** | **Case No.  23PB01717**<br><br>**RESPONDENT'S MOTION FOR A STAY OF PROCEEDINGS PENDING APPEAL** |
| MARK WISNOVSKY and MICHAEL WISNOVSKY,<br><br>                          Petitioners,<br><br>  v.<br><br>JOANNE COUVRETTE,<br><br>                          Respondent. | |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Respondent, Joanne Couvrette, hereby moves the Court for an order staying all proceedings in this matter pending the resolution of her appeal to the Oregon Court of Appeals from the Orders of this Court, dated September 11, 2024, which denied Respondent's Motion to Take Judicial Notice of San Diego Superior Court Cases 24PT000875C and 37-2023-00011384-PR-LS-CTL.

**I. INTRODUCTION**

Respondent respectfully requests a stay of these proceedings to avoid unnecessary litigation and promote judicial efficiency while the Oregon Court of Appeals resolves the appeal of this Court's decisions. The appeal raises important legal issues related to the administration of the

Exhibit 11
Page 30 of 42

Ann M. Wisnovsky Trust, including recognition of the San Diego Superior Court's Orders approving Respondent's resignation as Trustee and the appointment of Anna Maria Couvrette as Successor Trustee and the Denial of Petitioner's Request to Appoint Suzanne Mendelson as Fiduciary. These orders, duly issued by the San Diego Superior Court, are entitled to full faith and credit under Article IV, Section 1 of the U.S. Constitution.

The procedural timeline is as follows:

- **July 18, 2024**: Respondent filed a Motion for Judicial Notice of San Diego Superior Court Case No. 24PT000875C.

- **August 5, 2024**: Petitioners responded to the Motion for Judicial Notice of San Diego Superior Court Case No. 24PT000875C.

- **August 6, 2024**: Notice of Scheduled Court Appearance for Respondent's Motion for Judicial Notice of San Diego Superior Court Case No. 24PT000875C. This was *prior to Respondent filing her motion for Judicial Notice of* 37-2023-00011384-PR-LS-CTL

- **August 15, 2024**: Respondent submitted a reply to Petitioners' response to the Motion for Judicial Notice of San Diego Superior Court Case No. 24PT000875C

- **August 20, 2024**: Respondent filed a Motion for Judicial Notice of San Diego Superior Court Case No. 37-2023-00011384-PR-LS-CTL.

- **August 26, 2024**: The Judge held an "in-chambers review" of an unspecified Motion or Motions. (See Attachment 1, Notice of Hearing)

- **September 9, 2024:** Petitioners filed a Response to Respondent's Motion for Judicial Notice of San Diego Superior Court Case No. 37-2023-00011384-PR-LS-CTL.

- **September 11, 2024**: The Court posted its Denial of Respondent's Motion, which was verbally confirmed by the Court as pursuant to the August 26, 2024 Calendared "In-Chambers Review" of Judicial Notice of Case No. 24PT000875C. No written Order is

Exhibit 11
Page 31 of 42

available from the Court for that Motion. The Court also issued an order Denying Respondent's August 20, 2024 Motion, without providing Notice of a Hearing or allowing Respondent time to Reply to Petitioner's Opposition (Attachment 2) The **Notice of Appeal** (Attachment 3) was served on all appropriate parties and is also attached to this motion. Respondent's pending Motion to Dismiss cannot proceed without resolution of the judicial notice issues now on appeal. The Motion to Dismiss is based on the following grounds:

1. Failure to State a Claim Upon Which Relief Can Be Granted / Matter is Moot

2. Failure to Join a Necessary Party

3. Lack of Standing of Petitioners, Mark and Michael Wisnovsky

4. Improper Venue

The judicial notice of the San Diego Superior Court's orders is critical to these issues. Therefore, proceeding with the Motion to Dismiss without the appellate court's ruling would be unjust and incomplete.

---

## II. LEGAL STANDARD

Under Oregon law, the court has discretion to grant a stay of proceedings pending appeal. A stay preserves the status quo and ensures that parties are not unnecessarily burdened by ongoing litigation while significant legal matters are under appellate review. In determining whether to grant a stay, the court may consider the following factors:

- **Likelihood of Success on Appeal**: Whether the appeal raises substantial legal questions that could reasonably lead to reversal or modification of the lower court's ruling.

- **Irreparable Harm**: Whether the party seeking the stay would suffer irreparable harm if the stay is not granted.

Exhibit 11
Page 32 of 42

- **Injury to Other Parties**: Whether granting the stay would cause undue prejudice or harm to other parties.
- **Public Interest**: Whether the stay would promote judicial economy and prevent conflicting rulings.

## III. ARGUMENT

### 1. Likelihood of Success on Appeal

Respondent's appeal raises significant legal issues regarding the denial of judicial notice for binding California court orders. These orders are directly relevant to the administration of the Trust, the identification of the trustees, and the determination of the Principal Place of Administration. The San Diego Superior Court's order, which approved Respondent's resignation and appointed Anna Maria Couvrette as Successor Trustee, is entitled to full faith and credit under the U.S. Constitution. The appeal challenges the denial of judicial notice and involves substantial legal questions with a strong likelihood of success on appeal.

### 2. Irreparable Harm

Without a stay, Respondent would be forced to continue litigating this matter in Oregon, despite the clear jurisdictional and legal implications of the San Diego Superior Court's rulings. If the appellate court overturns this Court's denial of judicial notice, Respondent's participation in these proceedings could be rendered moot or invalid. Such an outcome would cause irreparable harm by subjecting Respondent to unnecessary and potentially conflicting legal obligations. Furthermore, as the Motion to Dismiss relies in part on the judicial notice of the California court's orders, proceeding without resolution

Exhibit 11
Page 33 of 42

of the appeal could lead to an unjust ruling on key issues such as standing, venue, and the authority of the trustees.

3. **No Prejudice to Other Parties**

Granting a stay in this matter will not result in undue harm or prejudice to the Petitioners. The core issues in this case involve the administration of the Trust, which are not time sensitive. Any delay will not harm the Petitioners' interests, especially considering that the Trust is governed by the San Diego Superior Court's order. Additionally, the Trust holds no real property in Oregon; its sole assets are membership interests in two LLCs, which are manager-managed and not controlled by the Trust. There is also a **Lis Pendens** on all the property owned by Wisnovsky Land LLC. Both qualified beneficiaries of the Trust, Joanne Couvrette and Robert Wisnovsky, consent to this stay.

4. **Public Interest and Judicial Economy**

Granting the stay will serve the public interest by promoting judicial efficiency and avoiding potentially conflicting rulings from different courts. Allowing the proceedings to continue while the appeal is pending would waste judicial resources and increase the risk of inconsistent decisions regarding the Trust's administration. A stay will ensure that the foundational legal questions are resolved by the appellate court before further litigation proceeds, thus promoting judicial economy and fairness.

## IV. NO BOND IS NECESSARY IN THIS CASE

Respondent respectfully requests that the Court grant this stay without requiring a bond because this appeal does not involve any financial judgment or form of monetary relief that would necessitate security.

Exhibit 11
Page 34 of 42

1. **Nature of the Appeal: Non-Monetary Issue**

    This appeal concerns the denial of Respondent's Motions for Judicial Notice of court records—a routine procedural matter. Judicial notice of court orders is almost universally granted, and the denial in this case does not involve any financial stakes. Since no monetary judgment is involved, the imposition of a bond would be unnecessary and inappropriate.

2. **ORS 19.330: Court's Discretion to Waive Bond Requirement**

    ORS 19.330 grants courts the discretion to waive bond requirements in non-monetary appeals. Since this case involves no financial interests, imposing a bond would create an undue burden on the Respondent without providing any benefit to the Petitioners.

3. **No Financial Risk to Petitioners**

    Granting a stay will not result in any financial harm to the Petitioners. The administration of the Trust will continue in accordance with the San Diego Superior Court's Order, and no monetary judgment or financial award is at stake. Therefore, there is no justification for imposing a bond in this case.

In light of the non-monetary nature of the appeal, Respondent respectfully requests that the Court exercise its discretion and grant the stay without requiring a bond.

## V. CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Court grant a stay of all proceedings in this case pending the resolution of her appeal, without the requirement of a bond.

DATED: September 30, 2024

Joanne Couvrette
13274 Jacarte Court
San Diego, CA 92130
Pro Se Respondent

Exhibit 11
Page 35 of 42

**Attachments:**

1. Notice of Hearing

2. Verified Copy of Court's Order dated August 26, 2024 (denying Motion for Judicial Notice of Case 37-2023-00011384-PR-LS-CTL)

3. Notice of Appeal

Exhibit 11
Page 36 of 42

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF JACKSON
100 S. Oakdale Ave  Medford Oregon  97501

541-776-7171                                http://courts.oregon.gov/jackson

August 06, 2024

Joanne Couvrette
13274 Jacarte Ct
San Diego CA  92130

Re: In the Matter of:  The Ann M Wisnovsky Trust dtd August 2, 2012
Case #: 23PB01717    Trust

## NOTICE OF SCHEDULED COURT APPEARANCE

**Assigned Judge**          **Charles Kochlacs**
**Scheduled Proceeding**    **Hearing - Motion**
**Location – Courtroom**    **Judge Chambers**

**Date** | 08/26/2024                **Time** | 2:00 PM

**Additional information:** In Chambers Review

### IMPORTANT NOTICE: PLEASE READ

### IN-PERSON APPEARANCES

If you are scheduled to appear for a court hearing, **you must appear in person** unless you have filed a motion, order, and Remote Hearings Form at least two (2) business days prior to the hearing. The motion, order, and remote hearing form must be received at the court by 4:00 pm, 2 days prior to the hearing. If the judge allows your remote appearance, please go to our website to access the telephone number and access code. Instructions and documents for Remote Hearings and Remote Exhibits are found on the same page:

https://www.courts.oregon.gov/courts/jackson/go/Pages/RemoteHearings.aspx

Failure to appear at the court event indicated above at the time and place specified may result in an order being rendered against you in this case.

**Intérprete: Si tiene alguna pregunta por favor llame al 541-776-7171 ext. 35038**

**Interpreter:** If you need an interpreter, you must tell the court at least **4 business days before** your appearance date. Go to http://courts.oregon.gov/ScheduleAnInterpreter to get an interpreter.

**Intérprete:** Si Ud. necesita un intérprete, debe notificar al tribunal por lo menos 4 días laborales antes de la fecha de su comparecencia. Para conseguir un intérprete, siga el siguiente enlace:
http://courts.oregon.gov/ScheduleAnInterpreter

Notice - Civil Court Appearance - JAC                    Page 3 of 3        8/16/2023

Exhibit 11
Page 37 of 42



IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR JACKSON COUNTY

Mark Wisnovsky
and
Michael Wisnovsky,

         Petitioners,

v.

Joanne Courette,

         Respondent.

Case No.  23PB01717

ORDER DENIAL

This came before the Court on Respondent's Motion to Request the Court to Take Judicial Notice of San Diego Superior Court Case 37-2023-00011384-PR-LS-CTL on August 20, 2024. The Court, being duly advised, the motion is hereby denied.

ORDER DENIAL.

9/11/2024 9:16:16 AM

Circuit Court Judge Charles G. Kochlacs

**Page 1 – COURT'S RULING ORDER**

JACKSON COUNTY CIRCUIT COURT
100 SOUTH OAKDALE
MEDFORD. OR 97501

Exhibit 11
Page 38 of 42

IN THE COURT OF APPEALS OF THE STATE OF OREGON

Mark Wisnovsky, Mike Wisnovsky Plaintiff-Respondents
(LINE 1-NAME OF PLAINTIFF(S))

Plaintiff-Appellant, or
Plaintiff-Respondent,

v.

Joanne Couvrette Defendant-Appellant
(LINE 2- NAME OF DEFENDANT(S))

Defendant-Respondent. or
Defendant-Appellant.

Jackson             County Case Number        23PB01717     .
(CIRCUIT COURT NAME)                          (CIRCUIT COURT NUMBER)

**NOTICE OF APPEAL**

**1.**

(a) Joanne Couvrette        hereby gives notice of appeal from the judgment entered on

(b) September 11, 2024      , by Judge (c) Charles Kochlacs              in (d) Jackson        

County Circuit Court.

**2.**

The parties to this appeal are:
Appellant(s) : Joanne Couvrette, 619-750-8509 13274 Jacarte Court, San Diego, CA 92130
YOUR NAME, ADDRESS, and PHONE NUMBER (and EMAIL ADDRESS if you agree to receive all court correspondences by email)
jcouvrette@sbcglobal.net

Respondent(s): Mark Wisnovsky 25 Vintage Circle, Jacksonville, OR  97530
Mike Wisnovsky 2248 Dellwood Ave, Medford. OR  97504
(NAME and ADDRESS)

**3.**

If the respondent (on appeal) is represented by counsel, provide the name, bar number, and
address of the respondent's attorney:

ATTORNEY FOR RESPONDENT:                    ATTORNEY FOR RESPONDENT:
Respondent's name Type text here           Respondent's name_____
Attorney's name_____               Attorney's name_____
Bar #_____                         Bar #_____
Address_____                       Address_____
_____                              _____
_____                              _____
_____                              _____

Exhibit 11
Page 39 of 42

**4.**

INDICATE YOUR DESIGNATION OF RECORD

☐    Appellant designates the record in its entirety, up to and including the date on which the challenged decision was entered. Therefore, in addition to the trial court file, appellant designates all exhibits submitted, and the record of all oral proceedings that occurred, during that time period.

☒    In addition to the trial court file, appellant designates only the following portions of the record:

    ☐    Trial court file only. No exhibits and no oral proceedings.

    ☒    All exhibits.

    ☐    The record of only the following oral proceedings:_____

---

**5.**

COMPLETE ONLY IF LESS THAN THE ENTIRE TRIAL COURT
RECORD IS DESIGNATED IN PARAGRAPH 4 ABOVE

Appellant intends to rely upon the following points:

Appeal of Denial of Joanne Couvrette's Motion to Request the Court take Judicial Notice of San Diego Superior Court Order relying upon ORS 40.065 Rule 201 (b) Kinds of Facts and ORS 40.070 "A Court Shall take judicial Notice if requested by a party and it is supplied with the necessary information." Appellant has filed a Motion to Dismiss that cites the California Superior Court Probate Order identifying the Principal Place of Administration of the Trust, the Proper Venue for the proceedings, the Qualified Beneficiaries, and Trustees.

**6.**

This appeal is timely and otherwise properly filed before the Court of Appeals because:
The Order Denying the Motion was issued on September 11, 2024.

_____

_____

**7.**

Attached to this notice of appeal is a copy of the judgment being appealed from. Also attached are copies of any other orders pertinent to determining appellate jurisdiction.

DATE:___September 25, 2024_____ SIGNATURE:_____

PAGE 1, Notice of Appeal Joanne Couvrette, Appellant

Exhibit 11
Page 40 of 42

## CERTIFICATE OF FILING

I certify that on September 25, 2024 DATE, I filed the original of the notice of appeal with the State Court Administrator at the following address:

**ATTN: Records Section**
**State Court Administrator**
**Supreme Court Building**
**1163 State Street**
**Salem, OR   97301-2563**

by the following method of filing:

INDICATE METHOD OF FILING

☐    United States Postal Service, ordinary first class mail.

☒    United State Postal Service, certified or registered mail, return receipt requested.

☐    Hand delivery

☐    Electronic Filing through the court's eFiling system

☐    Other (specify):_____

## CERTIFICATE OF SERVICE

I certify that on  September 25, 2024 _____ (DATE), I served a true copy of the notice of appeal to the following parties at the addresses set forth below.   **NOTE:**   If an address is not already provided below then you must fill in the address for each party that you serve.   If no address is present then the court will assume that you did not serve that party.

Mark Wisnovsky 25 Vintage Circle, Jacksonville, OR  97530
**RESPONDENT:** NAME AND ADDRESS Mike Wisnovsky 2248 Dellwood Ave, Medford, OR  97504
US MAIL, RETURN RECEIPT

**TRIAL COURT ADMINISTRATOR:** TRIAL COURT ADDRESS 100 S. Oakdale Avenue Medford Oregon 97501
HAND DELIVERY

**TRANSCRIPT COORDINATOR:** TRIAL COURT ADDRESS 100 S. Oakdale Avenue Medford Oregon 97501
HAND DELIVERY

**OTHER PARTIES:** NAME AND ADDRESS Robert Wisnovsky, 2112 La Corta, Medford Oregon 97501
US MAIL, RETURN RECEIPT

by the following method of service:

INDICATE METHOD OF SERVICE

☐    United States Postal Service, ordinary first class mail.

☒    United State Postal Service, certified or registered mail, return receipt requested.   To Respondents, Other Party

☒    Hand delivery To Trial Court

☐    Electronic Filing through the court's eFiling system

☐    Other (specify):_____

**DATE:** September 25, 2024 _____    **SIGNATURE:**_____

PAGE 2, Notice of Appeal Joanne Couvrette, Appellant

Exhibit 11
Page 41 of 42

## DECLARATION OF SERVICE

I certify that on December 30, 2024, I served:

1) **APPELLANT'S RESPONSE TO THE PETITIONER-RESPONDENT'S MOTION TO DISMISS**
2) **DECLARATION OF SERVICE OF APPELLANT'S RESPONSE TO THE PETITIONER-RESPONDENT'S MOTION TO DISMISS**

to:

James Dole Via Oregon Appellate eFile

Brooks Foster
Chenowith Law
510 S. W. 5th Avenue, 4th Floor
Portland, OR  97204

I served these documents by mailing to the above parties a true copy thereof, certified by me as such, contained in a sealed envelope, with postage paid, addressed to said parties at their last known address and deposited it in the Post Office in Del Mar, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on this December 30, 2024 in San Diego, California.

Exhibit 11
Page 42 of 42