FILED    May 13, 2025 03:43 PM Appellate Court Records

# IN THE COURT OF APPEALS OF THE STATE OF OREGON

| | | |
|---|---|---|
| JOANNE COUVRETTE, | ) | |
| Respondent-Appellant, | ) | Jackson County Circuit Court No. |
| | ) | 24PT01717 |
| | ) | |
| v. | ) | |
| | ) | Oregon Court of Appeals Case: A185549 |
| MARK AND MIKE WISNOVSKY, | ) | |
| | ) | |
| Petitioners-Respondents | ) | |

---

## APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION FOR ATTORNEY FEES

Appeal from the Denial of Motion for Judicial Notice
IN THE MATTER OF THE ANN M. WISNOVSKY TRUST
by the Circuit Court for Jackson County
The Honorable Charles Kochlacs

**Joanne Couvrette** (Pro Se Respondent-Appellant)
13274 Jacarte Court
San Diego, CA 92130
Telephone: 619-750-8509
Email: jcouvrette@sbcglobal.net

Brooks Foster
Chenowith Law
510 S. W. 5th Avenue, 4th Floor
Portland, OR  97204
503-221-2182, bfoster@chenowethlaw.com
Attorney for Petitioner-Respondent

James Dole
Watkinson Laird Rubenstein
1246 NE 7th Street, Suite B
Grants Pass, OR  97526
541-484-2282, jdole@wrlaw.com
Attorney for Petitioner-Respondent

1

**APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION FOR ATTORNEY FEES**

Exhibit 12
Page 1 of 11

## I. INTRODUCTION AND PROCEDURAL HISTORY

Petitioners' request for attorney fees must be denied because the underlying matter is moot and was initiated by parties without standing. The California Superior Court conclusively accepted Appellant Joanne Couvrette's resignation as trustee of the Ann M. Wisnovsky Trust and appointed California-based successor trustees. These dispositive rulings are final and unappealable, leaving no live controversy as to trustee removal. (See 12/30/24 Couvrette Decl., ¶¶ 1, 4, 23; see also California Order, ER-3, Appellant's Opening Brief)

Although originally drafted in Oregon, the Trust has always been administered from San Diego County, California. The settlor, Ann M. Wisnovsky, was domiciled in California for the last four years of her life, and the Trust owns no real property in Oregon. (Id. ¶¶ 17–18, 20.) Petitioners' only connection to Oregon is their personal residence. The San Diego Superior Court's June 6, 2024 Order determined that the only qualified beneficiaries are Joanne Couvrette and Robert Wisnovsky. (See 12/30/24 Couvrette Decl., ¶ 7; see also California Order, ER-3, Appellant's Opening Brief) Mark and Mike Wisnovsky are not beneficiaries and therefore lacked standing to initiate or maintain any action to remove a trustee under ORS 130.100 or California Probate Code §15800.

Petitioners were served with notice of administration under California Probate Code §16061.7 and were notified of Appellant's resignation and the petition for confirmation of successor trustees, which included a request for appointment of Anna Couvrette and Vigilare Wealth. They chose not to appear. Their proposed alternate trustee, Suzanne Mendelson, was rejected by the California court for lacking the fiduciary qualifications required under California law. (See 12/30/24 Couvrette Decl., ¶ 16.) Despite this, they failed to amend their Oregon petition or dismiss their claims, knowingly continuing to pursue litigation in a court with no jurisdiction.

2

**APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION FOR ATTORNEY FEES**

Exhibit 12
Page 2 of 11

Appellant's interlocutory appeal followed the Oregon trial court's denial of judicial notice of the California orders. That request for judicial notice was well-grounded under Oregon Evidence Code Rule 201 and the Full Faith and Credit Clause. As this Court held in *Crandon Capital Partners v. Shelk*, 181 Or. App. 139 (2002), once a matter becomes moot, the court lacks authority to issue any ruling other than dismissal, including awarding attorney fees. See also *Kay v. David Douglas Sch. Dist. No. 40*, 303 Or. 574 (1987), *cert. denied*, 484 U.S. 1032 (1988).

Here, the resignation of Joanne Couvrette as trustee, approved by a court of competent jurisdiction, rendered the Jackson County petition legally unavailable and moot. Once Petitioners were notified of this resignation and the California Court's order, there was no further order the Oregon Court could issue in the case against Couvrette individually. (12/30/24 Couvrette Decl., ¶¶ 1, 4, 23; see also California Order, ER-3, Appellant's Opening Brief)

Petitioners' continued prosecution of the Jackson County petition—which sought both Couvrette's removal and the appointment of a replacement trustee—was nullified by the June 6, 2024 San Diego Superior Court order. That order expressly found that San Diego County was the Principal Place of Administration of the Ann M. Wisnovsky Trust and confirmed the proper trustees and beneficiaries. (Id. ¶ 20.) Petitioners were further placed on notice of these proceedings in May 2024, when Appellant filed a declaration in the underlying Oregon case attaching the California petition for approval of resignation and successor trustee appointments. (See Respondent's Declaration in Support of Reply to Response to Dismiss, May 9, 2024, ER-7.)

## II. THE INTERLOCUTORY APPEAL WAS NOT FRIVOLOUS OR IN BAD FAITH

### A. The Appeal Was Based on a Substantial Right and Sought to Prevent Improper Litigation

Appellant's interlocutory appeal was grounded in her good faith belief that the denial of judicial notice by the Oregon Circuit Court impaired her substantial rights. The California Superior Court's June 6,

**APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION FOR ATTORNEY FEES**

Exhibit 12
Page 3 of 11

2024, orders approved her resignation as trustee and confirmed the appointed successor trustees Anna Couvrette and Vigilare Wealth as co-trustees. These orders conclusively resolved any question about the Trust's administration and rendered the Oregon Trustee Removal petition moot. The case should have been dismissed by the Court or Petitioners-Respondents at that moment. There was no longer a practicable order that could be made by the Court, and the matter was moot. (See 12/30/24 Couvrette Decl., ¶¶ 4, 23; California Order, ER-3.)

Appellant's interlocutory appeal was filed to correct the Oregon Circuit Court's refusal to take judicial notice of dispositive California court orders. The appeal was not frivolous, it was a good faith attempt to prevent further proceedings in a forum that lacked both subject matter and personal jurisdiction.

While the appeal was ultimately dismissed as premature, it was rooted in sound procedural concerns. Appellant had formally resigned, been succeeded by California-based trustees approved by court order and provided Petitioners with those orders on multiple occasions. Appellant's reasonable belief that continued proceedings in Oregon would impose unnecessary burdens on the courts and parties fully justified her limited appeal.

Appellant is no longer the trustee. The Trust is not a party to the Jackson County Case, as the sole respondent is Appellant. The California court's rulings—unopposed by Petitioners—made that status official and binding. Yet the Oregon court continued to treat her as a necessary party and refused to dismiss her. Petitioners, meanwhile, ignored Appellant's repeated efforts to secure a stipulated dismissal. On July 17, 2024, she formally requested dismissal by email, attaching a notarized copy of her resignation and a copy of the California court's order. (See 12/30/24 Couvrette Decl., ¶ 11; California Order, ER-3.) Petitioners' counsel acknowledged receipt but refused to stipulate. Appellant followed up again on December 6, 2024, and received no reply. (Id. ¶ 12.)

**B. Petitioners' Refusal to Dismiss Rendered the Appeal Necessary**

**APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION FOR ATTORNEY FEES**

4

Exhibit 12
Page 4 of 11

The record demonstrates that Appellant took reasonable steps to exit the litigation. Her resignation had already been accepted by the only court with jurisdiction over the Trust. Petitioners' refusal to dismiss the case, despite being provided with dispositive documentation, necessitated the appeal. Their continued pursuit of a removal petition against a former trustee made it impossible for Appellant to avoid further litigation in Oregon without seeking appellate intervention. It is objectively unreasonable to continue litigation to remove someone as trustee when they are NOT the trustee.

These circumstances do not reflect bad faith; they reflect precisely the sort of procedural impasse that warrants appellate review. Petitioners' reliance on unrelated correspondence from Appellant's brother does not change that. Appellant has acted independently, as confirmed in her sworn declaration (see 12/30/24 Couvrette Decl., ¶ 6), and there is no legal basis to impute third-party conduct to her for purposes of ORS 20.105.

**C. Petitioners' Broader Pattern of Intra-Family Conflict Further Justifies Appellant's Appeal**

Petitioners Mark and Mike Wisnovsky are the Defendants in a $12 million lawsuit for elder abuse against their mother, Ann M. Wisnovsky. Their effort to remove Couvrette as trustee was a strategic attempt to gain procedural leverage in that case and potentially cause dismissal of the elder abuse claims.

They objected to the San Diego Superior Court's appointment of either Couvrette or a California fiduciary as personal representative of the Estate and sought instead to appoint Oregon fiduciary Suzanne Mendelson. The San Diego Court rejected this request, finding that Mendelson did not meet California fiduciary standards. Despite that ruling, Petitioners never amended their Jackson County petition and continued to pursue claims against Couvrette individually more than a year after the Probate Court denied their Motion to appoint Mendelson.

Petitioners have also demonstrated a broader pattern of intra-family disputes and extrajudicial conduct that underscores their intent to pursue personal agendas through litigation (See Respondent's

5

**APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION FOR ATTORNEY FEES**

Exhibit 12
Page 5 of 11

Declaration in Support of Reply to Response to Dismiss, May 9, 2024, ER-7, ¶ 10-13.) These incidents are emblematic of Petitioners' willingness to escalate private disputes through misinformation and procedural misuse.

This pattern of vexatious intra-family conflict supports Appellant's position that her appeal was necessary to extricate herself from meritless proceedings in a forum that lacks jurisdiction. As Appellant's declaration notes, Petitioners "continue to pursue litigation that lacks any live controversy, imposing unnecessary burdens on the courts and parties involved." (12/30/24 Couvrette Decl., ¶ 17.) Her appeal was a good faith effort to enforce judicial economy and exit a proceeding that no longer served any legitimate legal purpose.

## III. ATTORNEY FEES REQUEST

### A. Moot Case Precludes Attorney Fees

Petitioners' request for attorney fees must be denied because the underlying case became moot upon Appellant's resignation, which was approved by the California Superior Court. That resignation, together with the appointment of successor trustees, resolved all live controversies related to the administration of the Ann M. Wisnovsky Trust.

Oregon law is clear: when a case is moot, courts lose jurisdiction not only to decide the merits, but also to award attorney fees. In *Crandon Capital Partners v. Shelk*, 181 Or. App. 139, 145–47, 45 P.3d 463 (2002), the Court of Appeals reaffirmed that once a case becomes moot the trial court loses its authority to decide the merits of the case or to award attorney fees. See also *Kay v. David Douglas Sch. Dist. No. 40*, 303 Or. 574, 738 P.2d 1389 (1987); *Tanner v. OHSU*, 161 Or. App. 129, 981 P.2d 499 (1999); *Safeway, Inc. v. OPEU*, 152 Or. App. 349, 954 P.2d 196 (1998).

Here, Petitioners' removal petition is directed at a former trustee who no longer holds office and who was lawfully succeeded under final California court orders. Petitioners' continued attempts to litigate

**APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION FOR ATTORNEY FEES**

Exhibit 12
Page 6 of 11

this issue—and seek fees based on that litigation—have no legal basis. Appellant's declaration (12/30/24 Decl. ¶¶ 4, 18, 23) confirms that the resignation was completed, court-approved, and acknowledged long before Petitioners moved for fees. Notably, Petitioners never responded to Appellant's follow-up email dated December 6, 2024 requesting a stipulated dismissal, which would have avoided additional attorney fees. (Id. ¶ 12.)

The Oregon Supreme Court in *Brumnett v. PSRB*, 315 Or. 402, 406, 848 P.2d 1194 (1993), emphasized that when any decision of the trial court would no longer have a practical effect on or concerning the rights of the parties, the matter is moot, and the court must dismiss. That is precisely the situation here. The lack of any justiciable controversy precludes the Court from awarding fees.

**B. Petitioners Are Not Statutorily Entitled to Attorney Fees Under Trust Law**

Petitioners assert that they should recover fees under ORS 130.815, which governs attorney fees in trust administration proceedings. But Petitioners are not beneficiaries. The California Superior Court's June 6, 2024 order expressly found that the beneficiaries of the Trust are Joanne Couvrette and Robert Wisnovsky. (See California Order, ER-3.)

Petitioners' status as non-beneficiaries strips them of any statutory basis to claim attorney fees under ORS 130.815. Oregon law does not permit fee recovery under that statute by parties without standing to participate in trust administration proceedings. Fee-shifting provisions must be narrowly construed and cannot be invoked by litigants who have no beneficial interest in the trust.

Petitioners were properly notified that the proper venue for Trust proceedings was the San Diego Superior Court, and that they had 120 days to contest the Trust. They did not do so. (See Respondent's Declaration in Support of Reply to Response to Dismiss, May 9, 2024, ER-7, ¶ 27, Ex. 6)

**C. Petitioners' "De Facto Contingency" Argument Fails as a Matter of Law**

**APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION FOR ATTORNEY FEES**

Exhibit 12
Page 7 of 11

Petitioners state that they have not paid all their attorneys' hourly bills and that the case has become a "de facto contingency" arrangement. But this has no bearing on statutory entitlement to fees. Oregon courts have made clear that fee awards must be grounded in statute or rule, not on a party's private fee agreement. See *Crandon Capital Partners v. Shelk*, 181 Or. App. at 145 (statutory authority required). A party's financial arrangement with counsel—whether hourly, contingent, or unpaid—does not entitle them to a fee award under ORS 20.105 or ORS 130.815. Fee‑shifting statutes are strictly construed and must be applied based on legal entitlement, not private hardship or billing status.

**D. Appellant's Actions Were Reasonable and in Good Faith**

Petitioners' assertion that Appellant acted frivolously or in bad faith is not only incorrect—it is contradicted by the record. Appellant's Declaration filed December 30, 2024, demonstrates that she acted reasonably and in good faith throughout these proceedings:

1. She resigned as Trustee, and the California Superior Court accepted that resignation and confirmed the appointed successor trustees. (Decl. ¶¶ 4, 23.)

2. She attempted to resolve the matter through fair settlement proposals and requested dismissal. (Decl. ¶¶ 8–12.)

3. She distanced herself from unrelated communications made by her brother, which Petitioners have attempted to mischaracterize. (Decl. ¶ 6.)

4. She faced procedural barriers as a pro se litigant, including difficulties accessing the eFiling system. (Decl. ¶¶ 19, 21.)

5. She repeatedly sought to end litigation, minimize judicial burden, and conserve resources. (Decl. ¶¶ 5, 17.)

These actions demonstrate diligence, transparency, and a commitment to judicial efficiency—not bad faith. Petitioners' fee request is not supported by law or fact and must be denied.

8

**APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION FOR ATTORNEY FEES**

Exhibit 12
Page 8 of 11

**E. No Judicial Finding of Bad Faith and No Admissible Evidence**

ORS 20.105(1) provides that a court may award attorney fees against a party only "upon a finding" that the party acted in bad faith, wantonly, or solely for oppressive reasons, or pursued a claim or appeal "without an objectively reasonable basis and with the intent to harass or injure."

No such finding was made by the Oregon Circuit Court or by this Court. To the contrary, in its February 3, 2025 Order dismissing the interlocutory appeal, this Court stated:

> "Respondents request the court 'order Appellant to pay Respondents' reasonable attorney fees... pursuant to ORS 20.105.' That request is not filed in compliance with ORAP 13.10 and, therefore, the court takes no action on it at this time."

Now, Petitioners reassert the same request under ORAP 13.10, but they still fail to present any admissible evidence of bad faith. Mere attorney argument or reference to unrelated correspondence is insufficient to satisfy the standard under *Mattiza v. Foster*, 311 Or. 1, 9–10, 803 P.2d 723 (1990), which requires evidence of a purpose of delay or harassment or a claim entirely devoid of legal or factual support.

As discussed in *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or. 84, 95 (1998), the Court further explains Mattiza:

> "In Mattiza v. Foster, 311 Or 1, 8, 803 P2d 723 (1990), this court stated: '[W]e conclude that, for purposes of ORS 20.105(1), a claim, defense, or ground for appeal or review is meritless when it is entirely devoid of legal or factual support at the time it was made. A failure to prevail does not, alone, render a party's position meritless or even suggest that it is. See Christianburg, [434 US at 421] * * * ('[T]he term "meritless" is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case.').' "

To support a finding under ORS 20.105, Petitioners would have needed to offer:

- Sworn testimony or declarations showing Appellant intended to harass

- Court orders explicitly finding that her position was frivolous

- Evidence contradicting her procedural conduct or claims

9

**APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION FOR ATTORNEY FEES**

Exhibit 12
Page 9 of 11

They have offered none. On the contrary, the record (Couvrette Decl. ¶¶ 4, 5, 8–12, 17, 23) shows that Appellant took deliberate steps to resign, withdraw, and avoid litigation. Her reliance on jurisdictional orders and Full Faith and Credit was well grounded.

As the Oregon Supreme Court explained in *Mattiza*, 'bad faith' is the assertion of a claim, defense, or ground for appeal or review, the primary aim of which is something other than the procurement of the fair adjudication of an authentic claim. 311 Or. at 10. Petitioners have not demonstrated that Appellant's appeal was filed for any such improper purpose. Their motion lacks both factual foundation and legal merit and must be denied.

## F. Petitioners' Fee Request Is Duplicative and Excessive

Finally, even if the Court were to consider a fee award—which it should not—the amount sought is unreasonable. Petitioners claim over $15,000 in fees, much of it for tasks involving multiple attorneys reviewing or duplicating each other's work. There is a significant overlap in time entries, and the legal issue was limited to whether Appellant's interlocutory appeal of a denial of judicial notice was procedurally appropriate.

The fact that the case was dismissed without a decision on the merits further weighs against any large fee award. Petitioners' counsel expended substantial time to oppose an appeal they should have recognized as arising from their own refusal to dismiss a moot case. Fee shifting is not intended to reward parties for prolonging litigation. Facing a self-represented party, moreover, should reduce—not increase—the necessity for attorney involvement. Appellant was not an opponent on equal procedural footing, and the extensive fees incurred reflect an unnecessary overreaction rather than a proportionate legal response.

For all these reasons, Petitioners' fee motion must be denied in its entirety.

## IV. CONCLUSION

10

**APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION FOR ATTORNEY FEES**

Exhibit 12
Page 10 of 11

Petitioners' motion for attorney fees should be denied. The underlying case is moot, as the California Superior Court has conclusively accepted Appellant's resignation and appointed successor trustees. Petitioners were served notice of administration in California and failed to pursue any remedy in the proper forum. Instead, they chose to continue litigating in a court that lacks jurisdiction over the Trust and over Appellant, who is no longer a trustee.

Petitioners request findings under ORAP 13.10(7), but the record does not support any such findings in their favor. There has been no evidentiary hearing, no live testimony, and no prior ruling by either this Court or the Circuit Court finding bad faith, wantonness, or objectively unreasonable conduct by Appellant. The request for findings under ORAP 13.10(7) cannot substitute for the evidentiary showing required by ORS 20.105(1). Findings must be based on an evidentiary record—not merely attorney argument.

Appellant's interlocutory appeal was a reasonable and good-faith effort to prevent unnecessary litigation in Oregon and to uphold binding, dispositive California orders. No finding of bad faith has been made by any court, and Petitioners have failed to present admissible evidence to support such a finding now. Under Oregon law, including *Crandon Capital Partners v. Shelk* and *Mattiza v. Foster*, courts may not award fees in a moot proceeding or absent a clear finding that the party acted in bad faith.

Petitioners' request is legally improper, factually unsupported, and should be denied in its entirety.

Respectfully submitted,

_____

Joanne Couvrette
Pro Se Respondent-Appellant

11

**APPELLANT'S RESPONSE TO THE PETITIONERS-RESPONDENTS MOTION FOR ATTORNEY FEES**

Exhibit 12
Page 11 of 11