**Sandra S. Gustitus, OSB No. 143298**
Email: sgustitus@chenowethlaw.com
**Bradley T. Crittenden, OSB No. 173274**
Email: bcrittenden@chenowethlaw.com
Chenoweth Law Group, P.C.
510 SW Fifth Avenue, Fifth Floor
Portland, OR 97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

**James R. Dole, OSB No. 892272**
Email: jdole@wlrlaw.com
Watkinson Laird Rubenstein, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282

Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, as trustee of the Ann M. Wisnovsky Trust; and WISNOVSKY LAND, LLC,<br><br>                                    Plaintiffs,<br><br>    v.<br><br>MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; PATRICK HUYCKE, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation; JARVIS, DREYER, GLATTE & LARSEN, LLP, an Oregon partnership, fka Huycke O'Connor Jarvis, LLP,<br><br>                                    Defendants. | Case No. 1:21-CV-00157-CL<br><br>**DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S BILL OF COSTS AND REASONABLE ATTORNEY FEES** |

Page 1 -    **DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S BILL OF COSTS AND REASONABLE ATTORNEY FEES**

The Court's December 12, 2025 *Opinion and Order* (ECF No. 215) orders Defendants Mark A. Wisnovsky, Michael J. Wisnovsky, and Valley View Winery, Inc., (collectively, "Defendants") "to submit a bill of costs and reasonable attorney's fees supported by affidavits or declarations within 14 days [,]" or by December 26, 2025. ECF No. 215 at 28. The order further states, "Defendants are entitled to an award of reasonable attorney's fees and other expenses directly resulting from Plaintiffs' and their attorneys' violations of the Federal and Local Rules, dating back to Plaintiffs' January 31, 2025, motion for summary judgment (ECF No. 142)." *Id.*

In accordance with the Court's order, Defendants submit this *Bill of Costs and Reasonable Attorney Fees* that seeks an award of attorney fees in the amount of $225,185.50 for work Defendants' counsel performed as a direct result of Plaintiffs' and their attorneys' violations of the Federal and Local Rules, from January 31, 2025, to December 25, 2025. Defendants did not incur any recoverable costs from January 31, 2025, to December 25, 2025. Defendants therefore seek only an award of attorney fees in the amount of $225,185.50.

This bill of fees is supported by the accompanying *Declaration of Bradley T. Crittenden (Dec. 26, 2025)* ("Crittenden Decl.") and Exhibits 1 through 7.

## I.    LEGAL STANDARDS

When a district court awards attorney fees as part of a sanction remedy, the court "must perform a two-step process to determine the reasonableness of any fee award." *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 522 (C.D. Cal. 2022) (citing *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)).

The court first determines the "lodestar figure [,]" which "'is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Id.* (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)). In the Ninth Circuit, "[t]here is a strong presumption that the lodestar represents a reasonable fee.'" *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996).

After determining the lodestar figure, the court "may adjust the lodestar amount based on several factors adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), known as the *Kerr* factors:"

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*RG Abrams*, 342 F.R.D. at 522–23 (quoting *Kerr*, 526 F.2d at 70). "Under the lodestar approach, many of the *Kerr* factors have been subsumed as a matter of law." *Morales*, 96 F.3d at 363 n.8. The *Kerr* factors "subsumed within the initial lodestar calculation are the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, the results obtained in the action, and the contingent nature of the fee agreement." *RG Abrams*, 342 F.R.D. at 523 (citing *Morales*, 96 F.3d at 364 n.9). "There is no need to rigidly apply the factors set forth in *Kerr*, . . . but the court must make some evaluation of the fee breakdown submitted by counsel." *Matter of Yagman*, 796 F.2d 1165, 1185 (9th Cir. 1986).

## II.    SUMMARY OF REQUESTED FEES

Defendants request an award of reasonable attorney fees for legal services related to this matter from January 31, 2025, through December 25, 2025, in the total amount of $225,185.50. Exhibit 1 attached to the Crittenden Declaration shows detailed billing entries, time spent on each task, and the requested hourly rates for Defendants' attorneys and legal professionals in this lawsuit.  Exhibit 1 is summarized as follows:

| Name | Position | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Brooks Foster | Attorney | $660 | 74.6 | $49,236.00 |
| Sandra Gustitus | Attorney | $540 | 39.6 | $21,384.00 |
| Bradley Crittenden | Attorney | $485 | 235.0 | $113,975.00 |
| Jonathan Edwards | Attorney | $485 | 77.8 | $37,733.00 |
| Jami Asay | Paralegal | $185 | 12.0 | $2,220.00 |
| Claire Coren | Legal Assistant | $125 | 5.1 | $637.50 |
| **Total** | | | **444.1** | **$225,185.50** |

## III.    LEGAL ARGUMENT

**A.    Defendants' Requested Hourly Rates Are Reasonable.**

District courts determine whether the requested hourly rate is reasonable for purposes of a fee award by ensuring "the requested rates 'are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *RG*

*Abrams Ins.*, 342 F.R.D. at 523–24 (quoting *Blum v. Stevenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.E.2d 891 (1984)); *see also Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (holding party seeking fees bears burden of proving hourly rate "is in line with the 'prevailing market rate of the relevant community'").

The "relevant community" is typically "the forum in which the district court sits." *Id.* (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). "However, rates outside the forum may be used 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization to handle properly the case.'" *Barjon*, 132 F.3d at 500 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)). Here, the relevant community should be Portland because Defendants were unable to find local counsel to defend them in this lawsuit and were forced to seek counsel located in Portland, *viz.*, Chenoweth Law Group, PC ("CLG"). Crittenden Decl. ¶ 3. Additionally, Plaintiffs were represented by two law firms located in Portland and one attorney located in southern California, which bolsters the conclusion that the relevant community is Portland.

Brooks Foster, Sandra Gustitus, and Bradley Crittenden served as Defendants' attorneys of record between January 31, 2025, and the time of filing this bill of costs and fees. *Id.* ¶ 6. Mr. Foster has been a full-time, private-practice civil litigator for over 21 years. *Id.* ¶ 7. He has successfully litigated cases in Oregon and Washington state and federal trial and appellate courts. *Id.* Ms. Gustitus has been a full-time, private-practice civil litigator for over 11 years. *Id.* ¶ 8. She has successfully litigated cases in Oregon and Washington state and federal trial courts. *Id.* Mr. Crittenden has been a full-time, private-practice civil litigator for over eight years, practicing

in Oregon state and federal trial and appellate courts.  Crittenden Decl. ¶ 9.  Attorney Jonathan Edwards also performed legal services in this matter on Defendants' behalf between January 31, 2025, and the time of filing this bill of costs and fees.  *Id.* ¶ 10.  Mr. Edwards has been a full-time attorney for over 13 years, practicing in Oregon, Washington, and South Carolina state and federal trial courts; however, with respect to Mr. Edwards, Defendants are seeking an hourly fee based on his three years of experience practicing Oregon law.  *Id.*  The résumés for those four attorneys are attached to the Crittenden Declaration.  Crittenden Decl. ¶¶ 7–10, Exs. 2–5.

The foregoing attorneys are, or were at the time they performed their work, employed by Chenoweth Law Group, PC, which is based in downtown Portland.  Crittenden Decl. ¶ 11. Judge Van Dyke of Clackamas County Circuit Court previously found that "Chenoweth Law Group, PC" and its attorneys "are well regarded in this community and well qualified."  *Id.*, Ex. 6 at 3:23–24.

The *Oregon State Bar 2022 Economic Survey* ("2022 OSB Survey"), attached as Exhibit 7, reports data about hourly rates charged by Oregon attorneys in 2021.  Crittenden Decl. ¶ 12, Ex. 7 at 26.  The 2022 OSB Survey is the most recent economic survey published by the Oregon State Bar and is well recognized as the "initial benchmark" for determining reasonable hourly rates.  *Roberts v. Interstate Distributor Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002).

The 2021 data reported in the 2022 OSB Survey shows a mean rate of $447 for attorneys like Mr. Foster with 21 years of experience, a mean rate of $379 for attorneys like Ms. Gustitus with 11 years of experience, a mean rate of $339 for attorneys like Mr. Crittenden with 8 years of experience, and a mean rate of $310 for attorneys like Mr. Edwards with 3 years of experience practicing Oregon law.  Ex. 7 at 42–43.  The reasonableness of those rates is reinforced by the

mean rate for civil litigation non-insurance defense attorneys of $442 and the median rate of $420 for "general" practitioners in downtown Portland. *Id.* at 44, 46.

The 2022 OSB Survey provides the mean rate, median rate, and 95th percentile of hourly rates based on rates reported by attorneys in 2021. The 2022 OSB Survey differs from the 2017 OSB Survey in that the latter survey also provided a 75th percentile, whereas the 2022 OSB Survey does not. Oregon courts have often held, however, that the 75th percentile provides a presumptively reasonable rate. *See, e.g.*, *Garcia v. Waterfall Community Health Center, Inc.*, No. 6:20–cv–1800–MC, 2022 WL 4087905, at *2 (D. Or. Sep. 6, 2022) ("Oregon courts consider the Oregon State Bar Economic Survey's 75th percentile hourly rate to be an appropriate standard for measuring attorney fee requests."); *Brady Mktg. Co. v. Kai U.S.A. Ltd.*, No. 3:16–cv–1878–MO, 2018 WL 3377083, at *3 (D. Or. July 11, 2018) ("[T]he usual practice of this district" is to "award the 75th percentile rate[.]").

Because the 75th percentile is not provided in the 2022 OSB Survey, the District of Oregon has approved of a method of back-calculating rates at the 75th percentile and adjusting those rates for inflation based on an assumption of three data points: $0 as the minimum, the median rate as the 50th percentile, and the 95th percentile as the maximum. *Tozer v. City of Portland*, Case No. 3:22–cv–01336–AN, 2023 WL 8295886, at *2–3 (D. Or. Nov. 30, 2023). Applying that methodology here, the following rates are the approximate back-calculated 75th percentile rates in 2021 for Defendants' attorneys:

  a. $575 for Mr. Foster;

  b. $470 for Ms. Gustitus;

  c. $420 for Mr. Crittenden; and

Page 7 -    **DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S BILL OF COSTS AND REASONABLE ATTORNEY FEES**

    d.   $420 for Mr. Edwards.[1]

Parties may seek higher rates than what an OSB Survey indicates, based on "inflation, specialty, or any number of other factors." *Fredrickson v. Consol. Supply Corp.*, No. 05-CV-1704-BR, 2006 WL 752587, at *3 (D. Or. 2006). In *Fredrickson*, the court added a 3% inflation factor per year to account for the four-year-old data in the OSB Survey. *Id.*

Applying that same standard here, it is reasonable and appropriate to account for the inflation that occurred since December 2021 (when the survey data was collected for the 2022 OSB Survey) and December 2025 (when this fee bill is being submitted).

The CPI Inflation Calculator provided by the U.S. Bureau of Labor Statistics shows that the buying power of $1.00 in January 2022 has the same buying power as $1.15 in November 2025 (the last month for which inflation data is available at the time of filing this fee bill).[2] Thus, a rate of inflation of 15% occurred between January 2022 and November 2025.

The back-calculated 75th percentile rates stated above should therefore be increased by 15% to account for inflation and the time-value of money. Doing so increases the hourly rates for Defendants' attorneys to the approximate rates:

    a.   $660 for Mr. Foster;

    b.   $540 for Ms. Gustitus;

    c.   $485 for Mr. Crittenden; and

    d.   $485 for Mr. Edwards.

---

[1] Those rates were calculated by using two independent percentile calculators, namely, the "PERCENTILE.INC" function in Excel and the calculator available at https://www.calculatorsoup.com/calculators/statistics/percentile-calculator.php (last visited Dec. 26, 2025).

[2] *CPI Inflation Calculator*, US Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm (last visited Dec. 26, 2025).

The foregoing rates are lower than the 2021 rates at the 95th percentile for Portland-based attorneys with similar levels of experience, as established by the 2022 OSB Survey.  Crittenden Decl. ¶ 12, Ex. 7 at 42–43.

CLG's attorneys worked with a great team of CLG legal professionals on this matter, and the value of their work should be recognized.  In 2014, the District of Oregon deemed $230 per hour to be a reasonable hourly rate for a litigation paralegal.  *United States v. W. Radio Servs. Co.*, No. 3:11-CV-00638-SI, 2014 WL 1281050, at *5 (D. Or. Mar. 27, 2014), *aff'd sub nom United States v. W. Radio Servs. Co., Inc.*, 671 F. Appx. 460 (9th Cir. 2016).  Defendants seek $185 per hour for work performed by paralegal Jami Asay and $125 per hour for work performed by legal assistant Claire Coren.  Those are their standard billing rates that CLG charges for their services, which are reasonable given that $230 was a reasonable hourly rate for an Oregon paralegal in 2014.  Crittenden Decl. ¶ 13.

The paralegal work performed on this matter by Ms. Asay and the legal assistant work performed on this matter by Ms. Coren was reasonable and necessary and consistent with CLG's general practices for delegating work to paralegals and legal assistants to reduce the amount of work and fees charged by attorneys.  *Id.* ¶ 14.

The foregoing rates are reasonable rates for legal services provided by the attorneys, paralegal, and legal assistant employed by CLG.  Their rates are consistent with reasonable market rates charged by Portland law firms for comparable professionals performing similar legal services.  Their experience, reputations, and abilities also support the reasonableness of the rates charged.

**B.      The Hours for Which Defendants Seek Compensation Were Reasonably Spent.**

Defendants seek compensation for the following hours from January 31, 2025, to December 25, 2025, related to the parties' summary judgment briefs and the sanctions proceedings:

  a.  74.6 hours for attorney Brooks Foster;

  b.  39.6 hours for attorney Sandra Gustitus;

  c.  235 hours for attorney Bradley Crittenden;

  d.  77.8 hours for attorney Jonathan Edwards;

  e.  12 hours for paralegal Jami Asay; and

  f.  5.1 hours for legal assistant Claire Coren.

Those hours were reasonably spent because Plaintiffs' motion for summary judgment sought dismissal of all ten of Defendants' counterclaims, and their response to Defendants' motion for summary judgment opposed Defendants' requested dismissal of all three of Plaintiffs' claims and judgment in favor of Defendants on their eighth counterclaim and request for attorney fees.  Crittenden Decl. ¶ 15; ECF Nos. 142, 143.   Defendants' summary judgment response and reply briefs alone consisted of 141 pages, which was necessary to fully brief and address the issues presented by Plaintiffs, who employed a legal writing strategy of presenting disorganized arguments that relied on fake legal authority and flouted local rules regarding the presentation of evidence.  Crittenden Decl. ¶ 15; ECF Nos. 160, 170.

Those hours were also reasonably spent in seeking sanctions against Plaintiffs because Plaintiffs' recalcitrant response to Defendants' notice of intent to seek sanctions rendered necessary all of the work Defendants performed in seeking sanctions.  Crittenden Decl. ¶ 16.

Page 10 -   **DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S BILL OF COSTS AND REASONABLE ATTORNEY FEES**

Plaintiffs caused Defendants to incur more attorney fees when they responded to Defendants' motion for sanctions with a motion to strike combined with a response brief that violated Local Rules 7-1(a) and (b), and then by filing yet another response presented by their newly retained counsel. *Id.*; *see* ECF Nos. 186, 204. Defendants' motion for sanctions and two reply briefs consisted of 66 pages of briefing caused by Plaintiffs' conduct. ECF Nos. 184, 186, and 204. All in all, Defendants presented over 200 pages of briefing that was necessitated by, or was reasonably related to, Defendants' citation of fake cases and misrepresented legal authority.

In determining the number of hours reasonably spent, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary. *Foraker v. USAA Cas. Ins. Co.*, No. 3:14-CV-87-SI, 2018 WL 3873575, at *3 (D. Or. Aug. 15, 2018). The party seeking an award of attorney fees has the burden of submitting billing records to establish that the number of hours it has requested is reasonable. *Id.*

The district court may determine, in one of two ways, whether hours are excessive, redundant, or otherwise unnecessary, and thus excludable. *Id.* The court may conduct an hour-by-hour analysis of the fee request. *Id.* Alternatively, the court has authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure. *Id.* Any "percentage cut" requires "a concise but clear explanation" for the particular reduction, except that the court has discretion to deduct up to 10% without a more specific explanation. *Id.*

Exhibit 1 to Mr. Crittenden's declaration contains a detailed listing of all of the time spent for which Plaintiffs seek compensation. Crittenden Decl. ¶¶ 4–5, Ex. 1. Mr. Crittenden and his colleagues at CLG prepared this listing using billing records generated by its timekeepers in the regular course of business. Crittenden Decl. ¶ 5. Each month throughout the case, the

responsible attorney on this matter reviewed a pre-bill containing the prior month's timekeeping records and eliminated any time spent on work that they considered excessive, redundant, or otherwise unnecessary. *Id.* When Mr. Crittenden prepared Defendants' exhibit of time spent, he conducted a similar review again and excluded additional time, as well as any time that did not reasonably relate to the parties' summary judgment briefing and the sanctions proceedings. *Id.* As a result of those reviews, CLG deducted 225 hours to present only the time reasonably spent between January 31, 2025, and December 25, 2025, with respect to the summary judgment and sanctions proceedings, which resulted in a 33% deduction of time billed to this matter. *Id.*

The time for which Defendants seek compensation is reasonable, reasonably related to the parties' summary judgment briefs and the sanctions proceedings, and should be awarded with no deductions.

**C.    The *Kerr* Factors Support Defendants' Requested Fee Award and Should Be Applied to Result in an Upward Adjustment of Defendants' Requested Fees.**

The *Kerr* factors not already subsumed by the lodestar approach are the following:

(1) the time and labor required, . . . (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, . . . (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*RG Abrams*, 342 F.R.D. at 523 (citing *Morales*, 96 F.3d at 364 n.9). Those remaining factors support Defendants' requested fee award. If a factor is not analyzed below, that is because Defendants consider it to be neutral or irrelevant to the facts of this case.

Page 12 -   **DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S BILL OF COSTS AND REASONABLE ATTORNEY FEES**

### 1.  *The time and labor required.*

This factor supports Defendants' requested fee award and should result in an upward adjustment because Plaintiffs' sanctionable conduct caused Defendants to incur the attorney fees they now seek for the work performed from January 31, 2025, to December 25, 2025.  As shown above in Section B, the hours Defendants' counsel spent performing work on Defendants' behalf in this case over the past year was reasonable and necessary to obtain the result set forth in the Court's December 12 opinion and order.

### 2.  *The preclusion of other employment by the attorney due to acceptance of the case, and whether the fee is fixed or contingent.*

These two factors support Defendants' requested fee award and should result in an upward adjustment.  Defendants have a formal agreement with CLG to pay for its services in this matter on an hourly, non-contingent basis.  Crittenden Decl. ¶ 17.  However, Defendants have been unable to pay CLG's fees as they have accrued because of Plaintiffs' litigiousness and expressly communicated desire to financially ruin Defendants through the cost of litigation.  *Id.*; *see* ECF No. 204 at 19–20 (citing evidence of Plaintiffs' litigation strategy to bankrupt Defendants through cost of litigation).  CLG has nonetheless continued representing Defendants and has assumed a substantial risk of non-payment.  Its work on this case has prevented it from accepting employment from other potential clients and from doing more work for other clients who are able to pay their fees every month.  Crittenden Decl. ¶ 17.  Thus, CLG's representation of Defendants in this lawsuit came with a substantial risk of non-payment.  The attorney fees in this case are therefore similar to the attorney fees in a contingent or quasi-contingent fee case.  These factors support Defendants' requested fee award.

Page 13 -  **DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S BILL OF COSTS AND REASONABLE ATTORNEY FEES**

### 3.  *Awards in similar cases.*

This factor supports an award of Defendants' requested fee award and should result in an upward adjustment because there is no shortage of case law in which district courts have ordered that attorney fees be awarded as part of a Rule 11 sanction remedy for citing fake case law.  *See, e.g.*, *Jackson v. Auto-Owners Ins. Co.*, Case No. 7:24-cv-136-WLS, 2025 WL 1932274, at *5 (M.D. Ga. July 14, 2025) (awarding the defendants "all reasonable attorneys' fees and costs incurred by its counsel for the time spent in researching and replying to [plaintiff's response to defendant's motion to dismiss] and the time and expense for Defendant's attorneys to attend the [show cause hearing]"); *ByoPlanet International, LLC v. Johansson*, 792 F. Supp. 3d 1341, 1357 (S.D. Fla. 2025) (awarding attorney fees "for all time spent responding to any filing in which generative AI was used to develop hallucinated cases and fabricated quotations"); *Lacey v. State Farm General Ins. Co.*, 2025 WL 1363069, at *9 (C.D. Cal. May 5, 2025) (awarding attorney fees to defendant for fees "incurred in the preparation and filing of its supplemental brief" responding to plaintiff's previously filed brief containing fake cases).

In *ByoPlanet International, LLC v. Johansson*, the Southern District of Florida awarded $85,567.75 in attorney fees to the defendants "for all time spent responding to any filing in which generative AI was used to develop hallucinated cases and fabricated quotations."  Case Nos. 0:25-cv-60630, 0:25-cv-60646, 0:25-cv-60647, 0:25-cv-60712, 2025 WL 3091094, at *1, 4 (S.D. Fla. Aug. 1, 2025).  In that case, the plaintiff filed seven documents—consisting of complaints, responses to Rule 12 motions to dismiss, and a response to a show cause order—that cited fake case law.  *ByoPlanet International, LLC*, 792 F. Supp. 3d at 1347–51, 1354 (S.D. Fla. 2025).  The court awarded the defendants the attorney fees incurred for the time spent

responding to those sanctionable filings. *ByoPlanet International, LLC*, 2025 WL 3091094, at *1, 4.

Here, Exhibit 1 shows the time Defendants' counsel spent responding to two of Plaintiffs' summary judgment briefs containing fake legal authority, drafting a motion for sanctions, responding to Plaintiffs' motion to strike and two responses to Defendants' motion for sanctions, responding to attorney Stephen Brigandi's two attempts to withdraw from this lawsuit, attending all of the hearings caused by Defendants' conduct, and performing work related to the foregoing. An award of reasonable attorney fees for that time is appropriate and consistent with the case law described above.

## IV.    CONCLUSION

For the foregoing reasons, Defendants request an award of $225,185.50 in reasonable attorney fees for work performed between January 31, 2025, and December 25, 2025.

DATE: December 26, 2025

CHENOWETH LAW GROUP, PC

*/s/ Bradley T. Crittenden*
Sandra S. Gustitus, OSB No. 143298
Bradley T. Crittenden, OSB No. 173274
510 SW Fifth Avenue, 4th Floor
Portland, OR  97204
Phone: (503) 221-7958
Fax:  (503) 221-2182
Email: sgustitus@chenowethlaw.com
bcrittenden@chenowethlaw.com

*Attorneys for Defendants Michael J. Wisnovsky, Mark A. Wisnovsky, and Valley View Winery, Inc.*

Page 15 -   **DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S BILL OF COSTS AND REASONABLE ATTORNEY FEES**

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2025, I caused to be served a copy of the foregoing **DEFENDANTS MARK A. WISNOVSKY, MICHAEL J. WISNOVSKY, AND VALLEY VIEW WINERY, INC.'S PETITION FOR ATTORNEY FEES, COSTS AND DISBURSEMENTS** on the following person(s) in the manner indicated below:

Stephen M. Brigandi
3624 Caminito Cielo Del Mar
San Diego, CA 92130
Brigandilaw@gmail.com

*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette, Wisnovsky Land LLC, and Michelle Sullivan*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com

*Attorney for Defendant Mark Wisnovsky, Michael Wisnovsky and Valley View Winery*

Curtis Glaccum
Josh Newton
Best Best & Krieger LLP
360 SW Bond St., Suite 400
Bend, OR 97702
Curtis.glaccum@bbklaw.com
Josh.newton@bbklaw.com
*Attorney for Plaintiffs Michelle Sullivan and Wisnovsky Land, LLC*

by the following method(s):

_xx_____  by **emailing** a full, true and correct copy thereof to the parties at the email addresses shown above, which are the last-known email addresses of the parties, on the date set forth below.

xx_____  by **e-service via CM/ECF** on the date set forth below.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for perjury.

DATED: December 26, 2025

_/s/ Claire Coren_____
Claire Coren, Legal Assistant

Page 16 -  **CERTIFICATE OF SERVICE**