Timothy L. Murphy, OSB No. 003348
330 NE Russell Street, Ste. 200
Portland, OR 97212
E-mail: tim@oregonlandlord.net
Telephone: 503-550-4894

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### Medford Division

| | |
|---|---|
| **JOANNE COUVRETTE,** as Trustee of The Ann M. Wisnovsky Trust; and **WISNOVSKY LAND, LLC**,<br><br>PLAINTIFFS,<br><br>vs.<br><br>**MARK A. WISNOVSKY,** an individual; and **MICHAEL J. WISNOVSKY**, an individual; **PATRICK HUYCKE,** an individual; **VALLEY VIEW WINERY, INC.,** an Oregon corporation; **JARVIS, DREYER, GLATTE & LARSEN, LLP,** an Oregon partnership, fka Huycke O'Connor Jarvis, LLP.<br><br>DEFENDANTS. | Case No. 1:21-cv-00157-CL<br><br>**TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE** |

Timothy L. Murphy ("Respondent"), on his own behalf, submits the following response to the court's order to show cause included in its Opinion and Order dated December 12, 2025 (ECF No. 215). This response is supported by Respondent's declaration filed herewith ("Murphy Declaration").

TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 1

1.      Introduction.

At the outset, Respondent wishes to make clear that he understands the seriousness of the matter now before the court. Even though, as will be addressed below, Respondent had absolutely no involvement in the citation of the fake cases at issue, he is embarrassed to have his name associated with this case, and regrets that he ever agreed to serve as local counsel for Ms. Couvrette and Mr. Brigandi.

That being said, Respondent submits that there is no basis to sanction him for any violation of Rule 11. The preparation and filing of the summary judgment papers was handled solely by Mr. Brigandi. Respondent did not sign or file the offending briefs; he did not advocate for the positions taken in those briefs; and he did not draft, review or contribute in any way to the briefs nor was he asked to do so. As explained in his declaration, Respondent did a cursory review of the plaintiffs' initial motion for summary judgment, three days <u>after it was filed</u>; and he did not review the subsequent briefing by either party. He had no idea whatsoever the motion included fake legal authorities until Saundra Gustitus emailed him on May 5, 2025. In fact, before receiving a copy of defendants' notice of intent to seek sanctions in May 2025, Respondent does not recall ever hearing about the dangers of "hallucinated cases" being generated by AI.

Although Respondent did not draft, sign, file, or advocate for the any of the offending briefs, and had no knowledge of the fake case citations until long after the fact, he understands that the court is considering sanctions against him for failing to "meaningfully participate" in the case as required by LR 83-3. While Respondent acknowledges that rule, he did not understand his responsibility would require him to review Mr. Brigandi's motion and briefing

TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 2

to confirm that the submitted legal arguments and case citations were accurate and proper, or that he could be held responsible for Mr. Brigandi's failings in this regard. Respondent is not aware of any reported interpretation of that phrase in LR 83-3, nor any other rule or guidance, that would place such responsibilities on local counsel and, in effect, could make Respondent vicariously liable for Mr. Brigandi's serious misdeeds.

Finally, Respondent is aware that the court has inherent authority to impose sanctions on attorneys who violate its rules. But in order to do so, the court must make specific findings that the attorney acted in bad faith. Sanctions are not allowed where the attorney's conduct was inadvertent, an oversight, or ordinary negligence. Therefore, to the extent the court were to find Respondent violated LR 83-3 for failing to "meaningfully participate" in this litigation, there is no evidence to find that he acted in bad faith in doing so.

**2.      Timeline of Respondent's involvement in this case.**

      **A.      Respondent agrees to serve as local counsel.**

As set out in more detail in Respondent's declaration, Respondent first was contacted by Joanne Couvrette in early January 2024 regarding some questions she had related to a commercial property that was involved in pending federal litigation (this case). (Murphy Decl. ¶2.) Soon after, Ms. Couvrette told Respondent that Stephen Brigandi, an attorney in California, was taking over as her attorney in the federal lawsuit, replacing Bonnie Richardson. (*Id.,* ¶3.) Respondent began consulting with Ms. Couvrette and Mr. Brigandi about potential options relating to the commercial property that might resolve the federal case. (*Id.,* ¶5.) Ms. Couvrette then asked Respondent to serve as local counsel for Mr. Brigandi's pro hac vice admission in the federal case. (*Id.,* ¶5.) Satisfied that Mr. Brigandi was knowledgeable and

capable, Respondent agreed. Mr. Brigandi's application was granted on February 7, 2024. (*Id,* ¶¶4-5)

Mr. Brigandi was primarily responsible for the federal case, including litigation strategy and all dispositive motion practice. (*Id.,* ¶6) Respondent's role mostly involved strategizing with Mr. Brigandi and Ms. Couvrette about a potential resolution to the underlying dispute between her and the defendants related to the commercial property, that would hopefully lead to a resolution of the lawsuit. (*Id.*)

### B.  Respondent plans to withdraw as of December 2024.

Long before Plaintiffs' Motion for Summary Judgment or any offending briefing was filed in this case, Respondent made the decision that he needed to withdraw his representation in late December 2024. (*Id.*, ¶8) In late November 2024, Respondent learned that Ms. Couvrette, in consultation with Mr. Brigandi, had filed two lawsuits in Oregon small claims court back in July 2024 that involved the same commercial property and the same named defendants in the federal court case. The subject matter of those small claims court cases involved landlord tenant law. Those small claims cases were later removed to circuit court, which dismissed the cases and entered a supplemental judgment against Wisnovsky Land LLC for attorney fees and costs. Despite the fact that this is the area of law that is precisely the focus of Respondent's practice, Respondent had never been consulted by Ms. Couvrette or Mr. Brigandi about these two lawsuits. This incident raised serious concerns about his ability to effectively represent Ms. Couvrette and work with Mr. Brigandi going forward. (*Id.*, ¶7)

For this, and other reasons, Respondent concluded that due to a breakdown in the attorney-client relationship he needed to withdraw his representation.[1] (*Id.,* ¶8.) Respondent first notified Ms. Couvrette in late December 2024 that he planned to withdraw and that she needed to find replacement counsel. (*Id.*) At that time Respondent was aware that Mr. Brigandi planned to file a motion for summary judgment. In early January 2025 Respondent confirmed with both Ms. Couvrette and Mr. Brigandi that Mr. Brigandi would be entirely responsible for drafting the motion for summary judgment. (*Id.,* ¶¶8-9.)

After consulting with the Oregon State Bar, Respondent determined that to avoid causing prejudice to his client, he should remain as local counsel until the briefing on impending dispositive motions was complete so that Mr. Brigandi's could file the motion and any related briefing. He determined that he would withdraw on March 28, 2025, and notified both Ms. Couvrette and Mr. Brigandi of his intent in writing on January 28, 2025 and January 29, 2025 respectively. (*Id.*, ¶¶10-13.)

Without consulting Respondent, the parties extended the briefing schedule to April 25, and then again to May 2. At Ms. Couvrette and Mr. Brigandi's repeated requests, Respondent agreed to remain as local counsel until the final brief was filed. (*Id.,* ¶16)

### C.   Dispositive motions are filed.

Plaintiffs' Motion for Summary Judgment was filed by Mr. Brigandi on January 31, 2025. Respondent did not review plaintiffs' motion, or any drafts, before it was filed. Respondent did not sign or file the motion. Respondent was not consulted about any of the

---

[1] **Error! Main Document Only.**Respondent is only ethically permitted here to disclose client confidential information to the extent he "reasonably believes is necessary." ORPC 1.6(b)(4).

arguments or case citations contained in the motion. Respondent did not participate whatsoever in the preparation of that motion. (Murphy Decl., ¶13)

On February 3, 2025, three days after they were filed, Respondent reviewed Plaintiffs' Motion for Summary Judgment and Defendants' Motion for Partial Summary Judgment. The case law argued and cited in plaintiffs' motion were unfamiliar to Respondent, and admittedly he skimmed past them. Respondent had no idea that, as it turned out, the motion contained fictitious case citations. (*Id.,* ¶14)

Respondent was not involved whatsoever in the preparation of Plaintiffs' Response to Defendants' Motion for Summary Judgment, or Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion. Respondent did not review the briefs, or any drafts, before they were filed by Mr. Brigandi. Respondent was not consulted about the arguments or case citations contained in those briefs. (*Id.,* ¶17)

Respondent did not review any of the briefing subsequent to initial motions filed by plaintiffs and defendants (ECF Nos. 155, 160, 168, and 170). He was not asked or expected to do so, and because the legal issues involved were largely outside of Respondent's expertise and practice area, he believed his review would have only created additional unnecessary expense for his client if he had reviewed the many hundreds of pages of dispositive motion practice and associated declarations. (*Id.,* ¶18).

**D.   Respondent receives first notice regarding fake case citations.**

On Monday May 5, 2025, Respondent emailed defense counsel Saundra Gustitus to explain that he would be filing a motion to withdraw, stating that "I believe professional considerations require this withdrawal." (*Id.,* ¶20.) Respondent emphasizes that at this time

TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 6

he had no knowledge of the fake case citations. His determination that he needed to withdraw dates back to December 2024 and was confirmed in writing prior to any dispositive motion being filed. (*See* section B. above)

Ms. Gustitus responded to Respondent's email saying that defendants intended to file a motion to strike plaintiffs' briefs which included "fake cases" and were working on a motion for sanctions for the same reason. (*Id.,* ¶21.) This was the first time that Respondent learned or heard anything about citations to fake cases in this federal litigation. (*Id.,* ¶22.) In fact, prior to this event, Respondent does not recall ever hearing about the danger of "hallucinated cases" being generated by AI. (*Id.,* ¶15.)

On May 7, 2025, Respondent received a letter from Ms. Gustitus that included a motion for sanctions that defendants intended to file if certain corrections were not made within 21 days. (*Id.,* ¶24.) Respondent emailed Ms. Couvrette on May 8, 2025 to provide her with a copy of the letter from Ms. Gustitus with the proposed motion for sanctions. (*Id.,* ¶25.) Also on May 8, 2025, Respondent emailed Stephen Brigandi asking how he intended to address the issues raised in the motion for sanctions. Stephen Brigandi replied and confirmed that he would "cure the alleged faults within the 21-day period." (*Id.,* ¶26.) At this point Respondent recognized that he had an obvious direct conflict of interest with his client and could not take any action on plaintiffs' behalf in connection with the impending motion or the federal case. (*Id.,* ¶27.)

### E.    Respondent moves to withdraw.

On May 19, 2025, Respondent moved to withdraw, requesting that plaintiffs be allowed 30 days to retain new local counsel. (ECF No. 174.) The court granted Respondent's

motion on May 21. (ECF No 175.) Defendants filed their original Motion for Sanctions on May 23. (ECF No. 176.)

3.  **The court orders Respondent to show cause.**

After finding cause to order substantial sanctions against plaintiffs and Mr. Brigandi, the court has now ordered Respondent "to show cause as to why he should not be subject to sanctions, or in the alternative, to propose sanctions to be imposed." In the court's Opinion and Order on sanctions addressing Respondent's conduct directly, it states:

> The Court previously encouraged Mr. Murphy "to help ensure compliance with Local Rules" when it warned Plaintiffs that further noncompliance may result in dismissal of this case. Opinion and Order at 4, ECF No. 137. Local Rule 83-3 requires local counsel to "meaningfully participate in the preparation and trial of the case." LR 83-3(a)(1). Mr. Murphy was local counsel of record when Plaintiffs filed their summary judgment briefing and when Defendants responded and replied with notice of Plaintiffs' apparent use of non-existent cases and fabricated quotations. Mr. Murphy either failed to meaningfully participate in the case or violated Rule 11 and LR 83-7 by allowing those brief to be filed.

   A.  **Respondent did not violate Rule 11 or LR 83-7.**

First, there is no evidence to find that Respondent "allowed" any of the offending papers to be filed. The record demonstrates that Mr. Brigandi was solely tasked with handling the dispositive motions. Respondent confirmed this with Ms. Couvrette and Mr. Brigandi in early January 2025. Respondent was not consulted in the preparation of the motion or briefs, and did not review them, nor was provided the briefs for review, before they were filed. Respondent did not participate with or prepare the dispositive motions in any way. Further, he did not learn about the fake case citations until Ms. Gustitus' May 5, 2025 email. Respondent did not knowingly fail to assert himself earlier based on defendants' response brief

which first identified the problem; he did not review that brief or those that followed. Had he known about the fake case citations and failed to act he might be held accountable under LR 83-7, but that is not what occurred.[2]

Second, Respondent did not sign, file, or advocate for Plaintiffs' Motion for Summary Judgment or any of the subsequent briefs. Respondent did not make any representations under Rule 11(b). Rule 11 sanctions apply to "signed writings filed with the court." *Fink v. Gomez, 239 F3d 989, 991 (9th Cir, 2001)*; *see also Christian v. Mattel, Inc., 286 F3d 1118, 1131 (9th Cir, 2002)*("Rule 11 sanctions are limited to 'papers' signed in violation of the rule."). Because he did not sign any of the offending papers, the court should not sanction Respondent under Rule 11.

### B. The court's inherent authority to impose sanctions.

The court has inherent authority to sanction attorneys for violations of local rules. *Zambrano v. Tustin, 885 F2d 1473, 1477 (9th Cir, 1989)*. However, "to insure that restraint is properly exercised, we have routinely insisted upon a finding of bad faith before sanctions may be imposed under the court's inherent power" *Id.* at 1478. "A specific finding of bad faith by the trial judge or magistrate must accompany the sanction order in **all** such cases." *Id.*(emphasis added); *see also, Leon v. IDX Systems Corp., 464 F3d 951, 961 (9th Cir, 2006)*(The court may "award sanctions in the form of attorneys' fees against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (citation omitted)).

---

[2] When Respondent received notice of the fake cases, he contacted Mr. Brigandi to confirm the record would be corrected by Mr. Brigandi. Respondent then moved to withdrawal and the court allowed his withdrawal within the 21-day safe harbor period.

"Attorneys should not be 'disciplined by financial reprisal for conduct attributable to mistake, inadvertence or error of judgment.'" *Zambrano,* 885 F2d at 1480 (citation omitted).  Finally, "any sanctions imposed against [an attorney] should be based solely on his 'own improper conduct without considering the conduct of the parties or any other attorney.'" *Primus Auto. Financial Services, Inc. v. Batarse,* 115 F3d 644, 650 (9th Cir, 1977) (citation omitted).

        C.        **No evidence that Respondent acted in bad faith.**

LR 83-3(a)(1) provides that out-of-state counsel who are admitted *pro hac vice* must associate with local counsel "who will meaningfully participate in the preparation and trial of the case."  Respondent understands the court believes that Respondent may have violated LR 83-3 by failing to "meaningfully participate" in this case.  The court's order to show cause, however, does not state exactly how Respondent failed in this regard.  *See In re Lehtinen,* 564 F3d 1052, 1060 (9th Cir, 2009)(Due process requires "sufficient, advance notice of exactly which conduct was alleged to be sanctionable, and [was] furthermore aware that [he] stood accused of having acted in bad faith." (citation omitted), *overruled on other grounds by In re Gugliuzza* 852 F3d 884, 896-98 (9th Cir, 2017)).

Respondent will assume that the court believes that in order to meet his obligation to "meaningfully participate" as local counsel he should have participated in the preparation and filing of plaintiffs' motion and subsequent briefing, and should have reviewed defendants' briefs which noted the fake cases.  But Respondent submits that the term "meaningly participate" is vague and uncertain as to what is expected of local counsel in regard to the preparation of legal briefing.  Requiring local counsel to review all briefing creates

TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 10

considerable additional expense to a client, sometimes for little purpose. Respondent is unaware of any reported decision which addresses the meaning of that phrase in any manner.

In contrast, local rules from some other districts provide much more specific guidance. For example, in the Western District of Washington the rules for *pro hac vice* admission, set out responsibilities for local counsel in detail, including: "Unless waived by the court in addition to those responsibilities [above] and any assigned by the court, local counsel must review and sign all motions and other filings, ensure that all filings comply with all local rules of this court, and remind *pro hac vice* counsel of the court's commitment to maintaining a high degree of professionalism and civility from the lawyers practicing before this court as set forth in the Introduction to the Civil Rules." LCR 83.1(d)(2); *see also* Eastern District of Washington Local Civil Rule 83.2(c)(1)("There shall be joined of record in such appearance an associated attorney admitted to practice in this Court who shall sign all pleadings, motions, and other papers prior to filing and shall meaningfully participate in the case.")

Neither this court's local rules, nor the court's prior admonition from its December 16, 2024 order, direct that Respondent was expected to serve as a check on, or guarantor of, Mr. Brigandi's legal work. And even if such requirement was expected by this court (without an express directive to that effect), there is no evidence to suggest or find that Respondent knew that was his responsibility, willfully failed to undertake that responsibility, or did so for an improper purpose. At most, any failure on the part of Respondent in this regard was unintentional, inadvertent, and an error in judgment. There is no basis to conclude the Respondent acted in bad faith and should be subject to sanctions.

**4.     Conclusion.**

TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 11

Based on the foregoing, Respondent submits that there is no basis to hold him accountable for the actions of Mr. Brigandi.  There is no evidence that he took part in the subject misconduct in any manner, or that he was aware of it until it was too late.  There is no basis to find that he acted in bad faith.  Respondent sincerely apologizes to the Court that he acted as local counsel in federal litigation sullied by use of fake AI citations, but Respondent took no part at all in the offensive summary judgment motion practice and respectfully requests that no sanctions be ordered against him.[3]

DATED this 31 day of December, 2025.

/s/ Timothy Murphy
Timothy L. Murphy, OSB No. 003348
333 NE Russell Street, Ste. 200
Portland, OR 97212
E-mail: tim@oregonlandlord.net
Telephone: 503-550-4894

---

[3] Nonetheless, Respondent promises that he will never again serve as local counsel in this court.

TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 12

## DECLARATION OF SERVICE

I hereby certify that I served the foregoing **TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE** and **DECLARATION OF TIMONTHY L. MURPHY IN SUPPORT OF TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE** on the following:

Stephen M. Brigandi
3624 Caminito Cielo Del Mar
San Diego, CA 92130
Brigandilaw@gmail.com
*Attorneys for Plaintiffs/Counter-Defendants Joanne Couvrette and Wisnovsky Land LLC*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com
*Attorney for Defendant Mark Wisnovsky, Michael Wisnovsky and Valley View Winery*

Sandra S. Gustitus
Bradley T. Crittenden
Chenoweth Law Group, PC
510 SW 5th Avenue, 4th Flr
Portland, OR 97204
sgustitus@chenowethlaw.com
bcrittenden@chenowethlaw.com
*Attorney for Defendant Mark Wisnovsky, Michael Wisnovsky and Valley View Winery*

Curtis M. Glaccum
Best Best & Krieger
360 SW Bond St., Ste. 400
Bend, OR 97702
curtis.glaccum@bbklaw.com
*Plaintiffs Joanne Couvrette and Wisnovsky Land LLC*

by the following method(s):

    \_\_\_xx\_\_\_\_ by emailing a full, true and correct copy thereof to the parties at the email addresses shown above, which are the last-known email addresses of the parties, on the date set forth below.

    _____ by e-serving a full, true and correct copy thereof to the parties through OJD eFile, on the date set forth below.

    \_\_\_xx\_\_\_\_ by mailing a full, true and correct copy thereof in a sealed, first-class, postage pre-paid envelope, addressed to the last-known address of the parties as shown above, and deposited with the United States Postal Service on the date set forth

TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 13

below.

_____ by hand delivering a full, true and correct copy thereof to the parties at the last known business address of the parties above.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for

        Dated: December 31, 2025

        */s/ Mai Pelham*
        Mai Pelham, Legal Assistant