**Timothy L. Murphy, OSB No. 003348**
Murphy Law Group P.C.
330 NE Russell Street, Ste. 200
Portland, OR 97212
E-mail: tim@oregonlandlord.net
     Telephone: 503-550-4894

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### Medford Division

| | |
|---|---|
| **JOANNE COUVRETTE,** as Trustee of The Ann M. Wisnovsky Trust; and **WISNOVSKY LAND, LLC**, | Case No. **1:21-cv-00157-CL** |
| PLAINTIFFS, | **DECLARATION OF TIMOTHY L. MURPHY IN SUPPORT OF TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE** |
| vs. | |
| **MARK A. WISNOVSKY,** an individual; and **MICHAEL J. WISNOVSKY**, an individual; **PATRICK HUYCKE,** an individual; **VALLEY VIEW WINERY, INC.,** an Oregon corporation; **JARVIS, DREYER, GLATTE & LARSEN, LLP,** an Oregon partnership, fka Huycke O'Connor Jarvis, LLP. | |
| DEFENDANTS. | |

I, Timothy Murphy, hereby declare as follows:

1.     I have been practicing law since 2000.  The focus of my practice is residential and commercial landlord tenant law.

DECLARATION OF TIMOTHY L. MURPHY IN SUPPORT OF TIMOTHY L. MURPHY'S
RESPONSE TO ORDER TO SHOW CAUSE - 1

2.    I was contacted by Joanne Couvrette in early January 2024 regarding some questions she had related to a commercial property in Jacksonville, Oregon that was involved in ongoing federal litigation (this case).

3.    On January 12, 2024, Joanne Couvrette advised me that Stephen Brigandi, an attorney in California, was taking over as her attorney in the federal lawsuit, replacing Oregon attorney Bonnie Richardson.

4.    I reviewed Stephen Brigandi's profile on Linkedin.com and saw he graduated law school in 1986.  He was actively practicing law in California.  His profile indicated he had law firm and in-house legal experience with a generalized focus.

5.    I began consulting with Ms. Couvrette and Mr. Brigandi about potential options relating to the commercial property that might resolve the federal case. I had a 2-hour phone call with Mr. Brigandi on January 22, 2024. On January 30, 2024, Joanne Couvrette asked me to sign on to a *pro hac vice* application for Stephen Brigandi and serve as local counsel in the federal case.  Based on my review of Stephen Brigandi's experience and conversations with him, I believed him to be knowledgeable and capable, and I agreed to substitute into the case and serve as local counsel.  The court granted Mr. Brigandi's application on February 7, 2024.

6.    At all times Mr. Brigandi was primarily responsible for the federal case; including litigation strategy and all dispositive motion practice.  My role mostly involved strategizing with Mr. Brigandi and Ms. Couvrette on how to fashion a settlement in connection to the commercial property.  I understood Ms. Couvrette's goal was to somehow fashion a resolution with regard to the underlying dispute between her and the defendants (her brothers) regarding the ownership and use of the commercial property, that would in turn hopefully

DECLARATION OF TIMONTHY L. MURPHY IN SUPPORT OF TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 2

resolve the federal lawsuit. I believed that my expertise in landlord tenant law would be helpful.

7.    In late November 2024, I learned that Ms. Couvrette, in consultation with Mr. Brigandi, had filed two lawsuits in Oregon small claims court back in July 2024 that involved the same commercial property and the same named defendants in the federal court case. The subject matter of those small claims court cases involved landlord tenant law. Despite the fact that this is the area of law that is the focus of my practice, I had not been consulted by Ms. Couvrette or Mr. Brigandi. My law firm only became involved in those cases after they had already been removed to circuit court and were pending dismissal, at which time I was asked to assist at the last minute to raise objections to defendants' attorney fee petitions as prevailing parties. This incident raised serious concerns about my ability to effectively represent Ms. Couvrette and work with Mr. Brigandi going forward.

8.    At this point I concluded that due to a breakdown in the attorney-client relationship I needed to withdraw my representation. I spoke with Ms. Couvrette and told her that she needed to immediately find a new attorney to serve as local counsel. I said I would try to find someone, but that she should also be looking. On January 8, 2025, I emailed Ms. Couvrette to let her know I had not located a replacement attorney and to confirm I needed to withdraw. At this time, I was aware that Mr. Brigandi was planning to file a dispositive motion and confirmed my understanding to Ms. Couvrette that he would be doing so.

9.    On January 8, 2025, I emailed Stephen Brigandi to confirm that he would be drafting the dispositive summary judgment motion. Ms. Couvrette intended that Mr. Brigandi would be entirely handling all aspects of the dispositive summary judgment motion. I also

DECLARATION OF TIMONTHY L. MURPHY IN SUPPORT OF TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 3

understood that Mr. Brigandi would be entirely handling all aspects of the summary judgment motion.

10.    On January 16, 2025, I phoned the Oregon State Bar to seek advice about withdrawal from the federal litigation without causing prejudice to my client.  The federal litigation had begun in 2021.  I was concerned about the impending dispositive motion deadlines and whether my withdrawal would prevent Stephen Brigandi from being able to file dispositive motions in a case already 4 years old.  Local Rule 83-3 does not provide any guidance about how a local attorney can withdraw from federal litigation without a replacement attorney being immediately available to replace that local attorney.  I was concerned that my withdrawal would cause Stephen Brigandi to be prevented from continued representation in the case, including filing dispositive motions in the impending weeks.  As of that date, by my calculation, the final briefing was due on March 7.

11.    On January 28, 2025, I emailed Ms. Couvrette to advise her that I would be withdrawing as her attorney on March 28, 2025, so as to allow for a three-week transition period to new counsel after the summary judgment briefing was complete.

12.    On January 29, 2025, I emailed Stephen Brigandi to explain my intent to withdraw on March 28, 2025.

13.    Plaintiff's Motion for Summary Judgment was filed by Mr. Brigandi on January 31, 2025.  I did not review the motion, or any drafts, before it was filed.  I did not sign or file the motion.  I was not consulted about the arguments or case citations contained in the motion. I did not participate in the preparation of that summary judgment motion whatsoever.

DECLARATION OF TIMONTHY L. MURPHY IN SUPPORT OF TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 4

14.    On February 3, 2025, three days after they were filed, I cursorily reviewed Plaintiff's Motion for Summary Judgment and Defendants' Motion for Partial Summary Judgment. As for the cases cited in plaintiff's motion, I skimmed past them and presumed they were valid. I had no idea that, as it turned out, the motion contained fictitious case citations.

15.    Prior to being notified by defense counsel on May 5, 2025 about the fake case citations contained in plaintiffs' briefing, I do not recall ever hearing about the danger of "hallucinated cases" being generated by AI. I had never used, and do not use, AI for my legal work. This issue was not on my radar at all.

16.    Without my involvement or consent, the end of the briefing schedule was extended through April 25, and again until May 2. At Ms. Couvrette and Mr. Brigandi's repeated requests, I agreed to hold off on my motion to withdraw until April 25, and then May 2, so Mr. Brigandi could file plaintiff's final reply brief. After the final extension Mr. Brigandi confirmed in writing that he expected my withdrawal on Monday, May 5, 2025. During these brief but repeated communications with Ms. Couvrette and Mr. Brigandi, neither raised the issue or allegation of improper or fake citations in this federal litigation.

17.    I was not involved in the preparation of Plaintiffs' Response to Defendants' Motion for Summary Judgment (ECF No. 155), or Plaintiff's Reply to Defendants' Response to Plaintiffs' Motion (ECF No. 168). I did not sign or review the briefs, or any drafts, before they were filed by Mr. Brigandi. I was not consulted about the arguments or case citations contained in those briefs. I did not participate in the preparation of the Response or Reply whatsoever.

DECLARATION OF TIMONTHY L. MURPHY IN SUPPORT OF TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 5

18. I did not review any of the briefing subsequent to initial motions filed by plaintiffs and defendants (ECF Nos. 155, 160, 168, and 170). I was not asked or expected to do so, and because the legal issues involved were largely outside of my expertise and practice area, I believed my review would have only created additional unnecessary expense for Ms. Couvrette.

19. On May 2, 2025, I received a Notice of Withdrawal indicating that defendants' attorney Brooks Foster was being replaced with Sandra Gustitus.

20. On May 5, 2025, emailed Ms. Gustitus to explain that "I will be motioning the court to withdraw as attorney of record for plaintiffs. I believe professional considerations require this withdrawal."

21. Ms. Gustitus responded via email on May 5, 2025, that defendants were intending to file a motion to strike plaintiff's response and reply brief and were working on a motion for sanctions based on citations to fake cases.

22. Ms. Gustitus' email of May 5, 2025 was the first time that I heard anything about or became aware of citations to fake cases or AI "hallucinated" cases in this federal litigation.

23. I contacted the Oregon State Bar after receiving Ms. Gustitus' email of May 5, 2025.

24. On May 7, 2025, I received a letter from Sandra Gustitus that included a motion for sanctions that defendants intended to file if certain corrections were not made within 21 days.

25. I emailed Ms. Couvrette on May 8, 2025 to provide her with a copy of the letter from Sandra Gustitus with the proposed motion for sanctions.

DECLARATION OF TIMONTHY L. MURPHY IN SUPPORT OF TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 6

26. Also on May 8, 2025, I emailed Stephen Brigandi asking how he intended to address the issues raised in the motion for sanctions. Stephen Brigandi replied and confirmed that he would "cure the alleged faults within the 21-day period."

27. At this point I recognized that I had an obvious direct conflict of interest with my client and could no longer represent her in connection with the impending motion or the federal case.

28. On May 19, 2025, I filed my Motion to Withdraw.

29. On May 21, 2025, the court granted my motion allowing me to withdraw and allowing plaintiffs 30 days to retain new local counsel.

30. On May 23, 2025, defendants filed their Motion for Sanctions.

31. I want the court to know that I understand the seriousness and severity of the issues raised by this motion. I am sincerely embarrassed to be associated with this matter, and regret that I ever was involved in this lawsuit or Ms. Couvrette. I have been an attorney for 25 years and I take pride in my legal work and strive to uphold my professional and ethical obligations at all times. I have never knowingly made a misrepresentation to a client, another attorney, opposing party, or the court. The idea that I would ever be associated in any way with the submission of made-up case law in support of an argument to the court is abhorrent to me. Although I took no part in the citation of fake cases, I apologize to the defendants, opposing counsel, and the court for what occurred during my time as local counsel.

///

///

DECLARATION OF TIMONTHY L. MURPHY IN SUPPORT OF TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 7

32.   This was the first time I ever served as local counsel in a federal lawsuit.  This was the first time I was asked to serve as local counsel.  I promise and represent to the court that I will never agree to serve as local counsel in US District Court again.

*I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT, AND IS SUBJECT TO PENALTY FOR PERJURY.*

Respectfully submitted.

DATED this 31st day of December 2025.

/s/ Timothy L. Murphy

_____

Timothy L. Murphy, OSB No. 003348

DECLARATION OF TIMONTHY L. MURPHY IN SUPPORT OF TIMOTHY L. MURPHY'S RESPONSE TO ORDER TO SHOW CAUSE - 8