UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOANNE COUVRETTE, MICHELLE
SULLIVAN, *as special administrator of the
estate of Ann M. Wisnovsky*; and
WISNOVSKY LAND, LLC, *an Oregon
limited liability company*,

        Plaintiffs,

    v.

MARK A. WISNOVSKY; MICHAEL J.
WISNOVSKY; and VALLEY VIEW
WINERY, INC., *an Oregon Domestic
Business Corporation*,

        Defendants.

Case No. 1:21-cv-00157-CL

**OPINION AND ORDER**

**CLARKE,** United States Magistrate Judge.

On December 12, 2025, the Court entered an Opinion and Order sanctioning Plaintiffs and *pro hac vice* counsel Mr. Brigandi for repeated violations of Rule 11(b) and the Local Rules. *Couvrette v. Wisnovsky*, No. 1:21-CV-00157-CL, 2025 WL 4109655 at *15 (D. Or. Dec. 12, 2025); ECF No. 212. The Court explained that Timothy Murphy was local counsel of record when Plaintiffs filed their summary judgment briefing and when Defendants responded and replied with notice of Plaintiffs' use of non-existent cases, fabricated quotations, and egregious violations of the Local Rules. The Court ordered Mr. Murphy to show cause as to why he should

Page 1 — OPINION AND ORDER

not be subject to sanctions, or in the alternative, to propose the appropriate sanctions to be imposed against him.

The Court has closely reviewed Mr. Murphy's response (ECF No. 221) and accompanying declaration (ECF No. 221-1) and finds that Mr. Murphy failed to meaningfully participate in the case in willful violation of LR 83-3. The Court ORDERS Mr. Murphy to pay Defendants 15% of Defendants' Amended Bill of Costs and Reasonable Attorney Fees, ECF No. 223. Mr. Murphy is also ORDERED to attach this Opinion and Order with any future motions for leave to appear *pro hac vice* in which he seeks to associate as local counsel in the District of Oregon. The parties consent to magistrate judge jurisdiction. ECF No. 38.

## BACKGROUND

This case arises from a family dispute over the tenancy and ownership of a winery. On January 29, 2021, Joanne Couvrette ("Ms. Couvrette") as trustee of her mother's estate filed this lawsuit against two of her brothers. In early January, 2024, Ms. Couvrette contacted Mr. Murphy with questions related to issues in this case. Ms. Couvrette told Mr. Murphy that Stephen Brigandi, an attorney in California, was taking over as her attorney, replacing her Oregon counsel. Mr. Murphy began consulting with Ms. Couvrette and Mr. Brigandi about potential options relating to the commercial property that might resolve the case. Ms. Couvrette then asked Mr. Murphy to serve as local counsel for Mr. Brigandi's *pro hac vice* admission. Mr. Murphy signed Mr. Birgandi's *pro hac vice* application and personally attested that he read and understood the requirements of serving as local counsel under LR 83-3. Pls.' Mot. for Leave to Appear *Pro Hac Vice* at 3, ECF No. 107. On February 7, 2024, the Court granted Mr. Brigandi's motion to appear *pro hac vice*.

Mr. Brigandi's son was dating Ms. Couvrette's daughter, and Mr. Brigandi had agreed to represent Plaintiffs for free. Michael Wisnovsky Decl. ¶ 4, ECF No. 207. According to Mr. Murphy, Mr. Brigandi was primarily responsible for the litigation strategy and for all dispositive motions practice. Mr. Murphy explained, "[m]y role mostly involved strategizing with Mr. Brigandi and Ms. Couvrette on how to fashion a settlement in connection to the commercial property. . . . I believed that my expertise in landlord tenant law would be helpful." Murphy Decl. ¶ 6, ECF No. 221-1.

In July 2024, Ms. Couvrette, in consultation with Mr. Brigandi, filed two lawsuits in Oregon small claims court involving the same commercial property and parties as this federal case. Despite the overlap, Ms. Couvrette and Mr. Brigandi did not notify Mr. Murphy of the small claims court cases until November 2024 when Plaintiffs were facing the imposition of attorney fees against them. Mr. Murphy attested that "[t]his incident raised serious concerns about my ability to effectively represent Ms. Couvrette and work with Mr. Brigandi going forward." ¶ 7. Mr. Murphy concluded that he needed to withdraw from representation. He told Ms. Couvrette that he would try to find a replacement to serve as local counsel but that she should also be looking. Because Mr. Brigandi appeared *pro hac vice*, he required local counsel to participate in the case. With the dispositive motions deadline coming in January 2025, Mr. Murphy was concerned that moving for leave to withdraw without a local counsel replacement would prejudice Plaintiffs by leaving them high and dry.

On December 16, 2024, the Court found that Mr. Brigandi violated Local Rule 7-1 by filing a motion to substitute without conferral. Opinion and Order at 4, ECF No. 137. The Court declined to deny Plaintiffs' motion on that basis but gave notice that:

> [n]oncompliance with Local Rules is not something this Court takes lightly, and further noncompliance may result in denial or dismissal of this case. The Court

Page 3 — OPINION AND ORDER

recognizes that Plaintiffs' lead attorney is admitted to practice in this jurisdiction *pro hac vice* and encourages local counsel [(Mr. Murphy)] to help ensure compliance with Local Rules.

*Id.*

Despite the Court's express guidance, Mr. Murphy did not help ensure compliance with the Local Rules. On January 8, 2025, Mr. Murphy emailed Mr. Brigandi to confirm that "Mr. Brigandi would be entirely handling all aspects of the summary judgment motion." Murphy Decl. ¶ 9. Mr. Murphy also sought advice from the Oregon State Bar on when it would be appropriate to move for leave to withdraw. Mr. Murphy then emailed Ms. Couvrette and Mr. Brigandi and advised that he would move for leave to withdraw after the dispositive motions were fully briefed. On February 3, 2025, three days after they were filed, Mr. Murphy cursorily reviewed Plaintiff's Motion for Summary Judgment and Defendants' Motion for Partial Summary Judgment. He did not review any of the subsequently filed briefings.

On May 5, 2025, after the cross motions for summary judgment were fully briefed, Mr. Murphy emailed Defendants' counsel to inform them that he intended to move for leave to withdraw. Defendants' counsel responded that they were intending to file a motion for sanctions based on citations to fake cases contained in Plaintiffs' summary judgment briefing. Defendants' summary judgment briefing had put Plaintiffs on notice of Plaintiffs' use of fake cases, fabricated quotations, and flagrant violations of the Local Rules. Because Mr. Murphy's participation was limited to counting the days until he could move to withdraw, he had been unaware of the issue.

On May 19, 2025, Mr. Murphy filed a motion to withdraw as local counsel, citing "that circumstances have arisen that allow for withdrawal." ECF No. 174. Because the summary judgment briefing was only recently under advisement and Defendants' motion for sanctions had not yet been filed, the Court was not yet aware of Ms. Couvrette and Mr. Brigandi's misconduct.

The Court granted Mr. Murphy's motion for leave to withdraw, allowing thirty days for Plaintiffs to retain new local counsel. ECF No. 175. On June 11, 2025, Plaintiffs filed a notice of appearance of new local counsel. ECF No. 185.

On December 12, 2025, the Court entered an Opinion and Order sanctioning Plaintiffs and Mr. Brigandi for repeated violations of Rule 11(b) and the Local Rules. 2025 WL 4109655 at *15. The Court detailed the egregiousness of the misconduct, entered monetary sanctions against Mr. Brigandi, ordered Plaintiffs' summary judgment briefing stricken, and dismissed Plaintiffs' claims with prejudice. The Court explained that Mr. Murphy was local counsel of record when Plaintiffs filed their summary judgment briefing and when Defendants responded and replied with notice of Plaintiffs' apparent use of non-existent cases, fabricated quotations, and violations of the Local Rules. The Court vacated its Order granting Mr. Murphy's motion for leave to withdraw and ordered him to show cause as to why he should not be subject to sanctions for either failing to meaningfully participate in the case or for participating in the sanctioned misconduct. *Id.* at *12. On December 31, 2025, Mr. Murphy filed a response to the Court's show cause order. Mr. Murphy did not request a hearing.

## LEGAL STANDARD

"Local Rules are promulgated by District Courts primarily to promote the efficiency of the Court, and . . . the Court has a large measure of discretion in interpreting and applying them." *Lance, Inc. v. Dewco Servs., Inc.*, 422 F.2d 778, 784 (9th Cir. 1970). Within that scope of discretion, the Court has the authority to award attorney fees as a sanction for bad faith misconduct or for the "willful disobedience of court orders or rules." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481 (9th Cir. 1989). "[L]awyers who willfully, repeatedly, or recklessly disregard court rules or orders may be sanctioned. But the authority of the court to punish

violations of local rules should be reserved for serious breaches." *Id.* at 1485; *but see Los Angeles Mem'l Coliseum Comm'n v. City of Oakland*, 717 F.2d 470, 473 (9th Cir. 1983) (affirming award of attorney fees where counsel violated local rule by merely raising arguments on motion for reconsideration previously raised).

"Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980) (footnote omitted). Prior to awarding fees, district courts should enter a show cause order and hold a hearing, if requested. *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 522 (9th Cir. 1983).

## DISCUSSION

At issue before the Court is whether Mr. Murphy willfully violated LR 83-3 by failing to meaningfully participate in the case. Mr. Murphy argues that the Court should not impose a sanction because he did not participate in the summary judgment briefing and he was unaware that the Local Rules required him to review his associated *pro hac vice* counsel's filings prior to submission.

Local Rule 83-3 provides in relevant part:

(a) Application for Special Admission *Pro Hac Vice*

Any attorney who is an active member in good standing of the bar of any United States court, or the highest court of any state, territory, or insular possession of the United States, may apply to be specially admitted pro hac vice in a particular case, provided he or she:

> (1) Associates with an attorney admitted to general practice before the bar of this Court, who will meaningfully participate in the preparation and trial of the case. (*See* LR 83-2 and LR 83-4).

LR 83-3(a)(1). To appear *pro hac vice*, the out of state attorney must file a motion for leave to appear *pro hac vice*. LR 83-3(a)(4). Within that motion, the associated local counsel often (as here) certifies that they read and understand the requirements of LR 83-3 and that they will serve

as designated counsel in the case. Form Motion for Leave to Appear Pro Hac Vice, available at https://www.ord.uscourts.gov/index.php/attorneys/attorney-admissions#instructions-for-applying-for-admission-pro-hac-vice.

As explained in the quarterly publication of the Oregon Chapter of the Federal Bar Association, LR 83-3(a)(1) "provides flexibility to the court and counsel as to the appropriate level of participation by local counsel. If there is some doubt, however, on whether local counsel should participate in some aspect of the case or court proceeding, counsel should err on the side of participation." *For the District of Oregon*, Vol. XVII, No. 2, at 1 (Summer 2013); *In re Pac. Cargo Servs., LLC*, No. BR 13-30439-TMB7, 2013 WL 5299545, at *10 (Bankr. D. Or. Sept. 18, 2013), *aff'd*, No. 3:13-CV-01978-AA, 2014 WL 2041821 (D. Or. May 9, 2014).

Here, Mr. Murphy does not dispute that he failed to meaningfully participate in the case. By his own admission:

> [t]he preparation and filing of the summary judgment papers was handled solely by Mr. Brigandi. Respondent [(Mr. Murphy)] did not sign or file the offending briefs; he did not advocate for the positions taken in those briefs; and he did not draft, review or contribute in any way to the briefs nor was he asked to do so. As explained in his declaration, Respondent did a cursory review of the plaintiffs' initial motion for summary judgment, three days after it was filed; and he did not review the subsequent briefing by either party. He had no idea whatsoever the motion included fake legal authorities until [Defendants' counsel] emailed him on May 5, 2025.

Murphy Resp. to Order to Show Cause at 2. Mr. Murphy asserts that his role "mostly involved strategizing with Mr. Brigandi and Ms. Couvrette on how to fashion a settlement in connection to the commercial property." Murphy Decl. ¶ 6. At best, Mr. Murphy briefly played an advisory role, far short of any plausible interpretation of what it means to "meaningfully participate."

Mr. Murphy argues that his failure to meaningfully participate in the case was not done willfully or in bad faith. From Mr. Murphy's perspective, the term "meaningfully participate" is vague. He argues:

Page 7 — OPINION AND ORDER

[n]either this court's local rules, nor the court's prior admonition from its December 16, 2024 order, direct that Respondent was expected to serve as a check on, or guarantor of, Mr. Brigandi's legal work. And even if such requirement was expected by this court (without an express directive to that effect), there is no evidence to suggest or find that Respondent knew that was his responsibility, willfully failed to undertake that responsibility, or did so for an improper purpose. At most, any failure on the part of Respondent in this regard was unintentional, inadvertent, and an error in judgment.

ECF No. 221 at 11. The Court disagrees.

Mr. Murphy's purported lack of notice about the requirements of LR 83-3 is not well taken where, as here, the Court specifically warned the parties that "[n]oncompliance with Local Rules is not something this Court takes lightly[,]" and it advised that Mr. Murphy should "help ensure compliance with Local Rules." ECF No. 137 at 4. Despite the Court's express guidance, Mr. Murphy took no steps to mitigate Mr. Brigandi's continued noncompliance with the Local Rules.[1] Having been put on notice of Mr. Brigandi's propensity to violate the Local Rules, Mr. Murphy's failure to review any of Mr. Brigandi's work prior to submission was a willful violation of LR 83-3.

Mr. Murphy had "serious concerns" about his ability represent Ms. Couvrette and work with Mr. Brigandi. Murphy Decl. ¶ 7. In consultation with the Oregon State Bar, Mr. Murphy decided that he would wait to withdraw until after the dispositive motions were fully briefed. The Court does not know what advice the Oregon State Bar provided, but surely it did not advise Mr. Murphy to hold his breath and cover his eyes while he waited in the wings. Having discovered that Ms. Couvrette and Mr. Brigandi were practicing duplicative litigation without his knowledge

---

[1] For example, Plaintiffs' Motion for Summary Judgment (ECF No. 142): (1) contained a false certification that it contained fewer than 11,000 words, violating LR 7-2(b); (2) failed to comply with the formatting and filing requirements of attaching exhibits and declarations, violating LR 10-l(e)(2) and LR 10-3(a); and (3) failed to comply with factual citation requirements on summary judgment, violating LR 56-1. These violations were in addition to Mr. Brigandi's violations of LR 83-7 for the use of non-existent cases and fabricated quotations.

or input, Mr. Murphy was subjectively aware of their untrustworthiness. Under these circumstances, Mr. Murphy's decision to exercise no oversight exceeds a merely negligent violation of LR 83-3.

Mr. Brigandi agreed to act as Oregon counsel, presumably was compensated for that role, and he should not be heard now to profess no responsibility for the acts of the lawyer for whom he vouched and for whom he served as a conduit in this district. Mr. Murphy signed Mr. Birgandi's *pro hac vice* application and personally attested that he read and understood the requirements of serving as local counsel under LR 83-3. Pls.' Mot. for Leave to Appear *Pro Hac Vice* at 3, ECF No. 107. While meaningful participation does not ordinarily require local counsel to confirm the veracity of their associated *pro hac vice* counsel's legal citations, it necessarily requires local counsel to provide more than an OSB number and a signature on the *pro hac vice* application. We will never know what could have been prevented had Mr. Murphy meaningfully participated in this case. What we know is that Mr. Murphy chose not to participate in this case, meaningfully or otherwise. Mr. Murphy's decision not to participate in this case—despite the Court's stated expectations on the role of local counsel and his own "serious concerns" about Ms. Couvrette and Mr. Brigandi—evidences a willful violation of LR 83-3. The Court's authority to sanction an attorney for a violation of the Local Rules is appropriately exercised under the circumstances of this case.

## CONCLUSION

The Court previously awarded Defendants reasonable attorney fees and costs directly resulting from Plaintiffs' submission of the summary judgment briefing. 2025 WL 4109655 at *15. The Court has closely reviewed Defendants' Amended Bill of Costs and Reasonable Attorney Fees (ECF No. 223) and finds the requested amount of $94,704.38 reasonable. Mr.

Page 9 — OPINION AND ORDER

Murphy is ORDERED to pay Defendants 15% of that award, $14,205.66 within thirty (30) days of this Opinion and Order. This amount appropriately accounts for Mr. Murphy's failure to meaningfully participate in the case in willful disobedience of LR 83-3(a)(1). For the reasons explained in the Court's December 12, 2025 Opinion and Order, Mr. Brigandi is ORDERED to pay Defendants the remaining 85% of Defendants' Amended Bill of Costs and Reasonable Attorney Fees (ECF No. 223), $80,498.72 within thirty (30) days of this Opinion and Order.

Mr. Murphy attests that he will never appear again in this district as local counsel in association with *pro hac vice* counsel. The Court does not impose such a ban on Mr. Murphy but ORDERS him to ensure that a copy of this Opinion and Order is attached to any future *pro hac vice* motion sponsored by Mr. Murphy as local counsel in this district.

**IT IS SO ORDERED.**

DATED this 23 day of March, 2026.

MARK D. CLARKE
United States Magistrate Judge