**Sandra S. Gustitus, OSB No. 143298**
Email: sgustitus@chenowethlaw.com
**Bradley T. Crittenden, OSB No. 173274**
Email: bcrittenden@chenowethlaw.com
Chenoweth Law Group
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: 503-221-7958
Facsimile: 503-221-2182

**James R. Dole, OSB No. 892272**
Email: jdole@wlrlaw.com
Watkinson Laird Rubenstein, P.C.
1246 NE 7th Street, Suite B
Grants Pass, OR 97526
PO Box 10567
Eugene, OR 97440
Telephone: 541-484-2277
Facsimile: 541-484-2282

Of Attorneys for Defendants Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View Winery, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| JOANNE COUVRETTE, MICHELLE SULLIVAN, as special administrator of the estate of Ann M. Wisnovsky; and WISNOVSKY LAND, LLC, a limited liability company, <br><br> Plaintiffs, <br> v. <br><br> MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; VALLEY VIEW WINERY, INC., an Oregon corporation, <br><br> Defendants. | Case No. 1:21-CV-00157-CL <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION** |

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 5

II.   LEGAL STANDARD ......................................................................................... 6

    A.   Ninth Circuit Case Law Does Not Materially Distinguish Between Rules 59(e) and 60(b) for Purposes of Determining Whether Amending an Order Is Appropriate. .......... 6

    B.   Motions for Reconsideration Are Requests for Extraordinary Remedies that Cannot Be Premised on New Arguments the Movant Could Reasonably Have Presented Earlier. ................................................................................................ 8

    C.   Reconsideration Based on "Clear Error" Requires the Movant to Show She Previously Made the Court Aware of the Basis Upon Which the Court's Decision Is Allegedly Erroneous. ................................................................................... 9

    D.   "Manifest Injustice" Is Nearly Synonymous with "Clear Error" and Cannot Serve as Grounds to Rescue the Movant from Her Own Errors. .................................. 10

III.  LEGAL ARGUMENT ........................................................................................ 12

    A.   The Court Should Deny Plaintiffs' Motion Because It Raises New Arguments that Plaintiffs Could Reasonably Have Raised Earlier in the Litigation but Did Not, and Therefore There Is No "Clear Error" or "Manifest Injustice." ....................................... 12

    B.   Plaintiffs' Newfound Reliance on *Richardson v. Richardson* Does Not Establish "Clear Error" or "Manifest Injustice." .......................................................... 17

    C.   Plaintiffs' Newfound "Unenforceable Inheritance Contract" Argument Does Not Establish "Clear Error" or "Manifest Injustice." ............................................ 18

    D.   Plaintiffs' Newfound "Failed Contract" Argument Does Not Establish "Clear Error" or "Manifest Injustice." .......................................................................... 20

    E.   Plaintiffs' Newfound "Specific Performance" Argument Does Not Establish "Clear Error" or "Manifest Injustice." ............................................................. 21

    F.   Plaintiffs' Newfound "Invalid Inheritance Contract" Argument Does Not Establish "Clear Error" or "Manifest Injustice." ............................................................ 22

    G.   Plaintiffs' Newfound "Personal Liability" Argument Does Not Establish "Clear Error" or "Manifest Injustice." ............................................................. 23

    H.   Plaintiffs' Newfound "Failed Contract" Argument Does Not Establish "Clear Error" or "Manifest Injustice." ......................................................................... 24

IV.   CONCLUSION .................................................................................................. 25

# TABLE OF AUTHORITIES

**Cases**

*389 Orange Street Partners v. Arnold*, 179 F.3d 656 (9th Cir. 1999) ................................... passim

*Bishara v. U.S. Bank Home Mortgage*, No. CV 11-1905-PHX-JAT, 2012 WL 12873776
(D. Ariz. Nov. 2, 2012) ....................................................................................................... 9

*Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004) ............................................................... 11

*Conway v. A.I. duPont Hosp. for Children*, No. 04-4862, 2009 WL 1492178 (E.D. Pa.
May 26, 2009) ............................................................................................................... 11, 25

*Cummings v. Starbucks Corp.*, No. cv-12-06345-MWF (FFMx), 2014 WL 12597110
(C.D. Cal. May 27, 2014) ................................................................................................. 10

*De Borja v. Razon*, 340 F.R.D. 400 (D. Or. 2021) ....................................................... 8, 9

*Diaz v. Tester*, No. 2:22-cv-1048-YY, 2023 WL 11833474 (D. Or. July 24, 2023) .......... 8, 15, 16

*Durkin v. Taylor*, 444 F. Supp. 879 (E.D. Va. 1977) ........................................................ 9

*El Torero Licores v. Raile*, No. SACV-13-875-VAP, 2013 WL 6834609 (C.D. Cal. Dec.
20, 2013) ........................................................................................................................... 10

*Greenspan v. Fieldstone Fin. Mgmt. Grp.*, LLC, No. 3:17-cv-233-PK, 2018 WL 4945214
(D. Or. Aug. 22, 2018) ..................................................................................................... 10

*In re Dreyfus Mt. Funds Fee Litig.*, No. 04-0128, 2006 WL 1699443 (W.D. Pa. June 20,
2006) ............................................................................................................................. 11, 25

*Ismail v. Wells Fargo Bank, N.A.*, No. 2:12-cv-01653-MCE-CKD, 2013 WL 4516122
(E.D. Cal. Aug. 23, 2013) .................................................................................................. 9

*Johnson v. Diamond State Port Corp.*, 50 F. App'x 554 (3d Cir. 2002) ................................ 11, 25

*Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000) ............................ passim

*Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213 (D.C. Cir. 2018) ..................................... 11

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873 (9th Cir.
2009) ................................................................................................................................. 8

*McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999) ..................................................... 9

*Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310 (S.D. Tex. 1994) ....................................... 9

*Richardson v. Richardson*, 58 Or. App. 338 (1982) ............................................................... 17, 18

*Rosenfeld v. U.S. Dept. of Justice*, 57 F.3d 803 (9th Cir. 1995) ............................................. 15, 16

*Sch. Dist. No. 1J, Mult. Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993) ......................... 7

*Shnewer v. United States*, No. 13-3769, 2016 WL 4424949 (D.N.J. Aug. 18, 2016) .................. 11

*Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950 (9th Cir. 2013) ....................................................... 9

*Teri Woods Publishing, LLC v. Williams*, No. 12-04854, 2013 WL 6388560 (E.D. Pa. Dec. 6, 2013) ................................................................................................................................ 11, 25

*Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338 (9th Cir. 1981) ........................ 9

*United States v. B & W Inv. Properties, Inc.*, No. 91 C 5886, 1995 WL 124118 (N.D. Ill. Mar 20, 1995) ................................................................................................................................. 8

*United States v. De Rong Shang*, No. 2:11-CR-110-RLH-VCH, 2012 WL 234646 (D. Nev. Jan. 25, 2012) ..................................................................................................................... 9

*United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111 (E.D. Cal. Mar. 13, 2001) ........ 7, 8

*Zimmerman v. City of Oakland*, 255 F.3d 734 (9th Cir. 2001) ....................................................... 7

**Statutes**

Or. Rev. Stat. § 112.270(1)(c) ....................................................................................................... 17

Or. Rev. Stat. § 130.845 ........................................................................................................... 23, 24

**Rules**

Fed. R. Civ. P. 8(c) ........................................................................................................... 10, 14, 15

Fed. R. Civ. P. 11(b) ....................................................................................................................... 16

Fed. R. Civ. P. 59(e) ................................................................................................................. passim

Fed. R. Civ. P. 60(b) ................................................................................................................. passim

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendants Mark Wisnovsky ("Mark"), Michael Wisnovsky ("Mike") and Valley View Winery, Inc. ("Valley View") (collectively, "Defendants") submit this response in opposition to what appears to be Plaintiffs' new and unauthorized response to Defendants' motion for partial summary judgment (ECF No. 143) that they characterize as *Plaintiffs' Motion for Reconsideration* (ECF No. 228).

This response is supported by the documents on file with the Court and the legal memorandum below. For the following reasons, the Court should deny Plaintiffs' motion.

## I.        INTRODUCTION

Plaintiffs' motion for reconsideration is presented as a new and improved response to Defendants' motion for partial summary judgment that they apparently felt was necessary to file because the Court struck their original response as a sanction for attempting to defraud the Court and Defendants with fake legal authorities and misrepresentations of real legal authorities. In contravention of controlling Ninth Circuit case law, Plaintiffs' motion raises new arguments that they could have raised over a year ago, instead of the ill-supported arguments they raised in their now-stricken briefs. The Court should deny the motion for that reason alone.

Another reason the Court should deny Plaintiffs' motion is that they are asking the Court to rescue them from their own errors, which is something district courts are not authorized to do in deciding a motion for reconsideration. Defendants put Plaintiffs on notice three times before filing the motion for sanctions that their summary judgment briefs grossly violated the procedural rules. Plaintiffs could have owned up to their wrongful conduct right then and there, and sought leave to correct their sanctionable briefs and present the arguments they now apparently wish they would have presented in the summary judgment proceeding. But between

Brigandi, Murphy, and Couvrette, Plaintiffs decided to ignore Defendants' warnings and to stand by the purported merits of their sanctionable briefing.

Because Plaintiffs were undaunted by Defendants' threat to seek sanctions, Defendants filed their motion for sanctions and proved Plaintiffs intentionally violated the rules with the apparent goal of defrauding the Court and Defendants. The Court correctly awarded the sanctions Defendants sought, including striking Plaintiffs' summary judgment briefs. With Defendants' motion for partial summary judgment unopposed, the Court considered the motion and granted it in due course. Now, over a year after Defendants first notified Plaintiffs of their sanctionable briefing, Plaintiffs seek a do-over by presenting a motion for reconsideration that raises new arguments they ostensibly would have liked to present from the outset, as if the sanctions proceedings never happened.

For the many reasons stated in more detail below, the Court should deny Plaintiffs' motion. But perhaps the most important and overarching reason the Court should deny their motion is that Plaintiffs are presenting new arguments that they could reasonably have presented earlier in the litigation but did not. Ninth Circuit case law plainly holds that litigants may not use motions for reconsideration to present such new arguments. The Court should therefore deny Plaintiffs' motion on that ground alone.

## II.     LEGAL STANDARD

**A.     Ninth Circuit Case Law Does Not Materially Distinguish Between Rules 59(e) and 60(b) for Purposes of Determining Whether Amending an Order Is Appropriate.**

Plaintiffs' motion seeks reconsideration of the Court's order granting Defendants' motion for partial summary judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). ECF No. 228 at 7. More specifically, Plaintiffs seek reconsideration pursuant to Rule 59(e) on

the grounds that "the Order rests on manifest errors of law, and reconsideration is necessary to prevent manifest injustice[,]" or, alternatively, pursuant to Rule 60(b) "to correct the Court's errors of law[.]" *Id.* at 10–11.

Rule 59(e) allows a plaintiff to file "[a] motion to alter or amend a judgment . . . no later than 28 days after entry of the judgment." "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citing *Sch. Dist. No. 1J, Mult. Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993)).

Rule 60(b) allows a plaintiff to file a motion seeking relief "from a final judgment, order, or proceeding for" six distinct reasons, including "mistake, inadvertence, surprise, or excusable neglect." "Rule 60(b) reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law, (2) new evidence has come to light, or (3) when necessary to correct a clear error or prevent manifest injustice." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130–31 (E.D. Cal. Mar. 13, 2001) (citing *Sch. Dist. No. 1J*, 5 F.3d at 1262).

The foregoing Ninth Circuit cases show that motions for reconsideration premised on Rules 59(e) and 60(b) are subject to the same legal standard, and the Ninth Circuit construes both Rules as being generally applicable to a district court's grant of summary judgment. *Sch. Dist. No. 1J*, 5 F.3d at 1262. Accordingly, Ninth Circuit case law regarding Rule 59(e) motions is equally applicable to Rule 60(b) motions and vice versa.

**B.**     **Motions for Reconsideration Are Requests for Extraordinary Remedies that Cannot Be Premised on New Arguments the Movant Could Reasonably Have Presented Earlier.**

A district court's decision to grant a motion for reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A motion for reconsideration should not be granted, absent highly unusual circumstances." *De Borja v. Razon*, 340 F.R.D. 400, 409 (D. Or. 2021) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (internal brackets omitted)).

"Motions for reconsideration are generally disfavored, and <u>may not be used to present new arguments</u> or evidence <u>that could have been raised earlier</u>." *Id.* at 409 (emphasis added); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration 'may *not* be used to raise arguments or evidence for the first time when they could reasonably have been raised earlier in the litigation.'"); *Diaz v. Tester*, No. 2:22-cv-1048-YY, 2023 WL 11833474, at *2 (D. Or. July 24, 2023) (denying plaintiff's Rule 60(b) motion for same reason Rule 59(e) motion was denied, *viz.*, the plaintiff raised new arguments he could reasonably have raised in his prior briefing); *Westlands Water Dist.*, 134 F. Supp. 2d at 1130 ("A reconsideration motion should not merely present arguments previously raised, or which could have been raised in the initial summary judgment motion."); *United States v. B & W Inv. Properties*, *Inc.*, No. 91 C 5886, 1995 WL 124118, at *3 (N.D. Ill. Mar 20, 1995) ("Rule 60(b) is furthermore not the proper device for raising new arguments that were or could have been argued previously.").

"Rule 59 motions cannot be used to ask the Court to rethink what the court has already thought through, merely because a plaintiff disagrees with the Court's decision." *Bishara v. U.S. Bank Home Mortgage*, No. CV 11-1905-PHX-JAT, 2012 WL 12873776, at *1 (D. Ariz. Nov. 2, 2012) (internal quotations and brackets omitted). "Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e)." *Ismail v. Wells Fargo Bank, N.A.*, No. 2:12-cv-01653-MCE-CKD, 2013 WL 4516122, at *3 (E.D. Cal. Aug. 23, 2013) (citing *Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)).

Likewise, Rule 60(b) motions "are not 'intended to give an unhappy litigant one additional chance to sway the judge.'" *United States v. De Rong Shang*, No. 2:11-CR-110-RLH-VCH, 2012 WL 234646, at *1 (D. Nev. Jan. 25, 2012) (quoting *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994); *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

**C.      Reconsideration Based on "Clear Error" Requires the Movant to Show She Previously Made the Court Aware of the Basis Upon Which the Court's Decision Is Allegedly Erroneous.**

When a movant seeks reconsideration on the grounds that the district court committed legal error, the purported error must be "clear error"—not merely "debatable" error. *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999) (affirming district court's denial of motion for reconsideration and holding district court did not commit clear error where the question was a "debatable one"). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *De Borja*, 340 F.R.D. at 408 (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).

In *389 Orange Street Partners*, the Ninth Circuit affirmed the District of Oregon's denial of the defendant's motion for reconsideration because he failed to raise an argument in prior summary judgment briefing that his cross-claims should have been redesignated as affirmative defenses pursuant to Rule 8(c). 179 F.3d at 665. The court held, "Without establishing that he presented the Rule 8(c) argument to the district court <u>before summary judgment</u>, [the defendant] cannot point to clear error on the part of the district court in failing to redesignate the claims [as affirmative defenses]." (emphasis added). *389 Orange Street Partners* demonstrates that a showing of "clear error" hinges on having previously raised an argument that conclusively establishes the defendant's right to relief that the court erroneously denied.

The "clear error" rule is consistent with the "no new arguments" rule stated above, and those rules together mean that a showing of "clear error" requires the movant to identify an argument she previously raised to the district court that, upon reconsideration of the argument, leads to but one conclusion, *viz.*, the definite and firm conviction that a mistake has been committed. If the movant fails to make that showing, the motion must be denied.

D.    **"Manifest Injustice" Is Nearly Synonymous with "Clear Error" and Cannot Serve as Grounds to Rescue the Movant from Her Own Errors.**

"[T]he courts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error, defining manifest injustice as any error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, No. 3:17-cv-233-PK, 2018 WL 4945214, at *6 (D. Or. Aug. 22, 2018); *see, e.g.*, *Cummings v. Starbucks Corp.*, No. cv-12-06345-MWF (FFMx), 2014 WL 12597110, at *3 (C.D. Cal. May 27, 2014) (same); *El Torero Licores v. Raile*, No. SACV-13-875-VAP, 2013 WL 6834609, at *8 (C.D. Cal. Dec. 20, 2013) (same); *accord Leidos, Inc. v.*

*Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) ("Manifest injustice requires at least a clear and certain prejudice to the moving party that is fundamentally unfair in light of governing law."); *Shnewer v. United States*, No. 13-3769, 2016 WL 4424949, at *6 (D.N.J. Aug. 18, 2016) ("reconsideration based on manifest injustice requires that the error be apparent to the point of being indisputable").

Manifest justice "does not exist where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order has been entered."  *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004).  The "manifest injustice" standard provides district courts with a guiding principle that "it is not the job of courts deciding motions for reconsideration to rescue parties from their strategic litigation choices . . . [nor] rescue parties from their own errors." *Conway v. A.I. duPont Hosp. for Children*, No. 04-4862, 2009 WL 1492178, at *7 (E.D. Pa. May 26, 2009); *see also Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (error by party in not timely submitting affidavit was not manifest injustice because counsel's carelessness was solely responsible); *Teri Woods Publishing, LLC v. Williams*, No. 12-04854, 2013 WL 6388560, at *3 (E.D. Pa. Dec. 6, 2013) (no manifest injustice where decision not to enter default against defendants was either a strategic choice or an error on the part of the plaintiffs); *In re Dreyfus Mt. Funds Fee Litig.*, No. 04-0128, 2006 WL 1699443, at *2 (W.D. Pa. June 20, 2006) (no manifest injustice shown where plaintiff made decision not to file a motion for leave to amend either through mistake, ignorance, or tactical maneuvering).

The "manifest injustice" rule is consistent with the "no new arguments" and "clear error" rules stated above, *i.e.*, in order to show "manifest injustice" resulting from a district court's ruling, a motion for reconsideration must show that the movant previously made the court aware of the argument that requires an indisputable outcome in the movant's favor.

### III.    LEGAL ARGUMENT

**A.    The Court Should Deny Plaintiffs' Motion Because It Raises New Arguments that Plaintiffs Could Reasonably Have Raised Earlier in the Litigation but Did Not, and Therefore There Is No "Clear Error" or "Manifest Injustice."**

The Court should deny Plaintiffs' motion because it presents new arguments that Plaintiffs could reasonably have presented earlier in the litigation—specifically, in their now-stricken response brief.  Because Plaintiffs had the opportunity to previously raise those arguments and did not do so, the Court did not commit "clear error," and Plaintiffs have not suffered a "manifest injustice" as a result of the Court granting Defendants' motion for partial summary judgment.

Ninth Circuit precedent holds that motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc.*, 229 F.3d at 890; *see also 389 Orange Street Partners*, 179 F.3d at 665.  The legal standards stated above in Sections II.C–D are consistent with that precedent and require a movant seeking reconsideration based on the grounds of "clear error" and/or "manifest injustice" to have previously raised the arguments presented in the motion for reconsideration in order to establish "clear error" and/or "manifest injustice."  The following case law shows that a district court correctly denies a motion for reconsideration that fails to make that showing.

In *Kona Enterprises, Inc.*, the Ninth Circuit affirmed the district court's denial of the plaintiffs' motion for reconsideration because "[t]he district court correctly determined that" the plaintiffs presented an argument for the first time in their motion for reconsideration. *Id.*  At the trial level, a court-appointed special master granted the defendants' motion for attorney fees

based in part on a finding that the plaintiffs' claims were "in the nature of assumpsit" for purposes of awarding attorney fees under Hawaii law. *Id.* at 882–83. The plaintiffs objected to the special master's finding that their claims were in the nature of assumpsit under Hawaii law. *Id.* at 883. The district court rejected the plaintiffs' objection and adopted the special master's findings and recommendations. *Id.*

The plaintiffs then moved for reconsideration of the district court's order awarding attorney fees to the defendants and "argued for the first time that the district court erred in awarding attorneys' fees under Hawai'i law because the written agreements referred to in the complaint contain a North Carolina choice-of-law provision and North Carolina law would not permit recovery of attorneys' fees in this case." *Id.* The district court denied the plaintiffs' motion because it was premised on an argument they did not raise before the district court adopted the special master's findings. *Id.* at 890.

On appeal, the Ninth Circuit quoted the well-established rule that motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation" and held, "The district court correctly determined that this is precisely what happened here." *Id.* The plaintiffs argued they justifiably raised this issue for the first time in their motion for reconsideration because they "had no reason to question the choice-of-law issue until the district court actually ruled that their claims were 'in the nature of assumpsit.'" *Id.* The Ninth Circuit rejected that argument as "untenable" because the plaintiffs had the opportunity to present that argument in their objections to the special master's findings but did not do so. *Id.* at 890–91. Accordingly, the Ninth Circuit held that the district court properly denied the plaintiffs' motion for reconsideration. *Id.* at 891.

Similarly, in *389 Orange Street Partners*, the Ninth Circuit affirmed the District of Oregon's denial of the defendant borrower's motion for reconsideration that presented a new argument as grounds for the district court to vacate its order granting the co-defendant lender's motion for summary judgment on the borrower's cross-claims.

At the trial level, the lender moved for summary judgment that the borrower's cross-claims were barred by the statute of limitations. *389 Orange Street Partners*, 179 F.3d at 661. The borrower opposed the motion with several arguments, none of which were that the motion should be denied on the grounds that the cross-claims should be redesignated as affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c), which "requires a district court to treat a claim that was misdesignated as a counterclaim as an affirmative defense if 'justice so requires.'" *Id.* at 664. After the district court granted the lender's motion, the borrower presented the Rule 8(c) argument for the first time in a motion for reconsideration. *Id.* The district court denied the motion. *Id.* at 661.

On appeal, the borrower argued "that he sought three times during the proceedings below to have his claims redesignated[,]" *viz.*, (1) his legal memorandum opposing the motion for summary judgment contained statements that could be interpreted as raising defenses that were otherwise pled as cross-claims; (2) the joint pre-trial order described the borrower's cross-claims as affirmative defenses; and (3) the motion for reconsideration itself asked that the claims be treated as affirmative defenses. *Id.* at 664.

The Ninth Circuit rejected those arguments because (1) the legal memorandum did not mention the cross-claims qualifying as affirmative defenses and the district court could not be expected to have discerned that argument from the briefing; (2) there was no evidence that the district court ever read the joint pre-trial order (which was not signed by the court); and (3)

"Raising the argument that the cross-claims should have been redesignated as affirmative defenses in his motion for reconsideration was simply too little, too late." *Id.* at 664–65.

The court held the borrower "was required to establish that the district court committed clear error in failing to redesignate the claims <u>before summary judgment in order to present a viable Rule 59(e) motion</u>." *Id.* at 665 (emphasis added). Because there was no evidence in the record that the borrower presented his Rule 8(c) argument to the district court prior to entry of summary judgment, the court held he "cannot point to a clear error." *Id.* The court therefore affirmed the district court's denial of the borrower's motion for reconsideration.

In *Rosenfeld v. U.S. Dept. of Justice*, 57 F.3d 803, 811 (9th Cir. 1995), the Ninth Circuit affirmed the district court's denial of the defendant's motion for reconsideration that presented a new argument "because the [defendant] failed to show why it could not have presented the argument to the court <u>before summary judgment</u>." (Emphasis added).

Lastly, in *Diaz*, the District of Oregon denied the plaintiff's Rule 60(b) motion for the same reason the court denied the plaintiff's Rule 59(e) motion, *viz.*, the plaintiff presented an argument for the first time in his motion for reconsideration that he could have made "in response to Defendants' Motion for Summary Judgment but did not." *Diaz*, 2023 WL 11833474, at *2 (citing *Kona Enterprises, Inc.*, 229 F.3d at 890).

Like the movants in *Kona Enterprises, Inc.*, *389 Orange Street Partners*, *Rosenfeld*, and *Diaz* whose motions for reconsideration raised new arguments that could have been raised earlier in the litigation, Plaintiffs' motion for reconsideration presents new arguments that could have been raised earlier in the litigation. The Court should deny their motion just like the courts did in the four cases cited above.

On April 4, 2025, Plaintiffs filed a response to Defendants' motion for partial summary judgment. The Court appropriately struck that brief from the record (along with Plaintiffs' own motion for summary judgment and reply brief), without giving Plaintiffs leave to refile, because they violated Rule 11(b) and the Local Rules by citing a large number of fake legal authorities and intentionally misrepresenting real legal authorities. ECF No. 215 at 28. Because Plaintiffs' response brief was stricken from the record, "Defendants' motion [wa]s unopposed by any written briefing." ECF No. 227 at 2. This means that Plaintiffs had the opportunity to raise the arguments in their response brief that they now raise in their motion for reconsideration, but they instead decided to pursue a litigation strategy of raising arguments premised on non-existent and misrepresented legal authorities.

Plaintiffs' motion for reconsideration asks the Court to rescue Plaintiffs from their bad litigation strategy by asking the Court to vacate its summary judgment order based on new arguments that they could have raised in their response brief but did not. That is exactly what Ninth Circuit law prohibits movants from doing in seeking reconsideration of a district court's ruling on summary judgment. And because Plaintiffs are unable to identify in the record where they previously raised the arguments presented in their motion for reconsideration, Plaintiffs cannot show that the Court committed "clear error" and they cannot show that the Court's ruling on summary judgment results in a "manifest injustice" to Plaintiffs.

The Ninth Circuit opinions in *Kona Enterprises, Inc.*, *389 Orange Street Partners*, and *Rosenfeld*, and the District of Oregon's opinion in *Diaz*, show that a district court makes the correct decision when it denies a litigant's motion for reconsideration that is premised on arguments that the litigant could have raised earlier in the litigation but did not. That is exactly

what Plaintiffs' motion does.  The Court should therefore follow Ninth Circuit precedent and deny Plaintiffs' motion on this ground alone.

**B.**     **Plaintiffs' Newfound Reliance on *Richardson v. Richardson* Does Not Establish "Clear Error" or "Manifest Injustice."**

Plaintiffs' first new argument cites *Richardson v. Richardson*, 58 Or. App. 338 (1982), as legal authority requiring denial of Defendants' motion for summary judgment because it purportedly shows that "a writing that evidences the decedent's *intent* to dispose of property in a particular way is not the same as a writing that evidences the *contract* to make a will or devise, and ORS 112.270(1)(c) requires the latter."  ECF No. 228 at 14.  The Court should disregard that argument for the reasons stated in Section III.A. above and because *Richardson* is distinguishable on the facts and does not demonstrate the Court committed clear error or that Plaintiffs suffered manifest injustice as a result of the Court's ruling on summary judgment.

In *Richardson*, the Oregon Court of Appeals affirmed the trial court's ruling, apparently delivered after a bench trial, that the evidence was insufficient to show the decedent entered into a binding oral contract to make a will that would devise his property to the plaintiff.  *Richardson*, 58 Or. App. at 340–41.  The court held the evidence suggested that the decedent intended to enter into such a contract, but the trial court correctly weighed the evidence and determined the evidence was insufficient to prove that he actually did enter into such a contract.  *Id*. at 341.

Unlike the failed oral contract in *Richardson*, the Court carefully reviewed the summary judgment record and found there was no triable fact issue as to whether Ann entered into an inheritance contract with Mark and Mike based on Defendants' evidence that Ann unequivocally entered into the Amended Agreement to Make Payments with Mark and Mike as an express condition of her agreement to amend the Trust and Vineyard Lease.  ECF No. 227 at 12–14.

Ann's subsequent execution of the Second Trust Amendment was her performance of the agreement she had entered into with Defendants. The agreement was to modify her estate plan to leave Wisnovsky Land to Mark and Mike, as set forth in the Second Trust Amendment, in exchange for Defendants entering into the Amended Agreement to Make Payments. Those facts are not at all similar to the facts of *Richardson* and do not require the same result as *Richardson*.

Even if Plaintiffs had previously raised their *Richardson* argument before entry of summary judgment, the Court's refusal to follow that opinion would not constitute clear error or effect a manifest injustice against Plaintiffs. The Court should deny Plaintiffs' motion.

**C.    Plaintiffs' Newfound "Unenforceable Inheritance Contract" Argument Does Not Establish "Clear Error" or "Manifest Injustice."**

Plaintiffs' second new argument is that the inheritance contract is not enforceable because the same parties did not enter into the Amended Agreement to Make Payments, the Second Vineyard Addendum, the Redemption Agreement, and the Second Trust Amendment. ECF No. 228 at 16. Plaintiffs' principal argument is that, "To find an 'inheritance contract' entitled Mark and Mike to specific performance of a transfer of the LLC and its Valley View Property, the Court had to treat Mark and Mike as parties to the Redemption Agreement and the Second Trust Amendment. They are not." *Id.* at 17.

Defendants' inheritance contract claim is not for enforcement of the Redemption Agreement and does not depend on whether the Redemption Agreement is enforceable. The claim is for enforcement of the inheritance contract. The inheritance contract is manifested by the Amended Agreement to Make Payments and Second Trust Amendment, which do not raise genuine issues of material fact.

The contract is evidenced by other documents signed by Ann, which provide context, but it is the Amended Agreement to Make Payments that most clearly manifests the inheritance contract. Plaintiffs concede Mark, Mike, and Ann signed that agreement, and it plainly states:

> "Ann M. Wisnovsky has determined to amend the Wisnovsky Trust and Valley View and Wisnovsky Land, LLC, which is controlled by Ann M. Wisnovsky, have agreed to amend a Vineyard Lease that exists between them. Ann M. Wisnovsky's agreement to make such changes is conditioned upon the execution of this Agreement."

ECF No. 146-7 at 1 (emphasis added). This proves Ann agreed to amend her Trust on the condition that Defendants execute the Amended Agreement to Make Changes, which they did. The reference to Ann amending her Trust referred to the Second Trust Amendment, which Huycke prepared and shared with Mark and Mike along with the Amended Agreement to Make Payments. ECF No. 143 at 17:3–21 (citing evidence); ECF No. 146 at 13 ¶ 41. That amendment provided for Mark and Mike to inherit Wisnovsky Land and its Valley View Property. ECF No. 146-6 at 1. Ann's agreement to sign the Second Trust Amendment in exchange for Defendants signing the Amended Agreement to Make Payments could not have been clearer.

Plaintiffs also argue that because the Second Trust Amendment "reaffirm[ed] the *revocable* character of the Trust instrument[,]" Defendants cannot succeed on their inheritance contract claim because the Trust could be amended so as to revoke the testamentary disposition provided in the Second Trust Amendment. ECF No. 228 at 17. Defendants do not argue that the entire Second Trust Amendment instrument was irrevocable; rather, Defendants' argument is that the inheritance contract was irrevocable—and by extension the Second Trust Amendment's disposition of Wisnovsky Land LLC to Mark and Mike was irrevocable because it is the subject of the inheritance contract.

Even if Plaintiffs had previously raised their new "unenforceable inheritance contract" arguments before entry of summary judgment, the Court's refusal to agree with them would not constitute clear error or effect a manifest injustice against Plaintiffs. The Court should deny Plaintiffs' motion.

**D.    Plaintiffs' Newfound "Failed Contract" Argument Does Not Establish "Clear Error" or "Manifest Injustice."**

Plaintiffs' third new argument is that the inheritance contract does not satisfy "basic Oregon contract-formation requirements of mutual assent on essential terms and bargained-for consideration." ECF No. 228 at 18.

The Court should reject that argument because the Court correctly determined the evidence shows the parties entered into an enforceable, irrevocable inheritance contract. Ann, Mark, and Mike entered into the Amended Agreement to Make Payments, and that agreement was the consideration given by Defendants in performance of their side of the inheritance contract and in exchange for Ann's promise that they would inherit the Valley View Property when she died. ECF No. 143 at 49:10–15; *see also* ECF No. 160 at 35, 39. Plaintiffs have pleaded no claim for breach of the Agreement to Make Payments or Amended Agreement to Make Payments. Those agreements included conditions precedent that had to occur before Defendants would have any payment obligations. ECF No. 146-2 at 1–2; 146-7 at 1–2. Plaintiffs do not show those conditions ever occurred. Even if they had, the remedy would be enforcement of the payment obligation, not invalidation of the inheritance contract.

Plaintiffs' additional arguments about the Second Trust Amendment being irrevocable and Defendants' alleged breach of the Redemption Agreement are wrong because Defendants' argument is that the inheritance contract is irrevocable and the Redemption Agreement is not the

inheritance contract itself; rather, it further evinces, and provides context for, the inheritance contract.

Even if Plaintiffs had previously raised their new "failed contract" arguments before entry of summary judgment, the Court's refusal to agree with them would not constitute clear error or effect a manifest injustice against Plaintiffs. The Court should deny Plaintiffs' motion.

### E. Plaintiffs' Newfound "Specific Performance" Argument Does Not Establish "Clear Error" or "Manifest Injustice."

Plaintiffs' fourth new argument is that the Court wrongly decided to award specific performance to Defendants on their inheritance contract claim. ECF No. 228 at 26.

Plaintiffs argue Defendants cannot be entitled to specific performance because, "By Mark's own sworn declaration, Valley View Winery's affirmative record of rent payments to Wisnovsky Land, LLC ends on January 23, 2023, approximately six weeks before Ann's death on March 16, 2023." *Id.* at 27. The Court should reject that argument because the evidence simply shows amounts of rent Valley View paid at various times over the years. ECF No. 146 ¶ 58. The evidence does not purport to be a comprehensive accounting of all rent Valley View ever paid or owed to Wisnovsky Land, and it does not state that Valley View stopped paying rent when it was otherwise obligated to do so.

Plaintiffs also argue Defendants cannot be entitled to specific performance because the evidence "does not reflect that the LLC has executed or is prepared to execute the note and trust deed [pursuant to the Redemption Agreement], and the Order's decree does not require it to." ECF No. 228 at 27. The Court should reject that argument because the LLC is not required to execute the note and trust deed until ownership of the LLC is transferred to Mark and Mike, and even then, the note becomes payable in ten years. Moreover, Mark and Mike testified that they

are ready, willing, and able to perform any obligations they might incur under the Amended Agreement to Make Payments or any other aspect of the inheritance contract.  ECF No. 146 ¶ 60; ECF No. 147 ¶ 3.

Even if Plaintiffs had previously raised their new "specific performance" arguments before entry of summary judgment, the Court's refusal to agree with them would not constitute clear error or effect a manifest injustice against Plaintiffs.  The Court should deny Plaintiffs' motion.

F.    **Plaintiffs' Newfound "Invalid Inheritance Contract" Argument Does Not Establish "Clear Error" or "Manifest Injustice."**

Plaintiffs' fifth new argument is that the Court wrongly found, "The validity of the subsequent amendments to the Trust are therefore immaterial."  ECF No. 228 at 28.  Plaintiffs argue that was wrong because, "If the threshold holding [that the inheritance contract is irrevocable] is legally doubtful, . . . the 2019 Amendments are not merely material; they may be dispositive."  *Id.*

The Court should reject that argument because "legally doubtful" is not "clear error" and an order premised on an alleged "legally doubtful" basis does not result in "manifest injustice" to Plaintiffs.  *See* Section II.C–D.

Plaintiffs also argue, "The question whether the February 2017 Documents were the product of undue influence or overreach is not an affirmative claim Plaintiffs must re-plead; it is a defense to enforceability of the very 'inheritance contract' on which Defendants' counterclaim rests."  ECF No. 228 at 29.

The Court should reject that argument because Defendants have not alleged any affirmative defenses in response to Plaintiffs' inheritance contract claim, as pled in Defendants'

Page 22 – DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION

*Fourth Amended Answer, Affirmative Defenses, and Counterclaims* filed on February 27, 2024. ECF No. 114. Pursuant to Rule 12(a)(1)(B), Plaintiffs were required to file an answer to Defendants' counterclaims within 21 days of February 27, 2024, or by March 19, 2024. Over two years have passed since Defendants filed their counterclaims, and Plaintiffs have still not filed an answer or alleged any affirmative defenses to Defendants' counterclaims. Thus, Plaintiffs' purported "undue influence" defense is non-existent. Even if they had pled such a defense, they did not raise it in response to Defendants' motion for partial summary judgment.

And even if Plaintiffs had previously raised their new "invalid inheritance contract" arguments before entry of summary judgment, the Court's refusal to agree with them would not constitute clear error or effect a manifest injustice against Plaintiffs. The Court should deny Plaintiffs' motion.

**G.     Plaintiffs' Newfound "Personal Liability" Argument Does Not Establish "Clear Error" or "Manifest Injustice."**

Plaintiffs' sixth new argument is that the Court erred in finding Couvrette personally liable for Defendants' attorney fees under ORS 130.845. ECF No. 228 at 30. Defendants do not seek reconsideration of the Court's finding that Couvrette is also liable for attorney fees pursuant to the Amended Agreement to Make Payments, which is an independent basis of liability not contingent on Couvrette's personal liability under ORS 130.845. ECF No. 227 at 15.

The Court should reject Plaintiffs' argument because, as Defendants already pointed out in their summary judgment reply brief, "Plaintiffs altogether failed to rebut or even mention the Wisnovsky Defendants' argument that Couvrette is personally liable for attorney fees pursuant to the Amended Agreement to Make Payments and ORS 130.845(2)." ECF No. 170 at 58. Thus, even if Plaintiffs' summary judgment briefs had not been stricken, they would still be precluded

from raising that argument in their motion because they did not raise it prior to the Court's ruling on summary judgment.

Even so, Plaintiffs' argument fails because they cite no evidence in support of it. Plaintiffs frame their argument as hinging on whether Couvrette administered the Trust "under a good-faith interpretation of its terms" and acted with "good-faith fiduciary judgment." ECF No. 228 at 30–31. That is, Plaintiffs argue that if Couvrette acted in good faith, then she cannot be personally liable for Defendants' attorney fees under ORS 130.845. Plaintiffs cite no evidence in the record showing the Court committed clear error on that issue, let alone evidence that might allow an objectively reasonable juror to conclude Couvrette acted in good faith when she performed the actionable conduct described in Defendants' motion.

Even if Plaintiffs had previously raised their new "personal liability" argument before entry of summary judgment, the Court's refusal to agree with it would not constitute clear error or effect a manifest injustice against Plaintiffs. The Court should deny Plaintiffs' motion.

## H.    Plaintiffs' Newfound "Failed Contract" Argument Does Not Establish "Clear Error" or "Manifest Injustice."

Plaintiffs' seventh new argument is that the Court should grant Plaintiffs leave to file "limited" briefing in opposition to Defendants' motion for partial summary judgment on their inheritance contract claim. ECF No. 228 at 32–33. Plaintiffs argue that would be appropriate because the sanctions order did not "foreclose Couvrette's right to defend against Defendants' counterclaims." *Id.* at 32.

The Court should reject that argument because the sanctions order already decided that Plaintiffs forfeited their right to present written briefing in the summary judgment proceeding because the three briefs they filed relied heavily on fake case law and misrepresentations of real

case law, and Plaintiffs did not seek reconsideration of the Court's sanctions order. Moreover, as shown above, Plaintiffs have neither denied the allegations in support of, nor alleged any affirmative defenses against, Defendants' inheritance contract claim, thus making Plaintiffs' inheritance contract claim not in material dispute on the pleadings.

Additionally, Plaintiffs are asking the Court to do exactly what federal case law proscribes, namely, "it is not the job of courts deciding motions for reconsideration to rescue parties from their strategic litigation choices . . . [nor] rescue parties from their own errors." *Conway*, 2009 WL 1492178, at *7; *see also Johnson*, 50 F. App'x at 560 (error by party in not timely submitting affidavit was not manifest injustice because counsel's carelessness was solely responsible); *Teri Woods Publishing, LLC*, 2013 WL 6388560, at *3 (no manifest injustice where decision not to enter default against defendants was either a strategic choice or an error on the part of the plaintiffs); *In re Dreyfus Mt. Funds Fee Litig.*, 2006 WL 1699443, at *2 (no manifest injustice shown where plaintiff made decision not to file a motion for leave to amend either through mistake, ignorance, or tactical maneuvering). The Court should refuse to rescue Plaintiffs from their own errors and should instead allow this case to proceed toward judgment so this five-and-a-half-year lawsuit may finally come to an end.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion.

DATED:  May 11, 2026.

CHENOWETH LAW GROUP

 /s/ Bradley T. Crittenden
Sandra S. Gustitus, OSB No. 143298
sgustitus@chenowethlaw.com
Bradley T. Crittenden, OSB No. 173274
bcrittenden@chenowethlaw.com

*Attorneys for Defendants Mark A. Wisnovsky,*
*Michael J. Wisnovsky, and Valley View Winery, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a copy of the foregoing **DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION** on the following
person(s) in the manner indicated below:

Stephen M. Brigandi
3624 Caminito Cielo Del Mar
San Diego, CA 92130
brigandilaw@gmail.com

*Attorneys for Plaintiffs/Counter-Defendants
Joanne Couvrette, Michelle Sullivan, and
Wisnovsky Land LLC*

Curtis Glaccum
Josh Newton
Best Best & Krieger LLP
360 SW Bond St., Suite 400
Bend, OR 97702
curtis.glaccum@bbklaw.com
josh.newton@bbklaw.com
revital.kogot@bbklaw.com
astrid.furstner@bbklaw.com

*Attorney for Plaintiffs/Counter-Defendants
Joanne Couvrette, Michelle Sullivan, and
Wisnovsky Land, LLC*

James Dole
Watkinson Laird Rubenstein PC
1246 NE 7th St., Ste. B
Grants Pass, OR 97525
jdole@wlrlaw.com
kkent@wlrlaw.com
lolson@wlrlaw.com

*Attorney for Defendant Mark A. Wisnovsky,
Michael J. Wisnovsky, and Valley View
Winery*

by the following method(s):

___X___    by **e-service via CM/ECF** on the date set forth below.

___X___    by **emailing** a full, true and correct copy thereof to the parties at the email addresses
           shown above, which are the last-known email addresses of the parties, on the date set
           forth below.

I hereby declare that the above statement is true to the best of my knowledge and belief,
and that I understand it may be used as evidence in court and is subject to penalty for perjury.

DATED: May 11, 2026

CHENOWETH LAW GROUP

*/s/ Sasha Pergamit*
Sasha Pergamit, Paralegal