CURTIS GLACCUM, Bar No. 161732
curtis.glaccum@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
BEST BEST & KRIEGER LLP
360 SW Bond Street Suite 400
Bend, Oregon  97702
Telephone:  (541) 382-3011
Facsimile:  (541) 388-5410

*Of Attorneys for Plaintiffs/Counter-Defendants*
*JOANNE COUVRETTE, MICHELLE SULLIVAN, as*
*Special Administrator of the Estate of ANN M.*
*WISNOVSKY, and WISNOVSKY LAND, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| JOANNE COUVRETTE, MICHELLE SULLIVAN, as Special Administrator of the Estate of ANN M. WISNOVSKY, and WISNOVSKY LAND, LLC, an Oregon Domestic Limited Liability Company,<br><br>          Plaintiffs,<br><br>     v.<br><br>MARK A. WISNOVSKY, an individual; MICHAEL J. WISNOVSKY, an individual; and VALLEY VIEW WINERY, INC., an Oregon Domestic Business Corporation,<br><br>          Defendants. | Civil No.:  1:21-CV-00157-CL<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF OPINION AND ORDER (ECF NO. 227)**<br><br>**H**on. Mark D. Clarke |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**

15025.00001\45002067.6

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARD ..................................................................................................... 3

     A.     Clearly Erroneous Determinations of Law Must Be Reconsidered, Regardless of Whether the Error Could Have Been Raised Earlier. ............................................. 3

     B.     Defendants' Authorities Are Distinguishable and Do Not Apply Where Prior Briefing Was Wholesale Stricken. ......................................................................... 4

     C.     FRCP Rule 60(b) Independently Authorizes Correction of Legal Errors, and Defendants Ignore the Controlling Ninth Circuit Authorities. ............................... 8

     D.     Manifest Injustice Independently Supports Reconsideration. ................................ 9

III. ARGUMENT ............................................................................................................... 10

     A.     Defendants Concede the Redemption Agreement Is Severable from the Inheritance Contract, Fatally Undermining the Court's *Hays* Aggregation Analysis. ............................................................................................................... 10

     B.     Defendants' Narrowing of the Irrevocability Theory Is Inconsistent with ORS 130.505(1) and the Second Trust Amendment's Own Text. ....................... 12

     C.     Defendants Do Not Engage with *Richardson*'s Holding, the *Slover* and *VTech* Contract-Formation Analysis, Recital C's Textual Features, or the Legislative History of ORS 112.270. ....................................................................................... 13

     D.     Defendants' Response on the Unpaid Rent Confirms They Did Not Carry Their Summary-Judgment Burden. .............................................................................. 15

     E.     Defendants Overreach on Personal Liability for Attorney Fees. .......................... 17

     F.     Defendants' FRCP 8(c) Waiver Argument Misframes the Issue. ......................... 19

IV. CONCLUSION .............................................................................................................. 20

## TABLE OF AUTHORITIES

**Federal Cases**

*389 Orange St. Partners v. Arnold*
179 F.3d 656 (9th Cir. 1999) ................................................................................4, 5, 6

*Burkhalter v. Burkhalter*
No. 22-55909, 2023 WL 7490053 (9th Cir. Nov. 13, 2023) ...........................................2, 8, 17

*Conway v. A.I. duPont Hospital for Children*
No. 04-4862, 2009 WL 1492178 (E.D. Pa May 26, 2009)......................................................7

*Diaz v. Tester*
2023 WL 11833474 (D. Or. July 24, 2023)..............................................................................4, 6

*In re Dreyfus Mutual Funds Fee Litig.*
No. 04-0128, 2006 WL 1699443 (W.D. Pa June 20, 2006) .......................................................7

*E.E.O.C. v. Fred Meyer Stores, Inc.*
954 F. Supp. 2d 1104 (D. Or. 2013) .................................................................. *passim*

*Fid. Fed. Bank, FSB v. Durga Ma Corp.*
387 F.3d 1021 (9th Cir. 2004) ..................................................................................8

*Heinemann v. Satterberg*
731 F.3d 914 (9th Cir. 2013) ...................................................................9, 10, 15, 20

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*
168 F.3d 347 (9th Cir. 1999) ..................................................................................8

*Kona Enterprises, Inc. v. Estate of Bishop*
229 F.3d 877 (9th Cir. 2000) .............................................................................3, 4, 5, 7

*Leidos, Inc. v. Hellenic Republic*
881 F.3d 213 (D.C. Cir. 2018)..............................................................................9

*Liberty Mut. Ins. Co. v. EEOC*
691 F.2d 438 (9th Cir. 1982) ..................................................................................8

*Martinez v. Stanford*
323 F.3d 1178 (9th Cir. 2003) .............................................................................2, 10, 15, 18

*McDowell v. Calderon*
197 F.3d 1253 (9th Cir. 1999) ..................................................................................3

*In re Onecast Media, Inc.*
439 F.3d 558 (9th Cir. 2006) .............................................................................1, 3, 4, 5

*Perez v. Rau*
No. 2:21-CV-01025-AN, 2023 WL 4545073 (D. Or. July 12, 2023)............................ *passim*

*Phillips v. C.R. Bard, Inc.*
290 F.R.D. 615 (D. Nev. 2013).................................................................................6

*Rosenfeld v. U.S. Dep't of Justice*
57 F.3d 803 (9th Cir. 1995) ..................................................................................4, 6

**State Cases**

*Hays v. Hug*
243 Or. 175 (1966)................................................................................2, 4, 10, 11

*Richardson v. Richardson*
58 Or. App. 338 (1982)....................................................................................4, 13

*Robertson v. Jones*
280 Or. 507 (1977)..............................................................................................16

*Slover v. Or. State Bd. Of Clinical Social Workers*
144 Or. App. 565 (1996)..............................................................................2, 13, 14

*View Point Terrace, LLC v. McElroy*
213 Or. App. 281 (2007)......................................................................................15

*Vtech Communications, Inc. v. Robert Half, Inc.*
190 Or. App. 81 (2003)................................................................................2, 13, 14

**State Statutes**

ORS 112.270............................................................................................ *passim*

ORS 112.270(1) ..................................................................................................11

ORS 112.270(1)(c)...............................................................................................13

ORS 130.505....................................................................................................11, 14

ORS 130.505(1) ........................................................................................2, 4, 12, 13

ORS 130.655.......................................................................................................19

ORS 130.845(2) ................................................................................................4, 17

Page iii – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

**Rules**

Fed. R. Civ. P. 8(c) ........................................................................................................5, 19

Fed. R. Civ. P. 12.................................................................................................................19

Fed. R. Civ. P. 12(a)(1)(B) .................................................................................................19

Fed. R. Civ. P. 15(a)(1)........................................................................................................19

Fed. R. Civ. P. 15(a)(2)........................................................................................................19

Fed. R. Civ. P. 56.............................................................................................................9, 10

Fed. R. Civ. P. 56(e)(3)..........................................................................................................9

Fed. R. Civ. P. 59(e) ..............................................................................................................3

Fed. R. Civ. P. 60(b) ..............................................................................................................8

**Other Authorities**

Restatement (Third) of Trusts § 77 Comment b(2) (2007)..................................................18

Senate Committee on Judiciary, Minutes (February 23, 1973) ..........................................15

Plaintiffs/Counter-Defendants Joanne Couvrette (hereinafter, "Couvrette"), Michelle Sullivan, as special administrator of the estate of Ann M. Wisnovsky, and Wisnovsky Land, LLC (collectively, "Plaintiffs") submit the following Reply in support of Plaintiffs' Motion for Reconsideration of Opinion and Order (ECF No. 227) (hereinafter, the "Motion").

**REPLY**

**I.**
**INTRODUCTION**

Defendants Mark A. Wisnovsky (hereinafter, "Mark"), Michael J. Wisnovsky (hereinafter, "Mike"), and Valley View Winery, Inc. (hereinafter, "Valley View Winery") (collectively, "Defendants") stake their entire opposition on a single procedural premise: that under Ninth Circuit reconsideration doctrine, after the Court struck Plaintiffs' response in opposition to Defendants' Motion for Partial Summary Judgment, any argument in opposition is forever waived. That premise omits controlling Ninth Circuit authority and rests on cases factually unlike this one. The Ninth Circuit has expressly held that "[a] court abuses its discretion in denying a motion to reconsider if the underlying decision 'involved a clear error of law,'" *In re Onecast Media, Inc.*, 439 F.3d 558, 561 (9th Cir. 2006), and other Oregon District Courts applied that rule even where the movant could have raised the contrary authority earlier in the litigation. *E.E.O.C. v. Fred Meyer Stores, Inc.*, 954 F. Supp. 2d 1104, 1128 (D. Or. 2013); *Perez v. Rau*, No. 2:21-CV-01025-AN, 2023 WL 4545073, at *3-4 (D. Or. July 12, 2023). Defendants do not cite *Onecast*, *Fred Meyer Stores*, or *Perez.*

On the merits, Defendants' Response confirms rather than refutes the manifest errors identified in the Motion. Defendants tacitly concede multiple key points by declining to engage with them at all:

(1)     They never address the legislative history of ORS 112.270;

Page 1 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

(2)    They never address the contract-formation analysis under *Slover v. Or. State Bd. Of Clinical Social Workers,* 144 Or. App. 565 (1996) and *Vtech Communications, Inc. v. Robert Half, Inc.,* 190 Or. App. 81 (2003);

(3)    They never address the textual analysis of Recital C in the Amended Agreement to Make Payments;

(4)    They never address the literal compliance of the Revocation Document with Section 3.2 of the Redemption Agreement; and

(5)    They never address the framework for reconsidering attorney-fee awards explained in *Burkhalter v. Burkhalter*, No. 22-55909, 2023 WL 7490053, at *1 (9th Cir. Nov. 13, 2023).

Most strikingly, Defendants now concede that the Redemption Agreement is severable from the "inheritance contract" they seek to enforce; a concession that fatally undermines the Court's "construing-together" analysis, under *Hays v. Hug*, 243 Or. 175 (1966), on which ORS 112.270 finding rests. Defendants also narrow their irrevocability theory in ways that are inconsistent with both the Second Trust Amendment's text and ORS 130.505(1)'s requirement of express irrevocability language. And they ask this Court to read the statements contained in Mark Wisnovsky's own sworn declaration in light favorable to the *moving* party; which, even if true, simply confirms that Defendants did not carry their affirmative summary-judgment burden under *Martinez v. Stanford,* 323 F.3d 1178 (9th Cir. 2003).

Reconsideration is warranted, and the Court should grant the Motion.

Page 2 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

## II.
## LEGAL STANDARD

**A.    Clearly Erroneous Determinations of Law Must Be Reconsidered, Regardless of Whether the Error Could Have Been Raised Earlier.**

The threshold flaw in Defendants' procedural argument is its omission of controlling Ninth Circuit authority. The Ninth Circuit has expressly held "[a] court abuses its discretion in denying a motion to reconsider if the underlying decision 'involved a clear error of law.'" *In re Onecast Media, Inc.*, 439 F.3d at 561. That unequivocal direction holds true regardless of whether a party could have raised arguments pointing out the error earlier in the litigation. *Perez*, 2023 WL 4545073, at *3-4; *Fred Meyer Stores*, 954 F. Supp. 2d at 1128.

Other courts within the District of Oregon have previously addressed and rejected the very argument Defendants now advance. In *Fred Meyer Stores*, the court considered an argument premised on *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877 (9th Cir. 2000), the same authority Defendants now invoke, and granted reconsideration nonetheless:

> This court acknowledges defendant's citation to *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), which states that "a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (Emphasis in original.) However, the Ninth Circuit has also held that "a court abuses its discretion in denying a motion for reconsideration if the underlying decision 'involved clear error of law.'" *In re Onecast Media, Inc.*, 439 F.3d 558, 561 (9th Cir. 2006) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)). In this case, the court must remedy its clear error of law.

*Fred Meyer Stores, Inc.*, 954 F. Supp. 2d at 1128 (internal quotation marks omitted).

The district court in *Perez* followed the same approach, granting reconsideration where the movant raised contrary precedent for the first time on reconsideration. *Perez*, 2023 WL 4545073, at *3-4. The court acknowledged that, "[g]enerally, motions for reconsideration may not be used to raise new arguments," and specifically recognized that the moving party

Page 3 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

"reasonably could have raised" the contrary precedent "to the court's attention in his motions briefing … but failed to do so." *Id.* at *3-4. Nonetheless, the court granted reconsideration on the basis that precedent contrary to its decision "cannot be ignored," even if it could have been raised earlier. *Id.* at *3. In so holding, the Court concluded that it could "[] not conceive a more manifest injustice than effectively dismissing plaintiff's claim based on an erroneous application of the law." *Id.* at *3-4.

The same logic applies here with even greater force. The Order's threshold finding of an irrevocable inheritance contract under ORS 112.270 rests on clear errors of law that Plaintiffs have now identified, including the application of a will-and-devise statute to *inter vivos* trust amendments contrary to *Richardson v. Richardson*, 58 Or. App. 338, 342 (1982); the aggregation of four documents under *Hays* despite the documents having different parties; the inference of a perpetual covenant of irrevocability that contravenes ORS 130.505(1)'s requirement of express trust language; and the imposition of personal liability under ORS 130.845(2) on a record that does not support a personal-fault finding. Under *Onecast*, *Fred Meyer Stores*, and *Perez*, these errors of law are subject to correction on reconsideration, regardless of whether Plaintiffs could have raised them earlier.

**B.      Defendants' Authorities Are Distinguishable and Do Not Apply Where Prior Briefing Was Wholesale Stricken.**

Defendants' four lead authorities regarding reconsideration are: *Kona*, *389 Orange St. Partners v. Arnold*, 179 F.3d 656 (9th Cir. 1999), *Rosenfeld v. U.S. Dep't of Justice,* 57 F.3d 803 (9th Cir. 1995), and *Diaz v. Tester,* 2023 WL 11833474 (D. Or. July 24, 2023). All four cases are distinguishable on two independent grounds. *Kona,* 229 F.3d 877; *389 Orange St. Partners,* 179 F.3d 656; *Rosenfeld,* 57 F.3d 803; *Diaz,* 2023 WL 11833474. First, *none* of those cases involved

Page 4 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**

a determination that the underlying order was clearly erroneous. Second, all four cases involved movants who had briefed the merits.

The authorities relied on by Defendants do not alter the rule that "clearly erroneous" determinations of law must be reconsidered. *Onecast Media, Inc.*, 439 F.3d at 564. They are also distinguishable from the circumstances here.

In *Kona*, the court held only that a party seeking reconsideration could not raise new arguments in a motion for reconsideration where, unlike here, the issue had been fully briefed and argued before the court. *Kona*, 229 F.3d at 890-91 (noting that the argument could have been raised in the party's "memorandum in Support of Objections to Report of Special Master," "Reply Memorandum in Support of Objections to Magistrate's Report and Recommendation," or "during the … hearing before the district court judge concerning their objections to the Special Master's Report"). Importantly, the Ninth Circuit made no determination that the order underlying the motion for reconsideration was clearly erroneous. *See id*. Moreover, the issue sought to be reconsidered concerned only the recovery of attorneys' fees, which presents significantly less risk of manifest injustice than that presented when a decision that is dispositive of claims in the case that is decided incorrectly. *Perez*, 2023 WL 4545073, at *4 ("this Court cannot conceive a more manifest injustice than effectively dismissing plaintiff's claim based on an erroneous application of the law").

In *389 Orange St. Partners*, a party sought reconsideration of an order that failed to designate his cross-claims as affirmative defenses under Federal Rule of Civil Procedure ("FRCP") Rule 8(c). *389 Orange St. Partners*, 179 F.3d at 664. The Ninth Circuit concluded that the district court "acted within its discretion in failing to redesignate the claims," and made no determination that a clear error occurred in the underlying decision. *Id.* at 664-65. The court

Page 5 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

proceeded to hold only that a party seeking reconsideration could not raise an argument that it did not raise "[i]n all of the pleadings, motions, and memoranda filed with the district court leading up to summary judgment[.]" *Id.* at 665. In this case, conversely, none of Plaintiffs' briefing on Defendants' Motion for Partial Summary Judgment was before the Court when it decided the Motion for Summary Judgment.

Both *Rosenfeld* and *Diaz* follow the same pattern. *Rosenfeld*, 57 F.3d 803; *Diaz*, 2023 WL 11833474. Neither court determined that the underlying order for reconsideration was clearly erroneous. *Diaz,* 2023 WL 11833474, at *1-3; *Rosenfeld*, 57 F.3d at 811. In *Rosenfeld*, the court held only that the district court did not abuse its discretion by failing to consider an argument where the party "failed to show why it could not have presented the argument" earlier. *Rosenfeld,* 57 F.3d at 811. In *Diaz*, the court declined to consider an argument that the party "could have made … in response to Defendants' Motion for Summary Judgment but did not." *Diaz*, 2023 WL 11833474, at *2. Here, none of the briefing in which Plaintiff could have pointed out the errors in the Court's decision were before the Court when that decision was rendered.

While true that "[m]otions for reconsideration are not the proper vehicles for rehashing old arguments" or "giv[ing] an unhappy litigant one additional chance to sway the judge," that is not the circumstance presented here. *Id.* at *1 (quoting *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013)). Instead, Plaintiffs' Motion for Reconsideration is intended to give the Court an opportunity to correct its erroneous conclusions of law, as Defendants have not carried their burden to succeed on the Motion for Partial Summary Judgment that went entirely unopposed as a result of sanctions imposed because of actions by Plaintiff's prior counsel. As concluded by the Oregon District Court in *Fred Myers Stores* and *Perez*, the Court must correct

Page 6 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

those errors regardless of whether they could have been pointed out earlier in the litigation. *Fred Meyer*, 954 F. Supp. 2d at 1128; *Perez*, 2023 WL 4545073, at \*4.

Plaintiffs' situation differs fundamentally from each of these cases. Plaintiffs did not choose to forgo arguments they now seek to raise. Plaintiffs' opposition briefing was stricken in its entirety, without leave to refile, as a sanction. ECF No. 215. The Court itself recognized the procedural posture this created, expressly noting that "Defendants' Motion is unopposed by any written briefing." Order at 2. None of the briefing in which Plaintiffs could have pointed out the errors in the Court's decision were before the Court when that decision was rendered. The anti-sandbagging policy underlying *Kona* has no application here.

Defendants' authorities about courts not rescuing parties from their "strategic litigation choices" (Resp. at 11, 25) similarly miss the mark. Plaintiffs did not make a strategic choice to forgo opposition briefing on this counterclaim; their opposition was stricken without leave to re-file. The cases Defendants cite, such as *Conway v. A.I. duPont Hospital for Children,* No. 04-4862, 2009 WL 1492178 (E.D. Pa May 26, 2009) (counsel chose not to respond timely) and *In re Dreyfus Mutual Funds Fee Litig.*, No. 04-0128, 2006 WL 1699443 (W.D. Pa June 20, 2006) (party made decision not to move to amend), all involve litigants who made affirmative tactical choices. Plaintiffs made no such choice with respect to the Eighth Counterclaim. Plaintiffs' opportunity to brief was extinguished by an order issuing sanctions, which the Court strictly advised Plaintiffs that it was not willing to reconsider.

Accordingly, Plaintiffs' immediate Motion was deliberately and exceptionally restrained, limiting its briefing solely to the facts and legal arguments expressly addressed in the Court's Order and based only on the evidence Defendants supplied in support of their motion for partial summary judgment.

Page 7 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

**C.**     **FRCP Rule 60(b) Independently Authorizes Correction of Legal Errors, and Defendants Ignore the Controlling Ninth Circuit Authorities.**

Defendants' Response also fails to engage with the controlling Ninth Circuit cases authorizing reconsideration to correct legal errors under FRCP Rule 60(b). Under that Rule, "a district court can correct its own mistake" in rendering an order or judgment, including its "own error of law." *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). "The law in this circuit is that errors of law are cognizable under Rule 60(b)." *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982). "The district court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself." *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). The Ninth Circuit recently reaffirmed this framework in *Burkhalter v. Burkhalter*, No. 22-55909, 2023 WL 7490053, at *1, vacating a district court's attorney-fee award and denial of reconsideration "[b]ecause the district court appears to have applied an incorrect legal standard[.]"

These authorities establish that legal errors are correctable on reconsideration, and they do so without regard to whether the moving party previously briefed the issue. That makes sense: a court's obligation to apply the correct legal standard does not depend on the quality of the parties' briefing. Where the Court has "applied an incorrect legal standard," *Burkhalter*, 2023 WL 7490053, at *1, reconsideration is appropriate regardless of whether the error was previously identified by the parties.

Defendants' Response engages with none of these authorities. They do not cite *Fidelity Federal*, *Kingvision*, or *Liberty Mutual* at all. They do not cite *Burkhalter* at all, even though *Burkhalter* is the most directly analogous recent Ninth Circuit decision, involving reconsideration on legal-error grounds. These unaddressed authorities establish that the Court has authority to reconsider its Order regardless of Defendants' procedural framing.

Page 8 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

D.    <u>**Manifest Injustice Independently Supports Reconsideration.**</u>

Even on Defendants' own framing of the manifest-injustice standard, the standard is satisfied here. The Order imposes specific performance of a multi-million-dollar asset transfer and personal fee liability against a former trustee. It does so on an unopposed record where the unopposed condition resulted from a sanctions order directed at prior counsel's misconduct, not from a merits adjudication of this counterclaim. The combination of consequence and procedural posture is exactly the kind of "clear and certain prejudice . . . that is fundamentally unfair in light of governing law" that supports reconsideration. *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoted in Resp. at 10-11).

As the Court itself recognized, an unopposed summary-judgment motion may not be granted based solely on the non-movant's lack of response. *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013); Order at 11. In *Heinemann*, the Ninth Circuit held that FRCP Rule 56 still requires the court to determine whether "the motion and supporting materials" establish the movant's entitlement to judgment as a matter of law. *Id*. at 918 (quoting FRCP 56(e)(3)). The Ninth Circuit emphasized that the 2010 amendments to FRCP Rule 56 were specifically intended to prohibit the automatic entry of summary judgment based solely on a party's failure to oppose the motion. *Id*. at 917.

Relying on the Advisory Committee Notes to the 2010 amendments, the Ninth Circuit explained that "[c]onsidering some facts undisputed does not of itself allow summary judgment." *Id*. at 917, Even where a party fails to properly respond, the district court must still determine "whether those facts can be genuinely disputed." *Id*. (internal citations omitted). The court must identify the operative factual record, including facts deemed undisputed for lack of response and any facts that "cannot be genuinely disputed despite a procedurally proper response or reply," before ruling on the motion. *Id*. The Ninth Circuit underscored that courts must independently

Page 9 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

evaluate the evidentiary record rather than simply accept the moving party's presentation at face value. *Id*. at 916-17.

Most importantly, *Heinemann* holds that, once the relevant facts are identified, the court must still determine "the legal consequences of these facts and permissible inferences from them." *Id*. at 917. In other words, even uncontroverted facts do not automatically entitle a movant to judgment; the court must still decide whether the undisputed evidence and the reasonable inferences drawn from it satisfy the governing substantive law. *See id*. at 916-17. The decision therefore confirms that a district court retains an independent obligation to assess both the existence of any genuine factual dispute and whether the undisputed factual record actually warrants summary judgment as a matter of law.

The movant retains the "affirmative duty under FRCP Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). Where the Court's legal conclusions are themselves erroneous, reconsideration is necessary regardless of the briefing posture.

### III.
### ARGUMENT

**A.** **Defendants Concede the Redemption Agreement Is Severable from the Inheritance Contract, Fatally Undermining the Court's *Hays* Aggregation Analysis.**

The single most consequential statement in Defendants' Response is the following:

> Defendants' inheritance contract claim is not for enforcement of the Redemption Agreement and does not depend on whether the Redemption Agreement is enforceable. The claim is for enforcement of the inheritance contract.

Resp. at 18. Defendants further explain that "the Redemption Agreement is not the inheritance contract itself; rather, it further evinces, and provides context for, the inheritance contract." Resp. at 20-21. That concession is dispositive of multiple errors in the Order.

Page 10 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

The Court's threshold ORS 112.270 finding rested entirely on aggregating the four February 2017 Documents into one contract under *Hays v. Hug*, 243 Or. at 177. Order at 14. The Court explained:

> Ann's execution of the Second Trust Amendment, which incorporated the terms of the Redemption Agreement and is specifically referenced in the Amended Agreement to Make Payments, satisfies ORS 112.270(1). Defendants have an irrevocable inheritance contract with the Trust.

Order at 14.

If Defendants now concede that the Redemption Agreement is not part of the inheritance contract, then the Court's stated reason for finding ORS 112.270 satisfied collapses. The Court relied on the Second Trust Amendment's reference to the Redemption Agreement transaction to establish that the writing requirement was met. If the Redemption Agreement is merely "context," then the operative documents Defendants now rely on are only the Amended Agreement to Make Payments, the Second Vineyard Addendum, and the Second Trust Amendment. Those three documents, considered together, contain no language binding Ann's reserved ORS 130.505 power to amend the Trust. The Amended Agreement to Make Payments addresses post-sale payment obligations of Mark and Mike, not Ann's surrender of trust amendment rights. The Second Trust Amendment is a unilateral trust instrument that expressly "ratif[ies] and affirm[s] the Inter Vivos Revocable Trust." Ex. 552 at 2. And the Second Vineyard Addendum essentially increased the rent.

Defendants' concession is also fatal to the Court's order for specific-performance. The Court's decree expressly orders the Trust to "perform the terms of the inheritance contract, as described in Section 3.3B of the Second Amended Trust, 'consummating the transaction described in the Redemption Agreement' including transfer of the Trust's remaining membership interest in the LLC and its Valley View Property to Mark and Mike." Order at 15. If the

Page 11 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

Redemption Agreement is not the inheritance contract, the specific-performance decree's express reference to "the transaction described in the Redemption Agreement" cannot stand. Either the Redemption Agreement is part of the inheritance contract—in which case Defendants' concession at page 18 of their Response is wrong, but the Revocation Document's compliance with Section 3.2 of that Agreement (analyzed in the Motion at Part III.B.2) becomes dispositive—or it is not part of the inheritance contract, in which case the specific-performance decree exceeds the scope of the agreement Defendants now seek to enforce. Defendants cannot have it both ways.

**B.      Defendants' Narrowing of the Irrevocability Theory Is Inconsistent with ORS 130.505(1) and the Second Trust Amendment's Own Text.**

Defendants attempt to narrow their irrevocability theory in response to the Motion's analysis of the Second Trust Amendment's "ratify and affirm" language. They now contend:

> Defendants do not argue that the entire Second Trust Amendment instrument was irrevocable; rather, Defendants' argument is that the inheritance contract was irrevocable—and by extension the Second Trust Amendment's disposition of Wisnovsky Land LLC to Mark and Mike was irrevocable because it is the subject of the inheritance contract.

Resp. at 19.

This selective-irrevocability theory has no foundation in Oregon trust law and is inconsistent with the Second Trust Amendment's own text. The Second Trust Amendment amends two sections of the Trust: Section 3.3B (governing the LLC disposition) and Section 3.3C (governing the residue, allocating 35% each to Couvrette and Robert and 15% each to Mark and Mike). Ex. 552 at 1-2. Defendants now claim only Section 3.3B is contractually locked in place, but that Section 3.3C remains revocable. They cite no authority for the proposition that an "inheritance contract" can selectively render some provisions of a trust amendment irrevocable while leaving others subject to ordinary settlor amendment powers.

Page 12 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

ORS 130.505(1) forecloses this approach. The statute provides: "Unless the terms of a trust expressly provide that the trust is irrevocable, the settlor of the trust may revoke or amend the trust." The default rule is revocability; irrevocability requires *express trust language*. The Second Trust Amendment contains no such language as to any section: not Section 3.3B, not Section 3.3C, and not the instrument as a whole. To the contrary, the instrument's closing line expressly reaffirms the Trust's revocability. Ex. 552 at 2. Defendants ask the Court to infer selective irrevocability from documents that say nothing about irrevocability and from a trust amendment that affirmatively says the opposite. That inference is foreclosed by ORS 130.505(1).

**C.**     **Defendants Do Not Engage with *Richardson*'s Holding, the *Slover* and *VTech* Contract-Formation Analysis, Recital C's Textual Features, or the Legislative History of ORS 112.270.**

Defendants' substantive engagement with the Motion's legal analysis is striking primarily for what it omits. Four categories of authority and analysis are simply absent from the Response.

**First**, Defendants address *Richardson*, 58 Or. App. 338, only by saying it is "distinguishable on the facts." Resp. at 17. Defendants never engage with *Richardson*'s actual holding: that ORS 112.270(1)(c) requires the decedent's signed writing to *reference the underlying agreement*, not merely evidence the decedent's intent. *Richardson,* 58 Or. App. at 342. Defendants assert that *Richardson* involved a failed oral contract while the present case involves written documents. Resp. at 17. That distinction misses *Richardson*'s point: the plaintiff in *Richardson* offered three written exhibits: an invalid will, a letter telling the plaintiff to do what she wanted with the house, and a letter to the decedent's father directing that the plaintiff receive everything. *Richardson,* at 340. The Court of Appeals held those writings insufficient because, although they "evidence[d] decedent's intent that plaintiff receive his property, they make no reference to an underlying agreement between them to devise." *Id.* at 342. *Richardson* requires the writing the decedent signed in her individual capacity to reference a contract to

Page 13 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

make; a requirement that the Redemption Agreement and Second Trust Amendment cannot meet because they reference no underlying agreement to make a will.

**Second**, Defendants do not address *Slover*, 144 Or. App. at 570 (four elements of breach of contract), or *VTech Communications,* 190 Or. App. at 89 (mutual assent on essential terms). Instead, Defendants re-characterize the Motion's contract-formation argument as a breach claim on the Amended Agreement to Make Payments. Resp. at 20. However, that is not Plaintiff's argument. The Motion does not contend that Defendants breached the Amended Agreement to Make Payments. The Motion contends that Defendants cannot establish the existence of an irrevocable inheritance contract because mutual assent and bargained-for consideration for the specific covenant of irrevocability are absent. Under *VTech*, a court cannot manufacture by implication a contractual term (*i.e.,* Ann's surrender of her ORS 130.505 amendment power) on which the parties did not mutually assent. Defendants' Response does not address that argument on its merits.

**Third**, Defendants do not engage with the textual construction of Recital C of the Amended Agreement to Make Payments. Ex. 553 at 1. Recital C reads:

> Ann M. Wisnovsky has determined to amend the Wisnovsky Trust and Valley View and Wisnovsky Land, LLC, which is controlled by Ann M. Wisnovsky, have agreed to amend a Vineyard Lease that exists between them. Ann M. Wisnovsky's agreement to make such changes is conditioned upon the execution of this Agreement.

The Motion identifies two features of that language fatal to the Order's theory: (i) the past-tense verb "has determined," reflecting a completed one-time determination to amend rather than an ongoing covenant; and (ii) the reversed conditionality, with *Ann's* agreement conditioned on Defendants' execution rather than the other way around. Defendants quote the Recital at page 19 of their Response but never engage with the textual analysis.

Page 14 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

**Fourth**, Defendants do not engage with the legislative history of ORS 112.270. The 1973 Senate Judiciary Committee Minutes establish that the statute's purpose was to eliminate litigation involving contracts to make wills and contracts to devise, not to create a new affirmative basis for courts to validate trust-based inheritance arrangements as irrevocable covenants. *See* Minutes, Senate Committee on Judiciary, February 23, 1973, at 10. A statute enacted to limit inheritance litigation should not be construed expansively to validate novel inheritance covenants. Defendants offer no response to this point.

D.    <u>Defendants' Response on the Unpaid Rent Confirms They Did Not Carry Their Summary-Judgment Burden.</u>

Defendants' response to the Motion's specific-performance arguments is revealing. As to the unpaid-rent evidence, Defendants contend that Mark's declaration paragraph 58 "simply shows amounts of rent Valley View paid at various times over the years" and "does not state that Valley View stopped paying rent when it was otherwise obligated to do so." Resp. at 21.

That is an admission, not a refutation. Defendants moved for summary judgment seeking specific performance, which is an equitable remedy that requires a showing of readiness, willingness, and ability to perform. *View Point Terrace, LLC v. McElroy*, 213 Or. App. 281, 285 (2007) (cited at Order at 14). Defendants bore the affirmative burden under *Heinemann* and *Martinez* to demonstrate entitlement to that relief as a matter of law. If Mark's declaration, the affirmative record on which the Order relied, does not establish what rent was owed and what rent was paid, then Defendants have not carried their burden. Defendants cannot defeat reconsideration by asserting that their own evidence is silent on the readiness element.

Defendants' response on the promissory note is similarly problematic. They argue that "the LLC is not required to execute the note and trust deed until ownership of the LLC is transferred to Mark and Mike, and even then, the note becomes payable in ten years." Resp. at

Page 15 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**

15025.00001\45002067.6

21-22. That ordering inverts the structure of the Redemption Agreement. Section 1 of Exhibit 1225 provides that "[f]ollowing the date of death of Ann M. Wisnovsky, the Company shall purchase from Member and Member shall sell to the Company one-half of Member's Ownership Interest in the Company." Ex. 1225 § 1. Section 2 of Exhibit 1225 specifies that "[t]he Purchase Price shall be paid by the Company's execution and delivery to Member of a promissory note," with payment "secured by a 'Trust Deed' . . . encumber[ing] the real property owned by the Company on the Closing Date[.]" Ex. 1225 § 2. The note and trust deed are the consideration the LLC pays at *Closing* for the partial redemption, not contingent obligations triggered only after transfer of the entire LLC to Mark and Mike. Defendants' rewriting of the payment structure underscores that the Order's specific-performance decree, which orders transfer of the LLC and its Valley View Property to Mark and Mike without requiring execution and delivery of the note and trust deed, exceeds the scope of the Redemption Agreement.

Defendants also rely on bare declaratory statements that Mark and Mike are "ready, willing, and able to perform any obligations they might incur . . .." Resp. at 21-22 (citing Wisnovsky Decl. ¶ 60; Mike Decl. ¶ 3). But generalized readiness declarations are not a substitute for actual performance of the specific present obligations the contract already identifies. Defendants do not assert that the LLC has executed the note or recorded the trust deed. They do not address the lease arrears identified in Mark's declaration ¶ 58. And they do not engage with the principle that specific performance is an equitable remedy whose scope is limited to the performance the contract requires. *See Robertson v. Jones*, 280 Or. 507, 511 (1977) (cited at Order at 14).

**E.**    <u>**Defendants Overreach on Personal Liability for Attorney Fees.**</u>

Defendants contend that the personal-liability portion of the fee award has "an independent basis" in the Amended Agreement to Make Payments fee provision, separate from ORS 130.845(2). Resp. at 23. They argue that even if the Court's personal-fault finding under ORS 130.845(2) is reconsidered, the Amended Agreement to Make Payments' fee provision still supports personal liability against Couvrette. Resp. at 23.

The Order does not articulate any such independent basis. The Order awards fees on the Amended Agreement to Make Payments fee provision "against Couvrette personally, in addition to the Trust," based on the personal-fault finding under ORS 130.845(2). Order at 15-16. The Amended Agreement to Make Payments fee provision is the contractual vehicle; ORS 130.845(2) is the predicate for personal liability. Stripped of the personal-fault finding, the Amended Agreement to Make Payments fee provision applies only to the Trust as the contracting party, not to Couvrette in her individual capacity. The Amended Agreement to Make Payments itself does not name Couvrette personally; it is signed by Ann as Trustee, by Mark and Mike, and by Valley View Winery. Ex. 553 at 4. Couvrette is not a party to the Amended Agreement to Make Payments and could not be personally liable on it absent the trustee-fault predicate the Order relies on.

The Ninth Circuit's recent decision in *Burkhalter*, 2023 WL 7490053, at *1, directly supports reconsideration of attorney-fee awards where the district court "applied an incorrect legal standard." Defendants do not cite or distinguish *Burkhalter*. The Court's personal-fault finding under ORS 130.845(2) was imposed on a one-sentence record observation that Couvrette was "in control of the LLC at the time that Defendants filed their counterclaim." Order at 16. This falls within *Burkhalter*'s reach because ORS 130.845(2) requires "personal fault," a fact-

Page 17 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

bound determination that cannot be made on a summary-judgment record observing only that the trustee held office. The Court applied an incorrect legal standard by conflating control with fault.

Defendants further argue that Couvrette "cite[s] no evidence in support" of her good-faith fiduciary judgment. Resp. at 24. That argument inverts the summary-judgment burden. Defendants were the ones who moved for summary judgment seeking personal liability against Couvrette. They bore the burden of demonstrating personal fault. *Martinez*, 323 F.3d at 1182.

However, Couvrette's administration of the Trust was guided by the advice of Oregon attorney, Gary Turner. Order at 8. Turner prepared the subsequent Trust amendments and the Revocation of the Redemption Agreement on which Couvrette relied as trustee. *See* Wisnovsky Decl. ¶¶ 53, 56; Ex. 564 (Fifth Amendment to the Ann M. Wisnovsky Trust); Ex. 622 (Sixth Amendment to the Ann M. Wisnovsky Trust). Under the Restatement (Third) of Trusts, "[t]he work of trusteeship, from interpreting the terms of the trust to decisionmaking in various aspects of administration, can raise questions of legal complexity. Taking the advice of legal counsel on such matters evidences prudence on the part of the trustee." Restatement (Third) of Trusts § 77 cmt. b(2) (2007). Whether the 2019 Amendments and the Revocation were ultimately legally effective is the very question this Motion asks the Court to reconsider; but Couvrette's reliance on instruments drafted by an Oregon attorney "evidences prudence" in her work as trustee, rather than a finding of personal fault.

The Order's one-sentence conclusion that Couvrette was "personally at fault for the decision to withhold the LLC from Mark and Mike after Ann died" (Order at 16) is not a finding of fault, it is a finding of conduct. Mark's own declaration in paragraph 58 establishes that Valley View Winery, which Mark and Mike wholly own, has paid no rent to Wisnovsky Land, LLC since 2023. A trustee charged with preserving LLC assets does not commit "personal fault"

Page 18 – **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
15025.00001\45002067.6

by declining to transfer those assets to parties actively diverting the LLC's revenue stream. *See* ORS 130.655 (duty of loyalty); ORS 130.665 (duty of prudent administration).

**F.    Defendants' FRCP 8(c) Waiver Argument Misframes the Issue.**

Candor with the Court warrants acknowledgment that this case has been pending since January 2021 and has involved procedural fluidity on all sides. Plaintiffs' First Amended Complaint ("FAC") was filed, on March 16, 2022. (ECF No. 45), which alleged, in part, that Defendants' contracts with Ann and the Trust were invalid and unenforceable as they were procured as a result of undue Influence. *Id*. at ¶ 56. Defendants filed their Answer, Affirmative Defenses, and Counterclaims (ECF No. 52) in response to the FAC, on April 8, 2022. Plaintiffs filed their operative pleading, Reply and Affirmative Defenses (ECF No. 94), in response to the counterclaims, on April 21, 2024. Defendants then proceeded to file numerous amended answers, including Defendants' Fourth Amended Answer, Affirmative Defenses, and Counterclaims (ECF No. 114), filed on February 27, 2024.

The case docket reflects no motion by Defendants for leave to file the Fourth Amended Answer, no stipulation by Plaintiffs consenting to its filing, and no order of the Court granting leave. FRCP Rule 15(a)(1) permitted amendment as a matter of course only within 21 days of service of the original responsive pleading or within 21 days of service of a Rule 12 motion. That window had long since closed by February 2024. Under FRCP Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Defendants obtained neither. This is all to say that Defendants cannot invoke a strict 21-day FRCP Rule 12(a)(1)(B) clock running from an amended counterclaim that they themselves filed without complying with FRCP Rule 15(a)(2).

Defendants' Response also overlooks that Plaintiffs' operative Reply to Defendants' counterclaims (ECF No. 94) asserts numerous affirmative defenses, including affirmative defenses that cover doctrinal ground overlapping with undue influence, such as fraud, unclean hands, illegality, and estoppel.

Under *Heinemann*, 731 F.3d at 916, the Court may not grant summary judgment based solely on the lack of opposition where the movant has not affirmatively established its entitlement to relief. Whether characterized as a defense to enforceability or as a challenge to Defendants' affirmative summary-judgment burden, the contract-formation question cannot be resolved on the present record. Reconsideration is warranted to permit the Court to evaluate that question on a properly developed factual record.

## IV.
## CONCLUSION

Defendants' Response confirms rather than refutes the legal errors identified in Plaintiffs' Motion. Defendants' procedural argument fails because it ignores controlling Ninth Circuit authority permitting reconsideration to correct clear errors of law. Their substantive responses fare no better, as Defendants largely fail to engage with Plaintiffs' core arguments and concede multiple points that undermine the Order's reasoning. Reconsideration is also necessary to prevent the manifest injustice of imposing specific performance and personal attorney-fee liability on an undeveloped summary-judgment record.

For these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Reconsideration of Opinion and Order (ECF No. 227), vacate the Order granting summary judgment on Defendants' Eighth Counterclaim, ordering specific performance, and imposing personal attorney-fee liability against Couvrette, and deny Defendants' Motion for Partial

Summary Judgment on those issues. In the alternative, Plaintiffs request leave for supplemental

briefing and further proceedings on the legal and factual issues identified above.

Dated:      May 26, 2026

BEST BEST & KRIEGER LLP


By: *s/ Curtis Glaccum*
    CURTIS GLACCUM, Bar No. 161732
    curtis.glaccum@bbklaw.com
    JOSH NEWTON, Bar No. 983087
    josh.newton@bbklaw.com

    Of Attorneys for Plaintiffs/Counter-
    Defendants JOANNE COUVRETTE,
    MICHELLE SULLIVAN, as Special
    Administrator of the Estate of ANN M.
    WISNOVSKY, and WISNOVSKY
    LAND, LLC

# CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 6,038 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

15025.00001\45002067.6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May, 2026, I caused to be served a copy of

the foregoing REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR

RECONSIDERATION OF OPINION AND ORDER (ECF NO. 227)  on the following

person(s) in the manner indicated below:

Sandra S. Gustitus, Bar No. 143298  
Bradley T. Crittenden, Bar No. 173274  
Chenoweth Law Group, PC  
510 SW Fifth Avenue, 4th Floor  
Portland, OR  97204  
Email:    sgustitus@chenowethlaw.com  
bcrittenden@chenowethlaw.com

James R. Dole, Bar No. 892272  
Watkinson Laird Rubenstein PC  
1246 NE 7th St Ste B  
Grants Pass OR  97526  
Email:    jdole@wlrlaw.com

*Attorneys for Defendants Michael J. Wisnovsky, Mark A. Wisnovsky, and Valley View Winery, Inc.*

*Attorney for Defendants Michael J. Wisnovsky, Mark A. Wisnovsky, and Valley View Winery, Inc.*

by causing a full, true, and correct copy thereof to be sent by the following indicated

method or methods, on the date set forth below:

☒    by e-service via CM/ECF on the date set forth below.

☐    by mailing in a sealed, first-class postage-prepaid envelope, addressed to the last-known office address of the attorney, and deposited with the United States Postal Service at Bend, Oregon.

☒    by emailing to the attorney at the email address that is the last-known email address for the attorney's office.

DATED May 26, 2026          BEST BEST & KRIEGER LLP

CURTIS GLACCUM, Bar No. 161732  
curtis.glaccum@bbklaw.com  
JOSH NEWTON, Bar No. 983087  
josh.newton@bbklaw.com

*Of Attorneys for Plaintiffs/Counter-Defendants JOANNE COUVRETTE, MICHELLE SULLIVAN, as Special Administrator of the Estate of ANN M. WISNOVSKY, and WISNOVSKY LAND, LLC,*

CERTIFICATE OF SERVICE

15025.00001\45002067.6