UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JOANNE COUVRETTE, MICHELLE SULLIVAN, *as special administrator of the estate of Ann M. Wisnovsky;* and WISNOVSKY LAND, LLC, *an Oregon limited liability company,*<br><br>      Plaintiffs,<br><br>v.<br><br>MARK A. WISNOVSKY; MICHAEL J. WISNOVSKY; and VALLEY VIEW WINERY, INC., *an Oregon Domestic Business Corporation,*<br><br>      Defendants. | Case No. 1:21-cv-000157-CL<br><br>**OPINION AND ORDER** |

**CLARKE,** United States Magistrate Judge.

Before the Court is Plaintiffs' Motion for Reconsideration (ECF No. 228). For the reasons below, Plaintiffs' Motion for Reconsideration (ECF No. 228) is DENIED.

## BACKGROUND

In January 2025, the parties filed cross-motions for summary judgment. ECF Nos. 142, 143. In June 2025, Defendants filed a Motion for Imposition of Sanctions, arguing that Plaintiffs had cited fabricated cases in their briefing. ECF No. 184 at 3.

Page 1 — OPINION AND ORDER

In December 2025, the Court imposed sanctions on Plaintiffs and one of Plaintiffs' attorneys, Mr. Brigandi. ECF No. 215. The Court was persuaded by "circumstantial evidence that Ms. Couvrette likely drafted or participated in drafting Plaintiffs' sanctionable summary judgment briefs" and found that "Ms. Couvrette shares responsibility for the use of non-existent cases and fabricated quotations." *Id.* at 14. Consequently, the Court struck Plaintiffs' summary judgment briefs and Plaintiffs' amended filings without leave to refile and dismissed Plaintiffs' claims with prejudice. *Id.* at 28-29. In so doing, the Court explained that "Plaintiffs have failed to show cause as to why the Court should not follow through with its warning about the consequences for further noncompliance with the Local Rules" and that "less drastic sanctions are inappropriate under the circumstances." *Id.* at 27-28.

The Court then considered Defendants' unopposed Motion for Partial Summary Judgment. ECF No. 227 at 2. After denying as moot the portions of Defendants' motion on Plaintiffs' previously dismissed claims, the Court concluded that Defendants were entitled to summary judgment on their eighth counterclaim for breach of contract and ordered specific performance of the inheritance contract. *Id.* at 16-17. Plaintiffs' Motion for Reconsideration followed. ECF No. 228.

### LEGAL STANDARDS

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling

law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

"A motion for reconsideration prompts a two-step inquiry. First, whether the court should reconsider a prior ruling; and second, if the court determines it should reconsider a prior ruling, whether the court should change the prior ruling." *Beck v. Metro. Prop. & Cas. Ins. Co.,* No. 3:13-CV-00879-AC, 2014 WL 4404962, at *4 (D. Or. Sept. 5, 2014). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003).

"A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc.,* 229 F.3d at 890; *see also 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999) ("Our abuse of discretion review precludes reversing the district court for declining to address an issue raised for the first time in a motion for reconsideration.")

"Rule 60(b) enables courts to grant relief from judgment to parties based on certain substantive errors." *Marroquin v. City of Los Angeles,* 112 F.4th 1204, 1215 (9th Cir. 2024). Under Rule 60(b)(1), a court may grant relief for "mistake, inadvertence, surprise, or excusable neglect." A "mistake" within the meaning of Rule 60(b)(1) includes a mistake of law or fact made by a court. *Kemp v. United States,* 596 U.S. 528, 535 (2022).

## DISCUSSION

Plaintiffs seek reconsideration of the Court's Opinion and Order (ECF No. 227). ECF No. 228. Relying on Rule 59(e) and Rule 60(b), Plaintiffs argue that the Opinion and Order "rests on several manifest errors of law and fact." *Id.* at 2. Specifically, Plaintiffs argue that *389*

Page 3 — OPINION AND ORDER

*Orange Street Partners*, 179 F.3d at 665, and *Kona Enterprises, Inc.*, 229 F.3d at 890, do not prohibit them from raising their arguments for the first time in a motion for reconsideration because those cases "involved movants who had briefed the merits." ECF No. 230 at 4-5. According to Plaintiffs, they did not oppose Defendants' Motion for Partial Summary Judgment "as a result of sanctions imposed because of Plaintiff's prior counsel." *Id.* at 11.

The Court declines to reconsider its Opinion and Order. Plaintiffs had the opportunity to present substantive arguments in their summary judgment briefing but instead engaged in "egregious misconduct" and failed to "meaningfully accept responsibility or take appropriate corrective action," resulting in the striking of their summary judgment briefing. ECF No. 215 at 18. Further, the Court is unpersuaded by Plaintiffs' attempts to place all the blame on Mr. Brigandi for those sanctions. As noted above, the Court found that Ms. Couvrette "share[d] responsibility" with Mr. Brigandi, and the Court was persuaded that Ms. Couvrette "likely drafted or participated in drafting Plaintiffs' sanctionable summary judgment briefs." *Id.* at 14. The Court will not consider Plaintiffs' arguments for the first time in a motion for reconsideration when Plaintiffs reasonably could have raised those arguments earlier in the litigation. *See Kona Enterprises, Inc.*, 229 F.3d at 890.

Further, the Plaintiffs do not rely on new evidence or a change in law as grounds for reconsideration and instead argue that the Court made "manifest errors of law and fact." ECF No. 228 at 2. The Court has carefully reviewed the record and the parties' briefing and finds that Plaintiffs have failed to demonstrate that the Court committed clear error or that manifest injustice requires relief.

Plaintiffs' Motion for Reconsideration (ECF No. 228) is denied.

Page 4 — OPINION AND ORDER

## CONCLUSION

Plaintiffs' Motion for Reconsideration (ECF No. 228) is DENIED.

It is so ORDERED and DATED this ___22___ day of June, 2026.

_____
MARK D. CLARKE
United States Magistrate Judge